

**10-CV-01952-DOCTRM**

# FIXED/ADJUSTABLE RATE NOTE
# INTEREST ONLY PERIOD
### (1-Year LIBOR Index - Rate Caps)
### (Assumable after Initial Period)
### ( 10 Year Interest Only Period)

Loan #    125049243                                          MIN: 100055401250492438

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| January  8, 2007 | Everett | Washington |
|---|---|---|
| [Date] | [City] | [State] |

14840 119th Pl NE, KIRKLAND, WA 98034

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $    389,481.50    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is          IndyMac Bank, F.S.B., a federally chartered savings bank

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       5.875      %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.  PAYMENTS**

(A) Time and Place of Payments

I will make a payment every month on the first day of the month beginning on         March  1, 2007        . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment consists of both principal and interest, it will be applied to interest before Principal. If, on       February  1, 2037      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at        IndyMac Bank, F.S.B., P.O. Box 78826, Phoenix, AZ 85062-8826

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Before the first fully amortizing principal and interest payment due date stated in subsection (C) below (the "First P&I Payment Due Date"), my monthly payments will be only for the interest due on the unpaid principal of this Note.

Each of my initial monthly payments will be in the amount of U.S. $       1,906.84        . This amount may change in accordance with subsection (C) below.

IndyMac Bank

Fixed/Adjustable Rate Note - 1 Yr. Libor Index - Interest Only Period - Multistate                    Initials:_____

VMP Mortgage Solutions, Inc. (800)521-7291                                                            Form 5600
                                                                                                       6/05
8480830 (0506)



**(C) Monthly Payment Changes**

The First P&I Payment Due Date is    March 1, 2017

Prior to the First P&I Payment Due Date, my monthly payment may change to reflect changes in the interest rate I must pay in accordance with Section 4 of this Note or to reflect changes in the unpaid principal of my loan in accordance with Section 5 of this Note. Notwithstanding the provisions of Section 4(C) of this Note to the contrary, prior to the First P&I Payment Due Date the Note Holder will not include in the monthly payment any amount to repay the unpaid principal. Before the effective date of any change in my monthly payment, the Note Holder will deliver or mail to me a notice of the change in accordance with Section 8 of this Note. The notice will include the title and telephone number of a person who will answer any question I may have regarding the notice.

Beginning with the First P&I Payment Due Date, my monthly payment will change to an amount sufficient to repay the principal and interest at the rate described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Sections 4 and 5 of this Note.

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of      February,   2012          , and may change on that day every 12th month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."

**(B) The Index**

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market. as published in *The Wall Street Journal.* The most recent Index figure available as of the date 45 days before each Interest Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding    two and 750/1000ths          percentage point(s) (      2.750      %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Interest Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Interest Change Date will not be greater than      10.875      % or less than      2.750      %. Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than   two and NO/1000ths          percentage point(s) (      2.000   %) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than      10.875      %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Interest Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to the changes.

Loan No: 125049243

8480830 (°306)

Form 5600

6/05

If I make a partial Prepayment during the period ending with the due date of my last interest only monthly payment, my partial Prepayment will reduce the amount of my monthly payment. If I make a partial Prepayment after the last interest only monthly payment, my partial Prepayment may reduce the amount of my monthly payments beginning with the monthly payment due after the Interest Change Date following the partial Prepayment. After the first Interest Change Date, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  15          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  ·       5.000      % of my overdue payment of interest during the period when my payment is interest only, and of principal and interest after that. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Loan No: 125049243
8480830 . 5061

Form 5600
6/05

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
James B McDonald                      -Borrower                                           -Borrower

_____ (Seal)        _____ (Seal)
                                      -Borrower                                           -Borrower

_____ (Seal)        _____ (Seal)
                                      -Borrower                                           -Borrower

_____ (Seal)        _____ (Seal)
                                      -Borrower                                           -Borrower

                                                                            *[Sign Original Only]*

Loan No: 125049243

8480830 (0506)                            Page 5 of 5                        Form 5600
                                                                            6/06



## ADDENDUM TO ADJUSTABLE RATE NOTE     Loan #: 125049243
### (Prepayment)

THIS ADDENDUM is made this   8th   day of   January,   2007   , and is incorporated into and intended to form a part of an Adjustable Rate Note dated the same date as this Addendum.

1.    Section 5 of the Adjustable Rate Note is modified to provide that I have the right to make payments of principal at any time before they are due.  A Prepayment of all of the unpaid principal is known as a "Full Prepayment."  A Prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

Except as provided below, I may make a Full Prepayment or a Partial Prepayment at any time without paying any Prepayment charge. If within the first   three   ( 3   ) year(s) I make a Partial Prepayment or Partial Prepayment(s) of less than twenty percent (20%) of the original principal amount in any twelve (12) month period, I will not pay a Prepayment penalty. However, if within the first   three   (   3   ) year(s), I make a Full Prepayment, Partial Prepayment or Partial Prepayments of more than twenty percent (20%) of the original principal amount in any 12-month period, I will pay a Prepayment charge in an amount equal to the payment of six (6) months' advance interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount.

If I make a Partial Prepayment equal to one or more of my monthly payments, the due date of my next scheduled monthly payment may be advanced no more than one month.  If I make a Partial Prepayment in any other amount, I must still make all subsequent monthly payments as scheduled.

2.    All other provisions of the Adjustable Rate Note are unchanged by this Addendum and remain in full force and effect.

Dated: _____

_____ (Seal)          _____ (Seal)
James B McDonald                        -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                              -Borrower

IndyMac Bank and Federally Exempted Seller Use Only
Hard Prepayment Addendum (1-3 yrs) - ARM
First Mortgages - Multistate, Arkansas (loans over $150,000)                                    SPD #084
                                                                                               (08/04)
8480279 (0407)                        VMP Mortgage Solutions, Inc. (800)521-7291

## ADDENDUM TO ADJUSTABLE RATE NOTE

Loan #: 125049243

THIS ADDENDUM is made this     8th     day of     January,     2007     , and is incorporated into and intended to form a part of an Adjustable Rate Note dated the same date as this Addendum.

1. Section 4(D) of the Adjustable Rate Note is modified as follows:

The interest rate I am required to pay at the first Change Date will not be greater than       10.875       % or less than       2.750       %. Thereafter, my interest rate will never be increased or decreased on any single change Date by more than   two and NO/1000ths percentage point(s) (       2.000       %) from the rate of interest I have been paying for the preceding     12     months. My interest rate will never be greater than       10.875       % or less than       2.750       %.

2. All other provisions of the Adjustable Rate Note are unchanged by this Addendum and remain in full force and effect.

Dated: _____

_____ (Seal)          _____ (Seal)
James B McDonald                  -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                  -Borrower                                         -Borrower

IndyMac Bank
ARM Note Addendum - Multistate
8480344 (0602)                    VMP Mortgage Solutions, Inc.                      1074
                                                                                   (2/06)

# FIXED/ADJUSTABLE RATE RIDER
## INTEREST ONLY PERIOD
### (1-Year LIBOR Index - Rate Caps)
### (Assumable after Initial Period)
### (    10 Year Interest Only Period)

Loan #      125049243                                    MIN:      1000554012504924438

THIS ADJUSTABLE RATE RIDER is made this 8th      day of  January,   2007        ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure the Borrower's Adjustable Rate Note (the "Note") to
IndyMac Bank, F.S.B., a federally chartered savings bank

(the "Lender") of the same date and covering the property described in the Security
Instrument and located at:

14840 119th Pl NE, KIRKLAND, WA 98034

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of                5.875       %. The Note
provides for changes in the interest rate and the monthly payments as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A) Change Dates
The interest rate I will pay may change on the first day of     February,   2012        ,
and may change on that day every 12th month thereafter. Each date on which my interest
rate could change is called a "Change Date."

IndyMac Bank
Fixed/Adjustable Rate Rider - WSJ 1 Yr. Libor - Interest Only Period -
Multistate

**(B) The index**

Beginning with the first Change Date, my interest rate will be based on an index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered ates for one-year U.S. dollar-denominated deposits in the London market, as published in The Wall Street Journal. The most recent index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding two and 750/1000ths percentage point(s) ( 2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.875 % or less than 2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two and NO/1000ths percentage point(s) ( 2.000 %) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.875 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

Loan No: 125043243
8480831 (0508)

Page 2 of 5

Form 5601
6/05

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
1.   UNTIL BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE IN EFFECT AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2.   AFTER BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION B1 ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND THE PROVISIONS OF UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE AMENDED TO READ AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

Loan No: 125049243
8480831 (0506)

Page 3 of 5

Form 5601
6/05

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Loan No: 125049243
8480831 (0506)

Page 4 of 5

Form 5601
6/05

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
James B McDonald            -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                      -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                      -Borrower

Loan No: 125049243                                              Form 5601
8480831 (0506)                    Page 5 of 5                       6/05