UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,

Defendants.

No. C10-1952 RSL

**DECLARATION OF VONNIE MCELLIGOTT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR TRO**

I, VONNIE MCELLIGOTT, hereby declare:

1. Defendant Northwest Trustee Services, Inc. ("NWTS") employs me as a Foreclosure Analyst. This Declaration is made in support of defendants' motion for summary judgment. I am a citizen of the United States, I am over the age of 18, and I make the following declaration based upon my own personal knowledge and if called to testify in this action I could and would competently testify thereto.

2. I have personal knowledge of the procedures governing the creation and maintenance of NWTS' nonjudicial foreclosure files and I am familiar with the record keeping procedures of NWTS as to those records that pertain to the nonjudicial foreclosure proceeding against the property commonly known as 14840 119th Place Northeast, Kirkland WA 98034 (the "Property"), which is owned by James B. McDonald ("McDonald").

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3. I have reviewed the records that pertain to the McDonald foreclosure and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of NWTS on behalf of NWTS, which records were made at or about the time of the events recorded, and are maintained in the ordinary course of NWTS' business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of NWTS by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. To the extent NWTS' business records contain documents created by third parties, NWTS relies on the accuracy of such records in conducting its business carrying out nonjudicial foreclosure proceedings.

4. On December 8, 2010, Defendants agreed to postpone the December 10, 2010, sale date in order for Plaintiff to reinstate the loan and/or request a modification.

5. Thereafter, Plaintiff made no attempts to communicate with Northwest Trustee Services in furtherance of reinstatement or modification.

//

//

//

//

//

//

//

//

//

//

//

///

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

6. Attached to Defendants' Opposition are true and correct copies of the following documents:

a. The notice of trustee's sale recorded under King County Auditor's File No. 20100216001242 attached to Defendants' Opposition as **Exhibit 5**.

b. The amended notice of trustee's sale recorded under King County Auditor's File No. 20101104001321 attached to Defendants' Opposition as **Exhibit 6**.

I declare under penalty of perjury and the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED this 10th day of January, 2011.

**NORTHWEST TRUSTEE SERVICES, INC.**

Vonnie McElligott, Declarant

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131