The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                             )   NO.: C10-1952RSL
                                                   )
                                                   )
JAMES MCDONALD                                     )
         Plaintiff                                 )
            v                                      )   Memorandum from Plaintiff to
ONEWEST BANK, FSB, et al.,                         )   Judge Regarding TRO Hearing
         Defendants.                               )
                                                   )

TO:   CLERK OF THE U.S. DISTRICT COURT
      HEIDI E. BUCK, Attorney for Defendants

Forgive me if this is not due procedure. But in the nervousness of my first hearing and the uncertainty if I was allowed to address the court after Miss Buck finished speaking, I was unable to mention a couple of items.

I am willing to pay into the Court the monthly payment once the payment amount has been verified. In my Motion for TRO Exhibit D, Page 2, Par. 4 I state that the amount needs to be verified through a verification of their accounting procedures. When a security pool has a default there is often an insurance payout that covers a significant portion reducing the principle balance, if not all, including late fees, charges and penalties. This happened to a friend of mine. The payment would then be reduced due to the lowered balance remaining. Through discovery and the Defendants producing the information I have requested administratively and now through the Court we will find out how much is still owed.

Miss Buck stated that in Washington State regulations no recording of the assignments for the note and deed of trust are required. This is only partially correct. If there is a dispute, which is well documented that it is the case here, then according to the Recording Act (RCW 65.08),

1. **65.08 – Recording**

    a. **A Mortgage is "Real Property" as defined in 65.08.060**
        i. (1) The term "real property" as used in RCW 65.08.060 through 65.08.150 includes lands, ... *and mortgage liens* thereon..."
        ii. (3) The term "conveyance" includes every written instrument by which any estate or interest in real property is created, *transferred, mortgaged or assigned or by which the title to any real property may be affected, ... and an instrument granting a power to convey real property as the agent or attorney for the owner of the property.* ..."
    b. 65.08.070 –
        i. "A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. *Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor*, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record."
    c. **65.08.120 Recording does not constitute notice of an assignment – See RESPA for notice requirements.**

Miss Buck is apparently under the misunderstanding that simply because the Deed of Trust Act does not cover a specific item that the law does not exist. As I pointed out the misunderstanding of what a "holder" is under Washington Law today in Court, recording requirements are covered elsewhere.

    Further Miss Buck is incorrect that the possession of a note constitutes holder status. There would be anarchy if that were the case. The custodian of the note would be the holder, the Fedex carrier that picked up the note for shipping would be the holder, even your Honor would be the holder if you held it during Court proceedings. 62A.3-302 explains what it takes to be a holder.

    Thank you for your time.

                                                                 _____
                                                                      James McDonald
                                                                        Pro Se

Dated January 18, 2011