UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES MCDONALD,                )        No. C10-1952RSL
                               )
              Plaintiff,       )
        v.                     )        PRELIMINARY INJUNCTION
                               )
ONEWEST BANK, FSB, *et al.*,   )
                               )
              Defendants.      )
_____)

Plaintiff James McDonald seeks an order restraining defendants from foreclosing on his house until his objections to the foreclosure procedure can be resolved. Having reviewed the papers submitted by the parties and heard argument on January 18, 2011,[1] the Court finds as follows:

**BACKGROUND**

In January 2007, plaintiff borrowed money from IndyMac Bank, F.S.B. The note memorializing the mortgage identifies plaintiff as the borrower and IndyMac as the lender. Dkt. # 1, Ex. B. A separate deed of trust was entered on the same date. Dkt. # 1, Ex. A. A deed of trust is, in essence, a three-party mortgage through which the borrower gives a third party a lien on the real property to hold in trust as security until the obligation to the lender is discharged.

---

[1] At oral argument, counsel for defendants agreed to postpone the trustee's sale for a third time, until January 28, 2011, to accommodate the Court's schedule.

PRELIMINARY INJUNCTION

Wash. House of Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008).  The third party is called the trustee and the lender is generally identified as the beneficiary of the trust. Through this arrangement, title to the real property passes to the borrower, but the lender is protected under the trust agreement.  If the borrower defaults on his loan, the beneficiary need not file a civil suit to foreclose on the mortgage:  pursuant to the Deed of Trust Act ("DTA"), RCW 61.24.005 *et seq*., the trustee may initiate non-judicial foreclosure proceedings.  As long as the trustee complies with the DTA's procedural requirements, the lender can foreclose on the property inexpensively and efficiently.  If the borrower objects, the burden is on him to seek judicial protection from wrongful foreclosure.

The deed of trust at issue in this case identifies four parties.  Plaintiff is the borrower.  The lender is IndyMac.  The trustee is Pacific Northwest Title Insurance Company. And Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as the lender's nominee to act as the beneficiary.

On or about January 12, 2010, defendant Northwest Trustee Services, Inc., acting as the agent of defendant OneWest Bank, FSB, sent plaintiff a Notice of Default under the DTA. The document identifies OneWest as the beneficiary of the deed of trust and the servicer of the mortgage. Dkt. # 17, Ex. C.  Two weeks after the Notice of Default was issued, Brian Burnett, an employee of OneWest, signed a document purporting to  assign MERS' interests as beneficiary to OneWest. Dkt. # 1, Ex. D.  The signature block identifies Mr. Burnett as an "Assistant Vice President" of MERS.  On the same day, January 27, 2010, Suchan Murray, acting on behalf of OneWest, appointed Northwest Trustee Services as successor trustee under the deed of trust. Dkt. # 1, Ex. F.  Both the assignment and the appointment were recorded in the King County Auditor's files on February 4, 2010.

On February 15, 2010, Northwest Trustee Services issued a Notice of Trustee's Sale informing plaintiff that his house would be sold at auction on May 21, 2010.  Dkt. # 12, Ex. 5.  In April, plaintiff disputed the alleged mortgage debt and demanded that IndyMac and

PRELIMINARY INJUNCTION               -2-

Northwest Trustee Services provide evidence that one of them or their assigns had possession of the original signed promissory note. Dkt. # 17, Ex. F. On May 18, 2010, OneWest confirmed that Freddie Mac had purchased/invested in plaintiff's mortgage, but declined to provide most of the other information plaintiff had requested. OneWest particularly noted that "[o]riginal documents – or at least the original promissory note and deed of trust/mortgage – are not available for inspection although if you would like to obtain a certified copy please fill out the order form enclosed." Dkt. # 1, Ex. G. Northwest Trustee Services sent out a second Notice of Trustee's Sale on or about November 1, 2010.

This action was filed on December 3, 2010, one week before the foreclosure sale was scheduled to begin. Plaintiff alleges that defendants have violated the DTA, slandered plaintiff's title to real property, and initiated an unlawful foreclosure action. Plaintiff seeks preliminary and permanent injunctive relief to prevent defendants from selling his home.

## DISCUSSION

In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

The Court finds that plaintiff has raised serious questions going to the merits of his DTA claim. Based on the evidence provided by the parties, whether OneWest had authority to appoint a successor trustee on January 27, 2010, whether the Notice of Default issued on or about January 12, 2010, complied with the statutory requirements, and whether OneWest is the

PRELIMINARY INJUNCTION                -3-

beneficiary as that term is defined in the DTA cannot be determined. Pursuant to the DTA, only the beneficiary has the power to appoint a trustee or successor trustee (RCW 61.24.010(2)), and the written notice of default must be provided by the beneficiary or the trustee (RCW 61.24.030(8)). The main issue in this case is whether OneWest, as a service provider to Freddie Mac, is "the holder of the instrument or document evidencing the obligations secured by the deed of trust," *i.e.*, the beneficiary. OneWest has taken the position that, at some point before January 27, 2010, it became the holder of the debt instrument by virtue of its servicing agreement with Freddie Mac and automatically succeeded MERS as the beneficiary. The Court is willing to assume for purposes of this motion that the identity of the beneficiary can change without requiring a formal assignment.[2] OneWest has not, however, shown that it actually possessed the note at the time it appointed Northwest Trust Services as successor trustee or issued the Notice of Default. Instead, it relies on an expansive definition of "holder" that would allow any number of parties to claim simultaneous beneficiary status based on their potential, but unexercised, ability to obtain possession of the note. Such a situation is in conflict with the policy and practical considerations that underlie bearer paper and the DTA. Because OneWest has not identified any case law in support of its constructive and/or multiple holder theory, the Court finds that this unresolved issue gives rise to serious questions regarding the merits of plaintiff's DTA claim.

       The failure to issue an injunction will result in the sale of plaintiff's home, a loss that would be irreparable and would not be adequately compensated through an award of money damages. The balance of hardships tips decidedly in favor of issuing an injunction: defendants' financial interests can be adequately protected by requiring payments on the loan while this

---

[2] Plaintiff argues that the designation of a beneficiary constitutes a transfer of an interest in real property, and that such transfers must be recorded if they are to be valid against subsequent purchasers in good faith. Dkt. # 20 at 2. The Court has not determined whether these statutory provisions apply in this instance.

Defendant's motion to strike plaintiff's post-hearing memorandum (Dkt. # 21) is DENIED.

PRELIMINARY INJUNCTION          -4-

matter is pending, whereas plaintiff's interests would be substantially destroyed if the foreclosure sale were to proceed. Nor is the public interest on defendants' side in this matter. By enacting the DTA, the legislature provided lenders with an efficient and cost-effective means by which to foreclose defaulted loans. The lenders must, however, strictly comply with the procedural requirements of the act to ensure that homeowners are given a meaningful opportunity to correct deficiencies and are protected from competing claims and additional liabilities. Having chosen to initiate a non-judicial foreclosure process without having actual possession of the debt instrument, the public interest supports a measured and substantive evaluation of the legal impact of defendants' business practices.

Pursuant to RCW 61.24.130(1), "[t]he court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed . . . ." Both the statute and equitable considerations require that plaintiff make monthly payments on the loan. There is no real dispute regarding plaintiff's obligation to discharge the underlying debt. The Court is willing to exercise its equitable powers in plaintiff's favor only if defendants' legitimate business interests can be protected, and the Court is assured that plaintiff is not using the judicial process to avoid an existing and, until recently, undisputed legal obligation.

The Court recognizes that plaintiff's loan has an adjustable interest rate and that plaintiff believes he is entitled to certain offsets related to insurance receipts that defendants may or may not have obtained. Having reviewed the loan documents and the remainder of the record, the initial monthly payment amount will be $2,347.56 as requested by defendants in their opposition memorandum. This amount shall be paid into the registry of the Court on or before February 15, 2011, with a similar payment made on or before the 15th of every month in which this matter is pending. The funds shall be accepted into the registry of the Court and placed into an interest-bearing account until further order of the Court. If either party believes the amount

should be adjusted to more accurately reflect the amounts that would then be due under the adjustable rate note, they should attempt to reach agreement with the opposing party and submit a stipulation and proposed order specifying the new amount.  If the parties cannot agree on the amount due, they may file a motion to amend the payment amount.

## CONCLUSION

For all of the foregoing reasons, plaintiff's request for preliminary injunctive relief is GRANTED.  Defendants are hereby enjoined from foreclosing on plaintiff's property.  This injunction is contingent on plaintiff making monthly payments into the registry of the Court as described above.  Failure to make timely payments into the registry may result in the expedited sale of the property.

Dated this 25th day of January, 2011.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge