The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>          Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>          Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY AND REMOVE COUNSEL** |

COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and opposes Plaintiff's Motion to Disqualify and Remove Counsel.

Plaintiff requests disqualification of Heidi E. Buck and the firm Routh Crabtree Olsen, P.S. because he asserts a conflict of interest exists. However, Plaintiff has no standing to raise or claim a conflict of interest between the parties, no conflict here exists because the interests of all the Defendants are not adverse, and were any conflict to arise or exist, all Defendants have waived any such conflict and consented to Ms. Buck's representation.

### I.    ARGUMENT

***A. Routh Crabtree Olsen is a law firm that may have multiple clients.***

Routh Crabtree Olsen, P.S. ("RCO") is a law firm. *See* Declaration of Heidi E. Buck ("Buck Decl."), ¶ 2. Northwest Trustee Services, one of Routh Crabtree Olsen's clients, is a

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISQUALIFY AND REMOVE
COUNSEL – PAGE 1 OF 5
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

trustee company. Buck Decl., ¶ 3. RCO and NWTS are not one in the same. Buck Decl., ¶¶ 2-3. While they may have some common ownership, they are separate entities. *Id.* They have separate business licenses and are operated as separate businesses. *Id.*

OneWest and MERS are also clients of RCO. *Id.* at 4. In this case, following Plaintiff's default, RCO represented OneWest Bank and was, therefore authorized to communicate with the Plaintiff borrower on behalf of OneWest.[1]

**B. Northwest Trustee Services can comply with its Duty of Good Faith to all parties even if represented by the same counsel as OneWest and MERS.**

RCW 61.24.010(4) provides that the trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor. The fact that NWTS, as trustee, is represented by the same counsel as Defendants OneWest and MERS does not interfere or limit NWTS' ability to comply with its duty of good faith.

---

[1] Routh Crabtree Olsen was not engaged in debt collection when it sent Plaintiff a notice on behalf of OneWest Bank. An enforcer of a security interest, such as a law firm foreclosing on mortgages or real property falls outside the ambit of the FDCPA. *Beadle v. Haughey*, 2005 WL 300060 (D.N.H. 2205). In Beadle, the Defendant was an attorney retained by the loan servicer who was foreclosing on the mortgage encumbering property owned by the Plaintiffs. Pursuant to the non judicial foreclosure process, the attorney sent the Plaintiffs two letters that contained the FDCPA disclaimers. There, the court categorized the key question in determining whether the law firm was a debt collector was whether they were engaged in collecting a debt. The court held that they were not. Similarly, here, RCO sent the letter to Plaintiffs at the direction of OneWest pursuant to carrying out the nonjudicial foreclosure. The letter did not instruct the Plaintiff to pay any amounts. Therefore, RCO's conduct was outside of the FDCPA and not subject to its requirements.

Additionally, courts have held that where a foreclosing party, as a cautionary device, includes the FDCPA disclaimers in their foreclosure communications, the use of the disclaimer does not make them a debt collector if they would otherwise not fall within the purview of the statute. *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795 (D. Minn. 2007). There, after discussing the foreclosing party's dilemma of either including the disclaimer as a cautionary measure or leaving it out thereby risking potential liability, the court noted that they would not penalize the foreclosing party for having to make a Hobson's choice in this unsettled area of law. Furthermore, the court stated that it was reasonable for the foreclosing party to err on the side of caution by including the disclaimer in their communications. Thus, including the disclaimer as a cautionary measure does not make a party who would otherwise not qualify as a debt collector a debt collector. Therefore, Plaintiff's implication that it does should be rejected.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISQUALIFY AND REMOVE
COUNSEL – PAGE 2 OF 5
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Throughout this proceeding, NWTS has complied with its duty of good faith. In fact, the Trustee postponed the sale in response to Plaintiff's representations that he intended to reinstate the loan. NWTS has strictly complied with the DTA and will continue to do so despite being represented by the same counsel as OneWest and MERS.

**C. Plaintiff has no standing to object to a conflict existing between opposing parties.**

Generally, only a current or former client has standing to seek the disqualification of a party's attorney on conflict of interest grounds. *See*, *Colyer v. Smith*, 50 F.Supp.2d 966 (C.D. Cal. 1999). Courts do not disqualify an attorney on the grounds of conflict of interest unless the **former client** moves for disqualification. *Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998). These rules have evolved to insure that an antagonist or opposing party does not utilize disqualification as a strategy or tactical tool in litigation, or as a method to delay and prolong proceedings, wasting judicial time and resources. The official comment to Model ABA Rule 1.7 contains the admonition that an objection by an opposing party to an alleged conflict "should be viewed with caution ... for it can be misused as a technique of harassment".

Plaintiff's attempt to disqualify Defendants' is not warranted and is an improper tactic to harass and increase costs that is wasting judicial time and resources.

**D. The interests of the Defendants are not in conflict.**

RPC 1.7 prohibits multiple representation only when the representation of one client is directly adverse to another, or if the representation of one client is materially limited by the lawyer's responsibility to another client. Neither of these circumstances apply.

First, Ms. Buck undertook adequate investigation to determine whether Rule 1.7 prevented her joint representation of all defendants. Buck Decl., ¶¶5-7. A mere assertion that differing interests may arise is insufficient to disqualify counsel, and where such claims of conflict are made, a lawyer who conducts a full good faith investigation of the basis of the apparent claims and finds such to be implausible ... may proceed to represent multiple clients.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISQUALIFY AND REMOVE
COUNSEL – PAGE 3 OF 5
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  *Smith v. Daggett County Bd. of Educ.*, 650 F. Supp. 44, 48 (D. Utah 1986) (attorney could represent Board of Education and individual members).

Ultimately, courts recognize that the decision to disqualify an attorney chosen by a party to represent him is of "serious concern" and the court should only act to do so if the integrity of the adversary process is threatened and the representation "taints the underlying trial with a serious ethical violation." *Beck v. Board of Regents*, 568 F. Supp. 1107, 1110 (D. Kan. 1983). Here, no actual conflict exists and there is nothing to suggest that one will arise.

**E. Regardless of the lack of a conflict the Defendants have waived and consented to joint representation.**

RPC 1.7 also provides that a lawyer may represent multiple clients when they are apprised of the implications of common representation, and consent in writing. OneWest, MERs, and NWTS have consented, in writing, after being fully informed, to Ms. Buck's multiple representation. *Id.* at 7.

**F. The court should award sanctions for Plaintiff's attempt to delay this process with a disqualification motion.**

If a motion to disqualify is made without a plausible legal or factual basis, the court may impose sanctions on the moving party pursuant to 28 U.S.C. §1927 (which prohibits unjustified multiplicity of proceedings). The court may order the attorney to pay any reasonable expenses incurred to resist the motion, including attorneys' fees. *Vegetable Kingdom, Inc. v. Katzen*, 653 F.Supp. 917 (N.D.N.Y. 1987).

Sanctions for unfounded motions to disqualify may also be applied under F.R.C.P. 11. The sanctions will be similar to those applied under §1927. *Hillcrest Memorial Park, Inc. v. First Fed. Sav. & Loan, No.*, 84 Civ. 2224 (N.D. Ill. Sept. 12, 1985). Under F.R.C.P. 11, sanctions may be awarded when a pleading or motion is interposed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISQUALIFY AND REMOVE
COUNSEL – PAGE 4 OF 5
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Here, Plaintiff's motion to disqualify counsel representing multiple defendants in a lawsuit brought by Plaintiff to combat as Plaintiff put its "ganging up on one party," is not grounded in any legal or factual basis. Plaintiff's motion appears to simply be a tactic interposed to harass Defendants and needlessly increase the costs of litigation.

Therefore, this court should enter findings that Mr. McDonald interposed this objection improperly only for the purpose of harassment and to increase Defendants' costs, and award Defendants their attorneys' fees incurred in having to respond. Buck Decl., ¶ 8.

## II.   CONCLUSION

For the foregoing reasons, defendants request that the motion to disqualify be denied and defendants be awarded their costs and attorney's fees.

## III.   PROPOSED ORDER

A proposed order granting the requested relief accompanies this motion.

DATED this 27th day of January, 2011.

ROUTH CRABTREE OLSEN, P.S.

_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest Bank, Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services, Inc.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY AND REMOVE COUNSEL – PAGE 5 OF 5
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131