The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                    )        NO.: **C10-1952RSL**
                                          )
                                          )
JAMES MCDONALD                            )
              Plaintiff                   )
         v                                )        **Plaintiff's Reply to Defendants Opposition**
ONEWEST BANK, FSB, *et al.*,              )        **to Remove Opposing Counsel**
              Defendants.                 )
                                          )
------------------------------------------)

TO:    CLERK OF THE U.S. DISTRICT COURT
       HEIDI E. BUCK, Attorney for Defendants

       COMES NOW Plaintiff James McDonald and submits this response to the Defendants' OneWest

Bank FSB, Mortgage Electronic Registration Systems and Northwest Trustee Services (collectively

"Defendants") opposition to Plaintiff's Motion to Remove Opposing Counsel of Routh Crabtree and Olsen

(RCO).

## I. FACTS

**1.1 RCO acted as a "debt collector" for OneWest Bank FSB**

    1.1.1 On or about January 15, 2010 RCO sent a letter to Plaintiff. The very first line of the

letter states, "This office is a debt collector attempting to collect a debt..." (**EXHIBIT A**).

    1.1.2 On or about January 7, 2011 Plaintiff received notification that Defendants had

retained RCO as counsel.

    1.1.3 Stephen Routh is the primary owner of RCO (**EXHIBIT B & C**)

1.1.4 Stephen Routh is the primary owner of Northwest Trustee Services **(Exhibit D & E)**.

1.1.5 The definition of an affiliated business agreement is clearly defined in 12 U.S.C. 2602(7)

>   (7)  the term "affiliated business arrangement" means an arrangement in which (A) **a person who is in a position to refer business incident to** or a part of a real estate settlement service involving a federally related mortgage loan, or an associate of such person, **has either an affiliate relationship with or a direct or beneficial ownership interest of more than 1 percent in a provider of settlement services; and (B) either of such persons directly or indirectly refers such business to that provider or affirmatively influences the selection of that provider**; and

1.1.6 The definition of an associated business is clearly defined in 12 U.S.C. 2602(8)

>   (8)  the term "associate" means one who has one or more of the following relationships with a person in a position to refer settlement business: (A) a spouse, parent, or child of such person; **(B) a corporation or business entity that controls, is controlled by, or is under common control with such person**; (C) an employer, officer, director, partner, franchisor, or franchisee of such person; or (D) anyone who has an agreement, arrangement, or understanding, with such person, the purpose or substantial effect of which is to enable the person in a position to refer settlement business to benefit financially from the referrals of such business.

Note: Bolding done as emphasis by the Plaintiff

## II. Arguments

2.1 Defendants state "Routh Crabtree Olsen is a law firm that may have multiple clients

2.1.1 The issue raised is not whether RCO can have multiple clients but whether that relationship constitutes a conflict of interest in the proceedings of the case.

2.1.2 Defendants claim that RCO and Northwest Trustee Services are separate entities is not disputed. However as defined above by 12 U.S.C 2602(8) they are associated

business entities. Further they have an established "affiliated business". They never

willingly disclosed the affiliation and association of RCO and Northwest Trustee Services.

The Plaintiff had to discover this on his own. Therein is where the conflict of interest

occurs. RCO directing trustee services to or receiving debt collection services or attorney

duties from Northwest Trustee Services without notifying the grantor is the violation of

RESPA in the immediate issue.

2.2 Northwest Trustee Services cannot comply with its Duties of Good Faith

    2.2.1 RCW 61.24.010(4) states that the trustee or successor trustee has a duty of good

faith to the borrower, beneficiary and grantor. The fact that this conflict of interest exists in

the associated businesses and affiliated business and continues to exist further violates

this statute. The Court ordering the removal of opposing counsel simply stops this violation

from continuing.

    2.2.2 Defense continues to make false statements in Page 3, Paragraph 1 of their

Opposition to Remove Opposing Counsel. There was absolutely no agreement between

Plaintiff and Defendants in regards to reinstating the loan. It is remarkable that the decision

to postpone the sale between the Defendants occurred after the filing of the lawsuit and the

service to the Defendants had been completed. They knew at that time that there was a

Court case. It being construed as anything but a reaction to the lawsuit when there was no

agreement between the Plaintiff and Defendants is unfounded.

2.3 The interests of the Defendants being in conflict is not the issue

    2.3.1 As stated in the Motion to Remove Opposing Counsel Plaintiff intends to continue

investigating the matter through Discovery. Depositions will be requested by the Plaintiff

and could include any and all "agents", employees or third party providers of any of the

Defendants. As RCO acted not as an attorney but represented themselves as a "debt

collector" (Exhibit A) the Plaintiff will request the Court to allow depositions to investigate

further infractions of federal and state regulations. Should it become clear that RCO was

directly involved in any infractions they will be added as a defendant to the lawsuit as

available to the Plaintiff's use of Does 1-50. While Defendants have the right to object to

Plaintiff's Reply to Defendants Response    -3-    James McDonald
To Motion to Remove Opposing Counsel    14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

portions of discovery, the fact that their attorney firm first acted as a debt collector and therefore are likely to be depositioned raises the possibility of obstruction in interviewing potential witnesses. In addition by removing the counsel the Court can prevent uncooperative witnesses trying to hide behind the attorney client privilege.

**2.4 Sanctions should not be placed on Plaintiff**

2.4.1 Plaintiff has caused no delay in the process. Plaintiff could have requested a Court ordered stay for a postponement of the hearing for the Temporary Restraining Order in order for this motion to be heard but did not. Plaintiff has instead been moving forward with the case while awaiting the determination of this motion.

2.4.2 There is no intent to "harass" the Defendants. There is however a strong intent to ensure the Plaintiff's ability to fully pursue this matter with the Courts assistance to ensure due process and fair proceedings occur.

2.4.3 The only delays incurred in this proceeding thus far resides with the Defendants.

2.4.3.A Defendants notified the Court of an agreement between the Plaintiff and Defendants which did not exist thereby causing the Court to wait an additional 30 days.

2.4.3.B Plaintiff requested documents from all Defendants on April 27, 2010 with a combined Qualified Written Request and Debt Validation Demand **(EXHIBIT F)** before the Court became involved. Defendants collectively refused. These items were once again requested in the initial complaint filed on or about December 3rd, 2010. As of the date this reply is filed Defendants have still not supplied those items. If the Defendants had any interest in expediting this matter they would have provided the documents up front. Instead they are waiting until such a time that the Court orders those documents provided. The Defendants' actions are the entire reason this case is even before the Court and the continued delay of providing those documents rests with the Defendants.

1

### III. Conclusion

2        For the foregoing reasons the Plaintiff's motion for Removal of Opposing Counsel should be

3    granted. In the event that the Court does not grant the motion, there is no cause for sanctions against the

4    Plaintiff to be imposed.

5

6

7

8                                                              **James McDonald**
                                                                    **Pro Se**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A – RCO Letter to Plaintiff

 Exhibit ROC -E

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone (425) 458-2121 ◆ Facsimile (425) 283-0938
www.rcolegal.com

THIS OFFICE IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. THE FOLLOWING LETTER IS A DISCUSSION OF ALTERNATIVES TO FORECLOSURE.  IT IS OUR UNDERSTANDING THAT YOU ARE NOT CURRENTLY IN BANKRUPTCY. IF YOU ARE IN BANKRUPTCY, THEN PLEASE DISREGARD THIS LETTER IN ITS ENTIRETY AND HAVE YOUR ATTORNEY CONTACT OUR OFFICE AS SOON AS POSSIBLE.

Jan 15, 2010

Re:    Property:      14840 119th Place Northeast, Kirkland, WA 98034
        Loan No.:      1009111244
        Our File No.:   7523.21352

Dear Homeowner:

Please be advised that **Routh Crabtree Olsen, P.S.** is working with OneWest Bank FSB to help you keep your home. We represent your mortgage company and have received notice to commence foreclosure proceedings against your property. It is OneWest Bank FSB's mission to attempt to work out a solution to your loan situation, and they have asked us to open a line of communication with you.

## WE WANT YOU TO BE ABLE TO KEEP YOUR HOME!

You may be eligible for certain opportunities that will help you stay in your home. You may have had an unexpected expense or a circumstance beyond your control that has forced you to miss some mortgage payments. OneWest Bank FSB would like to discuss your situation with you to determine what you can do to bring your loan current.

These alternatives are voluntary and could include:

- **Forbearance Plan:** An agreement to temporarily let you pay less than the full amount of your mortgage payment, or pay nothing at all, during the forbearance period. Your lender may consider a forbearance when you can show that funds from a bonus, tax refund, or other source of future income will let you bring the mortgage current or qualify you for a repayment plan or loan modification at the end of the forbearance period.
- **Reinstatement of Your Loan:** You would pay the total amount past due in one lump sum by a specified date.
- **Repayment Plan:** An agreement that gives you a fixed amount of time to repay the amount you are behind by combining a portion of what is past due with your regular mortgage payment. At the end of the repayment period you will have gradually paid back the amount of your mortgage that was delinquent.

• Modification: This is a written agreement between you and the lender that permanently changes the terms of the loan that in some instances may make your payments more affordable. Common loan modifications include:
  1. Adding missed payments to your existing loan balance
  2. Making an adjustable-rate mortgage into a fixed-rate mortgage
  3. Extending the number of years you have to pay to a longer term

## WHAT IF YOU CAN NO LONGER AFFORD TO KEEP YOUR HOME?

If you cannot or do not want to keep your home, your lender can work with you to avoid foreclosure. This can help reduce the negative effect on your credit reputation. There are several different ways this might occur depending on your financial circumstances:

• Deed in Lieu of Foreclosure:  Under certain circumstances, you would voluntarily transfer ownership of your property to the lender in exchange for cancellation of your mortgage debt. In most cases, you must attempt to sell your home for its fair market value for at least 90 days.  You would be given a specific period of time to relocate. This option may not be available to you if there are other liens or judgments on your home.
• Short Payoff: If you can sell your house but the sales proceeds are less than the total amount you owe on your mortgage, your lender may agree to a short payoff and write off the portion of your mortgage that exceeds the net proceeds from the sale.
• Assumption of Your Loan: This option permits a qualified buyer to take over your mortgage debt and pay the payments, even if the mortgage is non-assumable.

## HOW DO YOU TAKE ADVANTAGE OF THESE ALTERNATIVES?

Complete the enclosed two-page financial form and return it in the enclosed self-addressed envelope. Time is of the essence: this information will enable us to determine what option is best suited to keep your account from being foreclosed upon. Please return the requested information via fax at (425) 283-0938, or mail to:

Routh Crabtree Olsen, P.S.
Attention: Antoinette Bartlein
P.O. Box 4143
Bellevue, WA 98009-4143

Please note that the foreclosure action will continue whether or not the form is completed and returned. The foreclosure action will continue unless your lender determines that you are eligible for one of these alternatives and an agreement is signed. You also have the right and should seek the advice of an attorney.

We hope that you will complete the enclosed forms so that we can work with you to consider alternatives to the pending foreclosure of your property.

Sincerely,
ROUTH CRABTREE OLSEN, P.S.

# Exhibit B – RCO License

Exhibit Roc-A

# Search
## BUSINESS & PROFESSIONAL LICENSES

**License Details**

**License Information:**

| | |
|---|---|
| **Entity Name:** | ROUTH CRABTREE OLSEN, P.S. |
| **Firm Name:** | ROUTH CRABTREE OLSEN, PS |
| **License Type:** | Washington State Business |
| **Entity Type:** | Professional Service Corporation |
| **UBI:** | 601840737    Business ID:001    Location ID:0002 |
| **Status:** | To check the status of this company, go to Secretary of State. |

**Location Address:**
13555 SE 36TH STE #120
BELLEVUE, WA, 98006

**Mailing Address:**
13555 SE 36TH STE #120
BELLEVUE, WA, 98006

**Governing People:**
STEPHEN ROUTH

**Registered Trade Names:**
ROUTH CRABTREE FENNELL, P.S.
ROUTH & FENNELL, P.S.
ROUTH CRABTREE FENNELL
ROUTH CRABTREE & FENNELL

Information Current as of 01/10/2011 4:50AM Pacific Time

New Search

Use of lists of individuals provided on this site for commercial purposes is prohibited under Chapter 42.56 of the Revised Code of Washington.

*This site is limited to searching for business and professional licenses issued by the Department of Licensing or through the Master License Service. See Other Licenses for information on licenses issued by other agencies.

Home | Privacy | Privacy | Conditions of Use | Conditions of Use | Other Licenses | Contact Us | Copyright © 2011 DOL

# EXHIBIT C – RCO Sec of State

# Division

Exhibit RCC-B

# Corporations

Home | Search | Apostilles | Domestic Partnerships | Awards Program | Public Notices

## Corporations Division - Registration Data Search

Neither the State of Washington nor any agency, officer, or employee of the State of Washington warrants the accuracy, reliability, or timeliness of any information in the Public Access System and shall not be liable for any losses caused by such reliance on the accuracy, reliability, or timeliness of such information. While every effort is made to ensure the accuracy of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from the System does so at his or her own risk.

### ROUTH CRABTREE OLSEN, P.S.

| | |
|---|---|
| UBI Number | 601840737 |
| Category | PRO |
| Profit/Nonprofit | Profit |
| Active/Inactive | Active |
| State Of Incorporation | WA |
| WA Filing Date | 12/24/1997 |
| Expiration Date | 12/31/2011 |
| Inactive Date | |
| Registered Agent Information | |
| Agent Name | LANCE E OLSEN |
| Address | 13555 SE 36TH ST STE 300 |
| City | BELLEVUE |
| State | WA |
| ZIP | 98006 |
| Special Address Information | |
| Address | |
| City | |
| State | |
| Zip | |

### Governing Persons

| Title | Name | Address |
|---|---|---|
| Secretary | ROUTH , STEPHEN | 13555 SE 36TH ST STE 300 BELLEVUE , WA |
| Treasurer | ROUTH , STEPHEN | 13555 SE 36TH ST STE 300 BELLEVUE , WA |
| President | ROUTH , STEPHEN | 13555 SE 36TH ST STE 300 BELLEVUE , WA |

Purchase Documents for this Corporation »

« Return to Search List

Translate our site into:

Phone Numbers | Privacy Policy | Accessibility
Washington Secretary of State · Corporations Division
801 Capitol Way South
PO Box 40234, Olympia WA 98504-0234
(360) 725-0377

Select Language
Powered by Google Translate

Exhibit D – NWT License

Exhibit RDC-C

# Search
BUSINESS & PROFESSIONAL LICENSES

### License Details

**License Information:**

| | |
|---|---|
| **Entity Name:** | NORTHWEST TRUSTEE SERVICES PLLC |
| **Firm Name:** | NORTHWEST TRUSTEE SERVICES PLLC |
| **License Type:** | Washington State Business |

**Entity Type:**

| | |
|---|---|
| **UBI:** | 602073255     Business ID:001     Location ID:0002 |
| **Status:** | To check the status of this company, go to Secretary of State. |

**Location Address:**
3535 FACTORIA BLVD SE # 200
BELLEVUE, WA, 98006

**Mailing Address:**
3535 FACTORIA BLVD SE # 200
BELLEVUE, WA, 98006

**Governing People:**
DAVID FENELL
STEPHEN D ROUTH

**Registered Trade Names:**
NORTHWEST TRUSTEE SERVICES PLLC

Information Current as of 01/10/2011 4:50AM Pacific Time

[ New Search ]

Use of lists of individuals provided on this site for commercial purposes is prohibited under Chapter 42.56 of the Revised Code of Washington.

*This site is limited to searching for business and professional licenses issued by the Department of Licensing or through the Master License Service. See Other Licenses for information on licenses issued by other agencies.

# Exhibit E – NWT Sec of State

*Exhibit RU(-1)*

Contact Us | Connect:

SEARCH

**Division**                                                          **Corporations**

| Home | Search | Apostiles | Domestic Partnerships | Awards Program | Public Notices |

## Corporations Division - Registration Data Search

Neither the State of Washington nor any agency, officer, or employee of the State of Washington warrants the accuracy, reliability, or timeliness of any information in the Public Access System and shall not be liable for any losses caused by such reliance on the accuracy, reliability, or timeliness of such information. While every effort is made to ensure the accuracy of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from the System does so at his or her own risk.

### NORTHWEST TRUSTEE SERVICES PLLC

| | |
|---|---|
| UBI Number | 602073255 |
| Category | PLC |
| Profit/Nonprofit | Profit |
| Active/Inactive | Inactive |
| State Of Incorporation | WA |
| WA Filing Date | 10/16/2000 |
| Expiration Date | 10/31/2004 |
| Inactive Date | 04/29/2004 |
| Registered Agent Information | |
| Agent Name | M GAIL RYDER |
| Address | 777 108TH AVE NE STE 1900 PO BOX C-90016 |
| City | BELLEVUE |
| State | WA |
| ZIP | 980099016 |
| Special Address Information | |
| Address | |
| City | |
| State | |
| Zip | |

#### Governing Persons

| Title | Name | Address |
|---|---|---|
| Manager | FENELL , DAVID | BELLEVUE , WA |
| Member | ROUTH , STEPHEN | BELLEVUE , WA |

« Return to Search List

Phone Numbers | Privacy Policy | Accessibility
Washington Secretary of State - Corporations Division
801 Capitol Way South
PO Box 40234, Olympia WA 98504-0234
(360) 725-0377

Translate our site into:
Select Language
Powered by Google Translate

Exhibit F - QWR

After recording, return to:

JAMES BRADLEY MCDONALD
14840 119th Pl NE
Kirkland, WA 98034
TEL: (425) 210-0614

DATE: _____, 2010

Loan #125049243/1009111244
APN #328830-0180-03
Legal Description: See Attached Exhibit A

**CONFORMED COPY**

**20100428000527**
MCDONALD          MISC        76.00
PAGE-001 OF 015
04/28/2010 12:45

---

## CONSTRUCTIVE LEGAL NOTICE OF LAWFUL DEBT VALIDATION DEMAND

**Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e);**
**Regulation X at 24 C.F.R. § 3500 et seq.**
**Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.**
**Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c**

---

**GRANTOR(S):   JAMES BRADLEY MCDONALD**
                14840 119th Pl NE
                Kirkland, WA 98034

**GRANTEE(S):   INDYMAC BANK, F.S.B**
                901 E. 104TH ST., BLDG B, STE 400/500
                KANSAS CITY, MO 64131
                USPS Certified Mail # ____ 7009 2250 0000 1615 2189

                INDYMAC MORTGAGE SERVICES / Servicer
                6900 BEATRICE DRIVE
                KALAMAZOO, MI 49003-4045
                USPS Certified Mail # ____ 7009 2250 0000 1615 2196

                NORTHWEST TRUSTEE SERVICES, INC
                P.O. BOX 997
                BELLEVUE, WA 98009-0997
                USPS Certified Mail # ____ 7009 2250 0000 1615 2226

You are now in receipt of this NOTICE under the authority of the Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c, and the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e) and Regulation X at 24 C.F.R. § 3500 regarding loan number 125049243 / 1009111244. I dispute the alleged mortgage debt in its entirety for being inaccurate and firmly believe that I have had fraud in the factum committed against me for lack of full disclosure by the alleged Lender.

---

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT,**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL.**

---

**THIS IS MY "QUALIFIED WRITTEN REQUEST": TILA REQUEST, RESPA REQUEST, COMPLAINT OF PROBABLE FRAUD IN THE FACTUM, DISPUTE OF DEBT & VALIDATION OF DEBT**

Reference:      Alleged Mortgage Loan # 125049243 / 1009111244
                Private Land & Chattel Property located at
                14840 119TH PL NE
                KIRKLAND. WASHINGTON

Attention Authorized Representative for the Above Referenced Companies / Corporations:

After several consultation meetings with Legal Counsel and knowledgeable accountants regarding this matter, I am writing to formally complain about intentional accounting omissions and probable fraud in the factum that took place at the closing in the purchase of my home. I need a clear understanding and clarification (**FULL DISCLOSURE**) of the transactions that occurred at my signing of the initial documents. the funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

With our nation's mortgage default crisis and the mortgage scams that have occurred against millions of American families, I am most concerned that potential fraudulent and deceptive practices have been committed against me in the intentional omission of due consideration in the exchange of my promissory note, my signing of the mortgage note and security agreement; including deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks.

I hereby **DEMAND** absolute first-hand evidence from you and/or your legal department with regard to the original signed promissory note and an uncertificated or certificated security concerning account numbers 125049243 / 1009111244. In the event you refuse or fail to supply me with these documents it will be positive confirmation on your part that INDYMAC BANK, F.S.B never really created and owned a security. I also hereby **DEMAND** that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security, I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt, I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

**To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this QUALIFIED WRITTEN REQUEST, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.**

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. Upon receipt of your answers and production of documents, I will contract with my CPA to do another audit for a secondary validation. I **DEMAND** that you validate this debt so that it is accurate to the penny!

I firmly request that you do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

◊      Increased the amounts of monthly payments,
◊      Increased the principal balance I owe;
◊      Increased escrow payments;

◊     <u>Increased the amounts applied and attributed toward interest on this account;</u>
◊     <u>Decreased the proper amounts applied and attributed toward principal on this account;</u>
◊     <u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I **DEMAND** that you demonstrate that I have not been the victim of such predatory, fraudulent servicing or lending practices that have occurred throughout the nation.

To ensure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 125049243 / 1009111244 by mortgage auditing and predatory servicing or lending experts. These exam and audit experts will review this mortgage account file from the date of initial contact with the mortgage provider, INDYMAC BANK, F.S.B. their applications and the origination of this account to the present date.

Again this is a **Qualified Written Request** under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code. TAKE NOTICE that RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions & production of documents as requested in this letter within twenty [20] business days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed for me and my audit experts to insure that this loan:

1. Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to TILA, FDCPA, RESPA, HOEPA and other laws;

2. That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3. That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4. That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., were and still are properly disclosed to me;

5. That each servicer and/or sub-servicers of this mortgage have serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

6. That each servicer and sub-servicers of this mortgage have serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

7. That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

8. That interest and principal have been properly calculated and applied to this loan;

9. That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please mail to me, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

10. Any certificated or uncertificated security, front and back, used for the funding of account # 125049243.

11. Any and all "Pool Agreement(s)" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any government sponsored entity, hereinafter (GSE).

12. Any and all "Deposit Agreement(s)" regarding account # 125049243 or the "Pool Agreement" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any GSE.

13. Any and all "Servicing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

14. Any and all "Custodial Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

15. Any and all "Master Purchasing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

16. Any and all "Issuer Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

17. Any and all "Commitment to Guarantee" agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

18. Any and all "Release of Document agreements" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

19. Any and all "Master Agreement(s) for servicer's Principle and Interest Custodial Account(s)" between INDYMAC BANK, F.S.B and any GSE.

20. Any and all "Servicers Escrow Custodial Account" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

21. Any and all "Release of Interest" agreements between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

22. Any Trustee agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES trustee regarding account # 125049243 and or # 1009111244 or pool accounts with any GSE.

23. Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

24. Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

25. Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee for this Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

26. Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

27. Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

28. Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

29. Please send to the requester any documentation evidencing the Mortgage or Deed of trust is **not** a constructive trust or any other form of trust.

30. Please send to the requester a certified copy of the signed promissory note showing the front and back of the document.

31. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

32. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

33. All assignments, transfers, allonges, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

34. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

35. All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

36. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

37. All escrow analyses conducted on this account from the inception of this account until the date of this letter;

38. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

39. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

40. All letters, statements and documents sent to me by your company;

41. All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

42. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

43. All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

44. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

45. All copies of my property inspection reports, appraisals, BPOs and reports done on the property.

46. All invoices for each charge such as inspection fees. BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

47. All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

48. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

49. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories. account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until the date of this RESPA request.

50. All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until the date of this RESPA request.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

51. Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that the experts can decipher the data provided. I demand a certified Transaction Chart (T Chart) showing the GAAP journal entries made at the inception.

52. For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

53. For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

54. Pursuant to banking law 12 USCA § 1813, please provide me the deposit slip for the alleged borrower's promissory note(s) that were issued to INDYMAC BANK, F.S.B for processing through the Federal Reserve Bank in exchange for borrower's credit on January 8, 2007 and deposited on or around February 8, 2007.

55. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

56. Please provide the order authorizing the withdrawal of funds from the borrower's promissory note deposit account.

57. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

58. For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

59. For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

60. Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the parish/county property records in the parish/county and state in which my land and chattel property is located from the inception of this account to the present date? Yes or No?

61. If not, why?

62. Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

63. Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

64. If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

65. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

66. Have attorney fees ever been assessed to this account from the inception of this account to the present date?

67. If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

68. Have attorney fees ever been charged to this account from the inception of this account to the present date?

69. If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

70. Have attorney fees ever been collected from this account from the inception of this account to the present date?

71. If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

72. Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

73. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment, charge or collection of attorney fees.

74.  Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

75.  Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

76.  Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

77.  Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment(s) were made and the reasons for such adjustment(s).

78.  Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

79.  Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

80.  How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

81.  How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

82.  How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

83.  Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account.

## SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one and the same.

84.  Have there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

85.  If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

86.  In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that have occurred on this account from the inception of this account until present date.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

87.  Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

88.  Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

89.  Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

90. Are late fees considered interest? Yes or No?

91. Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

92. Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

93. If yes, please describe what expenses or charges were charged or assessed to this account.

94. Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

95. Please describe for me in writing what damages you or others undertook due to any payment I made which was late.

96. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment or collection of late fees.

97. Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

98. Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

99. Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

100. Has interest been charged on any late fee assessed or charged to this account? Yes or No?

101. Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

102. Have any late charges been assessed to this account? Yes or No?

103. If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

104. Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

105. Have late charges been collected on this account from the inception of this account until present date? Yes or No?

106. If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

## LAND & CHATTEL PROPERTY INSPECTIONS

107. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

108. Have any property inspections been conducted on my land and chattel property from the inception of this account until the present date?

109. If your answer is no, you can skip the rest of these questions in this section concerning property inspections.

110. If yes, please tell me the date of each property inspection conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

111. Please tell me the price charged for each property inspection.

112. Please tell me the date of each property inspection.

113. Please tell me the name and address of each company and person who conducted each property inspection on my land & chattel property.

114. Please tell me why property inspections were conducted on my property.

115. Please tell me how property inspections are beneficial to me.

116. Please tell me how property inspections are protective of my land & chattel property.

117. Please explain to me your policy on property inspections.

118. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

119. If yes, why?

120. Do you use property inspections to collect debts? Yes or No?

121. Have you used any portion of the property inspection process on my land & chattel property to collect a debt or inform me of a debt, payment or obligation I owe?

122. If yes, please answer when and why?

123. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

124. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

125. If yes, why?

126. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

127. If yes, why?

128. Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

129. Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

130. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

131. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

132. Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

133. If yes, when and how much was charged?

134. Is interest allowed to be assessed or charged on inspection fees or assessed to this account? Yes or No?

135. How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

136. How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

137. Please forward to me copies of all property inspections made on my property in this mortgage account file.

138. Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

## BPO FEES

139. Have any BPOs [Broker Price Opinions] been conducted on my land & chattel property?

140. If yes, please tell me the date of each BPO conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

141. Please tell me the price of each BPO.

142. Please tell me who conducted each BPO.

143. Please tell me why BPOs were conducted on my land & chattel property.

144. Please tell me how BPOs are beneficial to me.

145. Please tell me how BPOs are protective of my land & chattel property.

146. Please explain to me your policy on BPOs.

147. Have any BPO fees been assessed to this account? Yes or No?

148. If yes, how much in total BPO fees have been assessed to this account? $_____

149. Have any BPO fees been charged to this account? Yes or No?

150. If yes, how much in total BPO fees have been charged to this account? $_____

151. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

152. Please send to me copies of all BPO reports that have been done on my land & chattel property.

153. Has any fee charged or assessed for a BPO been placed into escrow? Yes or no?

## FORCED-PLACED INSURANCE

154. Have you placed or ordered any forced-placed insurance polices on my land & chattel property?

155. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note.

156. Please tell me the price of each policy.

157. Please tell me the agent for each policy.

158. Please tell me why each policy was placed on my land & chattel property.

159. Please tell me how the policies are beneficial to me.

160. Please tell me how policies are protective of my land & chattel property.

161. Please explain to me your policy on forced-placed insurance.

162. Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

163. If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

164. Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

165. If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

166. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

167. Do you have any relationship with the agent or agency that placed any policies on my land and chattel property? If yes, please describe.

168. Do you have any relationship with the carrier that issued any policies on my land & chattel property? If yes, please describe.

169. Has the agency or carrier you used to place a forced-placed insurance policy on my land & chattel property provided you any service, computer system. discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

170. Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?  If yes, please send me a copy of each such policy.

171. Please send to me copies of all forced-placed insurance policies that have been ordered on my land & chattel property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition. I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing. the answers to the questions listed below:

172. Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

173. Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

174. Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing. originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

175. Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

176. Where is the original monetary instrument (*promissory note*) or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

177. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

178. Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

179. Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

180. Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

181. Since the inception of this loan, have any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that have sub-serviced this mortgage loan.

182. Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

183. Has each and every assignment of my asset/monetary instrument been recorded in the parish/county land records where the property associated with this mortgage account is located?

184. Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

185. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust involved.

186. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

187. Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

188. How much was paid for this individual mortgage account by you?

189. If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

190. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

191. Who did you issue a check or payment to for this mortgage loan?

192. Please provide me copies with the front and back of canceled check.

193. Did any investor approve the foreclosure of my property?

194. Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

195. Please identify all persons who approved the foreclosure of my property!

196. Has INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES been paid any insurance claim based on requester's alleged default of mortgage agreement?

197. If so, provide the amount of insurance payment collect by INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES $_____

198. If insurance has been paid, please provide document signed under the penalty of perjury showing where there is still alleged debt owed by James Bradley McDonald.

Under the Truth In Lending Act [TILA] 15 U.S.C. § 1601. et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code it is mandatory that you provide me full disclosure of the alleged debt that is said to be owed before proceeding any further with your collection action from twenty (20) days of receipt of this QUALIFIED WRITTEN REQUEST. If you do not provide all answers and production of documents requested in this Notice, you will be in fault, admitting no lawful claim and a default will be in order. Your admission of no lawful claim will be the basis for our Right to Cancel. A Notice of Right to Cancel will be issued twenty (20) days from the date of receipt of this CONSTRUCTIVE LEGAL NOTICE.

## AFFIDAVIT OF FACT
### 14840 119TH PL NE
### KIRKLAND, WASHINGTON

STATE OF WASHINGTON )
COUNTY OF KING      ) ss.

I, James Bradley McDonald, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirms that all the facts stated and affirmed herein are true, correct, complete, and not misleading, admissible as evidence, and if testifying shall so state under the penalty of perjury:

1. That, Affiant makes this Affidavit based on first hand knowledge of all the facts stated herein, including the research of federal and state laws and public policy documents that govern monetary instruments related to banking and financial institutions.

2. That, Affiant did sign alleged loan documents with INDYMAC BANK, F.S.B at INTEGRATED ESCROW office in SEATTLE, WASHINGTON on January 8, 2007 concerning property located at 14840 119TH PL NE, KIRKLAND, WASHINGTON.

3. That, Affiant did sign a promissory note and issued to INDYMAC BANK, F.S.B for processing on January 8, 2007; the promissory note was for the sum of $389,482.

4. That, Affiant was rushed by INDYMAC BANK, F.S.B representatives to sign other alleged closing documents and was not provided time to review or provided a clear understanding of the terms and conditions of these documents that he was requested to sign.

5. That, since the above events and the exposure of this nation's mortgage default crisis, Affiant has recently learned that there has been possible fraud committed against him by INDYMAC BANK, F.S.B representatives in withholding FULL DISCLOSURE at the signing of closing documents and that it appears fraud in the factum has been committed against him regarding his signing the mortgage note and Deed of Trust.

6. That, Affiant confirms that attorney firm NORTHWEST TRUSTEE SERVICES, INC allegedly hired by ONE WEST BANK has issued a Notice of Intent to Foreclose to Affiant dated JANUARY 15, 2010.

7. That, Affiant affirms hereby that NORTHWEST TRUSTEE SERVICES, INC does not have first hand knowledge of the probable fraud in the factum committed by their alleged client, ONE WEST BANK.

8. That, Affiant confirms and re-affirms his lawful and timely dispute and demands full compliance in providing FULL DISCLOSURE to all requested questions and provide all request for documentation per the LAWFUL DEBT VALIDATION DEMAND annexed hereto and made a part hereof.

9. That, INDYMAC BANK, F.S.B registered agent and INDYMAC MORTGAGE SERVICES acting as servicer are being served this Affidavit and LAWFUL DEBT VALIDATION DEMAND.

I hereby state that the above is true to the best of my knowledge and understanding.

Date: 4 / 27 , 2010                 BY: _____

JAMES BRADLEY MCDONALD
14840 119TH PL NE
KIRKLAND, WA 98034
TEL: (425) 210-0614

## Jurat

State of WASHINGTON

County of  King

Subscribed and sworn to (or affirmed) before me on this  27TH  day of

 April , 2010 by  James Bradley McDonald , proved

to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature of Notary Public

(Seal)

MARK A WILSON
COMMISSION EXPIRES
NOTARY
PUBLIC
APR. 13, 2013
STATE OF WASHINGTON