1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
JAMES MCDONALD,                               )      No. C10-1952RSL
                                              )
                          Plaintiff,          )
                                              )
          v.                                  )      ORDER DENYING MOTION TO
                                              )      DISQUALIFY COUNSEL
ONEWEST BANK, FSB, *et al.*,                  )
                                              )
                          Defendants.         )
_____)

          This matter comes before the Court on plaintiff's "Motion to Disqualify and

Remove Counsel."  Dkt. # 11.  Plaintiff argues that the law firm of Routh Crabtree Olsen has a

conflict of interest with one or more of its clients and that plaintiff may seek to depose Routh

Crabtree Olsen employees at some point in this litigation.  Having reviewed the papers submitted

by the parties and the remainder of the record, the Court finds as follows:

          (1)  The nature of the alleged conflict of interest is not apparent.  Even if the Court

assumes that Routh Crabtree Olsen is affiliated with defendant Northwest Trustee Service and

serves as its retained or in-house counsel, such service would not bar the firm from representing

its client in litigation.  Nor is there reason to believe that defendants have an unwaivable

concurrent conflict of interest under Rule of Professional Conduct 1.7.  At present, defendants'

interests are aligned, there are no crossclaims asserted among defendants, and counsel could

reasonably believe that she can provide competent and diligent representation to each client.

ORDER DENYING MOTION TO
DISQUALIFY COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

While there is a theoretical possibility that counsel's representation of one client may eventually limit her ability to represent another, the chances of such a conflict arising are not significant and, if it does arise, the Court will revisit the issue then.

(2)  Plaintiff's papers suggest that he intends to conduct wide-ranging discovery aimed at uncovering frauds and/or statutory violations that have not been alleged in the complaint.  Only discovery that is relevant to plaintiff's Deed of Trust Act ("DTA") claim (and the related common law claims) will be permitted.  Plaintiff has raised a colorable challenge to defendants' ability to conduct a non-judicial foreclosure under the DTA and will therefore be permitted to conduct discovery aimed at establishing who was "the holder of the instrument or document evidencing the obligations secured by the deed of trust" on certain dates.  Fishing expeditions to discover other malfeasance or wrongs committed by the mortgage industry in the abstract will not be allowed.  Whether defense counsel has personal knowledge of any facts or events that are relevant to plaintiff's DTA claim cannot be ascertained at present.  Unless and until plaintiff shows that Ms. Buck's deposition is appropriate, the Court need not determine whether counsel will be permitted to act as both counsel and witness.

(3)  Although this litigation is in its infancy, the Court feels compelled to admonish the parties to treat each other with respect, a modicum of patience, and an assumption of good faith.  Contrary to plaintiff's repeated accusations, defendants are not perpetuating a falsehood when they say that the Trustee postponed the foreclosure in response to plaintiff's complaint.  When the motion for temporary restraining order was filed, court staff followed their normal procedures and contacted defendants to determine if they had been served and when a response could be expected.  The Court prefers to handle such motions in an expeditious, but orderly, fashion with input from both sides.  As noted in the first order issued by the Court, "[d]efendant Northwest Trustee Services, after consultation with OneWest Bank, FSB, [] agreed to postpone the foreclosure sale until January 7, 2011, to determine whether plaintiff has reinstated payment

ORDER DENYING MOTION TO
DISQUALIFY COUNSEL                    -2-

and/or is eligible for modification of the loan." Dkt. # 2 at 1.  The postponement allowed both sides to file memorandum and to appear at oral argument regarding the propriety of an injunction.  Defendants are in no way misrepresenting their actions in this matter, and plaintiff should refrain from leveling unfounded accusations.

For their part, defendants should recognize that plaintiff is acting *pro se* in this matter and will occasionally bring motions or raise arguments that are substantively or procedurally unsound.  That does not, however, mean that he is acting in bad faith or with an improper purpose.  Plaintiff is expected to follow the local rules of this district (found at http://www.wawd.uscourts.gov/referencematerials/localrules.htm) and the Federal Rules of Civil Procedure, but his papers will be read liberally and, until proven otherwise, he is entitled to a presumption of good faith.  Defendants are further advised that the procedure for seeking Rule 11 sanctions is not optional:  failure to provide the required safe harbor or to make the request in a separate motion is grounds for denial and may trigger an award of reasonable expenses to the prevailing party.

For all of the foregoing reasons, plaintiff's motion to disqualify counsel is DENIED without prejudice to the issue being raised again should counsel become a witness in this action and/or defendants become adverse to each other.  Plaintiff is reminded that his first monthly payment of $2,347.56 must be paid into the registry of the Court on or before February 15, 2011.  Failure to make timely payments into the registry may result in the expedited sale of the property.

Dated this 9th day of February, 2011.

*Mark S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
DISQUALIFY COUNSEL                    -3-