The Honorable Robert S Lasnik

**JAMES MCDONALD**
**14840 119ᵗʰ PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

In Re:                                      )        NO.:  **C10-1952RSL**
                                            )
                                            )
**JAMES MCDONALD**                           )
                    **Plaintiff**            )
            v                               )
**ONEWEST BANK, FSB**, *et al.*,             )        **Plaintiff's Response to Defense's**
                    **Defendants.**          )        **Answer to Initial Complaint**
                                            )
--------------------------------------------------    )

TO:   **CLERK OF THE U.S. DISTRICT COURT**
      **HEIDI E. BUCK, Attorney for Defendants**

       **COMES NOW Plaintiff, James McDonald and submits this Response to the Answer by the**
Defendants collectively to the Plaintiff's Initial Complaint.

## I. Jurisdiction, Venue and Parties

       1.1 Defendants admit Paragraph 1.1 is true therefore no answer is needed.

       1.2 It appears to Plaintiff that this Answer by the Defendants is merely a form letter or there would
have been a different response here.

       1.3 Defendants admit in part the allegations in Paragraph 1.3.

              1.3.1 Defendant OneWest admits that it does business in King County, Washington with
headquarters located in Pasadena, CA.

              1.3.2  Defendant OneWest denied being the successor in interest to MERS in the
Defendants Answer to the Initial Complaint even though they claim to have been assigned beneficial

1    interest in the Assignment of Deed of Trust. It is perplexing to deny this in one spot and claim it as their

2    basis for the right to foreclose.

3                         1.3.2.A MERS assigned its beneficiary status in the Deed of Trust to OneWest.

4                         _____ Admit               _____ Deny

5                         1.3.2.B At the time that MERS assigned its beneficiary status in the Deed of Trust

6    to OneWest it was not the owner of the promissory note.

7                         _____ Admit               _____ Deny

8                         1.3.2.C MERS has never purchased the Note in question.

9                         _____ Admit               _____ Deny

10                  1.3.3 The initial complaint states, "OneWest Bank's subsidiary IndyMac Mortgage Services

11   is currently servicing the loan number 125049243." However in the Answer to the Initial Complaint

12   OneWest denies everything but that they do business in Washington. It appears they now deny that

13   Indymac Mortgage Services is their subsidiary and that they are servicing the loan. That is in direct conflict

14   with other claims they have made both during the process of the lawsuit and in every action since they

15   became involved in the loan in question.

16                        1.3.3.A Indymac Mortgage Services is currently a subsidiary of OneWest Bank.

17                        _____Admit               _____ Deny

18                        1.3.3.B OneWest claims to service the loan through its subsidiary Indymac

19   Mortgage Services.

20                        _____Admit               _____ Deny

21          1.4 Defendants admit in part the allegations stated in Paragraph 1.4 of the Complaint.

22                  1.4.1 Defendant Northwest Trustee Services admits to being a Washington based

23   corporation.

24                  1.4.2 Defendant Northwest Trustee Services admits to recording a Notice of Trustee Sale

25   for the property in question.

26                  1.4.3 Defendant Northwest Trustee Services states they lack sufficient information to admit

27   or deny Paragraph 1.3 of the Initial Complaint and thus denies them. However nothing in Paragraph 1.3

28

Plaintiff Response to Defense Answer to Initial       -2-                             James McDonald
Complaint                                       14840 119th PL NE, Kirkland, WA 98034
                                                          Phone: (425) 210-0614

1   pertains to Defendant Northwest Trustee Services. It may be that they simply meant a different section

2   which shows the lack of serious care in the preparation and execution of this Answer.

3           1.4.4 Northwest Trustee Services scheduled a non-judicial foreclosure sale set for Friday,

4   December 10th, 2010 at 10:00am.

5                   _____ Admit            _____ Deny

6           1.4.5 The trustee sale above was to be held at a privately owned office complex located at

7   3535 Factoria Blvd, Bellevue, WA.

8                   _____Admit            _____ Deny

9       1.5 Defendant MERS admitted to being a corporation in Delaware and listed as the beneficiary in

10  the Deed of Trust in Paragraph 1.5 but yet states that they can not admit or deny the rest of the Paragraph.

11  There is nothing more in that paragraph save that their mailing address is 1818 Library St, Reston, Virginia.

12  It seems odd that they would not have sufficient information to admit or deny this. However Plaintiff does

13  want to be assist the Defense so will make the statement simpler:

14          1.5.1 MERS has a mailing address located at 1818 Library St, Reston, Virginia?

15                  _____Admit            _____ Deny

16

17                          **II Background Facts and History**

18      2.1 Paragraph 2.1 of the Complaint and Answer

19          2.1.1 Defendants Agree to the information contained in the Note and Deed of Trust.

20      2.2 Paragraph 2.2 of the Initial Complaint and Answer to Initial Complaint

21          2.2.1 Brian Burnett has never been an employee of MERS.

22                  _____Admit            _____ Deny

23          2.2.2 Defendant OneWest claims there is a document (which they have failed to provide)

24  stating that Brian Burnett has signing authority on behalf of MERS and giving him the title of Assistant Vice

25  President.

26                  _____Admit            _____ Deny

27

28          2.2.14 *Should I mention the last line?*

2.3 Paragraph 2.3 of the Initial Complaint and Defendants' Answer to Complaint

2.3.1 Was the Appointment of Successor Trustee in question recorded in King County Recording number 20100204000503 on February 4, 2010?

_____Admit               _____ Deny

2.3.2 Does Defendant concur with Plaintiff that the 1st Paragraph of the Appointment of Successor Trustee list Defendant MERS as beneficiary?

_____Admit               _____ Deny

2.3.3 The third paragraph of the Appointment of Successor Trustee states that OneWest Bank FSB is the owner of the promissory note as of the date it was signed.

_____Admit               _____ Deny

2.3.4 The third paragraph of the Appointment of Successor Trustee states that OneWest Bank FSB is the holder of the promissory note as of the date it was signed.

_____Admit               _____ Deny

2.3.4.A RCW 62A.3-302(d)(2) states to be considered a holder/holder in due course the party:

(2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in RCW 62A.3-306, and (vi) without notice that any party has a defense or claim in recoupment described in RCW 62A.3-305(a).

2.3.4.B Defendant OneWest is ineligible to be considered the holder by definition of RCW 62A.3-302.

2.3.5 Does Defendant OneWest acknowledge the letter dated May 18, 2010 sent to the Plaintiff as having come from OneWest?

_____Yes               _____ No

1    2.3.6 If YES does OneWest acknowledge that the aforementioned letter stated that Freddie

2    Mac is the investor on the loan in question?

3              _____Yes                              _____ No

4    2.3.7 As OneWest's alleged role of servicer they know FreddieMac is not the current owner

5    of the promissory note in question.

6              _____Admit                            _____ Deny

7    2.5 Defendant Northwest Trustee Services sent or caused to be sent a Notice of Trustee Sale to

8    Plaintiff on or about February 12, 2010.

9              _____Admit                            _____ Deny

10   2.6 Paragraph 2.6 of the Initial Complaint and Defendant's Answer to Initial Complaint

11             2.6.1 Defendants acknowledge that Plaintiff sought a loan modification.

12             2.6.2 Plaintiff submitted a short sale offer to Defendant OneWest.

13             _____Admit                            _____ Deny

14             2.6.3 Defendant OneWest did not respond to the short sale offer.

15             _____Admit                            _____ Deny

16             2.6.4 No response requested. Plaintiff offered the short sale when contemplating relocating

17   out of the area.

18   2.7 Defendants denied the entirety of Paragraph 2.7 on the basis of not having enough information.

19             2.7.1 The abovementioned Appointment of Successor Trustee states that OneWest Bank

20   FSB is the owner of the promissory note.

21             _____Admit                            _____ Deny

22             2.7.2 The letter *(Docket #1, Exhibit G)* from OneWest to Plaintiff on May 18, 2010 states

23   that Freddie Mac is the investor of the note.

24             _____Admit                            _____ Deny

25             2.7.3    In the declaration of San Pedro *Docket #16*, San Pedro states that OneWest

26                      services the loan for Freddie Mac

27             _____Admit                            _____ Deny

28

Plaintiff Response to Defense Answer to Initial          -5-                     James McDonald
Complaint                                                        14840 119th PL NE, Kirkland, WA 98034
                                                                          Phone: (425) 210-0614

2.7.4   In the declaration of San Pedro, San Pedro states that Freddie Mac is the investor for the Promissory Note.

_____Admit                    _____ Deny

2.7.5   The investor is the entity that purchased the loan from the original lender.

_____Admit                    _____ Deny

2.7.6   It does not appear that Defendant OneWest sold the ownership of the Promissory Note to Freddie Mac between January of 2010 and May of 2010.

_____Admit                    _____ Deny

2.7.7   The Court agreed that it is unclear who the real party of interest is. **Docket #24**

2.7.8   It appears to Plaintiff that Defendant OneWest is ineligible to be the beneficiary if it is not the owner/holder of the promissory note in question by definition below.

2.7.8.A 61.24.005(2) states, ""Beneficiary" means the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation."

2.7.8.B RCW 62A.3-302(b)(2) states in order to be the holder one would have to:

(2) **The holder took the instrument (i) for value,** (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in RCW 62A.3-306, and (vi) without notice that any party has a defense or claim in recoupment described in RCW 62A.3-305(a).

2.9 Section 2.9 in Complaint

2.9.1 Defendants did not address section 2.9 in their Answer to the Complaint. It is uncertain whether this was out of carelessness in the preparation or simply a decision not to answer.

2.9.2 In order to prevent more of the same from the Defense, Plaintiff will break down the basics of Section 2.9 in the Complaint.

1              2.9.3 Defendant OneWest, as the alleged servicer, would know if the loan has

2  been securitized into a mortgage backed security.

3                         \_\_\_\_\_Admit             \_\_\_\_\_ Deny

4              2.9.4 Has the loan in question been placed into a mortgage backed security?

5                         \_\_\_\_\_Yes              \_\_\_\_\_ No

6              2.9.5 A pool of mortgages is governed by a document called the Pooling and

7  Servicing Agreement.

8              2.9.6 Plaintiff sent a document referred to as a Qualified Written Request to

9  Defendants MERS, Northwest Trustee and OneWest.

10                       \_\_\_\_\_Admit             \_\_\_\_\_ Deny

11

12              2.9.7 Defendant OneWest Bank sent a letter to Plaintiff dated May 18, 2010

13  declining to answer the request.

14                       \_\_\_\_\_Admit             \_\_\_\_\_ Deny

15                    **III. Plaintiff's Claims**

16      3.1 Claim of Violations of Deed of Trust Act RCW 61.24 *et seq.*

17              3.1.1 It appears to Plaintiff that Defendant OneWest cannot be a beneficiary due to the

18  lack of holder status as defined by RCW 62A.3-302. It seems OneWest does not own the promissory note,

19  nor has it become holder due to never taking the note for value as required to be considered a holder.

20                           2) The holder took the instrument (i) for value, (ii) in good faith, (iii)

21                           without notice that the instrument is overdue or has been dishonored or

22                           that there is an uncured default with respect to payment of another

23                           instrument issued as part of the same series, (iv) without notice that the

24                           instrument contains an unauthorized signature or has been altered, (v)

25                           without notice of any claim to the instrument described in RCW 62A.3-

26                           306, and (vi) without notice that any party has a defense or claim in

27                           recoupment described in RCW 62A.3-305(a).

28

Plaintiff Response to Defense Answer to Initial     -7-                   James McDonald
Complaint                                14840 119th PL NE, Kirkland, WA 98034
                                                 Phone: (425) 210-0614

3.1.2 It appears to Plaintiff that Defendant OneWest violated RCW 61.24.010(2) by appointing Defendant Northwest Trustee Successor Trustee without being the beneficiary/holder/owner of the promissory note as stipulated by 3.1.1.

> (2) The trustee may resign at its own election or be replaced by the beneficiary. The trustee shall give prompt written notice of its resignation to the beneficiary. The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the deed of trust is recorded. If a trustee is not appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, **the beneficiary shall appoint a trustee or a successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee.**

3.1.3 It appears to Plaintiff that Defendant OneWest and Defendant Northwest Trustee Services violated RCW 61.24.010(2) by Defendant OneWest causing Northwest Trustee to begin duties of a Trustee without having a recorded Appointment of Successor Trustee, and Northwest Trustee violated by commencing duties of a Trustee without being appropriately appointed.

3.1.4 It appears to Plaintiff that Northwest Trustee Services has violated RCW 61.24.010(4). Defense stated that Northwest Trustee had a previous status in this matter with OneWest as an "agent" *Docket #19*, thereby working together in opposition to Plaintiff. Per actions stated in 3.1.3 Northwest Trustee would be aware it had not become Trustee as required. Further it is Plaintiff's opinion that working together with Defendant OneWest in a capacity other than Trustee prevents the trustee from being impartial and acting in equal good faith to all parties concerned. You cannot have equal treatment when two of the three parties are having a secret affair.

> RCW 61.24.010(4) The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor.

1    3.1.5 It appears to Plaintiff that Defendant Northwest Trustee was further in violation of

2  61.24.010(4) by failing to disclose its Affiliated Entity status as defined by RESPA with Routh, Crabtree and

3  Olsen who was acting on behalf of Defendant OneWest as a debt collector.

4    3.1.6 Further it appears to Plaintiff that Defendant Northwest Trustee violated RCW

5  61.24.010(4) by conducting the business of a Trustee in preparing, serving, causing to be served and

6  executing the Notice of Default in question before becoming the alleged Trustee on February 4th, 2010

7  *(Docket #18, Exhibit C)*.

8    3.1.7 It appears to Plaintiff that Defendant OneWest is in violation of RCW 61.24.030 by

9  claiming to be the beneficiary at the time the Notice of Default in question was executed on January 12,

10  2010 when it was not allegedly transferred beneficiary status until January 27, 2010.

11    3.1.7.A Did Routh Crabtree and Olsen or Northwest Trustee Services file for

12  recording either the Assignment of Deed of Trust or Appointment of Successor Trustee on behalf of

13  Defendant OneWest?

14    _____Yes    _____ No

15    3.1.18 It appears to Plaintiff that Defendant Northwest Trustee is in violation of RCW

16  61.24.030(7)(a) as allowed by RCW 61.24.030(7)(b) by causing to be filed a Notice of Trustee Sale under

17  the direction of Defendant OneWest without appropriately identifying OneWest as the owner and holder of

18  the Note as defined by RCW 61.24.005 and RCW 62A.3-302. Defendants' council states that a pre-existing

19  relationship between Northwest Trustee and OneWest existed in specific regards to the issue at hand before

20  Northwest Trustee began duties as Trustee.

21    RCW 61.24.030(7)(a) and (b)

22    (a) That, for residential real property, before the notice of trustee's sale

23    is recorded, transmitted, or served, the trustee shall have proof that the

24    beneficiary is the owner of any promissory note or other obligation

25    secured by the deed of trust. A declaration by the beneficiary made

26    under the penalty of perjury stating that the beneficiary is the actual

27    holder of the promissory note or other obligation secured by the deed of

28    trust shall be sufficient proof as required under this subsection.

Plaintiff Response to Defense Answer to Initial    -9-
Complaint

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

1    (b) Unless the trustee has violated his or her duty under RCW

2    61.24.010(4), the trustee is entitled to rely on the beneficiary's

3    declaration as evidence of proof required under this subsection.

4        3.1.19 It appears to Plaintiff that Defendant OneWest was in violation of RCW

5    61.24.030(8)(c) by claiming to be in the declaration of the beneficiary the beneficiary on the date of January

6    12, 2010 notated on the Notice of Default when it was not.

7        3.1.20 It appears to Plaintiff that Defendant Northwest Trustee was in violation of RCW

8    61.24.030(8)(c) by executing the Notice of Default on January 12, 2010 as Trustee when it was not allegedly

9    assigned Successor Trustee status until January 27, 2010 and recorded on February 4, 2010 as required by

10    law.

11        3.1.21 It appears to Plaintiff that Defendant OneWest is in violation of RCW

12    61.24.030(8)(l) by failing to put on the Notice of Default the name and address of the owner of the

13    promissory note in question.

14    "In the event the property secured by the deed of trust is residential real

15    property, the name and address of the owner of any promissory notes

16    or other obligations secured by the deed of trust and the name, address,

17    and telephone number of a party acting as a servicer of the obligations

18    secured by the deed of trust."

19        3.1.22 It appears to Plaintiff that Defendant Northwest Trustee is in violation of RCW

20    61.24.030(8)(l) by failing to provide the name and address of the owner of the promissory note on the Notice

21    of Default.

22        3.1.23 It appears to Plaintiff that Defendant OneWest is in violation of RCW 61.24.031(2)

23    by claiming to be the beneficiary on the Declaration of Beneficiary that accompanied the Notice of Default

24    when it was not on January 12, 2010.

25    (2) A notice of default issued under RCW 61.24.030(8) must include a

26    declaration, as provided in subsection (9) of this section, from the

27    beneficiary or authorized agent that it has contacted the borrower as

28    provided in subsection (1)(b) of this section, it has tried with due

1   diligence to contact the borrower under subsection (5) of this section, or

2   the borrower has surrendered the property to the trustee, beneficiary, or

3   authorized agent. Unless the trustee has violated his or her duty under

4   RCW 61.24.010(4), the trustee is entitled to rely on the declaration as

5   evidence that the requirements of this section have been satisfied, and

6   the trustee is not liable for the beneficiary's or its authorized agent's

7   failure to comply with the requirements of this section.

8       3.1.24 It appears to Plaintiff that Defendant Northwest Trustee is in violation of RCW

9   61.24.031(2) by failing to verify Defendant OneWest as the beneficiary at the time the Notice of Default was

10  executed. If Miss Buck is to be believed they already had a previously ongoing business relationship

11  regarding the matter at hand prior to becoming the alleged successor trustee.

12      3.1.25 Plaintiff alleges that Defendant MERS illegally signed over rights to the promissory

13  note which it has never owned or held in due course to Defendant OneWest Bank on the Assignment of

14  Deed of Trust paragraph 2. "Together with the note or notes therein described or referred to, the money due

15  and to become due thereon with interest, and all rights accrue under said Deed of Trust." Defendant MERS

16  has repeatedly stated in court cases, interviews and on its own website that it has no financial interest in

17  promissory notes and does not purchase or sell promissory notes.

18      3.2 **Plaintiff's Claim of Slander of Title**

19      3.2.1 Plaintiff James McDonald repeats and realleges each and every item and allegation

20  above as if fully and completely set forth herein.

21      3.2.2 It appears Defendant Northwest Trustee slandered title by filing an unlawful Notice

22  of Trustee Sale in public record, being unlawful to all of the violations in 3.1.

23      3.2.3 It appears Defendant OneWest caused Northwest Trustee to slander title by filing an

24  unlawful Notice of Trustee Sale in public record, being unlawful to all of the violations in 3.1

25      3.3 **Plaintiff's Claim of Wrongful/Unlawful Foreclosure**

26      3.3.1 Plaintiff James McDonald repeats and realleges each and every item and allegation

27  above as if fully and completely set forth herein.

28

3.3.2 It appears to Plaintiff that Defendants OneWest and Northwest Trustee are in violation of RCW 19.86.020 by making false claims and utilizing deceptive business practices as laid out in Section 3.1.

3.3.3 Plaintiff alleges Defendant OneWest initiated a non-judicial foreclosure pretending to be the owner and holder of the Note when in fact they were not. Only the owner and holder of the Note can initiate non-judicial foreclosures.

3.3.4 It appears to Plaintiff that Defendant Northwest Trustee participated in the initiation of an unlawful non-judicial foreclosure due to the many violations noted above in section 3.1.

3.4 **Claim for Temporary Restraining Order and Permanent Injunction**

3.4.1 Plaintiff James McDonald repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

3.4.2 The Court has already upheld Claim #4 in the initial Complaint by granting a Temporary Restraining Order and Preliminary Injunction *(Docket #24)*. At the time of the writing of this response Defendants have not appealed this decision. It appears to Plaintiff that Defendants are no longer contesting this claim, even though the Answer to the Initial Complaint was filed after the Hearing for the TRO.

3.5 **Claim for Lack of Standing**

3.5.1 Plaintiff James McDonald repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

3.5.2 It appears to Plaintiff that OneWest has no real interest in the real property that is the subject of this lawsuit. Defendant OneWest has stated that they are NOT the owner of the Note *Docket #16*.

3.5.3 Defendant OneWest claims to have servicing rights but has not provided the Servicing Agreement to prove their claim. Even if they do, only the owner and holder as defined by RCW 61.24.005 and RCW 62.3-302 can initiate a non-judicial foreclosure.

3.5.4 Defendant MERS does not have standing as a real party of interest as they claim no ownership rights of the promissory note for the real property in question.

3.5.5 Defendant Northwest Trustee appears to have been inappropriately assigned as Successor Trustee by Defendant OneWest and therefore has no interest as a trustee.

## IV. Defendants' Defenses

### 4.1 First Affirmative Defense – Failure to State a Cause of Action

4.1.1 Plaintiff believes that Defendants' defense for Failure to State a Cause of Action is frivolous. Plaintiff has stated multiple causes of action which has had preliminary hearings before the Court during the Motion for Temporary Restraining Order and Preliminary Injunction. The honorable Court noted in its ruling that the Plaintiff's case has merit which would be impossible if the Plaintiff hadn't stated a cause of action.

### 4.2 Defendants' Second Affirmative Defense – Failure to Mitigate Damages

4.2.1 Plaintiff strongly denies the Defendants' allegation that Plaintiff failed to attempt to mitigate damages. Plaintiff, in good faith, attempted several times to work with Defendants OneWest, MERS and Northwest Trustee through loan modification, short sale offer and administrative fact finding through a Qualified Written Request and Debt Validation Demand. Every attempt that Plaintiff has made was either denied, ignored or refused as shown in Defendants own testimony, answer to initial complaint and Defendant OneWest's letter to Plaintiff dated May 18, 2010.

4.2.2 If anything, the Failure to Mitigate Damages rests with the Defendants for refusing to work in good faith with the Plaintiff to provide the information the Plaintiff requested even up to who the actual and current owner of the Promissory Note is so Plaintiff could contact them directly.

### 4.3 Defendants' Third Affirmative Defense – Equitable Defense, Laches

4.3.1 The Doctrine of Laches does not apply to this case.

4.3.1 Prior to any late payments, Plaintiff attempted to receive assistance from Indymac Mortgage Services and was told they were unable to assist.

4.3.2 Plaintiff began taking administrative actions upon becoming aware of the issues and legal problems at hand quickly. Plaintiff in good faith attempted to work with Defendant OneWest to achieve a fair result. When Defendant OneWest repeatedly refused, Plaintiff began studying, researching and preparing for the current case.

4.3.3 At no time did Plaintiff act in a negligent manner to his rights which would be the basis of a Doctrine of Laches defense.

4.3.4 Further, Plaintiff believes Defendants' claim of unclean hands is unfounded. Plaintiff has repeatedly stated he is willing to work out a solution that is reasonable. It appears to Plaintiff that Defendants would prefer to be unjustly enriched.

### 4.4 Defendants' Fourth Affirmative Defense – Defendants Acted in Good Faith

4.4.1 Plaintiff is again surprised by Defendants claim that they acted in good faith. Plaintiff believes there are at least 25 infractions of RCW 61.24 alone which include misrepresentations of party, breach of rights and making false statements in publicly recorded documents. Further, in Plaintiff's opinion, Defendants have further not acted in Good Faith by refusing to reveal the true owner of the Promissory Note both in administrative attempts by Plaintiff and as RULED BY LAW on the Notice of Default.

### 4.5 DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE – Plaintiff Not Entitled to Relief

4.5.1 Plaintiff disagrees strongly with this defense as RCW 61.24 and RCW 19.86 indicates Plaintiff IS entitled to relief. Further the Court has agreed that Plaintiff is entitled to relief, so far in part, by granting relief with a Temporary Restraining Order and Preliminary Injunction which was granted before this Answer was submitted!

### 4.6 SIXTH AFFIRMATIVE DEFENSE – PLAINTIFF'S OWN NEGLIGENCE

4.6.1 Plaintiff denies the Defendants' allegations that Plaintiff was negligent. In Plaintiff's opinion he has already shown multiple attempts at a positive solution before turning to the Court for relief from an unlawful foreclosure.

### 4.7 TENTH AFFIRMATIVE DEFENSE – SUFFERED NO DAMAGES

4.7.1 Plaintiff denies the Defendants' allegations that Plaintiff suffered no damages. Plaintiff's civil, legal and contractual rights have been violated in addition to severe interruption of Plaintiff's way of life.

### 4.8 ELEVENTH AFFIRMATIVE DEFENSE – WAIVER

4.8.1 Plaintiff strongly denies the Defendants defense on the doctrine of waiver.

4.8.2 The Doctrine of Waiver is only applicable if the Plaintiff has failed to restrain or attempt to restrain the action of the Defendant(s). As the Defense is very well aware Plaintiff moved

for and received a Temporary Restraining Order and Preliminary Injunction against the Defendants. It appears to Plaintiff that this is a frivolous defense.

4.8.3 Further, RCW 61.24.127 states that even if no restraint is attempted that the lack of constraint does not constitute waiver.

## 4.9  TWELFTH AFFIRMATIVE DEFENSE – NO COST OR ATTORNEY FEES

4.9.1 Plaintiff denies the Defendants allegation Plaintiff is not eligible to receive costs and attorney fees.

4.9.2 Defense is incorrect in claiming that Plaintiff "has not alleged any statute or contract which entitles Plaintiff to attorney's fees in the Complaint." Page 24, Line 20 of the Initial Complaint states that Plaintiff is entitled to costs and fees under RCW 19.86 which allows for both treble damages and attorneys fees due to deceptive and unfair business practices. Once again this entire Answer appears to be more of a template answer in hopes the Plaintiff as pro se will screw up than any serious attempt at a defense.

## 4.10 THIRTEENTH AFFIRMATIVE DEFENSE – FRIVOLOUS ACTION

4.10.1 Plaintiff emphatically denies the Defendants' allegation that this is a frivolous action.

4.10.2 This defense in and of itself is frivolous as the Honorable Court has already stated that the lawsuit in question has merits. Defense's attempt to call this a frivolous action AFTER the ruling on the Temporary Restraining Order and Preliminary Injunction is nothing short of an insult to the Court in the Plaintiff's opinion.

## 4.10 PLAINTIFF MOVES THE COURT FOR SANCTIONS

4.10.1 It appears to Plaintiff that Defendants and their council are attempting to take advantage of the fact that Plaintiff is Pro Se and his lack of experience in litigation by attempting unusable defenses that any experienced attorney would rip apart quickly and efficiently. Defendants have used frivolous and unsubstantiated defenses including insulting the Courts decision that the case has merits and is therefore not frivolous. Further this seemingly Answer does nothing to forward the motion of this case and therefore only causes unnecessary delay of the process and harasses the Plaintiff. Therefore under FCRP

1  11 Plaintiff moves this Honorable Court to order sanctions of $2,500 each against Defendants MERS,

2  Northwest Trustee Services and OneWest Bank FSB and additional sanction of $5,000 against Defense

3  Council Heidi Buck and Routh Crabtree Olsen or any amount the Court deems worthy.

4                                                    **V. Reservation**

5          5.1 Plaintiff hereby reserves the right to amend this Response to the Answer of the Initial Complaint

6  as well as the Complaint itself by way of adding additional causes of action, amendments to current causes

7  of action and additional evidence to support Plaintiff's allegations.

8

9                                              **VI. PRAYER FOR RELIEF**

10 WHEREFORE, Plaintiff prays for judgment as follows:

11     1.    That Defendants MERS, Northwest Trustee Services and OneWest Bank be sanctioned $2,500

12           each.

13     2.    That Defense Counsel Heidi Buck be sanctioned $5,000.

14     3.    That the Court grant the Plaintiff Declaratory Judgment by ordering the Defendants to produce the

15           following documents (Plaintiff will also submit a separate Motion for Declaratory Judgment to follow

16           this Answer to the Initial Complaint to comply with procedure):

17           **A. Loan Purchase Agreement(s)**

                    A.1 Provide the original purchase agreement between Indymac and the initial purchaser of

18     the promissory note, whomever that may be, and any subsequent purchase agreement whether to Freddie

19     Mac or any unknown party.

20                  A.2 Relevance: This goes to prove who is actually the Holder/Owner/Beneficary and which, if

       any, of the defendants are a real party of interest with the proper authority to collect Plaintiffs payments, who they are

21     going to, and who has the authority to initiate non-judicial foreclosure proceedings.

22                  A.3 To be provided by Defendant OneWest and Defendant MERS

             **B. All endorsements and conveyances of the original note**

23                  B.1 Properly executed with transfers made to the proper entities in proper sequence, so as

       to show a complete chain of title to the note from the original lender to the holder of the note.

24                  B.2 Relevance: This goes to prove who is actually the owner and holder of the note and to

       ensure all federal and state laws as well as accounting procedures have been followed.

25                  B.3 To be provided by Defendant OneWest and Defendant MERS

26           **C. Servicing Agreement(s)**

27                  C.1 Any and all servicing agreements between Indymac and the purchasers of the

28     promissory note and holders in due course of the promissory note as defined by RCW 62A.3-302.

Plaintiff Response to Defense Answer to Initial          -16-                        James McDonald
Complaint                                                              14840 119th PL NE, Kirkland, WA 98034
                                                                                 Phone: (425) 210-0614

C.2 Any and all servicing agreements between OneWest and the purchasers and holders in due course of the promissory note as defined by RCW 62A.3-302.

C.3 Any agreement between Indymac Bank F.S.B. and OneWest Bank to obtain the servicing rights of the specific Deed of Trust in question.

C.4 Relevance: This goes to show what, if any, rights OneWest has. It should be noted OneWest has repeatedly stated that they have a servicing agreement with Freddie Mac to perform the actions they have but they have not willingly brought this document before the Court to prove their claim.

C.5 To be provided by Defendant OneWest.

**D. Insurance Policies or Over-collateralization procedures**

D.1 Insurance policy purchased by Indymac on the individual promissory note.

D.2 Insurance policy or policies purchased by Indymac or any other party on the "pool" of loans sold jointly to any investor.

D.3 Relevance: This goes to determine what the actual balance of the loan secured by the Deed of Trust is should there have been any payouts of insurance claims.

D.4 To be provided by Defendant OneWest and Defendant MERS.

**E. MERS MIN Summary**

E.1 The MIN Summary is a list of all activities regarding the loan in question including all purchases of the note, conveyances, recordings, sales and other data. This is the service MERS purports to give to their clients. However this in and of itself does not fully complete the picture as some activities may have been deleted or failed to be recorded as MERS allows individuals outside of their company to enter the data. It will still provide a very valuable piece to the puzzle over who actually has standing.

E.2 To be provided by Defendant MERS

**F. MERS Membership Agreement**

F.1 Agreement between MERS and Indymac detailing their rights as a nominal beneficiary on the Deed of Trust in question.

F.2 MERS Membership agreement for each defendant along with any amendments and a listed of authorized signers. For each Defendant.

F.3 Relevance: Goes to showing if MERS did in fact have the rights as a nominal beneficiary to appoint a new beneficiary without authorization from the owner and holder of the note.

F.4 MERS Membership Agreement between MERS and all subsequent owners of the promissory note in question to determine whether MERS could be allowed remain as beneficiary. In Washington State the security instrument (deed of trust) follows the note so the beneficiary status should have been transferred to whomever purchased the loan from Indymac unless they had an agreement with MERS.

F.5 To be provided by Defendant MERS.

**G. Authotized Signatory Agreements**

G.1 Signed agreement between MERS and OneWest Employee Brian Burnett giving him the title of Assistance Vice President of MERS and detailing his rights and responsibilities to act on their behalf.

G.2 Relevance: There is a significant question regarding whether or not Brian Burnett was authorized to appoint OneWest as the beneficiary of the Deed of Trust and this will answer it.

G.3 To be provided by Defendant MERS.

H. **Accounting Records for Note**

H.1 All accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the agreement through present.

H.2 To be provided by Defendant OneWest as alleged servicer.

G.  Agreement between OneWest and Northwest Trustee for Northwest Trustee to act as OneWest's "agent" prior to becoming the trustee as occurred by Miss Buck's testimony in the TRO Hearing.

G.1 Relevance: Goes to show authority to assist with preparation of Notice of Default before they were identified as the trustee per RCW 61.24.

G.2 To be provided by Defendant Northwest Trustee Services.

4.   That the Court rule the Notice of Default in question to be invalid

5.   That the Court rule the Appointment of Successor Trustee in question to be invalid

6.   That the Court rule the original Notice of Trustee Sale and all additional Notices of Trustee Sale to
      be invalid and removed from King County Public Records

**James McDonald**
**Pro Se**

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                    )        NO.: **C10-1952RSL**
                                          )
                                          )
**JAMES MCDONALD**                        )
                    Plaintiff             )        **Declaration of Service**
             v                            )
**ONEWEST BANK, FSB, et al.,**            )
                    Defendants.           )
                                          )
---------------------------------------------

**CERTIFICATE OF Service**

I hereby certify under penalty of perjury of the laws of the State of Washington that I electronically sent a true and correct copy of the Response of Defendants Answer to the Initial Complaint, by James McDonald, on the 11 day of February, 2011 to the parties listed below.

DATED this 11 day of February, 2011.

By:_____-

**James McDonald**
**Pro Se**

Routh Crabtree Olsen, P.S.

13555 SE 36th St, Suite 300

Bellevue, WA 98006

Certificate of Service                    -1-                    James McDonald

14840 119th PL NE, Kirkland, WA 98034

Phone: (425) 210-0614

1    JAMES MCDONALD
     14840 119th PL NE
2    Kirkland, WA 98034
     Phone (425) 210-0614
3    In Pro Per

4

5                        UNITED STATES DISTRICT COURT

6              FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

8    In Re:                              )      NO.:  C10-1952RSL
                                         )
9                                        )
     JAMES MCDONALD                      )
10                  Plaintiff            )
            v                            )
11   ONEWEST BANK, FSB, *et al.*,        )      PROPOSED
                    Defendants.          )      ORDER GRANTING Sanctions
12   ----------------------------------------------- )

13

14          This matter came before the Court upon James McDonald's (PLAINTIFF)'s motions listed

15   under the Plaintiff's Prayer for Relief within Plaintiff's Response to the Defendants Answer to Initial

16   Complaint. The Court considered the motion and any opposition thereto and the matters on record.

17   It appears for the reasons stated in the motion that the removal of the opposing counsel should

18   occur.

19          IT IS THEREFORE ORDERED

20      1.  That Defendants MERS, Northwest Trustee Services and OneWest Bank be sanctioned $2,500

21          each to be paid to the Plaintiff.

22      2.  That Defense Counsel Heidi Buck be sanctioned $5,000 to be paid to the Plaintiff.

23

24

25

26          Dated this _____ day of _____, 20___

27

28                                              _____
                                                **Robert S. Lasnik, United States District Judge**

     Proposed Order for Sanctions           -1-                        James McDonald
                                                              14840 119th PL NE, Kirkland WA 98034
                                                                     Phone: 425-210-0614

1

2   **Presented by:**

3

4

5

6                                                                              James McDonald
                                                                                    Pro Se
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28