The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                                          )   NO.: C10-1952RSL
                                                                )
                                                                )
JAMES MCDONALD                                                  )
              Plaintiff                                         )
       v                                                        )   Plaintiff's Motion for Declaratory Judgment
ONEWEST BANK, FSB, et al.,                                      )   Oral Hearing Requested
              Defendants.                                       )   Note on Motion Calendar: March 15, 2010
                                                                )   1:30PM
-----------------------------------------------------------------

TO:    CLERK OF THE U.S. DISTRICT COURT
       HEIDI E. BUCK, Attorney for Defendants

### I. Motion for Declaratory Judgment and Relief Requested

COMES NOW PLAINTIFF James McDonald and moves and requests this Honorable Court to grant Declaratory Judgment under Federal Civil Rule 57 and RCW 7.24 "Uniform Declaratory Judgments Act". The four Defendants, against whom the declaratory judgment is sought are:

1.1 Defendant Northwest Trustee Services, Inc (hereafter Northwest Trustee) the reputed successor trustee, per the "Notice of Trustee Sale", recorded under King County Records No. 20100216001242.

1.2 Defendant OneWest Bank, FSB (Hereafter OneWest), as the alleged successor in interest of Mortgage Electronic Registration System (hereafter MERS), per the "Assignment of Deed of Trust" filed in King County Records No. 20100204000502; the "Notice of Trustee Sale" recorded under King County Recording No. 20100216001242; and the "Amended Notice of Trustee Sale" recorded under King County Recording No. 20101104001321.

1.3 Defendant MERS as the beneficiary of the Deed of Trust recorded under King County Recording No. 20070110002077, together with the original note referenced therein and the "Assignment of Deed of Trust" filed in King County Records No. 20100204000502.

1.4 Defendant Indymac Bank, F.S.B (Hereafter Indymac), as the original lender listed on the the Deed of Trust recorded under King County Recording No. 20070110002077.

## II. FACTS

### 2.1 Original Lender was IndyMac Bank, FSB; Identification of Original Borrowers and Trustee Named in Deed of Trust. (Docket #1, Exhibit A)

The original lender on Loan No. 125049243 which is one of the subjects of this lawsuit was Indymac Bank, FSB. The promissory note in that loan was secured by the deed of trust dated January 8, 2007 recorded in the King County Auditor Records January 8, 2007 Recording No. 20070110002077. The trustee named in the deed of trust is Pacific Northwest Title Insurance Co, Inc. The borrower (who signed the note) James McDonald at the time of execution of the above referenced documents was the sole owner of the property in question.

### 2.2 The Legal Description of the Property

> LOT 18, THE HIGH WOODLANDS DIV. NO. 3,
> ACCORDING TO THE PLAT THEREOF RECORDED IN
> VOLUME 85 OF PLATS, OAGES 30 THROUGH 32,
> INCLUSIVE, IN KING COUNTY, WASHINGTON.
> Tax Parcel Number: 328830-0180-03
> Site Address: 14840 119th PL NE, Kirkland, WA 98034

### 2.3 Deed of Trust Details

That Deed of Trust stated that it secured payment of a promissory note also dated January 8, 2007 in the original principal amount of $389,481.60. The Deed of Trust named:

2.3.1 **Lender**: Indymac Bank, FSB

2.3.2 **Beneficiary:** Mortgage Electronic Registration Systems "MERS"

2.3.3 **Trustee**: Pacific Northwest Title Insurance Co., Inc

2.3.4 **Borrower**: James McDonald as sole owner of the property.

### 2.4 ASSIGNMENT OF DEED OF TRUST, FILED BY ONEWEST BANK IN KING COUNTY RECORDS RECORD #20100204000501 SIGNED JANUARY 27, 2010 (Docket #1, Exhibit D)

2.4.1   This assignment was signed by Brian Burnett as Vice President of MERS. Brian Burnett is a known robo-signer.

2.4.2   Per San Pedro's declaration Brian Burnett is not in fact an employee of MERS but has a title and signing authority for MERS. However Defense has not provided any documentation proving this claim.

### 2.5 NOTICE OF DEFAULT DATED JANUARY 12, 2010 (Docket #18, Exhibit C)

Motion for Declatory Judgment               -2-                James McDonald
                                                14840 119th PL NE, Kirkland, WA 98034
                                                              Phone: (425) 210-0614

2.5.1 Page 2 Section K states "The beneficiary of the deed of trust is ONEWEST BANK, FSB". This statement is false. Even assuming the assignment relied upon by Defendants is valid, which Plaintiff disputes, OneWest was not assigned any interests to the Deed of Trust until 15 days after the Notice of Default was executed. This is a blatant violation of the perquisites to a Trustee Sale provided in RCW 61.24.030(8):

> "That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary..."

2.5.2 **Charges**

    2.5.2.A Page 2 Section D lists a title report charge of $985. As plaintiff has a background in real estate this seems to be an extremely high fee for this type of service. Plaintiff is concerned that this may be an inaccurate and inflated charge.

2.5.3 **BENEFICIARY DECLARATION PURSUANT TO CHAPTER 61.24 RCW (SB 5810).**

    2.5.3.A This declaration states that the beneficiary of the loan is OneWest Bank, FSB.

    2.5.3.B It was signed on January 7, 2010. THIS WAS 20 DAYS BEFORE THE ASSIGNMENT OF DEED OF TRUST!

    2.5.3.C It was signed UNDER PENALTY OF PERJURY by Erica A Johnson-Seck, one of the most notorious robo-signers in the industry.

    2.5.3.D Seck declared in deposition that she does not personally review the documentation that she signs under oath *Indymac v Machado*.

> "Q. *How long do you spend executing each document?*
>
> A. *I have changed my signature considerably. It's just an E now.*
>
> *So not more than 30 seconds.*
>
> Q. *Is it true that you don't read each document before you sign it?*
>
> A. *That's true.* [*Emphasis added*]"

        2.5.3.D.1 The deposition mentioned above further disproves that San Pedro can make a true statement that all persons who conduct work on the loans at OneWest Bank have personal knowledge of the accuracy of the information.

    2.5.3.E The Notice of Default is in violation of RCW 61.24 and RCW 19.86 by making false statements about who the beneficiary was at the time of its creation and execution.

2.6 **Qualified Written Request and Debt Validation Demand (DOCKET # 18, EXHIBIT D)**

Plaintiff sent to Defendants a combined Qualified Written Request (TILA/RESPA) and a Debt Validation Demand (FDCPA) & Dispute (FCRA/FBCA) sent via First Class Certified Mail on April 27, 2010. As part of the request, Plaintiff requested a complete and accurate chain of title of the Note showing any transfers of interests including copies of any Servicing and Pooling Agreement and any information regarding the loan's securitization and placement in an investment trust.

    2.6.1 **The Certified Mail Receipt Numbers Are:**

        2.6.1.A Indymac Bank, FSB #7009225000001615

        2.6.1.B Indymac Mortgage Services #70092250000016152196

        2.6.1.C MERS #70092250000016152264

    2.6.2 MERS made no response

    2.6.3 Indymac Bank, FSB did not respond.

    2.6.4 On May 18th, 2010 OneWest responded on behalf of Indymac Mortgage Services to the request by declining to answer the questions set forth with the exception that Freddie Mac was the investor on the loan. Again proving that OneWest was not and appears to still not be the beneficiary as defined in RCW 61.24 *et seq*.

2.7    **Freddie Mac Statement on Its Single Family Dwelling Lending** (Docket #18, EXHIBIT E)

As previously stated in the original COMPLAINT, **Freddie Mac does not retain loans** it has purchased. According to Freddie Mac's website, "In our Single-Family business we use mortgage securitization to fund millions of home loans every year. Securitization is a process by which we purchase home loans that lenders originate, put these loans into mortgage securities that are SOLD in global capital markets, and recycle the proceeds back to lenders."

    2.7.1 If Freddie Mac was the investor, they sold the loan as part of the process of doing business. Who was the loan sold to? What security was it sold in? Who now is the true owner of the mortgage? As RCW 61.24 states only the OWNER of the promissory note can initiate foreclosure proceedings. Who directed the agent/custodian to begin this process? And why have the Defendants not been forthwith with this information even on the Notice of Default as required by law in RCW 61.24.030?

## III. BACKGROUND

3.1 The general public has been only recently aware of the serious breaches of federal and state law, duties of good faith and fair business practices in mortgage origination, servicing, sales, securitization and foreclosure proceedings. This primarily came to the media's attention after the "bubble" burst in the housing market beginning in 2007-2008 where according to http://ml-implode.com a consumer website that has been tracking the failure of banking institutions since 2006, 387 lending and banking institutions have failed. The media began reporting cases where foreclosures had been improperly prepared; assignments, appointments and sales of mortgage documents were crafted after the fact; and a variety of lawsuits both by borrowers against reputed lenders and servicers as well as lenders and investors against other lenders.

The media began turning more from the failures of individual institutions to reporting more and more of these unethical practices in the later part of 2009. This is when the Plaintiff first became aware that mortgage fraud ran deeper than the origination level and permeated throughout the entire process.

3.2 Like so many victims of these unethical practices the Plaintiff was unaware that he was personally involved in a similar situation until Defendants began taking steps to initiate a non-judicial foreclosure on the real property in question. Plaintiff attempted in good faith to obtain a loan modification and negotiate a short sale offer which went unanswered by Defendant OneWest but received nothing but poor customer service and a lack of interest from OneWest. Upon viewing the Notice of Default, Assignment of Successor Trustee and Appointment of the Deed of Trust in early 2010 it became evident that similar wrongdoings were taking place. After two months of researching what was going on, the Plaintiff initiated his dispute with OneWest.

3.3 On April 27th, the Plaintiff sent the Debt Validation Demand and Dispute and Qualified Written Request (Docket #18, Exhibit D). The Plaintiff followed up with other attempts to receive factual documentation that has been again requested in the initial Complaint filed on December 3rd, 2010 and re-requested again within this motion.

3.4 On January 25, 2011 the Honorable Judge Lasnik granted a preliminary injunction against the Defendants enjoining them against taking any foreclosure action (Docket #24).

> "The Court finds that plaintiff has raised serious questions going to the merits of his DTA claim. Based on the evidence provided by the parties, whether OneWest had authority to appoint a successor trustee on January 27, 2010, whether the Notice of Default issued on or about January 12, 2010, complied with the statutory requirements, and whether OneWest is the beneficiary as that term is defined in the DTA cannot be determined. Pursuant to the DTA, only the beneficiary has the power to appoint a trustee or successor trustee (RCW 61.24.010(2)), and the written notice of default must be provided by the beneficiary or the trustee (RCW 61.24.030(8)).

3.5 Wherefore, Plaintiff hereby moves the Court to issue an order of Declaratory Relief requiring Defendant(s) (spell out which defendants should provide which documents) to prove their accurate roles, authority, and rights in accordance with all Federal and State Statutes, Generally Accepted Accounting Guidelines, SEC Regulations, and the Terms and Conditions of the Governing Documents that control any agent, servicing, holder/owner/beneficiary, relationships.

## IV. DOCUMENTATION REQUESTED

### 4.1 Loan Purchase Agreement(s)

4.1.1 Provide the original purchase agreement between Indymac and the initial purchaser of the promissory note, whomever that may be, and any subsequent purchase agreement whether to Freddie Mac or any unknown party.

4.1.2 Relevance: This goes to prove who is actually the Holder/Owner/Beneficary and which, if any, of the defendants are a real party of interest with the proper authority to collect Plaintiffs payments, who they are going to, and who has the authority to initiate non-judicial foreclosure proceedings.

4.1.3 To be provided by Defendant OneWest and Defendant MERS

### 4.2 All endorsements and conveyances of the original note

4.2.1 Properly executed with transfers made to the proper entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the holder of the note.

4.2.2 Relevance: This goes to prove who is actually the owner and holder of the note and to ensure all federal and state laws as well as accounting procedures have been followed.

4.2.3 To be provided by Defendant OneWest and Defendant MERS

### 4.3 Servicing Agreement(s)

4.3.1 Any and all servicing agreements between Indymac and the purchasers of the promissory note and holders in due course of the promissory note as defined by RCW 62A.3-302.

4.3.2 Any and all servicing agreements between OneWest and the purchasers and holders in due course of the promissory note as defined by RCW 62A.3-302.

4.3.3 Any agreement between Indymac Bank F.S.B. and OneWest Bank to obtain the servicing rights of the specific Deed of Trust in question.

4.3.4 Relevance: This goes to show what, if any, rights OneWest has. It should be noted OneWest has repeatedly stated that they have a servicing agreement with Freddie Mac to perform the actions they have but they have not willingly brought this document before the Court to prove their claim.

4.3.5 To be provided by Defendant OneWest.

### 4.4 Insurance Policies or Over-collateralization procedures

4.4.1 Insurance policy purchased by Indymac on the individual promissory note.

4.4.2 Insurance policy or policies purchased by Indymac or any other party on the "pool" of loans sold jointly to any investor.

4.4.3 Relevance: This goes to determine what the actual balance of the loan secured by the Deed of Trust is should there have been any payouts of insurance claims.

4.4.4 To be provided by Defendant OneWest and Defendant MERS.

### 4.5 MERS MIN Summary

4.5.1 The MIN Summary is a list of all activities regarding the loan in question including all purchases of the note, conveyences, recordings, sales and other data. This is the service MERS purports to give to their clients. However this in and of itself does not fully complete the picture as some activities may have been deleted or failed to be recorded as MERS allows individuals outside of their company to enter the data. It will still provide a very valuable piece to the puzzle over who actually has standing.

4.5.2 To be provided by Defendant MERS

### 4.6 MERS Membership Agreement

4.6.1 Agreement between MERS and Indymac detailing their rights as a nominal beneficiary on the Deed of Trust in question.

4.6.2 MERS Membership agreement for each defendant along with any amendments and a listed of authorized signers. For each Defendant.

4.6.3 Relevance: Goes to showing if MERS did in fact have the rights as a nominal beneficiary to appoint a new beneficiary without authorization from the owner and holder of the note.

4.6.4 MERS Membership Agreement between MERS and all subsequent owners of the promissory note in question to determine whether MERS could be allowed remain as beneficiary. In Washington State the security instrument (deed of trust) follows the note so the beneficiary status should have been transferred to whomever purchased the loan from Indymac unless they had an agreement with MERS.

4.6.5 To be provided by Defendant MERS.

**4.7 Authotized Signatory Agreements**

4.7.1 Signed agreement between MERS and OneWest Employee Brian Burnett giving him the title of Assistance Vice President of MERS and detailing his rights and responsibilities to act on their behalf.

4.7.2 Relevance: There is a significant question regarding whether or not Brian Burnett was authorized to appoint OneWest as the beneficiary of the Deed of Trust and this will answer it.

4.7.3 To be provided by Defendant MERS.

**4.8 Accounting Records for Note**

4.10.1 All accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the agreement through present.

4.10.2 To be provided by Defendant OneWest as alleged servicer.

4.11 Agreement between OneWest and Northwest Trustee for Northwest Trustee to act as OneWest's "agent" prior to becoming the trustee as reputedly occurred by Miss Buck's testimony in the TRO Hearing.

4.11.1 Relevance: Goes to show authority to assist with preparation of Notice of Default before they were identified as the trustee per RCW 61.24.

4.11.2 To be provided by Defendant Northwest Trustee Services.

## V. Conclusion

The Court is correct in that we do not have sufficient evidence of who is in fact the holder in due course as per RCW 62A.3-302. As Defendant OneWest claims to keep full and accurately detailed documentation of their files (**DOCKET #16**) this information should be readily available for examination. By ordering the above mentioned items to be provided the court will allow an expedited process to determine:

1. Who the real party of interest is for both the Deed of Trust and the Note Referenced therein.

2. What rights and authorities that real party of interest has obtained and if those rights are legally valid and enforceable by the Defendant(s).
3. Detailed information that Plaintiff has requested multiple times in regards to servicing, accounting and validation of the Note in question.
4. Validation of the real balance owed after consideration of any overpayments and insurance claims filed and received in relation to the loan in question.

### VI. Propose Order

A Proposed Order will be submitted along with this motion.

James McDonald
Pro Se

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>JAMES MCDONALD<br>　　　　　Plaintiff<br>　　v<br>ONEWEST BANK, FSB, *et al.*,<br>　　　　　Defendants. | NO.: C10-1952RSL<br><br>PROPOSED<br>ORDER GRANTING Declaratory Judgment |

This matter came before the Court upon James McDonald's (PLAINTIFF)'s motion for declaratory judgment. The Court considered the motion and any opposition thereto and the matters on record. It appears for the reasons stated in the motion that the removal of the opposing counsel should occur.

IT IS THEREFORE ORDERED that the Defendants produce within 14 days of this order the following documents:

A. **Loan Purchase Agreement(s)**

　　A.1 Provide the original purchase agreement between Indymac and the initial purchaser of the promissory note, whomever that may be, and any subsequent purchase agreement whether to Freddie Mac or any unknown party.

　　A.3 To be provided by Defendant OneWest and Defendant MERS

B. **All endorsements and conveyances of the original note**

　　B.1 Properly executed with transfers made to the proper entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the holder of the note.
　　B.3 To be provided by Defendant OneWest and Defendant MERS

C. **Servicing Agreement(s)**

　　C.1 Any and all servicing agreements between Indymac and the purchasers of the promissory note and holders in due course of the promissory note as defined by RCW 62A.3-302.

Proposed Order for Declaratory Judgment　　-1-　　James McDonald
14840 119th PL NE, Kirkland WA 98034
Phone: 425-210-0614

C.2 Any and all servicing agreements between OneWest and the purchasers and holders in due course of the promissory note as defined by RCW 62A.3-302.

C.3 Any agreement between Indymac Bank F.S.B. and OneWest Bank to obtain the servicing rights of the specific Deed of Trust in question.

C.5 To be provided by Defendant OneWest.

### D. Insurance Policies or Over-collateralization procedures

D.1 Insurance policy purchased by Indymac on the individual promissory note.

D.2 Insurance policy or policies purchased by Indymac or any other party on the "pool" of loans sold jointly to any investor.

D.4 To be provided by Defendant OneWest and Defendant MERS.

### E. MERS MIN Summary

E.1 The MIN Summary for the loan in question.

E.2 To be provided by Defendant MERS

### F. MERS Membership Agreement

F.1 Agreement between MERS and Indymac detailing MERS rights as a beneficiary on the Deed of Trust in question.

F.2 MERS Membership agreement for each defendant along with any amendments and a listed of authorized signers. For each Defendant.

F.4 MERS Membership Agreement between MERS and all subsequent owners of the promissory note in question to determine whether MERS could be allowed remain as beneficiary. In Washington State the security instrument (deed of trust) follows the note so the beneficiary status should have been transferred to whomever purchased the loan from Indymac unless they had an agreement with MERS.

F.5 To be provided by Defendant MERS.

### G. Authotized Signatory Agreements

G.1 Signed agreement between MERS and OneWest Employee Brian Burnett giving him the title of Assistance Vice President of MERS and detailing his rights and responsibilities to act on their behalf.

G.3 To be provided by Defendant MERS.

### H. Accounting Records for Note

H.1 All accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the agreement through present.

H.2 To be provided by Defendant OneWest as alleged servicer.

G. Agreement between OneWest and Northwest Trustee for Northwest Trustee to act as OneWest's "agent" prior to becoming the trustee as reputedly occurred by Miss Buck's testimony in the TRO Hearing.

      G.2 To be provided by Defendant Northwest Trustee Services.

Dated this _____ day of _____, 20__

_____
Robert S. Lasnik, United States District Judge

**Presented by:**

_____
James McDonald
Pro Se

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                        )   NO.: C10-1952RSL
                                              )
JAMES MCDONALD                                )
            Plaintiff                         )   Declaration of Service
        v                                     )
ONEWEST BANK, FSB, *et al.*,                  )
            Defendants.                       )
                                              )

CERTIFICATE OF Service

I hereby certify under penalty of perjury of the laws of the State of Washington that I electronically sent a true and correct copy of the Plaintiffs Motion for Declaratory Judgment, by James McDonald, on the 11 day of February, 2011 to the parties listed below.

DATED this 11 day of February, 2011.

By: _____
                                James McDonald
                                      Pro Se

Routh Crabtree Olsen, P.S.

13555 SE 36th St, Suite 300

Bellevue, WA 98006

Certificate of Service                -1-                            James McDonald
                                                         14840 119th PL NE, Kirkland, WA 98034
                                                                   Phone: (425) 210-0614