The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

    Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,

    Defendants.

No. C10-1952 RSL

**DEFENDANT NORTHWEST TRUSTEE SERVICES RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER ON PRELIMINARY INJUNCTION**

COMES NOW Defendant Northwest Trustee Services, Inc. ("NWTS") and responds to Plaintiff's Ex Parte Motion to Enforce Court Order on Preliminary Injunction.

## I. APPLICABLE FACTS

On or about January 25, 2011, the court entered a Preliminary Injunction enjoining Defendants from foreclosing on Plaintiff's property. Dtk. 24.

In compliance with the Preliminary Injunction, Defendants have postponed the trustee's sale and will continue to postpone the trustee's sale as long as the preliminary injunction is in effect. *See* Declaration of Heidi E. Buck ("Buck Decl."), ¶¶ 2-3.

//
//
///

DEFENDANT NWTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO ENFORCE PRELIMINARY INJUNCTION
– PAGE 1 OF 3
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II. ARGUMENT

**A. Defendants Have Not Violated the Preliminary Injunction by Postponing the Trustee's Sale.**

Under RCW 61.24.130(6), "[t]he issuance of a restraining order or injunction **shall not prohibit the trustee from continuing the sale** as provided in RCW 61.24.040(6)." (Emphasis added); *Moon v. GMAC Mortg. Corp.*, C08969Z, 2008 WL 4741492 (W.D. Wash. Oct. 24, 2008). RCW 61.24.040(6) in turn provides that "[t]he trustee has no obligation to, but may, for any cause the trustee deems advantageous, continue the sale for a period or periods not exceeding a total of one hundred twenty days," as long as notice is provided to interested parties.

Here, following entry of the Preliminary Injunction, Defendants postponed the sale to February 18, 2011. Buck Decl., ¶ 2. Defendants will continue to postpone the sale within the limitations of RCW 61.24040(6) while the Preliminary Injunction is in effect. Buck Decl., ¶ 3. Accordingly, Defendants have not violated either the Deed of Trust Act or the Preliminary Injunction.

Plaintiff provides no legal authority in support of his request that Defendants be ordered to "Cancel" the sale. As the plain language of the Deed of Trust Act clearly permits postponement while an injunction is in effect, there is no basis for such a request. Thus, it should be denied.

Finally, as there has been no violation of the injunction, there is no basis for sanctions against Defendant Northwest Trustee Services. Accordingly, Plaintiff's request for sanctions should be denied.

//
//
//
//
///

DEFENDANT NWTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO ENFORCE PRELIMINARY INJUNCTION – PAGE 2 OF 3
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### III. CONCLUSION

For the foregoing reasons, Defendant NWTS requests that Plaintiff's Motion to Enforce Court Order on Preliminary Injunction be denied in entirety.

DATED this 15th day of February, 2011.

ROUTH CRABTREE OLSEN, P.S.

_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest Bank, Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services, Inc.

DEFENDANT NWTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO ENFORCE PRELIMINARY INJUNCTION – PAGE 3 OF 3
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131