The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

In Re: )  NO.: C10-1952RSL
)
)
JAMES MCDONALD )
       Plaintiff )
    v ) Plaintiff's Reply to Defense Response
ONEWEST BANK, FSB, *et al.*, ) to Motion to Enforce Court Order
       Defendants. )
)

TO:    CLERK OF THE U.S. DISTRICT COURT
       HEIDI E. BUCK, Attorney for Defendants

COMES NOW PLAINTIFF, James McDonald, with this Reply to Defendants' Response to Motion to Enforce Court Order.

### I. FACTS

1.1 On January 25th, 2011, this Honorable Court granted a temporary restraining order and preliminary injunction against Defendants OneWest, Northwest Trustee and MERS enjoining them to take no further foreclosure action.

1.2 On or about February 1st, 2011, Plaintiff received a Notice of Postponement from Defendants Northwest Trustee Services that the sale "has been postponed from 01/28/2011 to 02/18/2011 at 10:00 a.m. at The northwest corner of the ground level parking area located under the Pacific Corporate Center building" (Docket #34, Exhibit 1).

Motion for         -1-        James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

1.3 On February 15th, Defense Attorney Heidi Buck testified that her clients had no intention to actually sell the property that they are advertising they WILL sell on February 18th, 2011 on the website USA-Foreclosure.com (Docket #34, Exhibit 2).

**II. ARGUMENTS**

2.1 Plaintiff received no written or verbal communication from Defendants to disregard the Notice of Postponement as they were not really going to auction the property as they STATED and ADVERTISED they were going to do (Docket #34, Exhibit 1). Plaintiff can only discern the likelihood of actions to be taken and intentions of the Defendants from the written communication sent to him. The evidence in this matter shows implicitly that Defendant Northwest Trustee intends to go forward with the auction in violation of the Court Order. There is no clause in the Postponement or on the website the Defendant utilizes that says anything to the contrary. It appears to Plaintiff based on the evidence before the Court that his Motion to Enforce is sound and is the correct action to take to prevent the unlawful sale of his real property.

2.2 Defense Counsel Heidi Buck is the only "testimony" the defense has provided in this matter. As per Plaintiff's Motion to Strike the Declaration of Heidi Buck (Docket #37), opposing Counsel is testifying to facts beyond her personal knowledge and cannot guarantee the actions or intentions of her clients. She does not have first hand knowledge of the facts and therefore lacks competence to testify to any fact or intention that she learned from others. Further she cannot be considered as competent under the advocate-witness rule. As per the case law below, an attorney cannot provide testimony unless all other sources are exhausted. Counsel has not proven that she has no other witness to call to make this declaration and instead presumes to testify herself. *United States V. Armedo-Sarmiento*, 545 F.2d 785 (2d Cir. 1976); *UNITED STATES V. JOHNSTON*, 664 F.2d 152 (7th Cir. 1981); *UNITED STATES V. BUCKHANON*, 505 F.2d 1079 (8th Cir. 1974); *UNITED STATES V WEST* 680 F.2d 652 (9th Cir. 1982); *LAU AH YEW V DULLES*, 257 F.2d 744 (9th Cir. 1979).

2.3 Even if Defense is to be believed that they were merely continuing the sale and not actually intending to auction the property, the sale date of February 18, 2011 is impractical as it would not be a legal date to set the sale under RCW 61.24.130(3) which states that the sale date cannot be less than at least 45 days after the order to dissolve the restraint of the sale. Even if the Court ordered the dissolution of the Preliminary

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

1  Injunction on February 16, 2011, the soonest the sale could take place would be March 2nd, 2011. It is
2  logical to assume that Defendant Northwest Trustee or their attorney would know of the existence of this
3  regulation and therefore would know that setting the date and advertising their intent to sell on February 18,
4  2011 would be in further violation of the Deed of Trust Act. It appears to Plaintiff that Defendant Northwest
5  Trustee was simply harassing the Plaintiff by setting the new sale date three days after the first payment by
6  the Plaintiff to the Court was due if they were not actually going to sell the property as it appears they
7  intend to do unless the Court intervenes.

> (3) If the restraining order or injunction is dissolved after the date of the trustee's sale set forth in the notice as provided in RCW 61.24.040(1)(f), the court granting such restraining order or injunction, or before whom the order or injunction is returnable, shall, at the request of the trustee, set a new sale date which shall be not less than forty-five days from the date of the order dissolving the restraining order.

14  2.4 RCW 61.24.040 does not indicate there is a maximum extension time of 21 days in continuing a trustee
15  sale. The only stipulation is the process cannot exceed 120 days total before a new Notice of Trustee Sale
16  must be filed. If the Defendants were simply conducting business in good faith of the Court's order there is
17  no logical reason to extend the date to February 18th, 2011 when they would simply have to extend again
18  and expend more employee time and incur more mailing costs.

### III. Conclusion

Plaintiff firmly believes that Defendant Northwest Trustee intends to auction the property in question on February 18, 2011. There is no acceptable evidence to state otherwise. Had the Defendant communicated to the Plaintiff to disregard the date and taken steps to act in good faith, the Plaintiff would not have filed the motion in the first place. Plaintiff has other matters to see to in this lawsuit than have to act as a watchdog on the Defendant. The fact that they did not combined with the fact they are still advertising that the sale will take place on schedule leads the Plaintiff to believe it is their intent to auction the property on Friday, February 18, 2011.

1 | Wherefore Plaintiff asks the Court to rule in favor of the Plaintiff's Motion to Enforce the Court Order and
2 | grant the requested sanctions against the Defendants as described therein.

*[signature]*

James McDonald
Pro Se

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re: ) NO.: C10-1952RSL
)
)
JAMES MCDONALD )
    Plaintiff ) Declaration of Service
    v )
ONEWEST BANK, FSB, et al., )
    Defendants. )
)

---

CERTIFICATE OF Service

I hereby certify under penalty of perjury of the laws of the State of Washington that I electronically sent a true and correct copy of the Plaintiffs Reply to Defendants Response to Motion to Enforce, by James McDonald, on the 16 day of February, 2011 to the parties listed below.

DATED this 16 day of February, 2011.

By: _____
James McDonald
Pro Se

Routh Crabtree Olsen, P.S.

13555 SE 36th St, Suite 300

Bellevue, WA 98006

Certificate of Service                                  -1-                               James McDonald
                                                                           14840 119th PL NE, Kirkland, WA 98034
                                                                                    Phone: (425) 210-0614