UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES MCDONALD,                                )        No. C10-1952RSL
                                                               )
                   Plaintiff,               )
       v.                                              )        ORDER DENYING PLAINTIFF'S
                                                               )        MOTION TO ENFORCE AND
ONEWEST BANK, FSB, *et al.*,            )        GRANTING PLAINTIFF'S MOTION
                                                               )        TO STRIKE
                  Defendants.          )
_____)

       This matter comes before the Court on plaintiff James McDonald's "Ex Parte Motion to Enforce Court Order on Preliminary Injunction" (Dkt. # 34) and "Motion to Strike Declaration of Heidi Buck" (Dkt. # 37). Having reviewed the papers submitted by the parties, the Court finds as follows:

       1. By order dated January 25, 2011, the Court enjoined defendants from foreclosing on plaintiff's property. There is no evidence that defendants have foreclosed or will foreclose in violation of the Court's order.

       2. The Deed of Trust Act allows the trustee to continue the sale of a property "for a period or periods not exceeding a total of one hundred twenty days . . . ." RCW 61.24.040(6). The trustee is statutorily authorized to proceed with the foreclosure sale "following termination of any injunction or stay on any date to which such sale has been properly continued in

ORDER DENYING PLAINTIFF'S MOTIONS
TO ENFORCE AND GRANTING PLAINTIFF'S
MOTION TO STRIKE

accordance with RCW 61.24.040(6)." RCW 61.24.130(5). The injunction did not address these provisions or otherwise alter the trustee's ability to foreclose if this action is resolved in their favor within the one hundred twenty day period.

    3. Plaintiff's objections to the Declaration of Heidi E. Buck are well-taken in that the statements appear to be hearsay and not based on the personal knowledge of the declarant. There is no indication that Ms. Buck was personally involved in postponing the trustee's sale or that she is the decision-maker with regards to future postponements. Thus, the statements appear to be based on what her client told her, especially with regards to what the client intends to do in the future. The Court is unable to conclude that the statements in the declaration are admissible and has not, therefore, considered the declaration in ruling on plaintiff's motion to enforce.

    For all of the foregoing reasons, plaintiff's motion to enforce the preliminary injunction (Dkt. # 34) is DENIED and his motion to strike the declaration of Heidi Buck (Dkt. # 37) is GRANTED.

    Dated this 25th day of February, 2011.

    */s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS
TO ENFORCE AND GRANTING PLAINTIFF'S
MOTION TO STRIKE    -2-