The Honorable Robert S Lasnik

1

2   JAMES MCDONALD
    14840 119th PL NE
3   Kirkland, WA 98034
    Phone (425) 210-0614
4   In Pro Per

5                          UNITED STATES DISTRICT COURT

6                        WESTERN DISTRICT OF WASHINGTON

7                                   AT SEATTLE

8

9   In Re:                              )        NO.: C10-1952RSL
                                        )
10                                      )
    JAMES MCDONALD                      )
11                 Plaintiff            )        JOINT STATUS REPORT PURSUANT
             v                          )        TO FED FED.R.CIV.P.26(F) AND THE
12  ONEWEST BANK, FSB, et al.,          )        COURT'S ORDER REGARDING JOINT
                 Defendants.            )        STATUS REPORT DATED FEB 25, 2011
13                                      )        Due Date: April 8, 2011
    ------------------------------------------------------

14

15  TO:    CLERK OF THE U.S. DISTRICT COURT
           HEIDI E. BUCK, Attorney for Defendants

16
17         Pursuant to Fed.R.Civ.P.26(f) and the Court's Order dated February 25, 2011 (the "Rule 26
    Order"), Plaintiff James McDonald and Defendants OneWest Bank, MERS and Northwest Trustee
    Services respectfully submit this Joint Status Report.

18

19         1.   Statement of the Nature and Complexity of the Case
                a.   Plaintiff's Statement
20              Plaintiff's claims are stated in a 25 page complaint alleging claims against all Defendant
                parties as follows: (1) Claim of Violations of the Washington Deed of Trust Act RCW 61.24
21              et seq. (2) Claim of Slander of Title, (3) Claim of Wrongful and Unlawful Foreclosure as an
                Unfair Business Practice in violation of RCW 19.86 et seq, (4) Claim for Declaratory
22              Judgment re: Lack of Standing to Foreclose, and (5) Claims for Temporary Restraining
                Order, Preliminary and Permanent Injunction. All claims raise out of the same basic fact
23              pattern alleged in the Complaint. Plaintiff does not consider the lawsuit or any of the claims
                to be unusually complex.

24
                b.   Defendants OneWest Bank, MERS and Northwest Trustee Services Statement
25              Defendants agree with Plaintiff's description of the nature and complexity of the case. All
                Defendants have denied Plaintiff's allegations and have asserted several affirmative
26              defenses.

27         2.   **Statement of the ADR Method That Should Be Used**

28         The parties agree that arbitration, if needed, is the acceptable method of ADR for this case.

**3.   Statement of When ADR Should Take Place**

The parties agree that the ADR should take place on or before July 21st, 2011

**4.   Proposed Deadline for Joining Additional Parties**

The Parties agree that the proposed deadline for joining additional parties should be October 7,

2011.

**5.   Proposed Discovery Plan**

    a.   Date of the FRCP 26(f) Conference and FRCP 26(a)(1)(A) Initial Disclosures

The FCRP 26(f) conference was held March 21, 2011. The initial disclosures were made

by Plaintiff James McDonald on or before the deadline of April 1, 2011. The initial

disclosures will be made by Defendants OneWest Bank, Northwest Trustee Services and

MERS on or before the deadline of April 1, 2011.

    b.   Subjects on Which Discovery May Be Needed, Possible Phases or Limitations to and

       Focus on Particular Issues.

The parties agree that discovery on Plaintiff's allegations and Defendants' defenses may

be needed. The parties agree that at this time there does not appear to be a need to do

discovery in phases or that any limitations on discovery should be imposed.

    c.   What Changes Should Be Made in Limitation on Discovery.

The parties agree that there does not need to be any changes to the normal limitations on

discovery.

    d.   A Statement of How Discovery Will Be Managed to Minimize Expense.

The parties agree to consult with each other regarding discovery issues, if any, and to

cooperate in facilitating discovery. The parties agree to act reasonably and in good faith

when propounding and responding to discovery requests. The parties do not anticipate at

this time that any party will fail to cooperate in discovery.

    e.   Any Orders That Should Be Entered Under FRCP 26(c) or Under Local Rule CR 16(b)

       or (c).

The parties agree that there do not appear at this time to be any orders that should be

entered pursuant to Fed. R. Civ. P. 26(c) or Local Rule CR 16(b) or (c).

**6.  Date for Completion of Discovery**

The parties agree that all discovery should be completed by September 21st, 2011.

**7.  Whether the Parties Agree that a Full-Time Magistrate Judge May Conduct All**

**Proceedings Under 28 U.S.C. §636(c) and Local Rule MJR 13.**

The parties each agree that a full-time magistrate judge should **NOT** be used in this case.

**8.  Whether the Case Should Be Bifurcated in Any Way**

The parties agree that the case should not be bifurcated in any way.

**9.  Whether the Pretrial Statements and Pretrial Order Called for by Local Rules CR 16(e),**

**(h), (i), and (l), and 16.1 should be Dispensed with**

The parties agree that the pretrial statements and pretrial order called for in Local Rules CR 16(e),

(h), (i) and (l), and 16.1 should **NOT** be dispensed with.

**10. Other Suggestions for Shortening or Simplifying the Case**

The parties agree to act reasonable and in good faith in all aspects of this proceeding. Otherwise,

the parties agree that at this time none of them have any suggestions for shortening or simplifying

this case.

**11. The Date the Case Will Be Ready for Trial**

The parties agree, based on the information and pleadings known at this time, that the case will be

ready for trial on Monday, November 14, 2011

**12. Whether the Trial Will Be Jury or Non-Jury**

Plaintiff has requested a jury trial.

**13. The Number of Trial Days Required**

The parties agree that, on the assumption that a normal trial day will be 5 hours, the trial will

require at least 4 days. The plaintiff hereby requests that the trial be scheduled for 4 days.

**14. Names, Addresses and Telephone Numbers of All Trial Counsel**

a.   Plaintiff's Trial Counsel is:

James McDonald, Pro Se

14840 119th PL NE

Kirkland, WA 98034

1    Tel #425-210-0614

2    e-mail: james@jamesmcdonald.net

3        b.   Defendants OneWest Bank, Northwest Trustee Services and MERS Counsel is:

4    Heidi E. Buck, WSBA #41769

5    13555 SE 36th St, Suite 300

6    Bellevue, WA 98006

7    Phone: 425-213-5534

8    Fax: 425-283-5968

9    e-mail: hbuck@rcolegal.com

10

11   **15. Status of Service of All Parties as of March 21, 2011**

12   As of the date of this Joint Status Report, all Defendants have been served.

13   **16. Whether Any Party Wishes a Scheduling Conference Prior to Entry of a Scheduling**

14       **Order in This Case**

15   No party requests a scheduling conference prior to entry of a Scheduling Order in this case. The

16   parties agree that such a scheduling conference is not necessary.

17

18   Dated: March 23, 2011

19                                    /s/ James B McDonald

20                                    James B McDonald

21                                    Plaintiff, Pro-Se Litigant

22

23                                    /s/ Heidi Buck

24                                    Heidi Buck, WSBA #41769

25                                    Of Routh Crabtree Olsen, P.S.

26                                    Attorney for OneWest Bank, Northwest Trustee

27                                    Services and MERS

28