The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JAMES MCDONALD,

           Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

           Defendants.

No.  C10-1952 RSL

**DEFENDANT NORTHWEST
TRUSTEE SERVICES, INC.'S
INITIAL DISCLOSURES**

Defendant Northwest Trustee Services, Inc. ("NWTS") makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Defendant NWTS does not make these disclosures with full knowledge of the facts, circumstances, and legal theories involved in this case. Rather, it makes its initial disclosures based on the information reasonably available to it as of the date of this filing. Defendant NWTS reserves the right to supplement its initial disclosures at any time in accordance with FED. R.CIV. P. 26(e).

Defendant NWTS further notes that the information set forth in the following disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence.  Defendant NWTS therefore reserves all objections relating to

inadmissible evidence. Defendant NWTS further states that the disclosures and any supplementation to the disclosures are made subject to the following objections:

• Privileged Materials: Defendant NWTS specifically reserves and assert its objections to production of documents and tangible things that are protected from disclosure by the following privileges: investigative and trial preparation materials under FED. R. Civ. P. 26(b)(3); work-product materials under FED. R. Civ. P. 26(b)(3) and (4); consulting expert materials FED. R. Civ. P. 26(b)(4)(B); attorney-client communications, and other applicable privileges.

• Irrelevant Materials: Defendant NWTS further objects to the disclosure of any information that is not reasonably calculated to lead to the discovery of admissible evidence, or which is not likely to bear upon any claim or defense.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals may have discoverable information that Defendant NWTS may use to support its defenses and potential claims in this action.

1. Name: James McDonald, Plaintiff

   Address: 14840 119th PL NE
   Kirkland, WA 98034

   Telephone: 425-210-0614

   Subjects of Discoverable Information: This witness is expected to have full knowledge of all facts supporting his claims and the facts supporting all defenses, including communications, negotiations, agreements, contracting, performance, billing, accounting and payments with, by and from Plaintiff and all Defendants, his damages and relevant documents.

2. Name: Representatives of OneWest Bank, FSB

   Address: c/o Heidi E. Buck, Esq.
   Routh Crabtree Olsen, P.S.
   13555 SE 36th, Suite 300
   Bellevue, WA 98006

   Telephone: 425-213-5534

   Subjects of Discoverable Information: These witnesses will have knowledge of the subject loan history, communications, negotiations, agreements, contracting, performance, contact with Plaintiff, and relevant records relating to the instant lawsuit.

3. Name: Mortgage Electronic Registration Systems, Inc.

| | | |
|---|---|---|
| | Address: | c/o Heidi E. Buck, Esq.<br>Routh Crabtree Olsen, P.S.<br>13555 SE 36th, Suite 300<br>Bellevue, WA 98006 |
| | Telephone: | 425-213-5534 |
| | Subjects of Discoverable Information: | These witnesses have some knowledge of Plaintiff's claims and the facts supporting Defendants' defenses. |
| 4. | Name: | Northwest Trustee Services, Inc. |
| | Address: | c/o Heidi E. Buck, Esq.<br>Routh Crabtree Olsen, P.S.<br>13555 SE 36th, Suite 300<br>Bellevue, WA 98006 |
| | Telephone: | 425-213-5534 |
| | Subjects of Discoverable Information: | These witnesses have knowledge relating to the nonjudicial foreclosure proceeding that is the subject of the instant lawsuit. |
| 5. | Name: | All witnesses listed by other parties to this lawsuit. |
| 6. | Name: | Additional witnesses, the identities of whom are learned through further discovery, investigation, and trial preparation. |

## II. DESCRIPTION OF DOCUMENTS, DATA, AND TANGIBLE THINGS

Defendant NWTS' non-privileged records regarding Plaintiff, including but not limited to, correspondence and contact between Plaintiff and Defendant NWTS, information relating to Plaintiff's loan, the nonjudicial foreclosure, and any other documents which are or may become relevant.

## III. COMPUTATION OF CLAIMED DAMAGES

It is the position of Defendant NWTS that there are no damages to the Plaintiff in this case and Defendant NWTS does not seek damages at this time.

## IV. INSURANCE AGREEMENT

Defendant NWTS is not aware of any applicable insurance agreement that may be liable to satisfy all or part of any judgment entered in this matter.

1

2                                  **V. CONCLUSION**

3          Defendant NWTS makes these initial disclosures based on the information reasonably

4  available to it at this state of the proceedings and without waiver of any rights to provide or use

5  additional information, documents, or disclosures that may become available during the

6  litigation. Defendant NWTS will timely supplement the disclosures upon identification of other

7  information appropriate to this action.

8          DATED this 1st day of April, 2011.

9
                                              **ROUTH CRABTREE OLSEN, P.S.**
10

11

12
                                              Heidi E. Buck, WSBA No. 41769
13                                            Of Attorneys for Defendant Northwest
                                              Trustee Services, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NWTS' INITIAL DISCLOSURES
. – PAGE 4 OF 4
CASE NO. C10-1952 RSL