The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>　　　　　Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST AND MERS' INITIAL DISCLOSURES** |

Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") make the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Defendants do not make these disclosures with full knowledge of the facts, circumstances, and legal theories involved in this case, but rather, make their initial disclosures based on the information reasonably available to them as of the date of this filing. Defendants reserve the right to supplement their initial disclosures at any time in accordance with FED. R.CIV. P. 26(e).

Defendants further note that the information set forth in the following disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence. Defendants therefore reserve all objections relating to inadmissible

evidence. Defendants further state that the disclosures and any supplementation to the disclosures are made subject to the following objections:

- Privileged Materials: Defendants specifically reserve and assert their objections to production of documents and tangible things that are protected from disclosure by the following privileges: investigative and trial preparation materials under FED. R. Civ. P. 26(b)(3); work-product materials under FED. R. Civ. P. 26(b)(3) and (4); consulting expert materials FED. R. Civ. P. 26(b)(4)(B); attorney-client communications, and other applicable privileges.

- Irrelevant Materials: Defendants further object to the disclosure of any information that is not reasonably calculated to lead to the discovery of admissible evidence, or which is not likely to bear upon any claim or defense.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals may have discoverable information that Defendants may use to support their defenses and potential claims in this action.

1. Name: James McDonald, Plaintiff

   Address: 14840 119th PL NE
   Kirkland, WA 98034

   Telephone: 425-210-0614

   Subjects of Discoverable Information: This witness is expected to have full knowledge of all claims and the facts supporting all defenses, including communications, negotiations, agreements, contracting, performance, billing, accounting and payments with, by and from Plaintiff and all Defendants, his damages and relevant documents.

2. Name: Representatives of OneWest Bank, FSB

   Address: c/o Heidi E. Buck, Esq.
   Routh Crabtree Olsen, P.S.
   13555 SE 36th, Suite 300
   Bellevue, WA 98006

   Telephone: 425-213-5534

   Subjects of Discoverable Information: These witnesses will have knowledge of the subject loan history, communications, negotiations, agreements, contracting, performance, contact with Plaintiff, and relevant records relating to the instant lawsuit.

3. Name: Mortgage Electronic Registration Systems, Inc.

   Address: c/o Heidi E. Buck, Esq.
   Routh Crabtree Olsen, P.S.
   13555 SE 36th, Suite 300
   Bellevue, WA 98006

   Telephone: 425-213-5534

   Subjects of Discoverable Information: These witnesses have some knowledge of Plaintiff's claims and the facts supporting Defendants' defenses.

4. Name: Northwest Trustee Services, Inc.

   Address: c/o Heidi E. Buck, Esq.
   Routh Crabtree Olsen, P.S.
   13555 SE 36th, Suite 300
   Bellevue, WA 98006

   Telephone: 425-213-5534

   Subjects of Discoverable Information: These witnesses have knowledge relating to the nonjudicial foreclosure proceeding that is the subject of the instant lawsuit.

5. Name: All witnesses listed by other parties to this lawsuit.

6. Name: Additional witnesses, the identities of whom are learned through further discovery, investigation, and trial preparation.

## II. DESCRIPTION OF DOCUMENTS, DATA, AND TANGIBLE THINGS

Defendants' non-privileged records regarding Plaintiff, including but not limited to, correspondence and contact between Plaintiff and Defendants, Plaintiff's loan history, the nonjudicial foreclosure, and any other documents which are or may become relevant.

## III. COMPUTATION OF CLAIMED DAMAGES

It is the position of Defendants that there are no damages to the Plaintiff in this case and Defendants are not seeking damages at this time.

## IV. INSURANCE AGREEMENT

Defendants are not aware of any applicable insurance agreement that may be liable to satisfy all or part of any judgment entered in this matter.

DEFENDANTS ONEWEST AND
MERS' INITIAL DISCLOSURES
. – PAGE 3 OF 4
CASE NO. C10-1952 RSL

## V. CONCLUSION

Defendants makes these initial disclosures based on the information reasonably available to them at this state of the proceedings and without waiver of any rights to provide or use additional information, documents, or disclosures that may become available during the litigation. Defendants will timely supplement the disclosures upon identification of other information appropriate to this action.

DATED this 1st day of April, 2011.

ROUTH CRABTREE OLSEN, P.S.

_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest Bank and Mortgage Electronic Registration Systems, Inc.