The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In Re: ) | NO.:  C10-1952RSL |
| ) | |
| ) | |
| JAMES MCDONALD ) | |
| Plaintiff ) | |
| v ) | Plaintiff's Response to Defendants' |
| ONEWEST BANK, FSB, *et al.,* ) | Motion for Summary Judgment |
| Defendants. ) | |
| ) | |
| ------------------------------------------------------------- | |

### I. Initial Statement

**COMES NOW,** Plaintiff James McDonald and files this Response to Defendants' Motion for Summary Judgment and moves this honorable Court to deny the motion in its entirety. The Defendants' Motion for Summary Judgment is pre-mature and should not be granted given the current status of the case.

### II. Argument

2.1    **The Defendants Motion for Summary Judgment is pre-mature because Plaintiff has not had an opportunity to make full discovery.**

2.1.1    The Supreme Court Cases defining the contours of summary judgment practice under Fed. R. Civ. Pro. 56 contemplate that such a motion will be regarded as premature if the non-moving party has not had an opportunity to make full discovery. *Celotex Corporation v. Catrett,* 106 S. Ct. 2548, 2554, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. 2505, 2508, 477 U.S. 242 (1986), *See Street v J.C. Bradford & Company,* 886 F.2d 1472, 1478 (6th Cir. 1989). The Plaintiff was allowed to commence discovery following entry of the first Scheduling Order on March 29, 2011 (Docket #44). Defendants immediately filed their Motion for Summary Judgment on March 30, 2011 (Docket #49). It is quite evident that it would be impossible for Plaintiff to make full discovery to the matters in the case in a 24 hour period. On April 2nd, Plaintiff served the defendants with the First Request for Production of Documents. At the time of filing the objection and response to Defendants' motion Defendants have yet to respond and in the event Plaintiff is required to file a Motion to Compel Plaintiff must wait 30 days before filing the Motion per the FDCRP. To approve a

Motion for Summary Judgment in the period between those dates would deny Plaintiff's civil rights of due process.

**2.2** **Defendants Defense that Plaintiff's Claim of Initiation of Wrongful Foreclosure is unsupported by law is incorrect.**

**2.2.1** Plaintiff's initial complaint and response to Defendants Answer to Initial Complaint (Docket #31) utilized the Washington Consumer Protection Act as a matter of law for the claim of Initiation of Wrongful Foreclosure due to unfair and deceptive business practices. It appears to Plaintiff that the Defense is asking for a more definitive statement and pleading which Plaintiff is more than happy to provide in an amended complaint. The case law Defendants are relying upon did not rely on the Washington Consumer Practices Act and therefore is unusable and unsupportive of their defense.

**2.3** **Defendants' Motion for Summary Judgment states in Section V.B.2 "OneWest has been the holder of the Note at all times relevant to the foreclosure, and as holder of the Note, is the party who has "standing" and is entitled to foreclosure." This statement is proven FALSE by their own evidence they are relying upon.**

**2.3.1** Once again the Defense ignores the definition of "holder" in their argument. The definition of holder in Washington law is found in RCW 62A.3-302 and reads, "**(2) The holder took the instrument (i) for value**". Defendant OneWest has once again testified they are not the owner of the note in the Declaration of Charles Boyle and therefore never took the note for value .

**2.3.2** The Defense relies on RCW 62A.3-301 but as RCW 62A.3-302 above indicates they do not qualify.

**2.3.2.1** RCW 62A.3-302 "(i) the holder of the instrument". As indicated above OneWest has never taken the note for value therefore they are not the holder.

**2.3.2.2** RCW 62A.3-302 "(ii) a nonholder in possession of the instrument who has the rights of a holder". Here Defendant OneWest has provided no evidence to demonstrate they have the rights of a holder. They are not the owner of the note and per **RCW 62A.3-309** the court cannot rule in favor of an entity if another entity may have a similar claim or standing in the financial instrument.

**2.3.2.3** RCW 62A.3-302 "(iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." Here the defense has bolded this portion trying to indicate that they have the right to enforce even though they are not the owner. However the term "may be" is not a decisive statement but a conditional statement. Secondly this portion of the law is written in reference to two other sections of the statute.

**2.3.2.3.1** RCW 62A.3-309 deals with lost or destroyed notes, which as of this time, does not apply to the case since the Defendants' counsel claims to have the original which has not been authenticated by Plaintiff at the time of the filing of this objection and response.

**2.3.2.3.2** RCW 62A.3-418(d) addresses mistakenly paid or accepted drafts.

**2.3.3** In the Declaration of Charles Boyle he claims, "OneWest has been in possession of the Note and therefore the holder since on or about March 19, 2009." He also claims in Section 8 that Deutsche Bank Trust Company (hereafter "DBTC") is OneWest's custodian. Both of these statements are falsities. Looking at the Custodial Agreement that the Defense has willingly provided to the Court **we have proof that OneWest is not the holder**!. The Custodial Agreement (Docket 49, Exhibit 8), which makes no specific reference to the Plaintiff's Note, states in Section 2(c), "Upon receiving Notes to be **held in custody for Freddie Mac**…" (emphasis added) clearly shows that not only is DBTC NOT OneWest's custodian but all documents in their possession are being held for Freddie Mac. Further evidence of this is in Section 2(g) in relation to Release of Documents stating, "**Seller/Servicer shall hold in trust and for the sole benefit of Freddie Mac all Notes released to it.**" Therefore OneWest, by the terms of the agreement they rely upon for their defense, is not the holder nor the beneficiary as they have repeatedly claimed. **Therefore it appears to Plaintiff Charles Boyle is guilty of perjury**. Further still, the Custodial Agreement makes no mention of what Freddie Mac's role is in the transaction, whether they are indeed the owner, a master servicer, sponsor, depositor or a trustee of a Mortgage Backed Security.

**2.4** **All the Defendants in question have violated the Deed of Trust Act** which has been clearly and minutely defined in Plaintiff's Response to the Defendant's Answer to the Initial Complaint (Docket 24). It appears the Defense is ignoring that document and Plaintiff would be happy to provide further details in an amended complaint. These material facts are the reason the Preliminary Injunction was appropriately granted. As there are material facts in dispute, summary judgment is inappropriate.

**2.5** Section 7 of Defense's Arguments in their Motion for Summary Judgment claims that Plaintiff has failed to show any evidence that the loan has been securitized it blatantly **false**. In the Motion for Temporary Restraining Order Plaintiff provided for the court Freddie Mac's Mission Statement concerning Single Family Residences (Docket 16, Exhibit E).

> "In our Single Family business, we use **mortgage securitization to fund millions of home loans every year. Securitization is a process by which we purchase home loans which lenders originate, put these loans into mortgage securities that are sold** in global capital markets, and recycle the proceeds back to lenders."

**2.5.1** With the above statement, Plaintiff has shown that Freddie Mac's common course of business is to sell the loans they purchase not retain them. So Plaintiff has shown cause that the note is no longer owned by Freddie Mac. It is true that Plaintiff has been unable to find the trust the Note was sold into without the Court's assistance. Defendant OneWest has continued to refuse to comply with their duties under TILA, RESPA, FDCPA and FCRA to fully respond to Plaintiff's Qualified Written Request, Dispute and Debt Validation Demands. The only reason Plaintiff has been unable

to discover the name of the Trust on his own is that Freddie Mac as a government sponsored entity is not required to publicly file these documents as the SEC requires traditional banks and trust companies. Some members of Congress attempted to change Freddie Mac's reporting responsibilities in 2003 with H.R. 2022 but the resolution never made it out of committee. Therefore it is nigh impossible to find without the assistance of a Court Order.

2.5.2    Defense once again tries the argument of the Deed of Trust follows the Note. Once again Plaintiff must point out that since that is the case under Washington law the moment that Freddie Mac and subsequent parties purchased the Note the Deed of Trust would automatically transfer to those parties. In this case, as OneWest never purchased the Note, it would be a nullity to transfer the beneficial status of the Deed of Trust to OneWest by MERS as it would have already automatically been transferred to the purchaser. As Plaintiff has shown above the Defense's own evidence supports Plaintiff's allegations that OneWest is not the holder of the note nor can they be a beneficiary as those positions are given to another party.

2.5.3    While a loan placed legally in a mortgage backed security, there must be a Pooling and Servicing Agreement or other similar document established between the trust, Trustee, Servicer, Master Servicer and Custodian. That document details who has the right to foreclosure, if any. As Defense has not produced this document we have only their word, which has already been shown to be less than reliable, that they have this right. After claiming on more than one occasion that they are the owner of the note such as in the Appointment of Successor Trustee, now testifying they are not, stricter proof must be given.

2.5.4    Defense also states that the bankruptcy cases Plaintiff referenced are outside of the Jurisdiction of the court, then goes on to utilize a case in Virginia as the basis for their defense.

**2.6      Counsel for the Defense claims in their Slander of Title argument no falsities were recorded in public records is false.** Defense asserts that, "none of the Defendants recorded or published any <u>false</u> or defamatory statement." By the evidence Defense once again relies on proves that this is a false statement.

2.6.1    In the Assignment of Deed of Trust MERS assigns the rights and ownership of the Note it neither owned nor held. This is shown as false by the Declarations of JC San Pedro and Charles Boyle, as well as the numerous depositions and statements in cases around the country made by MERS Corp such as in *Upke v Bank of New York et al.*

2.6.2    In the Appointment of Successor Trustee **OneWest claims to be the owner** of the Note. But wait, in both the Declarations of JC San Pedro and Charles Boyle they testify that OneWest has never been the owner of the note. That would certainly qualify as a falsity when two OneWest employees have testified that the company is indeed not the owner.

2.6.3    In both of the above items, Northwest Trustee acted as an informed partner having been the executor of the Notice of Default prior to the Assignment of Deed of Trust being filed. Subsequently

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

they have become aware that neither OneWest nor MERS were the owner of the Note yet they have taken no steps to retract documentation.

**2.6.4**   The attorney for the defense would obviously review any and all information being utilized by both herself and the Plaintiff in conducting her business. She therefore is well aware of these falsities that have been filed and recorded in public records. **Wherefore** Plaintiff moves the Court for sanctions against Heidi Buck for making false statements to this Honorable Court.

**2.7**   **The evidence provided by the Defense is largely useless in the matter at hand.** The Defense has filled their Motion for Summary Judgment with over 100 pages much of which has no bearing on the case. They provide the Purchase Agreement when the FDIC created the new entity Indymac Federal Bank, FSB (which in the Answer to Plaintiff's Initial Complaint the Defense denied). They provided the purchase agreement between the FDIC and OneWest for portfolio loans which did not include the Plaintiff's Note. And they provided a portion of the purchase agreement for the servicing portfolio of Indymac Federal Bank, which makes no specific mention of the Plaintiff's loan. And this is their basis for establishing their right to claim the ability to foreclose when none of the information provided shows any direct link to the note in question, nor defines any rights of a servicer from the true party of interest.

**2.8**   **Defense once again claims a servicing agreement exists but fails to produce it**. In their opposition to Plaintiff's Motion for Temporary Restraining Order the defense claimed a servicing agreement existed but did not provide it. Once again they claim the existence of this servicing agreement and fail to provide it as supporting evidence for the Motion for Summary Judgment. Either the defendants have no such document or they truly do not want the Court or Plaintiff to see it. If this document gives them all the rights they claim to have an intelligent mind would have immediately provided this document to support their claims. Plaintiff has formally requested the document but as of the date this Response is dated has not received it.

**2.9**   **The Office of Thrift Supervision has formally reprimanded OneWest Bank**. On April 13, 2011 the Office of Thrift Supervision filed under order number WN-11-011 a Cease and Desist Order noted as a Consent Order that OneWest has in many cases filed documents in the same unethical manner that is before the Court on this case. While this order is merely a beginning slap on the wrist, the country's media reports that heavier sanctions and penalties are expected to follow. This shows precedence that the Plaintiff's case should be taken with the gravest of seriousness and not be dismissed out of turn.

### III. Conclusion

Wherefore the Plaintiff moves this Honorable Court for the following:

3.1 Deny Defendants Motion in its entirety with prejudice

3.2 Order Sanctions against Charles Boyle of OneWest Bank for providing false testimony as described above.

3.3 File perjury charges against Charles Boyle for providing false testimony as described above.

3.4 Order Sanctions against Heidi Buck, counsel for the defense, for making false statements to this Court.

3.5 Order a permanent injunction against OneWest for any and all activities related to the Plaintiff's financial and security instruments, in its capacity as Owner/Holder if it cannot prove that it purchased for value the promissory note on or before January 7, 2010 when the Beneficiary Declaration for the Notice of Default was signed.

3.6 Order a permanent injunction against MERS for any and all activities related to the Plaintiff's financial and security instruments if it cannot prove that it was the owner of the financial instrument (note) on January 27, 2010 when it allegedly transferred ownership rights of the financial instrument to Defendant OneWest.

3.7 Order a permanent injunction against Northwest Trustee Services for any and all activities related to the Plaintiff's financial and security instruments, in its capacity as Substitute Trustee granted by the Appointment recorded in King County Records #20100204000503 if it cannot prove that it was properly appointed as Trustee for the Deed of Trust in question.

**IV. Proposed Order**

A proposed order will be filed along with this response.

  _/s/ James McDonald -_
**James McDonald**
**Pro Se**

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614