**The Honorable Robert S Lasnik**

**JAMES MCDONALD**
**14840 119th PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

           **UNITED STATES DISTRICT COURT**

          **WESTERN DISTRICT OF WASHINGTON**

                 **AT SEATTLE**

| | | |
|---|---|---|
| In Re: | ) | NO.: **C10-1952RSL** |
| | ) | |
| **JAMES MCDONALD** | ) | |
|     Plaintiff | ) | |
|   v | ) | **Plaintiff's, James McDonald,** |
| **ONEWEST BANK, FSB,** *et al.,* | ) | **First Request to Produce Documents** |
|     Defendants. | ) | **to Defendants OneWest, MERS and Northwest** |
| | ) | **Trustee Services** |
| ----------------------------------------------------------- | | |

**TO:**  HEIDI E. BUCK, Attorney for Defendants OneWest Bank, MERS and Northwest Trustee Services

**COMES NOW,** James McDonald ("Plaintiff") in proper person and pursuant to Fed. Civ. R. 34, hereby propounds this First Request for Production of Documents to Defendants OneWest Bank, MERS and Northwest Trustee Services. Defendant shall have 30 days to respond as allowed and required by Fed. Civ. R. 34(2)(A).

               **DEFINITIONS**

For purposes of this Request, the following definitions apply:

A. All capitalized terms in this Request shall have the same meaning attributed to such terms in the Complaint.

B. "All documents" means any document known to you and every such document which can be located by you or your representative or discovered by reasonably diligent efforts.

C. "And" and "or" shall be construed in the disjunctive or conjunctive as necessary to make the request inclusive rather than exclusive.

D. "Communication" shall mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whomever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, meetings,

consultations, agreements and other understandings between or among two or more persons.

E. "Complaint" refers to the Complaint filed by the Plaintiff in this action.

F. "Defendant" refers to any of the named parties defending against the lawsuit filed by Plaintiff and any of his or her agents, employees, representatives or other persons acting or purporting to act on his or her behalf.

G. "Document" means the original and all copies whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, filmed, electronically or digitally stored, or graphic matter, however produced or reproduced, including but not limited to, all physical forms of correspondence, emails, facsimiles, accounts payable records, accounts receivable records, agreements, audio recordings (whether transcribed or not), balance sheets, bills, books, books of accounts, cablegrams, cash receipt journals, cash disbursements journals, certificates, charters, charts, checks, communications, correspondence, compilations, computer cards, computer printouts, computer programs, computer readouts, computer disks, contracts, data compilations, diaries, disks and diskettes, drafts, drafts of documents, emails 9whether printed out or not), entries, estimates, expense reports, financial analysis, financial books, financial records, financial statements, general ledgers, income statements, intra-office and inter-office communications, invoices, itemizations, journals, letters, licenses, manuals, memoranda of all conversations of telephone calls, minutes, notes, orders, photocopies, press releases, publications, receipts, recordings, records, records of account, reports, resolutions, sketches, specifications, statements, statistical records, studies, summaries, tapes, telegrams, texts, writings or work papers which are in the possession, custody or control of Plaintiff's or its representatives. In all cases where documents are in a language other than English, all translations and materials related to each and every translation of such documents shall also be considered to be documents.

H. "Including" means without limitation.

I. "Person" means any natural individual acting in any capacity whatsoever, or any entity or organization, including the organization's divisions, departments or other units. The term "person" shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state governmental agency, commission, bureau, or department.

J. "Plaintiff" refers to the above captioned Plaintiff, and any of his or her agents, representatives or other persons acting or purporting to act on its behalf, and includes any of his or her members, trustees, beneficiaries, past and present, predecessors and successors in interest.

K. "Relating to" or "relates to" means pertaining to, referring to, concerning, supporting, or refuting.

L. "Representative" means any and all agents, employees, servants, attorneys, or other persons acting or purporting to act on behalf of the person in question.

M. "You," "Your" or "yourself" refers to Defendant to which these requests are addressed, as well as any person acting or purporting to act on his or her behalf.

N. Reference to the singular in any of these requests shall also include a reference to the plural, and references to the plural shall also include a reference to the singular.

**INSTRUCTIONS**

A. For documents no longer in the possession, custody or control of you or your representative, for any reason, with respect to each such document:

1. Describe the nature of the document.

2. State the date of the document.

3. Identify the person(s) who sent and received the original and copies of the document.

4. State in as much detail as possible the contents of the document; and

5. State the manner and date of disposition of the document.

B. For any communication or document you claim to be protected by the attorney-client privilege, work-product doctrine and/or other applicable privilege, please provide a list of all such documents on or before teh due date of this request, containing the following information for each document:

1. the identity of the speaker or author;

2. The identity of all persons who received or heard the document or communication;

3. the date of the communication or document;

4. The nature of the document or communication; and

5. The subject matter of the document or communication.

In addition, for each such communication or document, state the basis of your claim of privilege or work product.

C. If you cannot produce any of the documents in full, produce to the extent possible and specify in writing the reasons for your inability to produce the remainder of the document.

D. After the date of your initial production of responsive documents, if additional

responsive documents come into your possession, custody or control, such additional responsive documents shall be produced to undersigned immediately.

**First Request to Produce Documents**

1. Defendant OneWest- Provide a copy of the original purchase agreement between Indymac and the initial purchaser of the promissory note, whomever that may be, and any subsequent purchase agreement whether to Freddie Mac or any unknown party.

2. Defendant OneWest- Provide copies of all endorsements and conveyances of the promissory note in question, properly executed with transfers made to the proper entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the current owner and holder of the note.

3. Defendant OneWest- Provide copies of any and all servicing agreements between Indymac and the purchaser(s) of the promissory note.

4. Defendant OneWest- Provide copies of any and all servicing agreements between Defendant OneWest and the current owner or previous owners of the promissory note.

5. Defendant OneWest- A copy of any and all insurance policies related to the promissory note and/or pool/security of loans the promissory note was placed into.

6. Defendant MERS- A true and correct copy of all entries noted within the MERS MIN SUMMARY authenticated as unaltered by a direct MERS employee.

7. Defendant MERS- A copy of the MERS Membership Agreement between Indymac Bank and MERS.

8. Defendant MERS- A copy of the MERS Membership Agreement between Freddie Mac and MERS.

9. Defendant MERS- A copy of the MERS Membership Agreement between OneWest Bank and MERS.

10. Defendant OneWest- A copy of all accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the loan agreement through present.

11. Defendant Northwest Trustee Services- An unaltered copy of the declaration under the penalty of perjury made to Northwest Trustee by OneWest as required by RCW 61.24.030(7)(a).

12. Defendant OneWest- Any and all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale Agreement and Servicing Business Asset Purchase Agreement.

13. Defendant OneWest- Any and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.

14. Defendant OneWest- Any and all forms 1036 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.

15. Defendant OneWest- Any and all records associated with the Plaintiff's loan within the MIDANET or Freddie Mac Selling platforms.

Dated: April 3, 2011

                    **/s/ James McDonald   -**
**James McDonald**
**Pro Se**

Plaintiff's First Request to Produce    -5-    James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614