The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>　　　　　Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NORTHWEST TRUSTEE SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISSOLVE INJUNCTION AND FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR<br>[May 13, 2011]<br>**ORAL ARGUMENT REQUESTED** |

### I.    INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and hereby reply to the Plaintiff's Response to Defendants' Motion for Summary Judgment ("Response").

The following Reply responds to Plaintiff's responsive arguments not already addressed in Defendants' Motion for Summary Judgment.

//

//

///

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 1 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.  REPLY

### A. Plaintiff Does Not Make the Required Showing in Support of a Continuance to Conduct Discovery.

Whether to allow further discovery under Rule 56(f) is within the district court's discretion. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996). FRCP 56(f) provides a means for delaying a summary judgment motion where a party is justifiably unable to produce affidavits or other evidence in response to a dispositive motion. The rule requires the responding party to identify existing evidence and explain why he or she is unable to present the evidence in opposition to the motion. Plaintiff fails to make a justifiable explanation. *See* F.R.C.P. 56(f).[1]

Ninth Circuit law requires that the party requesting a continuance must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Employers Teamsters Local Nos. 175 v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Intl. Serv. Assn v. Bankcard Holders of Am.*, 784 F.2d 1472 (9th Cir. 1986)). The burden is on the party seeking a continuance to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id.* at 1129-30. The Ninth Circuit has stated "[w]e will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if **the movant can show how allowing additional discovery would have precluded summary judgment**." *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) (Emphasis added).

In *Bank of America, NT & SA v. Pengwin*, 175 F.3d 1109, 1117 (9th Cir. 1999), the district court rejected the defendant's argument that it should have been allowed to complete discovery before responding to plaintiff's motion for summary judgment. There, the Ninth Circuit held the district court did not abuse its discretion where defendant failed to submit

---

[1] Plaintiff fails to actually move the court under FRCP 56(f) for a continuance.

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 2 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

affidavits indicating why it was unable to present facts essential to justify opposition to the motion and did not explain how the information sought would preclude summary judgment. *Id.* at 1118.

Thus, to justify a continuance, plaintiffs must show that the additional discovery sought would preclude summary judgment. *Quails v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (district court did not abuse its discretion in denying Rule 56(f) motion where the information sought would not have shed light on any of the issues upon which the summary judgment motion was based).

Plaintiff requests the court delay ruling on Defendants' Motion for Summary Judgment because Plaintiff filed Requests for Production after Defendants filed their Motion for Summary Judgment that have not been answered. This request should be denied and Defendants' Motion for Summary Judgment granted in entirety. Plaintiff fails to make the required showing under FRCP 56(f) in support of a continuance of the motion for summary judgment.

Plaintiff states he has not received a copy of the servicing agreement, yet does not specify how production of the servicing agreement would preclude summary judgment in light of the evidence put forth in support of Defendants' motion for summary judgment. Plaintiff's speculation that "defendants have no such document or they truly do not want the Court or Plaintiff to see it" does not adequately show how allowing additional discovery to produce the servicing agreement would preclude summary judgment (nor does it create a genuine issue of material fact to preclude summary judgment).

Similarly, Plaintiff's reference to the pooling and servicing agreement does not make a showing of how production of that document would preclude summary judgment. First, the pooling and servicing agreement is not a document requested in Plaintiff's Request for Production of Documents. Secondly, Plaintiff states the pooling and servicing agreement details who has the right to foreclose, yet Defendants do not rely on the pooling and servicing agreement as the source of its authority to foreclose. Rather, the terms of the Note and Deed of

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 3 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Trust and the provisions of the Deed of Trust Act provide the authority to foreclose. *See* Dkt. 49. Accordingly, Plaintiff fails to show how allowing additional time for discovery to produce the pooling and servicing agreement would preclude summary judgment.

### B. Defendants' Motion for Summary Judgment Established OneWest's Authority and Plaintiff's Response Does Not Provide Any Evidence to Defeat Summary Judgment.

Defendants were entitled to move for summary judgment at any time notwithstanding Plaintiff's intent to propound discovery. And, summary judgment is appropriate where Defendants can show there is no genuine issue of material fact such that Defendants are entitled to judgment as a matter of law. FRCP 56. Here, Defendants' motion for summary judgment demonstrates that Defendants are, as a matter of law, entitled to judgment in their favor.

The court's Preliminary Injunction stated that questions had been raised such that court could not determine at the time whether 1) OneWest had authority to appoint a successor trustee on January 27, 2010, 2) whether the Notice of Default issued on or about January 12, 2010, complied with the statutory requirements, and 3) whether OneWest is the beneficiary as that term is defined in the DTA. Dkt. 24. Defendants addressed each of the aforementioned points in the motion for summary judgment. Dkt. 49.

### C. Under the Federal Holder in Due Course Doctrine, OneWest Qualifies as a Holder in Due Course.

Plaintiff originally argued that OneWest is not entitled to enforce the note because it is not the owner of the Note. Once OneWest obtained the original note for production at the summary judgment hearing as well as laid out the detailed chain of events that led to OneWest holding the original endorsed in blank Note, Plaintiff now claims OneWest cannot qualify as a holder in due course because OneWest did not take the instrument for value per RCW 62A.3-302. However, pursuant to the Federal Holder in Due Course Doctrine, OneWest qualifies as a holder.

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 4 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The technical requirements for holder in due course are greatly relaxed, if not dispensed with altogether, when the FDIC acquires a note in a purchase and assumption transaction from a failed bank. *Cadle Co., Inc. v. Wallach Concrete, Inc.*, 120 N.M. 56, 59-60, 897 P.2d 1104, 1107-08, 27 UCC Rep. Serv. 2d 518, 1995 WL 367288 (1995). Technically, the FDIC cannot qualify as a holder in due course; it is not a "holder" as defined by NMSA 1978, Section 55-1-201(20) (Repl.Pamp.1993), and often, as receiver, it acquires notes by bulk transactions. *Id.* (citing Steven A. Weiss & Kenneth E. Kraus, *D'Oench Protection for Private Institutions Assisting the FDIC: A Necessary Component of the Thrift and Bank Bailout*, 108 Banking L.J. 256, 270 (1991)). The principle of allowing the FDIC and its successors in interest to enjoy the benefits of a holder in due course is grounded in the need for a uniform rule of immunity for the FDIC in order to perform its statutory function. *Id.* (citing *Gunter v. Hutcheson*, 674 F.2d 862, 869 (11th Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982), *and overruled on other grounds Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987)). The federal holder-in-due-course doctrine requires that, given the special circumstances that face the FDIC, state holder-in-due-course law does not apply. *Id.* A purchase and assumption transaction helps preserve stability of and confidence in the banking system and is the preferred method for resolving bank failures. *Id.*

Subsequent holders who acquire notes from the FDIC also enjoy holder-in-due-course status "whether or not they satisfy the technical requirements of state law." *Campbell Leasing*, 901 F.2d at 1249; *see* Kraus, *supra*, at 270 ("an assignee from the FDIC cannot technically be a holder in due course").

As the *Cadle* court stated:

> To hold otherwise "would emasculate the policy behind ... promoting purchase and assumption transactions. If holder in due course status did not run with the notes acquired by the FDIC in purchase and assumption transactions, the market for such notes would be smaller, which would have a deleterious effect on the FDIC's ability to protect the assets of failed banks." *FDIC v. Newhart*, 892 F.2d 47, 50 (8th Cir.1989). We recognize that "a subsequent purchaser ... stands in the shoes of the FDIC" for holder-in-due-course status. *Id.*

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 5 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Cadle Co., Inc. v. Wallach Concrete, Inc.*, 120 N.M. 56, 61, 897 P.2d 1104, 1109, 27 UCC Rep. Serv. 2d 518, 1995 WL 367288 (1995).

As detailed in Defendants' summary judgment motion, after the Plaintiff's Note was sold to Freddie Mac, Indymac Bank, FSB retained the servicing rights and serviced the loan on behalf of Freddie Mac. IndyMac Bank FSB was closed by the Office of Thrift Supervision ("OTS") in July 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver. IndyMac Federal Bank ("IMFB") was created and the FDIC was appointed Conservator, and on March 19, 2009, the FDIC was appointed as Receiver for IMFB and sold most of the assets including the rights to service the loan presently at issue to OneWest Bank, FSB. Thus, under the Federal Holder in Due Course Doctrine, as a subsequent holder following the FDIC, OneWest is a holder in due course.

Because the note is endorsed in blank, and OneWest is in possession, OneWest is entitled to enforce the Note. Additionally, this is consistent with RCW 62A.3-301 in that OneWest need not own the Note to enforce it.

**D. The Custodial Agreement is Between Freddie Mac, OneWest, and Deutsche Bank.**

The custodial agreement between Freddie Mac, OneWest, and Deutsche Bank details that Deutsche Bank will hold the subject Notes on behalf of Freddie Mac, the note owner, and OneWest, the servicer. At any time either Freddie Mac or OneWest may request the custodian deliver the Note. OneWest, in fact, requested the custodian deliver the Note to OneWest in connection with this litigation, and Defendants' counsel has the original note in her possession.

Plaintiff has taken one sentence out of context from the agreement in support of his argument that OneWest is not the holder. As discussed in previous filings to the court, OneWest does not deny or dispute that Freddie Mac owns the loan. However, OneWest's holder status cannot be denied given the production of the original endorsed in blank Note by OneWest as well as the evidence and legal support put forth in Defendants' motion and supporting papers.

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 6 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**E. Plaintiff's Repeated Requests for Sanctions are unsupported, unwarranted, and must be denied.**

Under FRCP 11, monetary sanctions may be imposed to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.* (1990) 496 US 384, 110 S.Ct. 2447, 2454; *Golden Eagle Distributing Corp. v. Burroughs Corp.* (9th Cir. 1986) 801 F2d 1531, 1542. However, Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Greenberg v. Sala* (9th Cir. 1987) 822 F2d 882, 887. And, Rule 11 motions "should not be made or threatened for minor, inconsequential violations..." If an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation or to test the legal sufficiency of the allegations. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 590. Threats of Rule 11 sanctions are out of line where the other side's position is plausible. And, seeking sanctions under such circumstances is itself sanctionable conduct. *Gaiardo v. Ethyl Corp.* (3rd Cir. 1987) 835 F2d 479, 485.

Plaintiff provides no legal basis for his most recent request to sanction Defendants' counsel. Additionally, sanctions are not warranted under any legal authority. The defenses, arguments, and evidence put forth by Defendants are grounded in both the evidence and law. It is not sanctionable conduct for an attorney to advocate for a client's position based on credible evidence in accordance with governing law. Accordingly, Plaintiff's request for sanctions should be denied.

//
//
//
//
//
///

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 7 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**E. Plaintiff's Repeated Requests for Sanctions are unsupported, unwarranted, and must be denied.**

Under FRCP 11, monetary sanctions may be imposed to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.* (1990) 496 US 384, 110 S.Ct. 2447, 2454; *Golden Eagle Distributing Corp. v. Burroughs Corp.* (9th Cir. 1986) 801 F2d 1531, 1542. However, Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Greenberg v. Sala* (9th Cir. 1987) 822 F2d 882, 887. And, Rule 11 motions "should not be made or threatened for minor, inconsequential violations..." If an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation or to test the legal sufficiency of the allegations. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 590. Threats of Rule 11 sanctions are out of line where the other side's position is plausible. And, seeking sanctions under such circumstances is itself sanctionable conduct. *Gaiardo v. Ethyl Corp.* (3rd Cir. 1987) 835 F2d 479, 485.

Plaintiff provides no legal basis for his most recent request to sanction Defendants' counsel. Additionally, sanctions are not warranted under any legal authority. The defenses, arguments, and evidence put forth by Defendants are grounded in both the evidence and law. It is not sanctionable conduct for an attorney to advocate for a client's position based on credible evidence in accordance with governing law. Accordingly, Plaintiff's request for sanctions should be denied.

//
//
//
//
//
///

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 7 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court consider this reply in support of the pending motion for summary judgment.

DATED this 11th day of May, 2011.

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT NWTS' REPLY TO
PLAINTIFFS' RESPONSE - 8 of 8
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131