The Honorable Judge Robert S. Lasnik

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR PROTECTIVE ORDER PURSUANT TO CR 26**<br><br>**NOTE ON MOTION CALENDAR:**<br>May 27, 2011 |

### I. RELIEF REQUESTED

COMES NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and respectfully request that the Court grant an order protecting Defendants from responding to any discovery request made against them until at least 30 days after the Court rules on the Defendants' FRCP 56 Motion for Summary Judgment.

### II. EVIDENCE RELIED UPON

1. Plaintiff's Motion to Compel Discovery.

2. Defendants' Motion for Summary Judgment.

DEFENDANTS MOTION FOR
PROTECTIVE ORDER - 1 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### III. ARGUMENT

The trial court has broad discretion to manage discovery "in a fashion that will implement the goal of full disclosure of relevant information and at the same time, afford the participants protection against harmful side effects." *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 654 P.2d 673 (1982), *affirmed*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).[1]

In particular, CR 26(b)(1)(C) permits the Court to limit discovery if: "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties resources, and the importance of the issues at stake in the litigation."

If a *party* disagrees with the scope of production requested, however, it must also move for a protective order. CR 26(c)(1) provides for such a motion:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may ...protect a party ...[by ordering] one or more of the following:
> (1)   that the discovery not be had;
> (2)   that the discovery may be had only on specified terms and conditions, including a designation of the time or place
> [...]
> (4)   that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters."

Factors to consider in determining whether good cause has been shown include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; (3) the risk of unfair prejudice to the party opposing the stay and (4) whether other defendants have joined in the stay request. *In re Currency Conversion Fee*, 2002 WL 88278, at 12 *1 (quoting *Am. Booksellers Ass'n v.*

---

[1] *See also Gillett v. Conner*, 132 Wn.App. 818, 133 P.3d 960 (2006) ["The trial court is inarguably in the best position to determine the nature and extent of the burdens and risks, the need for any limits on inspection, and the appropriate means to limit an inspection. This result is required by operation of CR 26(b)(1), even in the absence of a motion for a protective order under CR 26(c)."]

DEFENDANTS MOTION FOR
PROTECTIVE ORDER - 2 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Houghton Mifflin Co.*, No. 94 Civ. 8566, 1995 WL 13 72376, at *1 (S.D.N.Y. Feb. 22, 1995));
*Hachette Distribution, Inc. v. Hudson 19 County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

In the present case, each of these factors militates in favor of a stay: Defendants have unanimously joined the present motion for a protective order, the Plaintiff's fifteen requests for production are each extensive and the Plaintiff will suffer no prejudice by such a stay. In fact, should Defendants' motion for summary judgment be denied, the case schedule may be adjusted to afford the Plaintiff additional time for discovery such that he will not be prejudiced.

However, because Defendants have filed a Motion for Summary Judgment pursuant to FRCP 56, there is no reason for Defendants to, at the present time, provide Plaintiff with documents in response to their 15 extensive requests for production prior to the Court's consideration of a FRCP 56 motion for summary judgment, which will likely render the responses moot. *See* Plaintiff's Motion to Compel Discovery.

Should a protective order not be granted, Defendants will incur unnecessary and substantial costs in procuring and assembling discovery, while none of the documents sought, even if provided, will change the fact that Plaintiff's Complaint fails to raise a genuine issue of material fact precluding summary judgment. *See* Defendant's Motion for Summary Judgment.

The Court should, therefore, protect Defendants from the harms of needless discovery, and exercise its discretion under CR 26 to grant an order protecting Defendants from responding to any discovery request made against it until at least 30 days after the Court rules on the Defendants' Motion for Summary Judgment.

//

///

DEFENDANTS MOTION FOR
PROTECTIVE ORDER - 3 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## IV. PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion

DATED this 11th day of May, 2011.

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Attorneys for Defendants OneWest, MERS, and Northwest Trustee Services, Inc.

DEFENDANTS MOTION FOR
PROTECTIVE ORDER - 4 of 4
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131