The Honorable Robert S Lasnik

**JAMES MCDONALD**
**14840 119th PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | | |
|---|---|---|
| **In Re:** | ) | **NO.: C10-1952RSL** |
| | ) | |
| | ) | |
| **JAMES MCDONALD** | ) | |
| **Plaintiff** | ) | |
| **v** | ) | **Plaintiff's Response to Defendants' Motion** |
| **ONEWEST BANK, FSB, et al.,** | ) | **for Protective Order** |
| **Defendants.** | ) | |
| | ) | |
| ------------------------------------------------------------ | | |

**I. Introduction**

      **COMES NOW, Plaintiff James McDonald** and respectfully files this response and objection to Defendants' OneWest, MERS and Northwest Trustee Services Motion for Protective Order filed under FCRP 26. Plaintiff moves the Court to Strike Defendants Motion for Protective Order.

**II. Evidence Relied Upon**

1.   Defendants' Motion for Summary Judgment
2.   Plaintiff's Response to Motion for Summary Judgment
3.   Plaintiff's First Request to Produce Documents
4.   Plaintiff's Motion to Compel Discovery
5.   Joint Status Report

**III. Argument**

**A.  Defendants Motion for Protection Order is beyond the time limits for objection per FCRP 34.**

On April 4th, 2011, Plaintiff served Defendants OneWest, Northwest Trustee and MERS through their joint counsel, Heidi Buck of Routh Crabtree Olsen, Plaintiff's first request to produce documents (Docket #54). According to Federal Rules of Civil Procedure 34(b)(2)(A), "*Time to Respond.* The party whom the request is directed must respond in writing within 30 days after being served." For whatever reason, the Defendants failed to respond or object within the time limit granted by the CR. Therefore the Defense's

Motion for Protection Order is out of the time allotted to object and the Court may prohibit the Defense from raising any objections or requests as allowed by FCRP 37(b)(2)(A)(ii).

On May 5th, Plaintiff filed a Motion to Compel (Docket #56) after Defendants failed to respond within the 30 days allotted as described above. Rather than respond to the Motion to Compel, Defense has chosen to cost both the Court and the Plaintiff further time and resources by filing this frivolous Motion. The Court now not only has to expend time and resourced in reviewing the appropriately filed Motion to Compel and related arguments, it now has to waste its time with this meritless Motion for Protective Order.

**B. Defendants Motion for Protection Order is in Violation of the Joint Status Report Agreement with this Court and following Minute Order from the Court.**

On March 23rd, 2011 Plaintiff and Defendants created and jointly signed the Joint Status Report (Docket #43). Two specific portions of this Joint Status Report show that the Defendants Motion for Protection Order is frivolous.

1. Section 5(b) states, "The parties agree that discovery on Plaintiff's allegations and Defendants' defenses may be needed. The parties agree that at this time **there does not appear to be a need to do discovery in phases or that any limitations on discovery should be imposed**."

2. Section 5(c) states, "The parties agree that **there does not need to be any changes to the normal limitations on discovery**."

Defense was already well aware that Plaintiff would be requesting all items in Plaintiff's First Request to Produce **prior to making the agreement set forth in the Joint Status Report**. Plaintiff had already requested these exact items on multiple occasions prior to the agreement. Those occasions were:

1. Requested in the Qualified Written Request and Debt Validation Demand served to Defendants MERS, Northwest Trustee Services and OneWest Bank on April 27th, 2010 (Docket #17F).

2. Listed in Plaintiff's Initial Complaint (Docket #1) on December 3rd, 2010.

3. The willingly withdrawn but not stricken Plaintiff's Motion for Declaratory Judgment (Docket #32) on February 12, 2011.

4. Plaintiff's Response to Defendant's Answer to Initial Complaint (Docket #31) on February 11, 2011.

Therefore Defense had sufficient notice prior to the agreement set forth in the Joint Status Report on March 23rd, 2011 to attempt to limit the scope of discovery from the documents they knew would be requested considering those documents have been requested by the Plaintiff for **OVER A YEAR**.

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

Defendants' failure to cooperate or act in good faith by even to responding within the time given by FCRP 34 is a clear **violation of the Joint Status Report agreement** in Section 5(d) where Defense agreed, "The parties agree to consult with each other regarding discovery issues, if any, and to cooperate in facilitating discovery." The Defense not only failed to object to any item requested in the time allotted but failed to respond whatsoever.

**C.  Defendants' Motion Fails on the elements of showing good cause why a Protection Order should be granted.**

Defendants so kindly provided a list of the elements required to show good cause in allowing for a Protection Order to be granted in their Motion for Protection Order.

1.  Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious

    i.  The defendants have failed to make a strong showing that the claims are unmeritorious. In point of fact with the inclusion of the Custodial Agreement (Docket #49, Exhibit 8) in the Motion for Summary Judgment they have assisted in proving the Plaintiff's claim by showing OneWest is not the holder of the note nor is it considered the beneficiary. This directly shows that all of Plaintiff's claims, which were already well supported, have merit.

2.  the breadth of discovery and the burden of responding to it

    i.  The Defense fails to make any argument about the breadth of discovery and the burden of responding to it save that they have filed a Motion for Summary Judgment. However the majority of the items requested by the Plaintiff have direct relation to all arguments made by the Defendants in their Motion for Summary Judgment including:

        1.  Who actually purchased the Note from Indymac Bank.

        2.  Were the endorsements and conveyances properly executed

        3.  A copy of the servicing agreement Defendants once again claim to have but have never provided which is the basis of their defense that allegedly gives them the rights to foreclose and all proceeds from the trustee sale.

        4.  Strict proof that Freddie Mac is the current owner of the note rather than having sold it into a mortgage backed security.

        5.  That no insurance claims have been filed and proceeds received to payoff all or a portion of the Note in question.

        6.  That the debt is even valid by providing all accounting and general ledger entries relating to the Note as required by the Fair Debt Collection Practices Act when a Debt Validation Demand has been issued.

3.  the risk of unfair prejudice to the party opposing the stay

    i.  The risk to Plaintiff as the party opposing the stay far outweighs any burden to the Defendants as the moving party. The risk to the Plaintiff is no less than an unfair

judgment against him without the full facts shown above being brought to the attention of the Court! The Defendant OneWest claims to have an all powerful servicing agreement which **they refuse to provide yet utilize as evidence**. They further make unproven claims of ownership, amounts and rights throughout the Motion for Summary Judgment. The Court ruling on unproven evidence would be extremely unfair prejudice against the Plaintiff and cause unnecessary appeals, time and taxpayer dollars to unravel.

4. whether the defendants have joined in the stay request

    i. Of course OneWest, MERS and Northwest Trustee joined in the stay request. They are all represented by the same attorney! Rather than independently defend themselves, they have chosen to gang up on the Plaintiff in an effort to rub him out. Therefore they are not independently joining in a request, they are continuing to perpetrate the same behavior that caused the lawsuit to be filed in the first place.

**D.  Plaintiff's Request for Production is not unduly burdensome or expensive to the Defendants.**

The Defense's claim that Plaintiff's requested documents would be overly expensive to the Defendants is ludicrous. While Plaintiff believes the hourly billable rate of Routh Crabtree Olsen is likely higher than average, Plaintiff will utilize a more average hourly fee. It appears through various attorneys that Plaintiff has spoken with that $250 an hour is a common fee. Plaintiff will also utilize the most minimal time spent on the following documents the defense attorney would have billed her clients in an effort to avoid this so called undue expense.

1. Reviewing Motion to Compel and Drafting a Response: 1 hour at $250
2. Writing the Motion for Protection Order: 1 hour at $250
3. Replying to Plaintiff's Response to Motion for Protection Order: 1 hour at $250.
4. This brings the total expenses to a minimum of $750

Now we look at the likely expenditures in what the Defendants would have incurred had they simply cooperated as they agreed to do. OneWest Bank is located in Austin, TX. Through Salary.com Plaintiff chose the higher median salary of a Paralegal III over an Executive Administrative Assistant. That median income is $58,748 a year[1]. This breaks down to $30.60 an hour so Plaintiff will utilize $31. Now as this is generally a salary position, no overtime is being considered. So to give the Defendants the benefit of the doubt, let us absurdly believe that it takes one hour for each of the 15 items rather than a much more expedited approach since the majority of the items are likely reachable within a few keystrokes on a computer.

---

[1] Salary.com salary for a paralegal III http://swz.salary.com/SalaryWizard/Paralegal-III-Salary-Details-austin-tx.aspx

5.   15 items at 1 hour each at a rate of $31 per hour: $465

6.   Shipping and copying costs estimate: $50

7.   Total expense for complying with the request to produce: $515

Had the Defendants cooperated as they agreed to do based on all of the knowledge they had as to what Plaintiff would be asking for prior to the agreement made in the Joint Status Report they would have saved at minimum $235. In all likelihood these numbers are extremely skewed in the Defendants' favor. So the Defendants argument that the request is unduly expensive is ridiculous at best.

As far as being unduly burdensome, this defense is equally ridiculous. Had any of the parties that have signed personal knowledge under the penalty of perjury actually researched the Note in question, the majority of these documents would have been accessed or reviewed so should be extremely easy to come by. The only exception to this would be the accounting and general ledgers which should have been provided as requested over a year ago when the Qualified Written Request and Debt Validation Demand under the Fair Debt Collection Practices Act and other laws was delivered. It has been found by many courts that to comply with the statute and protect the consumer's rights validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. *Pacific Concrete F.C.U, v, Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ *Hawaii, Inc. v. Yonenaka,* 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); *Fooks v. Norwich Housing Authority,* 28 Conn. L. Rptr. 371, (Conn. Super.2000); *Town of Brookfield v. Candlewood Shores Estates, Inc.,* 513 A.2d 1218, 201 Conn. 1 (1986); and *Solaon v. Godbole,* 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).

**E.   Plaintiff's Requested Documents Directly Affects the matters held within the Defendants Motion for Summary Judgment.**

Each of the items Plaintiff has requested has a direct impact on the Motion for Summary Judgment. They are and apply as follows:

1.   Original purchase agreement and subsequent purchase agreements of the Note in question. According to Freddie Mac's website they do not retain loans they have purchased but resell them[2]. Defense claims in the Declaration of Charles Boyle (Document 49-3) that Plaintiff's Note is apparently the exception to the rule as Defense claims that Freddie Mac is and has always been the owner of the Note since it was purchased from Indymac Bank. Based on the information provided by Freddie Mac this claim is unbelievable and must be authenticated.

2.   A true and correct chain of title through endorsements/conveyances of the Note in question. The same above applies here. Further as MERS misrepresented transferring ownership of the Note to OneWest when MERS was not the owner this is even more important.

---

[2] http://www.freddiemac.com/corporate/company_profile/our_business/

Plaintiff's Response to Def. Motion Prot Order          -5-

James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

3. Copies of any and all servicing agreements related to the Note. The Defense utilizes an alleged servicing agreement that they refuse to provide as the basis of their standing and exoneration of all violations that Plaintiff has alleged. They utilize this document without proving its existence in the Motion for Summary Judgment. Therefore the Plaintiff and the Court needs to see this document.

4. The same as above. Plaintiff was kind enough to break the agreements into two requests so as not to be confusing to the Defense.

5. Insurance Policies relating to the Note. If an insurance claim has been made and paid in part or in full this greatly impacts the proceedings.

6. MERS MIN Summary for the Note and Deed of Trust in question. This further goes to show a chain of title or lack thereof.

7. MERS Membership Agreement for Indymac. What rights does MERS have to transfer ownership of a Note it does not own?

8. MERS Membership Agreement for Freddie Mac.

9. MERS Membership Agreement for OneWest Bank.

10. A copy of all accounting records and general ledgers related to the Note in question. As shown above in Section D until such a time as this has been provided collection activities must stop as required by 15 U.S.C. 1692 §809. Which also means that no bond should have ever been required of the defendant to obtain a preliminary injunction as the Defendant OneWest never complied with the validation demand.

11. A true and correct copy of the Beneficiary Declaration made to Northwest Trustee by OneWest. One would think that Northwest Trustee would jump at the chance to prove they did not begin the process dishonestly, yet they refuse to provide it?

12. All exhibits and schedules related to the agreements utilized as Exhibits 4-8 in the Defendants Motion for Summary Judgment. The Defense failed to provide this documentation within their Motion and it directly impacts the reliability and the applicability of these documents as evidence within the matter before the Court!

13. Form 1034 relating to the Note in question as utilized in the Defense's Motion for Summary Judgment Exhibit 8. The Defense wants to use an exhibit but not prove that the Note is a part of the exhibit.

14. Form 1036 relating to the Note in question as utilized in the Defense's Motion for Summary Judgment Exhibit 8. The Defense wants to use an exhibit but not prove that the Note is a part of the exhibit.

15. All records from MIDANET that pertain to the Note in question. Again this is referenced in Defense's Motion for Summary Judgment Exhibit 8 but we have no full information for the Court to make an honest judgment on.

**F.  Granting Defendants Motion for Protection Order Unfairly Causes Adversity to Plaintiff**

Should the Court grant the Defendants Motion for Protection Order the Plaintiff will be adversely affected in these proceedings.

1. While the Defendants and their counsel will benefit from a delay in order to try to wear down the Plaintiff, the Plaintiff continues to have to divert attention from his professional, financial and personal life to fight for his civil rights.
2. Plaintiff has spent approximately 10 hours of his life writing this single response. That is 10 hours away from finding new clients, servicing current clients and continuing his efforts to recover from the large amount of issues caused by the Defendants' actions over the last 15 months. Adding on additional months of fighting them would create additional constraints on Plaintiff's goals and will likely impact the likelihood of surviving through this ordeal.
3. Delaying the use of Plaintiff's civil rights of discovery only allows the Defendants time to lose or destroy important records or fabricate records that are vital to the case at hand. While this would have been absurd to Plaintiff prior to the financial meltdown there have been too many cases that show this is in fact happening in these types of lawsuits as was so clearly shown on a recent report on 60 Minutes.
4. If the delay should occur Plaintiff will continue to have to pay into the court bond for a longer period of time instead of hiring acceptable counsel and/or being compensated for the damages, both punitive and violations, that he will receive at the end of the trial as a direct result of the Defendants actions.

The Defendants benefit from a longer action with continued write offs of their attorney expenses and staving off the judgment Plaintiff firmly believes will come against them. The Defendants' Counsel continue to make money in billable hours and continues that benefit the longer she represents the Defendants in these matters. Plaintiff lives with the stress and direct negative effect this matters has on his life. While he is willing to fight against the wrongs done to him, dragging it out in frivolous actions is unacceptable especially since the procurement of the requested documents would likely result in a much speedier resolution to these matters.

### IV. Conclusion and Relief Requested

An attorney Plaintiff once met compared litigation to a game of chess. Each side places their moves in a strategic way to try and take the others king, or in this case to win the lawsuit. With the Defendants outright refusal to abide by the Joint Status Report agreement and the timeline stipulated in FCRP 34 they are playing a game more like a carnival Whack-A-Mole. While Plaintiff is certain that he will "whack" them when the documentation is compelled to be provided, a great deal of both his and the Court's time is being wasted due to their frivolous motions and outright refusal to abide by both the agreement made and the rules of this Court.

Plaintiff's Response to Def. Motion Prot Order          -7-                              James McDonald
                                                                        14840 119th PL NE, Kirkland, WA 98034
                                                                                   Phone: (425) 210-0614

Wherefore

    **A.** Plaintiff hereby moves the Court to Strike Defendants Motion for Protection Order as allowed by FDCRP 37(b)(2)(A)(iii).

    **B.** Plaintiff hereby moves the Court to Deny with Prejudice Defendants Motion for Protective Order for the reasons listed above.

    **C.** Plaintiff moves the Court to grant financial sanctions of $2500 against the Defendants and their counsel payable to the Plaintiff as allowed by FCRP 37(b)(2)(C).

    **D.** Plaintiff moves the Court to find the Defense in contempt of the Minute Order page 4 under Cooperation (Docket #44) by failing to even attempt to resolve any concerns or objections with the Plaintiff in the time allowed by FCRP 34 as allowed by FCRP 37(b)(2)(A)(vii).

### V. Proposed Order

A proposed Order is attached to this response.

 

 

                              **/s/ James McDonald      -**

                                     **James McDonald**

                                           **Pro Se**

### Certificate of Service

    I hereby certify that on the 22 day of May, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

                              **/s/ James McDonald    -**

                                     **James McDonald**

                                           **Pro Se**