The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NWTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR:**<br>**June 3, 2011** |

## I.   RELIEF REQUESTED

COMES NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants"), by and through their counsel of record Heidi E. Buck, in response to Plaintiff's Motion to Compel Discovery and respectfully request that the Court deny Plaintiff's untimely Motion to Compel Discovery.

## II.   EVIDENCE RELIED UPON

1. Declaration of Heidi E. Buck.

2. Plaintiff's Motion to Compel Discovery. Dkt. 56.

---

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
- 1 of 4
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3. March 29 Order Setting Trial Date and Related Dates. Dkt. 44.

## III. ARGUMENT

Plaintiff's Motion to Compel Discovery should be denied for several reasons : (1) Plaintiff has not met and conferred or otherwise complied with CR 37(a) prior to filing the present Motion to Compel Discovery, (2) Plaintiff has failed to comply with Local Rule 37(a)(2)(A) requiring a good faith effort to resolve discovery disputes with opposing counsel prior to filing a Motion to Compel, and (3) Plaintiff has failed to comply with this Court's prior Order of March 29th requiring cooperation between the parties concerning all discovery matters.

### 1. Plaintiff has Failed to Comply with the Requirements of FRCP 37.

Federal Rule of Civil Procedure 37 requires that a motion to compel discovery *"must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."* Fed. R. Civ. P. 37(a)(1) (emphasis added).

In the present case: (1) the Plaintiff's motion does not contain a certification of a good faith attempt to confer with opposing counsel and (2) the Plaintiff has not, in fact, made any such effort to meet and confer. *See* Declaration of Heidi E. Buck at 2. Each of these failings independently render the Plaintiff's motion insufficient and inappropriate at this stage of pleading and it should, therefore, be denied.

This Court has consistently held that "[t]he failure of the parties to meet and confer, in and of itself, is grounds for denial of this motion [to compel]." *Whitmore v. Pierce County Dep't of Comm. Corrections*, 2007 WL 1545252 (W.D. Wash. May 24, 2007); Further, this Court "routinely denies motions to compel that are procedurally deficient." *Hawley v. Business*

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
- 2 of 4
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Computer Training Institute, Inc.*, 2008 WL 4889866 (W.D. Wash. Nov. 12, 2008) (denying motion to compel for failure to confer).

2. **Plaintiff has Failed to Comply with Local Rule 37(a)(2)(A).**

The Western District Court's Local Court Rule 37(a)(2)(A) also requires that counsel "engage in a good faith effort to confer about a discovery dispute *prior to* filing a motion to compel; a good faith effort requires a face-to-face meeting or a telephonic conference. Counsel filing the motion must certify to the court that they have complied with the rule." *Dornay v. King County Sheriff*, 2005 U.S. Dist. LEXIS 29364 (W.D. Wash. Nov. 14, 2005) (emphasis added). This Court has held that the failure to comply with the strictures of CR 37(a)(2)(A) prior to filing is an independent reason to strike and deny a motion to compel discovery. *Id*; *Florer v. Johnson*, 2008 U.S. Dist. LEXIS 36942 (W.D. Wash. Mar. 12, 2008).

In this case, Plaintiff has not conferred by telephone or in person regarding Defendants' discovery responses prior to the filing of the Plaintiff's motion and has not even claimed to have done so. *See* Declaration of Heidi E. Buck at 3. The Plaintiff's motion to compel discovery is, therefore, untimely and should be denied.

3. **Plaintiff has Failed to Comply with this Court's Order.**

Plaintiff's Motion to Compel Discovery should be denied because Plaintiff did not comply with this Court's Order of March 29, which imposed a duty to "Cooperate" with opposing counsel before filing a Motion to Compel Discovery. Ninth Circuit courts have held that failing to comply with court orders concerning discovery is sufficient reason to strike a motion to compel. *McGuire v. Dobbs Int'l Servs.*, 2000 U.S. App. LEXIS 18611 (9th Cir. Cal. July 27, 2000). Thus, in the present case, the Court should, at least, deny the Plaintiff's Motion to Compel and protect the Court's own prior Order.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
- 3 of 4
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## IV. CONCLUSION

Plaintiff's motion is in violation of the federal, local and this Court's own rules concerning discovery, and failure to meet and confer with opposing counsel is not a mere technicality. The meet-and-confer rules serve an important purpose: apprising the responding party of the nature of a discovery dispute. Plaintiff's untimely motion, therefore, unnecessarily drains judicial resources and the resources of the parties by requiring that they address and resolve unripe discovery disputes and should be stricken and/or denied.

DATED this 25th day of May, 2011.

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Attorneys for Defendants OneWest, MERS, and Northwest Trustee Services, Inc.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
- 4 of 4
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131