The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., INDYMAC BANK FSB, DOES 1-50<br><br>　　　　　　　　Defendant. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NORTHWEST TRUSTEE SERVICES INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

## I.   INTRODUCTION

COMES NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and hereby reply to the Plaintiff's Response to Defendants' Motion for a Protective Order.

## II.   REPLY

### A. The Defendants' Motion is Timely.

Plaintiff asserts that the Defendants' Motion for a Protective Order is "beyond the time limits for objection per FRCP 34." However: (1) Rule 34's timeliness requirement, is not applicable to the Plaintiff's Motion and (2) Even if applicable, should be waived in the present case.

//

///

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 1 of 11

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1. **Fed. R. Civ. P. 34 Timeliness Requirements are Inapplicable to the Defendants' Motion.**

The timeliness requirements under Fed. R. Civ. P. 34 should not be applied to the Defendants' present motion because: (A) Rule 34 requirements do not extend to Motions for Protective Orders and (B) Fed. R. Civ. P. 34's timeliness requirements do not extend to *objections* to requests for discovery.

*a. Fed. R. Civ. P. 34 Timeliness Requirements do not Extend to the Defendants' Motion for a Protective Order.*

In *Burlington Northern & Santa Fe Ry. B. United States Dist. Court*, the Court explained that "Rule 26…does not specifically correlate…with Rule 34's bright-line rule for timeliness." 408 F.3d 1142, 1147 (9th Cir. Wash. 2005). Thus, the Plaintiff's Motion made pursuant to Rule 26 is not bound by the timeliness requirements outlined in Rule 34.

*b. Rule 34 Timeliness Requirements do Not Extend to Objections.*

The 30-day timeliness requirement quoted by the Plaintiff appears in Rule 34(b)(2)(A), which addresses *"Time to Respond."* It does not appear, however, in Rule 34(b)(2)(C), which addresses *"Objections."* Applying traditional canons of statutory interpretation, including the rule that if a term is explicitly included in one provision of a statute its exclusion elsewhere should also be given meaning, the timeliness requirement in Rule 34(b)(2)(A) should not be extended to Rule 34(b)(2)(B). *See, e.g., Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991); *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir. Cal. 1996). Therefore, because the Defendants' Motion for Protective Order is not a response but rather an *objection* to the Plaintiff's Requests for Protection, the 30 day timeliness requirement is inapplicable.

2. **Even if Applicable, Rule 34 Timeliness Requirements should be Waived.**

In the present case, should the Court find F.R.C.P. 34 timeliness requirements applicable, the Court should not, as proposed by the Plaintiff's Response, mechanically apply the 30 day time limit to the Defendants' Motion for a Protective Order.

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 2 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  The Ninth Circuit addressed the precise issue raised by the Plaintiff in *Suarez Corp. Indus. v. Earthwise Techs., Inc.* In *Suarez*, the Plaintiff asserted that the Defendant had "waived all objections to the propounded discovery requests because…objections [were not made]…within 30 days from the day the requests were served." 2008 U.S. Dist. LEXIS 66560 (W.D. Wash. July 17, 2008).

In rejecting the Plaintiff's assertion, the Court explained that the Ninth Circuit has "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington N. & Sante Fe Ry. Co. v. US District Court*, 408 F.3d 1142, 1147 (9th Cir. 2005); *Id.* Instead, the Court explained, a "court should make a case by case determination…in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

Here, as explained in the Defendants' Response to the Plaintiff's Motion to Compel, each of these factors weigh in favor of granting the Defendant's Protective Order. Denial would not only require the Defendants to unnecessarily waste time and resources complying with discovery requests concerning issues that will likely become moot upon this Court's ruling on the Defendants' Motion for Summary Judgment but would also reward the Plaintiff's 'tactical manipulation' of the timeliness requirements – a practice consistently warned against by Washington Courts.

**B. The Defendant's Motion Conforms with the Court's Joint Status Report**

Plaintiff's response additionally suggests that the present motion violates three provisions included in this Court's Joint Status Report: Section 5(b), Section (c) and Section 5(d). Not only, however, is the Defendants' motion in compliance with each of the sections identified by the Plaintiff, but the Plaintiff's Response fails to provide an explanation as to why any violation of the Joint Status Report justifies the denial of the Defendants' Motion for a Protective Order.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE - 3 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### 1. The Defendants' Motion Complies with Section 5(b) of this Court's Joint Status Report.

Section 5(b) of the Court's Joint Status Report is simply a statement that "the parties agree that…at this time there does not appear to be a need to do discovery in phases." Section 5(b) is not a rule, requirement or a limitation imposed on either party. Further, nowhere does it prevent a request for a Protective Order after formal requests for discovery have begun. The Plaintiff suggests that Defendants might have been able to 'predict' his requests based upon, for example, the Complaint itself. However, at the time of the Status Report no official requests for production had been presented and, objections, such as a motion for a protective order, would have been improper and untimely. Therefore, the Defendants' present request is both appropriate and within the requirements of the Court's Joint Status Report.

### a. The Defendant's Motion Complies with Section 5(c) of this Court's Joint Status Report.

Section 5(c) of the Court's Joint Status Report simply requires that there be no "changes to the normal limitations on discovery." There is nothing, abnormal, however, about the Defendants' request for a Protective Order. Protective Orders are, in fact, described in Rule 26(c) as included in the Court's "usual authority to manage discovery." The Defendants' motion for a usual and normal limitation on discovery is not, therefore, a "change to the normal limitations on discovery" barred by Section 5(c) and is in full compliance with the Court's Joint Status Report.

### b. The Defendant's Motion Complies with Section 5(d).

Plaintiff finally asserts that because the Defendants filed their motion prior to consultation with the Plaintiff, it stands in violation of the duty of 'good faith' contained in Section 5(d) of the Joint Status Report. As explained in the Defendants' Motion for a Protective Order, however, the Protective Order is necessitated only due to the Plaintiff's Requests for Production and Motion to Compel both of which were filed without consultation with the Defendants or their attorney.

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 4 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Thus, if the Plaintiff's position is that a failure to consult with opposing counsel is a sufficient reason to deny a motion then the Plaintiff's Motion to Compel should be denied as well.

### C. Defendants' Motion for Protective Order Should be Granted.

Each of the factors agreed upon by the parties, and outlined by the court in *In re Currency Conversion Fee*, 2002 WL 88278, weigh in favor of granting the Defendants' motion: (A) the Plaintiff's Claim is unmeritorious and unsupported by Washington law, (B) the Plaintiff's Discovery Request would place an undue burden upon the Defendants, (C) there is no Risk of Prejudice to the Plaintiff and (D) all Defendants have joined in the present motion.

#### 1. The Plaintiff's Claim is Unmeritorious.

The Plaintiff's Response includes a single justification for the merit of the present complaint: that "the Custodial Agreement …..show[s]…OneWest is not the holder of the note." However, as explained in the Defendants' Reply, the Custodial Agreement indicates precisely the opposite. It reads, in relevant part, that: "Deutsche Bank will hold the subject Notes *on behalf of…OneWest* [who]…may request the custodian deliver the Note at any time."

Further, however, any terms contained in the Custodial Agreement are irrelevant. It is not the Custodial Agreement that OneWest relies upon in the present action. Instead, it is the fact that they are in physical possession of the Note itself which makes clear, regardless of any dispute concerning the Custodial Agreement, that they are, in fact, the holder of the note and are, therefore, entitled to enforce it through the nonjudicial foreclosure.

#### 2. The Plaintiff's Requests for Production Place a Substantial Burden on the Defendants.

Plaintiff's Response misunderstands the second factor the Court may consider when ruling upon a Motion for a Protective Order. As explained in *In re Currency Conversion Fee*, the Court should consider the breadth of discovery requested by the Plaintiff and any burden it would impose upon the Defendants.

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 5 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

As outlined in the Defendants' motion for a protective order, the Plaintiff has presented 15 Requests for Production each of which are broad in scope and would require a significant investment of time and resources on the part of each of the Defendants to fully respond to.

The Plaintiff's Response does not dispute that compliance with the Motion to Compel would, in fact, impose a burden upon the Defendants. Instead, it simply states that the burden is 'worth it' because the "items requested by the Plaintiff have direct relation to all arguments made by the Defendant's in their Motion for Summary Judgment."

While Defendants dispute the relevance of each and every one of the Plaintiff's requests, it does not alter the fact that the Defendants would, in fact, be meaningfully burdened. Therefore, the second factor the Court should consider when making a ruling upon a Motion for a Protective Order under Rule 26(c) weights in favor of the Defendants.

### 3. The Plaintiff will Suffer no Prejudice.

Plaintiff's Response asserts that the prejudice to the Plaintiff that would result from granting the Defendants' Motion for a Protective Order is that the Court may enter an "unfair judgment against him without the full facts ...brought to the attention of the Court..[and instead]...rule[e]...on unproven evidence." There is, however, no risk of the prejudice hypothesized by the Plaintiff. The Court, when ruling on a Motion for Summary Judgment, would not and cannot "rul[e]..on unproven evidence." If, in fact, there is an unproven element of any claim, the summary judgment standard under F.R.C.P. 56 would compel the Court to permit all inferences in favor of the *Plaintiff* and not arbitrarily rule against him. Therefore, the Plaintiff will receive no prejudice if the Protective Order is granted and discovery is stayed at least until the Court issues its ruling on the Defendants' Motion for Summary Judgment.

### 4. All Defendants have Joined in the Motion.

*In re Currency Conversion Fee*, the Court explained that if multiple Defendants join in a request for a Protective Order, it indicates the merit of such a motion and should weigh in favor of granting it.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE - 6 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The Plaintiff's Response asserts, however, that although all of the Defendants in the present case have joined in the Motion, because they are represented by the same attorney, the Court's fourth factor should be ignored.

Regardless of their representation, however, each Defendant may individually choose to join or abstain from any motion filed. Further, the Court in *In re Currency Conversion Fee* included no requirement that each defendant be individually represented. Thus, the Court's fourth factor weighs in favor of granting the Defendants' motion.

### D. Plaintiff's Request is Unduly Burdensome

Plaintiff's Response asserts that the Requests for Production provided to the Defendants do not impose a meaningful burden on the Defendants. While Defendants disagree with the proposition that the resources required to comply with the Plaintiff's extensive requests are negligible, any burden, in the present case, would be undue as none of the documents requested by the Plaintiff are relevant to any claim or defense addressed in the Defendants' Motion for Summary Judgment or the Plaintiff's Complaint.

### E. Plaintiff's Requests Are Irrelevant to the Defendants' Motion for Summary Judgment

Defendant OneWest was the holder of the Plaintiff's Note at all times relevant to the foreclosure. Due to that fact alone, OneWest was entitled to foreclose in response to the Plaintiff's default. None of the documents requested by the Plaintiff, therefore, are relevant to the Defendants' Motion for Summary Judgment which concerns only OneWest's and its trustee NWTS' legal authority to foreclose on the Plaintiff's Note. The Plaintiff's Response, nevertheless, asserts the relevance of the following documents to the Defendant's Motion for Summary Judgment:

> **1. Original Purchase Agreement and Subsequent Purchase Agreements of the Note.**

Plaintiff's Request for the "Original Purchase Agreement" implies that 'ownership' of the Note is at all relevant to the Defendants' 'standing' or authority to foreclose. As explained in the

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 7 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Defendant's Motion for Summary Judgment, this is simply "not in accordance with the Deed of Trust Act or the Uniform Commercial Code," both of which grant the holder of the note, regardless of ownership, the authority to foreclosure. Therefore, any documentation related to ownership of the Plaintiff's note, including the "original purchase agreement," is wholly irrelevant to the Defendants' Motion for Summary Judgment.

### 2. Documents Evidencing the Correct 'Chain of Title.'

Plaintiff's Complaint implies that the relevance of a Note's 'chain of title' is to ensure that the present Defendants have "standing to enforce it." There is, however, no provision of Washington law which requires a beneficiary listed in a deed of trust to produce evidence to a borrower relating to the transfer of the loan as a condition to foreclosure. Therefore, even if no evidence were provided to indicate the Note's 'chain of title,' it would not affect the outcome of the Defendant's Motion for Summary Judgment concerning OneWest and NWTS' ability to foreclose.

### 3. Copies of any and all Servicing Agreements.

As explained in the Defendants' Reply, the Defendants do not rely on the servicing agreement as the source of their authority to foreclose. Rather, it is the terms of the Note and Deed of Trust themselves that provide OneWest the ability to legally foreclosure. Accordingly, the Plaintiff's request would not influence the Defendants' Motion for Summary Judgment concerning Defendants' alleged 'wrongful foreclosure.'

### 4. Insurance Policies Relating to the Note.

The presence or absence of an insurance policy taken out on the Plaintiff's Note simply does not impact the authority of a note-holder to enforce the note through nonjudicial foreclosure. Any claims concerning insurance are outside the scope of this Court's preliminary injunction Order and the Defendants' Motion for Summary Judgment.

//

///

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 8 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### 5. MERS MIN Summary for the Note and Deed of Trust in Question.

Plaintiff's request for a MERS MIN Summary, again, asserts without reference to any authority that a "chain of title" is a pre-requisite to foreclosure by the present holder of the note. This, however, is simply not the state of Washington law and irrelevant to the Defendants' Motion for Summary Judgment.

### 6. MERS Membership Agreement for Freddie Mac, OneWest and IndyMac.

MERS Membership Agreements are simply rules outlining the actions of a MERS Member in their dealings with MERS itself. Therefore, it is entirely irrelevant to a foreclosure action concerning only OneWest and a borrower.

Plaintiff's Response suggests that MERS Membership Agreements are relevant because MERS may not have the right "to transfer ownership of a note it does not own." However, a MERS Membership Agreement, even if produced, would not speak to the legal effect of a MERS transfer of a note it does not own.

Further, the ownership of the note is, again, irrelevant to the Defendants' ability to foreclose which is the sole subject of the Plaintiff's Complaint and the Defendants' pending Motion for Summary Judgment.

### 7. Accounting Records and General Ledgers Related to the Note in Question.

The Plaintiff's Complaint does not dispute that the Plaintiff was, in fact, in default at the time of foreclosure. Instead, the Complaint addresses only the authority for the Defendants to issue a Notice of that Default and Foreclose in response to that Default. Therefore, accounting records and general ledgers related to the note would not affect the outcome of a Motion for Summary Judgment which concerns only that legal authority to foreclose and not the accounting of the underlying debt.

### 8. Beneficiary Declaration made to Northwest Trustee.

Defendant OneWest has produced the original note. RCW 61.24.030(7), which requires that prior to mailing, posting or recording the Notice of Sale, the trustee have "proof" that the

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 9 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

purported beneficiary is, in fact, the beneficiary. A declaration under the penalty of perjury stating that the purported beneficiary is the holder of the note is sufficient "proof" under RCW 61.24.030(7). The declaration under RCW 61.24.030(7) is not recorded and is not produced for the benefit of the borrower. Rather, it is intended as a safe harbor for the trustee in the event that it is later discovered that the purported beneficiary is not actually the note holder. Given that OneWest has come forth with the original promissory note and a declaration stating that they held the note at all times relevant to the underlying foreclosure, the beneficiary declaration required under RCW 61.24.030(7) that NWTS received would not affect the outcome of Defendants' Motion for Summary Judgment.

### 9. All Exhibits and Schedules Related to the Agreements Utilized in Exhibits 4-8.

The Schedules included in Exhibits 4-8 simply refer to the loans purchased and sold as a component of IndyMac's Purchase and Assumption Agreement. As explained in Defendants' Motion for Summary Judgment, however, *ownership* of the Note is irrelevant to the ability to foreclose. OneWest, as the *holder* of the Note is fully entitled to foreclose pursuant to the Deed of Trust Act and the U.C.C. Therefore, documents requested by the Plaintiff, intended to clarify a Purchase and Assumption Agreement, are wholly irrelevant to the Defendants' Motion for Summary Judgment concerning the Plaintiff's Complaint of 'Wrongful Foreclosure.'

### 10. Forms 1034, 1036 and MIDANET Records.

As pointed out in the Plaintiff's Response, each of these documents requested (Forms 1034, 1036 and MEDANET Records) are merely documents referred to in the Custodial Agreement between Freddie Mac, Deutsche Bank and OneWest Bank, FSB. Neither OneWest nor NWTS, however, rely upon the Custodial Agreement to establish their authority to foreclose outlined in the Defendants' Motion for Summary Judgment. Therefore, each of the documents are outside the scope and irrelevant to the Defendants' pending motion.

///

DEFENDANTS' REPLY TO
PLAINTIFF"S RESPONSE - 10 of 11

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### F. Defendants' Motion for a Protective Order does not Cause Unfair Adversity to the Plaintiff.

Plaintiff finally asserts that granting the Defendants' protective order would cause unfair adversity to the Plaintiff because the "Defendants benefit from a longer action" and will, therefore, "delay the use of the Plaintiff's civil rights of discovery."

Neither of the Plaintiff's assertions, however, are correct. The Defendants have no interest in a longer action as evidenced by their pending Motion for Summary Judgment which, if granted, ensures a quick and efficient end to the present action.

Further, the Plaintiff's 'right to discovery' does not include access to any and all documents. Rather, as evidenced by the strictures of Rule 26, discovery requests must be relevant and not unduly burdensome. Therefore, the Plaintiff's Protective Order would not infringe upon any legitimate and relevant discovery requests made by the Plaintiff; it simply ensures that the resources of the parties and the Court are not wasted needlessly.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court consider this reply in support of the pending motion for a protective order.

DATED this 27th day of May, 2011

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA #41769
Attorneys for Defendants OneWest, MERS, and Northwest Trustee Services, Inc.

DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE - 11 of 11

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131