The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re: ) NO.: C10-1952RSL
)
)
JAMES MCDONALD )
       Plaintiff ) **Plaintiff's First Ex Parte Motion for Relief**
    v ) **From Order**
ONEWEST BANK, FSB, *et al.*, )
       Defendants. ) Noting Date: June 10, 2011
)
-----------------------------------------------------------

**Comes now, Plaintiff James McDonald** and moves this Court to amend its Order Granting a Preliminary Injunction against Defendants OneWest, MERS and Northwest Trustee Services under Docket #24. Plaintiff files this motion in accordance with Federal Rules of Civil Procedure 60(b)(2)&(3) and 60(c)(1).

**FCRP 60(b): Excerpts**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, <u>order</u>, or proceeding for the following reasons:

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time…

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**FCRP 60(c)(1)**

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**II. Evidence Relied Upon**

    2.1 Notice of Default

    2.2 Declaration of Charles Boyd

    2.3 Declaration of JC San Pedro

    2.4 Communication from Deutsche Bank Trust Company

Ex Parte Motion for Amendment to Order     -1-     James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

    2.5 Custodial Agreement between Freddie Mac, Deutsche Bank Trust Co and OneWest

    2.6 Appointment of Successor Trustee

    2.7 Assignment of Deed of Trust

    2.8 Qualified Written Request and Debt Validation Demand

### III. FACTS

**3.1** The Notice of Default lists OneWest Bank as the Beneficiary (Note Owner). (Docket #17, Exhibit C)

**3.2** Defendant OneWest admitted it was not the Note Owner as shown above in the Declaration of Charles Boyd. (Docket #49).

**3.3** In the Declaration of JC San Pedro (Docket #16, Paragraph 4) he claims that OneWest was in possession of the Note.

**3.4** The subpoenaed information from Deutsch Bank Trust Company (Docket #63, Exhibit 1) shows on the bottom of Page 4 that no portion of the mortgage file was shipped to OneWest until October 6, 2010. This would be almost 9 months **after the Notice of Default** was served. Therefore OneWest was not in possession of the Note.

**3.5** Section 2(g) of the Custodial Agreement utilized as Defense's evidence (Docket #49, Exhibit 8) states, "Seller/Servicer (OneWest-added for clarification) shall hold in trust and for the sole benefit of Freddie Mac all notes released to it". This statement alone shows that OneWest is NOT the beneficiary as they claim in the Notice of Default.

**3.6** In the Appointment of Successor Trustee (Docket #1, Exhibit F) OneWest claims to be the "owner and holder of the obligation". As shown in the preceding facts OneWest was NOT the owner or the holder of the obligation. As RCW 61.24.010(2) states only the beneficiary can appoint a successor trustee. Therefore it appears Northwest Trustee Services was never properly appointed successor trustee as OneWest was never the beneficiary.

**3.7** In the Assignment of Deed of Trust, Defendant MERS purportedly transferred ownership of the Note to Defendant OneWest. However Defendant MERS was only a "nominal beneficiary" and never had ownership interest in the Note in question therefore could never transfer ownership. "Therefore MERS has no interest in the note to assign, and does not have any equitable beneficial interest in the deeds of trust or mortgages in which it has been made "nominee" of the lender." See ***Landmark National Bank v. Kesler,*** 289 Kan 528, 538, 539, 216 P.3d 158 (2009); also see ***Mortgage Electronic Registration systems, Inc. v. Nebraska Dept of Banking, etc***., 270 Neb. 529, 704 N.W. 2d 784 (2005). In addition, see Court's Memorandum Opinion in ***In re Agard***, Case No. 810-77338-reg; U.S. Bankruptcy Court, E.D.of New York

**3.8** On April 27th, 2010 Plaintiff caused to be sent to Defendants MERS, Northwest Trustee Services and OneWest a Qualified Written Request and Debt Validation Demand (Docket #17, Exhibit F). Defendant OneWest failed to appropriately validate the debt in their response to Plaintiff on May 18, 2010 (Docket #17, Exhibit G).

**3.9** The communication from Deutsche Bank Trust Company (Docket #62, Exhibit 1) states, "DBNTC acted as the Custodian for several trusts, of which these loans were a part of…" on Page 1. It further shows that the loan is part of subpool IN070227. Therefore if the loan is part of a trust, Freddie Mac is no longer the owner and has sold it as Plaintiff has alleged since his Initial Complaint. Therefore OneWest cannot be servicing it for Freddie Mac as the OWNER of the Note as was declared under the penalty of perjury in the Declaration of Charles Boyd.

### III. Arguments

**4.1 Northwest Trustee Services was never properly appointed successor trustee.** Defendant OneWest purportedly assigned Northwest Trustee as successor trustee on January 27, 2010 and recorded in King County public records on February 4, 2010 and claimed OneWest was the owner and holder of the Plaintiff's Note. OneWest has admitted that it was not the owner of the Note. Further as the Facts above clearly show it was not the holder of the note at the time these documents were signed and recorded, nor is it or has ever been the beneficiary.

**4.2 The Assignment of the Deed of Trust violates MERS Corporate Resolution (Docket #49, Exhibit 11).** Defendant MERS transferred beneficiary status of the Deed of Trust through its authorized signer, Brian Burnett, in violation of its Corporate Resolution the Defense has provided the Court. Page 2, Item 2 of the exhibit states Brian Burnet would have had the authority to execute the assignment only if the assignee is also the note-holder at the time the assignment is executed. At the time this was executed, OneWest didn't have the Note in its possession, and as shown above was not the holder as per the Custodial Agreement as discussed in 3.5 of this Motion.

**4.3 It appears to Plaintiff that the Assignment of Deed of Trust is invalid in its entirety.** First, page 1 of the MERS Corporate Resolution discussed above states that Brian Burnett should have signed the document as "assistant secretary". Second, OneWest was not the owner or holder of the Note. The actual owner of the Note is still in question as we do not know who Freddie Mac sold the loan to, only that Freddie Mac DID sell the loan as per the communication from Deutsche Bank Trust Company (Docket #62, Exhibit 1) shows us. The Assignment of Deed of Trust the defense relies upon is a nullity as it would have transferred to whomever Freddie Mac sold the Note to.

**4.4 The Notice of Default is invalid.** As shown above in Sections 3.1-3.5 OneWest was never the owner as they claimed in the Notice of Default. They were NOT the Beneficiary at the time the Notice of Default was executed and delivered as the Custodial Agreement the Defense relies upon as evidence clearly states in Section 2(g). Therefore the Notice of Default did not provide the appropriate party as Beneficiary (Note Owner) as required by RCW 61.24.030(8)(l), nor did the appropriate party execute the accompanying beneficiary declaration required by RCW 61.24.031(2).  As shown above, OneWest is NOT the owner. They have admitted to this. They are also NOT the beneficiary, their own evidence proves this. Therefore no trustee sale should ever have begun and all documents and processes relevant to the case were issued Ultra Vires and should be held as VOID.

**4.5 The debt in question is under dispute and has still not been validated by any of the Defendants.** Plaintiff served upon all the Defendants a Qualified Written Request and Debt Validation Demand (Docket #17, Exhibit F) that is supported by the Fair Debt Collection Practices Act. Defendant MERS did not respond. Defendant Northwest Trustee Services deferred to Defendant OneWest. Defendant OneWest refused to properly validate the debt in their response to Plaintiff (Docket #17, Exhibit G). It has been found by many courts that to comply with the statute and protect the consumer's rights validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. *Pacific Concrete F.C.U, v, Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980); GE Cap/fa/ *Hawaii, Inc. v. Yonenaka,* 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); *Fooks v. Norwich Housing Authority,* 28 Conn. L. Rptr. 371, (Conn. Super.2000); *Town of Brookfieid v. Candlewood Shores Estates, Inc.,* 513 A.2d 1218, 201 Conn. 1 (1986); and *Solaon v. Godbole,* 163 III. App. 3d 845, 114 III. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987). Per USC 15 1692 §809(b) all collection activities must cease until the debt had been validated. The Defendants have failed to comply with this statute and the rulings of the above referenced courts by continuing to attempt to collect a debt that is in dispute. Plaintiff firmly believes, and all the evidence shows this belief is well founded, that all parties named as defendants and Freddie Mac, a non-party, have been fully paid off or were never eligible to receive payoff of a note they never owned.

**4.6 It appears to Plaintiff with all of the new information provided by both Plaintiff and the Defense the Preliminary Injunction should be amended as follows:**

    **4.6.1 Plaintiff is no longer required to make payments into the Court.** The court ordered the Plaintiff to Pay into the Court a payment of $2,347.56 every 15th of the month to protect the defendants' business interests. Plaintiff respectfully complied with this order as the evidence against the defendants was not substantial enough at that time to request otherwise. However now the Court record shows that Defendant MERS has no beneficial interest in the loan in question. Defendant Northwest Trustee was never properly appointed successor trustee by the appropriate party with the authority to do so and therefore should never have began performing the duties as a trustee. And most importantly OneWest Bank is not the beneficiary, holder or owner of the obligation in question. Their claim that they service the loan on behalf of Freddie Mac as owner has been shown above to be untrue. Freddie Mac is not the owner of the Note as shown in the communication from Deutsche Bank Trust Company. No real party of interest has come forward to be joined or requested to be joined by the Defense as required by FCRP 17 prior to the deadline of joining additional parties. Therefore no defendant's business interests are in jeopardy. Furthermore, without the joining of the "Real Party of Interest" who can properly prove its claim, validate the debt in its entirety, including all the accounting it claims including unpaid principal, interest, fees and charges. As well as provide strict evidence all the claims of default used to invoke the power of sale originally granted to Pacific Northwest Title Insurance Company in

Plaintiff's Deed of Trust a non-judicial sale cannot be restarted at anytime in the future as ONEWEST and NWTS have proven that their statement CANNOT be relied upon to be accurate even when DECLARED TO UNDER THE PENALTY OF PERJURY.

**4.6.2 Defendant Northwest Trustee Services is enjoined from any actions as a successor trustee.** Northwest Trustee was never appropriately appointed and therefore all of its actions should be held as void and should be prohibited from taking any further action.

**4.6.3 Defendant OneWest should be enjoined from any attempt to collect upon the alleged debt unless they completely validate the debt as described above in Section 4.5, including producing whatever servicing agreement that grants them any rights whatsoever.**

### V. Relief Requested

**Wherefore, Plaintiff Requests the following Relief:**

1. That the preliminary injunction order be amended as described in 4.6 above.
2. The requirement of Plaintiff paying a bond to the court to protect the interests of the Defendants be removed.
3. That all monies previously paid into the Court be immediately refunded and released to Plaintiff.
4. That the Appointment of Successor Trustee be ordered void as described in 4.1 above.
5. That the Assignment of Deed of Trust be ordered void as described in 4.3 above.
6. That the Notice of Default be ordered void as described in 4.4 above.

### VI. Proposed Order

A proposed order will accompany this motion.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

### Certificate of Service

I hereby certify that on the 27 day of May, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald   -**
**James McDonald**
**Pro Se**

Ex Parte Motion for Amendment to Order          -5-          James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614