**The Honorable Robert S Lasnik**

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | | |
|---|---|---|
| In Re: | ) | NO.: **C10-1952RSL** |
| | ) | |
| JAMES MCDONALD | ) | |
|         **Plaintiff** | ) | |
|    v | ) | **Notice of Motion and Motion** |
| ONEWEST BANK, FSB, *et al.,* | ) | **for Leave to File Amended** |
|         **Defendants.** | ) | **Complaint** |
| | ) | **Noting Date: June 17, 2011** |
| ----------------------------------------------------------- | | |

**Notice of Motion and Motion For Leave to File Amended Complaint**

Please take notice that Plaintiff will and hereby does move for an order granting James McDonald leave to file its Amended Complaint and ordering that the Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notion of Motion and Motion for Leave to File, James McDonald's Amended Complaint, and the Proposed Order filed herewith, on all the files and records of this action, and on any additional material that may be heard through the filing of this motion.

**Memorandum of Points and Authorities**

**1. Introduction**

Through this motion, James McDonald seeks leave to file his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), 15(d) and this Courts Minute Order Setting Trial Date and Related Dates. James McDonald, acting as pro se, crafted his Initial Complaint in the best of his ability at that time, having little to no experience in litigation. This Amended Complaint adjusts the causes of actions in the appropriate pleading and with the proper elements. All Claims are based on previously plead elements in the Initial Complaint and the various motions and pleadings that are currently on record with this Court. Plaintiff, as pro se, acknowledges deficiencies in the technicalities of his Initial Complaint and seeks to remedy those pleadings appropriately to better enable the litigation to be plead and argued fairly on both sides. This is permissible under 15(d), "The court may permit supplementation even though the original pleading is defective in stating a claim or defense." This Amended Complaint also takes into account all materials and facts brought into the case since the Initial Complaint was filed. James McDonald's

amended complaint is timely and does not cause any prejudice to Defendants OneWest, Northwest Trustee or MERS and should be allowed.

## 2. Statement of Facts

James McDonald filed this lawsuit on December 3, 2010. Defendants filed an Answer to the Initial Complaint on February 4, 2011. This Court filed and Order Setting Trial Dates and Related Dates on March 29, 2011 with a deadline for amending the complaint for June 6, 2011. Plaintiff contacted Defense Counsel Heidi Buck for a telephonic conference to discuss this amended complaint and the matters of discovery on Thursday, May 26, 2011 and again on Friday, May 27, 2011. Miss. Buck sent an e-mail to Plaintiff acknowledging the voicemails but would be out of town until June 6th. Therefore Plaintiff is unable to obtain consent from the defense until after the deadline to file an amended complaint. Accordingly, James McDonald seeks an order permitting Mr. McDonald to file the proposed Amended Complaint.

## 3. Argument

### A. Leave Should be Granted to Amend the Complaint: Leave is Freely Granted

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

### B. Amendment Should Be Permitted

James McDonald's Amended Complaint is timely and should be allowed. This motion is being filed prior to that deadline. Furthermore, Mr. Mcdonald falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . .the leave sought should, as the rules require, be 'freely given.'")

Moreover Plaintiff, as a pro se litigant, is on a steep learning curve in properly pleading claims and the numerous technicalities and procedures involved with litigation. Plaintiff has made every effort to do

Motion for Leave to Amend Complaint -2- James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

things by the book and quickly works towards correcting any technical misstep he may have unknowingly made. As a pro se litigant I am entitled to some leeway as stated in Haines v. Kramer, 404 U.S. 519-421; In re: Haines, "Pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys. Regardless of the deficiencies in the pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims." Plaintiff acknowledges that he did not properly plead out the elements required in his Initial Complaint and worked diligently to obtain the knowledge required to correct his mistakes.

James McDonald offers this amended complaint in good faith and without undue delay. Since filing the original complaint, James McDonald has performed a great deal more research and educated himself further on litigation. Through the course of the case, James McDonald has found more information relating to the case and has been presented with evidence that he can utilize which the defendants have submitted to this Court and are relying upon. This information has provided additional details in his previously asserted claims. *See Coilcraft*, *Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, James McDonald's Amended Complaint was filed timely and in good faith, contains corrected and properly plead arguments and claims and contains claims similar to those originally asserted and does not prejudice the defendants named in the complaint. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Plaintiff's Motion should be granted.

**4. Conclusion**

For the reasons discussed above, Plaintiff respectfully seeks the leave of this Court to file the proposed Amended Complaint.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

**Certificate of Service**

I hereby certify that on the 3rd day of June, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:
Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

Motion for Leave to Amend Complaint -3- James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614