The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

JAMES MCDONALD,

        Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No.  C10-1952 RSL

**DEFENDANTS ONEWEST, MERS,
AND NWTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL
INFORMATION IN RESPONSE TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR:
June 3, 2011**

## I.  INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants"), by and through their attorney of record, Heidi E. Buck and Routh Crabtree Olsen, P.S., and respond to the Plaintiff's Motion for Leave to File Supplemental Information in response to Defendants' Motion for Summary Judgment and Motion for Protective Order pursuant to Rule 15(d). Defendants respectfully request that the Plaintiff's motion be denied.

## II. ARGUMENT

Although it is under no obligation to do so, Federal Rule of Civil Procedure 15(d) permits

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   this Court to grant a party leave to supplement a previously filed pleading if: (1) the pleader

2   desires to "set forth allegations concerning matters which have taken place since the original

3   pleading was filed" and (2) "the supplement [is] not futil[e]." *Eid v. Alaska Airlines, Inc,* 612

4   F.3d 858, 874 (9th Cir. 2010); *Nance v Ricoh Elecs. Inc.,* 381 Fed. Appx. 919, 923 (11th Cir.

5   2010); *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222(1962); *Weeks v. New*

6   *York State,* 273 F.3d 76, 88 (2d Cir. N.Y. 2001). Under F.R.C.P.7(a), "pleading" includes the

7   following: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim

8   designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an

9   answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

10          Plaintiff's present motion does not seek to supplement any pleading and does not meet

11   any of the Court's above requirements and, therefore, his motion for leave pursuant to Rule 15(d)

12   should be denied.

13   **A.      PLAINTIFF DOES NOT SEEK TO SUPPLEMENT ANY PLEADING.**

14          Under F.R.C.P.7(a), "pleading" includes the following: (1) a complaint; (2) an answer to

15   a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a

16   crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the

17   court orders one, a reply to an answer.

18          Plaintiff, in the present case, does not seek to supplement his Complaint. Rather, he seeks

19   to supplement his responses to Defendants' Motion for Summary Judgment and Motion for

20   Protective Order. Because the responsive documents to Defendants' Motions are not pleadings

21   under F.R.C.P. 7(a), F.R.C.P. 15 is inapplicable to the documents Plaintiff seeks to amend.

22   //

23   //

24   //

25   //

26   ///

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**B.     PLAINTIFF'S SUPPLEMENTAL PLEADING DOES NOT CONCERN ANY EVENT THAT OCCURRED AFTER THE FILING OF THE INITIAL COMPLAINT OR PLAINTIFF'S FILING OF HIS RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT OR MOTION FOR PROTECTIVE ORDER.**

Federal Rule of Civil Procedure 15(d) reads, in relevant part, that a party may request leave to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Even if the Court construed Plaintiff's motion as applicable under F.R.C.P. 15, the motion must be denied because Plaintiff seeks to supplement the responses with information concerning an event that occurred prior to the filing of the responses. Plaintiff seeks to supplement his responses to Defendants' Motion for Summary Judgment and Motion for Protective Order, with a communication he received from Deutsche Bank National Trust Company ("Deutsche Bank") alleged to concern: (1) an supposed improper or incomplete "transfer [of] holder status [from Deutsche Bank] to OneWest Bank", (2) ownership and serving rights of the Plaintiff's note at the time of foreclosure and (3) an alleged sale of the Plaintiff's note by Freddie Mac.

Each of these actions, however, according to the very Deutsche Bank communication included in the Defendant's motion, took place on or before October 6th, 2010; two months before the Plaintiff filed his Complaint in December of 2010, five months before Defendants filed their Motion for Summary Judgment, and seven months before Defendants filed their Motion for Protective Order.

The Plaintiff's supplement, thus, concerns conduct "which happened...before [his] ...first complaint...[and can] not, therefore, be brought as supplemental pleadings under Rule 15(d). *See, e.g. Cabera v. City of Huntington Park*, 159 F.3d 374 382 (9th Cir. 1998); *U.S. for Use of Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963) ("Since the additional allegations in appellant's 'amended complaint' related to events which happened since the date of the pleading sought to be

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 3 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    supplemented, Rule 15(d), Federal Rules of Civil Procedure, was applicable").

2    **B.**    **PLAINTIFF'S SUPPLEMENTAL PLEADING DOES NOT INCLUDE**

3    **ADDITIONAL ALLEGATIONS.**

4    Rule 15(d) "provides a mechanism for parties to file additional causes of action based upon

5    facts that didn't exist when the original complaint was filed." *Cabrera v. City of Huntington Park,*

6    159 F.3d 374, 382 (9th Cir. 1998). It does not, however, simply allow Plaintiffs "to use Rule 15 to

7    allow ... additional facts into the record." *Summers v. Earth Island Inst.,* 555 U.S. 488 (U.S. 2009).

8    In the present case, however, this is precisely what the Plaintiff is attempting. No information

9    contained in the Supplemental Material provided by the Plaintiff provides the grounds for any

10    "additional cause of action." *Id.* In fact, every cause of action included in the present motion is also

11    present, word for word, in the originally filed complaint. Therefore, Rule 15(d) is inapplicable to the

12    present motion and the Plaintiff's request for leave should be denied.

13    **C.**    **PLAINTIFF'S SUPPLEMENTAL CLAIMS ARE INACCURATE, IRRELEVANT**

14    **AND FUTILE.**

15    It has been well established by a number of federal courts that Rule 15(d) motions

16    attempting to include irrelevant supplemental material or futile supplemental claims should be

17    denied. *See e.g. Nance v. Ricoh Elecs., Inc.,* 381 Fed. Appx. 919, 923 (11th Cir. Ga. 2010) ("there

18    must be a substantial reason to deny a [15(d)] motion....such as....futility"); *Weeks v. New York*

19    *State,* 273 F.3d 76, 88 (2nd Cir, N.Y. 2001); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9

20    L. Ed. 2d 222 (1962)("district court may deny leave ...when amendment is futile"). The claims in

21    Plaintiff's present motion are futile because they, even if accepted as true, would have no effect

22    on the Defendant's authority to foreclose or any other claim presented in the Plaintiff's

23    Complaint.

24    As outlined in the Defendants' Motion for Summary Judgment, Defendant OneWest

25    derives its authority to enforce the Plaintiff's Note due to its status as "holder" of the Note. Both

26    the Uniform Commercial Code, as adopted in Washington, and the Washington Deed of Trust

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 4 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Act authorize the "holder" of a Note to enforce it. *See* RCW 62A.3-301 ("Person entitled to

2    enforce an instrument means: (i) the holder of the instrument"); RCW 61.24.2005 ("Beneficiary

3    means the holder of the instrument").

4        "Holder," with respect to a negotiable instrument, means the "person in possession" and

5    it is undisputed that "OneWest has been in actual possession or in possession through its

6    custodian" of the Plaintiff's Note since March 2009." RCW 62A.1-201(20). Defendants' Motion

7    for Summary Judgment 8. Thus, by definition, OneWest is the holder of the Plaintiff's Note and,

8    therefore, entitled to enforce it.

9        None of the above claims are disputed by the Plaintiff's present motion. Instead, it

10   includes only a number of allegations that, even if true, are wholly irrelevant to the Defendants'

11   authority to foreclose. They center around two issues: (1) ownership of the note and (2) servicing

12   rights to the note.

13                     **1.     Ownership of the Note.**

14       Initially, it is relevant to note that ownership of the Plaintiff's Note is entirely irrelevant

15   to the Defendants' ability to enforce it. In fact, the Uniform Commercial Code explicitly

16   indicates that an individual may "enforce the instrument *even though the person is not the owner*

17   *of the instrument* or is in wrongful possession of the instrument." RCW 62A.3-301. Further,

18   there is no provision of Washington law that requires a beneficiary to produce evidence to a

19   borrower relating to a Note's 'Chain of Title' in order to enforce it.

20       Nevertheless, the Plaintiff's present motion alleges that: (a) Freddie Mac is not the Owner

21   of the Plaintiff's Note, (b) Freddie Mac sold the Plaintiff's Note and, therefore (c) RCW 62A.3-

22   309 precludes the Defendants from foreclosing.  Each of these allegations are both inaccurate,

23   and, because they concern only the ownership of the Plaintiff's Note, are irrelevant and futile.

24                *a.     Freddie Mac is the Owner of the Plaintiff's Loan.*

25       The Plaintiff's motion asserts, because "DBTC identifies Freddie Mac as a

26   servicer[,that]…Freddie Mac is not the owner of the Note in question." Plaintiff's Motion 2.

---

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 5 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The letter, in fact, identifies "OneWest Bank/Freddie Mac" as servicer. *See* Plaintiff's

Motion. In accordance with Defendants' position, Deutsche Bank identified OneWest Bank as

servicer. As discussed throughout this Opposition and the many memorandums on file with the

Court in this matter, a party need not be the note owner to enforce it. Accordingly, Plaintiff's

assertions relating to Freddie Mac's ownership are wholly irrelevant to the ability to enforce the

note.

The Plaintiff's conclusion is also contrary to a number of records on file with the Court

evidencing Freddie Mac's ownership of the Plaintiff's loan. *See e.g.* Dkt. 49, Defendants Motion

for Summary Judgment, Exhibit 11, Custodial Agreement ("OneWest...agrees to sell Mortgages

to Freddie Mac"). It is, further, contrary to the sworn statement of Charles Boyle, Vice President

of OneWest Bank, who has personal knowledge of the status of OneWest's loans, including the

Plaintiff's Note. *See* Declaration of Charles Boyle ("Indymac Bank, FSB sold Plaintiff's Note to

...Freddie Mac"). Therefore, the Plaintiff's assertion cannot be accepted and should not be

allowed as an aspect of a Rule 15(d) supplement.

### b.    *Freddie Mac has Not Sold the Plaintiff's Loan.*

The Plaintiff's motion additionally asserts that, because the Plaintiff's communication

from Deutsche Bank indicates that the Plaintiff's loan is in a 'sub-pool', there is "explicitly clear

evidence that Freddie Mac indeed sold the note." Plaintiff's Motion 3. Placing loans in a sub-

pool, however, is simply a method of organizing and structuring a pool of securitized loans, and

in no way necessarily evidences that the Plaintiff's Note has been sold nor, even if the Plaintiff's

loan was sold by Freddie Mac, would it impact the Defendants' authority to foreclose.

### c.    *RCW 62A.3-309 is Inapplicable.*

Plaintiff's motion, finally, argues that the requirements of RCW 62A.3-309 prohibit

foreclosure and prevent the Court from ruling on the Defendant's Summary Judgment Motion.

RCW 62A.3-309, however, is a statute that outlines the requirements for "a person...not in

possession of an instrument" (because it has been "lost, destroyed or stolen") to foreclose. It is,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 6 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    therefore, not applicable to OneWest or the present foreclosure. The Plaintiff's note was never

2    "lost, destroyed or stolen" and it is undisputed that "OneWest has been in actual possession of or

3    in possession through its custodian....since March 2009." Dkt. 49, Defendant's Motion for

4    Summary Judgment. Therefore, even if, as asserted by the Plaintiff, Freddie Mac had sold the

5    Plaintiff's note, RCW 62A.3-309 does not prohibit the Plaintiff's Summary Judgment Motion or

6    foreclosure by OneWest.

7              **2.      Servicing Rights to the Plaintiff's Note.**

8          The Plaintiff's Motion additionally asserts that: (a) "OneWest...lacks standing as the

9    servicer for Freddie Mac", (b) Deutsche Bank "sent documents to OneWest...for servicing" and,

10   therefore, (c) OneWest has not been "transferred holder status." Plaintiff's Motion 2. Each of

11   these allegations, too, are incorrect and irrelevant to OneWest's status as 'holder' of the

12   Plaintiff's Note.

13             ***a.      OneWest Bank is the Servicer of the Plaintiff's Note.***

14         Plaintiff's motion alleges that OneWest "lacks standing as the servicer" of the Plaintiff's

15   Note. *Id.* This allegation, however, is contradicted by a number of documents that the Court may

16   take judicial notice of.

17         For example, the Custodial Agreement concerning the Plaintiff's loan explicitly identifies

18   "OneWest Bank, FSB as ...servicer" of the loan. Dkt. 49, Defendants' Motion for Summary

19   Judgment, Custodial Agreement. Similarly, the Declaration of Charles Boyle explains that

20   "OneWest is the current servicer for Freddie Mac." Declaration of Charles Boyle 2. In fact, even

21   the Plaintiff's motion alleges that "documents were sent to "OneWest Bank for *servicing*."

22   Plaintiff's Motion 2.

23         Therefore, the Plaintiff's claim concerning the servicing rights of OneWest bank is futile

24   and should not be allowed to be included in a Rule 15(d) supplemental pleading.

25   //

26   ///

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 7 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

   b.   *Deutsche Bank did not Transfer Documents to OneWest for 'Servicing.'*

Plaintiff's motion concedes that Deutsche Bank transferred documents to OneWest, but claims they did not transfer 'holder status' and instead were meant only for "servicing." Plaintiff's Motion 2. The Plaintiff's claim, however, is contradicted by the actual Deutsche Bank communication which indicates that the "reason" for transfer was "foreclosure." *See* Plaintiff's Motion, Exhibit 1, 3. It is, further, contradicted by the fact that OneWest is presently in possession of the Plaintiff's Note which grants, in and of itself, holder status to OneWest.

   c.   *The Transfer of Documents From Deutsche Bank to One West is Irrelevant to the Defendants' ability to Foreclose.*

The Plaintiff asserts that, because Deutsche Bank transferred documents to OneWest for 'servicing', it did not transfer 'holder' status. This, however, is irrelevant to OneWest's authority to foreclose. Even if Deutsche Bank transferred nothing to OneWest, OneWest would still have the authority to foreclose. "As part of the serving agreement...OneWest has possession of the Note through a document custodian, Deutsche Bank National Trust Co." Defendant's Motion for Summary Judgment 3. Thus, even if Deutsche Bank retained all documents relevant to the Plaintiff's loan, because Deutsche Bank is OneWest's custodian, OneWest would still be in possession of those documents and "entitled to...initiate foreclosure."*Id.*

## VI.   **CONCLUSION**

The Plaintiffs present motion is not covered by Federal Rule 15(d), and even if liberally construed to fall within F.R.C.P. 15(d), it does not comport with the strictures of Federal Rule 15(d). It does not include allegations of conduct that occurred after the Plaintiff's Complaint and the supplemental material it intends to include is inaccurate and legally futile. Therefore, and based on the foregoing, Defendants respectfully request that the court deny the Plaintiff's Motion for Leave pursuant to FRCP 15(d).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PROTECTIVE ORDER - 8 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## VII. **PROPOSED ORDER**

A proposed order granting the relief requested accompanies this motion.

DATED this 6th day of June, 2011.

ROUTH CRABTREE OLSEN, P.S.

By:   /s/ Heidi E. Buck
      Heidi E. Buck, WSBA No. 41769
      Attorneys for Defendants OneWest, MERS,
      and Northwest Trustee Services, Inc.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND PROTECTIVE ORDER - 9 OF 9
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131