The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>　　　　　Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NORTHWEST TRUSTEE SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ORDER PURSUANT TO FRCP 60(b)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**June 10, 2011** |

## I. INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants"), by and through their attorneys of record, Heidi E. Buck and Routh Crabtree Olsen, P.S., and oppose Plaintiff's Motion to Amend the Preliminary Injunction Order pursuant to Fed. R. Civ. P. 60. Defendants respectfully request that the Plaintiff's motion be denied.

## II. ARGUMENT

Federal Rule of Civil Procedure 60(b) permits the Court to grant a party leave from a "final judgment order or proceeding" if the motion presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 1 of 7
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

trial,...fraud...[, or for] a reason that justifies relief." F.R.C.P. 60. The Plaintiff's present motion to amend the Court's preliminary injunction order does not meet the above requirements: Preliminary Injunction Orders are not 'final orders' that may be amended pursuant to a Rule 60(b) motion and all allegations included in the Plaintiff's motion are inaccurate, irrelevant and do not justify the relief requested. Therefore, the Plaintiff's motion should be denied

### A.   FEDERAL RULE OF CIVIL PROCEDURE 60(B) IS INAPPLICABLE TO PRELIMINARY INJUNCTION ORDERS.

The Plaintiff's Motion seeks to amend this Court's preliminary injunction order pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b), however, only permits the court to relieve a "party from a...<u>final</u> judgment, order or proceeding."

A preliminary injunction order is not a final judgment, order or proceeding as explained by the Court in *Prudential Real Estate Affiliates Inc., v. PPR Realty Inc*:

> A preliminary injunction is not a "final judgment, order, or proceeding" that may be addressed by a motion under Fed. R. Civ. P. 60(b). 28 U.S.C.S. § 1292(a)(1)[1] indicates that orders granting preliminary injunctions are interlocutory orders. 204 F.3d 867 (9th Cir. Cal. 2000)

FRCP 60(b) is, therefore, inapplicable to the Plaintiff's present motion seeking an amendment to and relief from this Court's order of preliminary injunction and should be denied.

### B.   ONEWEST HAS BEEN THE HOLDER OF THE NOTE AT ALL TIMES RELEVANT TO THE FORECLOSURE.

The Plaintiff's motion includes a number of allegations based upon the premise that OneWest was not the holder of the Plaintiff's Note during a number of stages in the foreclosure process. These claims are, however, simply inaccurate. OneWest has been "in actual possession or in possession through its custodian since March of 2009." Dkt. 49, Declaration of Charles Boyle 3; *See also* Custodial Agreement as Exhibit 8 to Defendants' MSJ.

Therefore: (1) Northwest Trustee Services was properly appointed successor trustee, (2)

---

[1] 28 U.S.C.S. § 1292(a)(1) reads, in relevant part, that "the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders...granting continuing, modifying refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 2 of 7
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

the Plaintiff's Notice of Default is Valid and (3) the Assignment of the Plaintiff's Deed of Trust is Valid.

### 1. Northwest Trustee Services was properly appointed successor trustee.

The Plaintiff's motion asserts that because Deutsche Bank National Trust Co. ("Deutsche Bank") shipped "no portion of the mortgage file...to OneWest until October 6, 2010" and "OneWest ...assigned Northwest Trustee as successor trustee on January 27, 2010," the Plaintiff alleges, "OneWest...was not the holder of the note at the time" of the appointment. Plaintiff's motion 2-3.

This allegation, however, evidences only a misunderstanding of the nature of OneWest's 'possession via custodian' and of the servicing agreement concerning the Plaintiff's loan. "As part of the servicing agreement...OneWest has possession of the Note through a document custodian, Deutsche Bank National Trust Co." Defendant's Motion for Summary Judgment 3. Thus, even if Deutsche Bank had not shipped *any* documents to OneWest, OneWest would still be considered in possession of those documents and, therefore, "entitled to....initiate foreclosure" or appoint Northwest Trustee Services as Successor Trustee. *Id.*

### 2. The Plaintiff's Notice of Default is Valid.

The Plaintiff similarly asserts that "the Notice of Default is invalid because ...OneWest was...not the beneficiary at the time the Notice of Default was executed", January of 2010. Plaintiff's Motion 3. OneWest, however, took possession of the Plaintiff's Note, through its custodian, in March of 2009, prior to the execution of the Notice of Default. Declaration of Charles Boyle 4; *See also* Defendants' Motion for Summary Judgment, Exhibit 8, Custodial Agreement.

Further, the Washington Deed of Trust Act ("DTA") defines "Beneficiary" to mean "the holder of the instrument." RCW 61.24.2005. Therefore, OneWest was, as the holder of Plaintiff's Note was therefore the beneficiary of the Plaintiff's Note at the time the Notice of

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 3 of 7
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Default was executed. Accordingly, as a result of being the holder <u>and</u> beneficiary of Plaintiff's Note they are "entitled to...initiate foreclosure upon the borrower's default." *Id*; Declaration of Charles Boyle 4.

### 3. The Assignment of the Plaintiff's Deed of Trust is Valid.

Plaintiff finally asserts that "OneWest was not the owner...of the Note" because "Freddie Mac sold the Note" and, therefore "the Assignment of Deed of Trust...is a nullity." Plaintiff's Motion 3.

Initially, it is meaningful to note that ownership of the Plaintiff's Note is entirely irrelevant to the Defendants' ability to enforce it. In fact, the Uniform Commercial Code explicitly indicates that an individual may "enforce the instrument *even though the person is not the owner of the instrument* or is in wrongful possession of the instrument." RCW 62A.3-301. Therefore, simply because OneWest is, in fact, in possession of the Plaintiff's Note, regardless of ownership, it is entitled to enforce it.

Further, the Plaintiff's assertion that Freddie Mac sold the Plaintiff's Note and is not the present owner is not accurate. *See e.g.* Defendants Motion for Summary Judgment, Exhibit 8, Custodial Agreement ("OneWest...agrees to sell Mortgages to Freddie Mac"); Declaration of Charles Boyle ("Indymac Bank, FSB sold Plaintiff's Note to ...Freddie Mac").[2]

## C. THE PLAINTIFF'S ASSIGNMENT OF DEED OF TRUST COMPORTS WITH THE REQUIREMENTS IN MERS' CORPORATE RESOLUTION.

Plaintiff's motion claims that the Defendants' Assignment of the Deed of Trust is invalid because it does not comply with MERS' Corporate Resolution in two ways.

First, the Plaintiff asserts that MERS' Corporate Resolution requires MERS to transfer a mortgage lien only to a 'note holder'. However, as previously outlined, OneWest was, in fact, in possession of and the holder of Plaintiff's Note, through its custodian Deutsche Bank National

---

[2] Securitization does not preclude foreclosure, and foreclosures are routinely and justifiably conducted by trustees of securitized mortgages. *Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F. Supp. 2d 636, 641, 2010 WL 1444026 (E.D. Va. 2010).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 4 of 7
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Trust Co., at the time of the assignment.[3]

Second, the Plaintiff's motion claims that the assignment violates MERS' Corporate Resolution because Brian Burnett should have signed the document as "assistant secretary" when he, in fact, signed it as "vice president." Mr. Burnett's signature as "vice president", however, does not invalidate the assignment nor is it in violation of MERS Corporate Resolution which "appointed [Mr. Burnett] as assistant secretar[y] *and* vice president...of MERS", and in either capacity he is authorized "to ...assign the lien of any mortgage." Dkt. 49, MERS Corporate Resolution 1, Exhibit 11 to Defendants' MSJ.

Finally, the Plaintiff's motion implies, in its 'Statement of Facts' that MERS may not be entitled to transfer a Deed of Trust at all.[4] This, however, is simply against the weight of precedent. *See Morgera v. Countrywide Home Loans Inc,* 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, *8 (E.D. Cal. Jan 11, 2010); *Trent v. Mortgage Elec. Registration Sys., Inc.,* 288 Fed. Appx. 571 (11th Cir. 2009). In fact, all authority cited by the Plaintiff concerns only the transfer of ownership of a Note and not a Deed of Trust and is, therefore, irrelevant to the present action.

D. **DEFENDANTS APPROPRIATELY ADDRESSED THE PLAINTIFF'S VALIDATION REQUEST.**

---

[3] An assignment of deed of trust is not what confers beneficiary status and is not what OneWest relied upon to confer it beneficiary status in this case. *See* RCW 61.24. *et seq.*

[4] Plaintiffs rely on a number of cases outside of this jurisdiction in support of their attack on MERS. *See Landmark Nat. Bank v. Kesler,* 289 Kan. 528, 216 P.3d 158, 2009 WL 2633640 (2009); *MERS v. Nebraska Dept. of Banking, etc.,* 270 Neb. 529, 704 N.W. 2d 784 (2205); *In re Agard,* Case No. 810-77338-reg. *Landmark* is distinguishable. The *Landmark* Court analyzed the case from the perspective of MERS' rights. It settled the question of whether MERS, as the nominee on a second mortgage, was entitled to have a default judgment relating to the foreclosure of the first mortgage set aside when MERS did not receive any notice of the foreclosure by the holder of the first mortgage. The Court upheld a lower court's finding that MERS was not a contingently necessary party in a mortgage foreclosure action. The holding in *Landmark* has been specifically rejected in other jurisdictions and by subsequent case law in Kansas. *See Chilton v. Fannie Mae,* 2009 U.S. Dist. LEXIS 129577 (E.D. Cal. Dec. 22, 2009); *Newbeck v. Wash. Mut. Bank,* 2010 U.S. Dist. LEXIS 3830 (N.D. Cal. Jan. 19, 2010); *Blau v. America's Servicing Co.,* 2009 U.S. Dist. LEXIS 90632 (D. Ariz. Sept. 28, 2009); *Marty v. Mortgage Elec. Registration Sys.,* 2010 U.S. Dist. LEXIS 111209 (D. Utah Oct. 19, 2010); *McGinnis v. GMAC Mortg. Corp.,* 2010 U.S. Dist. LEXIS 90286 (D. Utah Aug. 27, 2010); and *Martinez v. Mortg. Elec. Registration Sys. (In re Martinez),* 2011 Bankr. LEXIS 493 (Bankr. D. Kan. Feb. 11, 2011).

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 5 of 7
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The Plaintiff's motion asserts that "OneWest refused to properly validate the debt in their response" to the Plaintiff's request for validation sent pursuant to the Fair Debt Collection Practice Act (FDCPA). Plaintiff's motion 2. The FDCPA's validation requirement is, however, inapplicable to the Plaintiff's request.

As explained in the validation letter sent to the Plaintiff, the request in question was overly broad, unduly burdensome, did not outline any specific reasons indicating why the borrower believes his account is in error as required by the FDCPA and, therefore, did not constitute a Qualified Written Response requiring a validation under the FDCPA. Thus, the Defendant's response, which provided the Plaintiff with a copy of the Deed of Trust and contact information for further validation requests, was more than what is required of the Defendants by the FDCPA.

### E. MONTHLY PAYMENTS REQUIRED UNDER RCW 61.24.130 WHILE A PRELIMINARY INJUNCTION IS IN PLACE ARE NOT DISCRETIONARY.

"The court **shall** require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130. (Emphasis added). Accordingly, the court does not have the discretion to relieve Plaintiff of the obligation to make monthly payments into the court registry while the injunction is in place.

### VI. CONCLUSION

As a matter of procedure, Federal Rule 60(b) bars the Plaintiff's present attempt to amend an interlocutory order. Even if it were sound as a matter of procedure, however, the substantive claims included in the present motion are inaccurate and inadequate to justify the requested relief. Therefore, and based on the foregoing, Defendants respectfully request that the Court deny the Plaintiff's motion pursuant to F.R.C.P. 60(b).

//

///

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 6 of 7
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## VII. PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

DATED this 6th day of June, 2011.

        **ROUTH CRABTREE OLSEN, P.S.**

        By: /s/ Heidi E. Buck
           Heidi E. Buck, WSBA No. 41769
           Attorneys for Defendants OneWest, MERS, and Northwest Trustee Services, Inc.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND
ORDER - 7 of 7
CASE NO. C10 – 1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131