**The Honorable Robert S Lasnik**

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In Re: ) | NO.: **C10-1952RSL** |
| ) | |
| **JAMES MCDONALD** ) | **Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion to File Supplemental Information** |
| Plaintiff ) | |
| v ) | |
| **ONEWEST BANK, FSB,** *et al.,* ) | Noting Date: June 10, 2011 |
| Defendants. ) | |
| ) | |

**Comes now**, Plaintiff James McDonald and filed this reply to defendants' opposition to his Motion to File Supplemental Information.

**Rebuttal of Defense's Arguments**

A. **Defense Claims Plaintiff Does not Seek to supplement any pleading**

A motion for summary judgment proceeding is considered a trial. The defense's motion for summary judgment took on the role as a response to Plaintiff's Initial Complaint. The defense made allegations within their motion for summary judgment. Plaintiff responded to their pleadings set forth within the motion. Therefore this Motion to File Supplemental Information is for a pleading.

B. **Defense Claims Plaintiff's Supplemental Pleading does not concern any event that occurred after…**

This is also incorrect. The event, as described within the initial motion to file for supplemental information, was the obtaining of said information. The defense has sought to prevent Plaintiff from discovery and is now simply trying to avoid the truth to be heard by this Court.

Rule 15(d) does not stipulate that the event or occurrence has to be a further violation of the Plaintiff's civil rights. It only designates that it has to have happened after the party had already filed their respective document or oral argument. Plaintiff received the document he seeks to file with his Response to the Motion for Summary Judgment after he had filed the response. Therefore the event,

Plaintiff's receipt of the document in question, occurred after the filing of the response and falls under the requirements of 15(d).

**C. Defense Claims Plaintiff's Supplemental Pleading does not include additional allegations…**

Rule 15(d) does not stipulate that an additional cause of action has to be filed to allow supplemental information to be heard.

**D. Defense Claims Plaintiff's Supplemental Claims are inaccurate, irrelevant and futile.**

1. **The evidence provided is not futile.** Defense claims that the evidence brought forth in the Motion to File Supplemental Information is futile. That is most certainly not correct. Defendant OneWest claims to have the authority to become holder through the owner of the note, whom they claim to be Freddie Mac. The evidence the Plaintiff has provided shows that Freddie Mac is not the owner of the note and therefore could not give OneWest the authority to be the holder.

2. On page 5, paragraph 2 of the Defense's Response they claim that it is undisputed that OneWest is the holder of the Note. Where has the defense been through the entire case? This claim has been disputed by Plaintiff from day one. Defense includes a quote from the Declaration of Charles Boyd that OneWest has been the holder through "its custodian" since March, 2009. First, the Custodial Agreement (Docket #49, Exhibit 8) was signed on May 12, 2009. Mr. Boyd does not even have his dates corresponding with the evidence supplied by the Defense to the court. Second, as the Custodial Agreement states, "Notes to be held in custody for Freddie Mac", shows that the custodian is NOT OneWest's custodian but Freddie Mac's. Therefore Deutsche Bank National Trust Company is not and was never OneWest's custodian. Section 2(g) of the document further states, "Seller/Servicer shall hold in trust and for the sole benefit of Freddie Mac all notes released to it."

3. Defense again goes to 62A.3-301 as proving their claim of holder status for OneWest. As the law the defense relies upon reads they would either have to be the holder or a non-holder in possession of the instrument with the rights to the holder. As described in the paragraph above, OneWest is not the holder. They are to be keeping the Note to the benefit of another party. It firmly states that they are not the beneficiary. Therefore under RCW 61.24 et al OneWest cannot initiate foreclosure. Further, (ii) of 62A.3-301 says "a nonholder in possession of the instrument who has the rights of a holder" is a person to enforce the instrument. Once again, the defense has provided no evidence whatsoever that OneWest has been given this right. In point of fact they have repeatedly refused to provide the only document, the servicing agreement that could possibly give them that right.

   1. "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or…"

4. 62A.3-301 does in fact say a person might be able to enforce the note even if they are in wrongful possession of it. However that is why it says MAY and not IS. The law allows for those claims to be challenged. Otherwise, a thief, con-artist or an unethical mortgage servicer could get away with taking anyone's property simply by making false claims of being a holder.

5. **Freddie Mac IS NOT the owner of Plaintiff's Note.**
    1. The defense in their argument that the owner of the note doesn't matter is completely ridiculous. RCW 62A.3-309 states the Court cannot rule in favor of a party if another party has the rights to enforce an instrument. Defendant OneWest has wrongfully claimed holder status of a note it does not own and is not attempting to enforce on behalf of the owner of the note. Therefore this statute most certainly applies.
    2. The evidence presented in the Motion for Supplemental Information clearly states that the Note in question is part of a trust. Docket #62, Exhibit 1, Page 1, Paragraph 3 states, "Please also note that DBNTC acted as custodian for several trusts, **of which these loans were a part of**.." Therefore Freddie Mac is not the owner as Charles Boyd claimed. The defense blithely ignores this statement in claiming that the document doesn't claim that the loans were sold into a trust.
    3. The defense has made a serious mistake in her argument that Freddie Mac has not sold the loan. Defense agrees in Page 6, paragraph 3, "Placing loans in a sub-pool, however, is simply a method of organizing and structuring a pool of securitized loans…" This statement backs up Plaintiff's claim that the loan was sold into a mortgage backed security. Freddie Mac sells the notes they obtain into an MBS as their website states. Therefore Freddie Mac SOLD THE NOTE.
    4. The Defense claims that Plaintiff is incorrect in stating that the file was withdrawn for servicing. However, that too is incorrect. AS previously stated in the original motion, Page 4 of the evidence in question states under "Loan File Transactions" that the file was "Withdrawal of file for servicing". Deutsche Bank does not monitor servicer actions so is in no way knowledgeable that OneWest was making false claims of ownership as shown in the Notice of Default and Appointment of successor trustee and subsequently violating the custodian agreement by claiming to be the beneficiary. Therefore when OneWest requested the documents with the reason of "foreclosure" Deutsche Bank would have no reason to doubt them.
    5. On Page 8 paragraph 2 the defense once again relies on a servicing agreement they refuse to provide in order to give their claim of acting as holder of the note credence. If this document actually provided the rights of a holder as required by RCW 62A.3-301 they would likely have already provided it.

E. **Whether a Motion for Supplemental Information or filing a Memorandum the Evidence provided is important to the matter at hand.**

Plaintiff, acting as pro se, chose what seemed the most logical approach to filing the additional information that is extremely important to be considered before reaching a judgment on the Defendants Motion for Summary Judgment. While Plaintiff maintains that the motion for summary judgment is untimely as described in the first section of his response, Plaintiff wants the Court to have

as many of the facts as possible before reaching a decision. As the defendants have blatantly refused to cooperate with the Plaintiff, Rule 15(d) seemed most logical in filing additional information. If it would have been more appropriate to file the motion for supplemental information as a memorandum of some sort that is one thing. The result would be the same. The evidence provided by the Plaintiff in the motion for leave to file supplemental information clearly disproves the defense's claims that Freddie Mac is the owner of the note in question, just as it has been proven that defendant OneWest is not the owner of the note as they previously claimed.

## Conclusion

Wherefore Plaintiff humbly and respectfully requests the Court allow the supplemental information to be considered in the Court's ruling on the defendants untimely motion for summary judgment.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

### Certificate of Service

I hereby certify that on the 8 day of June, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:
Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald   -**
**James McDonald**
**Pro Se**