**The Honorable Robert S Lasnik**

**JAMES MCDONALD**
**14840 119th PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In Re: ) | NO.: **C10-1952RSL** |
| ) | |
| **JAMES MCDONALD** ) | **Plaintiff's Reply to Defendants** |
| Plaintiff ) | **Response to Plaintiff's Motion** |
| v ) | **to Amend Court Order** |
| **ONEWEST BANK, FSB,** *et al.,* ) | Noting Date: June 10, 2011 |
| Defendants. ) | |

**COMES NOW,** Plaintiff James McDonald and files this reply to Defendants OneWest, MERS and Northwest Trustee Services' response to Plaintiff's motion to amend court order.

**Argument**

**I. Federal Rule 60(b) appears to apply for this Motion**

Federal Rule 60(b) allows for amendments to be made on [final judgments], [orders] or [proceedings]. It appears to Plaintiff the authors of the Rules of Civil Procedure never meant for the word "final" to be used for anything but judgments. If they had, they would have used a colon after the word "final" as would be appropriate in English grammar. A colon represents a list of items to be included under the preceding word or category. Instead they separated the writing by separating the words final judgment from the rest of the list. Therefore it appears to Plaintiff that Rule 60(b) does indeed apply. Plaintiff, as pro se, reviewed the rules and chose Rule 60 as the most logical choice for this type of motion. The research Plaintiff made on this subject did not appear to contradict that choice. Should the rule be inapplicable, Plaintiff respectfully moves the Court to consider the motion on its grounds and grant the requested relief.

**II. OneWest has NOT been the holder of the note per the law and their own evidence they rely upon.**

OneWest's claims that they have been the holder of the note throughout the course of the foreclosure is simply untrue.

1. The declaration of Charles Boyd claims that they have been the holder of the note through OneWest's custodian since March of 2009. First, the custodial agreement (Docket 49, Exhibit 8) was not even executed until May 12, 2009. Mr. Boyd needs to check his facts before making a declaration under the penalty of perjury. Second, the custodial agreement clearly states in Section 2(c) "Upon receiving the notes to be held in custody for Freddie Mac..." Section 2(g) further states in relation to any note released to OneWest that, "Seller/Servicer shall hold in trust and **for the sole benefit** of Freddie Mac…" Deutsche Bank is Freddie Mac's custodian, not OneWest's. The evidence the defense relies upon directly states that Deutsche Bank is not OneWest's custodian.

2. As the preceding paragraph indicates, OneWest is not a beneficiary of any notes governed by the Custodial Agreement. Therefore their claim of being the beneficiary is false. Plaintiff has no misunderstanding of the agreement as it states the truth explicitly. Plaintiff utilizes direct quotes rather than patchwork quotes that don't exist as the Defense did in their Reply to Plaintiff's Response on the Motion for Protection Order.

3. The regulation the defense is apparently hanging its hat on supports Plaintiff's arguments. RCW 62A.3-301. "Person entitled to enforce and instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder…" OneWest is not the holder of the instrument per the custodial agreement. They are merely a caretaker of the note once Deutsche Bank has released it into their custody as discussed in paragraph II.1 above. RCW 62A.3-301(ii) gives the ability to enforce the instrument to someone that has the rights of a holder. The only document that would have that right detailed in a servicing agreement, which defendant OneWest has claimed to have. However they have refused to provide the document upon Plaintiff's numerous requests and have gone so far as to try to avoid producing the document with Defendants Motion for Protection Order. Therefore this document is unlikely to give any rights to OneWest or logically they would have happily provided it at the beginning of the case.

4. **The Appointment of Successor Trustee (Docket #1, Exhibit A) is invalid.** As specifically pointed out in II.1 above OneWest is NOT the beneficiary as shown in the evidence they rely upon. Nor are they the owner of the note as they claim to be in the Appointment of Successor Trustee as they have admitted in both the Declaration of JC San Pedro and the Declaration of Charles Boyd. They have admitted to misrepresenting themselves. Therefore as they are neither the owner nor the beneficiary, the Appointment of Successor Trustee should be held as void.

5. **The Notice of Default (Docket #18, Exhibit C) is invalid.** Again as specifically pointed out in II.1 above OneWest is not and cannot be the beneficiary as the note is being held for the benefit of another party. Again, they have admitted to not being the Note Owner which they claim to be in the Notice of Default. They are not the holder. They are nothing more than a

servicer with no rights of a holder ever being proven to this Court when they have had more than ample time to do so.

6. **The Assignment of Deed of Trust is invalid**. OneWest and MERS violated their own agreement by assigning ownership of a Note that MERS did not own and has never claimed to own. Further they violated the law and their agreement by assigning OneWest beneficial interest in the Deed of Trust when it can only be transferred to the rightful holder and owner of the note (Docket #49, Exhibit 11). Therefore this assignment is a nullity and invalid as discussed in *Carpenter v Longan*.

7. It appears to Plaintiff that the counsel for the Defendants has admitted to their wrongdoings by including the final sentence of RCW62A.3-301, "A person **may be** a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." The defense is twisting this sentence for their own use. First of all, as described in RCW 62A.3-301(ii) they would have to have the rights of a holder to enforce the instrument. They do not appear to have any rights or they would not have refused to provide the document that would give them those rights if any exist. Secondly, it appears they honestly expect anyone to believe they have the right to enforce an instrument illegally based on this sentence, especially when the Doctrine of Fraud, RCW 61.24, RCW 19.86 and numerous other statutes state that would be a violation of the law.

**III. The Court DOES have the right to amend the order and remove the Plaintiff's requirement to pay into the Court.**

Defendants rely on RCW 61.24.130 in their argument that the Court cannot remove the bond. However they are incorrect. This statute only applies if a trustee has been appropriately appointed and a legal trustee sale is being restrained. In point of fact Northwest Trustee Services was never appointed successor trustee by the beneficiary as described in paragraph II.4 above. Therefore no legal trustee sale is being restrained and RCW 61.24.130 does not apply. The Court is therefore not restrained as no party with a real beneficiary interest has appointed Northwest Trustee as a successor trustee.

**Conclusion**

For the reasons described above, Plaintiff humbly and respectfully requests this Court grant Plaintiff's Motion to Amend the order on preliminary injunction as requested in the original Motion.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

**Certificate of Service**

I hereby certify that on the 10 day of June, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

   /s/ James McDonald  -
**James McDonald**
**Pro Se**

Plaintiff Reply Motion to Amend Order      -4-      James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614