UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JAMES MCDONALD,                         )   No. C10-1952RSL
                                        )
                    Plaintiff,          )
        v.                              )   ORDER DENYING DISCOVERY
                                        )   MOTIONS
ONEWEST BANK, FSB, *et al.*,            )
                                        )
                    Defendants.         )
_____)

   This matter comes before the Court on "Plaintiff's First Motion to Compel to Produce" (Dkt. # 56) and defendants' "Motion for Protective Order Pursuant to CR 26" (Dkt. # 58). Having reviewed the memoranda, declarations, and exhibit submitted by the parties, the Court finds as follows:

   (1) The parties have not made a good faith effort to confer with each other regarding this discovery dispute before filing their respective motions. The conference requirement of Fed. R. Civ. P. 26(c)(1), Fed. R. Civ. P. 37(a)(1), and Local Civil Rule 37(a)(1)(A) is imposed for the benefit of both the Court and the parties and is intended to ensure that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the rules would have involved face-to-face or telephonic communications regarding defendant's complete lack of response to plaintiff's discovery requests and defendant's objections, if any, to each of the discovery requests at issue. The record is clear that

the parties made no effort to resolve this discovery dispute without judicial involvement. Their discovery motions are therefore DENIED for failure to comply with the meet and confer requirements set forth above.

(2) In order to expedite this litigation and promote the efficient resolution of this matter, the Court notes[1] that:

(a) Defendants' failure to respond in any way to plaintiff's discovery requests is unacceptable. Pursuant to Fed. R. Civ. P. 34(b)(2), a party has thirty days in which to respond to requests for production. A response "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). By failing to make any response, defendants risk waiver of their objections.

(b) The filing of a dispositive motion does not necessarily justify a stay of discovery. Dispositive motions are often unsuccessful and a stay could cause unnecessary and significant delays in the litigation.

(c) In order to obtain a protective order, defendants must make the showing required by Rule 26(c). The Court may, for good cause shown, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." In their motion, defendants rely on cases from the Second Circuit and do no more than assert that plaintiff's discovery requests are burdensome, that plaintiff would not be prejudiced by a stay, and that it is somehow unfair or a waste of resources to make defendants respond to discovery when there is a chance the case will be dismissed. Defendants' arguments regarding fairness and the expenditure of resources could be made whenever a dispositive motion is filed: there are no special or exceptional circumstances in this action that would justify an indefinite stay of the liberal rules of discovery simply because a motion has been filed. Absent some showing that the

---

[1] These observations do not constitute an "order" of the Court. They are provided as guidance to the parties as they meet and confer in an attempt to resolve these discovery disputes.

ORDER DENYING DISCOVERY MOTIONS        -2-

motion is likely to succeed or that the specific discovery requests are objectionable, defendants' unilateral hope that they will be able to resolve this litigation through motion practice should not derail discovery or otherwise thwart plaintiff's attempts to litigate his claims.

(d) Defendants raised substantive objections to plaintiff's individual discovery requests in their reply memorandum. Arguments raised for the first time in reply are generally not considered by the Court because the opposing party has not had an opportunity to respond.

(e) Based on the Court's understanding of plaintiff's claims, requests for documents that show who held the Note at various points in the foreclosure process (including documents showing the chain of possession of the Note so that plaintiff may test the veracity of defendants' declarations) and whether the holder has received payment from plaintiff and/or other sources may be relevant and discoverable in this proceeding.

The parties' discovery motions (Dkt. # 56 and Dkt. # 58) are DENIED for failure to attempt to resolve the dispute as required by Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 37(a)(1), and Local Civil Rule 37(a)(1)(A). Plaintiff's request for monetary sanctions is DENIED. Because a protective order is not in place, defendants are obligated to respond to plaintiff's discovery requests as soon as practicable, and shall do so no later than fourteen days of the date of this order. Defendants may interpose objections as well as substantive responses to the requests.

Dated this 13th day of June, 2011.

*MRT S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DISCOVERY MOTIONS         -3-