UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES MCDONALD,                             )      No. C10-1952RSL
                                            )
                Plaintiff,                  )
        v.                                  )      ORDER RENOTING MOTION
                                            )      FOR SUMMARY JUDGMENT
ONEWEST BANK, FSB, *et al.*,                )
                                            )
                Defendants.                 )
_____)

       This matter comes before the Court on "Defendants OneWest, MERS, and Northwest Trustee Services, Inc.'s Motion to Dissolve Injunction and for Summary Judgment." Dkt. # 49. The motion was filed the day after a case management schedule was issued in this matter, and defendants thereafter took the position that they need not respond to discovery propounded by plaintiff James McDonald. Plaintiff, who is proceeding in this matter *pro se*, filed a motion to compel production and seeks a continuance of the motion for summary judgment so that he has an opportunity to conduct discovery.

       Having reviewed the papers submitted by the parties, the Court finds that the short period of time that elapsed between the Rule 26(f) conference held by the parties on March 21, 2011, and the filing of defendants' motion was not enough time to obtain discovery in this matter. Certain critical assertions of fact in defendants' papers rest solely on the Declaration of

Charles Boyle and/or are not supported by admissible evidence. For example, defendants' assertions regarding whether IndyMac retained servicing rights to plaintiff's loan, whether OneWest obtained "possession" of the Note in 2009, and whether Brian Burnett was authorized to sign documents on behalf of MERS in January 2010 are in doubt as the record currently stands. In addition, Mr. Boyle's assertion that Freddie Mac is the current owner of the loan does not appear to be based on personal knowledge, and the Court cannot determine the chain of custody regarding the Note at issue in this litigation (making it difficult to determine which entities had possessory or contractual rights therein at all times relevant to plaintiff's Deed of Trust Act claim).

Plaintiff is entitled to conduct discovery in this matter to determine whether defendants strictly complied with the requirements of the Deed of Trust Act and whether they engaged in unfair or deceptive practices under the Consumer Protection Act. The pending motion for summary judgment is therefore continued to allow him a chance to test the veracity of defendants' various assertions and to locate evidence regarding the status of his loan and related documents when the non-judicial foreclosure proceedings were initiated.

The Clerk of Court is directed to renote "Defendants OneWest, MERS, and Northwest Trustee Services, Inc.'s Motion to Dissolve Injunction and for Summary Judgment" (Dkt. # 49) on the Court's calendar for consideration on September 30, 2011. Defendants may, if they choose, file a notice withdrawing the motion on or before September 6, 2011. If the motion remains pending, plaintiff may file a supplemental opposition on or before September 26, 2011, to which defendants may reply on or before September 30, 2011. Because the parties will have an opportunity to submit additional memoranda and evidence at the close of discovery, the supplemental submission plaintiff made on May 26, 2011, will not be considered. Plaintiff's "Motion for Leave to File Supplemental Information Not Available Before Response Date"

ORDER RENOTING MOTION
FOR SUMMARY JUDGMENT                -2-

(Dkt. # 63) is DENIED. Plaintiff is free to resubmit the memoranda and exhibits in September.

Dated this 15th day of June, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER RENOTING MOTION
FOR SUMMARY JUDGMENT            -3-