**JAMES MCDONALD**
**14840 119th PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

The Honorable Robert S Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| In Re:<br>**James McDonald**<br>                                **Plaintiff**<br>v.<br>**OneWest Bank, FSB,** *et al.*<br>                                **Defendants** | NO: C10-1952RSL<br><br>**Plaintiff's Reply to Defendants Response to Plaintiff's Motion To File First Amended Complaint**<br>**Noting Date: June 17, 2011** |
|---|---|

**Comes now, Plaintiff James McDonald** and respectfully files this reply to Defendants' Response and Opposition to Plaintiff's Motion to Amend Complaint.

### I.     Arguments

**1. Defendants Response violated Local Civil Rule 7(e)(2)**

   Plaintiff alleges that the counsel for the Defendants violated CR 7(e)(2) by filing a 19 page response to Plaintiff's Motion. CR 7(e)(2) clearly states that a response cannot exceed 12 pages. Further counsel did not file a motion to file an over-length response as required by CR 7(f). Plaintiff is only allowed 6 pages to reply and simply cannot fully provide rebuttal to Defense's claims within that allotment. Plaintiff himself did not have sufficient time to write the Response in its entirety and file a motion to file an over-length document with the exact number of pages as required by CR 7(f). Therefore as allowed by CR 7(g) Plaintiff moves the Court to strike Defendants' Response.

**2. Legal Standing**

   Plaintiff asserts no claims have been made in bad faith. Defendants' Response fails to state an argument to the contrary. Defendants make no argument that they are prejudiced with an Amended Complaint. The Amended Complaint complies with the timeline ordered by this Court (Dckt. 44) and causes no undue delay. Plaintiff maintains all claims set forth in the Amended Complaint are not futile and have strong merit or he would not have spent his time in making those claims. Therefore under FCRP 15(a) the Court should grant Plaintiff's Motion to Amend.

**3. Plaintiff's Amended Claims are not futile**

   **a. Deed of Trust Act Violations**

   The claims listed in the amended complaint were introduced in Plaintiff's Reply to Defendants Answer to Initial Complaint (Docket #31). Therefore they have been part of the pleadings of the case prior to the amended complaint. Further, none of the claims set forth in the violations of Deed of Trust Act are futile. All are based on solid FACTS and EVIDENCE.

   **i. OneWest Does Not Qualify As Holder**

   As repeatedly discussed, OneWest does not qualify as a holder. Due to page limits, Plaintiff is unable to fully argue them yet again in this reply. RCW 62A.3-301(i) states a holder can enforce the instrument. As argued fully in Plaintiff's Amended Complaint (Dckt 68), Plaintiff's Reply Motion to Amend Injunction Order

Plaintiff's Reply Motion to Amend Complaint         -1-                              James McDonald
                                                                                     14840 119th PL NE, Kirkland, WA 98034
                                                                                     Phone: (425) 210-0614

(Dckt 74), etc Defense's own evidence in the Custodial Agreement (Dckt 49, Exh. 8) states, "Seller/Servicer shall hold in trust and **for the sole benefit** of Freddie Mac…" Therefore they cannot claim to be the beneficiary in RCW 61.24.005 as the Court has a signed agreement executed in part by OneWest that they are not the beneficiary of any notes that are a part of the Custodial Agreement. RCW 62A.3-301(ii) states a non holder with the rights of a holder can enforce the instrument. OneWest has provided no document providing them with the rights of a holder.

Further, Defense's attempted explanation of Deutsche Bank sending documentation to OneWest as a result of counsel needing the information for a bankruptcy hearing is a falsity in itself. Defense argues the information was requested for a hearing on OneWest's request from relief of stay held on October 1st, 2010. However the request was made and completed on October 6th, 2010. The dates do not add up to support Defense's argument. Further the hearing never took place as the bankruptcy was dismissed due to procedural error on the Plaintiff's part. No argument was heard and no order was granted in giving OneWest holder status.

### ii. OneWest Does Not Qualify as Holder under the Federal Holder in Due Course Doctrine

The Federal Holder in Due Course Doctrine states that a holder in due course is the entity or individual that took the note for value. This doctrine is also reflected in RCW 62A.3-302, which Plaintiff has utilized previously to show OneWest's inability to be the holder. OneWest has admitted that it never purchased the Note in question. Therefore they do not qualify as the holder in due course. The defense is incorrect in attempting to utilize this doctrine.

### iii. Northwest Trustee was not appointed by a party with real interest in the Note

As pointed out above and specifically described in previous pleadings and the Amended Complaint OneWest is NOT the beneficiary as shown in the evidence they rely upon. Nor are they the owner of the note as they claim to be in the Appointment of Successor Trustee which they have admitted in both the Declaration of JC San Pedro and the Declaration of Charles Boyd. They have admitted to misrepresenting themselves. Therefore as they are neither the owner nor the beneficiary, the Appointment of Successor Trustee should be held as void.

### iv. The Notice of Default should be held as void

Again as specifically pointed out above OneWest is not and cannot be the beneficiary as the note is being held for the benefit of another party. Again, they have admitted to not being the Note Owner which they claim to be in the Notice of Default. They are not the holder. They are nothing more than a servicer with no rights of a holder ever being proven to this Court when they have had more than ample time.

The Notice of Default states that OneWest is the "Beneficiary (Note Owner)". They have admitted they are not. Now they claim that Freddie Mac is the current owner, which the communication from Deutsche Bank shows they are not by listing the Note as part of a subpool created on Feb 27, 2007 which the defense has agreed is used in securitization. Per Freddie Mac's website securitizations exist after the loans are sold into the global market (Docket 17, Exhibit E).

### v. NWTS has violated its duty of good faith

NWTS has violated its duty of good faith to the Plaintiff. As described in the Amended Complaint and other pleadings NWTS knowingly assisted OneWest and MERS in recording misrepresentations, proceeded to attempt to sell the Plaintiff's real property when they were aware of these misrepresentations and the dispute that arose from those misrepresentations and failed to notify Plaintiff that those misrepresentations existed.

### vi. The Declaration of Vonnie McElligott violates the business procedure evidence rule.

Paragraph 2 of Vonnie McElligott's latest declaration appears to violate Federal Rules of Evidence 803(6)&(7). Here Ms. McElligott fails to prove the conditions of keeping business records in the ordinary course of business existed in respect to the Beneficiary Declaration signed by Erica Johnson-Seck. First, she claims that unidentified individuals in various offices both at NWTS and the law offices of Routh Crabtree Olsen performed their duties without first hand, eye witness knowledge of the events or giving the identities of the individuals who performed those tasks. Second, the exhibit she relies upon as being her evidence was executed by another company of which she cannot testify as to their business practices as she appears to claim to do here. Third, as noted below, the beneficiary declaration she uses as her evidence gives no clear indication that OneWest is the note holder.

### vii. The Beneficiary Declaration does not clearly state what OneWest has to assert their claim in this particular matter.

The beneficiary declaration attached as defense Exhibit 1 is in itself defective. First, it is executed by the well known robo-signer, Erica Johnson-Seck who has admitted in *Indymac v Machado* she does not fact check any items that she signs and spends no more than 30 seconds on each document. The events of that case occurred in close proximity of time to when she executed this document. Therefore the declarant has declared under the penalty of perjury something she has no personal knowledge of.

Second the beneficiary declaration itself does NOT constitute as meeting the requirements of RCW 61.24.030(7). The declaration states, "OneWest Bank, FSB is the actual holder of the promissory note **OR** other obligation evidencing the above-referenced loan **OR** has requisite authority under RCW 62A.3-301 to enforce said obligation." It does not specify what OneWest actually has to back their claim. Secondly, Northwest Trustee HAD violated its duty of good faith and had knowledge of the reality of the situation as they have admitted to acting as OneWest's agent prior to allegedly becoming trustee. RCW 61.24.030(7)(b) states that they can only rely on the beneficiary declaration if they had not already violated their duty of good faith which the amended complaint plainly shows they have. Further, even if they could have pled ignorance, which Plaintiff disputes, NWTS was well aware of the dispute when they recorded their Amended Notice of Trustee Sale and had also been strongly reminded of their duty by WA AG McKenna (Docket #68, Exhibit FAC17).

### b. CPA Violations are not barred by the National Bank Act or the Economic Loss Rule

#### i. CPA Violations are not pre-empted by the NBA

The defense has inaccurately stated that state laws do not apply to national banks because of the NBA. The OCC has actually submitted a legal opinion in *Wells Fargo Bank, Minnesota N.A. v Alberta Harris, et al* in regards to claims of violations of New Jersey's Consumer Fraud Act and stated that national banks do not get out of jail free on violations of state law in cases such as this as it does not inhibit their actual lending practices. In order to be brief, Plaintiff has attached the document in its entirety as Exhibit 1.

## ii. Violations of the CPA are not barred by the Economic Loss Rule

The economic loss rule does not pre-empt the violations of the CPA detailed in the Amended Complaint. For the counsel's defense to be sound there would have to be a contractual agreement between Plaintiff and the defendants. There is none. As previously shown, OneWest is not the holder or the owner of the Note. Neither are MERS or NWTS. Plaintiff has never entered into an agreement with OneWest or NWTS. The claims against the defendants are for their unfair and deceptive business practices, not for violations of a contract that has never existed.

### c. Fraud Claims are not futile

#### i. Fraud Claim is not Prohibited by the Economic Loss Rule

The defense argues that the fraud claims in Plaintiff's Amended Complaint are barred by the economic loss rule. This is inaccurate. The economic loss rule only applies to Washington State statutes. The allegations are made in federal court under the federal doctrine of fraud. Therefore the economic loss rule does not apply whatsoever.

#### ii. Plaintiff has shown the required elements of a fraud claim

The defense also claims that Plaintiff cannot plead the elements of fraud. This too is incorrect as Plaintiff did indeed plead the elements of fraud exactly in the manner of this Court's requirements in Thepvongsa v. Regional Trustee Services Corp *et al*. Further the damages will be proven in a dispositive motion or at trial as stated in the Amended Complaint. As far as the defense claiming the misrepresentations Plaintiff has pointed out they are far from hyper-technical. They are blatant misrepresentations of fact that prevent the defendants from legally carrying out a foreclosure on Plaintiff's real property. If Plaintiff were to claim that he owned Miss Buck's car and attempted to take it, that act would be attempted grand theft. The same is true in what the defendants have been attempting to do.

### d. RESPA claims are not futile

Defense counsel's idea that the letter received by Plaintiff from OneWest constitutes a legal response as required by RESPA is simply unfounded and an attempt to play semantics. OneWest refused to appropriately respond to the debt validation demand and qualified written request. They provided none of the required information. The QWR stated reasons why Plaintiff suspected that improper actions had taken place. As they have refused to provide the documentation in the Request to Produce, so did they refuse to provide the information through the multiple attempts Plaintiff made through the QWR administrative process. OneWest did claim the QWR was burdensome. Then again they also claimed providing the servicing agreement that apparently both Charles Boyd and JC San Pedro had personally reviewed was burdensome. Their constant use of the word "burdensome" appears to be their answer for any pertinent or

Plaintiff's Reply Motion to Amend Complaint          -4-                              James McDonald
                                                                          14840 119th PL NE, Kirkland, WA 98034
                                                                                    Phone: (425) 210-0614

lawful request made of them. RESPA gives Plaintiff the right to demand answers and requires OneWest to provide those answers which they have refused to do.

**e. RESPA Claim Against Northwest Trustee is valid**

A successor trustee assumes all rights, liabilities and responsibilities of the trustee it is replacing. Therefore all regulations apply. NWTS intentional evasion of their relationships both with the other defendants and other agents of the defendants when all of those parties direct business and attempt to charge the Plaintiff for their "services" falls under the purview of RESPA.

**f. TILA Claim is not time-barred**

Plaintiff has made two separate claims of TILA violations in his Amended Complaint. Neither of them reached their statute of limitations under TILA before being plead and are therefore not time-barred.

As the Defense noted Plaintiff sent the original **valid** QWR and Debt Validation Demand in April of 2010. After Defendant OneWest refused to comply with the request, Plaintiff sent follow up communication to them regarding the matter in June of 2010. The demand of providing the name and contact information of the actual owner of the note, not a previous owner like Freddie Mac, was repeatedly requested. Finally, Plaintiff turned to the Court for assistance and once again demanded it in the Initial Complaint. As Plaintiff's Motion to Amend states he recognizes that his Initial Complaint needed to be plead better. The fact that Plaintiff represented the allegation that OneWest refused to provide the actual owner of the note without citing the statute is one prime example of why the complaint needed to be amended and perfected in the first place. Thus there is no time-barring from Plaintiff citing the correct statute when it was in fact part of the original complaint and subsequent motions and was originally filed within one year of the occurrence.

The second claim under TILA was also included in the original complaint, which was filed on December 3rd, 2010. It consisted of the invalid assignment of the deed of trust and note between MERS and OneWest. This occurred on January 27, 2010. Therefore Defense Counsel's claim that it is time barred by the statute of limitations is inaccurate as the claim was filed within one year of the occurrence.

**g. FDCPA is not futile and does apply to Defendants**

    **i. OneWest and Northwest Trustee ARE Debt Collectors under the FDCPA and non-judicial foreclosure has been ruled to be part of debt collection**

Defense's claim that the FDCPA allegations do not apply to defendants OneWest and NWTS is incorrect. In point of fact this Court has addressed these very same arguments on January 26, 2011 in Thepvongsa v. Regional Trustee Services Corp *et al.*

> "However, the Fourth and Fifth Circuits have rejected the reasoning in Hulse. The Fourth Circuit has concluded that a "'debt' remain[s] a 'debt' even after foreclosure proceedings commenced" and that actions "surrounding foreclosure proceeding were attempts to collect that debt." Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) (citing Romea v. Heiberger & Assocs., 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice required by statute could also be an attempt to collect a debt)). The Fourth Circuit reasoned that to conclude otherwise "would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." Id. Similarly, the Fifth Circuit has concluded that "a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire the FDCPA even when enforcing security interests." Kaltenbach v. Richards, 464 F.3d 524, 529 (5th Cir. 2006). The court reasoned that courts like Hulse simply posit that a party is a debt collector outside of section 1692f only if they

Plaintiff's Reply Motion to Amend Complaint     -5-                 James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

were collecting a debt in the particular instance that gave rise to the dispute, which misconstrues section 1692a(6)'s method of defining the term. Id. "Under that subsection, a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector." Id. The court further reasoned that whether "a debt collector's specific action qualifies as the collection of a debt may or may not be relevant when determining whether the party must comply with other, specific substantive requirements of the FDCPA, but that is a separate inquiry from whether the party meets the general statutory definition of a debt collector." Id."

Therefore it appears to Plaintiff that FDCPA claims are not futile in this matter.

### h. A Private Right of Action Exists in the FCRA

The Defense has pointed out a typo in Plaintiff's Amended Complaint, which the Plaintiff is grateful for. The complaint incorrectly states 15 U.S.C. §1681s-2(a) when it should be 15 U.S.C. §1681s-2(b). Plaintiff is happy to correct with any reasonable means of correction the Court deems proper. The FCRA does in point of fact allow a consumer to make an FCRA claim under the statute so long as the credit reporting agencies have been properly notified. Plaintiff has complied with those requirements as shown in his Amended Complaint. Therefore Plaintiff's claims of violations of the FCRA are not futile.

### i. Conspiracy Claim is neither futile nor "no more than suspicion"

Plaintiff's claims of civil conspiracy are grounded not in some paranoid suspicion but based on the facts and evidence that the defendants have presented to the court, the information on their documentation and websites and the correspondence caused to be sent to the Plaintiff. Plaintiff has pleaded the cause of action appropriately following the criteria set forth in Herrington v. Hawthorne, CPA. The defendants **have admitted** to working in cooperation to accomplish the goal of a foreclosure of Plaintiff's real property, when none of the defendants have the legal authority or right to do so and all were aware of this lacking.

### j. Slander of Title Claim is not futile and falsities have been recorded

The fact that the defense still maintains that there were no falsities recorded, even when they have admitted that they are not the owner is shocking. In their response to this motion, the defense wrote, "Notwithstanding Defendants' position that none of these documents contained any material falsities…" If that is the case, is Defendant OneWest once again claiming ownership of the Note as they claimed to own in the Appointment of Successor Trustee? Is Defendant MERS once again claiming ownership of the note as they claimed to transfer ownership of it to Defendant OneWest? It is either that or they are sticking to their admission that neither OneWest nor MERS has ever owned the Note as stated in the declarations of Charles Boyd and JC San Pedro. Further all other claims of entitlement have been shown to be false as described in the Amended Complaint and above in section (a) of this document.

## II. Conclusion

It is Plaintiff's opinion that the claims are well founded or he would never have spent his or the Court's time in presenting them. Wherefore, per the rebuttals presented herein and the claims made in the Amended Complaint that are <u>supported by evidence</u>, Plaintiff requests the Court grant leave to amend the complaint and strike the defendants response to the motion to amend complaint.

**/s/ James McDonald -**
**James McDonald, Pro Se**

**Certificate of Service**

    I hereby certify that on the 17 day of June, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

       /s/ James McDonald  -
**James McDonald**
**Pro Se**

---

Plaintiff's Reply Motion to Amend Complaint    -7-    James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614