**The Honorable Robert S Lasnik**

**JAMES MCDONALD**
**14840 119th PL NE**
**Kirkland, WA 98034**
**Phone (425) 210-0614**
**In Pro Per**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| In Re:                                      )<br>                                                    )<br>                                                    )<br>**JAMES MCDONALD**                 )<br>            **Plaintiff**                         )<br>                 v                                  )<br>**ONEWEST BANK, FSB,** *et al.,*  )<br>                **Defendants.**                )<br>                                                    )<br>-------------------------------------------- | **NO.:  C10-1952RSL**<br><br>**Plaintiff's Motion to Compel Freddie Mac**<br>**to Produce Subpoenaed Information**<br><br><br>Noting Date: July 22nd, 2011 |

**Comes Now, Plaintiff James McDonald and moves this Honorable Court to compel Freddie Mac to produce the items requested in a legally served subpoena which Freddie Mac, a non-party, has refused to honor and pursuant to Federal Civil Rules of Procedure 34 and 45.**

### I.   Arguments and Facts

1. On or about January 16, 2007, Freddie Mac purchased Plaintiff's Note from the original "lender" Indymac Bank.
2. On or about February 27, 2007 Freddie Mac placed Plaintiff's Note into a subpool used in securitizations classified as subpool: IN070227 (Docket #62, Exhibit 1).
3. Per Freddie Mac's website, "Securitization is a process by which we purchase home loans that lenders originate, put these loans into mortgage securities that are sold in global capital markets, and recycle the proceeds back to lenders." Therefore when the loan was placed into the subpool it was sold "in global capital markets" to an unknown party.
4. Prior to the lawsuit, Defendant OneWest made multiple claims that it was the owner of the Plaintiff's Note. During the lawsuit, Defendant OneWest has claimed that Freddie Mac is the owner of the note and never sold it contrary to the evidence before the Court. Plaintiff disputes both claims and seeks this discovery to solidify the evidence.

5. On May 13, 2011 Plaintiff procured a subpoena and caused it to be sent to the CEO of Freddie Mac. Freddie Mac is a publicly traded company and is not a government agency. This subpoena is attached as Exhibit 1. The subpoena requested the following:
   a. Purchase Agreement between Indymac Bank FSB and Freddie Mac for Indymac Loan Number 125049243.
   b. Servicing and Pooling Agreement for the Trust/Security the Note was placed in.
   c. Servicing Agreement between Indymac Bank, FSB and Freddie Mac.
   d. Servicing Agreement between OneWest Bank, FSB and Freddie Mac.
6. On or about May 27, 2011 Plaintiff received a letter from Chante Bowser, Associate General Counsel for Freddie Mac. Within the letter Ms. Bowser stated that Freddie Mac would not honor the subpoena due to some procedural error. This letter is listed as Exhibit 2.
7. After receiving the letter dishonoring the subpoena, Plaintiff made numerous attempts to contact Chante Bowser at Freddie Mac. No reply was received (See Declaration of James McDonald).

## II.   Conclusion

Wherefore, Plaintiff respectfully moves the Court to order Freddie Mac to provide the requested items from the subpoena issued to Freddie Mac on May 13, 2011. A proposed order will accompany this motion.

/s/ James McDonald -
**James McDonald**
**Pro Se**

### Certificate of Service

I hereby certify that on the 8 day of July, 2011 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:
Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

/s/ James McDonald   -
**James McDonald**
**Pro Se**