UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JAMES MCDONALD,                           )         No. C10-1952RSL
)
                Plaintiff,           )
     v.                                         )         ORDER DENYING PLAINTIFF'S
)         MOTION FOR RELIEF FROM
ONEWEST BANK, FSB, *et al.*,              )         PRELIMINARY INJUNCTION ORDER
)
                Defendants.       )
_____)

       This matter comes before the Court on "Plaintiff's First Ex Parte Motion for Relief from Order." Dkt. # 66. On January 25, 2011, the Court enjoined defendants from foreclosing on plaintiff's property until his objections to the foreclosure procedure could be resolved. The Court found that plaintiff had raised serious questions going to the merits of his Deed of Trust Act ("DTA") claim, that the balance of hardships tipped decidedly in favor of issuing an injunction, and that the public did not have a strong interest in favor of or against either party given the disputed factual issues. The preliminary injunction was contingent on plaintiff making monthly payments into the registry of the Court in the amount of $2,347.56, but left open the possibility that one or both parties could move to amend the payment amount.

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM PRELIMINARY
INJUNCTION ORDER

Plaintiff has filed a motion to amend the preliminary injunction order to reduce the payment amount to $0.[1]  He argues that he now has evidence showing that the non-judicial foreclosure process initiated by OneWest was invalid from the outset.  Plaintiff also argues that, because the party to whom he is actually indebted is unknown, he should not be required to make payments on the debt.  In addition, plaintiff requests that the preliminary injunction order be amended to include (a) a bar against further collection activities and (b) findings in favor of plaintiff on the merits of his DTA claim.

Having reviewed the memoranda submitted by the parties, the Court finds as follows:

In order to obtain preliminary injunctive relief, plaintiff had to establish "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," as well as "a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).  The balance of hardships analysis turned in large part on the Court's finding that defendants' financial interests could be adequately protected by requiring payments on the loan while this matter is pending.  The Court was willing to exercise its equitable powers in plaintiff's favor only if defendants' legitimate business interests were protected and the Court were confident that plaintiff was not using the judicial process to avoid an existing legal obligation.  In addition, state law requires payments on the underlying debt as a condition of any order restraining a non-judicial foreclosure initiated under the DTA.  RCW 61.24.130(1).  Thus, both statutory and equitable considerations required, and continue to require, that plaintiff make monthly payments on the loan.

---

[1] The Court need not determine whether Fed. R. Civ. P. 60 applies to this motion.

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM PRELIMINARY
INJUNCTION ORDER                    -2-

       The order plaintiff seeks to amend provides preliminary relief – an injunction against the sale of plaintiff's property - subject to certain conditions and until such time as the merits of this dispute can be finally resolved.  Plaintiff still has to prove his claims and cannot simply amend the preliminary order to gain some or all of the relief sought in this lawsuit. Whether OneWest had authority to appoint a successor trustee on January 27, 2010, whether the Notice of Default issued on or about January 12, 2010, complied with the statutory requirements, and whether OneWest is the beneficiary as that term is defined in the DTA is yet to be finally determined:  plaintiff is not entitled to the preclusive rulings he seeks.

       For all of the foregoing reasons, plaintiff's motion to amend the preliminary injunction order (Dkt. # 66) is DENIED.  The Court's records show that plaintiff's last payment into the registry occurred on May 13, 2011.  In the absence of the monthly payments, defendants' interests are not adequately protected[2] and the preliminary injunction must be lifted. Plaintiff shall, within sixty days of the date of this Order, bring his registry account up to date by making the payments that were due and owing for June 2011 through March 2012.  If the registry account is not current on the sixtieth day, the preliminary injunction will be lifted and defendants may foreclose on the property as permitted under the DTA.[3]

---

[2] Plaintiff argues that none of the named defendants has a real interest in the outstanding debt and that they therefore cannot be injured if payments are not made.  This argument prejudges the main issue in the case, namely, who is the "beneficiary" of plaintiff's loan, as that term is defined in the DTA. Defendants maintain that OneWest is the beneficiary and is therefore authorized to collect on the debt. The Court will not make a contrary finding in the context of this preliminary injunction order.

[3] If foreclosure occurs, plaintiff may continue to pursue his various claims for damages.

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM PRELIMINARY
INJUNCTION ORDER                    -3-

1
2
3
4

Dated this 1st day of February, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge

26  ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM PRELIMINARY
INJUNCTION ORDER                         -4-