The Honorable Judge Robert S. Lasnik

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9

JAMES MCDONALD,

            Plaintiff,

10

    v.

11

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

12

13

            Defendants.

14

15

No.  C10-1952 RSL

**DECLARATION OF HEIDI E. BUCK
IN SUPPORT OF DEFENDANTS
ONEWEST, MERS, AND NWTS'
OPPOSITION TO PLAINTIFF'S
SECOND MOTION TO COMPEL
DISCOVERY**

**NOTE ON MOTION CALENDAR:
February 24, 2012**

16

HEIDI E. BUCK declares as follows:

17

    1.      I am the attorney for Defendants OneWest Bank, FSB ("OneWest"), Mortgage

18

Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc.

19

("NWTS") (collectively "Defendants") and am competent to testify in the above-entitled action,

20

and have personal knowledge of the matters referred to herein.

21

    2.    On or about June 27, 2011, Defendants produced the documents in response to

22

Plaintiff's First Set of Requests for Production. To that end, Defendants provided an explanation

23

for those documents not produced advising that Defendants had no knowledge of the listed

24

document or that Defendants were continuing their investigation and if responsive documents

25

were later located, they would be forthcoming. *See* Email transmission dated June 27, 2011, and

26

attachments attached hereto attached as **Exhibit 1**.

DECLARATION OF HEIDI E. BUCK IN
SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S SECOND
MOTION TO COMPEL - 1 of 3
CASE NO. C10 – 1952 RSL

R O U T H
C R A B T R E E
O L S E N, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.      On or about June 28, 2011, Defendants produced additional documents in response to Plaintiff's Requests for Production. *See* Email transmission dated June 28, 2011, and attachments attached hereto attached as **Exhibit 2**.

4.      Between June 30, 2011 and July 11, 2011, Plaintiff and Defendants' counsel communicated to clarify and discuss documents that Plaintiff believed were still outstanding.

5.      On or about July 1, 2011, Plaintiff propounded the Second Set of Requests for Production on Defendants.

6.      On or about July 1, 2011, Defendants expressed willingness to stipulate to an extended discovery period.

7.      On or about August 1, 2011, Defendants served Plaintiff with their Response to Plaintiff's Second Set of Requests for Production. *See* Defendants' Response to Plaintiff's Second Set of Requests for Production attached as **Exhibit 3.**

8.      On or about December 15, 2011, Plaintiff contacted Defendants' counsel in regard to responsive documents he believed were outstanding to his First and Second Set of Requests for Production.

9.      On or about December 21, 2011, Defendants' counsel responded advising she had been out of the office and hoped to have something to Plaintiff by December 22, 2011. Defendants' counsel also advised that she would be out of the office December 23, 2011 through January 3, 2012.

10.     On or about December 22, 2011, Plaintiff responded advising that he believed any further delay was unacceptable.

11.     Between December 15, 2011 and February 17, 2012, Defendants worked diligently to locate all additional documents responsive to Plaintiff's First and Second Set of Requests for Production.

12.     On or about February 17, 2012, Defendants served on Plaintiff their Supplemental Responses to Plaintiff's First and Second Set of Requests for Production and requested the

DECLARATION OF HEIDI E. BUCK IN
SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S SECOND
MOTION TO COMPEL - 2 of 3
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Plaintiff withdraw his Second Motion to Compel. *See* Defendants' Supplemental Responses to

2   Plaintiff's First and Second Set of Requests for Production attached as **Exhibits 4 and 5,**

3   respectively.

4      I declare under penalty of perjury under the laws of the State of Washington that the

5   foregoing is true and correct.

6
7      DATED this 20ᵗʰ day of February 2012.

8
9           **ROUTH CRABTREE OLSEN, P.S.**

10         By:   /s/ Heidi E. Buck

11          Heidi E. Buck, WSBA No. 41769
            Attorneys for Defendants OneWest, MERS,

12          and Northwest Trustee Services, Inc.

13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF HEIDI E. BUCK IN
SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S SECOND
MOTION TO COMPEL - 3 of 3
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 1

**Tommy Kwong**

| | |
|---|---|
| **From:** | Heidi Buck |
| **Sent:** | Monday, June 27, 2011 4:18 PM |
| **To:** | 'james@jamesmcdonald.net' |
| **Subject:** | McDonald v. OneWest Bank, et al. |
| **Attachments:** | Account_History.pdf; History.pdf; MERS_Account.pdf; MERS_Authorized_Signors_of_OWB_as_of_06-11-09.pdf |

Mr. McDonald,

Please see the attached documents in response to your requests for production. As we discussed earlier today, I am still waiting on some of the documents you requested from my clients. However, I will forward those to you as soon as I receive them.

Additionally, some of the documents you have requested either do not exist or are not in the possession of my clients as outlined below:

- Original purchase agreement between Indymac and initial purchaser of the note. – OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Any subsequent purchase agreement - OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Servicing agreement between Indymac and any purchaser of note. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- copy of insurance policy relating to the note or pool note placed into. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Forms 1034 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1034 may pertain to.
- Forms 1036 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1036 may pertain to.
- Records associated with the MIDANET or Freddie Mac Selling platform. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear.

For your convenience, I will forward hard copies of all documents to you via mail to your home address.

Please let me know if you have any questions.

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



RCO
ROUTH CRABTREE OLSEN, P.S.

### 3270 Explorer: Delinquency 1 (DLQ1/INVE)

O N E W E S T B A N K — 668

**Loan Number:**    1244                               **Borrower Name:**  MCDONALD,JAMES B

```
DLQ1 1009111244  ____    QX   D E L I N Q U E N C Y  OWNR n/a 06/24/11  14:49:54
13-A CONV. RES. ARM      PER/CLS/OFF  F/AA/SP AGE:  4Y  5M IR:  5.87500 INV: 506
DUE( 21)    50,271.06  DUE 10/01/09( 15)(09/01)  ASSUM:         ACQ:
LATE CHRG    2,002.14   PAYMT         2,393.86 P: 14840 119TH PLACE NE
BAD CK FEES      .00    L/C AMT         95.34     KIRKLAND WA 98034
OTHER FEES       .00    PAYMT + LC   2,489.20 M:
TOT DUE     52,273.20*  PRIN BAL   389,481.60
SUSPENSE         .00    P&I          1,906.84     14840 119th Pl NE
NET DUE     52,273.20   DLQ 12 TIME,PAY  0 DAY    KIRKLAND WA 98034
C/S 142   JAMES B MCDONALD                                555-555-5555
C/D 01/10                          X  DO NOT CALL         555-555-5555
 *PHONE NO*                          *MULTI LN* *3RD PRTY*
-IMD:N-------------------- * ADDITIONAL MESSAGES * ---------------WU: P ----
PRESS PF14 FOR MEMOS               DIST-TYPE = 1 INTEREST-ONLY LOAN
ACTIVE FORECLOSURE                 CASHIER STOP 5
-----~INVE----------------* INVESTOR HEADER INFO *------------------------
INV/CAT: 506 265    FEDERAL HOME LOAN MTG CO      INV TEL#:
   SALE DATE:   02/07    PRIN BAL:   389,481.60   INV LOAN#: 332479455
   LOAN DATE: 01/10/07   INT RATE:     5.87500       POOL#:
   MATUR DATE:  02/37    P&I:          1,906.84   CONTRACT#:
ASSUMP DATE:            PEND IR:         .00000   PMI CO/CERT#:
ACQUIS DATE:            PEND P&I:           .00   POOL CO/CERT:
```

LN#    1244    JAMES B MCDONALD      14840 119th Pl NE     KIRKLAND     WA 98034

ARM PLAN U4FT
EMP 0   POF0
PAGE 15260

| 1ST MTGE PRIN | 2ND MTGE PRIN | ESC BAL | REST ESC | SUSPENSE | ADV BAL | REPL RES | HUD BAL | LC BAL | INT DUE | DUE DATE | HUD | PRT OF M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 389,481.60 | .00 | 1251.42 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 01-01-08 | .00 | SP 1 |

| P & I 1ST | P&I 2ND | CO TAX | CITY TAX | HAZ INS | M I P | LIEN | BSC A & H | LIFE | MISC | REP RES | TOT PAYMT | INT RATE | DT BM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1906.84 | .00 | 347.45 | .00 | 37.83 | .00 | .00 | .00 0 | .00 0 | .00 0 | .00 | 2292.12 | .0507500 | 1 6 |

| 1ST ORIG MTG | 2ND ORIG MTG | PRIN BAL BEG | INT IND | CAP FLAG | MTGR SSN | DEF INT BAL | PRIOR YR PPD INT | PPD INT IND | GPM ORG |
|---|---|---|---|---|---|---|---|---|---|
| 389,482 | 0 | 389,481.60 | | | 494 94 4760 | 0.00 | 0.00 | 0 | 0 |

ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE    SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT

| PMT PERIOD | 1098-DET-HIST | POINTS-PAID/RPTG YR | SUPPR-MICR-STMT | DI-NOT-RPT-YR | REAS CAUS | RI-HDR-SW | 1ST-DUE-DT | REO STAT/COMPL DT |
|---|---|---|---|---|---|---|---|---|
| 12 | | .00 | | | | | 03-07 | |

IOE CREDIT YTD/W-H SW/W-H BALANCE    IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
.00      .00      .00      .00        02-37

REC CORP ADV BAL    3RD REC CORP ADV BAL    FORECL WKST CODE/REINSTATE DATE    INIT ESC STMT CODE / DATE    LOSS MIT STATUS/COMPL DATE
.00       .00               9       02-21-07

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 389481.60 | | | .00 | .00 | .00 | .00 | .00 | | |
| 03-07 | 01-22 | 1 42 | 1 | .00 | 389481.60- | 389481.60 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | BATCH FOC EDIT-SEQ 135329 | | | | | | |
| 02-07 | 01-22 | 1 70 | 2 | 3483.03 | .00 | 389481.60 | 1398.35 | 2084.68 | 2084.68 | .00 | .00 | .00 | .00 | 01-10-07 L | |
| | | | | | | | | | BATCH 801 EDIT-SEQ 136388 | | | | | | |
| 03-07 | 03-08 | 1 72 | 1 | 2297.12 | .00 | 389481.60 | 1906.84 | 385.28 | 2469.96 | .00 | .00 | .00 | .00 | 5.00 | 01 |
| | | | | | | | | | MPL-ID ESC1 | | | | | 03-08-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| 04-07 | 04-03 | 1 72 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 2855.24 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | BATCH 850 EDIT-SEQ 036933 | | | | | | |
| | | | | | | | | | MPL-ID ESC1 | | | | | 04-03-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| 04-07 | 04-03 | 3 12 | 2 | CHECK #WIRE | | | | 2139.53- | 715.71 | .00 | .00 | .00 | .00 | | |
| | | | | | | | | | BATCH 8B0 EDIT-SEQ 484347 | | | | | | |
| | | | | | | | | | PAYEE CD 46033 | | | | | | |
| 05-07 | 05-04 | 1 72 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 1100.99 | .00 | .00 | .00 | .00 | | |
| | | | | | | | | | MPL-ID ESC1 | | | | | 05-04-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| 06-07 | 06-05 | 1 72 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 1486.27 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | BATCH 850 EDIT-SEQ 607562 | | | | | | |
| | | | | | | | | | MPL-ID ESC1 | | | | | 06-05-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| 07-07 | 07-13 | 1 72 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 1871.55 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | BATCH 850 EDIT-SEQ 142287 | | | | | | |
| | | | | | | | | | MPL-ID ESC1 | | | | | 07-13-07 L | |

```
I6681-721                                          I626 PS GER SNW 73479455    T13 12/31/07
LOAN-NO (CONT\D)                                                               PAGE  15261
```

```
LN#      1244    JAMES B MCDONALD                                        EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 81.14 | AA |
| | | | | | | | | | | | BATCH 850 EDIT-SEQ 088344 | | | | |
| 08-07 | 07-13 | 1 73 | 2 | 5.00 | .00 | 389481.60 | .00 | .00 | 1871.55 | .00 | .00 | .00 | | 5.00 | 01 |
| | | | | | | | | | | | BATCH 856 EDIT-SEQ 090069 | | | | |
| 08-07 | 08-01 | 1 71 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 2256.83 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 08-01-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 EDIT-SEQ 999999 | | | | |
| 09-07 | 09-04 | 1 71 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 2642.11 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 09-04-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 EDIT-SEQ 999999 | | | | |
| 10-07 | 09-28 | 3 12 | 1 | CHECK #WIRE | | | | 2139.53- | 502.58 | | PAYEE CD 46033 | | | | |
| 10-07 | 10-01 | 1 71 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 887.86 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 10-01-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 EDIT-SEQ 999999 | | | | |
| 11-07 | 11-01 | 1 71 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 1273.14 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 11-01-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 EDIT-SEQ 999999 | | | | |
| 12-07 | 12-03 | 1 71 | 1 | 2292.12 | .00 | 389481.60 | 1906.84 | 385.28 | 1658.42 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 12-03-07 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 EDIT-SEQ 999999 | | | | |
| 01-08 | 12-18 | 3 51 | 1 | CHECK #WIRE | | | | 407.00- | 1251.42 | | PAYEE CD 71041 | | | | |

```
REQ-BY TOTALS    26,414.23                    20,466.75                              .00                     821.40
        Y/E                      .00                          5,937.48
```

```
OTHER AMOUNT CODES:
A=FHA-PENALTY   G=SER=INTEREST-PAID TO POOL   K=INT-DUE-PD      P=ACCRUED-IOE/IORE   U=REAPPLICATION-FEE     Y=HUD-FUND
B=BSC           H=FEE-AMT                     L=PD-THRU-DT      R=UE-INT-AMT         V=ESCROW-ADVANCE        Z=RESTRICTED-ESCROW
C=235-FEE        I=A-H-PD                     M=ADVANCE-EFF-DATE S=CR-LIFE-AMT       W=SUSPENSE              DI=DEFERRED-INT-BAL
F=MISC          J=LIFE-PD                     N=ADVANCE-MEMO-AMT T=ORIG-FEE-AMT      X=REPLACEMENT-RESERVE
AA=SER-FEE-PD   AB=DEFERRED-INT-PD            AC=LIFE-DEF-INT-PD AD=CHECK-NO         AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE     AJ=DEF-INT-ADJ-FLAG AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD AN=NON-REC-CORP-ADV AP=DATE-STAMP AQ=TIME-
STAMP AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:    1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEEY-ADJ YE 1098 IND  AZ=CHOICES-PD
```

Case 10-00852 Doc 99 Filed 02/20/12 Page 9 of 73

```
                                                                       ARM PLAN U4FT
                                                                         EMP 0   POF0
LN#      1244   JAMES B MCDONALD
                                14840 119th Pl NE        KIRKLAND           WA 98034

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL    REST ESC     SUSPENSE    ADV BAL    REPL RES  HUD BAL     LC BAL    INT DUE DUE DATE HUD PRT OF M
 389,481.60        .00      1138.10         .00           .00        .00        .00      .00        .00        .00 01-01-09   .00 SP 0

 P & I 1ST  P&I 2ND   CO TAX CITY TAX  HAZ INS   M I P   LIEN    BSC  A & R    LIFE      MISC     REP RES  TOT PAYMT INT RATE DT BM
 1906.84       .00   396.87    .00    33.92      .00      .00      .00 0      .00 0      .00 0      .00     2377.73 .0587500  1 6
 OVER/SHORT AMT      40.10

   1ST ORIG MTG  2ND ORIG MTG     PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN    DEF INT BAL   PRIOR YR PPD INT    PPD INT IND  GPM ORG
    389,482           0          389,481.60                      494 94 4760       0.00            0.00              0           0

ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF  FC-TRK-SW  YE-ACQ-RPT/DATE    SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT      REO STAT/COMPL DT
   12                            .00                                                                   03-07

IOE CREDIT YTD/W-H SW/W-H BALANCE     IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT    LAST DEF DUE
         .00              .00                   .00              .00                                                          02-37

REC CORP ADV BAL    3RD REC CORP ADV BAL    FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
        .00                   .00                                                  9        02-21-07

 DUE  PROC  TP  SQ   AMOUNT    PRINCIPAL  PRINCIPAL  INTEREST   ESCROW    ESCROW  ADVANCE   STATUS    STATUS   UNEARNED   OTHER   CFD
 DATE  DATE TR NO   RECEIVED     PAID      BALANCE     PAID      PAID    BALANCE  BALANCE   AMOUNT   BALANCE   INT-BAL.  AMOUNTS  DCT
BAL-FWD                                   389481.60            1251.42     .00               .00      .00       .00
01-08 01-02 1 71  1  2292.12       .00    389481.60 1906.84   385.28   1636.70     .00               .00      .00       .00
                                                                                                                                  1
                                                                                                                        01-02-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
02-08 02-01 1 71  1  2292.12       .00    389481.60 1906.84   385.28   2021.98     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        02-01-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
03-08 03-03 1 71  1  2307.15       .00    389481.60 1906.84   400.31   2422.29     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        03-03-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
04-08 03-31 3 12  1  CHECK #WIRE                              2381.23-   41.06     PAYEE CD 46033
04-08 04-01 1 71  1  2307.15       .00    389481.60 1906.84   400.31    441.37     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        04-01-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
05-08 05-01 1 71  1  2307.15       .00    389481.60 1906.84   400.31    841.68     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        05-01-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
06-08 06-02 1 71  1  2307.15       .00    389481.60 1906.84   400.31   1241.99     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        06-02-08 L
                                                                                   BATCH 901 EDIT-SEQ 999999             81.14 AA
07-08 07-01 1 71  1  2377.73       .00    389481.60 1906.84   470.89   1712.88     .00      .00       .00      .00
                                                                                                                                  1
                                                                                                                        07-01-08 L
                                                                                                                        81.14 AA
```

LN#     1244     JAMES B MCDONALD                                                                     EMP 0    POF0

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 08-08 | 08-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 2183.77 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 08-01-08 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 09-08 | 09-02 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 2654.66 | .00 | .00 | .00 | .00 | | |
| | | | | | | | | | | | | | | 09-02-08 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 10-08 | 09-29 | 3 12 | 1 | CHECK #WIRE | | | | 2381.23- | 273.43 | | PAYEE CD 46033 | | | | |
| 10-08 | 10-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 744.32 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 10-01-08 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 11-08 | 11-03 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 1215.21 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 11-03-08 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 12-08 | 12-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 1686.10 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 12-01-08 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 01-09 | 12-16 | 3 51 | 1 | CHECK #WIRE | | | | 548.00- | 1138.10 | | PAYEE CD 71041 | | | | |

REQ-BY TOTALS    28,079.22                  22,882.08                                 .00                       973.68
Y/E                                       .00             5,197.14

OTHER AMOUNT CODES:
| | | | | |
|---|---|---|---|---|
| A=FHA-PENALTY | G=SER-INTEREST-PAID TO POOL | K=INT-DUE-PD | P=ACCRUED-IOE/IORE | U=REAPPLICATION-FEE | Y=HUD-FUND |
| B=BSC | H=FEE-AMT | L=PD-THRU-DT | R=UE-INT-AMT | V=ESCROW-ADVANCE | Z=RESTRICTED-ESCROW |
| C=235-FEE | I=A-H-PD | M=ADVANCE-EFF-DATE | S=CR-LIFE-AMT | W=SUSPENSE | DI=DEFERRED-INT-BAL |
| F=MISC | J=LIFE-PD | N=ADVANCE-MEMO-AMT | T=ORIG-FEE-AMT | X=REPLACEMENT-RESERVE | |
| AA=SER-FEE-PD | AB=DEFERRED-INT-PD | AC=LIFE-DEF-INT-PD | AD=CHECK-NO | AE=DEFERRED-INT-LTD-PD | AF=LIFE-DEFERRED-INT-LTD-PD |
| AG=SUB-CODE | AJ=DEF-INT-ADJ-FLAG | AK=ADV-AMT-RECD | AL=TRAN-SOURCE | AM=IOC-SPEC-INT-PD | AN=NON-REC-CORP-ADV | AP=DATE-STAMP | AQ=TIME- |

STAMP   AR=MTGR-REC-CORP-ADV   AS=PREV-POSTED   AT=3RD-REC-CORP-ADV   AY=ADJ YE 1098 IND   AZ=CHOICES-PD
FEE CODES:      1=LATE-CHARGE   2=BAD-CK-FEE   3=CHG-OWNER   $=ELOC-FEEY/ADJ YE 1098 IND   AZ=CHOICES-PD

```
I6681-721        INDIVIDUAL MTGE. TRANS HISTORY    LOAN HISTORY INQUIRY    206    85811   TNV0372    79455   T13 12/31/09
                                                                                                              PAGE  34879
                                                                                                        ARM PLAN U4FT
LN#      1244   JAMES B MCDONALD                                                                         EMP 0   POF1
                                    14840 119th Pl NE              KIRKLAND              WA 98034

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL     REST ESC     SUSPENSE     ADV BAL   REPL RES  HUD BAL    LC BAL  INT DUE DUE DATE HUD PRT OF M
 389,481.60        .00         .00          .00          .00       100.62      .00       .00     286.02    .00 10-01-09   .00 SP F

P & I 1ST  P&I 2ND   CO TAX CITY TAX  HAZ INS   M I P    LIEN   BSC A & H     LIFE      MISC     REP RES  TOT PAYMT INT RATE DT BM
 1906.84     .00     412.59    .00    45.67     .00      .00     .00 0        .00 0     .00 0      .00    2393.86 .0587500  1 9
  OVER/SHORT AMT     28.76                                                     ?

     1ST ORIG MTG   2ND ORIG MTG        PRIN BAL BEG   INT IND  CAP FLAG  MTGR SSN    DEF INT BAL   PRIOR YR PPD INT   PPD INT IND  GPM ORG
       389,482            0             389,481.60                        494 94 4760    0.00           0.00            0          0

ASSUM-DT XFER-DEED FHA-SEC/NUM      LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE    SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
   12                              .00                                                                 03-07

IOE CREDIT YTD/W-H SW/W-H BALANCE    IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
       .00              .00                .00              .00                                                         02-37

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
      22.00                .00                    A                          9           02-21-07
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 389481.60 | | | 1138.10 | .00 | | .00 | .00 | | |
| 01-09 | 01-02 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 1608.99 | .00 | .00 | .00 | .00 | 01-02-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 02-09 | 02-02 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 2079.88 | .00 | BATCH 901 EDIT-SEQ 999999 .00 | .00 | .00 | 02-02-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 03-09 | 03-02 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 2550.77 | .00 | BATCH 901 EDIT-SEQ 999999 .00 | .00 | .00 | 03-02-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 04-09 | 04-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 3021.66 | .00 | BATCH 901 EDIT-SEQ 999999 .00 | .00 | .00 | 04-01-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 04-09 | 04-06 | 3 12 | 1 | CHECK #WIRE | | | | 2475.56- | 546.10 | | BATCH 901 EDIT-SEQ 999999 PAYEE CD 46033 | | | | |
| 05-09 | 05-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 1016.99 | .00 | .00 | .00 | .00 | 05-01-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 06-09 | 06-01 | 1 71 | 1 | 2377.73 | .00 | 389481.60 | 1906.84 | 470.89 | 1487.88 | .00 | BATCH 901 EDIT-SEQ 999999 .00 | .00 | .00 | 06-01-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |
| 07-09 | 07-01 | 1 71 | 1 | 2393.86 | .00 | 389481.60 | 1906.84 | 487.02 | 1974.90 | .00 | BATCH 901 EDIT-SEQ 999999 .00 | .00 | .00 | 07-01-09 L | 1 |
| | | | | | | | | | | | | | | 81.14 AA | |

Case 2:10-cv-01952-RSL   Document 99   Filed 02/20/12   Page 12 of 73

LN#      1244    JAMES B MCDONALD                               EMP 0    POF1

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 08-09 | 08-03 | 1 71 | 1 | 2393.86 | .00 | 389481.60 | 1906.84 | 487.02 | 2461.92 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 08-03-09 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 09-09 | 09-01 | 1 71 | 1 | 2393.86 | .00 | 389481.60 | 1906.84 | 487.02 | 2948.94 | .00 | .00 | .00 | .00 | | |
| | | | | | | | | | | | | | | 09-01-09 L | |
| | | | | | | | | | | | | | | 81.14 AA | |
| | | | | | | | | | | | BATCH 901 | EDIT-SEQ | 999999 | | |
| 10-09 | 09-30 | 3 12 | 1 | CHECK #WIRE | | | | 2475.56- | 473.38 | | PAYEE CD | 46033 | | | |
| 10-09 | 10-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | 473.38 | | | | .00 | 95.34- 11 | |
| 11-09 | 11-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | 473.38 | | | | .00 | 95.34- 11 | |
| 00-00 | 12-03 | 6 31 | 1 | .00 PROCES FFS | REASON COIF | INSPECTION FEE | | | CORP:SEQ | PAYEE 50R13 | | ORIG PAY PI3000 | | 11.00 AR | |
| | | | | | CHECK #500915 | | | | | | | | | | |
| 01-10 | 12-16 | 3 51 | 1 | CHECK #WIRE | | | | 574.00- | 100.62- | | PAYEE CD | 71041 | | | |
| 10-09 | 12-16 | 1 61 | 2 | 100.62 | .00 | 389481.60 | .00 | .00 | .00 | 100.62 | | | .00 | | 1 |
| 10-09 | 12-16 | 1 52 | 3 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 100.62 | | | .00 | 95.34- 11 | |
| 00-00 | 12-23 | 6 31 | 1 | .00 PROCES FFS | REASON COIF | INSPECTION FEE | | | CORP:SEQ | PAYEE 50R13 | | ORIG PAY PI3000 | | 11.00 AR | |
| | | | | | CHECK #533920 | | | | | | | | | | |

REQ-BY TOTALS       21,548.58                        17,161.56                           .00                          466.24
     Y/E                             .00                    4,387.02

OTHER AMOUNT CODES:
A=FHA-PENALTY    G=SER=INTEREST-PAID TO POOL    K=INT-DUE-PD        P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE      Y=HUD-FUND
B=BSC            H=FEE-AMT                      L=PD-THRU-DT        R=UE-INT-AMT          V=ESCROW-ADVANCE         Z=RESTRICTED-ESCROW
C=235-FEE        I=A-H-PD                       M=ADVANCE-EFF-DATE  S=CR-LIFE-AMT         W=SUSPENSE               DI=DEFERRED-INT-BAL
F=MISC           J=LIFE-PD                      N=ADVANCE-MEMO-AMT  T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD    AB=DEFERRED-INT-PD             AC=LIFE-DEF-INT-PD  AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE      AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:       1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEEY=ADJ YE 1098 IND  AZ=CHOICES-PD

Case 2:10-cv-01952-RSL   Document 99   Filed 02/20/12   Page 13 of 73

ARM PLAN U4FT
EMP 0  POF4

LN#    .1244   JAMES B MCDONALD       14840 119th Pl NE        KIRKLAND        WA 98034

| 1ST MTGE PRIN | 2ND MTGE PRIN | ESC BAL | REST ESC | SUSPENSE | ADV BAL | REPL RES | HUD BAL | LC BAL | INT DUE | DUE DATE | HUD PRT OF M |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 389,481.60 | .00 | .00 | .00 | .00 | 5,389.26 | .00 | .00 | 1430.10 | .00 | 10-01-09 | .00 SP F |

| P & I 1ST | P&I 2ND | CO TAX | CITY TAX | HAZ INS | M I P | LIEN | BSC | A & H | LIFE | MISC | REP RES | TOT PAYMT | INT RATE | DT BM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1906.84 | .00 | 412.59 | .00 | 45.67 | .00 | .00 | .00 0 | .00 0 | .00 0 | .00 0 | .00 | 2393.86 | .0587500 | 1 9 |

OVER/SHORT AMT   28.76

| | 1ST ORIG MTG | 2ND ORIG MTG | PRIN BAL BEG | INT IND | CAP FLAG | MTGR SSN | DEF INT BAL | PRIOR YR PPD INT | PPD INT IND | GPM ORG |
|---|---|---|---|---|---|---|---|---|---|---|
| | 389,482 | 0 | 389,481.60 | | | 494 94 4760 | 0.00 | 0.00 | 0 | 0 |

ASSUM-DT XFER-DEED FHA-SEC/NUM   LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE  ·SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT

PMT PERIOD 1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
12                                                 03-07

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE   CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
    .00                 .00            .00                   .00                   02-37

REC CORP ADV BAL  3RD REC CORP ADV BAL  FORECL WKST CODE/REINSTATE DATE  INIT ESC STMT CODE / DATE  LOSS MIT STATUS/COMPL DATE
3,451.82           49.00                 A                    9        02-21-07       R      04-21-10

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 389481.60 | | | .00 | | | .00 | .00 | | |
| 10-09 | 01-19 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 100.62 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 01-22 | 6 33 | 1 | .00 PROCES NIV | REASON COIF INSPECTION FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #560707 | | | | | | | | | | | |
| 10-09 | 02-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 100.62 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 02-23 | 6 33 | 1 | .00 PROCES NIV | REASON COIF INSPECTION FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #586707 | | | | | | | | | | | |
| 10-09 | 03-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 100.62 | .00 | .00 | .00 | 95.34- 11 | |
| 04-10 | 03-31 | 3 12 | 1 | CHECK #WIRE | | | | 2357.32- | 2357.32- | | PAYEE CD 46033 | | | | 1 |
| 10-09 | 03-31 | 1 61 | 2 | 2357.32 | .00 | 389481.60 | .00 | 2357.32 | .00 | 2457.94 | .00 | .00 | .00 | | |
| 10-09 | 04-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 04-22 | 6 33 | 1 | .00 PROCES NIV | REASON COIF INSPECTION FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #636211 | | | | | | | | | | | |
| 10-09 | 05-17 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 05-28 | 6 33 | 1 | .00 PROCES NIV | REASON COIF INSPECTION FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #678845 | | | | | | | | | | | |
| 00-00 | 06-09 | 6 33 | 1 | .00 PROCES NIV | REASON COIF INSPECTION FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #685498 | | | | | | | | | | | |
| 10-09 | 06-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 07-08 | 6 33 | 1 | .00 PROCES NIV | REASON FCIF F/C INSPECT FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #704393 | | | | | | | | | | | |
| 10-09 | 07-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 07-27 | 6 33 | 1 | .00 PROCES NIV | REASON FCIF F/C INSPECT FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY PI3000 | | | 11.00 AR | |
| | | | | CHECK #717222 | | | | | | | | | | | |
| 10-09 | 08-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- 11 | |
| 00-00 | 08-23 | 6 30 | 1 | .00 PROCES NIV | REASON FBAA ADV ATTORNEY FEE | | | | CORP:SEQ | PAYEE 50T13 | ORIG PAY AT0073 | | | 35.00 AT | |
| | | | | CHECK #734078 | | | | | | | | | | | |
| 00-00 | 08-23 | 6 30 | 2 | .00 PROCES NIV | REASON FBAA ADV ATTORNEY FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY AT0073 | | | 652.50 AR | |
| | | | | CHECK #734078 NIV | REASON FBAA ADV ATTORNEY FEE | | | | CORP:SEQ | PAYEE 50R13 | ORIG PAY AT0073 | | | 652.50 AR | |

```
LN#    .1244    JAMES B MCDONALD                                                              EMP 0    POF4
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00-00 | 08-23 | 6 32 | 3 | .00 PROCES NIV | | REASON FBRC RECORDING COST | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY AT0073 | | 79.00 | AR |
| | | | | CHECK #734170 | | | | | | | | | | | |
| 00-00 | 08-23 | 6 32 | 4 | .00 PROCES NIV | | REASON FBSC SVC COST-PUB/POS | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY AT0073 | | 965.32 | AR |
| | | | | CHECK #734170 | | | | | | | | | | | |
| 00-00 | 08-23 | 6 32 | 5 | .00 PROCES NIV | | REASON FBPT TITLE POLICY/TSG | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY AT0073 | | 951.00 | AR |
| | | | | CHECK #734170 | | | | | | | | | | | |
| 00-00 | 08-23 | 6 32 | 6 | .00 PROCES NIV | | REASON FBRC RECORDING COST | | | CORP:SEQ | | PAYEE 50T13 | ORIG PAY AT0073 | | 14.00 | AT |
| | | | | CHECK #734170 | | | | | | | | | | | |
| 00-00 | 08-31 | 6 33 | 1 | .00 PROCES NIV | | REASON BKIF B/K INSPECT FEE | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY PI3000 | | 11.00 | AR |
| | | | | CHECK #739807 | | | | | | | | | | | |
| 10-09 | 09-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 2457.94 | .00 | .00 | .00 | 95.34- | 11 |
| 00-00 | 09-30 | 6 33 | 1 | .00 PROCES NIV | | REASON BKIF B/K INSPECT FEE | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY PI3000 | | 11.00 | AR |
| | | | | CHECK #759105 | | | | | | | | | | | |
| 10-10 | 10-04 | 3 12 | 1 | | | | | 2357.32- | 2357.32- | | PAYEE CD 46033 | | | | |
| 10-09 | 10-04 | 1 61 | 2 | 2357.32 | .00 | 389481.60 | .00 | 2357.32 | .00 | 4815.26 | .00 | .00 | .00 | | 1 |
| 10-09 | 10-18 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 4815.26 | .00 | .00 | .00 | 95.34- | 11 |
| 00-00 | 11-05 | 6 33 | 1 | .00 PROCES NIV | | REASON FCIF F/C INSPECT FEE | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY PI3000 | | 11.00 | AR |
| | | | | CHECK #787980 | | | | | | | | | | | |
| 00-00 | 11-10 | 6 30 | 1 | .00 PROCES NIV | | REASON BATD BK ATTORNEY FEES | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY AT0036 | | 500.00 | AR |
| | | | | CHECK #791931 | | | | | | | | | | | |
| 00-00 | 11-10 | 6 32 | 2 | .00 PROCES NIV | | REASON BATC BK ATTORNEY COST | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY AT0036 | | 150.00 | AR |
| | | | | CHECK #791998 | | | | | | | | | | | |
| 10-09 | 11-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 4815.26 | .00 | .00 | .00 | 95.34- | 11 |
| 00-00 | 11-24 | 6 33 | 1 | .00 PROCES NIV | | REASON FCIF F/C INSPECT FEE | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY PI3000 | | 11.00 | AR |
| | | | | CHECK #804845 | | | | | | | | | | | |
| 10-09 | 12-16 | 1 52 | 1 | .00 | .00 | 389481.60 | .00 | .00 | .00 | 4815.26 | .00 | .00 | .00 | 95.34- | 11 |
| 01-11 | 12-27 | 3 51 | 1 | CHECK #840845 | | | | 574.00- | 574.00- | | PAYEE CD 71041 | | | | |
| 10-09 | 12-27 | 1 61 | 2 | 574.00 | .00 | 389481.60 | .00 | 574.00 | .00 | 5389.26 | .00 | .00 | .00 | | 1 |
| 00-00 | 12-28 | 6 33 | 1 | .00 PROCES NIV | | REASON FCIF F/C INSPECT FEE | | | CORP:SEQ | | PAYEE 50R13 | ORIG PAY PI3000 | | 11.00 | AR |
| | | | | CHECK #855842 | | | | | | | | | | | |

```
REQ-BY TOTALS     5,288.64                     .00                          .00                    2,334.74
      Y/E                        .00                     5,288.64
```

OTHER AMOUNT CODES:
```
A=FHA-PENALTY     G=SER=INTEREST-PAID TO POOL   K=INT-DUE-PD        P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE      Y=HUD-FUND
B=BSC             H=FEE-AMT                      L=PD-THRU-DT        R=UE-INT-AMT          V=ESCROW-ADVANCE         Z=RESTRICTED-ESCROW
C=235-FEE         I=A-H-PD                       M=ADVANCE-EFF-DATE  S=CR-LIFE-AMT         W=SUSPENSE               DI=DEFERRED-INT-BAL
F=MISC            J=LIFE-PD                      N=ADVANCE-MEMO-AMT  T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD     AB=DEFERRED-INT-PD             AC=LIFE-DEF-INT-PD  AD=CHECK-NO   AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE       AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:    1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEEY-ADJ YE 1098 IND  AZ=CHOICES-PD
```

## 3270 Explorer: Delinquency H (DLQH)

### O N E W E S T B A N K -- 668

**Loan Number:**     1244                                    **Borrower Name:** MCDONALD,JAMES B

```
      DLQH     1244    _____  QX   D E L I N Q U E N C Y          06/24/11 15:41:29

        MTGR: JB MCDONALD  13-A CONV. RES. ARM      INV: 506  DUE: 10/01/09
     CO-MTGR:              14840 119TH PLACE NE               TOT DUE:   52,273.20
     PER/CLS/OFF: F/AA/SP  KIRKLAND WA 98034                  PAYMT:      2,393.86
     -------------------------* LOAN FINANCIAL HISTORY *-------------------(MORE)
       APP   DUE   TRAN    AMOUNT      P&I       ESCROW  LTE CHG  NSF FEE  SUSPENSE
     061611 10-09   152                                   95.34-
     060711 00-00   630  CRP AD R (CD/AMT/DESC): FBAA     210.00 ADV ATTORNEY FEE
     052711 00-00   633  CRP AD R (CD/AMT/DESC): FCIF      11.00 F/C INSPECT FEE
     052611 00-00   630  CRP AD R (CD/AMT/DESC): FBAA    1162.00 ADV ATTORNEY FEE
     051611 10-09   152                                   95.34-
     050611 00-00   630  CRP AD R (CD/AMT/DESC): FBAA    4129.00 ADV ATTORNEY FEE
     042811 00-00   632  CRP AD R (CD/AMT/DESC): FBRC      65.00 RECORDING COST
     042811 00-00   632  CRP AD R (CD/AMT/DESC): FBSC     773.62 SVC COST/PUB
     042811 00-00   632  CRP AD R (CD/AMT/DESC): FMAL     702.24 MAILING COST
     042811 00-00   630  CRP AD R (CD/AMT/DESC): FBAA     508.00 ADV ATTORNEY FEE
     042711 00-00   633  CRP AD R (CD/AMT/DESC): FCIF      11.00 F/C INSPECT FEE
     041811 10-09   152                                   95.34-
     040511 10-09   161    2539.29          2539.29
     040511 04-11   312    2539.29-         2539.29-
     --------------------------------------------------------------------------
     OLDEST TRAN: 06/09/10   NO. OF TRANS:   49
```

## 3270 Explorer: Delinquency H (DLQH)

### O N E W E S T B A N K -- 668

| Loan Number | 1244 | | Borrower Name: MCDONALD,JAMES B |
|---|---|---|---|

```
    DLQH      1244    _____  QX   D E L I N Q U E N C Y        06/24/11 15:41:16

     MTGR: JB MCDONALD  13-A CONV. RES. ARM     INV: 506  DUE: 10/01/09
  CO-MTGR:              14840 119TH PLACE NE             TOT DUE:   52,273.20
  PER/CLS/OFF: F/AA/SP  KIRKLAND WA 98034        `       PAYMT:      2,393.86
  ------------------------* LOAN FINANCIAL HISTORY *--------------------(MORE)
   APP    DUE   TRAN    AMOUNT     P&I      ESCROW  LTE CHG  NSF FEE   SUSPENSE
  033011 00-00  632  CRP AD R (CD/AMT/DESC): FBSC    10.46 SVC COST/PUB
  033011 00-00  630  CRP AD R (CD/AMT/DESC): FBAA  3085.00 ADV ATTORNEY FEE
  032411 00-00  633  CRP AD R (CD/AMT/DESC): FCIF    11.00 F/C INSPECT FEE
  031611 10-09  152                                  95.34-
  031111 00-00  633  CRP AD R (CD/AMT/DESC): COIF    11.00 INSPECTION FEE
  021611 10-09  152                                  95.34-
  012511 00-00  633  CRP AD R (CD/AMT/DESC): COIF    11.00 INSPECTION FEE
  011811 10-09  152                                  95.34-
  122810 00-00  633  CRP AD R (CD/AMT/DESC): FCIF    11.00 F/C INSPECT FEE
  122710 10-09  161     574.00              574.00
  122710 01-11  351     574.00-             574.00-
  121610 10-09  152                                  95.34-
  112410 00-00  633  CRP AD R (CD/AMT/DESC): FCIF    11.00 F/C INSPECT FEE
  111610 10-09  152                                  95.34-
  ----------------------------------------------------------------------------
  OLDEST TRAN: 06/09/10  NO. OF TRANS:   49
```

# MIN SUMMARY



**Summary**

| | | | |
|---|---|---|---|
| 1000554-0125049243-8 | | Active (Registered) | |
| | | Foreclosure pending (Option 1), assigned to servicer | |
| 14840 119TH PLACE NE | | MOM | |
| KIRKLAND, WA 98034 | | First Lien | |

| | | | |
|---|---|---|---|
| Reg Date | 01/10/2007 | | |
| County | King | QR | N |
| Primary Borrower | MCDONALD, JAMES | SSN | |
| Pool Number | N/A | Investor Loan Number | 9455 |
| Note Amount | $389,481.60 | Note Date | 01/08/2007 |
| Servicer | 1008171 - OneWest Bank, FSB | | |
| Custodian | 1000648 - Deutsche Bank National Trust Company | | |
| Investor | 1000106 - Federal Home Loan Mortgage Corporation | | |
| Subservicer | N/A | | |
| Interim Funder | N/A | | |
| Originating Organization | N/A | | |
| Property Preservation Co. | N/A | | |

## Pending Batches

| Batch Number | Transfer Type | Status | Transfer Date | Sale Date |
|---|---|---|---|---|
| No Pending Batches! | | | | |

# MILESTONES for 1000554-0125049243-8



| Description | Date | Initiating Organization / User | Milestone Information |
|---|---|---|---|
| Foreclosure Status Update | 04/20/2011 | <u>1008171</u> OneWest Bank, FSB<br><br>Batch | MIN Status: Active (Registered)<br>Foreclosure Status: Foreclosure Pending (option 1), assigned to servicer<br>Quality Review: N |
| Foreclosure Status Update | 04/19/2011 | <u>1008171</u> OneWest Bank, FSB<br>Batch | MIN Status: Active (Registered)<br>Foreclosure Status: None<br>Quality Review: N |
| Foreclosure Status Update | 01/27/2010 | <u>1008171</u> OneWest Bank, FSB<br><br>Batch | MIN Status: Active (Registered)<br>Foreclosure Status: Foreclosure Pending (option 2), retained on MERS<br>Quality Review: N |
| Transfer Seasoned Servicing Rights | 03/29/2009 | <u>1000554</u> FDIC as Receiver for IndyMac Federal Bank, FSB<br><br><br><br>Batch | MIN Status: Active (Registered)<br>New Servicer: 1008171 OneWest Bank, FSB<br>Old Servicer: 1000554 FDIC as Receiver for IndyMac Federal Bank, FSB<br>Batch Number: 6186756<br>Sale Date: 03/19/2009<br>Transfer Date: 03/19/2009 |
| Transfer Beneficial Rights - Option 1 | 02/28/2007 | <u>1000106</u> Federal Home Loan Mortgage Corporation<br><br><br>Batch User ID | MIN Status: Active (Registered)<br>New Investor: 1000106 Federal Home Loan Mortgage Corporation<br>Old Investor: 1000554 FDIC as Receiver for IndyMac Federal Bank, FSB<br>Batch Number: 4318216<br>Transfer Date: 02/27/2007 |
| Registration | 01/10/2007 | <u>1000554</u> FDIC as Receiver for IndyMac Federal Bank, FSB<br>Batch | MIN Status: Active (Registered)<br>Servicer: 1000554 FDIC as Receiver for IndyMac Federal Bank, FSB |

## CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are officers of **OneWest Bank, FSB** a Member of Mortgage Electronic Registration Systems, Inc. (MERS), and are hereby appointed as assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

(1) release the lien of any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;

(3) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(4) take any and all actions and execute all documents necessary to protect the interest of the Member, the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System that is shown to be registered to the Member, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the Member, the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

(5) take any and all actions and execute all documents necessary to refinance, subordinate, amend or modify any mortgage loan registered on the MERS System that is shown to be registered to the Member.

(6) endorse checks made payable to Mortgage Electronic Registration Systems, Inc. to the Member that are received by the Member for payment on any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(7) take any such actions and execute such documents as may be necessary to fulfill the Member's servicing obligations to the beneficial owner of such mortgage loan (including mortgage loans that are removed from the MERS System as a result of the transfer thereof to a non-member of MERS).

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the **19th day of March, 2009** which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____

William C. Hultman, Secretary

**As of 6/11/09**

## OneWest Bank, FSB
ORG ID 1008171

## Mortgage Electronic Registration Systems, Inc.
## Certifying Officers

Friedman, Eric

Jancarz, Kenneth

Parres, John

Stotts, Roger D

Brewton, Connie

Mastro, Karen

Stanford, Mike

Kirkpatrick, Dennis

Spencer, Kelly Cooper

Lerud, Bart

Johnson-Seck, Erica

JC San Pedro

Chamagne Williams

Suchan Murray

Charles Boyle

Cotton, Betty

Prees, Cyndi

Nix, Sheila

Maria Camarillo

Kira Cleary

Bobbitt, Sean

Treichler, Judy

Engel, Claudia

North, Sue

Schneider, Sandy

# Exhibit 2

**Tommy Kwong**

| | |
|---|---|
| **From:** | Heidi Buck |
| **Sent:** | Tuesday, June 28, 2011 6:46 PM |
| **To:** | 'james@jamesmcdonald.net' |
| **Subject:** | McDonald v. OneWest Bank, et al. |
| **Attachments:** | OneWest Member App.pdf |

Mr. McDonald,

Please see the attached document, which is responsive to your requests for production. A hard copy will follow in the mail.

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



2/20/2012

 

**MEMBERSHIP APPLICATION**

MERS-ASSIGNED ORG ID#:  1  0  0
(MERS ASSIGNS)

## COMPANY INFORMATION (PLEASE TYPE OR PRINT)

| | |
|---|---|
| COMPANY NAME: ONEWEST BANK, FSB      (IN ORGANIZATION) | |
| D.B.A., IF APPLICABLE: INDYMAC FEDERAL BANK, FSB    (FOR A TRANSITION PERIOD) | |
| STREET ADDRESS: 888 EAST WALNUT STREET | |

| CITY: PASADENA | STATE: CA | ZIP: 91101 |
|---|---|---|
| MAIN PHONE: 626-535-5555 | MAIN FAX: 626-535-7854 | |
| TOLL-FREE NUMBER: 800-669-2300 | CORP. WEB SITE: WWW.IMB.COM | |

## COMPANY CONTACTS:

| | NAME | TITLE | PHONE | EMAIL (REQUIRED) |
|---|---|---|---|---|
| MERS PROJECT MGR (To be interviewed) | ███████ | VICE PRESIDENT* | 626-535-4887* | ████████ER@IMB.COM* |
| EXECUTIVE SPONSOR | ███████ | FVP/ASSISTANT TREASURER* | 626-535-7393* | ████████H@IMB.COM* |
| OFFICE OF THE CEO | ███████ | CEO & PRESIDENT | 617-666-7098 | ████████LIN@GMAIL.COM |
| OPERATIONS | ███████ | FIRST VICE PRESIDENT | 626-535-8929 | ████████RO@IMB.COM |
| SECONDARY | ███████ | SENIOR VICE PRESIDENT | 626-535-8852 | ████████DE@IMB.COM |
| GENERAL COUNSEL | ███████ | EXECUTIVE VICE PRESIDENT | 626-535-5525 | ████████L@IMB.COM |
| FINANCE | ███████ | FVP/ASSISTANT TREASURER | 626-535-7393 | ████████@IMB.COM |
| LOAN PRODUCTION | ███████ | EXECUTIVE VICE PRESIDENT | 626-535-5595 | ████████S@IMB.COM |
| LOAN SERVICING | ███████ | SENIOR VICE PRESIDENT | 512-250-2701 | ████████@IMB.COM |
| INFORMATION TECH. | ███████ | VICE PRESIDENT | 626-535-4964 | ████████NER@IMB.COM |
| COMPLIANCE | ███████ | FIRST VICE PRESIDENT | 636-535-5624 | ████████M@IMB.COM |
| MERS BILLING | ███████ | VICE PRESIDENT | 626-535-4887 | SA██████ER@IMB.COM |
| MERS OPERATIONS | ███████ | VICE PRESIDENT | 626-535-4887 | SA██████DER@IMB.COM |
| PERSON TO RECEIVE ALL COMMUNICATIONS | ███████ | VICE PRSIDENT | 626-535-4887 | SA██████ER@IMB.COM |

## PLEASE CHECK THE BOXES THAT REFLECT YOUR VOLUMES FOR THE MOST RECENT 12-MONTH PERIOD:

**DO YOU HAVE ANY CORPORATE OR LEGAL AFFILIATIONS WITH OTHER MORTGAGE LENDERS?**   ☐ YES   ☒ No

**IF YES, PLEASE LIST WHICH ARE MERS MEMBERS:**

| NAME | | MERS ORG ID | | | | | | |
|------|---|---|---|---|---|---|---|---|
| _____ | 1 | 0 | 0 | | | | | |
| _____ | 1 | 0 | 0 | | | | | |
| _____ | 1 | 0 | 0 | | | | | |

## PLEASE CHECK ALL THAT APPLY TO YOUR ORGANIZATION:

☐ BROKER
☐ CONDUIT
☐ CUSTODIAN
☐ FHLB
☐ FEDERAL RESERVE BANK
☐ FLOOD INSURER
☐ HAZARD INSURER
☐ HOUSING AGENCY
☐ INTERIM FUNDER / WAREHOUSE LENDER
☐ INVESTOR

☐ MORTGAGE INSURER
☒ SERVICER
☐ SUBSERVICER
☐ TAX SERVICE
☐ TITLE COMPANY
☐ TRUSTEE
☐ VENDOR/SERVICER PROVIDER
DESCRIBE: _____
☐ CONSULTANT / OTHER:
DESCRIBE: _____

☒ LENDER* (SEE NOTE BELOW): *
RETAIL 100%
WHOLESALE 0%
CORRESPONDENT 0%
NOTE: PLEASE INDICATE ABOVE THE PERCENTAGE THAT APPLIES TO YOUR ORIGINATION ACTIVITY.

## ORIGINATION ACTIVITY

| VOLUME: ▓▓▓ UNITS CLOSED MONTHLY (NOTES: ___ ) | | |
|---|---|---|
| ON AVERAGE, DAYS FROM THE NOTE DATE THE LOAN IS SOLD: | ☐ WITHIN 10 DAYS | ☐ HOLD FOR FIRST PAYMENT |
| | ☐ INTERIM SERVICING (COLLECT 2+ PAYMENTS) | ☒ OTHER (PLEASE SPECIFY): 30 DAYS |
| WHOLESALE: DO YOU CLOSE LOANS IN THE BROKER'S NAME? | ☐ YES ☒ No | TPO? ☐ YES ☒ No |

## TRADING PARTNERS: PRIMARY INVESTORS YOU SELL TO

| (IF MORE ROOM IS NEEDED, PLEASE LIST USING SEPARATE SHEET) | | | | |
|---|---|---|---|---|
| CANTOR FITZGERALD | ▮▮▮ | 212-829-7165 | ▮@CANTOR.COM | 60% |
| GREENWICH CAPITAL | ▮▮▮ | 888-684-1166 | ▮INE@RBS.COM | 25% |
| GOLDMAN SACHS | ▮▮▮ | 415-393-7658 | ▮@GS.COM | 15% |
| | | | | |
| | | | | |
| OTHERS: | | | | |

| | | |
|---|---|---|
| SERVICING RELEASED? | ☒ YES   ☐ NO | |
| ARE YOU SELLING DIRECTLY TO FANNIE MAE, FREDDIE MAC AND/OR GINNIE MAE? | ☒ YES   ☐ NO | |
| LIST HOUSING AGENCIES IF APPLICABLE: | SERVICING RELEASED? ☐ YES   ☐ NO | |
| WAREHOUSE LENDER(S): FEDERAL HOME LOAN BANK OF SF | DO THEY ACCEPT MERS? ☒ YES   ☐ NO | |
| IF SERVICING, WHAT IS YOUR SYSTEM? LENDER PROCESS SERVICES - MSP (FORMERLY FIDELITY) | | |
| IF SUB-SERVICING, WHO DO YOU USE? N/A | | |

## ORIGINATION AND DOC PREP SYSTEM

| | |
|---|---|
| LOS SYSTEM USED: MIPS | VERSION #: N/A |
| DOES LOS HAVE MERS FUNCTIONALITY? (CHECK ALL THAT APPLY) | ☒ MIN GENERATION        ☒ MIN TO DOCS<br>☐ REGISTRATION TO MERS® SYSTEM |
| DOC PREP SYSTEM(S) USED: MIPS/DIGITAL DOCS | DOES IT SUPPORT MERS DOCUMENTS? ☒ YES   ☐ NO |
| ARE DOCUMENTS CONTROLLED CENTRALLY? ☒ YES ☐ NO | IF NO, EXPLAIN: |

## INVESTOR REFERENCES (MUST BE COMPLETED)

| | |
|---|---|
| ▮▮▮ | 04310009999 EXISTING IMB/NEW APPLICATION IN PROCESS |
| | 9051790602 EXISTING IMB/NEW APPLICATION IN PROCESS |
| | 23825-000-5 EXISTING IMFB/NEW APPLICATION IN PROCESS |
| | 127721 EXISTING IMFB/NEW APPLICATION IN PROCESS |
| | 003918 EXISTING IMFB/NEW APPLICATION IN PROCESS |
| | |
| | TRANSFERRING EXISTING ORG ID DUE TO ACQUISITION |

MERS Membership Application
Residential 01/2008

Page 6 of 8

BY COMPLETING, SIGNING, AND SUBMITTING THIS APPLICATION, THE APPLICANT IS AGREEING TO BE A MERS MEMBER. THE APPLICANT HEREBY AGREES TO PAY ALL FEES AND EXPENSES SET FORTH IN THE MERS RESIDENTIAL FEE SCHEDULE, WHICH MAY CHANGE FROM TIME TO TIME; ABIDE BY ALL EXISTING MERS RULES AND PROCEDURES, WHICH ARE INCORPORATED HEREIN BY REFERENCE AND MAY BE AMENDED FROM TIME TO TIME; AND COMPLY WITH THE TERMS AND CONDITIONS SET FORTH IN THE ATTACHED ADDENDUM ENTITLED TERMS AND CONDITIONS.

NOTE: THE APPLICANT WILL BE BILLED THE MEMBERSHIP FEES AS STATED IN THE MERS RESIDENTIAL FEE SCHEDULE. PLEASE DO NOT SEND PAYMENT AT THIS TIME.

APPLICANT SIGNATURE:**

(PLEASE PRINT THIS FORM, SIGN AND FAX BACK TO MERS, OR ATTACH A DIGITIZED SIGNATURE AND SEND VIA E-MAIL)

DATE:  FEBRUARY 19, 2009                    EMAIL ADDRESS:

**The Applicant agrees that by attaching or inserting the Applicant's authorized representative's electronic signature, his/her electronic signature is intended to bind the Applicant and the Applicant acknowledges that the electronic signature shall have full force and effect as to the Applicant agreeing to the terms of this Application.

FAX OR MAIL YOUR COMPLETED AND SIGNED APPLICATION TO:
MERS
ATTENTION: CUSTOMER DIVISION
1818 LIBRARY STREET, SUITE 300, RESTON, VIRGINIA 20190
TELEPHONE 800.646.MERS (6377)          FAX 703-748-0183
APPLICATIONS@MERSINC.ORG

 **TERMS AND CONDITIONS**

1. MERS, which shall include MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc., and the Member shall abide by these Terms and Conditions, the Rules and Procedures (collectively, the "Governing Documents"), copies of which will be supplied upon request.   The Governing Documents shall be a part of the terms and conditions of every transaction that the Member may make or have with MERS or the MERS® System either directly or through a third party.  The Member shall be bound by any amendment to any of the Governing Documents.

2. The Member, at its own expense, shall promptly, or as soon as practicable, cause MERS to appear in the appropriate public records as the mortgagee of record with respect to each mortgage loan that the Member registers on the MERS® System.  MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time.  MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans.  MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties.  References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law.

3. MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes.  In the absence of contrary instructions from the note holder, MERS shall comply with instructions from the Servicer shown on the MERS® System in accordance with the Rules and Procedures of MERS.

4. No rights or obligations of the Member with respect to any data or information supplied to MERS by or on behalf of the Member shall be altered or affected in any manner by the provision of such data or information to MERS (except as otherwise specifically provided in these Terms and Conditions or the Rules of Membership).

5. If the Member uses MERS as Original Mortgagee (MOM) on the security instrument, the loan must be registered on the MERS® System within 10 days of the Note Date.

6. MERS and the Member agree that:  (i) the MERS® System is not a vehicle for creating or transferring beneficial interests in mortgage loans, (ii) transfers of servicing interests reflected on the MERS® System are subject to the consent of the beneficial owner of the mortgage loans, and (iii) membership in MERS or use of the MERS® System shall not modify or supersede any agreement between or among the Members having interests in mortgage loans registered on the MERS® System.

7. If the Member has a third-party register loans (the "Registrar") on the MERS® System on behalf of the Member, the Registrar shall not be deemed an agent of MERS.  The Registrar shall be solely an agent for the Member, and MERS is only giving consent to the Member to use a Registrar to enter information on the MERS® System on behalf of the Member.  The Member agrees that MERS is not liable to the Member for any errors and omissions, negligence, breach of confidentiality, breach of the Rules and Procedures, or willful misconduct of the Registrar, or any employee, director, officer, agent or affiliate of the Registrar in performing its services to the Member.

8. The Member shall promptly pay to MERS the compensation due it for transactions registered on the MERS® System and other services rendered to the Member based on the then current MERS fee schedules, which may change from time to time.  The Member shall promptly pay to MERS any interest and penalties on delinquent fee payments at the rate set by MERS from time to time.  MERS shall have the authority to impose reasonable penalties and fines on Members for breach of the Governing Documents, and the Member shall promptly pay such fines in accordance with the terms of their imposition.

9. MERS shall indemnify and hold harmless the Member, and any employee, director, officer, agent or affiliate of the Member   ("Member Party"), from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses ("indemnified Payments") that the Member Party may sustain directly from the negligence, errors and omissions, breach of confidentiality, breach of the Terms and Conditions, breach of the Rules and Procedures, or willful misconduct of MERS, or any employee, director, officer, agent or affiliate of MERS ("MERS Indemnified Claim").  Notwithstanding the foregoing, MERS shall not be liable or responsible under the terms of this Paragraph for any losses or claims

resulting from the actions or omissions of any person other than an employee, director, officer (who is also an employee of MERS), agent or affiliate of MERS.

The Member shall indemnify and hold harmless MERS, and any employee, director, officer, agent or affiliate of MERS ("MERS Party"), for any Indemnified Payments which do not result from a MERS Indemnified Claim and which such MERS Party incurs (i) from the negligence, errors and omissions, breach of confidentiality, breach of the Terms and Conditions, Rules and Procedures, or willful misconduct of a Member Party, (ii) with respect to a transaction on the MERS® System initiated by such Member, or (iii) as a result of compliance by MERS with instructions given by the Member, or its designee, as beneficial owner, servicer or secured party shown on the MERS® System ("Member Indemnified Claim").

MERS shall promptly notify the Member if a claim is made by a third party against either MERS or the Member with respect to any mortgage loan registered on the MERS® System in which the Member is shown on the MERS® System as beneficial owner, servicer or secured party in accordance with the Rules and Procedures. The Member shall promptly notify MERS if a claim is made against the Member that may be subject to the indemnification provisions of this Paragraph.

The obligations of MERS and the Member under this Paragraph shall survive the termination of the Member's use of the MERS® System.

10. MERS and the Member shall maintain appropriate insurance coverage that shall include an errors and omissions insurance policy and a fidelity bond. MERS shall not be required to maintain coverage for persons who may be appointed at the request of the Member as certifying officers of MERS. The Member's policies shall protect and insure MERS against losses in connection with the release or satisfaction of a mortgage loan without having obtained payment in full of the indebtedness secured thereby. Upon request, MERS or the Member shall cause to be delivered to the other a certified true copy of such errors and omissions insurance policy and fidelity bond.

In the event of any loss of principal or interest on a mortgage loan or any Indemnified Payments for which reimbursement is received from a fidelity bond or any errors and omissions insurance policy or other insurance policy, the proceeds from any such bond or insurance shall be held in trust for and be promptly paid to the Member who is shown as the servicer on the MERS® System on behalf of the beneficial owner unless otherwise requested by the beneficial owner.

11. Any notice or other communication which is required or permitted to be given or made to MERS pursuant to any provision of the Governing Documents shall be given or made in writing and shall be sent by nationally recognized overnight courier, or facsimile followed by delivery of the original via first class mail, addressed as follows: MERS, Corporate Secretary, 1818 Library Street, Suite 300, Reston, VA 20190.

12. These Terms and Conditions and all transactions effected by the Member with MERS shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

13. Neither the Member nor MERS shall institute a proceeding before any tribunal to resolve any controversy or claim arising out of or relating to these Terms and Conditions, Rules and Procedures, or the breach, termination or invalidity thereof (a "Dispute"), before such party has sought to resolve the Dispute through direct negotiation with the other party. If the Dispute is not resolved within thirty (30) days after a written demand for direct negotiation, the parties shall attempt to resolve the Dispute through mediation. If the parties do not promptly agree on a mediator, either party may request the then chief judge of the Circuit Court of Fairfax County, Virginia to appoint a mediator. All mediation proceedings hereunder shall be held in Washington, D.C. If the mediator is unable to facilitate a settlement of the Dispute within a reasonable period of time, as determined by the mediator, the mediator shall issue a written statement to the parties to that effect and the aggrieved party may then seek relief in accordance with the arbitration provisions of this Paragraph. The fees and expenses of the mediator shall be paid by the party initiating the Dispute.

In the event that the Member and MERS are not able to resolve a Dispute in accordance with the mediation provisions of this Paragraph, such Dispute shall be settled by binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof; provided, however, that the place of arbitration shall be Washington, DC, and fees and expenses for the arbitration proceedings shall be paid by the party initiating arbitration.

Exhibit 3

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9   JAMES MCDONALD,

10              Plaintiff,

11       v.

12   ONEWEST BANK, FSB, NORTHWEST
     TRUSTEE SERVICES, INC., MORTGAGE
13   ELECTRONIC REGISTRATION SYSTEMS,
     INC., INDYMAC BANK FSB, DOES 1-50,
14
                Defendants.
15

16

No.  C10-1952 RSL

**DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S RESPONSE TO
PLAINTIFF'S SECOND REQUEST
FOR PRODUCTION OF
DOCUMENTS**

17      COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

18   Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

19   (collectively "Defendants") and responds to Plaintiff James McDonald's Second Set of

20   Interrogatories and Request for Production of Documents ("Requests") as follows:

21                    **I.      PRELIMINARY STATEMENT**

22      These responses are made solely for the purpose of this action. Each response and each

23   document produced is subject to all appropriate objections (including, but not limited to,

24   objections concerning competency, relevancy, materiality, propriety and admissibility) which

25   would require the exclusion of any statement contained herein or in any of the documents

26   produced, if any such document or documents were sought to be introduced into evidence in

     Court. All such objections and grounds are reserved and may be interposed at the time of trial.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 1 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Defendants have not completed their investigation of facts, witnesses, or documents

2   related to this action; has not completed its analysis of available data; has not yet completed its

3   discovery in this action; and has not completed preparation for trial.  Thus, although a good faith

4   effort has been made to supply pertinent information when it has been requested, it is not

5   possible in many instances for unqualified responses to be made.  Further, the responses are

6   necessarily made without prejudice to Defendants' right to produce any subsequently discovered

7   facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

8   adopt.   These responses are given without prejudice to Defendants' right to provide facts,

9   witnesses or documents omitted from these responses by oversight, inadvertent or good faith

10  error or mistake.  Defendants have furnished information that is presently available, which may

11  include hearsay and other forms of evidence that are neither reliable nor admissible.

## II.      RESPONSES TO REQUESTS

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** The complete governing

14  documents for subpool IN070227 as identified on the Complete Loan File Information from

15  Deutsche Bank National Trust Company, which Plaintiff has provided the Defense a copy of.

16      **RESPONSE:** Objection.  Not reasonably calculated to lead to discovery of admissible

17  evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

18  respond. Without waiving any objections, Defendants have no documents responsive to this

19  request. However, upon discovery of material responsive to this request, Defendants reserve the

20  right to supplement this Response.

21  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** The complete governing

22  documents for the master pool/trust that the subpool identified above is a part of.

23      **RESPONSE:** Objection.  Not reasonably calculated to lead to discovery of admissible

24  evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

25  respond. Without waiving any objections, Defendants have no documents responsive to this

26  request. However, upon discovery of material responsive to this request, Defendants reserve the

right to supplement this Response.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 2 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   ANSWERS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.
2   Dated August 1st, 2011.

3

4                                                ROUTH CRABTREE OLSEN, P.S.

5

6                                                Heidi E. Buck, WSBA No. 41769
                                                 Of Attorneys for Defendants OneWest
7                                                Bank, Mortgage Electronic Registration
                                                 Systems, Inc., and Northwest Trustee
8                                                Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 3 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 4

The Honorable Judge Robert Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JAMES MCDONALD,<br><br>                    Plaintiff,<br><br>          v.<br><br>ONEWEST BANK, FSB, NORTHWEST<br>TRUSTEE SERVICES, INC., MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., INDYMAC BANK FSB, DOES 1-50,<br><br>                    Defendants. | No.  C10-1952 RSL<br><br>**DEFENDANTS ONEWEST BANK,<br>FSB, MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>AND NORTHWEST TRUSTEE<br>SERVICES, INC.'S<br>SUPPLEMENTAL RESPONSE TO<br>PLAINTIFF'S FIRST REQUEST<br>FOR PRODUCTION OF<br>DOCUMENTS** |

COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and responds to Plaintiff James McDonald's First Set of Interrogatories and Request for Production of Documents ("Requests") as follows:

## I.     PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each response and each document produced is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein or in any of the documents

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   produced, if any such document or documents were sought to be introduced into evidence in

2   Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3       Defendants have not completed their investigation of facts, witnesses, or documents

4   related to this action; have not completed its analysis of available data; have not yet completed

5   its discovery in this action; and have not completed preparation for trial. Thus, although a good

6   faith effort has been made to supply pertinent information when it has been requested, it is not

7   possible in many instances for unqualified responses to be made. Further, the responses are

8   necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9   facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10  adopt. These responses are given without prejudice to Defendants' right to provide facts,

11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12  error or mistake. Defendants have furnished information that is presently available, which may

13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14          **II.    GENERAL OBJECTIONS**

15      Each of the general objections stated below are continuing objections which Defendants

16  will incorporate into specific responses as appropriate:

17      A. Not Reasonably Calculated Objection:

18          Many of the requests, in whole or in part, seek information or documents that are

19          neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

20          to the discovery of admissible evidence in respect thereto.

21      B. Ambiguity Objection:

22          Many of the specific requests are phrased in language that is so vague, ambiguous,

23          and uncertain that Defendants are unable to ascertain what information is requested.

24      C. Burden Objection:

25          Many of the specific requests are materially overbroad in whole or in part, or are

26          burdensome and oppressive on the grounds that they seek information that is equally

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 2 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   accessible to or already within the possession of the plaintiff, or information that is
2   not relevant to the subject matter of the dispute herein, or, if relevant, so remotely
3   relevant as to have no practical benefit to the plaintiff, while placing an inordinate
4   burden and expense on Defendants to respond.

5   D.  Duplicative Request Objection:

6   Many of the specific requests are duplicative in that that they request information that
7   is requested by more than one Interrogatory.

8   **III.   SPECIFIC RESPONSES TO REQUESTS**

9   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

10  **RESPONSE:**   Defendants incorporate by reference all previous objections to this
11  Request. After diligent search, Defendants have found nothing that is responsive to this Request.
12  In the event material that is responsive to this Request is located, Defendants will supplement
13  these responses.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

15  **RESPONSE:**  Defendants have provided all documents responsive to this Request.

16  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

17  **RESPONSE:**   Defendants incorporate by reference all previous objections to this
18  Request. After diligent search, Defendants have found nothing that is responsive to this Request.
19  In the event material that is responsive to this Request is located, Defendants will supplement
20  these responses.

21  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

22  **RESPONSE:**  Defendants have provided all documents responsive to this Request.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

24  **RESPONSE:**  Defendants object to this Request on the basis that the information
25  requested is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead
26  to the discovery of admissible evidence in respect thereto.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

**RESPONSE:** Defendants have provided all documents responsive to this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. Without waiving any objection, Defendant MERS provides the attached copy of the MERS Membership Application for IndyMac Mortgage Holdings, Inc.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. Without waiving any objection, Defendant MERS provides the attached copy of the Membership Agreement between Freddie Mac and MERS.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

**RESPONSE:** Defendants have provided all documents responsive to this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. After diligent search, Defendants have found nothing that is responsive to this Request. In the event material that is responsive to this Request is located, Defendants will supplement these responses.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

**RESPONSE:** Defendants have provided all documents responsive to this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

**RESPONSE:** Defendants have provided all documents responsive to this Request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. Without waiving any objection, please see the attached Form 1034.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
–PAGE 4 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

2       **RESPONSE:** Defendants incorporate by reference all previous objections to this

3   Request. Without waiving any objection, please see the attached Form 1036.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

5       **RESPONSE:** Defendants incorporate by reference all previous objections to this

6   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

7   In the event material that is responsive to this Request is located, Defendants will supplement

8   these responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
- PAGE 5 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this _____17th_____ day of February, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**PARTY CERTIFICATION**

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this ___9th___ day of February, 2012.

ONEWEST BANK, FSB

By: _Rebecca Marks_____
_Rebecca Marks_
NORTHWEST TRUSTEE SERVICES, INC.

By: _____

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _JC San Pedro_____

_____JC SAN PEDRO_____

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 7 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

FC



Bringing The Industry Together For A Change™

## Membership Application

**Type of Membership you request (check one):**

☐ GENERAL     ☐ LITE     ☐ PATRON
(NON-MORTGAGE COMPANIES)

MERS Org ID # 1000554
(FOR MERS USE ONLY)

◆ **COMPANY INFORMATION:**

| | |
|---|---|
| Company Name | IndyMac Mortgage Holdings, Inc. |
| Street Address | 155 North Lake Avenue |
| City | Pasadena   State CA   Zip 91101 |
| Phone Number | 800-669-2300   Fax Number 626-535-5895 |
| Corporate Web Site: www. | IndyMac.com |

◆ **SENIOR MANAGEMENT TEAM (PLEASE LIST DEPARTMENT HEADS):**

| Name | Title | Department | Telephone Number |
|---|---|---|---|
| | | SECONDARY | |
| | | GENERAL COUNSEL | |
| | | FINANCE | |
| | | ACCOUNTS PAYABLE | |
| | | LOAN PRODUCTION | |
| | | LOAN SERVICING | |
| | | INFORMATION TECHNOLOGY | |

◆ **PERSON WHO SHOULD RECEIVE ALL OFFICIAL NOTICES OR OTHER COMMUNICATIONS FROM MERS:**

| Name | Title | Address | Telephone Number |
|---|---|---|---|
| Joanne V. Droge | Senior VP | 155 N. Lake Ave, Pasadena | 626-535-5819 |

◆ **PLEASE CHECK THE APPROPRIATE BOX BELOW THAT INDICATES THE GREATER OF YOUR ANNUAL PRODUCTION OR SERVICING VOLUME AS OF THE MOST RECENT YEAR END:**

| TIER | ANNUAL PRODUCTION VOLUME | | SIZE OF SERVICING PORTFOLIO | | ANNUAL MEMBERSHIP FEE |
|---|---|---|---|---|---|
| 1 | under $250 million | | under $2 billion | | $500 |
| 2 | $250 million - $1 billion | | $2 billion - $10 billion | | $2,000 |
| 3 | >$1 billion - $10 billion | | >$10 billion - $50 billion | | $5,500 |
| 4 | >$10 billion | | >$50 billion | | $7,500 |
| *MERS Lite User | n/a | | n/a | | $264 |

**Membership Application**

◆ *PLEASE CHECK ALL OF THE BOXES THAT APPLY TO YOUR ORGANIZATION:*

| | | |
|---|---|---|
| Lender | Mortgage Insurer | Servicer |
| Warehouse Lender | Software Vendor/Service Bureau | Subservicer |
| Custodian | Title Company | Investor |
| Third Party Originator | | |
| Other (describe): | | |
| Consultant (describe): | | |

◆ *PLEASE ANSWER THE FOLLOWING QUESTIONS:*

| | | |
|---|---|---|
| Is your organization active in buying or selling servicing rights? | Yes | No |
| Are you primarily a | Buyer? | Seller? |
| Is your organization a Fannie Mae-approved seller/servicer? | Yes | No |
| Is your organization a Freddie Mac-approved seller/servicer? | Yes | No |
| Is your organization a Ginnie Mae-approved issuer? | Yes | No |
| Is your organization a VA-approved lender/servicer? | Yes | No |
| Is your organization an FHA-approved lender/servicer? | Yes | No |

Indicate your VA Approval Number:

Indicate your FHA Mortgagee Identification Number:

Please tell us how you heard about MERS:

By completing, signing and submitting this application, the Applicant is agreeing to be a MERS Member. The Applicant hereby agrees to pay all fees and expenses set forth in the MERS Fee Schedule, which may change from time to time; abide by all existing MERS Rules and Procedures, which are incorporated herein by reference and may be amended from time to time; and comply with the terms and conditions set forth in the attached addendum entitled Terms and Conditions.

The Applicant will be billed the membership fee as stated in the Fee Schedule.

*Please submit a copy of your most recently published Financial Statements with your completed application.*

Applicant Signature: _____   Date: _____

FAX or MAIL your completed application and most recently published Financial Statements to:

**MERS, Inc.**
Attn: Customer Division
8201 Greensboro Drive, Suite 350
McLean, Virginia 22102

Fax: (703) 748-0183    Telephone: (800) 646-MERS (6377) or (703) 761-1270

*Should member wish to pay by credit card for the Initial Membership Fee, please indicate below:*

Circle one:   VISA   or   MasterCard   Account Number: _____   Expiration date: _____

Name as printed on the card: _____   Authorized Signature: _____

V04081999lmi



**RECEIVED** FEB 2 0 2009 MERS

## MEMBERSHIP APPLICATION

MERS-ASSIGNED ORG ID#: | 1 | 0 | 0 | |

(MERS USE ONLY)

## COMPANY INFORMATION (PLEASE TYPE OR PRINT)

| | |
|---|---|
| COMPANY NAME: OneWest Bank, FSB     (IN ORGANIZATION) | |
| D.B.A., IF APPLICABLE: IndyMac Federal Bank, FSB     (FOR A TRANSITION PERIOD) | |
| STREET ADDRESS: 888 East Walnut Street | |

| CITY: PASADENA | STATE: CA | ZIP: 91101 |
|---|---|---|
| MAIN PHONE: 626-535-5555 | MAIN FAX: 626-535-7854 | |
| TOLL-FREE NUMBER: 800-669-2300 | CORP. WEB SITE: WWW.IMB.COM | |

## COMPANY CONTACTS:

| | NAME | TITLE | PHONE | EMAIL (REQUIRED) |
|---|---|---|---|---|
| MERS PROJECT MGR (To be Interviewed) | ▮▮▮▮ | VICE PRESIDENT* | ▮▮▮▮ | ▮▮▮▮ |
| EXECUTIVE SPONSOR | ▮▮▮▮ | FVP/ASSISTANT TREASURER * | ▮▮▮▮ | ▮▮▮▮ |
| OFFICE OF THE CEO | ▮▮▮▮ | CEO & PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| OPERATIONS | ▮▮▮▮ | FIRST VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| SECONDARY | ▮▮▮▮ | SENIOR VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| GENERAL COUNSEL | ▮▮▮▮ | EXECUTIVE VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| FINANCE | ▮▮▮▮ | FVP/ASSISTANT TREASURER | ▮▮▮▮ | ▮▮▮▮ |
| LOAN PRODUCTION | ▮▮▮▮ | EXECUTIVE VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| LOAN SERVICING | ▮▮▮▮ | SENIOR VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| INFORMATION TECH. | ▮▮▮▮ | VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| COMPLIANCE | ▮▮▮▮ | FIRST VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| MERS BILLING | ▮▮▮▮ | VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| MERS OPERATIONS | ▮▮▮▮ | VICE PRESIDENT | ▮▮▮▮ | ▮▮▮▮ |
| PERSON TO RECEIVE ALL COMMUNICATIONS | ▮▮▮▮ | VICE PRSIDENT | ▮▮▮▮ | ▮▮▮▮ |

3

MERS Membership Application
Residential 01/2008

| FROM MERS: | | | | |
|------------|--|--|--|--|

*Denotes a required field

4

## PLEASE CHECK THE BOXES THAT REFLECT YOUR VOLUMES FOR THE MOST RECENT 12-MONTH PERIOD:



UNDER $250 MILLION
$250 MILLION - $1 BILLION
> $1 BILLION - $10 BILLION
> $10 BILLION
N/A

UNDER $2 BILLION
$2 BILLION - $10 BILLION
> $10 BILLION - $50 BILLION
> $50 BILLION
N/A

DO YOU HAVE ANY CORPORATE OR LEGAL AFFILIATIONS WITH OTHER MORTGAGE LENDERS?

IF YES, PLEASE LIST WHICH ARE MERS MEMBERS:

YES     No

NAME                    MERS ORG ID

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 0 | 0 | | | | |
| 1 | 0 | 0 | | | | |
| 1 | 0 | 0 | | | | |

## PLEASE CHECK ALL THAT APPLY TO YOUR ORGANIZATION:

BROKER
CONDUIT
CUSTODIAN
FHLB
FEDERAL RESERVE BANK
FLOOD INSURER
HAZARD INSURER
HOUSING AGENCY
INTERIM FUNDER / WAREHOUSE LENDER
INVESTOR

MORTGAGE INSURER
SERVICER
SUBSERVICER
TAX SERVICE
TITLE COMPANY
TRUSTEE
VENDOR/SERVICER PROVIDER
DESCRIBE: _____
CONSULTANT / OTHER:
DESCRIBE: _____

LENDER* (SEE NOTE BELOW): *
RETAIL 100%
WHOLESALE 0%
CORRESPONDENT 0%

NOTE: PLEASE INDICATE ABOVE THE PERCENTAGE THAT APPLIES TO YOUR ORIGINATION ACTIVITY.

## ORIGINATION ACTIVITY

| VOLUME: #1,000 UNITS CLOSED MONTHLY (NOTES: ) | | |
|---|---|---|
| ON AVERAGE, DAYS FROM THE NOTE DATE THE LOAN IS SOLD: | WITHIN 10 DAYS | HOLD FOR FIRST PAYMENT |
| | INTERIM SERVICING (COLLECT 2+ PAYMENTS) | OTHER (PLEASE SPECIFY): 30 DAYS |
| WHOLESALE: DO YOU CLOSE LOANS IN THE BROKER'S NAME? | YES     No | TPO?   YES     No |

5

MERS Membership Application
Residential 01/2008

Page 4 of 6

## TRADING PARTNERS: PRIMARY INVESTORS YOU SELL TO

(IF MORE ROOM IS NEEDED, PLEASE LIST USING SEPARATE SHEET)

| | | | | |
|---|---|---|---|---|
| ███ | ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ | ███ |
| ███ | ███ | ███ | ███ | |

OTHERS:

| | | |
|---|---|---|
| SERVICING RELEASED? | YES | No |
| ARE YOU SELLING DIRECTLY TO FANNIE MAE, FREDDIE MAC AND/OR GINNIE MAE? | YES | No |
| LIST HOUSING AGENCIES IF APPLICABLE: | SERVICING RELEASED?  YES | No |
| WAREHOUSE LENDER(S) ███████████ | DO THEY ACCEPT MERS?  YES | No |
| IF SERVICING, WHAT IS YOUR SYSTEM? LENDER PROCESS SERVICES - MSP (FORMERLY FIDELITY) | | |
| IF SUB-SERVICING, WHO DO YOU USE? N/A | | |

## ORIGINATION AND DOC PREP SYSTEM

| | |
|---|---|
| LOS SYSTEM USED: ███████████ | VERSION #: ███████████ |
| DOES LOS HAVE MERS FUNCTIONALITY? (CHECK ALL THAT APPLY) | ■MIN GENERATION   ■MIN TO DOCS ■REGISTRATION TO MERS® SYSTEM |
| DOC PREP SYSTEM(S) USED: MPS/DIGITAL DOCS | DOES IT SUPPORT MERS DOCUMENTS?  YES   ■No |
| ARE DOCUMENTS CONTROLLED CENTRALLY?  YES  ■No | IF NO, EXPLAIN: |

## INVESTOR REFERENCES (MUST BE COMPLETED)

| | |
|---|---|
| ████████████ | ████████████ |
| | ████████████ |
| | ████████████ |
| | ████████████ |
| | ████████████ |
| | ████████████ |
| | ████████████ |

6

BY COMPLETING, SIGNING, AND SUBMITTING THIS APPLICATION, THE APPLICANT IS AGREEING TO BE A MERS MEMBER. THE APPLICANT HEREBY AGREES TO PAY ALL FEES AND EXPENSES SET FORTH IN THE MERS RESIDENTIAL FEE SCHEDULE, WHICH MAY CHANGE FROM TIME TO TIME; ABIDE BY ALL EXISTING MERS RULES AND PROCEDURES, WHICH ARE INCORPORATED HEREIN BY REFERENCE AND MAY BE AMENDED FROM TIME TO TIME; AND COMPLY WITH THE TERMS AND CONDITIONS SET FORTH IN THE ATTACHED ADDENDUM ENTITLED TERMS AND CONDITIONS.

NOTE: THE APPLICANT WILL BE BILLED THE MEMBERSHIP FEES AS STATED IN THE MERS RESIDENTIAL FEE SCHEDULE. PLEASE DO NOT SEND PAYMENT AT THIS TIME.

APPLICANT SIGNATURE:** _____

(PLEASE PRINT THIS FORM, SIGN AND FAX BACK TO MERS, OR ATTACH A DIGITIZED SIGNATURE AND SEND VIA E-MAIL)

DATE:   FEBRUARY 19, 2009                    EMAIL ADDRESS:

**The Applicant agrees that by attaching or inserting the Applicant's authorized representative's electronic signature, his/her electronic signature is intended to bind the Applicant and the Applicant acknowledges that the electronic signature shall have full force and effect as to the Applicant agreeing to the terms of this Application.

FAX OR MAIL YOUR COMPLETED AND SIGNED APPLICATION TO:
MERS
ATTENTION: CUSTOMER DIVISION
1818 LIBRARY STREET, SUITE 300, RESTON, VIRGINIA 20190
TELEPHONE 800.646.MERS (6377)        FAX 703-748-0183
APPLICATIONS@MERSINC.ORG

7

 

**MEMBERSHIP APPLICATION**

MERS-Assigned Org ID#: 1 0 0 0 &*$#
(MERS USE ONLY)

## COMPANY INFORMATION (PLEASE TYPE OR PRINT)

| | | |
|---|---|---|
| COMPANY NAME: OneWest Bank, FSB    (IN ORGANIZATION) | | |
| D.B.A., IF APPLICABLE: IndyMac Federal Bank, FSB    (FOR A TRANSITION PERIOD) | | |
| STREET ADDRESS: 888 East Walnut Street | | |
| CITY: PASADENA | STATE: CA | ZIP: 91101 |
| MAIN PHONE: 626-535-5555 | MAIN FAX: 626-535-7854 | |
| TOLL-FREE NUMBER: 800-669-2300 | CORP. WEB SITE: WWW.IMB.COM | |

## COMPANY CONTACTS:

| | NAME | TITLE | PHONE | EMAIL (REQUIRED) |
|---|---|---|---|---|
| MERS PROJECT MGR (To be Interviewed) | ▓▓▓▓▓▓ | VICE PRESIDENT* | ▓▓▓▓ | ▓▓▓▓▓▓ |
| EXECUTIVE SPONSOR | ▓▓▓▓▓▓ | FVP/ASSISTANT TREASURER* | ▓▓▓▓ | ▓▓▓▓▓▓ |
| OFFICE OF THE CEO | ▓▓▓▓▓▓ | CEO & PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| OPERATIONS | ▓▓▓▓▓▓ | FIRST VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| SECONDARY | ▓▓▓▓▓▓ | SENIOR VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| GENERAL COUNSEL | ▓▓▓▓▓▓ | EXECUTIVE VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| FINANCE | ▓▓▓▓▓▓ | FVP/ASSISTANT TREASURER | ▓▓▓▓ | ▓▓▓▓▓▓ |
| LOAN PRODUCTION | ▓▓▓▓▓▓ | EXECUTIVE VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| LOAN SERVICING | ▓▓▓▓▓▓ | SENIOR VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| INFORMATION TECH. | ▓▓▓▓▓▓ | VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| COMPLIANCE | ▓▓▓▓▓▓ | FIRST VICE PRESIDENT | ▓▓▓▓ | ▓▓▓▓▓▓ |
| MERS BILLING | ▓▓▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓▓▓ |
| MERS OPERATIONS | ▓▓▓▓▓▓ | | ▓▓▓▓ | ▓▓▓▓▓▓ |
| PERSON TO RECEIVE ALL COMMUNICATIONS | ▓▓▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓▓▓ |

8

## PLEASE CHECK THE BOXES THAT REFLECT YOUR VOLUMES FOR THE MOST RECENT 12-MONTH PERIOD:



UNDER $250 MILLION
$250 MILLION - $1 BILLION
> $1 BILLION - $10 BILLION
> $10 BILLION
N/A

UNDER $2 BILLION
$2 BILLION - $10 BILLION
> $10 BILLION - $50 BILLION
> $50 BILLION
N/A

DO YOU HAVE ANY CORPORATE OR LEGAL AFFILIATIONS WITH OTHER MORTGAGE LENDERS?   ☐ YES   ☐ No

IF YES, PLEASE LIST
WHICH ARE MERS MEMBERS:        NAME        MERS ORG ID

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 0 | | | | | | |
| 1 | 0 | 0 | | | | | | |
| 1 | 0 | 0 | | | | | | |

## PLEASE CHECK ALL THAT APPLY TO YOUR ORGANIZATION:

- BROKER
- CONDUIT
- CUSTODIAN
- FHLB
- FEDERAL RESERVE BANK
- FLOOD INSURER
- HAZARD INSURER
- HOUSING AGENCY
- INTERIM FUNDER / WAREHOUSE LENDER
- INVESTOR

- MORTGAGE INSURER
- SERVICER
- SUBSERVICER
- TAX SERVICE
- TITLE COMPANY
- TRUSTEE
- VENDOR/SERVICER PROVIDER
- DESCRIBE: _____
- CONSULTANT / OTHER:
- DESCRIBE: _____

- LENDER* (SEE NOTE BELOW): *
- RETAIL
- WHOLESALE
- CORRESPONDENT

NOTE: PLEASE INDICATE ABOVE THE PERCENTAGE THAT APPLIES TO YOUR ORIGINATION ACTIVITY.

## ORIGINATION ACTIVITY

| VOLUME: #1,000 UNITS CLOSED MONTHLY (NOTES: } | | |
|---|---|---|
| ON AVERAGE, DAYS FROM THE NOTE DATE THE LOAN IS SOLD: | WITHIN 10 DAYS | HOLD FOR FIRST PAYMENT |
| | INTERIM SERVICING (COLLECT 2+ PAYMENTS) | OTHER (PLEASE SPECIFY): 30 DAYS |
| WHOLESALE: DO YOU CLOSE LOANS IN THE BROKER'S NAME? | ☐ YES  ☐ No  TPO? | ☐ YES  ☐ No |

9



## TRADING PARTNERS: PRIMARY INVESTORS YOU SELL TO

(IF MORE ROOM IS NEEDED, PLEASE LIST USING SEPARATE SHEET)

OTHERS:

| | | |
|---|---|---|
| SERVICING RELEASED? | YES | No |
| ARE YOU SELLING DIRECTLY TO FANNIE MAE, FREDDIE MAC AND/OR GINNIE MAE? | YES | No |
| LIST HOUSING AGENCIES IF APPLICABLE: | SERVICING RELEASED? | YES No |
| WAREHOUSE LENDER(S): | DO THEY ACCEPT MERS? | YES No |
| IF SERVICING, WHAT IS YOUR SYSTEM? LENDER PROCESS SERVICES | | |
| IF SUB-SERVICING, WHO DO YOU USE? N/A | | |

## ORIGINATION AND DOC PREP SYSTEM

| | | |
|---|---|---|
| LOS SYSTEM USED: | VERSION # | |
| DOES LOS HAVE MERS FUNCTIONALITY? (CHECK ALL THAT APPLY) | MIN GENERATION | MIN TO DOCS |
| | REGISTRATION TO MERS® SYSTEM | |
| DOC PREP SYSTEM(S) USED: MPS/DIGITAL DOCS | DOES IT SUPPORT MERS DOCUMENTS? | YES No |
| ARE DOCUMENTS CONTROLLED CENTRALLY? YES No | IF NO, EXPLAIN: | |

## INVESTOR REFERENCES (MUST BE COMPLETED)

MERS Membership Application
Residential 01/2008

BY COMPLETING, SIGNING, AND SUBMITTING THIS APPLICATION, THE APPLICANT IS AGREEING TO BE A MERS MEMBER. THE APPLICANT HEREBY AGREES TO PAY ALL FEES AND EXPENSES SET FORTH IN THE MERS RESIDENTIAL FEE SCHEDULE, WHICH MAY CHANGE FROM TIME TO TIME; ABIDE BY ALL EXISTING MERS RULES AND PROCEDURES, WHICH ARE INCORPORATED HEREIN BY REFERENCE AND MAY BE AMENDED FROM TIME TO TIME; AND COMPLY WITH THE TERMS AND CONDITIONS SET FORTH IN THE ATTACHED ADDENDUM ENTITLED TERMS AND CONDITIONS.

NOTE: THE APPLICANT WILL BE BILLED THE MEMBERSHIP FEES AS STATED IN THE MERS RESIDENTIAL FEE SCHEDULE. PLEASE DO NOT SEND PAYMENT AT THIS TIME.

APPLICANT SIGNATURE:**

(PLEASE PRINT THIS FORM, SIGN AND FAX BACK TO MERS, OR ATTACH A DIGITIZED SIGNATURE AND SEND VIA E-MAIL.)

DATE:   FEBRUARY 19, 2009                 EMAIL ADDRESS:

**The Applicant agrees that by attaching or inserting the Applicant's authorized representative's electronic signature, his/her electronic signature is intended to bind the Applicant and the Applicant acknowledges that the electronic signature shall have full force and effect as to the Applicant agreeing to the terms of this Application.

FAX OR MAIL YOUR COMPLETED AND SIGNED APPLICATION TO:
MERS
ATTENTION: CUSTOMER DIVISION
1818 LIBRARY STREET, SUITE 300, RESTON, VIRGINIA 20190
TELEPHONE 800.646.MERS (6377)        FAX 703-748-0183
APPLICATIONS@MERSINC.ORG

11





Bringing The Industry Together For A Change™

## Membership Application

**Type of Membership you request (check one):**

☐ GENERAL   ☐ LITE   ☐ PATRON
(NON-MORTGAGE COMPANIES)

MERS Org ID # 1000554
(FOR MERS USE ONLY)

◆ **COMPANY INFORMATION:**

| | |
|---|---|
| Company Name | IndyMac Mortgage Holdings, Inc. |
| Street Address | 155 North Lake Avenue |
| City | Pasadena   State   CA   Zip   91101 |
| Phone Number | 800-669-2300   Fax Number   626-535-5895 |
| Corporate Web Site: www. | IndyMac.com |

◆ **SENIOR MANAGEMENT TEAM (PLEASE LIST DEPARTMENT HEADS):**

| Name | Title | Department | Telephone Number |
|---|---|---|---|
| | | OFFICE OF CEO | |
| | | EXECUTIVE OPERATIONS | |
| | | SECONDARY | |
| | | GENERAL COUNSEL | |
| | | FINANCE | |
| | | ACCOUNTS PAYABLE | |
| | | LOAN PRODUCTION | |
| | | LOAN SERVICING | |
| | | INFORMATION TECHNOLOGY | |

◆ **PERSON WHO SHOULD RECEIVE ALL OFFICIAL NOTICES OR OTHER COMMUNICATIONS FROM MERS:**

| Name | Title | Address | Telephone Number |
|---|---|---|---|
| Joanne V. Droge | Senior VP | 155 N. Lake Ave, Pasadena | 626-535-5819 |

◆ **PLEASE CHECK THE APPROPRIATE BOX BELOW THAT INDICATES THE GREATER OF YOUR ANNUAL PRODUCTION OR SERVICING VOLUME AS OF THE MOST RECENT YEAR END:**

| TIER | ANNUAL PRODUCTION VOLUME | | SIZE OF SERVICING PORTFOLIO | | ANNUAL MEMBERSHIP FEE |
|---|---|---|---|---|---|
| 1 | under $250 million | | under $2 billion | | $500 |
| 2 | $250 million - $1 billion | | $2 billion - $10 billion | | $2,000 |
| 3 | >$1 billion - $10 billion | | >$10 billion - $50 billion | | $5,500 |
| 4 | >$10 billion | | >$50 billion | | $7,500 |
| *MERS Lite User | n/a | | n/a | | $264 |

**Membership Application**

◆ **PLEASE CHECK ALL OF THE BOXES THAT APPLY TO YOUR ORGANIZATION:**

| | | |
|---|---|---|
| Lender | Mortgage Insurer | Servicer |
| Warehouse Lender | Software Vendor/Service Bureau | Subservicer |
| Custodian | Title Company | Investor |
| Third Party Originator | | |
| Other (describe): | | |
| Consultant (describe): | | |

◆ **PLEASE ANSWER THE FOLLOWING QUESTIONS:**

| | | |
|---|---|---|
| Is your organization active in buying or selling servicing rights? | Yes | No |
| Are you primarily a | Buyer? | Seller? |
| Is your organization a Fannie Mae-approved seller/servicer? | Yes | No |
| Is your organization a Freddie Mac-approved seller/servicer? | Yes | No |
| Is your organization a Ginnie Mae-approved issuer? | Yes | No |
| Is your organization a VA-approved lender/servicer? | Yes | No |
| Is your organization an FHA-approved lender/servicer? | Yes | No |

Indicate your VA Approval Number:

Indicate your FHA Mortgagee Identification Number:

Please tell us how you heard about MERS:

By completing, signing and submitting this application, the Applicant is agreeing to be a MERS Member. The Applicant hereby agrees to pay all fees and expenses set forth in the MERS Fee Schedule, which may change from time to time; abide by all existing MERS Rules and Procedures, which are incorporated herein by reference and may be amended from time to time; and comply with the terms and conditions set forth in the attached addendum entitled Terms and Conditions.

The Applicant will be billed the membership fee as stated in the Fee Schedule.

*Please submit a copy of your most recently published Financial Statements with your completed application.*

Applicant Signature: _____     Date: 12/20/99

**FAX** or **MAIL** your completed application and most recently published Financial Statements to:

**MERS, Inc.**
Attn: Customer Division
8201 Greensboro Drive, Suite 350
McLean, Virginia 22102

Fax: (703) 748-0183     Telephone: (800) 646-MERS (6377) or (703) 761-1270

*Should member wish to pay by credit card for the initial Membership Fee, please indicate below:*

Circle one:   **VISA**   or   **MasterCard**   Account Number: _____   Expiration date: _____

Name as printed on the card: _____   Authorized Signature: _____

V04081999lmi

13

# MEMBER AGREEMENT BETWEEN
## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
## AND FEDERAL HOME LOAN MORTGAGE CORPORATION

Federal Home Loan Mortgage Corporation (the "Member") and Mortgage Electronic Registration Systems, Inc. ("MERS") hereby agree as follows:

1.     MERS and the Member, while a member of MERS (as defined in the Certificate of Incorporation of MERS), shall abide by the Certificate of Incorporation, the By-Laws, this Member Agreement, and the Rules and Procedures of MERS (collectively, the "Governing Documents") and shall be bound by all of the provisions thereof, and MERS and the Member shall have all of the rights and remedies contemplated by the Governing Documents.  If the Member shall cease to be a member of MERS (by withdrawal, or otherwise, in accordance with the Certificate of Incorporation), MERS and the Member shall continue to be bound by the Governing Documents as to all matters and transactions occurring while the Member was a member of MERS.

2.     The Governing Documents shall be a part of the terms and conditions of every transaction which the Member may make or have with MERS or the MERS System (as defined in the Governing Documents).   The Member acknowledges that it has reviewed the Governing Documents as in effect on the date hereof.  The Member shall be bound by any amendment to the Governing Documents with respect to any transaction occurring subsequent to the time such amendment takes effect as fully as though such amendment were now a part of the Governing Documents; provided, however, that no such amendment shall affect the Member's right to withdraw from MERS in accordance with the procedures set forth in the Certificate of Incorporation before such amendment or change becomes effective; and provided further that the terms of this Member Agreement may not be amended without the written approval of Member.

3.     (a)     MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time and shall not by virtue of such   designation have any  interest whatsoever in any mortgage loan registered on the MERS System.  MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties.

(b)     References herein to "mortgage(s)" shall include deed(s) of trust, and any other form of security instrument under applicable state law.   References herein to "mortgagee of record" shall include the named beneficiary under a deed of trust in those

14

jurisdictions where deeds of trust are used to secure loans, and any similar status as used in connection with any other form of security instrument under applicable state law.

4.     MERS shall at all times comply with the instructions of the beneficial owner of mortgage loans as shown on the MERS System.  In the absence of contrary instructions from the beneficial owner, MERS shall comply with instructions from any designee shown on the MERS System in accordance with the Rules and Procedures of MERS.

5.     No rights or obligations of the Member with respect to any data or information supplied to MERS by or on behalf of the Member shall be altered or affected in any manner by the provision of such data or information to MERS (except as otherwise specifically provided in this Member Agreement or the Rules).

6.     MERS and Member shall at all times keep confidential and shall not sell or otherwise disclose, directly or indirectly, to any third party, any information from another party that it gained access to through the MERS System that (i) it does not own or (ii) is not available in the public records, unless the information is required to be disclosed as a matter of law, provided the party that is required to disclose the information uses all reasonable efforts to provide the party that supplied the information with at least ten (10) days prior notice of such disclosure. MERS and each Member agree to use a reasonable degree of care to preserve the confidentiality of any such information, and to take all necessary and reasonable action by instruction, agreement or otherwise with its employees, affiliates and agents to satisfy its obligations with respect to confidentiality, non-disclosure and limitation of use of any such information.  The obligations of MERS and each Member under this paragraph shall survive termination of this Agreement.

7.          (a)     MERS shall have no ownership rights whatsoever in or to any information contained on the MERS System. MERS and Member acknowledge and agree that, as between MERS and Member, Member is the sole owner of all data and information on the MERS System relating to mortgage loans owned by Member.

           (b)    Notwithstanding the foregoing, MERS is authorized to (i) use the information contained on the MERS System to compile transaction volume reports to track current or previous usage levels, project future usage and provide the mortgage industry with usage data which may be used to gauge the success of the MERS System, (ii) use the information contained on the MERS System as part of its quality control process to monitor compliance with operational standards and time frames, (iii) disclose any information contained on the MERS System if required as a matter of law, provided that the party that is required to disclose the information uses all reasonable efforts to provide the party that owns the information with at least ten (10) days prior notice of such disclosure, or (iv) provide information and reports (as approved by the Board) regarding mortgage activity and mortgage loans registered on the MERS System, which information and reports otherwise could have been obtained through the public land records if not for the implementation of MERS.

2

(c)     Notwithstanding the provisions of Paragraph 7(b), MERS shall not: (i) sell, license or otherwise provide for a fee, any reports, analyses or other materials containing data relating to Member's mortgage loans, or (ii) disclose data in any manner or form which, directly or indirectly, refers to or identifies Member's mortgage loans, or transactions relating to, or loan characteristics of, Member's mortgage loans.

8.     MERS and Member agree that: (i) the MERS System is not a vehicle for creating or transferring beneficial interests in mortgage loans, (ii) transfers of servicing interests reflected on the MERS System are subject to the consent of the beneficial owner of the mortgage loans, and (iii) membership in MERS or use of the MERS System shall not modify or supersede any agreement between or among Members having interests in mortgage loans registered on the MERS System.

9.     (a)     The Member shall promptly pay to MERS the compensation due for services rendered to the Member based on the then current MERS fee schedules, which may change from time to time. The Member shall promptly pay to MERS any interest and penalties on delinquent fee payments at the rate set by MERS from time to time. MERS shall have the authority to impose reasonable penalties and fines on Members for breach of the Governing Documents, and the Member shall promptly pay such fines in accordance with the terms of their imposition.

(b)     The Member shall not be liable for any fees, interest, penalties or fines owed to MERS by any other member of MERS, including without limitation any servicer, subservicer or document custodian of Member's mortgage loans, and MERS shall not withhold taking any action requested by Member with respect to Member's mortgage loans as a result of the nonpayment of such amounts by any other member of MERS; provided, however, that in the event of a merger or acquisition between members or between a member and a non-member, MERS shall have the right to assert a claim for payment of any outstanding fees, interest, penalties or fines owed by any member which is a party to such merger or acquisition against the surviving member or non-member.

10.     The Member shall have the right, at such times as may be agreed upon by the Member and MERS, to conduct a reasonable review of the records of MERS as they relate to the Member's membership in MERS or to mortgage loans and related transactions which the Member or any designee has registered on the MERS System solely for the purpose of verifying the accuracy of the information contained therein.

11.     (a)     MERS shall indemnify and hold harmless the Member, and any employee, director, officer, agent or affiliate of the Member ("Member Party"), from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses ("Indemnified Payments") that the Member Party may sustain directly from the negligence, errors and omissions, breach of confidentiality, breach of the Governing Documents, or willful misconduct of MERS, or any

3

employee, director, officer, agent or affiliate of MERS ("MERS Indemnified Claim"). Notwithstanding the foregoing, MERS shall not be liable or responsible under the terms of this Paragraph for any losses or claims resulting from the actions or omissions of any person other than an employee, director, officer, agent or affiliate of MERS.

    (b)    If a claim is made against a Member Party which may be a MERS Indemnified Claim, MERS shall assume (with the consent of the Member, which shall not be unreasonably withheld) the defense of any such claim and shall advance all expenses incurred in connection therewith, including reasonable attorney fees, and shall promptly advance funds to pay, discharge and satisfy any judgment or decree which may be entered against MERS and/or the Member Party with respect to such claim.

    (c)    The Member shall indemnify and hold harmless MERS, and any employee, director, officer, agent or affiliate of MERS ("MERS Party"), for any Indemnified Payments which do not result from a MERS Indemnified Claim and which such MERS Party incurs directly (i) from the negligence, errors and omissions, breach of confidentiality, breach of the Governing Documents, or willful misconduct of the Member, (ii) from a transaction on the MERS System initiated by such Member; provided, however, that Member shall not be responsible for erroneous information provided by any other member and included in any transaction initiated by Member, or (iii) as a result of compliance by MERS with instructions given by the Member ("Member Indemnified Claim"). Notwithstanding the foregoing, the Member shall not be responsible for any losses or claims resulting from any actions or omissions of a servicer, subservicer or document custodian of loans registered on the MERS System as to which Member is the beneficial owner notwithstanding that the servicer, subservicer or document custodian may be the designee of Member.

    (d)    If a claim is made against a MERS Party which may be a Member Indemnified Claim, MERS shall promptly notify the Member and the Member shall assume (with the consent of MERS, which shall not be unreasonably withheld) the defense of any such claim and shall advance all expenses incurred in connection therewith, including reasonable attorney fees, and shall promptly advance funds to pay, discharge and satisfy any judgment or decree which may be entered against the MERS Party.

    (e)    MERS shall promptly notify the Member if a claim is made against either MERS or the Member with respect to any mortgage loan registered on the MERS System as to which the Member is shown on the MERS System as beneficial owner, servicer or secured party in accordance with the Governing Documents. The Member shall promptly notify MERS if a claim is made against the Member which may be subject to the indemnification provisions of this Paragraph.

    (f)    If any amount is advanced either by MERS or by the Member (the "Advancing Party") under provisions of this Paragraph which, upon the conclusion of the proceeding, is determined not to have been due under the terms of this Paragraph, the party

4

receiving such advance (the "Responsible Party") shall repay to the Advancing Party all amounts paid by the Advancing Party under the terms of this Paragraph. If both MERS and the Member are found to be liable in such proceeding, then the indemnification provisions of this Paragraph shall not be applicable MERS and the Member shall each bear the costs and losses in the amounts determined by the tribunal determining such claim, and any amounts previously advanced shall be subject to repayment in accordance with the terms of this Paragraph.

(g)     The obligations of MERS and the Member under this Paragraph shall survive the termination of the Member's membership in MERS.

(h)     With respect to a MERS Indemnified Claim: (i) Member shall be entitled to participate in the response to such claim and to employ counsel at its own expense to assist in the handling of such claim; and (ii) MERS shall obtain the prior written consent of Member before entering into any settlement of such claim if such settlement would cause injunctive relief to be imposed against Member.

(i)     Notwithstanding anything in this Paragraph to the contrary, in the event that Member reasonably believes and so notifies MERS in writing that the MERS Indemnified Claim, even if fully indemnified for, is reasonably likely to have a material adverse effect on Member, then MERS shall not have the right to control the response to, and settlement of, such claim but shall have the right to employ separate counsel at its own expense to assist in the handling of such claim by Member. In such an event, Member and its counsel shall consult, whenever reasonably practicable, with MERS and its counsel with respect to the status of such claim and any related litigation or proceedings, and Member shall bear the expense of its counsel.

12.     If a member is or becomes an interim servicer for loans registered on the MERS System as to which Member is the registered owner, MERS shall update the MERS System to reflect the transfer to such member of servicing rights promptly after Member, as beneficial owner, notifies MERS and without any confirmation from the member who is the interim servicer. MERS shall be authorized to do so until such time as either Member, as beneficial owner, or the member servicing the loans notifies MERS that the member is no longer an authorized interim servicer. A member's status as an interim servicer shall be noted in the member profile of the MERS System. MERS shall be notified of Member's interim servicers from time to time.

13.     (a)     MERS shall maintain with a responsible company, and at its own expense, a fidelity bond and an errors and omissions insurance policy in such amounts as may be approved by the Board of Directors of MERS, with broad coverage on all officers, employees or other persons acting for MERS in any capacity requiring such persons to handle funds, money, documents or papers relating to mortgage loans registered on the MERS System; provided, however, that, except to the extent that a person is otherwise an officer, director or employee of MERS, MERS shall not be required to maintain a fidelity bond and an errors and omissions insurance policy for persons who may be appointed by MERS as certifying officers

at the request of a Member for the purpose of executing documents in the name of MERS. The Member shall maintain a fidelity bond and an errors and omissions insurance policy on such certifying officers as MERS may appoint at the Member's request for the purpose of executing documents in the name of MERS. Any such fidelity bond and errors and omissions insurance policy shall protect and insure MERS against losses in connection with the release or satisfaction of a mortgage loan without having obtained payment in full of the indebtedness secured thereby.

(b)    In the event of any loss of principal or interest on a mortgage loan or any Indemnified Payments for which reimbursement is received from a fidelity bond or an errors and omissions or other insurance policy, the proceeds from any such bond or insurance shall be held in trust for and be promptly paid to the Member who has the beneficial interest in such mortgage loan as shown on the MERS System or is due the Indemnified Payment. No provisions requiring such fidelity bond and errors and omissions insurance shall diminish or relieve MERS or the Member from its duties and obligations as set forth in the Governing Documents. Upon request, MERS or the Member shall cause to be delivered to the other a certified true copy of such fidelity bond and errors and omissions insurance policy.

14.    MERS shall promptly notify Member in writing of any breach of the Governing Documents by a member ("Breaching Member") if the Breaching Member acts as an authorized servicer, interim servicer, or subservicer of mortgage loans registered on the MERS System, for Member. At least thirty (30) days prior to terminating the Breaching Member's membership in accordance with the terms of the Governing Documents, MERS shall notify Member in writing of its intent to terminate the Breaching Member and, if the proposed termination is the result of nonpayment of fees, interest, penalties or fines, Member, at its discretion, but without obligation, may pay such fees, interest, penalties or fines on behalf of the Breaching Member and the Breaching Member shall not be terminated.

15.    The Member shall have the right to review and approve and thereafter shall enter into a standard Software License Agreement in the form approved by MERS and the Member with respect to proprietary software provided by MERS to the Member for use in connection with the MERS System.

16.       (a)    Upon the Member's execution of the Member Agreement (and thereafter from time to time upon the Member's request), MERS, as mortgagee of record shall promptly furnish to the Member, a corporate resolution (in a form acceptable to Member) designating one or more employees of such Member, selected by such Member, as "certifying officers" of MERS, to permit such Member to take such actions as may be necessary to enforce or confirm its beneficial ownership interest in mortgage loans registered on the MERS System (including, but not limited to, foreclose upon or effect the release of a lien on any registered mortgage loan).

(b)    At the request of the Member, or any designee thereof, as shown on the MERS System, MERS shall promptly provide to the Member or designee, without charge, a

recordable assignment for such mortgage loan to another party designated by the Member or designee; provided, however, that the Member or designee shall record such assignment as soon as practicable.

(c) Upon the Member's execution of the Member Agreement (and thereafter from time to time upon the Member's request), MERS shall promptly provide to the Member or its designee, without charge, irrevocable, recordable powers of attorney (in a form acceptable to Member) to prepare and record mortgage assignments on behalf of MERS in the event that MERS for any reason fails or is unable to provide the assignments set forth in subparagraph (b) above.

17.     Member shall have the right to continue to participate in all meetings and discussions of the MERS System user group (currently referred to as the Development Steering Committee) and any other similar group that directs, and makes decisions about, the MERS System functionality.  Member shall have the right to review and approve all major changes to the MERS System that impact investors.

18.     Unless Member otherwise notifies MERS in writing, or the Business Requirements are modified and such modifications are approved in writing by Member, Member shall be noted in the MERS System as an "investor" with respect to the mortgage loans owned by Member and registered on the MERS System.

19.     Member shall have the right to review and approve the initial Procedures, Rules, and standard forms of the Member Agreements before such Documents are finally promulgated by MERS.  Member shall be notified in advance of any changes that MERS proposes to make to the foregoing documents in accordance with the Rules.  No material changes shall be made by MERS to any Member Agreement without Member's approval.

20.     (a)     The pledge of a security interest in any mortgage loan registered on the MERS System to an interim funding lender, such as a warehouse lender, shall be shown as released on the MERS System when the security interest has been released in accordance with the methods and procedures established among the interim funding lender, the lender granting the security interest and subsequent purchaser of such mortgage loan, if any, as specified below.

(b)     The MERS System  shall reflect the Member's beneficial interest in each mortgage loan registered on the MERS System no later than the same day on which the Member registers its beneficial interest on the MERS System.  When the Member registers its interest with respect to a mortgage loan on the MERS System, any interim funding entity's interest, or warehouse lender's interest with respect to such mortgage loan shall be shown as released on the MERS System.

(c)     In the event that Member provides to MERS specific wiring instruction information relating to mortgage loans registered on the MERS System, MERS and Member

agree that: (i) such information is for informational purposes only, (ii) Member makes no representations or warranties about the accuracy and completeness of such information, and (iii) Member shall not be liable to MERS, any other member, or any other party based on the provision of, and reliance on, such information.

21.      (a)      Notwithstanding anything to the contrary in the Governing Documents, Member shall not be obligated to comply with the following provisions of the Rules of Membership , except in the case where Member is noted on the MERS System as a servicer of mortgage loans in accordance with Paragraph 18 above.

Rule 2, Sections  3, 5, 7 and 8
Rule 3, Section 3
Rule 5
Rule 10
Rule 11
Rule 12

         (b)      Notwithstanding the provision of Rule 3, Section 3(b) or any other provision of the Governing Documents, MERS shall not exercise any authority pursuant to any corporate resolution provided by any other member to install MERS as mortgagee of record on loans owned by Member without Member's prior written consent.

22.      MERS shall provide, either directly or through a third party (including Electronic Data Systems Corporation) ("EDS") (collectively, Third Party Vendors") all necessary services, resources, software, equipment and facilities to provide to Member and its designees the Services (defined below) on the MERS System. In addition, MERS shall provide the Services in compliance with the Performance Standards (defined below).  The term "Services" shall collectively mean the services referenced in the Services Agreement between MERS and EDS dated April, 1996 ("EDS Agreement"), including, without limitation, Paragraphs 3.1 (a), (b), (c) and (d), 3.2, and 12.5 therein, as such may be amended from time to time.   The term "Performance Standards" shall have the meaning given it in the EDS Agreement, as such may be amended from time to time.

23.      (a)      Conformance.  MERS represents and warrants that the Services and the software and equipment used to perform the Services, and in particular, the MERS System will conform, and will be operated and maintained so as to conform, with the agreed upon specifications, and Performance Standards therefor.

         (b)      Work Standards.  MERS represents and warrants that the Services shall be rendered with promptness and diligence in accordance with the practices and high professional standards used in well-managed operations performing services similar to the Services and shall be executed in a workmanlike manner and in a cost effective manner.  MERS represents and warrants that it shall use, and shall require all Third Party Vendors to use, adequate numbers

8

of qualified individuals with suitable training, education, experience, and skill to perform the Services and satisfy the Performance Standards.

(c) <u>Maintenance</u>. MERS represents and warrants that the equipment and software used in the performance of the Services shall be maintained so that they operate in accordance with the Performance Standards, including (i) maintaining such equipment in good operating condition, subject to normal wear and tear, (ii) undertaking prudent repairs and preventative maintenance on such equipment, and (iii) performing prudent software maintenance, including updating software used in the performance of the Services, including the MERS System, to meet any applicable legal or regulatory changes.

(d) <u>Technology</u>. MERS represents and warrants that the Services shall be provided using proven technology which will take advantage of technological advancements in the industry.

(e) <u>Non-Infringement</u>. MERS represents and warrants that it shall, and shall require its Third Party Vendors to, perform its responsibilities under this Member Agreement in a manner that does not infringe, or constitute an infringement or misappropriation of, any patent, copyright, trademark, trade secret or other proprietary rights of any third party.

(f) <u>Software Ownership or Use</u>. MERS represents and warrants that, with respect to the Software used in the performance of the Services to Member, it either owns, or is authorized to use, the software in the performance of the Services to Member.

(g) <u>Authorization</u>. MERS represents and warrants that it has the requisite corporate power and authority to enter into this Member Agreement and to carry out the transactions contemplated by this Member Agreement, and the execution, delivery and performance of this Member Agreement and the consummation of the transaction contemplated by this Member Agreement have been duly authorized by the requisite corporate action on the part of MERS.

(h) <u>Viruses</u>. MERS represents and warrants that it and the Third Party Vendors providing Services shall not code or introduce any Viruses (defined herein) into the MERS System and any other systems and software used to provide the Services and that it shall take reasonable business precautions to ensure that no Viruses are coded or introduced into the MERS System and any other systems and software used to provide the Services. The term "Viruses" shall mean any (i) program code, programming instruction or set of instructions intentionally construed with the ability to damage, interfere with or otherwise adversely affect computer programs, data files or operations; or (ii) other code typically designated to be a virus.

(i) <u>Disabling Code</u>. MERS represents and warrants that it and the Third Party Vendor providing Services shall not insert into the MERS System and in any other systems and software used to provide the Services any code which would have the effect of disabling or otherwise shutting down all or any portion of the MERS System or Services.

9

(j)   Millennium Compliant.  MERS represents and warrants that the MERS System shall have the ability to provide all of the following functions:  (a)  consistently handle date information before, during and after January 1, 2000, including without limitation accepting date input, providing date output, and performing calculations on dates or portions of dates;  (b) function accurately and without interruption before, during and after January 1, 2000, without any change in operations associated with the advent of the new century;  (c)  respond to two-digit year-date input in a way that resolves any ambiguity as to century in a disclosed, defined, and predetermined manner; and  (d)  store and provide output of date information in ways that are unambiguous as to century.

24.     Notwithstanding anything in the Governing Documents or any other member agreement, unless MERS receives a written authorization from Member, MERS may not de-register from the MERS System any mortgage loan owned by Member or take any action to attempt to release the lien of any mortgage loan owned by Member.  The preceding sentence shall not prohibit the deregistration of mortgage loans by any servicer or subservicer of such loans.  MERS shall notify Member promptly after any mortgage loan owned by Member has been de-registered.

25.     This Member Agreement is made solely for the benefit of the Member and MERS and shall not confer any rights on any other person.  This Member Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and authorized assigns.

26.     All other capitalized terms used herein and not defined shall have the meanings ascribed to such terms in the Rules of MERS.

27.     To the extent that the method of delivery of such notice or other communication is not provided for in the Rules or Procedures of MERS, any notice or other communication which is required or permitted to be given or made by MERS or the Member to the other pursuant to any provision of the Governing Documents shall be given or made in writing and shall be sent by nationally recognized overnight courier or facsimile followed by delivery of the original via first class mail, addressed as follows:

If to MERS:

Mortgage Electronic Registration Systems, Inc.
Attn:  General Counsel & Secretary
8201 Greensboro Drive, Suite 350
McLean, VA  22102

If to the Member:

Federal Home Loan Mortgage Corporation
Attn:  __Mark Fleming_____
8200 Jones Branch Drive
McLean, VA  22102

10

23

or at such other address as either party may from time to time advise the other in writing. Any such notice shall be deemed to have been received on the business day following the sending thereof. For purposes hereof, "business day" shall mean any day other than a Saturday or Sunday on which banks in Washington, D.C. are open.

28.   This Member Agreement and all transactions effected by the Member with MERS shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

29.   In the event of any conflict between a provision of this Member Agreement and any provision of any other Governing Documents, the provision of this Member Agreement shall prevail.

30.   No term, provision or clause of this Agreement shall be deemed waived and no breach excused unless such waiver or consent shall be in writing and executed by a duly authorized representative of each party. Any consent by any party to, or waiver of, a breach by the other, whether express or implied, shall not constitute a consent to, waiver of, or excuse for any other different or subsequent breach.

31.   In the event that any provision of this Agreement shall be invalid and legally unenforceable, such provision shall be deemed to be restated to reflect as nearly as possible the original intention of the parties in accordance with applicable law and the same shall not affect in any respect whatsoever the validity and enforceability of the remainder of this Agreement.

**FEDERAL HOME LOAN MORTGAGE CORPORATION**

By:   _Paul T. Peterson_

Name:   Paul T. Peterson

Title:   Senior Vice President

ACCEPTED AND AGREED:

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By:   _____

Paul B. Mullings
CEO and President

11

10/01/2010 16:08 FAX          ONEWESTBANK                    Ø 008/020

 **Freddie Mac**
We make home possible

IN010C          **Form 1036**

**Request for Release/Return of Documents**

| TO: Name of Custodian ("Custodian") | Custodial Agreement number |
|---|---|
| Deutsche Bank Custodian No. 1000409 | 00013 |

Address

1761 East St. Andrew Place, Santa Ana, CA 92705

In connection with the administration of the Mortgages you hold in custody for Freddie Mac, the undersigned Seller/Servicer request the release of the Mortgage documents described below in accordance with Section 2(c) of the Custodial Agreement entered into between the Seller/Servicer, the Custodian (identified as Freddie Mac Custodian No. _____), and Freddie Mac, and for the reason indicated below. All documents released to the Seller/Servicer shall be held in trust by the Seller/Servicer for the benefit of Freddie Mac, and the Seller/Servicer's possession of such documents shall be solely for the purpose indicated below. The Seller/Servicer shall promptly return the documents to the Custodian when the Seller/Servicer's need therefore no longer exists, except where the Mortgage is held in full or otherwise disposed of in accordance with Freddie Mac's Single-Family Seller/Servicer Guide.

| Freddie Mac Loan Number | Seller Servicer Loan Number |
|---|---|
| 332478455 | 125048243  /  1009111244 |
| Borrower's Last name | Property Address (number, street, city, state) |
| MCDONALD | 14840 119TH PL NE, KIRKLAND, WA 98034 |
| Note Date | Documents requested for release |
| 01/10/2007 | [ ] Note   [X] Entire File   [ ] Modifying instrument (description) |
| | [ ] Assignment |

Ship to: Maria Sykes at 888 E. Walnut, 4th Fl., HQ-04-04, Pasadena, CA 91101

Reason for Requesting Documents:

| [ ] Maturity | [X] Foreclosure | [ ] Modification | [ ] Recordation of Assignment |
|---|---|---|---|
| [ ] Prepayment | [ ] Substitution | [ ] Conversion | [ ] Other (must explain) |
| [ ] Repurchase | [ ] Assumption | [ ] New York CEMA | |

| Seller/Servicer name | Seller/Servicer number |
|---|---|
| OneWest Bank, F.S.B. | 153984 |
| Authorized Signature of Seller/Servicer | Phone: |
| *[signature]* | (626) 535-4887 |
| Name (typed or printed) | Date: 10/01/2010 | E-mail address: |
| Sandra Schneider | Title: Vice President | Sandy.Schneider@owb.com |

To Custodian: You must retain this form for your file in accordance with the terms of the Custodial Agreement.

| Authorized signature of Custodian | Date of release |
|---|---|
| *[signature]* | OCT 05 2010 |
| Name (typed or printed) | Title: |
| Mark J. Kelly  Vice President | |

Reason given by Seller/Servicer for return to custody (foreclosure discontinued, assumption completed, modification completed, etc.)

Attach copy of supporting document (assumption agreement, etc.)

| Authorized signature of Custodian (acknowledging receipt of returned document) | Authorized signature of Custodian |
|---|---|
| | Title |
| Name (typed or printed) | |

| Volume 2 | Single-Family Seller/Service Guide | Page F1036-1 |
|---|---|---|
| Bulletin 2007-5 | | 12/18/07 |

25

ARM Custodial Certification Schedule

Freddie Mac Contract Number: 0702156058
Seller/Servicer Number: 327721

Custodian Number: 1000409
Requested Funding Date or Settlement Date: 02/27/07



| FHLMC LN # Seller Ln # Min # | Convrt Loan Amt P&I Amount Mod/Conv Dt | Note Date Interest Rate 1st Rd Ad | Property Street Index Mtg Mgn BORROWER NAME | Lookback Period Cap | Property City % Rounded | ST 1st P&I Life Cap | Zip Maturity Dt CO-BORROWER NAME | 1st Adj Max | 1st Adj Min |
|---|---|---|---|---|---|---|---|---|---|
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| 332479455 0125049243 100055401250492638 | NO 389,482.00 1,906.84 03/01/17 | 01/08/07 5.875 02/01/12 MCDONALD, JAMES B | 14840 119TH PL NE 1 YR LIBOR 2.750 | .045 2.000 | KIRKLAND 12500 | WA 10.875 | 98034-0000 03/01/07  02/01/37 20.875 | 2.750 | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |
| | NO | | | | | | | | |

Freddie Mac Form 1034A (12/2001)

Page   3

ARM Custodial Certification Schedule

Freddie Mac Contract Number: 0702156058
Seller/Servicer Number: 127721

Custodian Number: 1900409
Requested Funding Date or Settlement Date: 02/27/07

| FHLMC LN # | Convrt. | Note Date | Property Street | | | Property City | ST | Zip | |
|---|---|---|---|---|---|---|---|---|---|
| Seller Ln # | Loan Amt | Interest Rate | Index | Lookback | | 1st P&I | Matrty Dt | | |
| Min # | P&I Amount | 1st Rd Ad | Mtg Mgn | Period Cap | % Rounded | Life Cap | 1st Adj Max | 1st Adj Min | |
| | Mod/Conv Dt | | BORROWER NAME | | | | CO-BORROWER NAME | | |

Total Notes:  145

Page  13

Reminder: As stated in Section 46.2, 47.1, and 52.2 of the Single Family Seller/Servicer Guide (the Guide), the Seller/Servicer must maintain a legible copy of each Note, together with any related modification or assumption/release of liability instrument, in the Mortgage files.

Preparer's Name: _____     Telephone Number: ( ) _____     Date: 02/17/07

For Concurrent Transfers of Servicing, provide the following:

Transferor's Seller/Servicer number: _____
Transferee's Seller/Servicer number: _____
Transferee Custodian number: _____

Freddie Mac Form 1034A  (12/2003)

# Exhibit 5

1

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

JAMES MCDONALD,

Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

Defendants.

No. C10-1952 RSL

**DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S RESPONSE TO
PLAINTIFF'S SECOND REQUEST
FOR PRODUCTION OF
DOCUMENTS**

COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

(collectively "Defendants") and responds to Plaintiff James McDonald's Second Set of

Interrogatories and Request for Production of Documents ("Requests") as follows:

### I.   PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each response and each

document produced is subject to all appropriate objections (including, but not limited to,

objections concerning competency, relevancy, materiality, propriety and admissibility) which

would require the exclusion of any statement contained herein or in any of the documents

produced, if any such document or documents were sought to be introduced into evidence in

Court. All such objections and grounds are reserved and may be interposed at the time of trial.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 1 OF 4, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

en

Defendants have not completed their investigation of facts, witnesses, or documents related to this action; have not completed its analysis of available data; have not yet completed its discovery in this action; and have not completed preparation for trial. Thus, although a good faith effort has been made to supply pertinent information when it has been requested, it is not possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Defendants' right to produce any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Defendants may adopt. These responses are given without prejudice to Defendants' right to provide facts, witnesses or documents omitted from these responses by oversight, inadvertent or good faith error or mistake. Defendants have furnished information that is presently available, which may include hearsay and other forms of evidence that are neither reliable nor admissible.

## II.   RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** The complete governing documents for subpool IN070227 as identified on the Complete Loan File Information from Deutsche Bank National Trust Company, which Plaintiff has provided the Defense a copy of.

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. The request is unintelligible, broad, vague and overbroad. Defendants have no knowledge of the reference to subpool IN070227. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** The complete governing documents for the master pool/trust that the subpool identified above is a part of.

**RESPONSE:** Defendants incorporate by reference all previous objections to this Request. The request is unintelligible, broad, vague and overbroad. Defendants have no knowledge of the reference to subpool IN070227. Discovery is ongoing.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS
- PAGE 2 OF 4, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ____ day of February, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 4, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this ___9th___ day of February, 2012.

ONEWEST BANK, FSB

By: _Rebecca Marks_
Rebecca Marks
NORTHWEST TRUSTEE SERVICES, INC.

By: _____

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _JC San Pedro_
JC SAN PEDRO

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 4 OF 4, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131