The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                                          )          NO.:  C10-1952RSL
                                                                )
                                                                )
JAMES MCDONALD                                                  )
            Plaintiff                                           )
         v                                                      )          Plaintiff's Reply to Defendants
ONEWEST BANK, FSB, *et al.,*                                    )          Objection to Second Motion to Compel
            Defendants.                                         )
                                                                )          Noting Date: February 24, 2012
-----------------------------------------------------------

   COMES NOW Plaintiff and makes this reply to Defendants Objection to Plaintiff's Motion to Compel to Produce.

### Arguments Presented

   Plaintiff moves the Court to strike all objections raised in the Defendants Opposition to Plaintiff's Second Motion to Compel. FCRP 34 gives the non-movant 30 days to comply with the discovery request or to produce an objection to providing it. As the e-mail chain Miss Buck provided shows there was no objection made. At most, Miss Buck's contact, whom she does not name nor identify the job title of, was not personally aware of the item requested and so was allegedly asking another individual at OneWest about it. The Defendants provided no objections to the disputed items for over **240 days** and therefore any objections should be stricken.

   Further, Plaintiff followed the requirements of FCRP 34 and 37 as well as the requirements set forth by this Court in the Order Denying Plaintiff's First Motion to Compel and Defendants Motion for Protective Order (Docket #77).

   Defendant's Counsel, Heidi Buck, provided a portion of the timeline that existed during the discovery process. However she does not address the fact that Plaintiff both called and electronically mailed her on January 3rd and received no response (Exhibit 1). Plaintiff waited an additional month before filing this Motion to Compel. Defendants only responded to the First Request to Produce AFTER the Motion

had been filed for 14 days. Had any communication been forthcoming from the Defendants, the Motion may have been unnecessary.

Had the Defendants been working "diligently" between December 15, 2011 and February 17, 2012 it would have been reasonable that they would have communicated this to Plaintiff. Furthermore it is difficult to believe that the Defendants finally began working diligently over 8 months after the First Request to Produce nor is there any plausible explanation or reason that it took 8 months for this change in work ethic.

**Items Requested in the First Request to Produce and Status Thereof**

1. <u>Provide Purchase Agreement between Indymac and the original purchaser of the Note-</u> Defendant OneWest claims that they do not have any knowledge of such a document. This may or may not be accurate but at this time Plaintiff is not challenging their statement, but reserves the right to challenge it in the future.

2. <u>Defendant OneWest- Provide copies of all endorsements and conveyances of the promissory note… -</u> Defendant OneWest stated they had no paper trail of the transfer of ownership of the Note. OneWest has admitted the Note was sold and that OneWest does not have ownership of the Note. Therefore a paper trail would exist of the sale of the Note. If OneWest does not have any evidence of this then <u>their position of being the servicer of the owner of the Note would be in serious question.</u>

3. <u>Defendant OneWest- Provide copies of any and all servicing agreements between Indymac and the purchaser(s) of the promissory note.-</u> OneWest claims to have found no evidence for this request. However, OneWest purchased Indymac Mortgage Services from the FDIC and therefore would have access to such a Servicing Agreement if one actually existed in relation to this Note.

4. <u>Defendant OneWest- Provide copies of any and all servicing agreements between Defendant OneWest and the current owner or previous owners of the promissory note</u>.- Plaintiff declares under the penalty of perjury that he never received this item from the Defendants in contradiction to the Response utilized as Exhibit 4 of the Defendants Opposition claiming that this was provided. It has not, in fact, been provided nor objected to. This is proven by the lack of it appearing in the documentation the Defendants have provided the Court in their Opposition to this Motion. Therefore it appears that the Defendants and their Counsel Heidi Buck have once again made false statements to this Court.

5. <u>Defendant OneWest- A copy of any and all insurance policies related to the promissory note and/or pool/security of loans the promissory note was placed into.</u> The Defendants claim they do not have this nor have knowledge of it. This may or may not be accurate but at this time Plaintiff is not challenging their statement, but reserves the right to challenge it in the future.

6. <u>Defendant MERS- A true and correct copy of all entries noted within the MERS MIN SUMMARY authenticated as unaltered by a direct MERS employee.</u> The Defendants did provide this but it was not authenticated as requested.

7. <u>Defendant MERS- A copy of the MERS Membership Agreement between Indymac Bank and MERS.</u> The Defendants provided this item 14 days after the Motion to Compel was filed and served upon them.

8. <u>Defendant MERS- A copy of the MERS Membership Agreement between Freddie Mac and MERS.</u> The Defendants provided this item 14 days after the Motion to Compel was filed and served upon them.

9. <u>Defendant MERS- A copy of the MERS Membership Agreement between OneWest Bank and MERS.</u> This item was provided.

10. <u>Defendant OneWest- A copy of all accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the loan agreement through present.</u> This item has still not been provided to the Plaintiff. The Defendants provided a payment summary of the Note/Mortgage that the Plaintiff made to the alleged SERVICER. Plaintiff then clarified what was being requested (Exhibit 2) and received nothing from it. In their Response dated February 17, 2012 and submitted to this Court as evidence in their Opposition to the Motion, Defendants state, "After diligent search, Defendants have found nothing that is responsive to this Request." As OneWest claims to be the servicer of the Note and purchased Indymac Mortgage Services who allegedly was the servicer of the Note prior to the purchase, they expect the Plaintiff and Court to believe that no documentation exists of payments being disbursed to the actual Owner of the Note throughout the entire life of the loan. If OneWest is the Servicer, they would have disbursed payments made by the Plaintiff to the Owner and have accounting records to prove that. Therefore this statement is either a falsity or OneWest was never authorized to collect payments on behalf of the Owner of the Note.

11. <u>Defendant Northwest Trustee Services- An unaltered copy of the declaration under the penalty of perjury made to Northwest Trustee by OneWest as required by RCW 61.24.030(7)(a).</u> This item was received.

12. <u>Defendant OneWest- Any and all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale Agreement and Servicing Business Asset Purchase Agreement.</u> In the Defendants Response to the First Request to Produce dated February 17, 2012 and submitted as evidence in their Opposition to this Motion the Defendants state, "Defendants have provided all documents responsive to this request." Plaintiff declares under the penalty of perjury that he never received this item from the Defendants in contradiction to the Response utilized as Exhibit 4 of the Defendants Opposition claiming that this was provided. It has not, in fact, been provided nor objected to. This is proven by the lack of it appearing in the documentation the Defendants have provided the Court in their Opposition to this Motion. Therefore it appears that the Defendants and their Counsel Heidi Buck have once again made false statements to this Court.

13. <u>Defendant OneWest- Any and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.</u> Plaintiff received a version of this item 14 days after this Motion was filed. Further it is almost completely redacted, which it does not appear to be necessary to redact this under the Rules of Evidence. Plaintiff therefore requests that the Court order the Defendants to Provide a clean copy of this documentation.

14. <u>Defendant OneWest- Any and all forms 1036 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.</u> Plaintiff received a version of this item 14 days after this Motion was filed. Further it is almost completely redacted, which it does not appear to be necessary to redact this under the Rules of Evidence. Plaintiff therefore requests that the Court order the Defendants to Provide a clean copy of this documentation.

15. <u>Defendant OneWest- Any and all records associated with the Plaintiff's loan within the MIDANET or Freddie Mac Selling platforms.</u> In the Defendants response to the First Request to Produce dated February 17, 2012 they state, "After diligent search, Defendants have found nothing that is responsive to this Request." The MIDANET system is/was the system servicers accessed to provide information to Freddie Mac. If the Defendant, who claims to be the legal servicer of this Note as well as thousands of others, are to believed, they don't know about this system. That is either a falsity or OneWest has never been a servicer for Freddie Mac. Therefore they should be able to provide this information.

### Conclusion

**WHEREFORE,** Plaintiff moves this Court to order the production of the items requested in the First Request to Produce. Further, Plaintiff moves the Court to strike the objections made and any future objections made in relation to this Request and subsequent Motion as the Defendants had ample time to object under FCRP 34 and 37. Finally Plaintiff moves the Court for Sanctions against the Defendants for failure to comply with the discovery requests and for making false statements both to the Plaintiff and to this Court as outlined above.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

Plaintiff's Reply 2nd Motion to Compel            -4-              James McDonald
                                                       14840 119th PL NE, Kirkland, WA 98034
                                                                  Phone: (425) 210-0614

**Certificate of Service**

1    I hereby certify that on the 24 day of February, 2012 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

                                                               /s/ James McDonald   -
                                                                     **James McDonald**
                                                                              **Pro Se**