## James McDonald

**From:** James McDonald [james@jamesmcdonald.net]
**Sent:** Thursday, July 07, 2011 2:01 PM
**To:** 'Heidi Buck'
**Subject:** RE: McDonald v. OneWest Bank, et al.

July 13th would work best for me. What times are you available?

As far as your question on Item #10 of the First Request to Produce it clearly states that I am requesting all accounting statements and general ledgers of the payments disbursed to the **owner**. Therefore the financial records that your client needs to provide to me are their accounting records of payments made to the owner of the note, not a payment history of payments made to Indymac or OneWest which is what your client provided. ☺

Further, it seems that your client has not continued to provide the other items requested. I have been significantly patient in this and while I appreciate your personal cooperation, it does not appear that your clients are cooperating. We need to have a resolution to this quickly as it is only causing further delays and creating more workload for the both of us.

Hope you had a great 4th of July weekend

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Thursday, July 07, 2011 11:38 AM
**To:** james@jamesmcdonald.net
**Subject:** RE: McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please let me know when you would like to view the note. Next week, I am available in the afternoon on July 11, July 13, or July 14. Were you still going to forward me the stipulation re discovery?

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



---

**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Friday, July 01, 2011 2:49 PM
**To:** Heidi Buck
**Cc:** Tommy Kwong
**Subject:** RE: McDonald v. OneWest Bank, et al.

Miss Buck

Thanks for your response. I do believe we should arrange a time to view the note you have in your possession as during the course of my investigation I have become concerned about its authenticity. Should my initial review of the note not satisfy my concerns I will likely be requesting a forensic document

analyst examine the note as well.

I will write up a joint motion to extend this weekend and send it over to you for you to review and co-sign.

I hope both of you have a great fourth of july weekend

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Friday, July 01, 2011 2:14 PM
**To:** james@jamesmcdonald.net
**Cc:** Tommy Kwong
**Subject:** RE: McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please see my responses in blue type to the issues you raised in your 6/30/11 email.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents. A copy of the original note and rider with your signature, which I have in my possession, is attached. You will see it contains an "in blank" endorsement from Indymac, which is the only endorsement affixed to the note. If you feel it is necessary, I am happy to schedule a time for you to come view the original.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item? I have followed up with OneWest again to obtain this.

5. You were going back to your contact at OWB regarding the insurance. What is the status on that? My contact has no knowledge that one exists. However, I have followed up with OneWest again about obtaining it if it exists.

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as dates and companies are not corresponding. The MERS MIN summary has been provided. You are not entitled a declaration of authentication. If you have doubts about the document's authenticity, that is something you could address through a deposition.

7. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

8. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this. We provided what we understood you were requesting. Please provide clarification as to what it is you refer to in this RFP.

12. I have not received these items from you. I have followed up with OneWest again, and they are working to obtain this.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me? I have followed up with OneWest again, and they are working to obtain this.

15. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do

this. I've review the joint status report. We had initially agreed to a discovery time frame ending in September 2011. Therefore, I am willing to agree to an extension of the discovery timeline to the original date we had agreed upon, September 21, 2011.

Thanks,
Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



---

**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Thursday, June 30, 2011 12:06 PM
**To:** Heidi Buck
**Subject:** RE: McDonald v. OneWest Bank, et al.

Miss Buck,

I have reviewed the items that you have sent me and the correspondence provided both by yourself and your paralegal. I find that items have been left out both in the documents provided and the communication you have given me both verbally and electronically. Further to save paper, any document that is electronically sent to you can be e-mailed to me so long as you or your paralegal certify that the document remains unaltered and is being provided exactly as it was provided to you.

I will be referring to the Item number on the First Request to Produce and have attached an additional copy of that for your convenience.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item?

5. You were going back to your contact at OWB regarding the insurance. What is the status on that?

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as dates and companies are not corresponding.

7. I have not received this item from you.

8. I have not received this item from you.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this.

12. I have not received these items from you.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me?

15. I have not received this item from you.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do this.

Should you agree I will e-mail you the next Request to Produce that I am preparing. Otherwise I will deliver a copy of it to you directly. Please advise your position on that.

Hope to hear from you soon.

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Monday, June 27, 2011 4:18 PM
**To:** james@jamesmcdonald.net
**Subject:** McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please see the attached documents in response to your requests for production. As we discussed earlier today, I am still waiting on some of the documents you requested from my clients. However, I will forward those to you as soon as I receive them.

Additionally, some of the documents you have requested either do not exist or are not in the possession of my clients as outlined below:

- Original purchase agreement between Indymac and initial purchaser of the note. – OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Any subsequent purchase agreement - OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Servicing agreement between Indymac and any purchaser of note. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- copy of insurance policy relating to the note or pool note placed into. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Forms 1034 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1034 may pertain to.
- Forms 1036 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1036 may pertain to.

- Records associated with the MIDANET or Freddie Mac Selling platform. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear.

For your convenience, I will forward hard copies of all documents to you via mail to your home address.

Please let me know if you have any questions.

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com

