The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JAMES MCDONALD,

        Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No.  C10-1952 RSL

**DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

      Defendant Northwest Trustee Services, Inc. ("NWTS") submits this Answer in response to Plaintiff James McDonald's ("Plaintiff") First Amended Complaint ("FAC") as follows. All allegations not expressly admitted, denied, or otherwise pled below are hereby to be construed as denied.

## I.  JURISDICTION, VENUE AND PARTIES

1.1    NWTS admits the allegations of Paragraph 1.1.

1.2    NWTS asserts the Note speaks for itself and the Deed of Trust speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 1.2 and on that basis deny them.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1.3     Defendant OneWest admits that it does business in King County, Washington with headquarters located in Pasadena, CA. NWTS lacks sufficient information to admit or deny the allegations of Paragraph 1.3 and on that basis deny them.

1.4     NWTS is a Washington based corporation and recorded a Notice of Trustee's Sale for the above referenced Property. NWTS asserts the Notice of Trustee's Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 1.4 and on that basis denies them.

1.5     Defendant MERS admits that it is a corporation in Delaware and is listed as the beneficiary of the Deed of Trust named by the original lender Indymac Bank, FSB. NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 1.5 and on that basis denies them.

1.6     NWTS lacks sufficient information or belief to either admit or deny the allegations of Paragraph 1.6 and therefore deny them.

1.7     The statement in Paragraph 1.7 of the FAC is a statement that does not warrant a denial or admission from NWTS.

## II. BACKGROUND FACTS AND HISTORY

2.1     NWTS asserts that the Note speaks for itself, and the Deed of Trust speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.1 and on this basis deny them.

2.2     The statement in Paragraph 2.2 of the FAC is a statement that does not warrant a denial or admission from NWTS. To the extent an answer is required, NWTS asserts that the Note speaks for itself.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 2 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

2.3     The statements in Paragraph 2.3 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.3 and on this basis deny them.

2.4     The statements in Paragraph 2.4 contain legal conclusions and NWTS is not required to respond.  NWTS asserts that the Notice of Default speaks for itself.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.4 and on this basis deny them.

    2.4.1   The statements in Paragraph 2.4.1 contain legal conclusions and NWTS is not required to respond.  NWTS asserts the Beneficiary Declaration speaks for itself.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.4.1 and on this basis deny them.

2.5     The statements in Paragraph 2.5 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.5 and on this basis deny them.

2.6     To the extent the statements in Paragraph 2.6 contains legal conclusions, NWTS is not required to respond. NWTS asserts that the Assignment of the Deed of Trust speaks for itself.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.6 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 3 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

2.7     To the extent the statements in Paragraph 2.7 contains legal conclusions, NWTS is not required to respond.    NWTS asserts that the Appointment of Successor Trustee speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.7 and on this basis deny them.

2.8     NWTS asserts that the Notice of Trustee's Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.8 and on this basis deny them.

    2.8.1     Parties

        2.8.1.1 The statement in Paragraph 2.8.1.1 of the FAC is a statement that does not warrant a denial or admission from NWTS.

        2.8.1.2 NWTS asserts that the Notice of Trustee Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.8.1.2 and on this basis deny them.

        2.8.1.3 To the extent the statements in Paragraph 2.8.1.3 of the FAC contain legal conclusions, NWTS is not required to respond.  To the extent an answer is required, NWTS asserts that the Notice of Trustee Sale speaks for itself.

    2.8.2     Fees and Amount to Reinstate in Section II

        2.8.2.1 The statements in Paragraph 2.8.2.1 of the FAC are statements that do not warrant a denial or admission from NWTS.  To the extent an answer is required, the Notice of Trustee's Sale speaks for itself.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 4 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

2.8.2.2 The statements in Paragraph 2.8.2.2 of the FAC are statements that do not warrant a denial or admission from NWTS. To the extent an answer is required, the statement in Paragraph 2.8.2.2 of the FAC is a legal conclusion and NWTS is not required to respond.

2.8.2.3 NWTS asserts that the Notice of Trustee's Sale speaks for itself.

2.8.3   To the extent the statements in Paragraph 2.8.3 of the FAC contain legal conclusions, NWTS is not required to respond.  For the remaining allegations, NWTS asserts that the Notice of Trustee Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.8.3 and on this basis deny them.

2.9   NWTS asserts that the Amended Notice of Trustee's Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.9 and on this basis deny them.

2.9.1   Parties

2.9.1.1 The statements in Paragraph 2.9.1.1 of the FAC do not warrant an admission or denial by NWTS.  To the extent an answer is required, NWTS asserts that the Amended Notice of Trustee Sale speaks for itself.

2.9.1.2 The statement in Paragraph 2.9.1.2 is a statement that does not warrant a denial or admission from NWTS.

2.9.1.3 The statement in Paragraph 2.9.1.3 is a statement that does not warrant a denial or admission from NWTS. To the extent an answer

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

is required, NWTS asserts that the Amended Notice of Trustee Sale speaks for itself.

2.9.2   Fees and Amount to Reinstate in Section III

2.9.2.1 NWTS asserts that the Amended Notice of Trustee Sale speaks for itself. To the extent an answer is required, the statements in Paragraph 2.9.2.1 of the FAC are legal conclusions and NWTS is not required to respond.

2.9.3   The statement in Paragraph 2.9.3 is a statement that does not warrant a denial or admission from NWTS. NWTS asserts that the Notice of Trustee's Sale speaks for itself.

2.9.4   The statement in Paragraph 2.9.4 is a statement that does not warrant a denial or admission from NWTS. NWTS asserts that the Amended Notice of Trustee Sale speaks for itself.

2.10   To the extent Paragraph 2.10 of the FAC contain legal conclusions, NWTS is not required to respond. As to the remaining allegations, the statements in Paragraph 2.10 are statements that do not warrant a denial or admission from NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations and on this basis deny them.

2.11   The statements in Paragraph 2.11 of the FAC to not warrant a denial or admission by NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.11 and on this basis deny them.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

2.12    The statements in Paragraph 2.12 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.12 and on this basis deny them.

2.13    The statements in Paragraph 2.13 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.13 and on this basis deny them.

2.14    The statements in Paragraph 2.14 of the FAC do not warrant a denial or admission by NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.14 and on this basis deny them.

2.15    The statements in Paragraph 2.15 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.15 and on this basis deny them.

2.16    The statements in Paragraph 2.16 of the FAC do not warrant a denial or admission by NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 2.16 and on this basis deny them.

2.17    The statements in Paragraph 2.17 of the FAC do not warrant a denial or admission by NWTS. To the extent an answer is required, NWTS lacks sufficient information

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

to admit or deny the remaining allegations of Paragraph 2.17 and on this basis deny them.

### III. PLAINTIFF'S CLAIMS

3.1      Violations of the Washington Deed of Trust Act, RCW 61.24 *et seq.*

3.1.1   NWTS re-states responses to each and every item and allegation above.

3.1.2   The statements in Paragraph 3.1.2 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.1.2 and on this basis deny them.

3.1.3   NWTS denies the statements in paragraph 3.1.3.

3.1.4   The statements in Paragraph 3.1.4 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.1.4 and on this basis deny them.

3.1.5   NWTS denies the statements in Paragraph 3.1.5.

3.1.6   To the extent the statements in Paragraph 3.1.6 contain legal conclusions, NWTS is not required to respond.  NWTS asserts the Notice of Trustee's Sale speaks for itself.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.1.6 and on this basis deny them.

3.1.7   To the extent the statements in Paragraph 3.1.7 contain legal conclusions, NWTS is not required to respond.  NWTS asserts the Amended Notice of Trustee's Sale speaks for itself.  To the extent an answer is required, NWTS

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 8 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

lacks sufficient information to admit or deny the allegations of Paragraph 3.1.7 and on this basis deny them.

3.1.8   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.1.8 and on this basis deny them.

3.1.9   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.1.9 and on this basis deny them.

3.1.10  NWTS denies the statements in Paragraph 3.1.10.

3.1.11  NWTS denies the allegations in Paragraph 3.1.11.

3.1.12  The statements in Paragraph 3.1.12 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.1.12.

3.2   Violations of RESPA 12 U.S.C. § 2605 *et seq.* & § 2607 *et seq.*

3.2.1   NWTS re-states responses to each and every item and allegation above.

3.2.2   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.2.2 and on this basis deny them.

3.2.3   NWTS denies the statements in Paragraph 3.2.3.

3.2.4   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.2.4 and on this basis deny them.

3.2.5   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.2.5 and on that basis deny them.

3.2.6   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.2.6 and on this basis deny them.

3.2.7   NWTS denies the statements in Paragraph 3.2.7.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.2.8   The statements in Paragraph 3.2.8 contain request for relief and NWTS is not required to respond.   NWTS denies any implicit assertions contained in Paragraph 3.2.8.

3.3   Violations of Truth and Lending Act 15 U.S.C. 1641 *et seq.*

3.3.1   NWTS re-states responses to each and every item and allegation above.

3.3.2   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.3.2 and on this basis deny them.

3.3.3   NWTS lacks sufficient information to admit or deny the allegations of Paragraph 3.3.3 and on this basis deny them.

3.3.4   The statements in Paragraph 3.3.4 contain request for relief and NWTS is not required to respond.   NWTS denies any implicit assertions contained in Paragraph 3.3.4.

3.4   Violations of FDCPA 15 U.S.C. § 1692 *et seq.*

3.4.1   NWTS re-states responses to each and every item and allegation above.

3.4.2   The statements in Paragraph 3.4.2 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS denies the allegations contained in Paragraph 3.4.2.

3.4.3   The statements in Paragraph 3.4.3 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegation of Paragraph 3.4.3 and on that basis deny them.

3.4.4   NWTS lacks sufficient information to admit or deny the allegation of Paragraph 3.4.4 and on that basis deny them.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.4.5   NWTS lacks sufficient information to admit or deny the allegation of Paragraph 3.4.5 and on that basis deny them.

3.4.6   The statements in Paragraph 3.4.6 contain request for relief and NWTS is not required to respond.   NWTS denies any implicit assertions contained in Paragraph 3.4.6.

3.5   Violations of FCRA 15 U.S.C. § 1681

3.5.1   NWTS re-states responses to each and every item and allegation above.

3.5.2   The statements in Paragraph 3.5.2 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS denies the allegations of Paragraph 3.5.2.

3.5.3   The statements in Paragraph 3.5.3 contain request for relief and NWTS is not required to respond.   NWTS denies any implicit assertions contained in Paragraph 3.5.3.

3.6   Violations of the Washington Consumer Protection Act RCW 19.86 *et seq*.

3.6.1   NWTS re-states responses to each and every item and allegation above.

3.6.2   Elements of a Washington Consumer Protection Act Violation Claim

3.6.2.1 The statement in Paragraph 3.6.2.1 is a statement that does not warrant a denial or admission from NWTS.

3.6.2.2 The statements in Paragraph 3.6.2.2 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.2.2 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 11 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.6.3   Plaintiff alleges that Defendant Northwest Trustee has Violated the WA CPA

3.6.3.1 The statements in Paragraph 3.6.3.1 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.3.1, and on this basis deny them.

3.6.3.2 NWTS admits it is selling services in Washington State. The other statements in Paragraph 3.6.3.2 are statements that do not warrant a denial or admission by NWTS.

3.6.3.3 The statements in Paragraph 3.6.3.3 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.3.3 and on this basis deny them.

3.6.3.4 The statements in Paragraph 3.6.3.4 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.3.4 and on this basis deny them.

3.6.3.5 The statements in Paragraph 3.6.3.5 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.6.3.5 and on this basis deny them.

3.6.3.6 The statements in Paragraph 3.6.3.6 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.3.6 and on this basis deny them.

3.6.4   Plaintiff Alleges that OneWest has Violated the WA CPA

3.6.4.1 NWTS denies the allegations in Paragraph 3.6.4.1.

3.6.4.2 The statements in Paragraph 3.6.4.2 contain statements that do not warrant a denial or admission by NWTS.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.4.2 and on this basis deny them.

3.6.4.3 The statements in Paragraph 3.6.4.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.4.3 and on this basis deny them.

3.6.4.4 The statements in Paragraph 3.6.4.4 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 13 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.6.4.4 and on this basis deny them.

3.6.4.5 The statements in Paragraph 3.6.4.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.4.5 and on this basis deny them.

3.6.4.6 The statements in Paragraph 3.6.4.6 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.4.6 and on this basis deny them.

3.6.5   Plaintiff alleges that Defendant MERS has Violated the WA CPA

3.6.5.1 NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.5.1 and on this basis deny them.

3.6.5.2 The statements in Paragraph 3.6.5.2 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.5.2 and on this basis deny them.

3.6.5.3 The statements in Paragraph 3.6.5.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.6.5.3 and on this basis deny them.

3.6.5.4 The statements in Paragraph 3.6.5.4 contain legal conclusions and NWTS is not required to respond.    To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.5.4 and on this basis deny them.

3.6.5.5 The statements in Paragraph 3.6.5.5 contain legal conclusions and NWTS is not required to respond.    To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.5.5 and on this basis deny them.

3.6.5.6 The statements in Paragraph 3.6.5.6 contain legal conclusions and NWTS is not required to respond.    To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.6.5.6 and on this basis deny them.

3.6.6    The statements in Paragraph 3.6.6 contain request for relief and NWTS is not required to respond.    NWTS denies any implicit assertions contained in Paragraph 3.6.6.

3.7    Fraud

3.7.1    NWTS re-states responses to each and every item and allegation above.

3.7.2    Elements, Requirements and Definition of Pleading Fraud

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.2.1 The statement in Paragraph 3.7.2.1 is a statement that does not warrant a denial or admission from NWTS.

3.7.2.2 The statement in Paragraph 3.7.2.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.2.3 The statement in Paragraph 3.7.2.3 is a statement that does not warrant a denial or admission from NWTS.

3.7.3 Count One: Defendant OneWest and the Notice of Default

3.7.3.1 NWTS asserts that the Notice of Default speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.3.1 and on this basis deny them.

3.7.3.2 The statement in Paragraph 3.7.3.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.3.3 The statements in Paragraph 3.7.3.3 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.3 and on this basis deny them.

3.7.3.4 The statements in Paragraph 3.7.3.4 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.4 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 16 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.3.5 The statements in Paragraph 3.7.3.5 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.5 and on this basis deny them.

3.7.3.6 The statements in Paragraph 3.7.3.6 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.6 and on this basis deny them.

3.7.3.7 The statements in Paragraph 3.7.3.7 contain statements to do not warrant a denial or admission from NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.7 and on this basis deny them.

3.7.3.8 The statements in Paragraph 3.7.3.8 contain legal conclusions and NWTS is not required to respond. T o the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.8 and on this basis deny them.

3.7.3.9 The statements in Paragraph 3.7.3.9 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 17 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.7.3.9 and on this basis deny them.

3.7.4   Count Two: Defendant Northwest Trustee and the Notice of Default

3.7.4.1 NWTS asserts that the Notice of Default speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.4.1 and on this basis deny them.

3.7.4.2 The statement in Paragraph 3.7.4.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.4.3 The statements in Paragraph 3.7.4.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS denies allegations contained in Paragraph 3.7.4.3.

3.7.4.4 The statements in Paragraph 3.7.4.4 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.4 and on this basis deny them.

3.7.4.5 The statements in Paragraph 3.7.4.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.5 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 18 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.4.6 The statements in Paragraph 3.7.4.6 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.6 and on this basis deny them.

3.7.4.7 The statements in Paragraph 3.7.4.7 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.7 and on this basis deny them.

3.7.4.8 The statements in Paragraph 3.7.4.8 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.8 and on this basis deny them.

3.7.4.9 The statements in Paragraph 3.7.4.9 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.4.9 and on this basis deny them.

3.7.5   Count Three: Defendant Northwest Trustee and the Notice of Trustee's Sale

3.7.5.1 NWTS asserts that the Notice of Trustee's Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

to admit or deny the remaining allegations of Paragraph 3.7.5.1 and on this basis deny them.

3.7.5.2 The statement in Paragraph 3.7.5.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.5.3 The statements in Paragraph 3.7.5.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS denies the allegations contained in Paragraph 3.7.5.3.

3.7.5.4 To the extent the statements in Paragraph 3.7.5.4 contain legal conclusions, NWTS is not required to answer.  NWTS asserts that the Assignment of the Deed of Trust and Appointment of Successor Trustee speaks for themselves. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.5.4 and on this basis deny them.

3.7.5.5 The statements in Paragraph 3.7.5.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.5.5 and on this basis deny them.

3.7.5.6 The statement in Paragraph 3.7.5.6 is a statement that does not warrant a denial or admission from NWTS.  To the extent an answer is required, NWTS lacks sufficient information to admit or

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

deny the allegations contained in Paragraph 3.7.5.6 and on this basis deny them.

3.7.5.7 The statement in Paragraph 3.7.5.7 is a statement that does not warrant a denial or admission from NWTS.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.5.7 and on this basis deny them.

3.7.5.8 The statements in Paragraph 3.7.3.8 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.8 and on this basis deny them.

3.7.5.9 The statements in Paragraph 3.7.3.9 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.9 and on this basis deny them.

3.7.6   Count Four:   Defendant Northwest Trustee and the Amended notice of Trustee Sale

3.7.6.1 NWTS asserts that the Amended Notice of Trustee's Sale speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.6.1 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 21 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.6.2 The statement in Paragraph 3.7.6.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.6.3 The statements in Paragraph 3.7.6.3 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS denies the allegations contained in Paragraph 3.7.6.3.

3.7.6.4 To the extent Paragraph 3.7.6.4 contain legal conclusions, NWTS is not require to respond.   NWTS asserts that the Assignment of the Deed of Trust and Appointment of Successor Trustee speak for themselves.

3.7.6.5 The statement in Paragraph 3.7.6.5 contains a legal conclusion and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegation contained in Paragraph 3.7.6.5 and on this basis deny it.

3.7.6.6 The statements in Paragraph 3.7.6.6 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.6.6 and on this basis deny them.

3.7.6.7 The statement in Paragraph 3.7.6.7 is a statement that does not warrant a denial or admission from NWTS.  To the extent an answer is required, NWTS lacks sufficient information to admit or

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 22 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

deny the allegations contained in Paragraph 3.7.6.7 and on this basis deny them.

3.7.6.8 The statements in Paragraph 3.7.6.8 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.6.8 and on this basis deny them.

3.7.6.9 The statements in Paragraph 3.7.3.9 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.9 and on this basis deny them.

3.7.7   Count Five: Defendant MERS and the Assignment of the Deed of Trust

3.7.7.1 NWTS asserts that the Assignment of the Deed of Trust speaks for itself. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.7.1 and on this basis deny them.

3.7.7.2 The statement in Paragraph 3.7.7.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.7.3 The statements in Paragraph 3.7.7.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.7.7.3 and on this basis deny them.

3.7.7.4 To the extent Paragraph 3.7.7.4 contains legal conclusions, NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.7.4 and on this basis deny them.

3.7.7.5 The statements in Paragraph 3.7.7.5 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.7.5 and on this basis deny them.

3.7.7.6 The statement in Paragraph 3.7.7.6 is a statement that does not warrant a denial or admission from NWTS.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.7.6 and on this basis deny them.

3.7.7.7 The statement in Paragraph 3.7.7.7 is a statement that does not warrant a denial or admission from NWTS.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.7.7 and on this basis deny them.

3.7.7.8 The statements in Paragraph 3.7.7.8 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.7.8 and on this basis deny them.

3.7.7.9 The statements in Paragraph 3.7.3.9 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.3.9 and on this basis deny them.

3.7.8   Count Six: Defendant OneWest and the Appointment of Successor Trustee

3.7.8.1 NWTS asserts that the Appointment of Successor Trustee speaks for itself.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the remaining allegations of Paragraph 3.7.8.1 and on this basis deny them.

3.7.8.2 The statement in Paragraph 3.7.8.2 is a statement that does not warrant a denial or admission from NWTS.

3.7.8.3 The statements in Paragraph 3.7.8.3 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.8.3 and on this basis deny them.

3.7.8.4 The statements in Paragraph 3.7.8.4 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 25 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2

remaining allegations of Paragraph 3.7.8.4 and on this basis deny

them.

3
4
5
6
7
8

3.7.8.5 The statements in Paragraph 3.7.8.5 contain legal conclusions and

NWTS is not required to respond.   To the extent an answer is

required, NWTS lacks sufficient information to admit or deny the

allegations contained in Paragraph 3.7.8.5 and on this basis deny

them.

9
10
11
12
13
14

3.7.8.6 The statement in Paragraph 3.7.8.6 is a statement that does not

warrant a denial or admission from NWTS.   To the extent an

answer is required, NWTS lacks sufficient information to admit or

deny the allegations contained in Paragraph 3.7.8.6 and on this basis

deny them.

15
16
17
18
19

3.7.8.7 The statements in Paragraph 3.7.8.7 contain legal conclusions and

NWTS is not required to respond.   To the extent an answer is

required, NWTS lacks sufficient information to admit or deny the

allegations contained in Paragraph 3.7.8.7 and on this basis deny

them.

20
21
22
23
24
25

3.7.8.8 The statements in Paragraph 3.7.8.8 are statements that do not

warrant a denial or admission from NWTS.   To the extent an

answer is required, NWTS lacks sufficient information to admit or

deny the allegations contained in Paragraph 3.7.8.8 and on this basis

deny them.

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.8.9 The statements in Paragraph 3.7.8.9 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.8.9 and on this basis deny them.

3.7.9   Fraud on the Court

3.7.9.1 The statements in Paragraph 3.7.9.1 are legal conclusions and NWTS is not required to answer. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.9.1 and on this basis deny them.

3.7.9.2 The statements in Paragraph 3.7.9.2 are legal conclusions and NWTS is not required to answer. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.9.2 and on this basis deny them.

3.7.9.3 The statements in Paragraph 3.7.9.3 are statements that do not warrant a denial or admission from NWTS. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.7.9.3 and on this basis deny them.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.7.10  The statements in Paragraph 3.7.10 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.7.10.

3.8    Civil Conspiracy

3.8.1    NWTS re-states responses to each and every item and allegation above.

3.8.2    Elements and Requirements of Civil Conspiracy

3.8.2.1 The statements in Paragraph 3.8.2.1 are statements that do not warrant a denial or admission from NWTS.

3.8.3    Conspiracy of NWTS Against Plaintiff

3.8.3.1 The statements in Paragraph 3.8.3.1 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS denies the allegations contained in Paragraph 3.8.3.1.

3.8.3.2 The statements in Paragraph 3.8.3.2 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.8.3.2 and on this basis deny them.

3.8.3.3 The statements in Paragraph 3.8.3.3 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.8.3.3 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 28 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.8.3.4 The statements in Paragraph 3.8.3.4 contain legal conclusions and NWTS is not required to respond. To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.8.3.4 and on this basis deny them.

3.8.4   The statements in Paragraph 3.8.4 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.8.4.

3.9   Slander of Title

3.9.1   NWTS re-states responses to each and every item and allegation above.

3.9.2   Elements of Slander of Title

3.9.2.1 The statements in Paragraph 3.9.2.1 are statements that do not warrant a denial or admission from NWTS.

3.9.3   Count 1: Assignment of Deed of Trust

3.9.3.1 The statements in Paragraph 3.9.3.1 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.3.1 and on this basis deny them.

3.9.3.2 The statements in Paragraph 3.9.3.2 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

allegations contained in Paragraph 3.9.3.2 and on this basis deny them.

3.9.3.3 The statements in Paragraph 3.9.3.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.3.3 and on this basis deny them.

3.9.3.4 The statements in Paragraph 3.9.3.4 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.3.4 and on this basis deny them.

3.9.3.5 The statements in Paragraph 3.9.3.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.3.5 and on this basis deny them.

3.9.4   Count 2: Appointment of Successor Trustee

3.9.4.1 The statements in Paragraph 3.9.4.1 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.4.1 and on this basis deny them.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

        3.9.4.2 The statements in Paragraph 3.9.4.2 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.4.2 and on this basis deny them.

        3.9.4.3 The statements in Paragraph 3.9.4.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.4.3 and on this basis deny them.

        3.9.4.4 The statements in Paragraph 3.9.4.4 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.4.4 and on this basis deny them.

        3.9.4.5 The statements in Paragraph 3.9.4.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.4.5 and on this basis deny them.

   3.9.5   Count 3: Notice of Trustee Sale

        3.9.5.1 The statements in Paragraph 3.9.5.1 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.5.1 and on this basis deny them.

3.9.5.2 The statements in Paragraph 3.9.5.2 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.5.2 and on this basis deny them.

3.9.5.3 The statements in Paragraph 3.9.5.3 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.5.3 and on this basis deny them.

3.9.5.4 The statements in Paragraph 3.9.5.4 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.5.4 and on this basis deny them.

3.9.5.5 The statements in Paragraph 3.9.5.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.5.5 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 32 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.9.6   Count 4: Amended Notice of Trustee Sale

    3.9.6.1 The statements in Paragraph 3.9.6.1 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.6.1 and on this basis deny them.

    3.9.6.2 The statements in Paragraph 3.9.6.2 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.6.2 and on this basis deny them.

    3.9.6.3 The statements in Paragraph 3.9.6.3 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.6.3 and on this basis deny them.

    3.9.6.4 The statements in Paragraph 3.9.6.4 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.6.4 and on this basis deny them.

    3.9.6.5 The statements in Paragraph 3.9.6.5 contain legal conclusions and NWTS is not required to respond.  To the extent an answer is

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.9.6.5 and on this basis deny them.

3.9.7   The statements in Paragraph 3.9.7 contain request for relief and NWTS is not required to respond.   NWTS denies any implicit assertions contained in Paragraph 3.9.7.

3.10   Declaratory Relief; Lack of Standing

3.10.1   NWTS re-states responses to each and every item and allegation above.

3.10.2   NWTS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3.10.2 and on this basis deny them.

3.10.3   NWTS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3.10.3 and on this basis deny them.

3.10.4   To the extent the statements in Paragraph 3.9.7 contain request for relief and NWTS is not required to respond.   To the remaining allegations, NWTS denies the statements contained in Paragraph 3.10.4.

3.10.5   The statements in Paragraph 3.10.5 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.10.5 and on this basis deny them.

3.10.6   The statements in Paragraph 3.10.6 contain legal conclusions and NWTS is not required to respond.   To the extent an answer is required, NWTS lacks sufficient information to admit or deny the allegations contained in Paragraph 3.10.5 and on this basis deny them.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 34 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.10.7  The statements in Paragraph 3.10.7 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.10.7.

3.11    Permanent Injunction

3.11.1  The statement in Paragraph 3.11.1 is a legal conclusion and NWTS is not required to answer.

    3.11.1.1    The statements in Paragraph 3.11.1.1 contain legal conclusions and NWTS is not required to answer.

    3.11.1.2    The statements in Paragraph 3.11.1.2 contain legal conclusions and NWTS is not required to answer.

    3.11.1.3    The statements in Paragraph 3.11.1.3 contain legal conclusions and NWTS is not required to respond.

    3.11.1.4    The statements in Paragraph 3.11.1.4 contain legal conclusions and NWTS is not required to answer.

3.11.2  NWTS re-states responses to each and every item and allegation above.

3.11.3  The statements in Paragraph 3.11.3 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.11.3.

3.11.4  The statements in Paragraph 3.11.4 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.11.4.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 35 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.11.5  The statements in Paragraph 3.11.5 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.11.5.

3.11.6  The statements in Paragraph 3.11.6 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 3.11.6.

**IV. REQUESTS FOR RELIEF**

4.1  The statements in Paragraph 4.1 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.1.

4.1.1  The statements in Paragraph 4.1.1 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.2.

4.1.2  The statements in Paragraph 4.1.2 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.1.2.

4.1.3  The statements in Paragraph 4.1.3 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.1.3.

4.2  The statements in Paragraph 4.2 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.2.

4.3  The statements in Paragraph 4.3 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.3.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 36 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

4.4     The statements in Paragraph 4.4 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.4.

4.5     The statements in Paragraph 4.5 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.5.

4.6     The statements in Paragraph 4.6 contain request for relief and NWTS is required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.6.

4.7     The statements in Paragraph 4.7 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.7.

4.8     The statements in Paragraph 4.8 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.8.

4.9     The statements in Paragraph 4.9 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.9.

4.10    The statements in Paragraph 4.10 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.10.

4.11    The statements in Paragraph 4.11 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.11.

4.12    The statements in Paragraph 4.12 contain request for relief and NWTS is not required to respond.  NWTS denies any implicit assertions contained in Paragraph 4.12.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## V. AFFIRMATIVE DEFENSES

Having answer Plaintiff's FAC, NWTS asserts the following affirmative defenses, the assertion of which in no way shift the burden of proof to NWTS:

1. <u>Failure to State a Claim</u>:  The assertions in the FAC fail to state claims upon which relief can be granted.

2. Failure of Damages: Plaintiff cannot allege any cognizable damages resulting from the acts alleged in the FAC.

3. Mitigation of Damages:  Plaintiff has failed to mitigate the alleged damages.

4. Waiver and Estoppel:  Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

5. Breach of Contract:  Plaintiff breached the Note and defaulted according to the Deed of Trust by failing to make payment described in the Note and Deed of Trust.

6. Nonperformance of Condition Precedent:  Plaintiff breached the Note and defaulted according to the Deed of Trust by failing to make payments described in the Note and Deed of Trust.

7. Laches: The claims asserted in the FAC are barred in whole or in part by the equitable doctrine of laches.

8. Contributory Fault/Unclean Hands:  The claims asserted in the FAC are barred in whole or in part based on Plaintiff's contributory fault and/or unclean hands.

9. Mootness. Plaintiff's claim is moot and therefore barred at this time.

10. Statutory Exemption. The plaintiff's claim falls within an exemption from statutory coverage.

11. Insufficient service. Plaintiff has failed to effect proper service of the FAC.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 38 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

12. NWTS also asserts the defenses of assumption of risk, mutual mistake, and reserves the right to amend this Answer by way of adding additional affirmative defenses, counter claims, or third party claims as additional facts are discovered, without waiving defenses of lack of subject matter jurisdiction or any other valid defense.

## VI. PRAYER FOR RELIEF

NWTS prays for judgment against Plaintiff as follows:

1.   That Plaintiff's FAC be dismissed with prejudice;

2.   That the Plaintiff recovers nothing on account of the claims made in the FAC.

3.   That the Defendant be awarded costs of suit herein; and

4.   For such other and further relief as the Court deems equitable and just.

DATED this 6th day of March, 2012.

ROUTH CRABTREE OLSEN, P.S.

By:   /s/ Heidi E. Buck
      Heidi E. Buck, WSBA No. 41769
      Attorneys for Northwest Trustee Services,
      Inc.

DEFENDANT NWTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT- 39 of 39
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131