**The Honorable Robert S Lasnik**

**JAMES MCDONALD**
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In Re: | NO.: **C10-1952RSL** |
| **JAMES MCDONALD** | |
|     Plaintiff | **Plaintiff's Response to Defendants Motion to Extend Dispositive Motion Deadline** |
|     v | |
| **ONEWEST BANK, FSB,** *et al.*, | |
|     Defendants. | Noting Date: March 16, 2012 |

COMES NOW, Plaintiff James McDonald in response to Defendants Motion to Extend Dispositive Motion Deadline.

**I.    Statement of Facts**

1.1  On **June 3, 2011** Plaintiff served upon the Defendants, through their counsel, the First Amended Complaint and Motion for Leave to File Amended Complaint.

1.2  On June 6, 2011 Defendants responded to the Motion for Leave to File Amended Complaint.

1.3  On December 9, 2011 the Court Amended the Trial Dates to include a deadline for Discovery of February 5, 2012; a deadline for dispositive motions on March 6, 2012 and a deadline of Motions in Limine on May 7, 2012.

1.4  On February 21, 2012 the Court allowed the First Amended Complaint.

1.5  On March 5, 2012 Plaintiff received an electronic mail from Defendants' counsel, Heidi Buck, requesting he stipulate to an extension of the dispositive motion deadline. (Exhibit 1)

1.6  On March 6, 2012 Plaintiff, after review, sent an electronic mail to Heidi Buck stating that he would agree to an extension if other dates were also extended. Heidi Buck declined the proposal. (Exhibit 1)

Response to Motion to Extend Disp. Deadline    -1-    James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

**II. Arguments**

2.1   In the Defendants' argument, their counsel utilizes *Zivkovic v. Southern California Edison Co.* 302 F.3d 1080, 1087 (9th Cir. 2002). This is a very appropriate case to utilize in this matter. The Appellant Judge utilizes *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 607 (9th Cir. 1992) in their review of the case. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Id. at 609. If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted."

2.1.1   In this case, it appears to Plaintiff the Defendants have not been diligent in their efforts. The First Amended Complaint was served upon them on June 3, 2011 (Docket #68). They provided a lengthy objection to the filing of the FAC on June 13, 2011 (Docket #75). Now, **nine months after receiving the FAC**, they are requesting more time to prepare a dispositive motion. Whether the Court granted the FAC two weeks before the cutoff is a moot point. They have had ample time to prepare and be diligent in their efforts on this case.

2.2   It appears to Plaintiff that extending the dispositive motion deadline to April 13, 2012 effects the rest of the trial dates. Filing a MSJ on April 13, 2012 puts the Noting Date after the Motions in Limine are due on May 7, 2012. This unfairly impacts Plaintiff's ability to file any potential Motion for Limine in response to evidence the Defendants may try to utilize in a reply to Plaintiff's response of the intended MSJ the Defendants wish to file. Heidi Bucks assertion to Plaintiff in her electronic communication (Exhibit 1) that there will be no impact on the trial dates is false as it does directly effect Plaintiff's rights to file a motion in limine. As a licensed attorney, Miss Buck should know better and as a result appears to have been attempting to take advantage of Plaintiff's inexperience as pro se in this case.

2.3   Plaintiff saw the conflict and recommended in his response to Miss Buck that all deadlines be extended, including discovery. Miss Buck declined Plaintiff's suggestion and instead chose to file this Motion without Plaintiff's support.

2.3.1   Plaintiff's discovery was solely focused on the Original Complaint as required by FCRP 26(b). The discovery deadline was February 5, 2012. The Court did not grant the FAC until February 21, 2012. Therefore neither party was able to conduct discovery on the new claims.

2.3.2   As discussed in §2.2 Plaintiff and Defendants would be unable to file a motion in limine on any evidence brought in during a MSJ filed on April 13, 2012 during the response and reply stages of the motion. While the Defendants may be willing to waive their right, Plaintiff is not.

2.4   Should an extension of the dispositive motion deadline be granted without adjusting the other trial dates, Plaintiff would be unfairly disadvantaged by a MSJ by being unable to cross examine any testimony or evidence the Defendants may choose to utilize and lack the ability to counter without sufficient time to conduct discovery on the new claims.

### III.    Conclusion

**WHEREFORE**, Plaintiff moves this Honorable Court to either deny the extension of dispositive motion deadline or to extend all trial related dates, including discovery, to allow an equally fair process.

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

### Certificate of Service

I hereby certify that on the 11 day of March, 2012 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald   -**
**James McDonald**
**Pro Se**

Response to Motion to Extend Disp. Deadline    -3-    James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614