The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JAMES MCDONALD,

        Plaintiff,

  v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No. C10-1952 RSL

**DEFENDANTS' REPLY TO
PLANTIFF'S RESPONSE TO
DEFENDANTS MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE**

## I.    INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and hereby reply to the Plaintiff's Response to Defendants' Motion to Extend Dispositive Motion Deadline.  Additionally, Defendants move to strike Paragraph 2.2 pursuant to F.R.C.P. 12(f) and LCR 7(g).

## II. REPLY

### A. Defendants were Diligent and Had Good Cause to Bring a Motion for Extension.

Defendants were diligent in all matters pertaining to this litigation and had good cause to bring a motion for an extension of time.  The standard for granting a continuance under F.R.C.P. 16 is "good cause".  *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Cir. 2002).  Further, the "good cause" standard primarily considers the diligence of the party seeking the adjustment.  *See Jonson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2002).  The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension.  *Id.*

### 1. Defendants Sought Motion for "Good Cause".

Defendants sought an extension of time for the Dispositive Motion Deadline for "good cause".  The Plaintiffs First Amended Complaint ("FAC") alleges new causes of action and became effective on February 21, 2010. Dkt. 100.  The FAC spans 48 pages and alleges nine causes of action; each cause of action is separately stated three times for each of the three separate defendants. Under the current case schedule, the dispositive motion cut-off date is scheduled for March 6, 2012. Dkt. 92.  As stated in Defendants' Motion for Extension of time. Defendants must answer the 48 page FAC and move for summary judgment within a two week time frame.  Due to the length and multiple causes of actions alleged in the FAC, Defendants respectfully requested the Court to extend the deadline to file dispositive motions because Defendants wish to competently bring a motion for summary judgment based on each cause of action alleged in the FAC.[1]

### 2. Defendants were Diligent.

Defendants are diligent in preparing the proper responsive pleadings and dispositive motions regarding this matter.  The FAC was not effective until February 21, 2012.  Until this date, Plaintiff's Original Complaint was effective *even though* the FAC was served in June 2011. Defendants filed a Motion for Summary Judgment on March 30, 2011, based on the allegations contained in the Original Complaint. *See* Dkt. 49.[2]  With a Motion for Summary Judgment pending, it would not have been in the Defendants' best interest for counsel to prepare an additional motion for summary judgment for a complaint that was not in effect.

---

[1] Defendants sought Plaintiff's agreement to stipulate to extending the dispositive motion cut-off date and Plaintiff does not wish to stipulate.
[2] Defendants have formally withdrawn their motion for summary judgment based on Plaintiff's Original Complaint.

REPLY TO PLANTIFFS RESPONSE TO
DEFENDANTS MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE- 2 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**3. The Proposed Extension has No Effect on Trial Calendar.**

The trial dates will not be impacted if the deadline to file dispositive motions is extended until April 13, 2012. The next upcoming deadline is the deadline to file motions in limine, which is currently set for May 7, 2012. If the extension were granted, the current deadline to file a motion in limine provides approximately a month to file a motion in limine based on the dispositive motion. Simply, the extension in time merely allows Defendants' counsel additional time to adequately draft a new motion for summary judgment that addresses each cause of action alleged in the lengthy FAC.

**B. The Court should Strike Paragraph 2.2 of Plaintiff's Response to Defendants Motion to Extend the Dispositive Motion Deadline.**

The court should strike Paragraph 2.2 of Plaintiff's Response to Defendants'' Motion to Extend the Dispositive Motion Deadline, pursuant to F.R.C.P. 12(f) and LCR 7(g), as it is immaterial and scandalous. Under F.R.C.P. 12(f), the court may strike from any pleading upon motion made by a litigant, any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. An immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *See California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1032-33 (C.D.Cal.2002). A scandalous matter includes allegations that cast a cruelly derogatory light on a party or other person. *See In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp.2d 955 (C.D. Cal 2000); *see also Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J.1984) *rev'd on other grounds.*

**1. Paragraph 2.2 contains immaterial allegations.**

The allegations in Paragraph 2.2 are immaterial because extending the deadline to file dispositive motions until April 13, 2012 does not have an impact on the rest of the trial dates. The deadline to file any motions in limine is May 7, 2012. This provides approximately a month to file any motions in limine, which cannot be noted on the motion calendar earlier than May 18, 2012. An extension of time to file dispositive motions does not unfairly impact either party in

REPLY TO PLANTIFFS RESPONSE TO
DEFENDANTS MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE- 3 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   filing a motion in limine.   Therefore, Paragraph 2.2 contains immaterial allegations and

2   Defendants respectfully request the court to strike this paragraph.

3       **2. Paragraph 2.2 contains scandalous allegations.**

4       The allegations in Paragraph 2.2 are scandalous because Plaintiff alleges Defendants

5   counsel attempted to "take advantage of Plaintiff's inexperience as pro se".   *See* Plaintiff's

6   Response to Extend Time for Dispositive Motion Deadline ¶ 2.2.  This allegation is meant to cast

7   a cruelly derogatory light on Defendants counsel; thus, Paragraph 2.2 should be stricken.

8                   **III.     CONCLUSION**

9       Based on the foregoing, Defendants respectfully request that this Court consider this

10  reply in support of the pending motion for Extension of Time for Dispositive Motion Cut-Off

11  Date.
        DATED this ___ day of March, 2012.

12

13                              **ROUTH CRABTREE OLSEN, P.S.**

14

15

16                          By:  /s/  Heidi E. Buck
                                Heidi E. Buck, WSBA No. 41769
17                              Attorneys for Defendants OneWest, MERS,
                                and Northwest Trustee Services, Inc.

18

19

20

21

22

23

24

25

26

REPLY TO PLANTIFFS RESPONSE TO
DEFENDANTS MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE- 4 of 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131