The Honorable Judge Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JAMES MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**NOTING DATE: MARCH 23, 2012** |

## I. INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and hereby reply to the Plaintiff's Motion for Reconsideration Order Denying FCRA Claim in Amended Complaint. Dkt. 105.

## II. RESPONSE

### A. Plaintiff still fails to allege a claim under the FCRA.

The court denied Plaintiff's motion to amend his complaint to include a claim against Defendant OneWest under the Fair Credit Reporting Act ("FCRA"). Dkt. 100. The Court determined that Plaintiff had not alleged he disputed the foreclosure with a credit reporting



ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

agency and/or that the credit reporting agency provided notice of the dispute to OneWest. Dkt. 100.

Plaintiff then filed a motion for reconsideration alleging he notified the three credit reporting agencies. Dkt 105. However, Plaintiff's allegations still fall short.

The applicable section of the FCRA, section 1681s–2(b), imposes duties on furnishers of information, which are triggered "upon notice of dispute"—that is, when a person who furnished information to a credit reporting agency ("CRA") receives notice from the CRA that the consumer disputes the information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154, 09 Cal. Daily Op. Serv. 12858, 2009 Daily Journal D.A.R. 15027, 2009 WL 3365928 (9th Cir. 2009). The text of the FCRA states only that the creditor shall conduct "an investigation with respect to the disputed information." *See* § 1681s–2(b)(1)(A); *see also Gorman*, 584 F.3d at 1155.

Plaintiff's First Amended Complaint claims that after receiving multiple notices of the dispute from Plaintiff, OneWest failed to correct its information or mark the account in dispute. Dkt. 68. Plaintiff's motion for reconsideration alleges he notified all three credit reporting agencies. Dkt. 105.

First, the duty imposed on OneWest under § 1681s–2(b) would be to conduct an investigation. Yet, Plaintiff has not alleged any facts in regard to an investigation by OneWest. Second, Plaintiff still fails to allege OneWest was notified by any CRA of the dispute. The unauthenticated exhibits attached to Plaintiff's motion for reconsideration cannot be construed to demonstrate plausibility that OneWest was provided notice of Plaintiff's dispute as neither exhibits indicates OneWest received any notification. Thus, despite the supplemental allegations put forth in Plaintiff's motion for reconsideration, Plaintiff still fails to state a claim under the FCRA. Accordingly, the motion should be denied.

//

///



ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's motion for reconsideration.

DATED this 19th day of March, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Attorneys for Defendants OneWest, MERS, and Northwest Trustee Services, Inc.



ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131