The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JAMES MCDONALD,

        Plaintiff,

  v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No. C10-1952 RSL

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

**NOTING DATE: APRIL 13, 2012**

**ORAL ARGUMENT REQUESTED**

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants") and hereby reply to the Plaintiff's Response [Dkt. 131] to Defendants' Motion for Summary Judgment [Dkt. 121].

The following Reply responds to Plaintiff's responsive arguments not already addressed in Defendants' initial motion for summary judgment.

## I.     REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS

Plaintiff makes several claims that a series of documents are unauthenticated. The rules of authentication and identification are governed by Article IX of the Federal Rules of Evidence.

Federal Rule of Evidence 901 provides that evidence must be authenticated as a condition precedent to admissibility. F.R.E. 901(a). Generally, under F.R.E. 901(b), evidence can be

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

authenticated in one of the ten ways, including by way of testimony of a witness with knowledge. However, where a document is self authenticating under F.R.E. 902, the authentication requirements of 901 need not be met.

**1.      Plaintiff's objections to the Declaration of Charles Boyle are unsuccessful.**

First, Plaintiff is mistaken when he alleges that the Declaration of Charles Boyle is not authenticated. *See* Dkt. 131, Sec. IV.1. An affidavit or declaration itself is self-authenticating. *See* F.R.E. 903 ("The testimony of a subscribing witness is not necessary to authenticate a writing unless required by the laws of the jurisdiction whose laws govern the validity of the writing."). Washington does not have a law that requires authentication of an affidavit or declaration outside of the affiant or declarant's signature.

Further, a witness is qualified to make the declaration necessary for self-authentication of business record if he understands the system used to record and maintain information, and has knowledge of the procedure governing the creation and maintenance of the type of record to be admitted. *See* F.R.E. 803(6); *see also Fed. Deposit Ins. Corp. v. Staudinger*, 797 F.2d 908 (1986).

Here, Charles Boyle is a witness qualified to make this declaration. Mr. Boyle is employed by OneWest and OneWest is the holder of the note in its capacity as the servicer of the loan owned by Freddie Mac. Therefore, the declaration is proper and is signed by a qualified employee of OneWest.[1]

Second, Plaintiff claims there is no evidence to "that specifically identifies Plaintiff's note." *See* Dkt. 131, Sec. IV.1.B. Under F.R.E. 902(9), commercial paper, signatures thereon, and documents relating thereto, to the extent provided by general commercial law, are self authenticating. A promissory note secured by a deed of trust is a negotiable instrument, is governed by the Uniform Commercial Code ("U.C.C.") Article 3, and is therefore a document

---

[1] In Plaintiffs "evidentiary objection", he argues the *Arizmendi* holding should make this declaration unauthenticated. Plaintiff has offered no basis in law to support this argument. The declaration used in *Arizmendi* has no bearing on this matter. Here, the Declaration of Charles Boyle is proper and was signed under penalty of perjury.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 2 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

relating to commercial paper by way of general commercial law. *See In re Cook*, 457 F.3d 561, 566, 60 UCC Rep. Serv. 2d 923, 2006 Fed. App. 0284P, Bankr. L. Rep. P 80670, 2006 WL 2266257 (6th Cir. 2006); *see also In re United Home Loans, Inc.*, 71 B.R. 885, 888 (W.D. Wash. 1987); *see also* U.C.C. § 3-104 and F.R.E. 902(9). Therefore, the Note is admissible as a self authenticating document.

Third, Plaintiff asserts "Mr. Boyle's assertion [that OneWest is the holder] is not backed up by any authenticated evidence that specifically identifies Plaintiff's Note. *See* Dkt. 131, Sec. IV.1.D. OneWest discusses its status as holder of the Note in Section Sec. (II)(3) herein. As stated *supra*, Defendants maintain the declaration of Charles Boyle is self-authenticated under F.R.E. 903 and is signed by Mr. Boyle under penalty of perjury. Further, the Defendants maintain that note is admissible as a self authenticating document under F.R.E. 902(9).

Fourth, Plaintiff alleges the letters referenced in the Declaration of Charles Boyle that were sent by OneWest to Plaintiff are hearsay. *See* Dkt. 131, Sec. IV.1.G. However, F.R.E. 803(6) provides an exception to the rule against hearsay for business records. The Ninth Circuit has long held that the foundational requirements for admissibility as a business record "are: [that the records be] (1) made or based on information transmitted by a person with knowledge at or near the time of the transaction; (2) made in the ordinary course of business; and (3) trustworthy, with neither the source of information nor method or circumstances of preparation indicating a lack of trustworthiness." *U.S. v. Catabran*, 836 F.2d 453, 457 (1998).

Here, Charles Boyle is a qualified witness to review these records. Mr. Boyle provided in his declaration that the OneWest's business records indicate these letters were sent to the Plaintiff. Also, he provided in his declaration that the business records he reviewed were made in the ordinary course of business. Further, while Plaintiff might find Mr. Boyle "untrustworthy", there is nothing in the record that indicates the **records** lack trustworthiness. These are letters on OneWest letterhead that were addressed to the Plaintiff with a notation in the

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 3 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

business records that these letters were sent. Thus, the records are admissible under the business records exception.

In sum, Defendants maintain the declaration of Charles Boyle is self-authenticated under F.R.E. 903 and is signed by Mr. Boyle under penalty of perjury. Further, the Defendants maintain that note is note is admissible as a self authenticating document under F.R.E. 902(9). As discussed herein in Sec. (II)(3), Pg. 11, Ln. 19-20, the note is bearer paper and possession **alone** entitles enforcement.

Further, Plaintiff has no basis to move this Court to hold a show cause hearing for reasons of authenticity. As discussed *supra*, the Declaration of Charles Boyle and the Note are both self authenticating pieces of evidence under Article IX of the Federal Rules of Evidence.

### 2.      Plaintiff's objection to Defendants' Exhibit 3, OTS Order, is unsuccessful.

Plaintiff claims Exhibit 3 to Defendants motion for summary judgment, the OTS Order, is not relevant. *See* Dkt. 131, Sec. IV.2. Exhibit 3 is relevant to show that OneWest has a right to enforce the Note. To be relevant, evidence must meet two conditions. First, the evidence must be probative of the proposition it is offered to prove. Second, the proposition to be proved must be of consequence to the determination of the action. F.R.E. 401; *United States v. Dean,* 980 F.2d 1286, 1288 (1992) (quoting *United States v. Click,* 807 F.2d 847, 850 (1985)). Thus, courts find that evidence is relevant only if it bears on the issues involved in the elements of the particular claim. *See Dean,* 980 F.2d at 1288. Irrelevant evidence is inadmissible under Fed. R. Evid. 402. *Click,* 807 F.2d at 850.

Here, Plaintiff claims that OneWest cannot enforce the Note. Thus, it is axiomatic that for OneWest to show it has the right to enforce the Note, OneWest must show the evidence that gives rise to its right to enforce the Note. Exhibit 3 assists in demonstrating OneWest's right to enforce the Note secured by the Deed of Trust.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 4 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

3.      **Plaintiff's objections to Defendants' Exhibit 4, Purchase and Assumption Agreement, are unsuccessful.**

Plaintiff claims Exhibit 4 to Defendants motion for summary judgment, the Purchase and Assumption Agreement, is not relevant. *See* Dkt. 131, Sec. IV.3. As discussed *supra*, this document is also relevant to show that OneWest has a right to enforce the Note.[2]  Exhibit 4 assists in demonstrating OneWest's right to enforce the Note secured by the Deed of Trust. Moreover, the Plaintiff has no basis to move this Court for a show cause hearing. The Defendants maintain this evidence is relevant to show that OneWest has a right to enforce the Note under Article IV of the Federal Rules of Evidence.

4.      **Plaintiff's objection to Defendants' Exhibit 5, Master Purchase Agreement, is unsuccessful.**

Plaintiff claims Defendants failed to authenticate Exhibit 5, the Master Purchase Agreement, which was attached to the Declaration of Charles Boyle. *See* Dkt. 131, Sec. IV.4. Defendants maintain the declaration of Charles Boyle is self-authenticated under F.R.E. 903. Exhibit 5 is authenticated through Charles Boyle's declaration.[3]

5.      **Plaintiff's objection to Defendants' Exhibit 6, Loan Sale Agreement, is unsuccessful.**

Plaintiff claims Exhibit 6, the Loan Sale Agreement, which was attached to the Declaration of Charles Boyle is not relevant. *See* Dkt. 131, Sec. IV.5. Defendants maintain the declaration of Charles Boyle is self-authenticating under F.R.E. 903. Exhibit 6 is authenticated through Charles Boyle's declaration.

As discussed *supra* in section (I)(2) and (I)(3), this document is also relevant to show that OneWest has a right to enforce the Note. Exhibit 6 provides the chain of rights enabling

---

[2] In Defendants' Motion of Summary Judgment, the Defendants provided a link to the website where the full Purchase and Assumption Agreement can be viewed.
[3] Defendants provided links to website where the addendums and exhibits to this agreement can be viewed.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

OneWest to enforce the Note secured by the Deed of Trust Note under Article IV of the Federal Rules of Evidence.

**6.    Plaintiff's objection to Defendants' 7, Servicing Business Asset Purchase Agreement, is unsuccessful.**

Plaintiff asks that the court strike Exhibit 7, the Servicing Business Asset Purchase Agreement, without providing a specific evidentiary objection. *See* Dkt. 131, Sec. IV.6. Defendants maintain the declaration of Charles Boyle is self-authenticated under F.R.E. 903 and that Exhibit 7 is authenticated through Charles Boyle's declaration.

Moreover, to the extent Plaintiff suggests that Defendants' did not produce the operating servicing agreement, Plaintiff is mistaken. Defendants supplemented Plaintiff's discovery request by providing a link to Freddie Mac's Single-Family Seller/Servicer Guide (the "Freddie Mac Servicer Guide"). The Freddie Mac Servicer Guide is the servicing agreement related to Plaintiff's loan. The significance of which is discussed herein. *See* Sec. (II)(3), Pg. 12, Ln. 1-7.

**7.    Plaintiff's objection to Defendants Exhibit 9, the November Letters, is unsuccessful.**

Plaintiff moves to strike the November Letters, Exhibit 9 to Defendants' motion for summary judgment. *See* Dkt. 131, Sec. IV.7. *See* (I)(1).  Further, Defendants maintain the declaration of Charles Boyle is self-authenticated under F.R.E. 903 and that Exhibit 9 is authenticated through Charles Boyle's declaration.

**8.    Plaintiff's objection to the Note fails.**

Plaintiff moves the court to strike the Note. *See* Dkt. 131, Sec. IV. 8. Defendants maintain that note is note is admissible as a self authenticating document under F.R.E. 902(9).

Further, Plaintiff has submitted he is not a forensic document expert; therefore, Plaintiff's testimony relating to the original Note is irrelevant.

//

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 6 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.   REPLY TO PLAINTIFF'S ARGUMENT

**1.    OneWest need not be a "holding company" to hold Plaintiff's Note.**

In Plaintiff's attack on the declaration of Charles Boyle, Plaintiff suggests that OneWest Bank must be a "holding company" in order to hold Plaintiff's Note or to be able to testify about holding Plaintiff's Note. *See* Dkt. 131, Sec. IV.1. However, Plaintiff provides no authority for such a proposition and no such authority exists.

As discussed in Defendants' MSJ, in its capacity as the loan servicer of Plaintiff's loan, OneWest is the note holder, and the loan is owned by Freddie Mac,. *See* Dkt. 121, Sec. V(B)(2)(c). There is no legal requirement under federal or state case or statutory law that the holder of a negotiable instrument be a "holding company." Accordingly, Plaintiff's suggestion that such a requirement exits must be rejected.

**2.    No tort of wrongful foreclosure or pre-sale cause of action for violation of the Deed of Trust Act ("DTA") that would entitle Plaintiff to damages exists under Washington law.**

Plaintiff asserts he has alleged two separate claims, one for the "tort of wrongful foreclosure" and the other for "violations of the Deed of Trust Act." Dkt. 131, Sec. V.1. Plaintiff claims that Defendants' attempt to fuse them into one is erroneous.[4] *Id.* Plaintiff also attempts to distinguish the case at bar from the line of Washington cases cited by Defendants in support of their position that regardless of what Plaintiff calls his claim, it simply is not recognized under Washington law. *Id.* As such, Plaintiff's arguments are not convincing.

First, Washington courts have made it entirely clear that no cause of action for damages prior to the trustee's sale under the DTA exists. *See* Dkt. 121, Sec.V(B)(1). Rather, borrowers are limited to the remedies provided for by the DTA. *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137,

---

[4] Plaintiff appears to concede that the DTA does not provide for damages. *See* Dkt. 131, Sec. V.1.1. Ln. 19. Rather, Plaintiff claims that the alleged violations give rise to damages under the Consumer Protection Act. *Id.* at Ln. 20-21. Defendants' motion for summary judgment fully briefed its position that Plaintiff is not entitled to any damages under the CPA. Accordingly, from Plaintiff's Response it appears that Plaintiff has abandoned his claim for damages pursuant to the DTA. *Id.*

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 7 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

157 P.3d 415, 418, 2007 WL 1149986 (2007). "The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130." *Id.* at 137 (citing *Kaseburg,* 126 Wn.App. at 558, 108 P.3d 1278). Whether Plaintiff classifies his claim for damages as one for the "tort of wrongful foreclosure" or "DTA violations," the DTA simply does not provide for the remedy he seeks.

Second, the cases cited by Defendants are entirely on point. In *Pfau, Krienke, Henderson,* and *Vawter* the court dismissed a "wrongful institution of foreclosure." As the court explained, "such a claim is not recognized in Washington. '[T]here is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings.'" *Pfau v. Washington Mutual, Inc.*, No. 08-142-JLQ, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009) (quoting *Krienke v. Chase Home Fin., LLC*, 140 Wn. App. 1032, 2007 WL 2713737, at *5 (unpublished opinion)).

The *Vawter* court followed and expanded on the reasoning of *Henderson, Pfau,* and *Krienke.* The court noted that "the Washington legislature, in enacting the [Deed of Trust Act], established a comprehensive scheme for the nonjudicial foreclosure process, including specific remedies for grantors and borrowers facing the potential loss of their homes. *Vawter v. Quality Loan Service Corp.*, 707 F. Supp. 2d 1115, 1122-24 (W.D. Wash. 2010). Interjecting a cause of action for damages for wrongful institution of nonjudicial foreclosure proceedings into the DTA's scheme would potentially upset the balance struck by the legislature." *Id.* at 1123. Furthermore, the court explained that recognizing a cause of action for damages for wrongful institution of foreclosure proceedings would potentially undermine the legislature's goal that the nonjudicial foreclosure process remains efficient and inexpensive. As the *Vawter* court noted, the approach advocated by the Plaintiff in this case would spawn litigation under the DTA for damages, thereby interfering with the efficient and inexpensive nature of the nonjudicial foreclosure process, while at the same time failing to address directly the propriety of

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

foreclosure or advancing the opportunity of interested parties to prevent wrongful foreclosure. Although the court recognizes that an action for damages might often have the incidental effect of stopping a trustee's sale, as in this case, it is not the statutory method established by the Washington legislature to restrain a sale. *Id.* at 1123-24. Finally, the Vawter court explained that, even if there were such a thing as a claim for wrongful attempted foreclosure, it could not "be maintained without a showing of prejudice." *Id.* at 1124.

Again, whether Plaintiff chooses to classify his claim as one for wrongful foreclosure, violations of the DTA, or wrongful initiation of foreclosure, the remedy he seeks, damages under the DTA prior to the trustee's sale actually occurring, are simply not available under Washington law.

Finally, to the extent Plaintiff wishes to classify his claim for damages as one for the "tort of wrongful foreclosure," such a claim is barred by the economic loss rule. The economic loss rule bars recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic in nature. *Vawter,* at 1128 (citing *Alejandre v. Bull,* 159 Wn.2d 674, 683, 153 P.3d 864 (2007). The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief. *Alejandre,* at 681. If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims. *See Snyder v. Lovercheck,* 992 P.2d 1079, 1088 (Wyo.1999) (" 'when parties' difficulties arise directly from a contractual relationship, the resulting litigation concerning those difficulties is one in contract no matter what words the plaintiff may wish to use in describing it' " (quoting *Beeson v. Erickson,* 22 Kan.App.2d 452, 461, 917 P.2d 901 (1996))). "Washington law consistently follows these principles." *Alejandre v. Bull,* 159 Wn. 2d 674, 683, 153 P.3d 864, 868, 2007 WL 616064 (2007).[5]

---

[5] *See also Stuart,* 109 Wn.2d at 420–22, 745 P.2d 1284; *Atherton Condo. Apartment–Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.,* 115 Wn.2d 506, 799 P.2d 250 (1990); *Touchet Valley Grain Growers, Inc. v. Opp & SeiboldnGen. Constr., Inc.,* 119 Wn.2d 334, 350–51, 831 P.2d 724 (1992); *Berschauer/Phillips,* 124 Wn.2d at 825–26, 881 P.2d 986; *Staton Hills Winery Co. v. Collons,* 96 Wn. App. 590, 595–96, 980 P.2d 784 (1999); *Carlson v. Sharp,* 99 Wn. App. 324, 994 P.2d 851 (1999); *Griffith v. Centex Real Estate Corp.,* 93 Wn. App. 202, 211–13, 969 P.2d 486 (1998).

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

In determining whether the economic loss rule applies, "[t]he key inquiry is the nature of the loss and the manner in which it occurs, i.e., are the losses economic losses, with economic losses distinguished from personal injury or injury to other property." *Id.* at 684. Where the claimed loss is an economic one, and no exception to the economic loss rule applies, the parties will be limited to contractual remedies. *Id.*

Here, the relationship between Plaintiff, OneWest, MERS, and NWTS is contractual in nature and arises from the Note and Deed of Trust. Moreover, the damages claimed by Plaintiff are economic in nature rather than personal injury losses or injury to other property. Accordingly, the economic loss rule bars Plaintiff from recovering damages in tort for his alleged "tort of wrongful foreclosure" claim.

### 3. Plaintiff's assertion that OneWest is not the note holder still fails.

First, according to Plaintiff, IndyMac Bank, FSB sold his Note to Freddie Mac prior to the assumption of IndyMac Bank, FSB by the FDIC. According to Plaintiff, Freddie Mac then sold Plaintiff's loan as part of a mortgage-backed trust. Under Plaintiff's logic, upon securitization of the loan, Freddie Mac no longer maintained any interest in the Note and the certificate holders of the mortgage-backed trust became the holders and therefore beneficiary. *See* Dkt. 131, Secs. V.2-V.3.2

Plaintiff's analysis, however, is flawed, and is not in accordance with applicable law. "The argument that parties lose their interest in a loan when it is assigned to a securitization trust or REMIC has been rejected by numerous courts." *White v. IndyMac Bank, FSB*, CV 09-00571 DAE-KSC, 2012 WL 966638 (D. Haw. Mar. 20, 2012); *see also Hafiz v. Greenpoint Mortgage Funding, Inc.,* 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"); *Reyes v. GMAC Mortgage LLC,* No. 11–0100, 2011 WL 1322775, at *2–3 (D.Nev. Apr.5, 2011) ("securitization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations' under the note and does not

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

change the relationship of the parties in any way") (citing *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 2:10–cv–375, 2010 WL 4788209, at *4 (D.Utah Nov.16, 2010) (emphasis added) (quoting *Larota–Florez v. Goldman Sachs Mortgage Co.*, 719 F.Supp.2d 636, 642 (E.D.Va.2010)); *see also Rodenhurst v. Bank of Am.*, 773 F.Supp.2d 886, 898 (D.Haw.2011) (rejecting the claim that securitization of a loan somehow renders the note and mortgage unenforceable); *Jones v. Countrywide Homeloan*, 2011 U.S. Dist. LEXIS 64647, at *14, 2011 WL 2462845 (E.D. Cal. June 17, 2011) (stating that securitization gives "investors an interest in the cash flow from the promissory notes that are the underlying assets" in the investment vehicle and that "[i]t does not follow that any of the other entitlements of the lender of the Deeds of Trust, including the power to declare default, are transferred or lost because of the transfer or sale of the cash flow due from the mortgage")[6].

Second, Plaintiff concedes that IndyMac Bank, FSB sold the Note to Freddie Mac prior to IndyMac Bank, FSB's failure. *See* Dkt. 131, Sec. V.2, Ln. 22-23; *See also* Dkt. 123, ¶ 4.

Under Washington law, the beneficiary may foreclose. RCW 61.24 *et seq.* Pursuant to the DTA, a beneficiary may be "the holder of the instrument or document evidencing the obligation secured by the deed of trust[.]" RCW 61.24.005(2). Thus, under Washington law, the note holder is a beneficiary entitled to foreclose.

Pursuant to the Uniform Commercial code, a holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 62A.3-309 or 62A.3-418 are persons entitled to enforce. RCW 62A.3-301. Holder status is conferred through endorsement and delivery. RCW 62A.3-201 and RCW 62A.3-204. Moreover, an instrument endorsed in blank is bearer paper such that possession alone entitles enforcement. RCW 62A.3-205.

The holder-in-due-course doctrine, however, is distinct from that of holder status. A showing that an entity is the holder-in-due-course merely insulates that party from certain

---

[6] *See also* Dkt. 121, Sec. V(B)(2)(e)

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 11 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

defenses to enforcement. *In re Nusor*, 123 B.R. 55, 60, 13 UCC Rep. Serv. 2d 773, 1991 WL 5110 (B.A.P. 9th Cir. 1991). However, a showing of holder-in-due-course status is not a prerequisite to enforcement.

After the sale of the Note to Freddie Mac, IndyMac retained the servicing rights of Plaintiff's loan. *Id.* As was discussed at length in Defendants' Motion for Summary Judgment, the Freddie Mac Servicer Guide requires that (1) the promissory note be endorsed in blank, (2) be held by a custodian for the benefit of Freddie Mac and its servicer, and (3) where a default occurs, requires that any foreclosure be initiated by and in the name of the servicer (here, OneWest). *See* Dkt. 121, Sec. V(B)(2)(c).

The aforementioned rights as beneficiary were the rights IndyMac Bank, FSB maintained even after it sold the Note to Freddie Mac because it retained the servicing rights and remained the beneficiary as that term is defined in Washington.

Thus, when IndyMac Bank, FSB failed and the FDIC was appointed its receiver, the FDIC enjoyed the same rights as IndyMac Bank, FSB under Plaintiff's Note.

Thereafter, when the OTS chartered the new institution, IndyMac Federal, FSB (and appointed the FDIC its Conservator and later Receiver) into which certain assets and liabilities of IndyMac Bank, FSB were transferred, the rights previously held by IndyMac Bank, FSB in relation to Plaintiff's loan were transferred to IndyMac Federal, FSB. Then, on March 19, 2009, the FDIC was appointed as Receiver for IndyMac Federal, FSB and sold most of the assets, including the servicing rights under Plaintiff's loan, to OneWest Bank, FSB. Thus, the servicing rights, which pursuant to the Freddie Mac Servicer Guide, would include beneficiary status under Washington law, were properly transferred to OneWest such that OneWest is the proper party to enforce Plaintiff's Note through foreclosure as Freddie Mac's servicer and has been since March 19, 2009.

OneWest has further substantiated its position that it is the holder by producing the original Note. Even the *Arizmendi* case Plaintiff cites in his response agrees with Defendants'

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

position. "OneWest has standing because it became a holder of the Endorsed Note, a negotiable instrument that IndyMac Bank, FSB endorsed in blank making it payable to the bearer. See UCC § 1201(b)(21)(A) and 3201(a). As a holder, OneWest would possess rights of collection therein notwithstanding any contractual obligation to turn those collections over to Freddie Mac. See UCC § 3301(a)." *In re Arizmendi*, BR 09-19263-PB13, 2011 WL 2182364 (Bankr. S.D. Cal. May 26, 2011).[7]

> **4.     Plaintiff's claim that the Note is not a negotiable instrument cannot be raised in response to Defendants' Motion for Summary Judgment.**

As a threshold matter, a "new claim cannot be raised for the first time in response to a summary judgment motion." *Daigre v. Edmonds Comty. Coll.*, 2008 WL 4614286, *4 (W.D. Wash. 2008) (Martinez, J.); *see also Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (Posner, J.). Here, Plaintiff attempts to raise a new claim[8]—that the Note is not a negotiable instrument. At this juncture, Plaintiff is not entitled to raise this new claim.

Nonetheless, even if he could, the claim fails as a matter of law. Plaintiff argues that the Note, which he signed and agreed to all terms thereof, is not a negotiable instrument, and apparently cannot be enforced *at all*. Dkt. 131, § V.3.3. The effect of Plaintiff's argument would be for him to receive a free house – clear of debt and clear of the Deed of Trust securing it. Plaintiff bases such argument on the assertion that the Note contains an "express condition to

---

[7] The outcome of the *Arizmendi* case was merely a denial of OneWest's motion for relief from stay without prejudice. *See In re Arizmendi*, at *13. The court advised that OneWest could refile its motion but must provide declaratory evidence that explains how and when it obtained physical possession of the note. *Id.* Here, the evidence in support of OneWest's motion for summary judgment meets the requirements set forth by the *Arizmendi* court. Additionally, unlike in *Arizmendi*, Plaintiff has failed to show any circumstance in which OneWest (or any other Defendant for that matter) has "provided less than complete information" to the Court. To the extent that Plaintiff disagrees with Defendants' legal theories and legal analysis based on the facts, which have consistently been set forth and supported by declaratory evidence, that does not qualify as anything less than full candor to the court on Defendants' part. Moreover, it appears *Arizmendi*, *Doble*, *Carter*, and *Telebrico* are all unpublished opinions. (Only *Arizmendi* and *Doble* were available on Westlaw. *See In re Doble*, BK 10-11296-MM13, 2011 WL 1465559 (Bankr. S.D. Cal. Apr. 14, 2011).

[8] Plaintiff also attempted to put forth this claim in his Reply to Plaintiff's Motion for Partial Summary Judgment. *See* Dkt. 128, Sec. 1.D.4.a (pg. 12). Under the same legal rule cited herein, Plaintiff is not entitled to put forth a new claim in his reply to his Partial Motion for Summary Judgment. *Daigre*, at *4.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 13 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

pay" because the Note and Deed of Trust obligate the borrower to tell the note holder in writing when making a prepayment. *Id.*

Plaintiff correctly cites to UCC § 3-104(a) as the statutory authority defining a promissory note and UCC § 3-106 as the statutory authority defining "unconditional". However, Plaintiff appears to overlook subsection UCC § 3-104(a)(3), which permits the instrument to "contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral..." Plaintiffs' argument is that the Note contains an "express condition to pay" because the Note obligates the borrower to inform the note holder in writing when making a prepayment. *See* Dkt. 131, Sec.V.3.3.A-C.

Other courts have rejected the exact same argument put forth by Plaintiff. *In re Edwards*, 11-23195, 2011 WL 6754073, *5 (Bankr. E.D. Wis. Dec. 23, 2011); *see also In re Kain*, ADV 10-80047-HB, 2012 WL 1098465 (Bankr. D.S.C. Mar. 30, 2012) ("The Court is not persuaded by Plaintiffs' legal challenges to the negotiability of the Note."). In *Edwards*, in response to the exact same argument Plaintiff has put forth, the court concluded,

> "In reviewing the promissory note executed by the debtor, there is no question that elements of negotiability set forth in Wis. Stats. § 403.104[9] have been satisfied. The Note contains the debtor's written promise to pay a fixed amount of money; it is payable at a definite time, that is on a monthly schedule; and the Note does not state any other undertaking. The ability of the debtor to avail himself of additional favorable payment options or receive compensation in the event of accounting errors does not destroy the negotiability of the instrument. *Cf. In re V.O.C. Analytical Labs., Inc.*, 263 B.R. 156 (S.D.Fla.2001) (promissory note whose payment was contingent on several future conditions, including covenants not to compete and indemnity obligations and potential credits based on several enumerated contingencies related to underlying contract between parties, was not "unconditional promise to pay," and did not qualify as "negotiable instrument"). Likewise, providing information regarding a prepayment to the lender is not an express condition to payment or subject to "another writing" within the meaning of the statute, Wis. Stats. § 403.106(1)(a). Therefore, the Note is a negotiable instrument."

*In re Edwards*, at *5. Thus, under the same analysis set forth by the *Edwards* court, Plaintiff's challenge to the negotiability of the Note here based on the prepayment clause fails.

---

[9] Wis. Stats. § 4.03.104 is substantively identical to the Washington's statutory definition of Negotiable Instrument as codified in RCW 62A.3-104.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 14 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### 5.     The *Bain* case is good law in regard to the principles cited by Defendants.

Plaintiff attempts to call into question Defendants' citation to *Bain v. Metropolitan Mortg. Group, Inc.* 2010 WL 891585. Defendants are aware of the certification order to Washington's state supreme court in the *Bain* matter. Here, Defendants cited to *Bain* for the holding that "there is nothing deceptive about the use of agents in the foreclosure process." A decision on the issues certified to the supreme court are not directly related to that holding. As such, *Bain* and the cases it cites are citable authority.

### 6.     NWTS owes no duty of impartiality.

Plaintiff states that NWTS mailed and posted the Notice of Default "acting as an agent of OneWest rather than an impartial third party trustee." Dkt. 131, Sec. II.8, Ln. 14-15.

Prior to the 2008 legislative session, RCW 61.24.010 did not impose any formal duty on a foreclosure trustee nor did it except the trustee from any duty. During the 2008 legislative session, the legislature amended the DTA to read, the "trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." RCW 61.24.010(3). This subsection became effective on June 12, 2008, and was intended to address ambiguities regarding the duties of trustee after the Washington Supreme Court imposed dual (and in many ways competing) obligations in *Cox*.[10] In 2008, the legislature also enacted RCW 61.24.010(4), which provides: "The trustee or successor trustee shall act impartially between the borrower, grantor, and beneficiary." *Id.*

During the 2009 legislative session, the legislature removed the "duty of impartiality" and replaced it with the "duty of good faith to the borrower, beneficiary, and grantor." *See* 2009 Reg. Sess. S.B. No. 5810 (July 26, 2009). The Notice of Default here is dated January 12, 2010. Thus, at the time of the Notice of Default, NWTS owed no duty of impartiality. NWTS has addressed Plaintiff's allegations that it violated its duty of good faith and rest on its previous

---

[10] *See Cox v. Helenius*, 103 Wn.2d 383, 389, 693 P.2d 683, 686 (1985); *see also Thepvongsa v. Reg'l Tr. Services Corp.*, C10-1045 RSL, 2011 WL 307364 (W.D. Wash. Jan. 26, 2011) (citing Wn. Senate Bill Report, 2008 Reg. Sess. S.B. 5378 (Feb. 9, 2008)); Wn. House Rep. Bill Report, 2008 Reg. Sess. S.B. No. 5378 (March 6, 2008).

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 15 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

arguments.

### 7.    Plaintiff is not entitled to a permanent injunction.

Again, Plaintiff appears to concede that his claim for damages under the DTA fails as a matter of law. Plaintiff, however, asserts "declaratory judgment and a permanent injunction are applicable." Dkt. 131, Sec. V.1.1., Ln. 22-23. Moreover, Plaintiff asserts he is entitled to a permanent injunction. Dkt. 131, Sec. V.10., Ln. 23-24.

Plaintiff, however, now attempts to amend his request for injunction move for a permanent injunction pursuant to RCW 9A.82[11] rather than RCW 61.24 *et seq.*

As previously discussed, Plaintiff is not entitled to assert a new claim or theory of relief in response to Defendants' motion for summary judgment. *Daigre v. Edmonds Comty. Coll.*, 2008 WL 4614286, *4. Moreover, Plaintiff has no standing to bring a claim under Washington's criminal code in a civil matter.

Moreover, Plaintiff's request for a permanent injunction is curious when he concedes he was unable to meet the conditions of the preliminary injunction.[12] Dkt. 131, Sec. V.10.3, Ln. 1-3. Even if the court were to grant Plaintiff a permanent injunction, RCW 61.24 mandates that the court require monthly payments as a condition to the injunction. "The court **shall** require as a condition of granting..[an] injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed. RCW 61.24.130(1). (emphasis added). Thus, given Plaintiff's history of failing to comply with the payment requirement under the preliminary injunction and Plaintiff's concession that he cannot pay the price of injunction, a permanent injunction should not be granted.

//

///

---

[11] It appears Plaintiff also intends to assert a claim for criminal profiteering under RCW 9A.82. Again, Plaintiff is not entitled to assert this claim in response to Defendants motion for summary judgment. *Daigre v. Edmonds Comty. Coll.*, 2008 WL 4614286, *4.
[12] This was also confirmed by counsel for Defendants on or about April 12, 2012. *See* Declaration of Heidi E. Buck.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 16 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**8.      Plaintiff still fails to demonstrate prejudice.**

Plaintiff asserts that Defendants' comparison to *Koegel v. Prudential Mut. Savings Bank* is "frivolous and insulting" because the error in *Koegel* was merely an incorrect legal description. Dkt. 131, Sec. V.3.4. Ln. 2-3. However, Plaintiff's recitation of the facts in *Koegel* is incomplete. In *Koegel*, the procedural irregularities challenged included an allegation that the notice of sale was sent less than 30 days after the notice of default. The *Koegel* court noted:

> *Queen City* did not foreclose a requirement that prejudice be established in order to void a sale where, as here, the trustee's error was a technical, formal error, non-prejudicial, and correctable. *See,* G. Osborne, G. Nelson, & D. Whitman, *Real Estate Finance Law* § 7.20, at 478 (1979) (inconsequential defects in notice of sale do not invalidate sale).

*Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 113, 752 P.2d 385, 388, 1988 WL 31059 (1988).

The case at bar is quite akin to *Koegel*. Here, the evidence demonstrates it was not an error to identify OneWest as beneficiary in the Notice of Default, Notice of Sale, and Amended Notice of Sale. To the extent, however that the Notice of Default also identified OneWest as the owner, such an error is inconsequential and non-prejudicial when ownership is irrelevant to enforcement under both statutory and case law. *See* RCW 62A.3-301, *see also Veal v. American Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir.BAP2011), *and see In re Reinke*, BR 09-19609, 2011 WL 5079561 (Bankr. W.D. Wash. Oct. 26, 2011).

As OneWest has proven it was the holder (and beneficiary) since March 2009 as well as Plaintiff's default and that, to date, no sale has occurred, Plaintiff has suffered no injury. In other words, given that the intended effect of the documents challenged by Plaintiff is to facilitate and carry out a foreclosure on behalf of OneWest in conjunction with the fact that OneWest has proven its right to foreclose as the note holder as well as the fact that no foreclosure has yet to occur, Plaintiff has failed to show any prejudice as a result of any error in the documentation.

Moreover, in *Vawter*, the court discussed that the plaintiffs raised the issue of whether the foreclosing beneficiary had "prematurely" appointed the successor trustee and that "there was

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 17 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

little doubt" that it had. *Vawter*, *1127. This is also one of Plaintiff's central allegations. The *Vawter* court, however, determined that such an error had not caused Plaintiffs prejudice. *Id.*

Finally, the Ninth Circuit has classified errors similar to those alleged by Plaintiff as non-prejudicial technical errors. *See Giannotta Properties, Inc. v. Barbaccia*, 146 F. App'x 97, 99, 2005 WL 1899331 (9th Cir. 2005) (as long as the borrower receives notice of the foreclosure, slight procedural or technical irregularities does not prejudice the borrower.).

**9.      Reply to Plaintiff's arguments regarding the Beneficiary Declaration.**

Plaintiff now attempts to call into question the loss mitigation beneficiary declaration signed by Erica Johnson-Seck on January 7, 2010, in which she declared the beneficiary or its agent contacted the borrower pursuant to RCW 61.24 *et seq.* to assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure. *See* FAC, Exhibit 4, Pgs. 4-5. As discussed at length, OneWest was the beneficiary. And, by Plaintiff's own admission (in that he attached the document to his FAC, he received the declaration).

**10.      Defendants rest on the arguments made in their original motion for summary judgment in response to Plaintiff's remaining arguments.**

Defendants rest on the arguments set forth in their motion for summary judgment in regard to (1) Plaintiff's assertions that NWTS violated its duty of good faith, (2) that alleged technical violations in regard to the Notice of Default, Assignment, Appointment, Notice of Sale, and Amended Notice of Sale are non-prejudicial, (3) that the alleged violations contained in the Notice of Sale and Amended Notice of Sale are moot, that (4) that Plaintiff's claims under RESPA, the FDCPA, and the CPA fail as a matter of law, and (5), that Plaintiff's fraud, civil conspiracy, and slander of title claims fail as a matter of law.

//

//

///

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 18 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

III.   CONCLUSION

Defendants have produced uncontroverted evidence in support of summary judgment in their favor. While Plaintiff has attempted to overcome summary judgment by putting forth new, unpleaded claim and re-arguing his previous claims, which fail as a matter of law, nothing put forth by Plaintiff creates a genuine issue of material fact to defeat Defendants' entitlement to judgment as a matter of law. Accordingly, Defendants respectfully request the court consider this reply in further support of their Motion for Summary Judgment.

DATED this 18th day of April, 2012.

ROUTH CRABTREE OLSEN, P.S.

By: _____
   Heidi Buck, WSBA No. 41769
   Attorneys for Defendants OneWest, MERS,
   and Northwest Trustee Services, Inc.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 19 OF 19
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131