The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re: ) NO.: **C10-1952RSL**
JAMES MCDONALD )  Notice of Surreply and Surreply to
      Plaintiff ) Defendants Reply to Plaintiff's Opposition
      v ) to Defendants Motion for Summary Judg.
ONEWEST BANK, FSB, *et al.,* )
      Defendants. )
-----------------------------------------------------------

Comes now Plaintiff, James McDonald and provides notice of and surreply to Defendants' Reply to Plaintiff's Opposition to their MSJ.

   1. Under FRE 806 Plaintiff attacked the credibility of the Defense's witness, Charles Boyle, and showed that his "personal knowledge" has been shown to be lacking in more than one occasion as stated *in Re Doble* as "neither candid nor credible". Therefore, more than his "word" should be necessary.

   2. UCC §9-318(a) states, "A debtor that has sold an account, chattel paper, payment intangible, or promissory note <u>does not retain a legal or equitable interest in the collateral</u> sold." A debtor is, "a seller of accounts, chattel paper, payment intangibles, or <u>promissory notes</u>" UCC §9-102(a)(28)(B).

   3. Per #2, when Indymac Bank, FSB sold the note they lost all "legal or equitable interest" in it. Thus there was no legal or equitable interest conveyed in Defendants' Exh. 3-7. Therefore they are irrelevant and confuse the matter before the Court per FRE 403.

   4. When Freddie Mac sold the Note, as the evidence before the Court shows they did they too lost all "legal or equitable interest".

 *In re Smoak*, 461 B.R. 510, 515 (Bankr. S.D. Ohio 2011) ("[A PSA] is an agreement creating a trust that defines the terms under which promissory notes and their related mortgages are placed into the trust, describes how the notes and mortgages and related loan documents were transferred by and between the parties to the trust, and sets forth various responsibilities of the parties to the trust. The promissory notes, mortgages or deeds of trust, and related loan documents are the trust res. **Through the securitization process, the beneficial or ownership interests in the trust are held by investors**.")

   5. The Permanent Editorial Board for the Uniform Commercial Code agrees:

Plaintiff's Surreply Defendants 2nd MSJ     -1-     James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

In a typical transaction, when a note is issued to a payee, the note is initially owned by that payee. If that payee seeks either to use the note as collateral or sell the note outright, Article 9 of the UCC governs that transaction and determines whether the creditor or buyer has obtained a property right in the note. As is generally known, Article 9 governs transactions in which property is used as collateral for an obligation.

Article 9 uses nomenclature conventions to apply one set of rules to both types of transactions. This is accomplished primarily by defining the term "security interest" to include not only an interest in property that secures an obligation but also the right of a buyer of a payment right in a transaction governed by Article 9. Similarly, definitional conventions <u>denominate the seller of such a payment right as the "debtor," the buyer as the "secured party," and the sold payment right as the "collateral." As a result, for purposes of Article 9, the buyer of a promissory note is a "secured party" that has acquired a "security interest" in the note from the "debtor," and the rules that apply to security interests that secure an obligation generally also apply to transactions in which a promissory note is sold.</u>[1]

6. The Defense's link mentioned in their reply does not contain access to the addendums that shows what assets were purchased, transferred, etc.

7. FRE 901 allows Plaintiff to give testimony about the alleged note as relevant testimony. The evidence before the Court supports Plaintiff's testimony.

8. Regardless of the Defense's opinions and legal theories, the DTA allows for legal action to halt unlawful activities against homeowners.

9. The Comptroller of the Currency ruled that Banks must adhere to state law in situations such as this.[2] Further, this Court has already commented on the application of the economic loss doctrine in Dkt. 100.

Defendants argue that the proposed CPA claim is preempted by the National Bank Act ("NBA"), 12 U.S.C. § 1, *et seq*., and foreclosed by the economic loss doctrine. Defendants have not, however, identified which, if any, of them are national banks for purposes of the NBA. Nor have defendants engaged in the multi-step analysis necessary to determine whether a particular claim under state law is preempted.

10. There is no contract between Plaintiff and NWTS or OneWest. As discussed in #2, OneWest has no "legal or equitable interest" in Plaintiff's Note and is therefore not a party to any contract with Plaintiff.

11. UCC §9-318(a) and *In Re Smoak* support Plaintiff's position that OneWest is not qualified to be the holder or beneficiary of the note. See also *US Bank v Ibanez*, 458 Mass. 637 (2011). Also seen *In Re Kemp* Case #08-18700-JHW (2010), "In turn the depositor (Freddie Mac in Plaintiff's case) immediately transferred "all right title and interest in the Initial Mortgage Loans," including the debtor's loan, to the Trustee, for the benefit of certificate holders". Therefore the argument that the sale of the loans to a security doesn't affect the note/deed of trust fails as a matter of law as it transfers all legal and equitable rights to them.

12. The Defense still ignores that the Legislature intended the owner of the Note be the beneficiary of the DOT in RCW 61.24.030(7)(a).

---

[1] http://www.ali.org/00021333/PEB%20Report%20-%20November%202011.pdf
[2] http://www.occ.treas.gov/topics/laws-regulations/wells-fargo-bank-one-mbs-trustee.pdf

13. Plaintiff's challenge to the alleged note is a challenge to the Defense's exhibit, which is allowed. Further the arguments about the note's negotiability go to support the defendants' Lack of Standing, which has been a claim against the Defendants from the start.

14. The real party of interest (certificate holders) would be able to enforce the Note if they have not been paid off so long as all applicable laws had been followed at that time. OneWest is not the real party of interest.

15. This case has never been about Plaintiff getting a "free house".

16. Plaintiff has shown that the Defendants have provided false information as discussed in detail in his MSJ, his Response to the Defendants MSJ and the FAC.

17. *In Re Edwards* utilized Wisconsin law and Wisconsin Supreme Court rulings from 1859 (well before the amendments to the law in 2001). Similarly, *In re Kain* uses South Carolina law and cites cases before the amendments to the UCC in 2001 as partially the basis for its conclusion. The first securitization was done by GNMA in 1970. However it was not until the housing crisis that details of how these securitizations had evolved began to come out. Even now, very few cases take into account the 2001 amendments. Article 9 states very clearly that once a company sells a note it loses it's legal and equitable interest in it.

18. Plaintiff moved the Court to allow for amendment to include 9A.82 and did not simply make a new claim as the Defense suggests.

19. The injunction referenced in RCW 61.24.130(1) is a temporary injunction as shown in Plaintiff's MSJ and his Response to Defendants MSJ. Plaintiff is seeking a permanent injunction against the Defendants and did not use RCW 61.24.130 as the basis for his request.

20. The Defense is incorrect in saying RCW 9A.82 does not allow for a private complaint. "We therefore interpret RCW 9A.82 as permitting private plaintiffs to obtain equitable relief, including injunctive relief." *Bowcutt v. Delta North Star Corp.,* 95 Wash.App 311 (1999).

21. *Giannotta v Barbaccia* was about a trustee not making a "public announcement" of a continuation of the sale. However the plaintiff received proper notification under California law. Again, a dissimilar case.

22. *Koegel's* defendants self corrected the notice prior to any sale or litigation.

23. The falsities in the "beneficiary declaration" have been a claim since the start.

Plaintiff humbly requests this Court to consider this Surreply in the matter related to Defendant's MSJ.

                **/s/ James McDonald -**
                **James McDonald**
                **Pro Se**

**Certificate of Service**

I hereby certify that on the 16 day of April, 2012 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

                **/s/ James McDonald   -**
                **James McDonald**
                **Pro Se**