1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
                                       AT SEATTLE
7

8    _____
                                               )
     JAMES MCDONALD,                           )        No. C10-1952RSL
9                                              )
                              Plaintiff,        )
10                 v.                           )        ORDER GRANTING IN PART
                                               )        MOTION TO COMPEL
11   ONEWEST BANK, FSB, *et al.*,              )
                                               )
12                            Defendants.       )
     _____)
13

14          This matter comes before the Court on "Plaintiff's Second Motion to Compel to

15   Produce."  Dkt. # 96.  Having reviewed the memoranda, declarations, and exhibit submitted by

16   the parties and the remainder of the record, the Court finds as follows:

17          Plaintiff seeks production of documents that are responsive to his first set of

18   discovery requests that were served on defendants in April 2011.  These requests have been the

19   subject of numerous discussions and two prior motions.  On June 13, 2011, the Court directed

20   defendants to respond to plaintiff's first requests for production within fourteen days.  Certain

21   documents, some heavily redacted, were produced at the end of June 2011, along with a

22   statement that other requested documents were not known to exist and/or that counsel's "contact

23   at OneWest" was still waiting to hear from "someone internally at OneWest."  Dkt. # 99, Ex. 1.

24          After plaintiff filed this second motion to compel, defendants supplemented their

25   production.  This second production included documents that had been produced in June 2011,

26
     ORDER GRANTING IN PART
     MOTION TO COMPEL

but with a materially different redaction pattern.  No privilege log or explanation for the redactions was provided.  Plaintiff addressed this belated production in reply.

**Requests for Production No. 1 and 5**

Defendants assert that, after a diligent search, they have found no documents that are responsive to these requests.  Plaintiff does not contest this assertion, but reserves the right to challenge its accuracy in the future.  No further production will be ordered at this time.

**Requests for Production No. 2, 3 10, and 15**

Defendants assert that there are no documents responsive to these requests and/or that they have produced all responsive documents.  Plaintiff points out, however, that one would reasonably expect OneWest, as the servicer of the Note and the successor of IndyMac Mortgage Services, to have possession, custody, or control of at least some of the documents requested if they existed in the first place.  As noted in an earlier order, plaintiff is entitled to seek documents showing the chain of possession of the Note and other indicia of ownership so that he may test the veracity of defendants' declarations.  Defendants are forewarned that, in the context of this litigation, a bare declaration asserting a fact that one would reasonably expect to be supported by documents may not be as persuasive as in other contexts.  No further production will be ordered at this time.

**Requests for Production No. 4 and 12**

Defendants assert that all documents responsive to these requests for production have been produced.  Plaintiff has been unable to identify which, if any, of the produced documents are copies of the servicing agreements between OneWest and the current or previous owners of the Note (Request for Production No. 4) or exhibits to agreements between the FDIC, IMB Holdco LLC, and OneWest (Request for Production No. 12).  Because the documents were not produced as kept in the ordinary course of business, defendants shall specifically identify which, if any, of the documents produced at the end of June 2011 and/or on February 17, 2012,

ORDER GRANTING IN PART
MOTION TO COMPEL                        -2-

are responsive to these requests.  Fed. R. Civ. P. 34(b)(2)(E)(i).

**Request for Production No. 6**

Plaintiff requested a copy of "all entries noted within the MERS MIN SUMMARY authenticated as unaltered by a direct MERS employee."  The entries were produced, but they were not authenticated as requested.  Rule 34 does not require the producing party to alter documents before producing them.  The Court will not impose such a requirement here.

**Requests for Production No. 7, 8, 9, and 11**

Responsive documents have been produced.

**Requests for Production No. 13 and 14**

Although defendants produced responsive documents after plaintiff filed this motion to compel, plaintiff argues that they have been improperly redacted.  It appears that the redactions to Form 1034 are intended to protect the identities and financial information of borrowers other than Mr. McDonald.  Defendants shall amend their supplemental discovery responses to justify their redactions.  The Form 1036 provided by defendants has not been redacted.

Plaintiff's request for monetary sanctions contains two components.  To the extent plaintiff is requesting an award of expenses under Fed. R. Civ. P. 37(a)(5)(A), it is true that defendants provided much of the requested discovery only after plaintiff was forced to file this second motion to compel.  Plaintiff, as a *pro se* litigant, is not entitled to recover attorney's fees, however, so his expenses may be limited.  If a statement of expenses is provided as set forth below, defendants must then have an opportunity to show that their belated production was substantially justified and/or that other circumstances make an award unjust.

To the extent plaintiff is seeking sanctions for false statements, the request is premature.  Whether defendants are hiding documents that would have been responsive to

ORDER GRANTING IN PART
MOTION TO COMPEL                    -3-

Requests for Production No. 2, 3, 10, or 15 or have misrepresented their role in plaintiff's loan cannot be determined on the existing record. Defendants shall be given an opportunity to identify the documents they say were produced in response to Requests for Production No. 4 and 12 before the Court determines whether their representations regarding those requests were accurate.

        For all of the foregoing reason, plaintiff's second motion to compel responses to his first set of requests for production is GRANTED in part. Defendants shall, within fourteen days of the date of this order, amend their supplemental responses to Requests for Production No. 4, 12, 13, and 14 as set forth above. Defendants shall also amend their discovery responses to justify the redactions to the MERS membership applications that have been produced.

        Plaintiff may, within twenty-one days of the date of this order, provide a statement of expenses incurred in making this second motion to compel and/or make additional arguments regarding defendants' compliance with the Court's discovery orders. Any such submission shall be noted on the Court's calendar for consideration on the second Friday after filing.

        Dated this 18th day of April, 2012.

                              Robert S. Lasnik
                              United States District Judge

ORDER GRANTING IN PART
MOTION TO COMPEL                    -4-