UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES MCDONALD,                    )       No. C10-1952RSL
                                   )
                   Plaintiff,      )
         v.                        )       ORDER DENYING PLAINTIFF'S
                                   )       MOTION FOR DISBURSEMENT
ONEWEST BANK, FSB, *et al.*,       )       OF REGISTRY FUNDS
                                   )
                   Defendants.     )
_____)

This matter comes before the Court on plaintiff's "Motion for Disbursement of Registry Funds." Dkt. # 144. On January 25, 2011, the Court enjoined defendants from foreclosing on plaintiff's property until his objections to the foreclosure procedure could be resolved. The Court found that plaintiff had raised serious questions going to the merits of his Deed of Trust Act ("DTA") claim, that the balance of hardships tipped decidedly in favor of issuing an injunction, and that the public did not have a strong interest in favor of or against either party given the disputed factual issues. The preliminary injunction was contingent on plaintiff making monthly payments into the registry of the Court in order to protect defendants' financial interests and ensure that plaintiff was not using the judicial process to avoid an existing legal obligation.

Plaintiff deposited $9,390.24 into the registry between January and May 2011. No additional payments were made. The Court provided plaintiff an opportunity to make the

ORDER DENYING PLAINTIFF'S MOTION
FOR DISBURSEMENT OF REGISTRY FUNDS

payments that were due and owing as of February 2012, but he failed to do so.  Because the registry account was delinquent, the preliminary injunction was dissolved on or about April 1, 2012.  Plaintiff now seeks to recover the $9,390.24 he deposited at the outset of this litigation, arguing that the lifting of the preliminary injunction obviates the need for security.

   Plaintiff misapprehends the purpose of the security requirement.  Plaintiff successfully stalled the non-judicial foreclosure of his house for over a year and, as far as the record reveals, continues to enjoy the benefits of home ownership.  Regardless of whether plaintiff is able to prove his allegations regarding DTA violations, plaintiff borrowed money to pay for his house and may ultimately be required to pay down the loan or vacate the premises.[1]  Unless and until plaintiff establishes than none of the named defendants has a colorable claim to his monthly loan payments, the $9,390.24 currently in the registry of the Court will be retained for disbursement to the lender.  Plaintiff is not entitled to a free home or the eradication of the underlying debt:  the few monthly payments in the registry will, if appropriate, be used to offset the losses the lender has incurred during the pendency of this litigation

   For all of the foregoing reasons, plaintiff's motion to disbursement of funds (Dkt. # 144) is DENIED.

   Dated this 8th day of June, 2012.

        */s/ Robert S. Lasnik*
        Robert S. Lasnik
        United States District Judge

---

[1] Even if defendants are unable to utilize the non-judicial foreclosure procedures set forth in the DTA, they will likely pursue a traditional judicial foreclosure.  If defendants can show by a preponderance of the evidence that one or more of them is entitled to the loan payments and that payments have not been made, foreclosure may be appropriate.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISBURSEMENT OF REGISTRY FUNDS -2-