The Honorable Robert S Lasnik

James McDonald
14840 119th PL NE
Kirkland, WA 98034

# UNITED STATES DISTRICT COURT,
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| James McDonald<br>**Plaintiff**<br><br>v.<br><br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>**Defendants.** | No. **C10-1952-RSL**<br><br>Plaintiffs Ex Parte Motion for Extension for Dispositive Motion Cut-off Date<br><br>Noting Date: August 2, 2012 |

## I. Relief Requested

COMES NOW, Plaintiff James McDonald and hereby moves the Court for an extension of time until September 21, 2012 for dispositive motion cut-off date on the basis that Plaintiff is still receiving discovery materials that were required to be delivered no later than July 23, 2012 but did not arrive on time. Plaintiff is working in good faith with the entities subpoenas were issued to as required, but separate Motions to Compel may be required to obtain the information should the good faith efforts prove futile.  This motion is made pursuant to Local Civil Rule 16(m)(2). A proposed order is attached to this motion.

## II. Statement of Facts

This matter is currently scheduled for trial on October 1, 2012. The discovery deadline and dispositive motion cut-off dates were both scheduled on July 27, 2012 (Dkt. 138). The pending discovery, which Plaintiff has been advised of via telephone call, provides strong evidence in favor of the Plaintiff in which he would use in response to Defendants current

dispositive motions and a dispositive motion of his own. These discovery items further support Plaintiff's previous response to the Defendants' Motion for Summary Judgment (Dkt. 121).

The counsel for the Defense, Miss Heidi Buck, is unavailable and cannot stipulate to a motion to extend (Dkt. 152). Miss Buck will not return until August 23, 2012.

### III. Argument

The standard for granting a continuance under FRCP 16 is "good cause," *see generally Zivkovik v. Southern Californian Edison Co*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Good cause exists in this case to extend the dispositive motion cut-off date. Through no fault of the Plaintiff, the entities that Plaintiff issued subpoenas to failed to provide the requested information on July 23, 2012 as required. Plaintiff has been acting in good faith with these entities to obtain the information without requesting the Court's assistance in compelling the production of the documents and increasing costs for all parties involved through a motion to compel (see Praecipes Dkt. 149-151). Plaintiff has achieved success in one of the cases and expects to receive the information within 10 days of this motion. In the other instances, it may be necessary for Plaintiff to file motions to compel. This information shows that the Defendants have provided false testimony and falsely advised Plaintiff that the items he had previously requested from them did not exist. Therefore Plaintiff should be allowed to utilize the information in response to the Defendants current dispositive motions and a dispositive motion of his own.

Further, Plaintiff has just received an answer to Interrogatories from the Defendant OneWest Bank which objected to answering some of the interrogatories and producing documents requested. However, Plaintiff cannot confer with the counsel of the Defense until she returns on August 23, 2012 (Dkt. 152) and therefore cannot work in good faith with the Defense and avoid a Motion to Compel on these items until that time. The counsel's absence

Motion for Extension of Dispositive
Motion Deadline

2

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

1  puts an unfair disadvantage on Plaintiff as he is unable to meet the requirements of working in

2  good faith prior to filing a Motion to Compel should those efforts be unsuccessful.

3  Thus under the current deadlines, Plaintiff was unable to submit a thoroughly prepared

4  dispositive motion, which based on the information he is receiving would have a very strong

5  impact on his case and be very appropriate for a dispositive motion.

6  Wherefore, in light of the good cause explained herein, the Court should grant Plaintiff's

7  motion and extend the dispositive motion cut-off date to September 21, 2012 and the Noting

8  dates for the current dispositive motions to the same date. Plaintiff understands that the trial

9  dates will need to be extended as well.

10  Dated this 2nd day of August, 2012

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

**Certificate of Service**

I hereby certify that on the 2 day of August, 2012 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:
Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

Motion for Extension of Dispositive
Motion Deadline

3

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

**Proposed Order**

This matter having come before the Court on a motion to extend dispositive motion cut-off date made pursuant to LCR 16(m)(2), and the Court having considered the same, it appears to the Court that good cause for the entry of this Order has been shown, now, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff has until September 21, 2012 to file dispositive motions and that all dispositive motions currently on the docket be renoted for September 21, 2012 allowing both parties to respond and reply with all the evidence at their disposal.

ORDER this ___ day of _____, 2012.

_____
Judge Lasnik

Presented by:

/s/ James McDonald
James McDonald
Pro Se