The Honorable Judge Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>    Plaintiff,<br><br>  v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>    Defendants. | No. C10-1952 RSL<br><br>**DEFENDANTS ONEWEST, MERS, AND NORTHWEST TRUSTEE SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO CONTINUE DISPOSITIVE MOTION CUT-OFF**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 10, 2012** |

## I. INTRODUCTION

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively "Defendants"), by and through their attorneys of record, Heidi E. Buck and Routh Crabtree Olsen, P.S., and oppose Plaintiff's Emergency Motion to Continue Dispositive Motion Cut-Off ("Emergency Motion"). Dkt. 157. Defendants respectfully request that the Plaintiff's Emergency Motion be denied.

## II. FACTS

Plaintiff filed the underlying lawsuit on or about December 3, 2010. Dkt. 1.

On or about May 7, 2012, this Court entered a Third Amended Order Setting Trial Date and Related Dates ("Third Scheduling Order"). Dkt. 140. Under the Third Scheduling Order, the

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

parties were ordered to complete discovery by July 27, 2012. The Third Scheduling Order also provided that dispositive motions must be filed by July 27, 2012 and noted for consideration no later than the fourth Friday following July 27, 2012. *Id.*

Additionally, the Third Scheduling Order required that motions related to discovery be noted no later than the Friday before discovery closed. *Id.* Thus, the parties were required to note discovery related motions no later than on or about July 20, 2012. *Id.*

Specifically, the Third Scheduling Order provided:

> "These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; **failure to complete discovery within the time allowed is not recognized as good cause.**"

*Id.*

On or about June 8, 2012, Plaintiff filed a Praecipe to issue a subpoena on a non-party. Dkt. 149.

Then, on or about July 3, 2012 and July 5, 2012, Plaintiff filed two additional Praecipes to issue subpoenas on non-parties. Dkt. 150 and 151.

On or about July 10, 2012, counsel for Defendants filed a Notice of Unavailability providing notice to the Court and Plaintiff that she intended to be out of the office August 6, 2012 through August 22, 2012 and requested that no motions, notice of hearing, depositions, discovery, or correspondence be set or served that would require counsel's response or appearance during her period of unavailability. Dkt. 152.

On or about August 1, 2012, Plaintiff filed the underlying Emergency Motion to Continue Dispositive Motion Cut-Off and Declaration in support thereof. Dkt. 157 and 158.

Plaintiff's basis for his motion appears to be that he failed to complete his discovery efforts prior to the date upon which discovery closed, intends to withdraw his current motion for summary judgment and file yet another motion for summary judgment, and believes counsel's unavailability will delay him from bringing a motion to compel. *See* Dkt. 158.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO CONTINUE
DISPOSITIVE MOTION CUT-OFF - 2 of 5
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### III. ARGUMENT

#### A. Plaintiff Improperly Noted His Emergency Motion.

Under Local Rule 7(d)(2), motions for relief from a deadline must be noted for consideration no earlier than the second Friday after filing and service of the motion. Here, Plaintiff noted his Emergency Motion for the same date, August 2, 2012, upon which he filed his Emergency Motion.

#### B. Plaintiff's Motion Must be Denied Because Plaintiff has not Demonstrated Good Cause to Extend the Dispositive Motion Cut-Off.

*First*, Plaintiff's timing of his motion is suspect and demonstrates Plaintiff failed to act with due diligence. Plaintiff has been aware of the July 27, 2012 dispositive motion and discovery cut off dates since or about May 7, 2012. See Dkt. 140. Prior to the discovery cut off date, Plaintiff had approximately 602 days to conduct and complete discovery. Moreover, during the life of this case, Plaintiff has propounded approximately 61 requests for production, requests for admission, and interrogatories on the defendants collectively.

Despite the abundance of time, Plaintiff waited up until only 22 days before both the dispositive motion cutoff and discovery cutoff dates to serve subpoenas on non-parties upon which he planned to base his motion for summary judgment. *See* Dkt. 150, 151, and 152.

According to Plaintiff's Declaration in support of his Emergency Motion, the non-parties he issued subpoenas upon were obligated to respond and produce the requested information on or before July 23, 2012. *See* Dkt. 158. Yet, Plaintiff waited until 10 days after the non-parties apparently failed to comply with the subpoenas, nearly 7 days after the dispositive motion and discovery cut off date, and only after he believed Defendants' counsel was away on a two week planned absence[1] to bring his "Emergency Motion" to extend the dispositive motion cut off date.

---

[1] It is unclear how Plaintiff concluded that Defendants' counsel was already on her planned absence on or about August 2, 2012, when the Notice of Unavailability filed by counsel identified August 6, 2012 through August 22, 2012 as the dates upon which she would be unavailable. *See* Dkt. 152.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO CONTINUE
DISPOSITIVE MOTION CUT-OFF - 3 of 5
CASE NO. C10 -- 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

This Court previously provided that "**failure to complete discovery within the time allowed is not recognized as good cause**" for amending the current case schedule. Yet, Plaintiff's basis for his Emergency Motion is just that. Accordingly, Plaintiff's failure to complete his discovery efforts within the time allotted by the Third Scheduling Order is not sufficient basis upon which this Court should grant Plaintiff's Emergency Motion.

*Second*, Defendants will be prejudiced if Plaintiff's Emergency Motion is granted as Defendants, in compliance with the Third Scheduling Order, filed their Partial Motion for Summary Judgment without the benefit of all their discovery efforts. On or about July 3, 2012, Defendants served upon Plaintiff a set of interrogatories and requests for production. *See* Declaration of Service attached as Exhibit 1. Those requests focused on Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"). Under the Federal Rules of Civil Procedure, Plaintiff's responses to the discovery requests were not due until on or about August 2, 2012. Defendants filed their Partial Motion for Summary Judgment as to the FCRA claim on or about July 27, 2012[2] in accordance with the Third Scheduling Order. Dkt. 154. Thus, despite the fact that Defendants did not have the benefit of Plaintiff's discovery responses relating to the FCRA claim, Defendants acted with due diligence to file and serve their Partial Motion for Summary Judgment in accordance with the Third Scheduling Order. Plaintiff should not be afforded additional time simply because he failed to act with the same due diligence.

*Third*, Plaintiff's Emergency Motion improperly seeks to keep discovery open. To the extent Plaintiff bases his Emergency Motion on the possible need to "file a motion to compel," that is not a sufficient basis. Plaintiff is precluded from filing a motion to compel. July 20, 2012 was the last date upon which Plaintiff was entitled to file and serve motions relating to discovery such a motion to compel and discovery closed on July 27, 2012. Thus, even if the court were to extend the dispositive motion deadline, Plaintiff would not be entitled to file a motion to compel. Again, as noted *supra*, to date, Plaintiff has had approximately 602 days to conduct and complete

---

[2] The Partial MSJ is noted for consideration on or about August 24, 2012. Dkt. 154.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO CONTINUE
DISPOSITIVE MOTION CUT-OFF - 4 of 5
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  his discovery efforts and has propounded approximately 61 requests for production, requests for

2  admission, and interrogatories on the Defendants collectively.

3  **IV.  CONCLUSION**

4  Plaintiff has failed to demonstrate any good cause to justify an extension of the

5  dispositive motion cut off date. Accordingly, the Defendants respectfully request the Court deny

6  Plaintiff's Emergency Motion.

7

8  DATED this 3rd day of August, 2012.

9

10  **ROUTH CRABTREE OLSEN, P.S.**

11

12  By: /s/ Heidi E. Buck
    Heidi E. Buck, WSBA No. 41769

13  Attorneys for Defendants OneWest, MERS,
    and Northwest Trustee Services, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO CONTINUE
DISPOSITIVE MOTION CUT-OFF - 5 of 5
CASE NO. C10 – 1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.    13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

,

# Exhibit 1

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHIGNTON
### AT SEATTLE

9  | JAMES MCDONALD,

10 |         Plaintiff,

11 |         v.

12 | ONEWEST BANK, FSB, NORTHWEST
13 | TRUSTEE SERVICES, INC., MORTGAGE
     ELECTRONIC REGISTRATION
14 | SYSTEMS, INC., INDYMAC BANK FSB,
     DOES 1-50,

15 |         Defendants.

Case No:  C10-1952 RSL

**DECLARATION OF SERVICE**

16

17 The undersigned makes the following declaration:

18     1.    I am now, and at all times herein mentioned was a resident of the State of

19 Washington, over the age of eighteen years and not a party to this action, and I am competent be

20 a witness herein.

21     2.    That on July 3, 2012, I caused a copy of **Defendants First Set of Interrogatories**

22 **and Requests for Production Propounded Upon Plaintiff James McDonald** to be served to

23 the following in the manner noted below:

24

25 //

26 //

DECLARATION OF SERVICE - 1

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

James McDonald, *Pro Se*
14840 119th PL NE
Kirkland, WA 98034

[X] US Mail, Postage Prepaid
[ ] Hand Delivery
[ ] Overnight Mail
[X] Email: james@jamesmcdonald.net

    I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this 3rd day of July, 2012.

Tommy Kwong, Paralegal

DECLARATION OF SERVICE - 2

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131