The Honorable Robert S Lasnik

**James McDonald**
**14840 119th PL NE**
**Kirkland, WA 98034**

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **James McDonald**<br>**Plaintiff**<br>**v.**<br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>**Defendants.** | No. **C10-1952-RSL**<br><br>Plaintiff's Reply to Defendants Response to Motion to Extend Dispositive Motion Deadline and Related Dates |

COMES NOW, Plaintiff James McDonald and makes this Reply to Defendant's Opposition to Plaintiff's Ex Parte Motion to Extend Dispositive Motion Deadline. Plaintiff humbly requests that this Motion be approved as he has worked in good faith throughout the proceedings and the course of discovery.

**Facts**

On or about June 21st, Plaintiff received a response to a Request for Production from Defendant Northwest Trustee Services. After carefully reviewing the documentation provided, Plaintiff realized that he needed to conduct another round of discovery, including the subpoenas requested in Docket Nos. 150-152 to Lender Processing Services, the FDIC and to Freddie Mac. Plaintiff spent the next 10 days researching and writing the next round of discovery.

On or about July 2, 2012, Plaintiff issued subpoenas on the forms provided on the Court website, which states, "**YOU ARE COMMANDED** to produce…" Plaintiff issued these subpoenas in good faith, expecting the parties to comply or object in a timely manner as is

required by FRCP 45. With the deadline of these documents being no later than July 23, 2012, Plaintiff had every reason to expect to complete discovery by July 27, 2012 and not need a motion to compel.

Plaintiff has already been told by the Court that he must conduct good faith attempts before seeking a motion to compel (Dkt. 77). Upon learning that valuable lesson, Plaintiff has been attempting contact with those non-parties in order to properly show good faith and not repeat his prior mistake.

On August 2nd, 2012 at 2:36pm Plaintiff received confirmation that the Defendants had provided false testimony to this Court and provided false statements, sworn under the penalty of perjury, to Plaintiff. Plaintiff filed an Ex Parte Motion to extend deadlines 5 hours after obtaining the new information.

Plaintiff noted the Ex Parte Motion pursuant to LCR 7(d)(1) for the same day as the date of filing.

**Arguments**

**A. Plaintiff properly noted his Motion**

Pursuant to Local Civil Rule 7(d)(1) all ex parte motions are to be Noted the same date that they are filed. In Plaintiff's opinion, discovering that the Defendant(s) have been disingenuous to both the Plaintiff and, worse, the Court is worthy of an ex parte motion.

**B. The subpoenaed information was requested by Plaintiff a year ago**

On or about July 1, 2011 Plaintiff propounded upon the Defendants a Second Request for Production (as included in the exhibits from Dkt. 98). The Defendants stated that they had no knowledge of the documents requested, which included the Trust that Plaintiff's loan had been sold into. This was in addition to previous requests for the information prior to initiating this lawsuit (Dkt. 68 Exh 10). As Plaintiff has finally unveiled, the Defendants failed to "act

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

responsibly and in good faith when propounding and responding to discovery requests"[1] as they agreed to in the Joint Status Report (Dkt. 43). The Court has already had to order the Defendants to comply with the discovery rules (Dkt. 77 & 136). With the information Plaintiff was advised of on August 2, 2012, which authenticated documentation is now being prepared, Plaintiff has evidence that shows they made false statements in their Response to Plaintiff's Second Request for Production and have been dishonest with the Court in no less than two separate Declarations and other writings.

Had the Defendants produced the documentation when requested in July of 2011, instead of withholding and denying their existence, causing Plaintiff extreme difficulty in obtaining the information, Plaintiff would not need to extend the deadlines now.

**C. Plaintiff has shown Good Cause for receiving an extension to the dispositive motion deadline.**

**1.** Defendants claim that Plaintiff had 602 days to conduct discovery. This is factually incorrect. 602 days is approximately the time that the matter has been before the Court. Plaintiff was limited to the duration of which Discovery was actually allowed in the timelines and spent a large portion of that time attempting to get the Defendants to respond as shown in Dkt 77 & 136. Until he was actually able to obtain partial documentation from his previous requests, he had no reason to issue the subpoenas currently overdue.

**2.** Plaintiff did not delay attempting to get the discovery in question until 22 days before the end of discovery. This information is a large portion of what Plaintiff has been attempting to receive from the Defendants since 2010, which they have continuously claimed, dishonestly, did not exist (Declaration of Charles Boyle Dkts. 49, 98 <supra> & 123).

[1] Black's Law defines "good faith" as: In common usage this term is ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation. Efron v. Kalmanovitz, 249 Cal.App. 187, 57 Cal.Rptr. 248, 251.

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

Therefore any failure to comply and act in good faith is solely upon the Defendants for withholding and denying the existence of the documentation from Plaintiff.

**3.** As noted supra, Plaintiff has already been admonished by the Court that he must attempt to confer with any parties prior to moving to compel those parties for production. As a result, Plaintiff has been extremely careful to give ample time in attempting to work with parties instead of quickly seeking the assistance of the Court. Plaintiff attempted to balance between attempts to contact the parties while not unduly harassing anyone.

**4.** The Defense's argument of prejudice is absurd in Plaintiff's opinion. First, as it currently stands, any information obtained in the answer to the Defense's Interrogatories to Plaintiff would be available to be used in the Defense's Reply. Should the Court grant the motion to extend, the Defense could either withdraw and re-file their Motion (as they have previously) or continue their plan on using the Response in the Reply for their Motion for Partial Summary Judgment. The prejudice is against the Plaintiff, who had requested the documentation from the Defendants a year ago and has now found that information from another source when the Defense falsely swore it didn't exist.

**5.** The heart of this Motion is that the Plaintiff has discovered the Defendants' sworn statements of ownership of the Note, both to Plaintiff and this Court, were falsely testified. Now that Plaintiff has that information, which he was denied when the Defense failed to act in good faith in discovery and falsely testified to this Court, shows further deceit on the part of the Defense. All Plaintiff is asking is to be allowed proper time to file a complete dispositive motion, as well as force the Defendants to provide any other information or documentation they may have been improperly withholding, to ensure the Court fairly adjudicates this matter.

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

**Certificate of Service**

I hereby certify that on the 5 day of August, 2012 the foregoing was electronically filed with the Clerk of the Court using the ECF system, which sent notification and therefore served the following:

Heidi Buck
Routh Crabtree Olsen
13555 SE 36th ST Suite 300
Bellevue, WA 98006

**/s/ James McDonald -**
**James McDonald**
**Pro Se**

Plaintiff Reply – Plaintiff's Ex Parte Motion to Extend Deadlines

5

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614