The Honorable Robert S Lasnik

James McDonald
14840 119th PL NE
Kirkland, WA 98034

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| James McDonald | No. **C10-1952-RSL** |
|---|---|
| Plaintiff | |
| v. | Declaration of James McDonald in Support of Plaintiff's Opposition to OneWest's Motion for Partial Summary Judgment |
| **OneWest Bank, FSB,** **Northwest Trustee Services,** **Mortgage Electronic Registration Systems,** | |
| Defendants. | |

**James McDonald declares as follows:**

1. I am the Plaintiff in the above action and am appearing Pro Se. I am above the age of 18 and am competent to testify in the course of the litigation. I have direct, personal knowledge of the matters referred to herein.

2. Each and every one of the documents submitted in the instant Opposition and Response to Defendant OneWest's Motion for Partial Summary Judgment has been provided to me by OneWest or other parties. As the pro se Plaintiff, I have maintained them carefully in their original condition. These documents have never left my custody. Other than making a copy of the documents for purpose of submission to the Court and other parties in the case, I have not altered the documents in any way.

3. My homestead has been the subject of non-judicial foreclosure by the respective named defendants. From the inception of the foreclosure, OneWest and their agents and assigns, including Defendants Northwest Trustee Services (NWTS) and MERS, have conveyed to me, as well as recording or causing to be recorded documents in the public

records of King County, Washington, representing that OneWest in fact is the owner of the promissory Note as fully briefed in my Motion for Summary Judgment.

As a matter of absolute necessity of saving my home, I have been making repeated inquiries and researching the background of my own case. Ever since I embarked on this quest, the defendants have aligned themselves to be covering for one and other, and they have persisted on not providing truthful and complete answers to discovery requested.  For example, on June 21, 2012, I received NWTS' Response to my Third Request to Produce which includes system notes from NWTS.  On May 6, 2010, Vonnie McElligott, for NWTS input the following: "Recd Official Objection to sale, notice of lawful debt validation, 18 page internet **stuff**" (Exhibit 1). The rest of the notation line has been redacted, claimed by counsel for OneWest, Heidi Buck, Esq., as work product privilege. On May 6, 2010, this lawsuit had yet been filed by me and no other litigation was connected to the non-judicial sale process that the defendants commenced. From this, a conclusion can be reached that 1) the rest of the comments made by Vonnie McElligott were even more insulting and/or reflect that no investigation had ever been conducted concerning my inquiry and that my dispute was disregarded, and 2) counsel has committed spoliation of evidence by ordering the redaction or alteration of the records before providing it to me as their opposing party. This conduct contradicts the claim made by NWTS' representative, Mr. Stenman, that NWTS would exercise due diligence and research the matter (Exhibit 2, Stenman's Letter).

OneWest evaded and/or refused to answer my questions and refused to comply with the regulations governing the QWR, Dispute and Debt Validation Demand (Exhibit 3) as discussed in my Partial Motion for Summary Judgment.

Declaration of James McDonald –
OWB PMSJ

2

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

4. In order to get an answer to my question of who is the owner of the promissory note and who has the right to foreclose upon my home, as well as to correct my credit, I also filed a dispute with the credit reporting agencies, Equifax, TransUnion and Experian. OneWest was also notified of my dispute with the CRAs (Exhibit 4, Letter of June 29, 2010).

On or about August 6, 2010, I received a response from Equifax (Exhibit 6). The derogatory information was not removed nor was a dispute updated onto my credit profile.

On or about August 16, 2010, I received a response from Experian stating, "We completed investigating any items you disputed with the sources of the information…" This response is attached as Exhibit 7. The updated information did not correct the issue nor did it mark the "account" in dispute.

On or about July 31, 2010, I received a response from TransUnion noting that nothing had been changed and no dispute had been added to my credit profile. This response is attached as Exhibit 8.

Furthemore, OneWest continued reporting with the same reporting and did not include the dispute as required by the Fair Credit Reporting Act.

5. I listed OneWest on my bankruptcy schedule (Exhibit 9) as an unsecured creditor because I do not have any basis to recognize or accept OneWest as the legitimate owner of the indebtedness. This is entirely consistent with my dispute of the validity of the debt, or lack thereof. My listing OneWest as a creditor was in full compliance with the bankruptcy practices which is to disclose all debts, regardless of the doubtful nature of some debts, so that the creditors can be informed to file their respective proof of claims. The listing of OneWest as a creditor in my bankruptcy petition is never to be

construed as an admission or acceptance of the validity of the debt created by the promissory note, and Ms. Buck, who is a licensed attorney concentrating on representations of creditors and their agents would know this to be true--the debts that are not listed are not dischargeable and constitute a disregard for the rules of the Court.

I feel I must address and libelous statement made in the Defendant's motion. Miss Buck claimed I was "disingenuous" on P. 14 Line 9 in the Motion for stating I was unfamiliar with the account number listed on my credit report because I listed that account number on my bankruptcy schedule… That's where I got the account number from. For her to try to label me as disingenuous for making an accurate statement is ridiculous and completely hypocritical. As I will discuss in #8 below, Miss Buck wrote and signed a response to discovery that stated that OneWest had no records in which to provide to me in relation to requested screenshots of all records. She obviously knew that was completely false and yet she signed her name to it. That is disingenuous as is all the lies OneWest has been stating under oath to this Court and under penalty of perjury for over two years. Her unethical conduct should be dealt with severely.

6. On April 3, 2011, I issued my First Request to Produce (Exhibit 10) to the Defendants. I received some documents. I received a Supplemental Response (Exhibit 11), after I was forced to Move the Court to Compel production (Dkt 96), on or about February 9, 2012. Upon Order of the Court, the Defendants provided a Second Supplemental Response on or about May 2, 2012, which still did not satisfy the documentation requested.

Item 1 requested the full purchase documents related to the sale of the Note. The Defendants claimed, "After diligent search, Defendants have found nothing that is responsive to this Request" (Exhibit 11). However, as the Note was sold into a

Declaration of James McDonald –
OWB PMSJ

4

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

1  mortgage backed security, there would be governing documents of that MBS and
2  OneWest would have possession of them as I'll discuss in #11 below.
3      Items 3 & 4 requested the Servicing Agreements between Indymac and/or OneWest
4  and the owners of the Note (the MBS). No executed Servicing Agreement has been
5  delivered to Plaintiff. As the Note was sold into a MBS as discussed supra, there would
6  be a Servicing and Pooling Agreement as discussed in Plaintiff's Partial Motion for
7  Summary Judgment (Dkt 46 §2.1.4).
8      Item 10 requested, "A copy of all accounting records including general ledgers and
9  account statements showing payments disbursed to the owner, holder and beneficiary
10 of the note from the conception of the loan agreement through present." The
11 Defendants' Response stated, "Defendants have found nothing that is responsive to this
12 Request.".
13     It therefore it appears that neither OneWest nor Indymac had an agreement to
14 service the loan for the MBS the Note was sold into nor do they appear to have made
15 any recorded payments to that MBS. Tens of thousands of dollars appear to be
16 unaccounted for.

17  7. On July 1, 2011, I sent a Second Request to Produce requesting the governing
18     documents of the MBS including the subpool IN070227 containing my Note (Exhibit
19     12). The Defendants responded by claiming no knowledge.
20  8. On July 3, 2012 I propounded upon OneWest a First Set of Interrogatories. OneWest
21     responded on August 2, 2012 (Exhibit 13). OneWest refused to answer or provide
22     documentation to the majority of the interrogatories. Charles Boyle was the respondent
23     for OneWest. Among these interrogatories were the following items:
24

Declaration of James McDonald –
OWB PMSJ

5

James McDonald
14840 119th PL NE
Kirkland, WA 98034
(425) 210-0614

  Interrogatory 1 requested OneWest to, "Identify the date, value received and to whom Indymac Bank, FSB sold, transferred, conveyed, granted, or negotiated or otherwise released its interest in my Note and/or my Deed of Trust." OneWest objected and refused to answer.

  Request to Produce 7 requested screenshots of all records in relation to my Note, Loan or Deed of Trust. OneWest responded that they were unaware of any records, which is absurd since the Declarants have claimed to review those records that apparently, suddenly, no longer exist. And as noted above, this Response was signed by Heidi Buck and Charles Boyle.

9. As I have been actively involved in my litigation and have been in communication with the defendants and their counsel, there is no claim that OneWest can make that it does not understand the nature of my dispute which is while the debt may still be owed, it is not owed to OneWest, MERS, or NTWS. Regardless of what the CRAs might have conveyed and communicated to OneWest, OneWest and their counsel knew all along that they were supposed to note the original loan account as being disputed, as to its ownership. It is a simple matter to include the nature of my dispute in OneWest's response to the CRAs, and that is, the dispute is centered on OWNERSHIP of the indebtedness and the resulting knowingly inaccurate information that appears on my credit. Until the issue is determined on its merit by a court of law, the reporting by OneWest should reflect that I as the individual the credit is concerning, question its assertion of ownership interest over the mortgage loan.

10. It is outrageous that OneWest and their counsel now, in their efforts to obtain partial summary judgment, pretend to not have a clear understanding of my inquiry or challenge. It is no secret that the subject mortgage loan has been sold several times in

order to be a part of a securitized pool and to avoid taxation as a REMIC. But when asked, OneWest either ignores or obfuscates the answer to this question. This pattern of ducking and weaving is clear because OneWest and their lawyers can no longer walk back to the point of beginning. Their story has transformed so drastically and obviously from/to: "We own it, we hold it, yes, we definitely own it and hold it. But wait, no, it's Freddie Mac who bought it from the original lender, IndyMac, and we are just the servicer. Okay, that's it. Freddie Mac owns it, Freddie owns it and never sold it to anyone else." (See Appt. of Successor Trustee, Notice of Default, Notice of Trustee Sale, Amended Notice of Trustee Sale and the Declaration(s) of Charles Boyle and JC San Pedro) And now I can only imagine what creative tale they'll try to come up with next.

11. After the false claim came about that Freddie Mac is the "real owner", I went to Freddie Mac and subpoenaed their records relating to the subject loan. In this process, I communicated directly with Freddie Mac's counsel, Michael Henderson. Mr. Henderson in fact responded to me in writing that Freddie Mac does not have the documentation I was requesting, but would have to request them from OneWest (Exhibit 14). Subsequently, Mr. Henderson advised in writing that the Securitized Pool my loan was sold into was Pool Number 1J1527 (Exhibit 15).

**12.** After receiving the Pool number, I searched Freddie Mac's security records and found the CUSIP number as 3128NHVU4. I then requested the supplemental information from Freddie Mac's customer service. I received the information via UPS on Friday, August 10, 2012. This most recent production confirmed once and for all that OneWest and their counsel have lied repeatedly, not just to me, but to this Court. **This most recent production coming from Freddie Mac shows without a doubt that OneWest**

**is NOT the owner of the Note and that Freddie Mac did not buy the Note as OneWest has been attesting to repeatedly.  It shows instead that Indymac sold the Note into a Mortgage Backed Security and that Freddie Mac, while acting as a GSE (government-sponsored-enterprise), made no warranties as to the seller or the mortgages contained in the Pool**  (Exhibit 16).

13. I have suffered distress and humiliation by OneWest's failure to note my dispute of their action within the credit reporting system. For the past one and half years, I have applied for employment many times and have known for a fact that these potential employers pulled my credit report in order to consider my fitness to work for them. I have not been gainfully employed as a result of the negative tradelines caused by OneWest.  I have to pay more to obtain utility services and virtually all utility service providers rely on my credit report and the information it contains such as Comcast.  I have had to write an explanation to the Department of Financial Institutions in regards to the foreclosure information appearing on my credit three times, when no legal foreclosure has in fact occurred. The damages that I have suffered are of a continuing nature and will be proven at trial.

14. In addition to the representations made herein, I am also responsible for the contents of my Opposition to OneWest Partial Summary Judgment as I am the person that prepared, reviewed, and signed it. All representations made in the Opposition are true and correct to the best of my ability, information and knowledge.

1  I declare under the penalty of perjury under the laws of the State of Washington that the

2  foregoing is true and correct to the best of my knowledge. This declaration was executed on

3  the 17th day of August, 2012.

4

5                                                                **/s/ James McDonald -**
                                                                 **James McDonald**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Declaration of James McDonald –                      9                          James McDonald
OWB PMSJ                                                                        14840 119th PL NE
                                                                                Kirkland, WA 98034
                                                                                (425) 210-0614