# Exhibit 1

# Notes Summary

## Foreclosure - Washington / 7523.21352 / McDONALD, JAMES B.

12-29-09 -- NetDirector: -- NetDirector Referral

12-30-09 -- mcalderon: -- Loss Mit is needed, DOT dated 2007

12-30-09 -- mcalderon: -- DMDC, SSDI and BK check clear

12-30-09 -- mcalderon: -- Conflict check clear

01-06-10 -- rpre: -- Foreclosure Loss Mitigation Form uploaded into RCO Fidelity LPS for execution.

01-12-10 -- mcalderon: -- TSG Ordered

01-15-10 -- Automation: -- NOD posting order confirmed by FEI as received at 1/15/2010 11:19:16 AM as FEI file number 1002.143724

01-21-10 -- rpre: -- Emailed Gerri & Lan at Fidelity CA for copies if Paragraph 12 & 13 of the title report.

01-25-10 -- rpre: -- Drafted Assignment from MERS to OneWest Bank FSB and uploaded into RCO Fidelity LPS for execution.

01-25-10 -- rpre: -- Appointment uploaded into RCO Fidelity LPS for execution.

01-25-10 -- rpre: -- Beneficiary Declaration uploaded into RCO Fidelity LPS for execution.

02-02-10 -- rpre: -- Assignment & Appointment sent overnight to Absolute Abstracting for recording. (elfed)

02-16-10 -- rpre: -- Banko Clear released 05/21/10 Sale NTS with Teresa at Absolute Abstracting for recording.

02-17-10 -- vmcelligott: -- Mr. called, has applied to lender for assistance, hasn't heard in month and 1/2, has he contacted them, yes under review, wanted us in the loop.

03-03-10 -- lmarinca: -- Quoted f&c $2,205.16 gt 4/03/10.

03-08-10 -- bpowell: -- Quoted f&c g/t 4-6-10 $1888.16 LPS

03-10-10 -- nruhlen: -- Paid $25 tech fee LPS-NewTrak □NT004461845

03-25-10 -- kperrin: -- Per LPS: Hold Fc - Hamp. Issue Comments: Please hold all FC action due to HAMP, bill up to the date of the hold request and do not proceed until further advisement from OWB. Thank you. Emld VM

03-30-10 -- vmcelligott: -- removed and reentered sale date.

04-23-10 -- breynolds: -- OLV  $312,816.00

04-27-10 -- mcalderon: -- 2-4-2010 endorsement shows ADOT #20100204000502; AST #20100204000503

04-30-10 -- hnguyen: -- Bid Inst to ELF

05-06-10 -- vmcelligott: -- Recd Official Objection to sale, notice of lawful debt validation, 18 page internet stuff ▮▮▮▮▮▮▮▮▮▮▮

05-14-10 -- mcalderon: -- 5-13-2010 endorsement shows NTS #20100216001242; Lien #20100416000584 High Woodland HOA; Constructive Legal Notice of Lawful Debt Validation Demand #20100428000527; Demand #20100428000528

05-19-10 -- vmcelligott: -- FHLMC Instr to PP have this FM number and address correct but the ref to the serv loan is dif number.

# Exhibit 2



**NORTHWEST**
Trustee Services Inc.

Jeff Stenman
Foreclosure Manager
Direct:  (425) 586-1903
jstenman@northwesttrustee.com

May 10, 2010

Mr. James B. McDonald
14840 119th Pl. N.E.
Kirkland, WA 98034

> *Re: OneWest Bank FSB/Loan No: 1009111244*
> *Property address:  14840 119th Pl N.E., Kirkland, WA 98034*
> *Our File No: 7523.21352*

Dear Mr. McDonald:

This letter responds to your correspondence of April 27, 2010 addressed to Northwest Trustee Services, Inc.  Enclosed please find a true and correct copy of the Deed of Trust evidencing your obligation to repay the amount borrowed, and your agreement to pledge property as security for repayment of the loan.  Until the loan is repaid, the security interest will remain in the property.  Upon default in repayment, the available remedies include foreclosure.

A Qualified Written Request ("QWR") is written correspondence directed to the servicer of the loan, which includes a statement of *specific reasons* why the borrower believes that his or her account is in error.  It must also provide sufficient detail to allow the servicer to review the borrower's account and determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors occurred, or explain to the borrower why the account is accurate.  A QWR is not a vehicle for a borrower to obtain confidential or proprietary information, nor can it be used to support a fishing expedition for documents that do not relate specifically to *servicing* of a loan.

Although your requests are overly broad, unduly burdensome, and not in conformity with 12 U.S.C. §2605, our office is communicating with the servicer for consideration of an additional response.  If you have specific concerns about the foreclosure process, or would like to discuss workout options, please refrain from utilizing third-party "form letters," and contact OneWest Bank FSB directly at 800-669-2300.  The terms and provisions in your loan documents remain unchanged and fully effective, and absent contrary direction from the servicer, the trustee will move forward with the property sale on May 21, 2010.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

3535 Factoria Blvd. SE, Suite 220 | PO Box 997 | Bellevue, WA 98006 | 425.586.1900 phone | 425.586.1997 fax

If you have any other questions, please feel free to contact me.  Thank you.

Sincerely,

NORTHWEST TRUSTEE SERVICES, INC.

By: _____
Jeff Stenman
Foreclosure Manager

Enclosures

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

3535 Factoria Blvd. SE, Suite 220 | PO Box 997 | Bellevue, WA 98006 | 425.586.1900 phone | 425.586.1997 fax

# Exhibit 3

After recording, return to:

JAMES BRADLEY MCDONALD
14840 119th Pl NE
Kirkland, WA 98034
TEL: (425) 210-0614

DATE: _____, 2010

Loan #125049243/1009111244
APN #328830-0180-03
Legal Description: See Attached Exhibit A

CONFORMED COPY

**20100428000527**

MCDONALD    MISC        76.00
PAGE-001 OF 015
04/28/2010 12:46

---

## CONSTRUCTIVE LEGAL NOTICE OF LAWFUL DEBT VALIDATION DEMAND

Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e);
Regulation X at 24 C.F.R. § 3500 et seq.
Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.
Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c

GRANTOR(S):   **JAMES BRADLEY MCDONALD**
14840 119th Pl NE
Kirkland, WA 98034

GRANTEE(S):   **INDYMAC BANK, F.S.B**
901 E. 104TH ST., BLDG B, STE 400/500
KANSAS CITY, MO 64131
USPS Certified Mail # _____   7009 2250 0000 1615 2189

INDYMAC MORTGAGE SERVICES / Servicer
6900 BEATRICE DRIVE
KALAMAZOO, MI 49001-4045
USPS Certified Mail # _____   7009 2250 0000 1615 2196

NORTHWEST TRUSTEE SERVICES, INC
P.O. BOX 997
BELLEVUE, WA 98009-0997
USPS Certified Mail # _____   7009 2250 0000 1615 2226

You are now in receipt of this NOTICE under the authority of the Truth-In-Lending-Act (TILA) §
1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act
(FDCPA) 15 U.S.C. §1692c, and the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §
2605(e) and Regulation X at 24 C.F.R. § 3500 regarding loan number 125049243 / 1009111244, I dispute
the alleged mortgage debt in its entirety for being inaccurate and firmly believe that I have had fraud in
the factum committed against me for lack of full disclosure by the alleged Lender.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT,
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL.

THIS IS MY "QUALIFIED WRITTEN REQUEST": TILA REQUEST, RESPA REQUEST,
COMPLAINT OF PROBABLE FRAUD IN THE FACTUM, DISPUTE OF DEBT &
VALIDATION OF DEBT

Reference:    Alleged Mortgage Loan # 125049243 / 1009111244
              Private Land & Chattel Property located at
              14840 119TH PL NE
              KIRKLAND. WASHINGTON

Attention Authorized Representative for the Above Referenced Companies / Corporations:

After several consultation meetings with Legal Counsel and knowledgeable accountants regarding this
matter, I am writing to formally complain about intentional accounting omissions and probable fraud in
the factum that took place at the closing in the purchase of my home. I need a clear understanding and
clarification (FULL DISCLOSURE) of the transactions that occurred at my signing of the initial
documents, the funding source, legal and beneficial ownership, charges, credits, debits, transactions,
reversals, actions, payments, analyses and records related to the servicing of this account from its
origination to the present date.

With our nation's mortgage default crisis and the mortgage scams that have occurred against millions of
American families. I am most concerned that potential fraudulent and deceptive practices have been
committed against me in the intentional omission of due consideration in the exchange of my promissory
note, my signing of the mortgage note and security agreement; including deceptive and fraudulent
servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks.

I hereby **DEMAND** absolute first-hand evidence from you and/or your legal department with regard to
the original signed promissory note and an uncertificated or certificated security concerning account
numbers 125049243 / 1009111244. In the event you refuse or fail to supply me with these documents it
will be positive confirmation on your part that INDYMAC BANK, F.S.B never really created and owned
a security. I also hereby **DEMAND** that a chain of transfer from you to wherever the security is now be
promptly sent to me as well. Absent the actual evidence of the security, I have no choice but to dispute the
validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By
debt, I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated
escrow payment and any fees claimed to be owed by you or any trust or entity you may service or
subservice for.

To independently validate this debt, I need to conduct a complete exam, audit, review and
accounting of this mortgage account from its inception through the present date. Upon receipt of
this QUALIFIED WRITTEN REQUEST, please refrain from reporting any negative credit
information [if any] to any credit reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to
validate the debt you currently claim I owe. Upon receipt of your answers and production of documents, I
will contract with my CPA to do another audit for a secondary validation. I **DEMAND** that you validate
this debt so that it is accurate to the penny!

I firmly request that you do not rely on previous servicers or originators records, assurances or indemnity
agreements and refuse to conduct a full audit and investigation of this account. I understand that potential
abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

◊       Increased the amounts of monthly payments.
◊       Increased the principal balance I owe;
◊       Increased escrow payments;

◊     <u>Increased the amounts applied and attributed toward interest on this account;</u>

◊     <u>Decreased the proper amounts applied and attributed toward principal on this account;</u>

◊     <u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I **DEMAND** that you demonstrate that I have not been the victim of such predatory, fraudulent servicing or lending practices that have occurred throughout the nation.

To ensure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 125049243 / 1009111244 by mortgage auditing and predatory servicing or lending experts. These exam and audit experts will review this mortgage account file from the date of initial contact with the mortgage provider, INDYMAC BANK, F.S.B. their applications and the origination of this account to the present date.

Again this is a **Qualified Written Request** under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code. TAKE NOTICE that RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions & production of documents as requested in this letter within twenty [20] business days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed for me and my audit experts to insure that this loan:

1. Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to TILA, FDCPA, RESPA, HOEPA and other laws;

2. That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3. That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4. That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., were and still are properly disclosed to me;

5. That each servicer and/or sub-servicers of this mortgage have serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

6. That each servicer and sub-servicers of this mortgage have serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

7. That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

8. That interest and principal have been properly calculated and applied to this loan;

9. That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified,</u> in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please mail to me, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

10. Any certificated or uncertificated security, front and back, used for the funding of account # 125049243.

11. Any and all "Pool Agreement(s)" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any government sponsored entity, hereinafter (GSE).

12. Any and all "Deposit Agreement(s)" regarding account # 125049243 or the "Pool Agreement" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any GSE.

13. Any and all "Servicing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

14. Any and all "Custodial Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

15. Any and all "Master Purchasing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

16. Any and all "Issuer Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

17. Any and all "Commitment to Guarantee" agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

18. Any and all "Release of Document agreements" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

19. Any and all "Master Agreement(s) for servicer's Principle and Interest Custodial Account(s)" between INDYMAC BANK, F.S.B and any GSE.

20. Any and all "Servicers Escrow Custodial Account" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

21. Any and all "Release of Interest" agreements between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

22. Any Trustee agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES trustee regarding account # 125049243 and or # 1009111244 or pool accounts with any GSE.

23. Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

24. Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

25. Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee for this Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

26. Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

27. Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

28. Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

29. Please send to the requester any documentation evidencing the Mortgage or Deed of trust is _not_ a constructive trust or any other form of trust.

30. Please send to the requester a certified copy of the signed promissory note showing the front and back of the document.

31. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

32. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

33. All assignments, transfers, alonges, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

34. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

35. All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

36. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

37. All escrow analyses conducted on this account from the inception of this account until the date of this letter:

38. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

39. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

40. All letters, statements and documents sent to me by your company;

41. All letters, statements and documents sent to me by agents, attorneys or representatives of your company:

42. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

43. All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

44. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

45. All copies of my property inspection reports, appraisals, BPOs and reports done on the property.

46. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

47. All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

48. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

49. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until the date of this RESPA request.

50. All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until the date of this RESPA request.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

51. Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that the experts can decipher the data provided. I demand a certified Transaction Chart (T Chart) showing the GAAP journal entries made at the inception.

52. For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

53. For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

54. Pursuant to banking law 12 USCA § 1813, please provide me the deposit slip for the alleged borrower's promissory note(s) that were issued to INDYMAC BANK, F.S.B for processing through the Federal Reserve Bank in exchange for borrower's credit on January 8, 2007 and deposited on or around February 8, 2007.

55. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

56. Please provide the order authorizing the withdrawal of funds from the borrower's promissory note deposit account.

57. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

58. For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

59. For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

60. Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the parish/county property records in the parish/county and state in which my land and chattel property is located from the inception of this account to the present date? Yes or No?

61. If not, why?

62. Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

63. Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

64. If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

65. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

66. Have attorney fees ever been assessed to this account from the inception of this account to the present date?

67. If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

68. Have attorney fees ever been charged to this account from the inception of this account to the present date?

69. If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

70. Have attorney fees ever been collected from this account from the inception of this account to the present date?

71. If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

72. Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

73. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment, charge or collection of attorney fees.

74. Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

75. Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

76. Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

77. Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment(s) were made and the reasons for such adjustment(s).

78. Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

79. Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

80. How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

81. How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

82. How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

83. Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account.

## SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one and the same.

84. Have there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

85. If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

86. In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that have occurred on this account from the inception of this account until present date.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

87. Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

88. Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

89. Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

90. Are late fees considered interest? Yes or No?

91. Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

92. Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

93. If yes, please describe what expenses or charges were charged or assessed to this account.

94. Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

95. Please describe for me in writing what damages you or others undertook due to any payment I made which was late.

96. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment or collection of late fees.

97. Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

98. Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

99. Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

100. Has interest been charged on any late fee assessed or charged to this account? Yes or No?

101. Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

102. Have any late charges been assessed to this account? Yes or No?

103. If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

104. Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

105. Have late charges been collected on this account from the inception of this account until present date? Yes or No?

106. If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

## LAND & CHATTEL PROPERTY INSPECTIONS

107. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

108. Have any property inspections been conducted on my land and chattel property from the inception of this account until the present date?

109. If your answer is no, you can skip the rest of these questions in this section concerning property inspections.

110. If yes, please tell me the date of each property inspection conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

111. Please tell me the price charged for each property inspection.

112. Please tell me the date of each property inspection.

113. Please tell me the name and address of each company and person who conducted each property inspection on my land & chattel property.

114. Please tell me why property inspections were conducted on my property.

115. Please tell me how property inspections are beneficial to me.

116. Please tell me how property inspections are protective of my land & chattel property.

117. Please explain to me your policy on property inspections.

118. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

119. If yes, why?

120. Do you use property inspections to collect debts? Yes or No?

121. Have you used any portion of the property inspection process on my land & chattel property to collect a debt or inform me of a debt, payment or obligation I owe?

122. If yes, please answer when and why?

123. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

124. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

125. If yes, why?

126. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

127. If yes, why?

128. Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

129. Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

130. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

131. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

132. Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

133. If yes, when and how much was charged?

134. Is interest allowed to be assessed or charged on inspection fees or assessed to this account? Yes or No?

135. How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

136. How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

137. Please forward to me copies of all property inspections made on my property in this mortgage account file.

138. Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

## BPO FEES

139. Have any BPOs [Broker Price Opinions] been conducted on my land & chattel property?

140. If yes, please tell me the date of each BPO conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

141. Please tell me the price of each BPO.

142. Please tell me who conducted each BPO.

143. Please tell me why BPOs were conducted on my land & chattel property.

144. Please tell me how BPOs are beneficial to me.

145. Please tell me how BPOs are protective of my land & chattel property.

146. Please explain to me your policy on BPOs.

147. Have any BPO fees been assessed to this account? Yes or No?

148. If yes, how much in total BPO fees have been assessed to this account? $_____

149. Have any BPO fees been charged to this account? Yes or No?

150. If yes, how much in total BPO fees have been charged to this account? $_____

151. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

152. Please send to me copies of all BPO reports that have been done on my land & chattel property.

153. Has any fee charged or assessed for a BPO been placed into escrow? Yes or no?

## FORCED-PLACED INSURANCE

154. Have you placed or ordered any forced-placed insurance polices on my land & chattel property?

155. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note.

156. Please tell me the price of each policy.

157. Please tell me the agent for each policy.

158. Please tell me why each policy was placed on my land & chattel property.

159. Please tell me how the policies are beneficial to me.

160. Please tell me how policies are protective of my land & chattel property.

161.  Please explain to me your policy on forced-placed insurance.

162.  Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

163.  If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

164.  Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

165.  If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

166.  Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

167.  Do you have any relationship with the agent or agency that placed any policies on my land and chattel property? If yes, please describe.

168.  Do you have any relationship with the carrier that issued any policies on my land & chattel property? If yes, please describe.

169.  Has the agency or carrier you used to place a forced-placed insurance policy on my land & chattel property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

170.  Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? If yes, please send me a copy of each such policy.

171.  Please send to me copies of all forced-placed insurance policies that have been ordered on my land & chattel property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

172.  Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

173.  Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

174.  Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

175.  Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

176.  Where is the original monetary instrument (*promissory note*) or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

177. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

178. Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

179. Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

180. Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

181. Since the inception of this loan, have any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that have sub-serviced this mortgage loan.

182. Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

183. Has each and every assignment of my asset/monetary instrument been recorded in the parish/county land records where the property associated with this mortgage account is located?

184. Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

185. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust involved.

186. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

187. Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

188. How much was paid for this individual mortgage account by you?

189. If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

190. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

191. Who did you issue a check or payment to for this mortgage loan?

192. Please provide me copies with the front and back of canceled check.

193. Did any investor approve the foreclosure of my property?

194. Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

195. Please identify all persons who approved the foreclosure of my property!

196. Has INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES been paid any insurance claim based on requester's alleged default of mortgage agreement?

197. If so, provide the amount of insurance payment collect by INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES $_____

198. If insurance has been paid, please provide document signed under the penalty of perjury showing where there is still alleged debt owed by James Bradley McDonald.

Under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code it is mandatory that you provide me full disclosure of the alleged debt that is said to be owed before proceeding any further with your collection action from twenty (20) days of receipt of this QUALIFIED WRITTEN REQUEST. If you do not provide all answers and production of documents requested in this Notice, you will be in fault, admitting no lawful claim and a default will be in order. Your admission of no lawful claim will be the basis for our Right to Cancel. A Notice of Right to Cancel will be issued twenty (20) days from the date of receipt of this CONSTRUCTIVE LEGAL NOTICE.

## AFFIDAVIT OF FACT

14840 119TH PL NE
KIRKLAND, WASHINGTON

STATE OF WASHINGTON                )
COUNTY OF KING     ) ss.

I, James Bradley McDonald, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirms that all the facts stated and affirmed herein are true, correct, complete, and not misleading, admissible as evidence, and if testifying shall so state under the penalty of perjury:

1. That, Affiant makes this Affidavit based on first hand knowledge of all the facts stated herein, including the research of federal and state laws and public policy documents that govern monetary instruments related to banking and financial institutions.

2. That, Affiant did sign alleged loan documents with INDYMAC BANK, F.S.B at INTEGRATED ESCROW office in SEATTLE, WASHINGTON on January 8, 2007 concerning property located at 14840 119TH PL NE, KIRKLAND, WASHINGTON.

3. That, Affiant did sign a promissory note and issued to INDYMAC BANK, F.S.B for processing on January 8, 2007; the promissory note was for the sum of $389,482.

4. That, Affiant was rushed by INDYMAC BANK, F.S.B representatives to sign other alleged closing documents and was not provided time to review or provided a clear understanding of the terms and conditions of these documents that he was requested to sign.

5. That, since the above events and the exposure of this nation's mortgage default crisis, Affiant has recently learned that there has been possible fraud committed against him by INDYMAC BANK, F.S.B representatives in withholding FULL DISCLOSURE at the signing of closing documents and that it appears fraud in the factum has been committed against him regarding his signing the mortgage note and Deed of Trust.

6. That, Affiant confirms that attorney firm NORTHWEST TRUSTEE SERVICES, INC allegedly hired by ONE WEST BANK has issued a Notice of Intent to Foreclose to Affiant dated JANUARY 15, 2010.

7. That, Affiant affirms hereby that NORTHWEST TRUSTEE SERVICES, INC does not have first hand knowledge of the probable fraud in the factum committed by their alleged client, ONE WEST BANK.

8. That, Affiant confirms and re-affirms his lawful and timely dispute and demands full compliance in providing FULL DISCLOSURE to all requested questions and provide all request for documentation per the LAWFUL DEBT VALIDATION DEMAND annexed hereto and made a part hereof.

9. That, INDYMAC BANK, F.S.B registered agent and INDYMAC MORTGAGE SERVICES acting as servicer are being served this Affidavit and LAWFUL DEBT VALIDATION DEMAND.

I hereby state that the above is true to the best of my knowledge and understanding.

Date: 4/27 , 2010          BY: _____

JAMES BRADLEY MCDONALD
14840 119TH PL NE
KIRKLAND, WA 98034
TEL: (425) 210-0614

### Jurat

State of WASHINGTON

County of ___King___

Subscribed and sworn to (or affirmed) before me on this 27TH day of

___April___ , 2010 by ___James Bradley McDonald___ , proved

to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature of Notary Public

(Seal)

MARK A WILSON
COMMISSION EXPIRES
NOTARY
PUBLIC
APR. 13, 2013
STATE OF WASHINGTON

# Exhibit 4

June 29, 2010

From:   James Bradley McDonald
        14840 119th Pl NE
        Kirkland, WA 98034
        (425) 210-0614

To:     INDYMAC MORTGAGE SERVICES
        6900 BEATRICE DRIVE
        KALAMAZOO, MI 49003-4045

Sirs:

This is a letter of dispute.

I recently pulled credit report and found that INDYMAC
MORTGAGE SERVICES is reporting derogatory information
in my account.

I dispute this debt.

Signed,

James Bradley McDonald



# Exhibit 5

 **UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 0308 0070 0001 3789 4167
Scheduled for Delivery: Thursday, July 01, 2010
Class: Priority Mail®
Service(s): Delivery Confirmation™
Status: Delivered

Your item was delivered at 8:14 AM on July 1, 2010 in KALAMAZOO, MI 49003.

**Detailed Results:**
- Delivered, July 01, 2010, 8:14 am, KALAMAZOO, MI 49003
- Arrival at Post Office, July 01, 2010, 5:51 am, KALAMAZOO, MI 49001
- Processed through Sort Facility, July 01, 2010, 12:03 am, GRAND RAPIDS, MI 49512
- Processed through Sort Facility, June 30, 2010, 11:54 pm, GRAND RAPIDS, MI 49512
- Acceptance, June 29, 2010, 3:42 pm, WOODINVILLE, WA 98072

**Track & Confirm**

Enter Label/Receipt Number.

_____

(Go >)

### Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  (Go >)

Site Map   Customer Service   Forms   Gov't Services   Careers   Privacy Policy   Terms of Use   Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

# Exhibit 6

# EQUIFAX

**CREDIT FILE :** *August 6, 2010*
**Confirmation # 0194028890**

P. O. Box 105518
Atlanta, GA 30348

002461

000861315-2461
James B McDonald
14840 119th Pl NE
Kirkland, WA 98034-4532

Dear James B McDonald:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8817 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

>>> **We have reviewed the inquiry information.** *The results are:* Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor. Regular credit inquiries remain on file for two years. If you have additional questions about this item please contact: *Land America, 2 Concourse Pkwy NE Ste 400, Atlanta GA 30328-8108*

>>> **We have reviewed the inquiry information.** *The results are:* AM and AR inquiries indicate a periodic review of your credit history by one of your creditors. Equifax, ACIS, update, PRM, AM and AR inquiries are not provided to prospective credit grantors. PRM, AR, and AM inquiries remain on the credit file for 12 months and are not shared with potential credit grantors. If you have additional questions about this item please contact: *Indymac Bank, 155 N Lake Ave 5th Fl, Pasadena CA 91101-5615*

### Credit Account Information

For your security, the last 4 digits of account number(s) have been replaced by an (*). This seal includes open and closed accounts, specified by credit grantors.

| Account History Status Code Descriptions | | |
|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> **We have researched the credit account.** *Account # - 8911\* The results are:* Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Greentree Financial Corp, 500 Landmark Towers, Saint Paul MN 55102-1642*

0194028890/APP-000861315- 2461 - 2558 - AS

Page 1 of 4

( Continued On Next Page )

## Southwest Credit – 800 Lyndon B Johns Freeway Suite 300, Dallas TX 75234-6742

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rev'd | Activity Description |
|---|---|---|---|---|---|---|---|
| 8911 * | 01/2007 | $97,370 | $0 | | Monthly | 18 | Transfer/Sold |

| Items As of Date Reported | Balance Amount | Date of Last Pymnt | Actual Pymnt Amount | Scheduled Pymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rpt'd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/2010 | $0 | 07/2010 | $0 | $749 | | 08/2010 | | $0 | | $0 | | |

Type of Loan - Second Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Individual Account; Account Transferred or Sold;
Bankruptcy Chapter 7; Bankruptcy Petition;

>>> **We have researched the credit account.** *Account # - 668100911* *The results are:* Equifax verified that this item belongs to you. If you have additional
questions about this item please contact: *Indymac Bank, 6900 Beatrice Dr, Kalamazoo MI 49009-9559*

## Indymac Bank Home Loan Serv – 6900 Beatrice Dr, Kalamazoo MI 49009-9559

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rev'd | Activity Description |
|---|---|---|---|---|---|---|---|
| 668 | 01/2007 | $97,370 | $0 | 15 Years | Monthly | 4 | Transfer/Sold |

| Items As of Date Reported | Balance Amount | Date of Last Pymnt | Actual Pymnt Amount | Scheduled Pymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rpt'd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/2010 | $0 | 06/2007 | $0 | $749 | | 06/2007 | | $0 | | $0 | | |

Current Status - Pays As Agreed; Type of Loan - Second Mortgage; Type of Loan - Second Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account
Transferred or Sold; Real Estate Mortgage;

>>> **We have researched the credit account.** *Account # - 668100911* *The results are:* Equifax verified that this item belongs to you. Additional information has
been provided from the original source regarding this item. If you have additional questions about this item please contact: *Indymac Bank, 6900 Beatrice Dr,*
*Kalamazoo MI 49009-9559*

## Indymac Bank Home Loan Serv – 6900 Beatrice Dr, Kalamazoo MI 49009-9559

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rev'd | Activity Description |
|---|---|---|---|---|---|---|---|
| 668 | 09/2009 | $389,482 | $0 | 30 Years | Monthly | 41 | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Scheduled Pymnt Amount | Date of 1st Delinquency | Date of Last Delinquency | Date Maj. Del. 1st Rpt'd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/2010 | $389,481 | $26,240 | 09/2009 | $0 | $2,394 | 10/2009 | 11/2009 | | $0 | | $0 | | |

Current Status - Collection Account; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION -
Collection Account; Foreclosure Process Started; Real Estate Mortgage; Conventional Mortgage;

| Account History with Status Codes | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 4 | 6 | 6 | 6 | 6 | 5 | 4 | 3 | 2 | 1 | | | |

0194028890APP-000861315- 2461 - 2563 - AS

# Exhibit 7

# Experian.
A world of insight

**Prepared for**
JAMES BRADLEY MCDONALD
**Report number**
0266-9755-14

**Report date**
August 16, 2010

www.experian.com/disputes    Page 1 of 18

## Investigation results

### About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item has been verified as accurate

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

### Results

We completed investigating any items you disputed with the sources of the information and processed any other requests you made. Here are the results:

| Credit Items | Outcome |
|---|---|
| ▓▓▓▓▓▓▓ | *Remains* |
| ▓▓▓▓▓▓▓ | |
| ▓▓▓▓▓▓▓ | *Reviewed* |
| ▓▓▓▓▓▓▓ | |
| ▓▓▓▓▓▓▓ | *Remains* |
| ONEWEST BANK 6681009 I /.... | *Updated* |
| ONEWEST BANK 6681009 I /.... | *Updated* |

Visit experian.com/status to check the status of your pending disputes at any time

### What's your credit score?

Find out by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

0151100936    772-09715-0109000

0000715 3 MB 0.629 L 772
JAMES BRADLEY MCDONALD
14840 119TH PL NE
KIRKLAND WA 98034-4532
*****************MIXED AADC 605

# Exhibit 8

*** 223039421-006 ***
PO Box 2000
Chester, PA 19022





07/31/2010    TransUnion.

P16IZT00200808-I003519-012738223

JAMES BRADLEY MCDONALD
14840 NE 119TH PL
KIRKLAND, WA 98034

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.custhelp.com

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| ▆▆▆▆▆ | ▆▆▆▆▆ | |
| INDYMAC BK HOME LN SVC | ▆▆▆▆▆ | VERIFIED, NO CHANGE |
| ▆▆▆▆▆▆ | # ▆▆▆▆▆ | VERIFIED, NO CHANGE |
| ▆▆▆▆ | | VERIFIED, NO CHANGE |
| ADJUSTABLE RATE MORTGAGE | Public Record | DELETED |

# Exhibit 9

B 6F (Official Form 6F) (12/07)

In re   James Bradley McDonald                    ,     Case No.   10-18496-SJS
                    Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   668100911▬<br><br>OneWest Bank (Indymac)<br>6900 Beatrice Drive<br>Kalamazoo, MI 49009 | | | 1/8/2007<br>primary residence | | | X | 389481 |
| ACCOUNT NO.   ▬<br><br>Green Tree<br>345 St. Peter Street<br>St. Paul, MN 55102 | | | 1/8/2007<br>primary residence | | | X | 93980 |
| ACCOUNT NO.   ▬<br><br>Discover Financial Services<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 | | | 3/1996<br>goods/services purchased | | | | ▬ |
| ACCOUNT NO.   ▬<br><br>Sears<br>PO Box 6275<br>Sioux Falls, SD 57117 | | | 01/2007<br>goods/services purchased | | | | ▬ |

Subtotal▶  $   494871.91

_____continuation sheets attached

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

# Exhibit 10

The Honorable Robert S Lasnik

JAMES MCDONALD
14840 119th PL NE
Kirkland, WA 98034
Phone (425) 210-0614
In Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In Re:                                                )        NO.: C10-1952RSL
                                                       )
                                                       )
JAMES MCDONALD                                         )
                    Plaintiff                          )
            v                                          )
ONEWEST BANK, FSB, et al.,                             )        Plaintiff's, James McDonald,
                    Defendants.                        )        First Request to Produce Documents
                                                       )        to Defendants OneWest, MERS and Northwest
                                                       )        Trustee Services
------------------------------------------------------

TO:    HEIDI E. BUCK, Attorney for Defendants OneWest Bank, MERS and Northwest Trustee
Services

**COMES NOW,** James McDonald ("Plaintiff") in proper person and pursuant to Fed. Civ.
R. 34, hereby propounds this First Request for Production of Documents to Defendants
OneWest Bank, MERS and Northwest Trustee Services. Defendant shall have 30 days to
respond as allowed and required by Fed. Civ. R. 34(2)(A).

## DEFINITIONS
For purposes of this Request, the following definitions apply:

A. All capitalized terms in this Request shall have the same meaning attributed to such
terms in the Complaint.

B. "All documents" means any document known to you and every such document which
can be located by you or your representative or discovered by reasonably diligent efforts.

C. "And" and "or" shall be construed in the disjunctive or conjunctive as necessary to
make the request inclusive rather than exclusive.

D. "Communication" shall mean any oral or written utterance, notation or statement of
any nature whatsoever, by and to whomever made, including but not limited to
correspondence, conversations, dialogues, discussions, interviews, meetings,

Plaintiff's First Request to Produce                -1-                    James McDonald
                                                            14840 119th PL NE, Kirkland, WA 98034
                                                                      Phone: (425) 210-0614

consultations, agreements and other understandings between or among two or more persons.

E. "Complaint" refers to the Complaint filed by the Plaintiff in this action.

F. "Defendant" refers to any of the named parties defending against the lawsuit filed by Plaintiff and any of his or her agents, employees, representatives or other persons acting or purporting to act on his or her behalf.

G. "Document" means the original and all copies whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, filmed, electronically or digitally stored, or graphic matter, however produced or reproduced, including but not limited to, all physical forms of correspondence, emails, facsimiles, accounts payable records, accounts receivable records, agreements, audio recordings (whether transcribed or not), balance sheets, bills, books, books of accounts, cablegrams, cash receipt journals, cash disbursements journals, certificates, charters, charts, checks, communications, correspondence, compilations, computer cards, computer printouts, computer programs, computer readouts, computer disks, contracts, data compilations, diaries, disks and diskettes, drafts, drafts of documents, emails 9whether printed out or not), entries, estimates, expense reports, financial analysis, financial books, financial records, financial statements, general ledgers, income statements, intra-office and inter-office communications, invoices, itemizations, journals, letters, licenses, manuals, memoranda of all conversations of telephone calls, minutes, notes, orders, photocopies, press releases, publications, receipts, recordings, records, records of account, reports, resolutions, sketches, specifications, statements, statistical records, studies, summaries, tapes, telegrams, texts, writings or work papers which are in the possession, custody or control of Plaintiff's or its representatives. In all cases where documents are in a language other than English, all translations and materials related to each and every translation of such documents shall also be considered to be documents.

H. "Including" means without limitation.

I. "Person" means any natural individual acting in any capacity whatsoever, or any entity or organization, including the organization's divisions, departments or other units. The term "person" shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state governmental agency, commission, bureau, or department.

J. "Plaintiff" refers to the above captioned Plaintiff, and any of his or her agents, representatives or other persons acting or purporting to act on its behalf, and includes any of his or her members, trustees, beneficiaries, past and present, predecessors and successors in interest.

K. "Relating to" or "relates to" means pertaining to, referring to, concerning, supporting, or refuting.

L. "Representative" means any and all agents, employees, servants, attorneys, or other persons acting or purporting to act on behalf of the person in question.

M. "You," "Your" or "yourself" refers to Defendant to which these requests are addressed, as well as any person acting or purporting to act on his or her behalf.

N. Reference to the singular in any of these requests shall also include a reference to the plural, and references to the plural shall also include a reference to the singular.

## INSTRUCTIONS

A. For documents no longer in the possession, custody or control of you or your representative, for any reason, with respect to each such document:

1. Describe the nature of the document.

2. State the date of the document.

3. Identify the person(s) who sent and received the original and copies of the document.

4. State in as much detail as possible the contents of the document; and

5. State the manner and date of disposition of the document.

B. For any communication or document you claim to be protected by the attorney-client privilege, work-product doctrine and/or other applicable privilege, please provide a list of all such documents on or before teh due date of this request, containing the following information for each document:

1. the identity of the speaker or author;

2. The identity of all persons who received or heard the document or communication;

3. the date of the communication or document;

4. The nature of the document or communication; and

5. The subject matter of the document or communication.

In addition, for each such communication or document, state the basis of your claim of privilege or work product.

C. If you cannot produce any of the documents in full, produce to the extent possible and specify in writing the reasons for your inability to produce the remainder of the document.

D. After the date of your initial production of responsive documents, if additional

Plaintiff's First Request to Produce                -3-                    James McDonald
                                                      14840 119th PL NE, Kirkland, WA 98034
                                                      Phone: (425) 210-0614

responsive documents come into your possession, custody or control, such additional responsive documents shall be produced to undersigned immediately.

## First Request to Produce Documents

1.  Defendant OneWest- Provide a copy of the original purchase agreement between Indymac and the initial purchaser of the promissory note, whomever that may be, and any subsequent purchase agreement whether to Freddie Mac or any unknown party.

2.  Defendant OneWest- Provide copies of all endorsements and conveyances of the promissory note in question, properly executed with transfers made to the proper entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the current owner and holder of the note.

3.  Defendant OneWest- Provide copies of any and all servicing agreements between Indymac and the purchaser(s) of the promissory note.

4.  Defendant OneWest- Provide copies of any and all servicing agreements between Defendant OneWest and the current owner or previous owners of the promissory note.

5.  Defendant OneWest- A copy of any and all insurance policies related to the promissory note and/or pool/security of loans the promissory note was placed into.

6.  Defendant MERS- A true and correct copy of all entries noted within the MERS MIN SUMMARY authenticated as unaltered by a direct MERS employee.

7.  Defendant MERS- A copy of the MERS Membership Agreement between Indymac Bank and MERS.

8.  Defendant MERS- A copy of the MERS Membership Agreement between Freddie Mac and MERS.

9.  Defendant MERS- A copy of the MERS Membership Agreement between OneWest Bank and MERS.

10. Defendant OneWest- A copy of all accounting records including general ledgers and account statements showing payments disbursed to the owner, holder and beneficiary of the note from the conception of the loan agreement through present.

Plaintiff's First Request to Produce                    -4-                    James McDonald
14840 119th PL NE, Kirkland, WA 98034
Phone: (425) 210-0614

11. Defendant Northwest Trustee Services- An unaltered copy of the declaration under the penalty of perjury made to Northwest Trustee by OneWest as required by RCW 61.24.030(7)(a).

12. Defendant OneWest- Any and all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale Agreement and Servicing Business Asset Purchase Agreement.

13. Defendant OneWest- Any and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.

14. Defendant OneWest- Any and all forms 1036 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.

15. Defendant OneWest- Any and all records associated with the Plaintiff's loan within the MIDANET or Freddie Mac Selling platforms.

Dated: April 3, 2011

/s/ James McDonald
James McDonald
Pro Se

# Exhibit 11

The Honorable Judge Robert Lasnik

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9   JAMES MCDONALD,

10              Plaintiff,

11      v.

12   ONEWEST BANK, FSB, NORTHWEST
     TRUSTEE SERVICES, INC., MORTGAGE
13   ELECTRONIC REGISTRATION SYSTEMS,
     INC., INDYMAC BANK FSB, DOES 1-50,
14
              Defendants.
15

16

No. C10-1952 RSL

DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS

17

18          COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

19   Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

20   (collectively "Defendants") and responds to Plaintiff James McDonald's First Set of

21   Interrogatories and Request for Production of Documents ("Requests") as follows:

22                    I.      PRELIMINARY STATEMENT

23          These responses are made solely for the purpose of this action. Each response and each

24   document produced is subject to all appropriate objections (including, but not limited to,

25   objections concerning competency, relevancy, materiality, propriety and admissibility) which

26   would require the exclusion of any statement contained herein or in any of the documents

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 1 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    produced, if any such document or documents were sought to be introduced into evidence in

2    Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3            Defendants have not completed their investigation of facts, witnesses, or documents

4    related to this action; have not completed its analysis of available data; have not yet completed

5    its discovery in this action; and have not completed preparation for trial. Thus, although a good

6    faith effort has been made to supply pertinent information when it has been requested, it is not

7    possible in many instances for unqualified responses to be made. Further, the responses are

8    necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9    facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10   adopt. These responses are given without prejudice to Defendants' right to provide facts,

11   witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12   error or mistake. Defendants have furnished information that is presently available, which may

13   include hearsay and other forms of evidence that are neither reliable nor admissible.

14                   II.    GENERAL OBJECTIONS

15           Each of the general objections stated below are continuing objections which Defendants

16   will incorporate into specific responses as appropriate:

17       A. Not Reasonably Calculated Objection:

18           Many of the requests, in whole or in part, seek information or documents that are

19           neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

20           to the discovery of admissible evidence in respect thereto.

21       B. Ambiguity Objection:

22           Many of the specific requests are phrased in language that is so vague, ambiguous,

23           and uncertain that Defendants are unable to ascertain what information is requested.

24       C. Burden Objection:

25           Many of the specific requests are materially overbroad in whole or in part, or are

26           burdensome and oppressive on the grounds that they seek information that is equally

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 2 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  accessible to or already within the possession of the plaintiff, or information that is

2  not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

3  relevant as to have no practical benefit to the plaintiff, while placing an inordinate

4  burden and expense on Defendants to respond.

5       D.  Duplicative Request Objection:

6           · Many of the specific requests are duplicative in that that they request information that

7           is requested by more than one Interrogatory.

8                III.   · SPECIFIC RESPONSES TO REQUESTS

9  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

10      RESPONSE:   Defendants incorporate by reference all previous objections to this

11  Request. After diligent search, Defendants have found nothing that is responsive to this Request.

12  In the event material that is responsive to this Request is located, Defendants will supplement

13  these responses.

14  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

15      RESPONSE:  Defendants have provided all documents responsive to this Request.

16  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

17      RESPONSE:   Defendants incorporate by reference all previous objections to this

18  Request. After diligent search, Defendants have found nothing that is responsive to this Request.

19  In the event material that is responsive to this Request is located, Defendants will supplement

20  these responses.

21  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

22      RESPONSE:  Defendants have provided all documents responsive to this Request.

23  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

24      RESPONSE:  Defendants object to this Request on the basis that the information

25  requested is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

26  to the discovery of admissible evidence in respect thereto.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 3 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

2       RESPONSE:  Defendants have provided all documents responsive to this Request.

3   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

4       RESPONSE:   Defendants incorporate by reference all previous objections to this

5   Request. Without waiving any objection, Defendant MERS provides the attached copy of the

6   MERS Membership Application for IndyMac Mortgage Holdings, Inc.

7   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

8       RESPONSE:   Defendants incorporate by reference all previous objections to this

9   Request. Without waiving any objection, Defendant MERS provides the attached copy of the

10  Membership Agreement between Freddie Mac and MERS.

11  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

12      RESPONSE:  Defendants have provided all documents responsive to this Request.

13  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

14      RESPONSE:   Defendants incorporate by reference all previous objections to this

15  Request. After diligent search, Defendants have found nothing that is responsive to this Request.

16  In the event material that is responsive to this Request is located, Defendants will supplement

17  these responses.

18  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

19      RESPONSE:  Defendants have provided all documents responsive to this Request.

20  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

21      RESPONSE:  Defendants have provided all documents responsive to this Request.

22  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

23      RESPONSE: Defendants incorporate by reference all previous objections to this

24  Request. Without waiving any objection, please see the attached Form 1034.

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 4 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

2      **RESPONSE:** Defendants incorporate by reference all previous objections to this

3   Request. Without waiving any objection, please see the attached Form 1036.

4   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:

5      **RESPONSE:** Defendants incorporate by reference all previous objections to this

6   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

7   In the event material that is responsive to this Request is located, Defendants will supplement

8   these responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
— PAGE 5 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this _____ day of February, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this __9th__ day of February, 2012.

ONEWEST BANK, FSB

By: _____
Rebecca Marics

NORTHWEST TRUSTEE SERVICES, INC.

By: _____

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
JC SAN PEDRO

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
--PAGE 7 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

        Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No.  C10-1952 RSL

DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S SECOND
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS

COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic
Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")
(collectively "Defendants") and again supplements their responses to Plaintiff James
McDonald's First Set of Interrogatories and Request for Production of Documents ("Requests")
in response to the Order Granting in Part Plaintiff's Motion to Compel as follows:

## I.      PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response and each
document produced is subject to all appropriate objections (including, but not limited to,
objections concerning competency, relevancy, materiality, propriety and admissibility) which
would require the exclusion of any statement contained herein or in any of the documents

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 1 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   produced, if any such document or documents were sought to be introduced into evidence in

2   Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3           Defendants have not completed their investigation of facts, witnesses, or documents

4   related to this action; have not completed its analysis of available data; have not yet completed

5   its discovery in this action; and have not completed preparation for trial. Thus, although a good

6   faith effort has been made to supply pertinent information when it has been requested, it is not

7   possible in many instances for unqualified responses to be made. Further, the responses are

8   necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9   facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10  adopt. These responses are given without prejudice to Defendants' right to provide facts,

11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12  error or mistake. Defendants have furnished information that is presently available, which may

13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14              II.       RESPONSES TO REQUESTS

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Defendant OneWest – Provide

16  copies of any an all servicing agreements between Defendant OneWest and the current owner or

17  previous owners of the promissory note.

18

19  **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

20  Without waiving any previous objection, Defendant OneWest provides that it identified the

21  servicing agreement between OneWest and Freddie Mac by providing a link to the agreement.

22  Defendant OneWest provided this information through counsel in an email communication with

23  Mr. McDonald on July 11, 2011. The email communication is attached as Exhibit 1.

24

25

26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 2 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:** Defendant MERS – A copy of

2   the MERS Membership Agreement between Indymac Bank and MERS.

3   **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

4   Without waiving any previous objection, Defendant MERS provides that it previously provided a

5   copy of the MERS Membership Application for IndyMac Mortgage Holdings, Inc. The

6   document was redacted as it contained personal nonpublic information relating to the identities

7   of IndyMac Mortgage Holdings, Inc. and MERS employees and to protect nonpublic corporate

8   information irrelevant to the underlying claims and allegations asserted by Plaintiff.

9

10   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:** Defendant MERS – A copy of

11   the MERS Membership Agreement between OneWest Bank and MERS.

12   **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

13   Without waiving any objection, Defendant MERS provides that it previously provided a copy of

14   the Membership Agreement between OneWest Bank and MERS. The document was redacted as

15   it contained personal nonpublic information relating to the identities of OneWest and MERS

16   employees and to protect nonpublic corporate information irrelevant to the underlying claims and

17   allegations asserted by Plaintiff.

18

19   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:** Defendant OneWest – Any and

20   all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB

21   Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale

22   Agreement and Servicing Business Asset Purchase Agreement.

23   **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

24   Without waiving any objection, Defendant OneWest provides that it, in error, previously stated

25   all responsive documents had been produced. Please see attached as Exhibit 2 the loan schedule

26   identifying Plaintiff's loan, which is attached to Servicing Business Asset Purchase Agreement.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 6, CASE NO. CI0-1952 RSL

R OUTH
C RABTREE
O LSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   This document has been redacted as it contains personal nonpublic information relating to the

2   identities and financial information of borrowers other than Mr. McDonald.

3

4   <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13</u>:  Defendant OneWest – Any

5   and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer

6   Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant

7   OneWest.

8   <u>RESPONSE:</u>  Defendants incorporate by reference all previous objections to this Request.

9   Without waiving any objection, Defendant OneWest provides that it previously produced a copy

10   of the attached Form 1034. This document has been redacted as it contains personal nonpublic

11   information relating to the identities and financial information of borrowers other than Mr.

12   McDonald.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ____ day of May, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 5 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this ___1ST___ day of May, 2012.


ONEWEST BANK, FSB

By: _____
          Charles Boyle

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _____

Its:  Assistant Secretary


DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

## PARTY CERTIFICATION

2        The undersigned, under penalty of perjury of the laws of the State of Washington

3    declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing

4    Requests, and swear that the Responses are true and complete to the best of my knowledge and

5    belief.

6        DATED this _2nd_ day of May, 2012.

7

8

9                ONEWEST BANK, FSB

10

11               By: _____

12               MORTGAGE ELECTRONIC

13               REGISTRATION SYSTEMS, INC.

14               By: _____

15               Its: Assistant Secretary

16                     _Emmett Myatt_

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 12

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  JAMES MCDONALD,

10          Plaintiff,                          No.  C10-1952 RSL

11      v.                                      **DEFENDANTS ONEWEST BANK,
                                                FSB, MORTGAGE ELECTRONIC
12  ONEWEST BANK, FSB, NORTHWEST                REGISTRATION SYSTEMS, INC.,
    TRUSTEE SERVICES, INC., MORTGAGE            AND NORTHWEST TRUSTEE
13  ELECTRONIC REGISTRATION SYSTEMS,            SERVICES, INC.'S RESPONSE TO
    INC., INDYMAC BANK FSB, DOES 1-50,          PLAINTIFF'S SECOND REQUEST
14                                              FOR PRODUCTION OF
            Defendants.                         DOCUMENTS**
15

16

17          COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

18  Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

19  (collectively "Defendants") and responds to Plaintiff James McDonald's Second Set of

20  Interrogatories and Request for Production of Documents ("Requests") as follows:

21                  I.      **PRELIMINARY STATEMENT**

22          These responses are made solely for the purpose of this action.  Each response and each

23  document produced is subject to all appropriate objections (including, but not limited to,

24  objections concerning competency, relevancy, materiality, propriety and admissibility) which

25  would require the exclusion of any statement contained herein or in any of the documents

26  produced, if any such document or documents were sought to be introduced into evidence in

    Court.  All such objections and grounds are reserved and may be interposed at the time of trial.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND          ROUTH            13555 SE 36th St., Ste 300
REQUEST FOR PRODUCTION OF DOCUMENTS                 CRABTREE         Bellevue, WA 98006
– PAGE 1 OF 3, CASE NO. C10-1952 RSL                OLSEN, P.S.      Telephone: 425.458.2121
                                                                     Facsimile: 425.458.2131

1    Defendants have not completed their investigation of facts, witnesses, or documents

2    related to this action; has not completed its analysis of available data; has not yet completed its

3    discovery in this action; and has not completed preparation for trial. Thus, although a good faith

4    effort has been made to supply pertinent information when it has been requested, it is not

5    possible in many instances for unqualified responses to be made. Further, the responses are

6    necessarily made without prejudice to Defendants' right to produce any subsequently discovered

7    facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

8    adopt. These responses are given without prejudice to Defendants' right to provide facts,

9    witnesses or documents omitted from these responses by oversight, inadvertent or good faith

10   error or mistake. Defendants have furnished information that is presently available, which may

11   include hearsay and other forms of evidence that are neither reliable nor admissible.

12                              II.    **RESPONSES TO REQUESTS**

13   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** The complete governing

14   documents for subpool IN070227 as identified on the Complete Loan File Information from

15   Deutsche Bank National Trust Company, which Plaintiff has provided the Defense a copy of.

16        **RESPONSE:** Objection. Not reasonably calculated to lead to discovery of admissible

17   evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

18   respond. Without waiving any objections, Defendants have no documents responsive to this

19   request. However, upon discovery of material responsive to this request, Defendants reserve the

20   right to supplement this Response.

21   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** The complete governing

22   documents for the master pool/trust that the subpool identified above is a part of.

23        **RESPONSE:** Objection. Not reasonably calculated to lead to discovery of admissible

24   evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

25   respond. Without waiving any objections, Defendants have no documents responsive to this

26   request. However, upon discovery of material responsive to this request, Defendants reserve the

     right to supplement this Response.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 2 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   ANSWERS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.
2   Dated August 1st, 2011.

3

4                                              ROUTH CRABTREE OLSEN, P.S.

5

6                                              Heidi E. Buck, WSBA No. 41769
7                                              Of Attorneys for Defendants OneWest
                                               Bank, Mortgage Electronic Registration
                                               Systems, Inc., and Northwest Trustee
8                                              Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND          ROUTH          13555 SE 36th St., Ste 300
REQUEST FOR PRODUCTION OF DOCUMENTS                 CRABTREE       Bellevue, WA 98006
– PAGE 3 OF 3, CASE NO. C10-1952 RSL                OLSEN, P.S.    Telephone: 425.458.2121
                                                                   Facsimile: 425.458.2131

# Exhibit 13

The Honorable Judge Robert Lasnik

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9
JAMES MCDONALD,

10
                          Plaintiff,

11
          v.

12
ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE

13
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

14

15
                          Defendants.

No.  C10-1952 RSL

**DEFENDANT ONEWEST BANK,**
**FSB'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION**

16
          COMES NOW, Defendant OneWest Bank, FSB ("OneWest") and responds to Plaintiff

17
James McDonald's First Set of Interrogatories and Requests for Production as follows:

18
                    I.        **PRELIMINARY STATEMENT**

19
          These responses are made solely for the purpose of this action.  Each response and each

20
document produced is subject to all appropriate objections (including, but not limited to,

21
objections concerning competency, relevancy, materiality, propriety and admissibility) which

22
would require the exclusion of any statement contained herein or in any of the documents

23
produced, if any such document or documents were sought to be introduced into evidence in

24
Court.  All such objections and grounds are reserved and may be interposed at the time of trial.

25
          Defendant has not completed its investigation of facts, witnesses, or documents related to

26
this action; has not completed its analysis of available data; has not yet completed its discovery

in this action; and has not completed preparation for trial.  Thus, although a good faith effort has

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 1 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  been made to supply pertinent information when it has been requested, it is not possible in many

2  instances for unqualified responses to be made.  Further, the responses are necessarily made

3  without prejudice to Defendant's right to produce any subsequently discovered facts, witnesses,

4  or documents, as well as any new theories or contentions that Defendant may adopt.  These

5  responses are given without prejudice to Defendant's right to provide facts, witnesses or

6  documents omitted from these responses by oversight, inadvertent or good faith error or mistake.

7  Defendant has furnished information that is presently available, which may include hearsay and

8  other forms of evidence that are neither reliable nor admissible.

## II.    GENERAL OBJECTIONS

10     Each of the general objections stated below are continuing objections which Defendant

11  will incorporate into specific responses as appropriate:

12     A.  Not Reasonably Calculated Objection:

13        Many of the requests, in whole or in part, seek information or documents that are

14        neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

15        to the discovery of admissible evidence in respect thereto.

16     B.  Ambiguity Objection:

17        Many of the specific requests are phrased in language that is so vague, ambiguous,

18        and uncertain that Defendant is unable to ascertain what information is requested.

19     C.  Burden Objection:

20        Many of the specific requests are materially overbroad in whole or in part, or are

21        burdensome and oppressive on the grounds that they seek information that is equally

22        accessible to or already within the possession of the plaintiff, or information that is

23        not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

24        relevant as to have no practical benefit to the plaintiff, while placing an inordinate

25        burden and expense on Defendant to respond.

26     D.  Duplicative Request Objection:

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 2 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Many of the specific requests are duplicative in that that they request information that

2   is requested by more than one Interrogatory.

3   ### III.   SPECIFIC RESPONSES TO REQUESTS

4   **Interrogatory 1:** Identify the date, value received and to whom Indymac Bank, FSB sold,

5   transferred, conveyed, granted, or negotiated or otherwise released its interest in Plaintiff's Note

6   and/or Plaintiff's Deed of Trust.

7   **RESPONSE:** Defendant OneWest objects to Interrogatory No. 1 on the basis that it is

8   duplicative, is vague and ambiguous, and is not reasonably calculated to lead to the discovery of

9   admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.

10   Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

11   material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

12   "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

13   requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

14   the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

15   *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

16   discovery is not to be used as a fishing expedition to see what may turn up).

17

18   **Request to Produce 1:** Provide any documents, screenshots, communication or other

19   information that supports your answer to Interrogatory #1.

20   **RESPONSE:** Defendant OneWest objects to RFP No. 1 on the basis that it is vague and

21   ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

22   Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

23   26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

24   *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

25   provides for broad discovery, courts should not grant discovery requests based on pure

26   speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 3 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

2  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

3  a fishing expedition to see what may turn up).

4

5  **Interrogatory 2**: Describe the contract referred to on Form 1034A provided to Plaintiff in the

6  Response to the First Request to Produce that is referred to as Freddie Mac Contract

7  0702156058.

8  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 2 on the basis that it is vague and

9  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

10  Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

11  26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

12  *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

13  provides for broad discovery, courts should not grant discovery requests based on pure

14  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

15  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

16  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

17  a fishing expedition to see what may turn up).

18

19  **Request to Produce 2:** Provide a copy of the contract and any supporting documents,

20  screenshots, communication or other information relating to Freddie Mac Contract 0702156058.

21  **RESPONSE:** Defendant OneWest objects to RFP No. 2 on the basis that it is vague and

22  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

23  Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

24  26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

25  *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

26  provides for broad discovery, courts should not grant discovery requests based on pure

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
-- PAGE 4 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

2  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

3  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

4  a fishing expedition to see what may turn up).

5

6  **Interrogatory 3:** Identify what the identification number of IN010C found at the top of Form

7  1036 provided in Response to the First Request to Produce is and describe any relationship that

8  identification number has to Plaintiff's Note.

9  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 3 on the basis that it is vague and

10  ambiguous and on the basis that it is not reasonably calculated to lead to the discovery of

11  admissible evidence.  Moreover, fishing expeditions are not a proper basis to conduct discovery.

12  Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

13  material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

14  "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

15  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

16  the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

17  *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

18  discovery is not to be used as a fishing expedition to see what may turn up). Without waiving the

19  foregoing objections, Defendant OneWest has no knowledge of identification number of IN010C

20  found at the top of Form 1036.

21

22  **Request to Produce 3:** Provide any and all documentation relating to the answer given in

23  Interrogatory #3.

24  **RESPONSE:** Defendant OneWest objects to RFP No. 3 on the basis that it is vague and

25  ambiguous, and on the basis that it is not reasonably calculated to lead to the discovery of

26  admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 5 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

2   material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

3   "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

4   requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

5   the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

6   *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

7   discovery is not to be used as a fishing expedition to see what may turn up).

8

9   **Interrogatory 4:** Did the FDIC, as Receiver for Indymac Bank, FSB, repudiate the subject Loan

10  or Note?

11  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not

12  reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

13  the foregoing objections, no.

14

15  **Request to Produce 3:** Provide any and all documentation relating to the answer given in

16  Interrogatory #4.

17  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not

18  reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

19  the foregoing objections, OneWest is not aware of any documentation satisfying the foregoing

20  request.  Without waiving any of the foregoing objections, OneWest provides that it has no

21  knowledge of any documentation that satisfies the foregoing request.

22

23  **Interrogatory 5:** Describe any and all communication between Defendant OneWest Bank and

24  the FDIC in relation to the subject Note, Loan, litigation or any other topic relating to the

25  Plaintiff or the Plaintiff's property in this litigation.

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
-- PAGE 6 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    **RESPONSE:** Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad

2    and unduly burdensome, and it is not reasonably calculated to lead to the discovery of admissible

3    evidence. Without waiving any of the foregoing objections, after diligent search and

4    investigation, OneWest is unaware of any communication between OneWest and the FDIC as

5    described in Interrogatory No. 5.  Moreover, fishing expeditions are not a proper basis to conduct

6    discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of

7    relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting

8    that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

9    requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

10   the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

11   *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

12   discovery is not to be used as a fishing expedition to see what may turn up). Without waiving

13   any of the foregoing objections, Defendant OneWest has no knowledge of any communication

14   responsive to the foregoing request.

15

16   **Interrogatory 6:** Identify the independent field inspector, person or entity OneWest Bank sends

17   or causes to be sent to Plaintiff's real property on a monthly basis.

18   **RESPONSE:** Defendant OneWest objects to Interrogatory No. 6 on the basis that it is not

19   reasonably calculated to lead to the discovery of admissible evidence.  Moreover, fishing

20   expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring

21   good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222

22   F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad

23   discovery, courts should not grant discovery requests based on pure speculation that amount to

24   nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party

25   not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 7 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to

2    see what may turn up).

3

4    **Request to Produce 7:** Provide screenshots of any and all records from Indymac Bank, FSB,

5    Indymac MBS, Indymac Mortgage Services and OneWest Bank, FSB in relation to Plaintiff's

6    Note, Loan or Deed of Trust from the inception of the loan through the present.

7    <u>RESPONSE:</u>

8    Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad and unduly

9    burdensome, vague and ambiguous, and it is not reasonably calculated to lead to the discovery of

10   admissible evidence. Without waiving any of the foregoing objections, after diligent search and

11   investigation, OneWest is unaware of any screenshots and records that satisfy the foregoing

12   request.   Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ.

13   Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens*

14   *v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1)

15   still provides for broad discovery, courts should not grant discovery requests based on pure

16   speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

17   past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

18   *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

19   a fishing expedition to see what may turn up).

20

21

22

23

24

25

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 8 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**ATTORNEY CERTIFICATION**

The undersigned, as attorney for Defendant OneWest, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ___2nd___ day of August, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 9 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

## PARTY CERTIFICATION

2      The undersigned, under penalty of perjury of the laws of the State of Washington

3   declares that I am an employee of Defendant, that I have read the foregoing Requests, and swear

4   that the Responses are true and complete to the best of my knowledge and belief.

5      DATED this 2ND day of August, 2012.

6

7

8                                      ONEWEST BANK, FSB

9                                By: _____

10                                      Charles Boyis
                                        Vice President, OWB

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 10 OF 10. CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.     13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 14

**James McDonald**

**From:**      Michael J Henderson [███████████████████████]
**Sent:**      Wednesday, August 01, 2012 9:41 AM
**To:**        ████████████████████
**Subject:**   Subpoena To Produce Documents in Civil Action No. C10-19529-RSL

Dear Mr. McDonald:

I have looked into what will be necessary to gather the documents responsive to your subpoena, and have also learned that there will be some costs associated with doing so because it costs us time and money to conduct document searches, compile documents and prepare them for production.  Please review the following Freddie Mac guidelines for recouping costs for the production of responsive documents.

<u>Copying and/or CD costs:</u>     Actual costs if sent to outside vendor for copying, and $0.25 per page for documents (8 ½ x 14 and less) and/or $25.00 per CD for documents produced in-house.

<u>In-House Attorney's Time:</u>          $400.00 per hour.

<u>Paralegal's Time:</u>          $165.00 per hour.

<u>IT Support Time:</u>          $165.00 per hour.

<u>Clerical/Administrative Time:</u>          $60.00 per hour.

<u>Delivery Costs for Production of Documents:</u>     Actual costs are determined on level of service, volume/weight of documents (i.e., Postage/UPS and packaging or other delivery cost).

Although I cannot quote you a set price for what it will cost to gather the documents, I have been advised that it will likely range between $100-200.   However, that is not absolute.  Just so you know, we do not have these documents in-house and will have to obtain them from your servicer.  If you agree to these production costs and would like to move forward, please send me a reply email as confirmation.  Upon receipt of your email, we will commence the gathering the documents and follow up with a letter outlining the actual costs for the production. As a matter of policy, Freddie Mac will deliver copies of the documents upon receipt of payment for the cost of production.

Please contact me with any questions.

Freddie
Mac
We make home possible

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department (Single Family Portfolio Management Litigation)

8200 Jones Branch Drive
McLean, Virginia 22102-3110
Tel: ████████
Fax: ████████
email: ████████████████

8/12/2012

# Exhibit 15

**James McDonald**

**From:**   Michael J Henderson [██████████████████]
**Sent:**   Thursday, August 02, 2012 2:35 PM
**To:**   ████████████████
**Subject:** Subpoena To Produce Documents in Civil Action No. C10-19529-RSL

James,

In response to your subpoena upon Freddie Mac in the referenced matter, we have determined that your loan (#332479455) was in security pool 1J1527, and was accelerated out on 2/15/10. For that pool, we have confirmed that it relates to the Offering Circular dated July 1, 2004, and Mortgage Participation Certificates Agreement dated February 1, 2001. These are the two documents we have.

The itemized costs associated with providing these documents are below. Please note that the clerical & paralegal time is kept low and not actual time to make the cost more amenable for you, and I am not including any of my time.

1.   Pages (58) = $14.50
2.   Clerical / Admin. Time (30 minutes) = $30.00
3.   Paralegal Time (30 minutes) = $82.50
4.   In-House Attorney Time = 0.00

Total:   $127.00

Please forward a check in the amount indicated above to my attention payable to Freddie Mac at the following address:

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department
8200 Jones Branch Drive
McLean, Virginia 22102-3110

Upon receipt, I will send you the documents via email.

Please call me with any questions.

Freddie
Mac
We make home possible

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department (Single Family Portfolio Management Litigation)

8200 Jones Branch Drive
McLean, Virginia 22102-3110
Tel: ██████████
Fax: ██████████████
email: ████████████████████

8/12/2012

# Exhibit 16

Freddie Mac
Additional Supplement for Mortgage Participation Certificates (PCs)
Prepayment Penalty Mortgages

ADDITIONAL SUPPLEMENT dated February 27, 2007

PC Pool Number:  1J1527                    Seller Name: Indymac Bank, F.S.B.


CUSIP Number:  3128NHVU4


This Additional Supplement describes certain characteristics of the PCs and/or the Mortgages comprising the PC Pool that are not contained in the information and characteristics set forth in our Offering Circular for Mortgage Participation Certificates dated October 14, 2005, as it may be supplemented from time to time ("PC Offering Circular") or the related Pool Supplement. This information is as of the PC issue date and supplements the information in the related Pool Supplement. Information and representations in this Additional Supplement about the seller and the Mortgages are the information and representations only of the seller of the Mortgages; we make no representations or warranties concerning the accuracy or completeness of the information contained herein. You should purchase the PCs only after reading this Additional Supplement, the Pool Supplement and the PC Offering Circular. Capitalized terms used in this Additional Supplement (other than capitalized terms that are defined in this document) have the same meanings as in the PC Offering Circular. The Additional Supplement incorporates by reference the PC Offering Circular and the related Pool Supplement.

We guarantee the payment of interest and principal on the PCs as described in the PC Offering Circular. Principal and interest payments on the PCs are not guaranteed by and are not debts or obligations of the United States or any federal agency or instrumentality other than Freddie Mac. The PCs are not tax-exempt securities. Because of applicable securities law exemptions, Freddie Mac has not registered the PCs with any federal or state securities commission. No securities commission has reviewed this Additional Supplement.

MORTGAGES — Special Mortgage Characteristics

| % UPB | Number of Loans | Prepayment Protection Description | Premium Due on Sale of Property (Y or N) | Prepayment Protection Term Expired |
|---|---|---|---|---|
| 100 | 145 | If within the first three years, a full or partial prepayment of more than 20% of the original principal amount is made in any 12-month period, a prepayment charge will be an amount equal to the payment of 6 months' advance interest on the amount prepaid in excess of 20% of the original principal amount. | Y | N |