1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                      )
JAMES MCDONALD,                                       )          No. C10-1952RSL
                                                      )
                              Plaintiff,              )
                                                      )          ORDER REGARDING PLAINTIFF'S
                   v.                                 )          MOTION FOR EXTENSION OF
                                                      )          DISCOVERY AND DISPOSITIVE
ONEWEST BANK, FSB, *et al.*,                          )          MOTION DEADLINES
                                                      )
                              Defendants.             )
_____)

     This matter comes before the Court on plaintiff James McDonald's "Motion For

Extension for Dispositive Motion Cut-off Date."  Dkt. # 157.  The Court, having reviewed the

memoranda, declarations, and exhibits submitted by the parties, finds as follows:

     To the extent plaintiff's motion seeks an extension of the discovery cut-off, the

motion is DENIED.  Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines

established by the Court "may be modified only for good cause and with the judge's consent."[1]

_____

     [1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well
as trial procedure.  The purpose of the change was to improve the efficiency of federal litigation:
leaving the parties to their own devices until shortly before trial was apparently costly and
resulted in undue delay.  Under the new rule, once a case management schedule issues, changes
will be made only if the movant shows "good cause."

     Rule 16(b)'s "good cause" standard primarily considers the diligence of the party
     seeking the amendment.  The district court may modify the pretrial schedule "if it
     cannot reasonably be met with the diligence of the party seeking the extension."

ORDER REGARDING PLAINTIFF'S MOTION
FOR EXTENSION OF DEADLINES

Plaintiff has failed to establish good cause for extending the discovery deadline.  Plaintiff's theory of the case has always been that, despite defendants' statements to the contrary, they did not "hold" the note and were not entitled to use the nonjudicial foreclosure procedures set forth in the Deed of Trust Act.  The need for discovery regarding ownership and/or possession of the note was apparent long ago, and plaintiff has not explained his failure to pursue the discovery in a timely manner.  Having failed to establish diligence, plaintiff is not entitled to an extension of the discovery cut-off.

The Court will, however, extend the deadline for dispositive motions.  The Washington Supreme Court recently issued its decision in Bain v. Metropolitan Mortgage Group, Inc., __ Wn.2d __, 2012 WL 3517326 (Aug. 16, 2012), which will inform the Court's analysis of various issues including defendants' constructive possession theory, the ramifications of an unauthorized appointment of a successor trustee, the remedies available for a violation of the Deed of Trust Act, and the viability of plaintiff's Consumer Protection Act claim.  Given the importance of this decision to the issues presented in this case, the parties will be given an opportunity to incorporate Bain into their dispositive motions.  The parties are directed to reconsider their pending dispositive motions and withdraw the motions or parts thereof that are no longer supportable and/or require significant amendment in light of Bain.  New or revised motions for summary judgment may be filed on or before September 21, 2012, and noted on the Court's calendar for consideration on October 19, 2012.

For all of the foregoing reasons, plaintiff's motion (Dkt. # 157) is GRANTED in

---

Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (also noting that "[t]he burden was upon [plaintiff] to prosecute his case properly.").  See Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER REGARDING PLAINTIFF'S MOTION
FOR EXTENSION OF DEADLINES                    -2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

part and DENIED in part.  Plaintiff's requests for an extension of the discovery cut-off and the renoting of defendants' pending motion for partial summary judgment (Dkt. # 154) are DENIED.  The dispositive motion deadline will, however, be extended to September 21, 2012. The trial and other related dates will be extended accordingly.

Dated this 22nd day of August, 2012.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S MOTION
FOR EXTENSION OF DEADLINES          -3-