The Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

    Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,

    Defendants.

No. C10-1952 RSL

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**NOTING DATE: AUGUST 24, 2012**

**ORAL ARGUMENT REQUESTED**

Defendant OneWest Bank, FSB ("OneWest") submits the following in reply to the Plaintiff's Opposition [Dkt. 162] to Defendant's Partial Motion for Summary Judgment. [Dkt. 154].

The following Reply responds to Plaintiff's responsive arguments not already addressed in Defendants' initial motion for summary judgment.

## I. REPLY

**A.  No motion under FRCP 56(f)(1) is currently before the court, and Plaintiff is not entitled to further discovery.**

Plaintiff submitted an opposition to Defendant OneWest's partial motion for summary judgment ("Partial MSJ"), and asked that the court deny the motion for alternatively "rule in favor of the Plaintiff as allowed by FRCP(F)(1)." Dkt. 162, pg 1, Lines 15-16.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 1 OF 6
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

There is no motion by Plaintiff under FRCP 56(f)(1) currently before the court. In fact, the court has already denied Plaintiff's request to extend the discovery cut-off deadline. *See* Dkt. 164. Moreover, the deadline for motions relating to discovery has also passed. *See* Dkt. 164. Accordingly, any motion or request pursuant to FRCP 56(f) should be denied.

**B. The court should strike or ignore the irrelevant material contained in Plaintiff's opposition.**

Pursuant to F.R.C.P. 12(f)(2), the "court may strike from a pleading...immaterial, impertinent, or scandalous matter. The court may act...on it own; or on motion made by a party ... within 21 days after being served with the pleading."

Much of Plaintiff's opposition and supporting declaration to OneWest's Partial MSJ appears to be a veiled attempt to continue discussion about discovery, which is now closed. Thus, to the extent Plaintiff's opposition and declaration in support thereof attempts to renew arguments relating to Plaintiff's previous discovery motions, they should be stricken.[1]

**C. If OneWest is not a furnisher, as Plaintiff suggests, OneWest is not liable for a claim under the FCRA.**

Plaintiff's opposition appears to assert that OneWest is not, in fact, a furnisher of credit. Dkt. 162, Pg. 6, Lines 14-24. As discussed in OneWest's motion, the duties imposed by the FCRA are imposed on "furnishers." *See* 15 U.S.C. §1681s–2. Thus, if OneWest is not a furnisher, as Plaintiff suggests, the duties imposed under 15 U.S.C. § 1681s, which forms the basis for Plaintiff's FCRA claim would not arise, and OneWest would face no liability for purported violations. As such, OneWest is entitled to summary judgment.

**D. In any event, Plaintiff fails to set forth any evidence to overcome summary judgment as to the FCRA claim.**

As set forth in OneWest's partial motion for summary judgment and the accompanying declaration of Charles Boyle, Plaintiff's FCRA claim fails (1) because the claim that OneWest

---

[1] *See* Plaintiff's Opposition (Dkt. 162); *see also* Declaration of James McDonald (Dkt. 163).

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 2 OF 6
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

violated the FCRA by failing to mark the account in dispute and/or correct the disputed issues since Plaintiff lodged his dispute falls under Section 1681s–2(a), and no private right of action exists under that section and (2) OneWest complied with its duties to conduct a reasonable investigation under § 1681s–2(b). Nothing in Plaintiff's opposition refutes the evidence set forth by OneWest demonstrating it completed a reasonable investigation of the disputes received by OneWest. *See* Dkt. 154, Sections (VI(D) and (E) and Dkt. 156, Exhibits A and B.

As discussed in OneWest's motion, Courts have determined that the level of inquiry required by the furnisher is dependent upon what it learned about the nature of the dispute from the description in the CRA's notice of dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 2009 WL 3365928 (9th Cir. 2009) (citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.2005) (holding that the furnisher's investigation in that case was reasonable given the "scant information" it received from the CRA regarding the nature of the consumer's dispute)). And, although reasonableness is normally a question for the finder of fact, **summary judgment is appropriate "when only one conclusion about the conduct's reasonableness is possible."** *Id.* (Emphasis added). Thus, despite Plaintiff's citation to cases in which reasonableness was an issue for the trier of fact, *Gorman* still supports the conclusion that in some cases it can be resolved on summary judgment.

Given the scant information that was provided in this case (*see* Dkt. 156, Exhibits A and B), the evidence demonstrating both the information received by OneWest and OneWest's investigation, there is no genuine issue of material fact that precludes summary judgment. *See Gorman*, at 1157 *(citing Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.2005) ("[The furnisher's] investigation in this case was reasonable given the scant information it received regarding the nature of [the consumer's] dispute.")).

Here, OneWest followed the letter of the law in its investigation and response to the TransUnion and Equifax Disputes. Dkt. 154, Sec. VI(E). And, Plaintiff has set forth nothing more than his bare testimony that the investigation was not reasonable. In fact, Plaintiff's own

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 3 OF 6
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

exhibits to the opposition demonstrate the fact of OneWest's investigation and report to the CRAs. *See* Dkt. 163, Exhibits 6, 7, and 8.

Plaintiff asserts that given the communication of his "dispute" based Plaintiff's theories of securitization and "OWNERSHIP of the indebtedness," OneWest (and their counsel[2]) should have addressed such dispute in their investigation and report to the CRAs. However, as discussed in OneWest's Partial MSJ, "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

Moreover, the dispute based on securitization and ownership lacks merit. As the *Gorman* court held:

> A "furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b). *Cf. id.* at 151 ('[W]e assume, without deciding that a furnisher incurs liability under § 1681s–2(b) only if it fails to report a meritorious dispute.')."

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d at 1163.

First, Plaintiff's allegations that OneWest wrongfully asserted itself as the note owner in the Appointment and Notice of Default amount to a meritless dispute. "The issue of ownership, however, is largely immaterial...[b]ecause under Washington law the focus of the analysis is on who is the holder of the note, and thus the beneficiary under the [DTA], Plaintiff's concern should be whether he knows who to pay." *In re Reinke*, BR 09-19609, 2011 WL 5079561 at *11 (Bankr. W.D. Wash. Oct. 26, 2011) (citing *Veal v. American Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir. BAP 2011)). Plaintiff, however, makes no allegations that his default was caused by his uncertainty as to who payments should be directed.

---

[2] Plaintiff submitted the subject disputes to the CRAs in June and July of 2010 yet did not file the subject lawsuit until December 2010. To the extent Plaintiff suggest counsel involved in this lawsuit should have known the nature of Plaintiff's dispute at the time he waged his dispute, such an assertion should be rejected. Counsel had no involvement in the matter at the time Plaintiff waged his disputes.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 4 OF 6
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Second, this Court has recognized that a loan's alleged securitization has no bearing on whether a party may foreclose and does not provide a basis to relieve a borrower or his loan obligations. "[S]ince the securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the Note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of securitization fail." *Lamb v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 5827813, *6 (W.D. Wash. 2011) (citing cases); *Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, *5 (W.D. Wash. 2011) (citing cases); *In re Veal*, 450 B.R. at 912 ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they do know who they should pay."). Accordingly, Plaintiff's allegations as to securitization – even assuming they are accurate – provide no basis to refute OneWest's authority as the note holder.

### E. Plaintiff's claims of fraud and misrepresentation are meritless.

To the extent Plaintiff suggests a defendant (or its counsel) can be liable for fraud or misrepresentation in arguing that a plaintiff has failed to assert adequate facts to support a claim or to show that a claim would be futile in the context of a motion for leave to amend the complaint, such a statement is without merit and should be stricken. FRCP 12(f). (allowing the court to strike scandalous matter). Furthermore, Plaintiff has no basis to move this Court to hold a show cause hearing requiring Defendant, its employees or representatives to "appear and explain" what Plaintiff views as inconsistencies.

### F. Plaintiff's challenge to the Declaration of Charles Boyle is unsuccessful.

A witness is qualified to make the declaration necessary for self-authentication of business record if he understands the system used to record and maintain information, and has knowledge of the procedure governing the creation and maintenance of the type of record to be admitted. *See* F.R.E. 803(6); *see also Fed. Deposit Ins. Corp. v. Staudinger*, 797 F.2d 908 (1986).

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 5 OF 6
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Here, Charles Boyle is a witness qualified to make this declaration. Mr. Boyle is employed by OneWest who testified to OneWest's receipt, investigation and response thereto of the "disputes" that are the subject of this motion based on OneWest's business records. The declaration used in *Arizmendi* and other cases cited by Plaintiff have no bearing on this matter. Here, the Declaration of Charles Boyle is proper and was signed under penalty of perjury. Also, he provided in his declaration that the business records he reviewed were made in the ordinary course of business. Further, while Plaintiff might find Mr. Boyle "untrustworthy", there is nothing in the record that indicates the records lack trustworthiness.

## II. CONCLUSION

Defendant OneWest has produced uncontroverted evidence in support of summary judgment on the FCRA claim in their favor. While Plaintiff has attempted to overcome summary judgment by setting forth his untimely discovery disputes and re-arguing his previous claims, nothing put forth by Plaintiff creates a genuine issue of material fact to defeat OneWest's entitlement to judgment as a matter of law. Accordingly, OneWest respectfully requests the court consider this reply in further support of its Partial Motion for Summary Judgment.

DATED this 24th day of August, 2012.

ROUTH CRABTREE OLSEN, P.S.

By: _____
Heidi Buck, WSBA No. 41769
Attorneys for Defendants OneWest, MERS,
and Northwest Trustee Services, Inc.

DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT – PAGE 6 OF 6
CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131