The Honorable Robert S Lasnik

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **James McDonald**<br>**Plaintiff**<br>v.<br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>**Defendants.** | No. **C10-1952-RSL**<br><br>Declaration of James McDonald in support of Plaintiff's Motion for Summary Judgment. |

James McDonald declares as follows:

1. I am the Plaintiff in the above action and am over the age of 18. Until now, I have been acting as Pro Se in this litigation. I have direct, personal knowledge of the matters referred to herein.

2. Each and every one of the documents submitted in the instant Motion for Summary Judgment has been provided to me by OneWest, other parties or through direct research of my own undertaking. As the pro se Plaintiff, I have maintained them carefully in their original condition. These documents have never left my custody. Other than making a copy of the documents and adhering to the rules regarding redaction for purpose of submission to the Court and other parties in this case, I have not altered the documents in any way.

3. In March of 2003 I became employed by Indymac Bank, FSB ("Indymac") for its mortgage wholesales operations. I am very familiar with the loan approval and closing process, and I was trained specifically to qualify borrowers and assign the interest rates

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

1

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  that correspond with their credit score and credit risk. I have maintained involvement in the
2  mortgage lending industry even after Indymac Bank laid off their sales employees on July
3  7, 2008. Therefore I am aware of all of the guidelines and requirements in the lending
4  industry.

5. Roughly a year after being laid off from Indymac, I began becoming aware of the unethical practices Indymac had been involved in, including potential securitization and investor fraud, as the SEC and other entities began announcing their investigations into both Indymac and their senior management staff. Later I became aware of the foreclosure fraud that was becoming evident from companies such as OneWest, MERS and Northwest Trustee.

6. I have never denied that I took out the mortgage loan, through a Note and Deed of Trust in January of 2007. Neither have I denied that I stopped making payments to OneWest, the self proclaimed servicer. I had requested assistance from Indymac Mortgage Services after being both laid off and injured in a car accident and was told they required me to be 90 days late before they would consider providing a loan modification. I noted then that the HAMP process did not require a borrower to actually be late, but simply requires evidence of hardship. OneWest seems to require the 90 days of not making payments in order to make more money in foreclosure as servicers make very little on a single loan. With the housing market in the worst slump since the Great Depression, it is far more attractive for banks to foreclose on as many houses as possible, turn in multiple insurance claims for the difference and pay servicers a lump sum for foreclosing.

7. I was declined for even a trial modification by OneWest. Based upon my experience in the mortgage industry, the declination was driven more by greed or negligence than by taking

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

2

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

into account the individual scenario. Based upon the current interest rates at the time, I would qualify for a modification if they utilized a similar loan program to what I already had.

7. As more and more information came out about the unethical behavior of OneWest, I realized there was nothing but their word that they were the appropriate party to negotiate with. I then began researching who actually owned my Note to conduct direct negotiations. I even called Freddie Mac. The individual I spoke with at that time told me he did not know who owned my Note and couldn't help me.

8. During the period of October of 2009 and the beginning of January, 2010, the only written correspondence I received from Indymac/OneWest were monthly billing statements.

9. On January 15, 2010 I came home to find a Notice of Default taped to my garage door. Obviously I was alarmed as I had been told by the supposed servicer to not make payments in order to receive consideration for a modification. This Notice of Default is attached as Exhibit 1.

10. The Notice of Default struck me as very odd as Section K showed OneWest was claiming to be the Note Owner. Having worked at Indymac I knew that Indymac did not portfolio their loans, but instead sold them. OneWest also falsely claimed to be the beneficiary of the Deed of Trust and my creditor.

11. Attached to the Notice of Default was a Beneficiary Declaration (Loss Mitigation Form) which is attached as Exhibit 2. The document claimed OneWest was the beneficiary of the loan and also claimed they had performed the required contact with me, which is completely untrue. The document was signed under penalty of perjury by Erica Johnson-Seck.

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

3

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

12. A few days later I received a collection letter from Routh Crabtree Olsen, claiming to be the attorney for my "lender" OneWest Bank. OneWest has never been my lender. They used typical subtle threatening language about losing my home to foreclosure while at the same time acting like they wanted to help me. This is around the same time that I had applied for a modification as I wrote above. This letter is attached as Exhibit 28.

13. While waiting for a response to my HAMP modification, I began doing research. I spoke with a couple of mortgage acquaintances I trusted about the situation and was advised that there had been several instances they had seen where OneWest was lying to homeowners and claiming rights they did not have. Quite frankly when I first heard this, I was very skeptical. How could these banks be knowingly and repeatedly breaking both federal and state laws when they were governed by the laws of the land and have governmental oversight? And next thing I know, it is all over the news. The government agencies were failing to properly execute their duties and foreclosure fraud was exploding out of the woodwork like an armada of roaches. With the ownership claims on the NOD, I suspected I might be one of those victims of fraud the news programs were talking about. I would later learn that was indeed the case.

14. I performed a public records search on my home and found two documents. The first was an Assignment of Deed of Trust (Exhibit 5). It claimed to transfer MERS' own beneficial interest in the Deed of Trust and Note to OneWest. From my experience at Indymac, I knew MERS had no rights to my Note. It made no representation of being an agent of some unknown current principle (since Indymac was dead and buried). This document was signed by Brian Burnett as Assistant Vice President of MERS. I understand that companies have the ability to allow other people to sign for them. However, the Corporate Resolution

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

4

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1   I was provided in discovery (Exhibit 6) lists the authorized signers for MERS and Mr.
2   Burnett is not on that list.

3   15. The second document was an Appointment of Successor Trustee (Exhibit 7). This
4   Appointment again claimed that OneWest was the owner of the Note and the beneficiary of
5   the Deed of Trust. It was signed under penalty of perjury by Suchann Murray. Later,
6   Northwest Trustee admitted to having drafted this document, knowing full well that
7   OneWest was not the owner (Exhibit 20).

8   16. The Defendants had one of their contractors, FEI, LLC, post a Notice of Trustee Sale
9   ("NOTS") on my garage door on February 12, 2010. This document is attached as Exhibit
10   8. The NOTS claimed the grantor was Julie McDonald. It also claimed that the grantees
11   were Northwest Trustee Services and OneWest. It falsely stated that OneWest was the
12   beneficiary and my creditor. It was signed by Vonnie McElligott, an employee of NWTS
13   whose name appears on numerous notices of trustee sales recorded throughout the State.

14  17. The next Monday I called and spoke with Ms. McElligott. I advised her that I had applied
15   for a HAMP Modification but had not heard anything back. I also advised her that
16   OneWest was not the owner of the Note or my creditor. I remember quite clearly that she
17   had a very apathetic tone and seemed eager to get me off the phone. As I discovered more
18   and more information regarding the falsities I kept trying to get in touch with her, foolishly
19   thinking that Northwest Trustee was ethical and would honor their duty of good faith to
20   me. She never returned my calls and when I did get a hold of her it was very obvious she
21   had no interest in helping. Because of that, I began to suspect that Northwest Trustee was
22   likely overly involved with OneWest.

23
24

Declaration of James McDonald in
Support of Plaintiff's Motion for
Summary Judgment

5

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    18. I began researching even more after the NOTS and became familiar with the laws

2        regarding non-judicial foreclosure. I knew that I could file a lawsuit, but I wanted to

3        attempt to handle this without having judicial intervention. I again spoke with other

4        mortgage professionals who were seeing similar issues and they assisted me in putting

5        together the Qualified Written Request, Dispute and Debt Validation Demand which I sent

6        to OneWest, Northwest Trustee, MERS and several government agencies on April 27,

7        2010. I also recorded it so the real owner might learn of what was going on. This QWR,

8        Dispute and DVD is attached as Exhibit 10.

9    19. MERS provided no response. Northwest Trustee sent me a letter, signed by their

10       Foreclosure Manager Jeff Stenman, claiming that they would investigate the matter. This

11       letter is attached as Exhibit 11. Of course that was completely insincere as I would find out

12       during discovery. In the system notes for Northwest Trustee, Vonnie McElligott referred to

13       the QWR, Dispute and DVD as "…18 pages internet stuff". There is no record of

14       Northwest Trustee investigating the matter, rather than dismissing it as their notes actually

15       reflect.

16    20. OneWest sent me a ridiculous response in May of 2010 (Exhibit 13). First, they refused to

17       stop reporting the false information to my credit, even during the 60 day period that is

18       required by RESPA. Second, they said that Freddie Mac was the "investor" of the Note. As

19       a mortgage professional, investor is a term often used as the company whose guidelines are

20       followed but they may not be the actual purchaser/owner of a Note. They did not retract

21       their false statements of ownership, nor did they validate the debt as required by the DVD

22       portion of the document. They refused to answer the questions and failed to give a

23

24

Declaration of James McDonald in
Support of Plaintiff's Motion for     6
Summary Judgment

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

plausible reason other than they were deemed "burdensome", again in violation of both RESPA and FDCPA.

21. It was at this time that my parents notified me that OneWest had begun calling their home repeatedly and harassing them. This action taken by OneWest was clearly to harass and embarrass me as they had no reason to contact my parents or another third-party; they were in communication with me. This event necessitated an additional letter from me informing them to cease and desist all contact with the exception of mail. While I was initially willing to speak with them directly, I certainly would not tolerate them harassing my family in another state.

22. Instead of complying, OneWest began sending someone to knock on my door once a month. Every month thereafter an individual who will not identify himself or the company he works for, knocks on my door and leaves a paper to call OneWest. 27 times since they acknowledged the "do not contact" this has happened. There is absolutely no reason for this individual to come to my house other than to harass me. OneWest is very aware I live in my home. The worst part is that this individual nearly ran down two children on my street in the summer of 2011. Their father told me he asked the guy to slow down and was yelled and cursed at by the individual. I immediately called Heidi Buck, who is the lawyer for OneWest, and sent her an email asking her to assist in keeping these kids safe by communicating with his employer. I received no response.

23. I also sent a letter of dispute to Equifax, Experian, TransUnion and OneWest in June of 2010 in regards to the false reporting on my credit (Exhibit 19). OneWest did not respond to the letter. The three credit reporting agencies did. Each of them advised me they had

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

7

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  communicated with OneWest but the false reporting was not corrected, removed or even

2  notated by OneWest that it was disputed, all in violation of the Fair Credit Reporting Act.

3  24. I have been damaged by OneWest's refusal to obey the FCRA. Each time I have to renew

4  my mortgage license I have to file an explanation of why there is a foreclosure listed on

5  my credit report, when no legal foreclosure has ever begun. Each time I interview for a

6  new position, I have to explain the same which causes severe embarrassment and has cost

7  me some lucrative positions. I recently applied for CareCredit to obtain treatment for my

8  injured dog and was denied as result of the derogatory items reported by OneWest.

9  25. By this time I was understandably fed up. OneWest had been lying to me for months and

10  Northwest Trustee was obviously too involved with the bank to be impartial or acting in

11  good faith as the purported trustee. I looked at my options and chose to file bankruptcy. On

12  my Schedule F I listed OneWest as an unsecured **disputed** account (Exhibit 27).

13  Unfortunately, the bankruptcy process is not the easiest to get through as a novice and my

14  case was dismissed by the bankruptcy court for missing a scheduled meeting that I was

15  unaware had been scheduled. No account was included or discharged as the bankruptcy

16  never had a chance to get that far.

17  26. Shortly thereafter, Northwest Trustee issued an Amended Notice of Trustee Sale

18  (ANOTS). All of the defendants were quite aware that I knew OneWest was not the owner

19  of the Note as the law requires and were even more aware that the non-judicial foreclosure

20  was improper. Yet once again they determinedly repeated their false statements that

21  OneWest is the legal beneficiary and my creditor. I gave one last attempt to contact Vonnie

22  McElligott to remind her I knew the information was false. After not receiving a response,

23  I began preparing this lawsuit.

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

8

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

27. When I first filed this lawsuit, I stated that Freddie Mac was the owner of the Note, not OneWest. Then I started researching Freddie Mac and read their website. Their website states very clearly that if they do buy a note, they quickly sell it into a trust rather than hold onto it. Between the sales of the Notes and the credit risk fee they charge on every loan, they continue to operate. They guarantee the payments as a result of the credit risk fee they charge. I have attached a copy of this webpage for the Court's convenience as Exhibit 29.

28. This allegation is likely why the defendants changed their story when the litigation started. They went from saying that OneWest was the owner to Freddie Mac is the owner and OneWest services the loan for Freddie Mac. Through the Declarations of Charles Boyle and JC San Pedro (Exhibits 14 & 18) to every brief that followed, this was their new fable. In fact it was not until August of 2012 that I finally found out the truth, not for a lack of trying. I subpoenaed Freddie Mac for the trust information that the Note was sold into and ended up communicating at length with their General Counsel, Michael Henderson. Mr. Henderson advised me that Freddie Mac did not have the trust documentation and he would have to obtain the information from OneWest. He also advised me that my Note had been sold into Pool 1J1527 (Exhibit 16). I requested further information from Freddie Mac's securities department and received the Supplemental Pool Information (Exhibit 17) which showed Indymac had sold the Note directly to a mortgage backed security and Freddie Mac only acted as a guarantor of that trust.

29. I had attempted to get this information much earlier in the case. I subpoenaed Deutsche Bank National Trust Company, who was identified on the Custodial Agreement (Exhibit 21) the defense attempted to use as proof OneWest had the right to conduct this non-judicial foreclosure. Deutsche responded by providing me the file history, which not only

Declaration of James McDonald in
Support of Plaintiff's Motion for
Summary Judgment

9

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

shows that Deutsche had never received the Note OneWest claims to have appropriated from them, but also shows that the Note was sold into a trust on February 27, 2007 (Exhibit 15). I then repeatedly requested this information in discovery to OneWest only to be told that OneWest had nothing responsive (Exhibit 30). I asked again through Interrogatories and OneWest not only refused to answer but also claimed they had no computer records of my Note or loan whatsoever (Exhibit 31).

30. I have viewed this alleged original note Heidi Buck claims to have. There is virtually no discernible wear and tear on the document, when I know how bent the Notes that came through the Indymac operations center became before being sent off to be warehoused. There is nothing that indicates an actual pen wrote on the paper including the normal indentation. There is simply nothing that indicates that document is anything more than a high quality color copy or reproduction of the original article.

31. The bottom line is when I finally received the information from Freddie Mac, one thing was very clear. Not only had they been lying to me and the public for over two and a half years, but now **they had been lying to the Court from the start of this case**.

32. **Damage Calculations.** I want to show the Court how I came to the damage calculations for the claims I have made in this case.

   i. The CPA/DOTA claims are based upon the amount used by the Attorney General of Washington in *State of Washington v. Recontrust* Pacer 2:2011-cv-01460 (2011). I have seen people use higher numbers, but I respect the attorney general's calculations of $2,000 per deceptive act then trebled as allowed by the CPA.

   ii. I also claim lost income opportunity and a loss of quality in life as injury as discussed in *Panag v Farmers Ins. Co. of Washington,* 166 Wn.2d 27, 204 P.3d 885 (2009). In doing

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

10

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

so I wanted to be reasonable in the amount requested. The action has significantly impaired my ability to work and find new clients, in addition to hindering my ability to effectively maintain the clients I have had. I have spent hundreds of hours researching the rampant fraud that the Defendants and companies like the Defendants have been committing, as well as learning how to competently advocate for myself as a pro se in this case, with no legal background. Were it not for the necessity to protect my civil rights against the abuses of the Defendants, my income would not have suffered.

Therefore, I am requesting $177,352.24 in damages as an accurate reflection of the income I have lost as a result of this lawsuit. This is a weighted figure calculated by averaging three years of income, including my income in 2009 when I was unable to work for the majority of the year. I reduced 30% of the calculated gross income to reflect the recessed economy and industry conditions. I have requested 31 months at $5,721.04 per month for a total of $177,352.24. The unweighted amount would be $8,172.92 per month for a total of $253,360.52.

iii. I am asking the Court to impose $25,000 on each Defendant as punitive damages based on the fraud and civil conspiracy conduct. Punitive damages should be sufficiently severe to deter future misconduct. These Defendants are financial institutions or service providers of financial institutions with record profit earnings this year as well as in the past. Given the blatant and recalcitrant behavior exhibited by Defendants, $25,000 a violation is only a modest amount. $15,000 for each count of slander of title as briefed in the complaint as well.

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment

11

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

  iv. I am requesting $34,000 in FDCPA damages, $34,000 in RESPA damages, and the total of daily violations for the FCRA in the final accrued amount at the time of judgment. These are statutory damages provided by the law and supported by the facts of this case.

  v. Finally, I am requesting $1,011.37 in out of pocket expenses for bringing this action plus any fees incurred by Ms. Dao's representation as my attorney.

33. With the behavior of these defendants, it is obvious they have been working together against me. Northwest Trustee knew OneWest was not the owner of the Note to begin with and moved forward anyway. When I told them I was aware of it, they ignored me and dismissed me as shown above. OneWest knew from the beginning that Indymac sold the Note to a Trust long before going out of business (and by law losing all legal and equitable interest in it), yet they still claimed to be the owner during the non-judicial foreclosure, and then changed their story to another false claim when the litigation began. These defendants are nothing more than modern day carpetbaggers. They have been lying to me, to the public and the Court the entire time. It is time that they are shown that fraud will not be tolerated and violating the statutes of this state and country will be met with repercussions.

34. For the Court's convenience, I have prepared some visual aids for quick reference. They are found in Appendices C-E.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge. This declaration was executed on the 21st day of September, 2012.

                **/s/ James McDonald -**
                **James McDonald**

Declaration of James McDonald in Support of Plaintiff's Motion for Summary Judgment   12

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com