# Exhibit 11
## Stenman Letter



**NORTHWEST**
Trustee Services Inc.

Jeff Stenman
Foreclosure Manager
Direct: (425) 586-1903
jstenman@northwesttrustee.com

May 10, 2010

Mr. James B. McDonald
14840 119th Pl. N.E.
Kirkland, WA 98034

    *Re: OneWest Bank FSB/Loan No: 1009111244*
    *Property address: 14840 119th Pl. N.E., Kirkland, WA 98034*
    *Our File No: 7523.21352*

Dear Mr. McDonald:

    This letter responds to your correspondence of April 27, 2010 addressed to Northwest Trustee Services, Inc. Enclosed please find a true and correct copy of the Deed of Trust evidencing your obligation to repay the amount borrowed, and your agreement to pledge property as security for repayment of the loan. Until the loan is repaid, the security interest will remain in the property. Upon default in repayment, the available remedies include foreclosure.

    A Qualified Written Request ("QWR") is written correspondence directed to the servicer of the loan, which includes a statement of *specific reasons* why the borrower believes that his or her account is in error. It must also provide sufficient detail to allow the servicer to review the borrower's account and determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors occurred, or explain to the borrower why the account is accurate. A QWR is not a vehicle for a borrower to obtain confidential or proprietary information, nor can it be used to support a fishing expedition for documents that do not relate specifically to *servicing* of a loan.

    Although your requests are overly broad, unduly burdensome, and not in conformity with 12 U.S.C. §2605, our office is communicating with the servicer for consideration of an additional response. If you have specific concerns about the foreclosure process, or would like to discuss workout options, please refrain from utilizing third-party "form letters," and contact OneWest Bank FSB directly at 800-669-2300. The terms and provisions in your loan documents remain unchanged and fully effective, and absent contrary direction from the servicer, the trustee will move forward with the property sale on May 21, 2010.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

3535 Factoria Blvd. SE, Suite 220 | PO Box 997 | Bellevue, WA 98006 | 425.586.1900 phone | 425.586.1997 fax

If you have any other questions, please feel free to contact me.  Thank you.

Sincerely,

NORTHWEST TRUSTEE SERVICES, INC.

By: _____

Jeff Stenman
Foreclosure Manager

Enclosures

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

3535 Factoria Blvd. SE, Suite 220 | PO Box 997 | Bellevue, WA 98006 | 425.586.1900 phone | 425.586.1997 fax

# Exhibit 12
## NWTS Notes

# Notes Summary

## Foreclosure - Washington / 7523.21352 / McDONALD, JAMES B.

12-29-09 -- NetDirector: -- NetDirector Referral

12-30-09 -- mcalderon: -- Loss Mit is needed, DOT dated 2007

12-30-09 -- mcalderon: -- DMDC, SSDI and BK check clear

12-30-09 -- mcalderon: -- Conflict check clear

01-06-10 -- rpre: -- Foreclosure Loss Mitigation Form uploaded into RCO Fidelity LPS for execution.

01-12-10 -- mcalderon: -- TSG Ordered

01-15-10 -- Automation: -- NOD posting order confirmed by FEI as received at 1/15/2010 11:19:16 AM as FEI file number 1002.143724

01-21-10 -- rpre: -- Emailed Gerri & Lan at Fidelity CA for copies if Paragraph 12 & 13 of the title report.

01-25-10 -- rpre: -- Drafted Assignment from MERS to OneWest Bank FSB and uploaded into RCO Fidelity LPS for execution.

01-25-10 -- rpre: -- Appointment uploaded into RCO Fidelity LPS for execution.

01-25-10 -- rpre: -- Beneficiary Declaration uploaded into RCO Fidelity LPS for execution.

02-02-10 -- rpre: -- Assignment & Appointment sent overnight to Absolute Abstracting for recording. (elfed)

02-16-10 -- rpre: -- Banko Clear released 05/21/10 Sale NTS with Teresa at Absolute Abstracting for recording.

02-17-10 -- vmcelligott: -- Mr. called, has applied to lender for assistance, hasn't heard in month and 1/2, has he contacted them, yes under review, wanted us in the loop.

03-03-10 -- imarinca: -- Quoted f&c $2,205.16 gt 4/03/10.

03-08-10 -- bpowell: -- Quoted f&c g/t 4-6-10 $1888.16 LPS

03-10-10 -- nruhlen: -- Paid $25 tech fee LPS-NewTrak ☐NT004461845

03-25-10 -- kperrin: -- Per LPS: Hold Fc - Hamp. Issue Comments: Please hold all FC action due to HAMP, bill up to the date of the hold request and do not proceed until further advisement from OWB. Thank you. Emld VM

03-30-10 -- vmcelligott: -- removed and reentered sale date.

04-23-10 -- breynolds: -- OLV  $312,816.00

04-27-10 -- mcalderon: -- 2-4-2010 endorsement shows ADOT #20100204000502; AST #20100204000503

04-30-10 -- hnguyen: -- Bid inst to ELF

05-06-10 -- vmcelligott: -- Recd Official Objection to sale, notice of lawful debt validation, 18 page internet stuff

05-14-10 -- mcalderon: -- 5-13-2010 endorsement shows NTS #20100216001242; Lien #20100416000584 High Woodland HOA; Constructive Legal Notice of Lawful Debt Validation Demand #20100428000527; Demand #20100428000528

05-19-10 -- vmcelligott: -- FHLMC Instr to PP have this FM number and address correct but the ref to the serv loan is dif number.

# Exhibit 13
# OneWest Letter May 2010

 **OneWest Bank**

OneWest Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

800 781 7399 Tel
269 353 2460 International Callers

www.onewestbank.com

May 18, 2010

James Bradley McDonald
14840 119Th Place NE
Kirkland, WA 98034

RE: Loan Number 1009111244

Dear Mr. James McDonald:

This letter is in response to your correspondence received May 5, 2010 regarding the above referenced home loan. Although your correspondence is presented as a Qualified Written Request (QWR) the information requested is well beyond the scope of a QWR as defined in the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. 2605(e)(1)(B), and does not constitute a QWR subject to the provisions of that statute. This response is provided solely as a matter of customer service in accordance with IndyMac Mortgage Services, a division of OneWest Bank®, FSBs policy.

A QWR is written correspondence to your loan servicer stating specific reasons why you believe the servicing of your account is in error. It must also include sufficient detail to allow the servicer the opportunity to fully investigate the matter to determine if errors were made in connection with the servicing of the account. Your correspondence fails to state that you believe there are specific errors in the servicing of your account. If you have a specific loan servicing issue, such as a payment application issue or a disbursement issue, please send all inquiries to the address below with a detailed explanation as to why you feel the account is in error. IndyMac Mortgage Services, a division of OneWest Bank®, FSB, 6900 Beatrice Dr, Kalamazoo MI 49009 Attention: Research Department

A QWR is not a vehicle for obtaining information regarding the lender's general business practices, including but not limited to its operations, systems of record, servicing by a prior servicing company or business relationships. With respect to those of your inquiries which go beyond the scope of a legitimate QWR, IndyMac Mortgage Services respectfully declines to provide the information requested.

From your letter I understand you are questioning the validity of the loan referenced above. Enclosed is a copy of the Executed Note that was signed at closing showing you entered into a contractual agreement. As a courtesy a 24 month payment history has also been included to show you have acknowledged the debt, along with the most recent escrow analysis for your review.

You retained Atlas Mortgage, Inc., an independent mortgage broker, to assist you in obtaining the loan. This may have included a discussion of one or more mortgage

 Member FDIC



One West Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

800 781 7399 Tel
269 353 2460 International Callers

www.onewestbank.com

products suited to your objectives, compiling your credit and property information and submitting your loan request to one or more lenders, including IndyMac Mortgage Services. Atlas Mortgage, Inc. represented you in this loan request transaction to IndyMac Mortgage Services.

Atlas Mortgage, Inc. is an independent mortgage broker and was not acting in the capacity of IndyMac Mortgage Services agent and did not represent IndyMac Mortgage Services. The mortgage professional with whom you conducted your discussions regarding the proposed financing was a Atlas Mortgage, Inc. employee. He or she represented you in this transaction, prepared the settlement figures/costs and estimated your monthly escrow deposits. Please contact Atlas Mortgage, Inc. at (425) 771-2311 if you have any questions regarding any representations your loan officer may or may not have made regarding the proposed loan terms.  Issues with Atlas Mortgage, Inc. cannot be resolved by IndyMac Mortgage Services.

Original documents – or at least the original promissory note and deed of trust/mortgage – are not available for inspection although if you would like to obtain a certified copy please fill out the order form enclosed.

Your letter included a request for copies of certain documents that pertain to your loan. The copies you requested can be costly, so as a courtesy we are writing you to encourage you to check your records to determine if you have retained the documents provided when your loan closed.  Limiting the number of document copies you actually need from IndyMac Mortgage Services will be less expensive to you and may save time.

Please research your records and complete the enclosed order form once you have identified the document copies you still require from Indymac Mortgage Services.  An example of how to fill out the order form is presented on the back of the form.  Once your form is complete, please submit a check in the total amount due along with the request form to IndyMac Mortgage Services, 6900 Beatrice Drive Kalamazoo, MI 49003, Attn: RESPA Department.  Upon receiving your request and payment, we will provide the desired documents to you within 30 business days of our receipt of the order form.  If we do not receive the order form and payment within 30 business days, we will close this request.

IndyMac Mortgage Services respectfully declines to put a stop on your credit reporting. As IndyMac Mortgage Services is required to comply with the FCRA (Fair Credit Reporting Act) stops will not be placed on the mortgage.  If there is specific payment application issues brought forth stops will be considered.


Member FDIC
EQUAL HOUSING LENDER



One West Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

800 781 7399 Tel
269 353 2460 International Callers

www.onewestbank.com

Please accept this letter as confirmation that the investor on your loan is Federal Home Loan Mortgage Company.  Any questions regarding your loan should be addressed directly to IndyMac Mortgage Services, a division of OneWest Bank®, FSB as we are responsible for the servicing of this loan.   The investor should not be contacted directly.

In providing the above response, IndyMac Mortgage Services is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under your loan documents, at law or in equity, all of which rights and remedies are expressly reserved. Further, the subject loan remains in full force and effect and we will continue to service the loan in accordance with the loan documents and applicable law.

Please be assured all options were considered in every effort to assist you with this matter. In the event you require further assistance please call 1-800-781-7399 Monday through Friday, from 8:00 a.m. until 9:00 p.m. EST.

Respectfully,

IndyMac Mortgage Services, a division of OneWest Bank, ® FSB

"This company is a debt collector and any information obtained will be used for that purpose.  However, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or your debt has been discharged pursuant to the bankruptcy laws of the United States, this communication is intended solely for informational purposes."



# Exhibit 14
## Composite Declarations
## Charles Boyle

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JAMES MCDONALD,

              Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

              Defendants.

No.  C10-1952 RSL

**DECLARATION OF CHARLES**
**BOYLE IN SUPPORT OF**
**DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT**

I, Charles Boyle, hereby declare:

    1.    I am Vice President of OneWest Bank, FSB ("OneWest"), Defendant herein. This Declaration is made in support of Defendants' Motion for Summary Judgment ("Defendants' Motion"). In the regular performance of my job functions, I am familiar with business records maintained by OneWest Bank for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by OneWest Bank.  It is the regular practice of OneWest Bank's mortgage servicing business to make these records.  In connection with

DECLARATION OF CHARLES BOYLE
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 1 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   making this declaration, I have personally examined these business records. If called as a

2   witness, I could testify competently thereto.

3          2.      On or about January 8, 2007, Plaintiff James B. McDonald ("McDonald" or

4   "Plaintiff"), in order to secure repayment of a promissory note (the "Note") in the amount of

5   $389,481.60, executed a Deed of Trust. True and correct copies of the Note and Deed of

6   Trust are attached to Defendants' Motion as Exhibits 1 and 2, respectively.

7          3.      After origination, Indymac Bank, FSB sold Plaintiff's Note to Federal Home

8   Loan Mortgage Company ("Freddie Mac"). Indymac Bank, FSB retained the servicing rights

9   and serviced the loan on behalf of Freddie Mac. Freddie Mac has remained the investor and

10  owner of the Note.

11         4.      IndyMac Bank FSB was closed by the Office of Thrift Supervision ("OTS")

12  in July 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as

13  Receiver. A true and correct copy of the OTS Order No. 2008-24 (July 11, 2008) is attached

14  to Defendants' Motion as Exhibit 3.[1]

15         5.      Thereafter, IndyMac Federal Bank ("IMFB") was created and the FDIC was

16  appointed Conservator. A true and correct copy of excerpts from the Purchase and

17  Assumption Agreement is attached to Defendants' Motion as Exhibit 4.[2]

18         6.      On March 19, 2009, the FDIC was appointed as Receiver for IMFB and sold

19  most of the assets including the rights to service the loan presently at issue to OneWest Bank,

20  FSB. True and correct copies of excerpts from the Master Purchase Agreement,[3] Loan Sale

21

22

23

24  [1] The Office of Thrift Supervision Order No. 2008-24, dated July 11, 2008, can be found, in entirety, online at
    http://www.ots.treas.gov/_files/680018.pdf.

25  [2] The Purchase and Assumption Agreement, in entirety, can be found online at
    http://www.fdic.gov/bank/individual/failed/IndyMac_P_and_A.pdf.

26  [3] The Master Purchase Agreement, in entirety, is available online at
    http://www.fdic.gov/about/freedom/IndyMacMasterPurchaseAgrmt.pdf.

DECLARATION OF **FIRSTNAME LASTNAME**
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 2 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Agreement,[4] and Servicing Business Asset Purchase Agreement[5] are attached to Defendants'
2    Motion as Exhibits 5, 6 and 7, respectively.

3           7.     OneWest Bank is the current servicer for Freddie Mac; IndyMac Mortgage
4    Services is a division of OneWest Bank. As part of the servicing agreement between
5    OneWest and Freddie Mac, OneWest has possession of the Note through a document
6    custodian, Deutsche Bank National Trust Co. ("Custodian"). A true and correct copy of the
7    Custodial Agreement between Freddie Mac, OneWest, and Deutsche Bank National Trust
8    Co. is attached to Defendants' Motion as Exhibit 8.

9           8.     As the servicer in possession (through its Custodian) of the Note, OneWest is
10   entitled to collect payments, initiate foreclosure upon borrower's default, and review
11   Plaintiff's loan for possible modification in accordance with investor guidelines.

12          9.     OneWest has been in possession of the Note and therefore the holder since on
13   or about March 19, 2009.

14          10.    On or about October 1, 2009, Plaintiff defaulted by failing to make the
15   payment due for October 1, 2009, and every payment thereafter due.

16          11.    On or about January 12, 2010, as an agent of OneWest Bank, FSB, Northwest
17   Trustee Services, Inc. mailed and posted a notice of default (the "Notice of Default") in
18   response to Plaintiff's default.

19          12.    On or about January 27, 2010, Mortgage Electronic Registration Systems
20   executed an assignment of deed of trust (the "Assignment") whereby MERS assigned its interest
21   under the Deed of Trust to OneWest Bank, FSB. The Assignment was recorded February 4,
22   2010, under King County Auditor's File No. 20100204000502. A true and correct copy of the
23   Assignment is attached to Defendants' Motion as Exhibit 10.

24

25   [4] The Loan Sale Agreement, in entirety, is available online at
     http://www.fdic.gov/about/freedom/IndyMacLoanSaleAgrmt.pdf.
26   [5] The Servicing Business Asset Purchase Agreement, in entirety, is available online at
     http://www.fdic.gov/bank/individual/failed/ServicingBusinessAssetPurchaseAgreement.pdf.

DECLARATION OF **FIRSTNAME LASTNAME**
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 3 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    13.    Brian Burnett was an employee of OneWest. Brian Burnett also has authority

2  granted by MERS to execute documents on behalf of MERS. A true and correct copy of the

3  MERS Corporate Resolution granting Burnett signing authority is attached to Defendants'

4  Motion as Exhibit 11.

5    14.    On or about February 4, 2010, as beneficiary, OneWest recorded an

6  appointment of successor trustee (the "Appointment") naming Northwest Trustee Services,

7  Inc. the successor trustee. The Appointment was recorded under King County Auditor's File

8  No. 20100204000503. A true and correct copy of the Appointment is attached to Defendants'

9  Motion as Exhibit 12.

10    I declare under penalty of perjury and the laws of the State of Washington that the

11  foregoing is true and correct to the best of my knowledge.

12

13  SIGNED this 23ᵃᵈ day of March, 2011.

14

15                                           **ONEWEST BANK, FSB**

16

17                                           Charles Boyle, Declarant

18

19

20

21

22

23

24

25

26

DECLARATION OF **FIRSTNAME LASTNAME**
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 4 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

JAMES MCDONALD,

         Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

         Defendants.

No. C10-1952 RSL

**DECLARATION OF CHARLES
BOYLE IN SUPPORT OF
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

    I, Charles Boyle, hereby declare:

    1.    I am Vice President for OneWest Bank, FSB ("OneWest"), Defendant herein. This Declaration is made in support of Defendants' Motion for Summary Judgment ("Defendants' Motion"). In the regular performance of my job functions, I am familiar with business records maintained by OneWest Bank for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by OneWest Bank. It is the regular practice of OneWest Bank's mortgage servicing business to make these records. In connection with making this declaration, I have personally examined these business records. If called as a witness, I could testify competently thereto.

DECLARATION OF CHARLES BOYLE
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 1 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

2. On or about January 8, 2007, Plaintiff James B. McDonald received a loan in the amount of $389,481.60. The loan was evidenced by a promissory note ("Note"), which was signed by James B. McDonald. A true and correct copy of the Note is attached to Defendants' Motion as Exhibit 1.

3. To secure repayment of the Note, Plaintiff granted to Mortgage Electronic Registration Systems as nominee for the original lender, Indymac Bank, F.S.B. and its successors and assigns, a deed of trust (the "Deed of Trust"). The Deed of Trust encumbers the real property commonly known as 14840 119th PL NE, Kirkland, Washington 98034 (the "Property"). The Deed of Trust was recorded on January 10, 2007, under King County Auditor's File No. 20070110002077. A true and correct copy of the Deed of Trust is attached to Defendants' Motion as Exhibit 2.

4. After origination, Indymac Bank, F.S.B. sold Plaintiff's Note to Federal Home Loan Mortgage Company ("Freddie Mac"). Indymac Bank, F.S.B. retained the servicing rights and serviced the loan on behalf of Freddie Mac. Freddie Mac has remained the investor and owner of the Note.

5. IndyMac Bank F.S.B. was closed by the Office of Thrift Supervision ("OTS") in July 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver. A true and correct copy of the OTS Order No. 2008-24 (July 11, 2008) is attached to Defendants' Motion as Exhibit 3.[1]

6. Thereafter, IndyMac Federal Bank, FSB ("IMFB") was created and the FDIC was appointed Conservator. A true and correct copy of excerpts from the Purchase and Assumption Agreement is attached to Defendants' Motion as Exhibit 4.[2]

---

[1] The Office of Thrift Supervision Order No. 2008-24, dated July 11, 2008, can be found, in entirety, online at http://www.ots.treas.gov/_files/680018.pdf.
[2] The Purchase and Assumption Agreement, in entirety, can be found online at http://www.fdic.gov/bank/individual/failed/IndyMac_P_and_A.pdf.

DECLARATION OF CHARLES BOYLE
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 2 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

7.      On March 19, 2009, the FDIC was appointed as Receiver for IMFB and sold a substantially all of the assets including the rights to service the loan presently at issue to OneWest Bank, FSB. True and correct copies of excerpts from the Master Purchase Agreement,[3] Loan Sale Agreement,[4] and Servicing Business Asset Purchase Agreement[5] are attached to Defendants' Motion as Exhibits 5, 6 and 7, respectively.

8.      OneWest Bank is the current servicer; IndyMac Mortgage Services is a division of OneWest Bank. OneWest services the loan on behalf of Freddie Mac in accordance with Freddie Mac's Single-Family Seller/Servicer Guide (the "Freddie Mac Servicer Guide").[6]

9.      As part of the Freddie Mac Servicer Guide, OneWest has possession of the blank endorsed Note through a document custodian, Deutsche Bank National Trust Co. ("Custodian"). A true and correct copy of the Custodial Agreement is attached to Defendants' Motion as Exhibit 8.

10.     OneWest is entitled to collect payments, initiate foreclosure upon borrower's default, and review Plaintiff's loan for possible modification in accordance with investor guidelines.

11.     OneWest has been in possession of the Note and therefore the holder since on or about March 19, 2009. OneWest has held the Note through the Custodian since on or about May 12, 2009.

12.     On or about October 1, 2009, Plaintiff defaulted by failing to make the payment due for October 1, 2009, and every payment thereafter due.

---

[3] The Master Purchase Agreement, in entirety, is available online at http://www.fdic.gov/about/freedom/IndyMacMasterPurchaseAgrmt.pdf.
[4] The Loan Sale Agreement, in entirety, is available online at http://www.fdic.gov/about/freedom/IndyMacLoanSaleAgrmt.pdf.
[5] The Servicing Business Asset Purchase Agreement, in entirety, is available online at http://www.fdic.gov/bank/individual/failed/ServicingBusinessAssetPurchaseAgreement.pdf.
[6] The Freddie Mac Servicer Guide is available, in entirety, at http://www.allregs.com/tpl/Main.aspx.

DECLARATION OF CHARLES BOYLE
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 3 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    13.    On or about November 2, 2009 and November 16, 2009, IndyMac Mortgage

2    Services, a division of OneWest Bank, FSB mailed to Plaintiff via first class mail letters (the

3    "November 2009 Letters") which satisfied the requirements set forth in RCW 61.24.031(b).

4    True and correct copies of the November 2009 Letters are attached to Defendants' Motion as

5    Exhibit 9.

6    14.    On or about January 27, 2010, Mortgage Electronic Registration Systems, Inc.

7    executed an assignment of deed of trust (the "Assignment") whereby MERS assigned its interest

8    under the Deed of Trust to OneWest Bank, FSB. The Assignment was recorded February 4,

9    2010, under King County Auditor's File No. 20100204000502. A true and correct copy of the

10   Assignment is attached to Defendants' Motion as Exhibit 11.

11   15.    On or about February 4, 2010, OneWest recorded an appointment of successor

12   trustee (the "Appointment") naming Northwest Trustee Services, Inc. the successor trustee.

13   The Appointment was recorded under King County Auditor's File No. 20100204000503. A

14   true and correct copy of the Appointment is attached to Defendants' Motion as Exhibit 12.

15   16.    On or about October 1, 2010, OneWest requested that the Custodian deliver

16   the Note to OneWest. The Note was released to OneWest on or about October 5, 2010.

17   17.    The Note is currently stored at the office of counsel for Defendants'.

18   I declare under penalty of perjury and the laws of the State of Washington that the

19   foregoing is true and correct to the best of my knowledge.

20

21   SIGNED this 15 day of March, 2012.

22

23                        ONEWEST BANK, FSB

24

25                        Charles Boyle, Declarant

26

DECLARATION OF CHARLES BOYLE
IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT – PAGE 4 OF 4
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 15
# DBNTC Communication

Deutsche Bank



Shawn T. Hynes, Counsel
Deutsche Bank AG, New York Branch
Legal Department
60 Wall Street
New York, NY 10005
Tel: (212) 250-3138
Shawn.hHynes@db.com

May 20, 2011

**VIA FEDERAL EXPRESS**
James McDonald
14840 119th Street PLPlace NE
Kirkland, WA 98034

Re:  **James MacDonald v. OneWest Bank**

Dear Mr. McDonald:

I write on behalf of Deutsche Bank National Trust Company ("DBNTC") in response to the above-referenced subpoena directed to "Deutsche Bank" dated May 13, 2011 (the "Subpoena").

Enclosed please find documents stamped CONFIDENTIAL and bearing Bates number DBNTC 00001-DBNTC 00002 containing information about the loans for James B. McDonald.  Please note that DBNTC does not have any information pertaining to Form 1034 or 1036 authorizing documents to be released to OneWest, nor do we have a list of identification numbers associated with the note.

Please also note that DBNTC acted as the Custodian for several trusts, of which these loans were a part of, and DBNTC's role with respect to these trusts is very limited. Please find information below setting forth regarding the relevant trust, and the respective servicer to with whom the loan files are serviced with, and the contact for the servicer.

| Property Address | Borrower | Loan Number | Servicer | Servicer Contact | DB's Role |
|---|---|---|---|---|---|
| 14840 119th Pl NE Kirkland WA, 98034 | James B. McDonald | 125049243 | OneWest Bank/Freddie Mac | 888 E Walnut St. 4th Fl Pasadena CA 91101 Maria Sykes | Custodian |

Deutsche Bank



   Please be advised that, based on DBNTC's limited role, we believe that the servicer would be more able to provide further information regarding the above-referenced loan and/or trust, if necessary.

   Please call me or my paralegal, Haleh Rashidi at (904) 520-5230, if you wish to discuss this matter further.  Thank you.

                                        Sincerely,

                                        Shawn T. Hynes

Enclosure

## Complete Loan File Information

| | | | | |
|---|---|---|---|---|
| Loan Number: | 00000000000125049243 | Issue: IN010C | Subpool: IN070227 | |
| Secondary Loan Number: | 00000000000332479455 | | | |

| | | | |
|---|---|---|---|
| Borrower: | JAMES B MCDONALD | | |
| Address: | 14840 119TH PL NE | MIN: | 100055401250492438 |
| | KIRKLAND WA 98034 | MOM IND: | |

## Loan File Withdrawal Information

| | | | | |
|---|---|---|---|---|
| Loan Number: | 00000000000125049243 | Item: FILE | Issue: IN010C | |

Current Withdrawal Information:

Sent To:

| | | |
|---|---|---|
| Reason: | FORECLOSURE | ONEWEST BANK |
| Withdrawn on: | 10/6/2010    by tedlnan | 888 E WALNUT ST, 4TH FL |
| Air Bill Number: | 1ZR4A6911350860453 | MS: HQ-04-06 |
| Transmittal: | 1255752 | PASADENA CA 91101 |
| Transmitted on: | 10/6/2010 | Attention:    MARIA SYKES |
| Comment: | | Authorized by: SANDRA SCHNEIDER |

## Alternate Numbers

| Alternate Loan Number | Delivery Company | Loan Delivery Date |
|---|---|---|
| 00000000000332479455 | | 1/11/2007 00:00:00 |
| 00000000001009111244 | | 1/11/2007 00:00:00 |

## Classification Attribute Changes

| Classification Attribute | Previous Value | Changed By | Changed On |
|---|---|---|---|
| loan_type | | bionreg | 1/11/2007 08:43:44 |
| loan_state | | bionreg | 1/11/2007 08:43:44 |
| group_code | | bionreg | 1/11/2007 08:43:44 |
| product_type | | bionreg | 1/11/2007 08:43:44 |
| loan_delivery_date | Jan 11 2007 8:42:3( | bionreg | 1/11/2007 08:44:05 |
| loan_type | | bionreg | 1/11/2007 08:46:16 |
| loan_state | WET | bionreg | 1/11/2007 08:46:16 |
| group_code | ELGBL | bionreg | 1/11/2007 08:46:16 |
| product_type | RES | bionreg | 1/11/2007 08:46:16 |
| issue_id | IMIM0C | bionreg | 1/11/2007 08:48:17 |
| issue_id | IMMS0C | nguymar | 1/11/2007 10:02:50 |
| issue_id | IMML0C | nguymar | 1/16/2007 10:48:17 |
| loan_type | | bionreg | 1/16/2007 11:28:15 |
| loan_state | WET | bionreg | 1/16/2007 11:28:15 |
| group_code | ELGBL | bionreg | 1/16/2007 11:28:15 |
| product_type | RES | bionreg | 1/16/2007 11:28:15 |
| issue_id | IMIM0C | nguymar | 1/16/2007 11:55:20 |
| loan_type | | gimaraf | 1/17/2007 08:40:56 |
| loan_state | DRY | gimaraf | 1/17/2007 08:40:56 |
| group_code | ELGBL | gimaraf | 1/17/2007 08:40:56 |
| product_type | RES | gimaraf | 1/17/2007 08:40:56 |
| issue_id | IN06GW | nguymar | 1/17/2007 11:02:17 |
| issue_id | IMIM0C | gimaraf | 1/17/2007 12:30:16 |
| loan_type | NLF | gimaraf | 1/18/2007 12:57:21 |
| loan_state | DRY | gimaraf | 1/18/2007 12:57:21 |
| group_code | ELGBL | gimaraf | 1/18/2007 12:57:21 |
| product_type | RES | gimaraf | 1/18/2007 12:57:21 |
| loan_type | | nguymar | 2/22/2007 09:36:58 |
| loan_state | DRY | nguymar | 2/22/2007 09:36:58 |
| group_code | ELGBL | nguymar | 2/22/2007 09:36:58 |
| product_type | RES | nguymar | 2/22/2007 09:36:58 |
| issue_id | IN051C | gimaraf | 2/27/2007 13:41:49 |
| issue_id | IN051C | gimaraf | 2/27/2007 13:43:46 |
| loan_type | s09 | YOSHTOM | 6/6/2007 07:30:17 |
| loan_state | DRY | YOSHTOM | 6/6/2007 07:30:17 |
| group_code | ELGBL | YOSHTOM | 6/6/2007 07:30:17 |
| product_type | RES | YOSHTOM | 6/6/2007 07:30:17 |
| issue_id | IN010C | nguymar | 9/24/2007 12:17:50 |
| loan_type | | YOSHTOM | 3/31/2009 08:26:19 |

CONFIDENTIAL

## Complete Loan File Information

### Classification Attribute Changes

| Classification Attribute | Previous Value | Changed By | Changed On |
|---|---|---|---|
| loan_state | DRY | YOSHTOM | 3/31/2009 08:26:19 |
| group_code | ELGBL | YOSHTOM | 3/31/2009 08:26:19 |
| product_type | RES | YOSHTOM | 3/31/2009 08:26:19 |

### Loan File Inventory History

| Change Type | Attribute Item | Attribute Status | Changed By | Changed On | Current Attribute Status |
|---|---|---|---|---|---|
| C | MORTG | CU | orozmar | 3/27/2007 08:38:27 | O |
| C | TITLE | PTR | monther | 4/9/2007 11:46:50 | O |

### Loan File Transactions

| Transaction Issue | Attribute Item | Transaction | Transaction Date | Billable Amount | Created By | Billed |
|---|---|---|---|---|---|---|
| IMMLOC | FILE | INITIAL LOAN REVIEW | 1/16/2007 07:17:30 | | | |
| IN010C | MORTG | TRAILING DOCS FILE | 3/27/2007 08:38:27 | | orozmar | |
| IN010C | TITLE | TRAILING DOCS FILE | 4/9/2007 11:46:50 | | monther | |
| IN010C | FILE | WITHDRAWAL OF FILE FOR SERVICING | 10/6/2010 12:11:17 | $0.00 | tedtnan | |

### Loan File Request History - eRequest Version 2

| Request ID | Request Type | Item | Requested by/on | Item Status | Trans ID | Tracking Num | Completed by/on | Reject Reason |
|---|---|---|---|---|---|---|---|---|
| 131549247 | Withdrawal | FILE | GARCIAC 10/05/2010 1:22:41 PM | Completed | 1255752 | 1ZR4A6911350860453 | tedtnan 10/06/2010 | |

CONFIDENTIAL

DBNTC 00002

# Exhibit 16
## Henderson e-mails

## James McDonald

**From:**   Michael J Henderson [michael_henderson@freddiemac.com]
**Sent:**   Thursday, August 02, 2012 2:35 PM
**To:**   james@jamesmcdonald.net
**Subject:** Subpoena To Produce Documents in Civil Action No. C10-19529-RSL

James,

In response to your subpoena upon Freddie Mac in the referenced matter, we have determined that your loan
(#332479455) was in security pool 1J1527, and was accelerated out on 2/15/10.  For that pool, we have confirmed
that it relates to the Offering Circular dated July 1, 2004, and Mortgage Participation Certificates Agreement dated
February 1, 2001.  These are the two documents we have.

The itemized costs associated with providing these documents are below.  Please note that the clerical & paralegal
time is kept low and not actual time to make the cost more amenable for you, and I am not including any of my time.


1.     Pages (58) = $14.50
2.     Clerical / Admin. Time (30 minutes) = $30.00
3.     Paralegal Time (30 minutes) = $82.50
4.     In-House Attorney Time = 0.00


Total:     $127.00

Please forward a check in the amount indicated above to my attention payable to Freddie Mac at
the following address:

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department
8200 Jones Branch Drive
McLean, Virginia 22102-3110

Upon receipt, I will send you the documents via email.

Please call me with any questions.


Freddie
Mac
We make home possible

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department (Single Family Portfolio Management Litigation)

8200 Jones Branch Drive
McLean, Virginia 22102-3110
Tel: 703-903-3186
Fax: 703-903-3992
email: michael_henderson@freddiemac.com


8/12/2012

**James McDonald**

**From:**   Michael J Henderson [michael_henderson@freddiemac.com]
**Sent:**   Wednesday, August 01, 2012 9:41 AM
**To:**   james@jamesmcdonald.net
**Subject:** Subpoena To Produce Documents in Civil Action No. C10-19529-RSL

Dear Mr. McDonald:

I have looked into what will be necessary to gather the documents responsive to your subpoena, and have also learned that there will be some costs associated with doing so because it costs us time and money to conduct document searches, compile documents and prepare them for production.  Please review the following Freddie Mac guidelines for recouping costs for the production of responsive documents.

Copying and/or CD costs:     Actual costs if sent to outside vendor for copying, and $0.25 per page for documents (8 ½ x 14 and less) and/or $25.00 per CD for documents produced in-house.

In-House Attorney's Time:             $400.00 per hour.

Paralegal's Time:             $165.00 per hour.

IT Support Time:             $165.00 per hour.

Clerical/Administrative Time:             $60.00 per hour.

Delivery Costs for Production of Documents:     Actual costs are determined on level of service, volume/weight of documents (i.e., Postage/UPS and packaging or other delivery cost).

Although I cannot quote you a set price for what it will cost to gather the documents, I have been advised that it will likely range between $100-200.   However, that is not absolute.  Just so you know, we do not have these documents in-hand and will have to obtain them from your servicer.   If you agree to these production costs and would like to move forward, please send me a reply email as confirmation.  Upon receipt of your email, we will commence the gathering the documents and follow up with a letter outlining the actual costs for the production. As a matter of policy, Freddie Mac will deliver copies of the documents upon receipt of payment for the cost of production.

Please contact me with any questions.

Freddie
Mac
We make home possible

Michael J. Henderson
Associate General Counsel
Legal Division
Litigation Department (Single Family Portfolio Management Litigation)

8200 Jones Branch Drive
McLean, Virginia 22102-3110
Tel: 703-903-3186
Fax: 703-903-3992
email: michael_henderson@freddiemac.com

8/12/2012

# Exhibit 17
## Supplemental Pool Info

**Freddie Mac**
**Additional Supplement for Mortgage Participation Certificates (PCs)**
**Prepayment Penalty Mortgages**

## ADDITIONAL SUPPLEMENT dated February 27, 2007

**PC Pool Number:  1J1527**                    **Seller Name: Indymac Bank, F.S.B.**

**CUSIP Number:  3128NHVU4**

This Additional Supplement describes certain characteristics of the PCs and/or the Mortgages comprising the PC Pool that are not contained in the information and characteristics set forth in our Offering Circular for Mortgage Participation Certificates dated October 14, 2005, as it may be supplemented from time to time ("PC Offering Circular") or the related Pool Supplement. This information is as of the PC issue date and supplements the information in the related Pool Supplement. Information and representations in this Additional Supplement about the seller and the Mortgages are the information and representations only of the seller of the Mortgages; we make no representations or warranties concerning the accuracy or completeness of the information contained herein. You should purchase the PCs only after reading this Additional Supplement, the Pool Supplement and the PC Offering Circular. Capitalized terms used in this Additional Supplement (other than capitalized terms that are defined in this document) have the same meanings as in the PC Offering Circular. The Additional Supplement incorporates by reference the PC Offering Circular and the related Pool Supplement.

We guarantee the payment of interest and principal on the PCs as described in the PC Offering Circular. Principal and interest payments on the PCs are not guaranteed by and are not debts or obligations of the United States or any federal agency or instrumentality other than Freddie Mac. The PCs are not tax-exempt securities. Because of applicable securities law exemptions, Freddie Mac has not registered the PCs with any federal or state securities commission. No securities commission has reviewed this Additional Supplement.

## MORTGAGES — Special Mortgage Characteristics

| % UPB | Number of Loans | Prepayment Protection Description | Premium Due on Sale of Property (Y or N) | Prepayment Protection Term Expired |
|-------|-----------------|----------------------------------|------------------------------------------|-------------------------------------|
| 100 | 145 | If within the first three years, a full or partial prepayment of more than 20% of the original principal amount is made in any 12-month period, a prepayment charge will be an amount equal to the payment of 6 months' advance interest on the amount prepaid in excess of 20% of the original principal amount. | Y | N |

# Exhibit 18
## Declaration of JC San Pedro

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JAMES MCDONALD,

               Plaintiff,

      v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

               Defendants.

No.  C10-1952 RSL

**DECLARATION OF JC SAN PEDRO**
**IN SUPPORT OF DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S**
**REQUEST FOR TRO**

     I, JC San Pedro, hereby declare:

     1.     I am a Vice President of IndyMac Mortgage Services, a division of OneWest

Bank, FSB ("OneWest"), Defendant herein. This Declaration is made in support of

Defendants' Opposition to Plaintiff's request for Temporary Restraining Order. I am familiar

with the loan transactions at issue in this litigation, and make my declaration based on my

review and understanding of records that OneWest Bank maintains in the ordinary course of

business. I have reviewed the records that pertain to the McDonald Loan and as to the

following facts, I know them to be true of my own knowledge or I have gained knowledge of

them from the business records of OneWest on behalf of OneWest, which records were made

at or about the time of the events recorded, and are maintained in the ordinary course of

OneWest's business at or near the time of the acts, conditions or events to which they relate.

Any such document was prepared in the ordinary course of business of OneWest by a person

DECLARATION OF JC SAN PEDRO
IN SUPPORT OF DEFENDANTS' OPPOSITION – PAGE 1 OF 3
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   who had personal knowledge of the event being recorded and had or has a business duty to

2   record accurately such event. As to OneWest's business records that consist of documents

3   created by third parties, OneWest relies on the accuracy of such records in conducting its

4   business. If called as a witness, I could testify competently thereto.

5      2.    Freddie Mac is the investor on the Loan, and prior to March 2009, IndyMac

6   serviced the loan for Freddie Mac.

7      3.    In March 2009, OneWest Bank Group LLC acquired IndyMac's assets and

8   operations from the FDIC. Pursuant to this purchase, OneWest acquired all home mortgage

9   loans owned by IndyMac at the time IndyMac went into receivership and all servicing rights

10   on Freddie Mac loans, including the servicing rights to Plaintiff McDonald's loan that is the

11   subject of this lawsuit.

12      4.    OneWest services the loan on behalf of Freddie Mac pursuant to a servicing

13   agreement. As part of that servicing agreement, OneWest has possession of the Note, which

14   is endorsed in blank and attached to Defendants' Opposition as **Exhibit 1**, and is entitled to

15   collect payments, initiate foreclosure upon borrower's default, and review Plaintiff's loan for

16   possible modification in accordance with investor guidelines.

17      5.    Plaintiff defaulted by failing to make the payment due on October 1, 2009,

18   and every payment thereafter due.

19      6.    The Assignment, which is attached to Defendants' Opposition as **Exhibit 3**,

20   from MERS to OneWest was signed by Brian Burnett.

21      7.    Brian Burnett is an employee of OneWest and has signing authority on behalf of

22   MERS.

23      8.    In April 2010, Plaintiff applied for a HAMP modification review of his loan,

24   which was later denied.

25

26

DECLARATION OF JC SAN PEDRO
IN SUPPORT OF DEFENDANTS' OPPOSITION – PAGE 2 OF 3
CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    9.    After received Plaintiff's lawsuit, on December 8, 2010, Defendants agreed to

2    postpone the December 10, 2010, sale date in order for Plaintiff to reinstate the loan and/or

3    request a modification.

4    10.    Following the postponement in December 2010, Plaintiff did not make any

5    attempts to communicate with OneWest in furtherance of reinstatement or modification.

6    11.    Attached to Defendants' Opposition are true and correct copies of the

7    following documents:

8        a.    The promissory note signed by James B. McDonald and endorsed in blank,

9           which is attached to Defendants' Opposition as **Exhibit 1**.

10       b.    The deed of trust signed by James B. McDonald and recorded under King

11          County Auditor's File No. 20070110002077 attached to Defendants'

12          Opposition as **Exhibit 2**.

13       c.    The assignment of deed of trust recorded under King County Auditor's File

14          No. 20100204000502 attached to Defendants' Opposition as **Exhibit 3**.

15       d.    The appointment of successor trustee recorded under King County Auditor's

16          File No. 20100204000503 attached to Defendants' Opposition as **Exhibit 4**.

17

18       I declare under penalty of perjury and the laws of the State of Washington that the

19   foregoing is true and correct to the best of my knowledge.

20

21       SIGNED this 12th day of January, 2011.

22

23                       **ONEWEST BANK, FSB**

24

25                       JC San Pedro, Declarant

26

DECLARATION OF JC SAN PEDRO
IN SUPPORT OF DEFENDANTS' OPPOSITION – PAGE 3 OF 3
CASE NO. C10-1952 RSL

Routh
Crabtree
Olsen, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 19
## FCRA Dispute Letter

June 29, 2010

From:   James Bradley McDonald
        14840 119th Pl NE
        Kirkland, WA 98034
        (425) 210-0614

To:     INDYMAC MORTGAGE SERVICES
        6900 BEATRICE DRIVE
        KALAMAZOO, MI 49003-4045

Sirs:

This is a letter of dispute.

I recently pulled credit report and found that INDYMAC
MORTGAGE SERVICES is reporting derogatory information
in my account.

I dispute this debt.

Signed,


James Bradley McDonald

---

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

Indymac Mortgage Services
*(Please Print Clearly)*

DELIVERY CONFIRMATION NUMBER:
0308 0070 0001 3789 4167

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

PS Form 152, May 2002

USPS - Track & Confirm                                                    Page 1 of 1


**UNITED STATES POSTAL SERVICE**

Home | Help |
Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 0308 0070 0001 3789 4167
Scheduled for Delivery: **Thursday, July 01, 2010**
Class: **Priority Mail**®
Service(s): **Delivery Confirmation**™
Status: **Delivered**

Your item was delivered at 8:14 AM on July 1, 2010 in KALAMAZOO, MI 49003.

Detailed Results:

* Delivered, July 01, 2010, 8:14 am, KALAMAZOO, MI 49003
* Arrival at Post Office, July 01, 2010, 5:51 am, KALAMAZOO, MI 49001
* Processed through Sort Facility, July 01, 2010, 12:03 am, GRAND RAPIDS, MI 49512
* Processed through Sort Facility, June 30, 2010, 11:54 pm, GRAND RAPIDS, MI 49512
* Acceptance, June 29, 2010, 3:42 pm, WOODINVILLE, WA 98072

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

Exhibit 20
NWTS Response to
Interrogatories

The Honorable Judge Robert Lasnik

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9   JAMES MCDONALD,

10          Plaintiff,                         No.  C10-1952 RSL

11   v.                                        **DEFENDANT NORTHWEST**
                                               **TRUSTEE SERVICES, INC.'S**
12   ONEWEST BANK, FSB, NORTHWEST              **RESPONSE TO PLAINTIFF'S**
     TRUSTEE SERVICES, INC., MORTGAGE          **FIRST SET OF**
13   ELECTRONIC REGISTRATION SYSTEMS,          **INTERROGATORIES AND**
     INC., INDYMAC BANK FSB, DOES 1-50,        **REQUESTS FOR PRODUCTION**
14
           Defendants.
15

16          COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS") and responds to

17   Plaintiff James McDonald's First Set of Interrogatories and Requests for Production as follows:

18          **I.      PRELIMINARY STATEMENT**

19          These responses are made solely for the purpose of this action.  Each response and each

20   document produced is subject to all appropriate objections (including, but not limited to,

21   objections concerning competency, relevancy, materiality, propriety and admissibility) which

22   would require the exclusion of any statement contained herein or in any of the documents

23   produced, if any such document or documents were sought to be introduced into evidence in

24   Court.  All such objections and grounds are reserved and may be interposed at the time of trial.

25          Defendant has not completed their investigation of facts, witnesses, or documents related

26   to this action; has not completed its analysis of available data; has not yet completed its

     discovery in this action; and has not completed preparation for trial.  Thus, although a good faith

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    effort has been made to supply pertinent information when it has been requested, it is not
2    possible in many instances for unqualified responses to be made.  Further, the responses are
3    necessarily made without prejudice to Defendant's right to produce any subsequently discovered
4    facts, witnesses, or documents, as well as any new theories or contentions that Defendant may
5    adopt.  These responses are given without prejudice to Defendant's right to provide facts,
6    witnesses or documents omitted from these responses by oversight, inadvertent or good faith
7    error or mistake.  Defendant has furnished information that is presently available, which may
8    include hearsay and other forms of evidence that are neither reliable nor admissible.

9                          **II.    GENERAL OBJECTIONS**

10         Each of the general objections stated below are continuing objections which Defendant
11   will incorporate into specific responses as appropriate:

12         1. Defendant NWTS objects to Plaintiff's "Instructions" and "Definitions" to the extent
13   they purport to impose discovery obligations that differ from or exceed the discovery obligations
14   imposed by the Federal Rules of Civil Procedure.

15         2. Defendant NWTS objects to the Interrogatories and Requests for Production of
16   Documents to the extent that they seek information protected by the attorney-client privilege, the
17   work-product privilege, or any other privilege, protection, or immunity applicable under the
18   governing law.

19         3. Defendant NWTS objects to the Interrogatories and Requests for Production of
20   Documents to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek
21   information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the
22   discovery of admissible evidence.

23         4. Defendant NWTS objects to the Interrogatories and Requests for Production of
24   Documents to the extent that NWTS its co-defendants have already answered interrogatories and
25   requests which were identical or substantially similar.

26

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 2 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    5. These General Objections are made, to the extent applicable, in response to each of the

2    Interrogatories and Requests for Production of Documents as if the objections were fully set

3    forth therein.

4    6. Defendant NWTS responds to each of the Interrogatories and Requests for Production

5    of Documents based upon information and documentation available as of the date hereof and

6    reserve the right to supplement and amend its responses.

7    **III.    SPECIFIC RESPONSES TO REQUESTS**

8    **Interrogatory 1:** Describe and explain when, why and how Northwest Trustee Services would

9    place a bid on a property at a non-judicial foreclosure sale on behalf of a party.

10   **RESPONSE:** Defendant NWTS objects to Interrogatory No. 1 on the basis that it is vague and

11   ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

12   admissible evidence. Without waiving any of the foregoing objections, NWTS enters an opening

13   bid on behalf of the beneficiary and under the FHLMC bid guidelines. *See* Freddie Mac Single-

14   Family Seller/Servicer Guide, Volume 2, Ch. 66, Section 42.

15

16   **Request to Produce 1**: Provide copies of any documents that show Northwest Trustee Service's

17   policy on entering bids on behalf of another party.

18   **RESPONSE:** Defendant NWTS objects to RFP No. 1 on the basis that it is vague and

19   ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

20   Without waiving any of the foregoing objections, after diligent search, NWTS is not aware of

21   any document that satisfies the foregoing request.

22

23   **Interrogatory 2**: Describe and explain Northwest Trustee Services' company policy for

24   when a homeowner, whose property is involved in a non-judicial foreclosure, notifies

25   Northwest Trustee Services that the alleged beneficiary/owner/holder of the Note is not in

26   fact the beneficiary, owner or holder.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **RESPONSE:** Defendant NWTS objects to Interrogatory No. 2 on the basis that it is vague and

2   ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

3   Without waiving any of the foregoing objections, NWTS provides that Upon receipt of a

4   borrower debt dispute NWTS works to fulfill its duty of good faith by researching and

5   responding to borrower correspondence that it receives.  Specifically, NWTS reviews the

6   information in its possession and contacts the loan servicer to verify the disputed information and

7   provides a written response to the borrower as to its finding. Where applicable, NWTS also

8   provides supporting documents to the borrower to substantiate the information contained in the

9   validation letter. Although NWTS would deny being a debt collector under the FDCPA, it will

10   also validate debts based on timely disputes submitted to them.

12   **Request to Produce 2:** Provide any and all documents that supports the answer to

13   Interrogatory #2.

14   **RESPONSE:** Defendant NWTS objects to RFP No. 2 on the basis that it is vague and

15   ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

16   Without waiving any of the foregoing objections, after diligent search, NWTS is not aware of

17   any document that satisfies the foregoing request.

20   **Interrogatory 3:** Describe and explain Northwest Trustee Services' definition, policies,

21   manuals, written guidelines or memorandums or any other written rules concerning the

22   word "investor" as it relates to a mortgage note.

23   **RESPONSE:** Defendant NWTS objects to Interrogatory No. 3 on the basis that it is vague and

24   ambiguous, is not reasonably calculated to lead to the discovery of admissible evidence, and

25   because it is overly broad and unduly burdensome. Interrogatory No. 3 is vague and ambiguous

26   because Plaintiff fails to define "definition, policies, manuals, written guidelines or

memorandums" as well as "investor."

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 4 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **Request to Produce 3:** Provide any and all documents that supports the answer to

2   Interrogatory #3.

3   **RESPONSE:** Defendant NWTS objects to RFP No. 3 on the basis that it is vague and

4   ambiguous, is not reasonably calculated to lead to the discovery of admissible evidence, and

5   because it is overly broad and unduly burdensome.

6

7   **Interrogatory 4:** Identify the company employed by, title and job descriptions for: Vonnie

8   McElligott, Kelly Taylor, Shelly Nejati, Rebecca Danner, Shawna Hall, Heather Casey and

9   Huong Nhuyen.

10   **RESPONSE:** Defendant NWTS objects to Interrogatory No. 4 on the basis that it is not

11   reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

12   the foregoing objections, NWTS provides the following:

13   ☐ Vonnie McElligott is the Foreclosure Team Manager and an Assistant Vice President of

14   Northwest Trustee Services, Inc. She manages the foreclosure team handling the

15   nonjudicial foreclosure of plaintiff's property.

16   ☐ Kelly Taylor is the Client System Integration and Reporting Supervisor for Northwest

17   Trustee Services, Inc. She supervises the team that updates LPS Desktop with file status,

18   state compliance timelines, and monitors the LPS.

19   ☐ Heather Casey is a Foreclosure Lead for Northwest Trustee Services, Inc. She assists the

20   foreclosure team manager and team trainer.

21   ☐ Huong Nhuyen is a Senior Reporting Specialist for Northwest Trustee Services, Inc. He

22   manages Compliance Timelines in LPS and provides status updates in LPS.

23   After diligent search, NWTS is unable to identify the employer of Shelly Nejati, Shawna Hall,

24   and Rebecca Danner.

25

26

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 5 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  **Interrogatory 5:** Describe and explain why employees of Northwest Trustee Services are shown

2  as employees of Routh Crabtree Olsen in the LPS Notes provided in the Response Dated June

3  21st, 2012 to Plaintiff's Request to Produce #5.

4  **RESPONSE:** Defendant NWTS objects to Interrogatory No. 5 on the basis that it is not

5  reasonably calculated to lead to the discovery of admissible evidence and on the basis that it is

6  vague and ambiguous. Without waiving any of the foregoing objections, nothing in the LPS

7  Notes provided in the responses dated June 21, 2012 identify any NWTS employees as

8  "employees of Routh Crabtree Olsen" and employees of NWTS are not employees of Routh

9  Crabtree Olsen. FHLMC requires that nonjudicial foreclosures on loans under which FHLMC is

10  the investor are referred through the designated counsel program. Routh Crabtree Olsen is

11  designated counsel for FHLMC in Washington. FHLMC recognizes NWTS as RCO's affiliated

12  trustee who completes non-judicial foreclosures for RCO in Washington. NWTS is responsible

13  for maintaining those files referred to RCO in LPS that are foreclosed by NWTS. *See* Freddie

14  Mac Single-Family Seller/Servicer Guide, Volume 2, Ch. 66, Sections 5 and 15.

15

16

17  **Interrogatory 6:** Identify any and all services or tasks Northwest Trustee Services has provided

18  or caused to be performed while acting as OneWest Bank's agent in relation to Plaintiff's real

19  property and/or Note.

20  **RESPONSE:** Defendant NWTS objects to Interrogatory No. 6 on the basis that it is duplicative,

21  is not reasonably calculated to lead to the discovery of admissible evidence, and on the basis that

22  it is vague and ambiguous.. Without waiving any of the foregoing objections, NWTS provides

23  that it provided or caused to be performed the following while acting as an agent of OneWest:

24  • Provided loss mitigation form as required under RCW 61.24 to OneWest for execution;

25  • Drafted, caused to be mailed and caused to be posted the notice of default;

26  • Drafted the assignment of deed of trust and provided to OneWest for execution;

   • Draft the appointment of successor trustee and provided to OneWest for execution;

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 6 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1      •  Provided a form beneficiary declaration as required under RCW 61.24.030(7)(a) to

2         OneWest for execution;

3      •  Caused to be recorded the executed assignment of deed of trust; and

4      •  Caused to be recorded the executed appointment of successor trustee.

5

6  **Interrogatory 7:** Explain why Federal Home Loan Mortgage Corp (Freddie Mac) would

7  issue Northwest Trustee Services bidding instructions.

8  **RESPONSE:** Defendant NWTS objects to Interrogatory No. 7 on the basis that it is not

9  reasonably calculated to lead to the discovery of admissible evidence and on the basis that it is

10  vague and ambiguous. Without waiving the foregoing objections, Plaintiff should refer to The

11  Federal Home Loan Mortgage Corporation's Single-Family Seller/Servicer Guide Volume 2,

12  Chapter 66, Section 42.

13

14  **Interrogatory 8:** Describe and explain Stephen Routh's interest, ownership or active/passive

15  role in the business of Northwest Trustee Services.

16  **RESPONSE:** Defendant NWTS objects to Interrogatory No. 8 on the basis that it is duplicative

17  and is not reasonably calculated to lead to the discovery of admissible evidence. Without

18  waiving any of the foregoing objections, NWTS provides that Stephen Routh is an owner of

19  Northwest Trustee Services, Inc.

20

21  **Interrogatory 9:** Please fully identify (including: full name, all aliases and/or maiden

22  names, present address, present employer, present work address, present job title and

23  present direct work phone number) each person who answer these interrogatories and each

24  person (attach pages if necessary) who assisted, including attorneys, accountants,

25  employees of third party entities, or any other person consulted, however briefly, on the

26  content of any answer to these interrogatories.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **RESPONSE:** Defendant NWTS objects to this Interrogatory to the extent it seeks material

2   covered by the attorney-client privilege and work product doctrine. Defendant NWTS also

3   objects to Interrogatory No. 9 on the basis that it is duplicative, overly broad and unduly

4   burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

5   Without waiving any of the foregoing objections, NWTS provides the following:

6   • Jeff Stenman, Vice President and Director of Operations, employed by Northwest Trustee

7       Services; c/o Heidi E. Buck, Routh Crabtree Olsen, P.S., 13555 SE 36th St., Suite 300,

8       Bellevue, WA 98006.

9   • Vonnie McElligott, Foreclosure Team Manager and an Assistant Vice President,

10      employed by Northwest Trustee Services; c/o Heidi E. Buck, Routh Crabtree Olsen, P.S.,

11      13555 SE 36th St., Suite 300, Bellevue, WA 98006.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 8 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendant NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ____ day of August, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 9 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am an employee of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this _2nd_ day of August, 2012.       **NORTHWEST TRUSTEE SERVICES, INC.**

By: _____
      Jeff Stenman

DATED this _2nd_ day of August, 2012.

**NORTHWEST TRUSTEE SERVICES, INC.**

By: _____
      Vonnie McElligott

DEFENDANT NWTS RESPONSE TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
– PAGE 10 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131