# Exhibit 1
# Notice of Default

## Notice of Default

**To:**

James B. McDonald
14840 119th Place Northeast
Kirkland, WA 98034

Unknown Spouse and/or Domestic Partner
of James B. McDonald
14840 119th Place Northeast
Kirkland, WA 98034

Regarding the real property "Property" located at:

**Property Address:**
14840 119th Place Northeast
Kirkland, WA 98034

**If you are the owner of this property and you occupy it as your residence, you should take care to protect your interest in your home. This notice of default (your failure to pay or otherwise perform) is the first step in a process that could result in you losing your home. You should carefully review your options. For example:**

**Can you pay and stop the foreclosure process?**
**Do you dispute the failure to pay?**
**Can you sell your property to preserve your equity?**
**Are you able to refinance this loan or obligation with a new loan or obligation from another lender with payments, terms, and fees that are more affordable?**
**Do you qualify for any government or private homeowner assistance programs?**
**Do you know if filing for bankruptcy is an option? What are the pros and cons of doing so?**

**Do not ignore this notice; because if you do nothing, you could lose your home at a foreclosure sale. (No foreclosure sale can be held any sooner than ninety days after a notice of sale is issued and a notice of sale cannot be issued until thirty days after this notice.) Also, if you do nothing to pay what you owe, be careful of people who claim they can help you. There are many individuals and businesses that watch for the notices of sale in order to unfairly profit as a result of borrowers' distress.**

**You may feel you need help understanding what to do. There are a number of professional resources available, including home loan counselors and attorneys, who may assist you. Many legal services are lower-cost or even free, depending on your ability to pay. If you desire legal help in understanding your options or handling this default, you may obtain a referral (at no charge) by contacting the county bar association in the county where your home is located. These legal referral services also provide information about lower-cost or free legal services for those who qualify. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.**

**A) Property description:**

Lot 18, The High Woodlands Addition Div. No. 3, according to the Plat thereof recorded in Volume 85 of Plats, Pages 30 through 32, inclusive, in King County, Washington.

**B) Deed of Trust information:** King County Auditor's File No.: 20070110002077; Recording Date: 01/10/07

**C) Declaration of payment default:** The beneficiary declares you in default for failing to make payments as required by your note and deed of trust.

**D) Itemized account of the arrears:**

| | |
|---|---|
| Delinquent monthly payments beginning with the 10/01/09 installment. | $9,575.44 |
| Late charges: | $286.02 |
| Lender's Fees and Costs | $22.00 |
| Trustee's fees | $508.00 |
| Costs | |
|     Title report (estimate) | $951.00 |
|     Recording | $30.00 |
|     Certified mail | $14.00 |
|     Posting | $70.00 |
|     Sale Costs | $0.00 |
| **Total arrears and costs due today** | **$11,426.46** |

**E) Itemized account of all other specific charges, costs or fees that grantor or borrower is or may be obliged to pay to reinstate the deed of trust before the recording of the notice of sale.**

| | |
|---|---|
| Additional monthly payment | $2,393.86 |
| Additional late charge | $95.34 |

**F) <u>Amount required to cure payment defaults before notice of sale recorded</u>: $13,915.66**
In addition, grantor or borrower must timely cure all other defaults before the note and deed of trust are deemed reinstated.

*Payments and late charges continue to accrue and additional advances may be made. <u>The sums stated above are estimates only.</u> Before attempting to reinstate the loan, call us at 425-586-1900 to learn the exact amounts of monetary defaults and actions required to cure possible other defaults.*

**G) Effect of failure to cure:** Failure to cure all alleged defaults within 30 days of mailing/personal service of this notice may lead to recordation, transmittal and publication of a notice of sale and the Property may be sold at public auction no less than 120 days from the date of this notice.

**H) Effect of recording, transmitting and publication of the notice of sale:** The effect of the recordation, transmittal and publication of the notice of sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the Property for sale.

**I) Effect of sale of the Property:** The Trustee's sale of the Property will deprive the borrower, grantor and any successor in interest of all their interest in the Property.

**J) Recourse to courts:** The borrower, grantor, any guarantor or any successor in interest has recourse to the courts pursuant to RCW 61.24.130 to contest the default(s) on any proper ground.

**K) Contact Information for Beneficiary (Note Owner) and Loan Servicer.**

The beneficiary of the deed of trust is **OneWest Bank, FSB**, whose address and telephone number are:

888 East Walnut Street
Pasadena, CA 91101
800-669-2300

The loan servicer for this loan is OneWest Bank FSB, whose address and telephone number are:

888 East Walnut Street

Pasadena, CA 91101
800-669-2300

**L)  Notice pursuant to the Federal Fair Debt Collection Practices Act:**  If you are the consumer who originally contracted the debt or if you assumed the debt, then you are notified that:

1. As of the date of this notice you owe $398,736.08.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check.  For further information, write to the address provided in Section 5 below or call us at 425-586-1900.
2. The creditor to whom the debt is owed OneWest Bank, FSB/OneWest Bank FSB.
3. Unless within 30 days after receipt of this notice you dispute the debt or any portion of it, we will assume the debt to be valid.
4. If you notify us in writing within 30 days after receipt of this notice that you dispute the debt or any part of it, we will request that the creditor obtain verification of the debt and mail it to you.
5. If you request in writing within 30 days after receipt of this notice, we will request that the creditor provide you with the name and address of the original creditor, if different from the current creditor.
6. Written requests should be addressed to Northwest Trustee Services, Inc., Post Office Box 997, Bellevue, WA 98009-0997.

**Dated:  January 12, 2010**

OneWest Bank, FSB
By Northwest Trustee Services, Inc., its duly authorized agent

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NORTHWEST TRUSTEE SERVICES, INC.**
P.O. BOX 997
BELLEVUE, WA 98009-0997

File No: 7523.21352
Borrower: McDonald, James B.
Client: OneWest Bank, FSB

VONNIE MCELLIGOTT
425-586-1900
FAX 425-586-1997

# Exhibit 2
# Beneficiary Declaration

**BENEFICIARY DECLARATION PURSUANT TO CHAPTER 61.24 RCW (SB 5810)
AND "FORECLOSURE LOSS" MITIGATION FORM**

| | |
|---|---|
| Borrower(s): | McDONALD, JAMES |
| Beneficiary: | OneWest Bank, FSB |
| Loan Servicer: | OneWest Bank FSB |
| Property: | 14840 119th Place Northeast, Kirkland, WA 98034 |
| Loan No.: | 1009111244 |

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and
declares under the penalty of perjury that [check the applicable box and fill in any blanks
so that the trustee can insert, on the beneficiary's behalf, the applicable declaration in the
notice of default required under chapter 61.24 RCW as specified in SB 5810/Chapter 292,
2009 Laws ("the act")]:  Regarding the above-referenced loan (check applicable box – only
ONE choice should apply):

[√] (1) The beneficiary or beneficiary's authorized agent has contacted the borrower
under, and has complied with, section 2 of the act (contact provision to "assess the
borrower's financial ability to pay the debt secured by the deed of trust and explore
options for the borrower to avoid foreclosure").

[ ] (2) The beneficiary or beneficiary's authorized agent has exercised due diligence
to contact the borrower as required in section 2(5) of the act and, after waiting
fourteen days after the requirements in section 2 of this act were satisfied, the
beneficiary or the beneficiary's authorized agent sent to the borrower(s), by
certified mail, return receipt requested, the letter required under section 2 of the
act.

[ ] (3) The borrower has surrendered the secured property as evidenced by either a
letter confirming the surrender or by delivery of the keys to the secured property to
the beneficiary, the beneficiary's authorized agent or to the trustee.

[ ] (4) Under section 2 of the act, the beneficiary or the beneficiary's authorized
agent has verified information that, on or before the date of this declaration, the
borrower(s) has filed for bankruptcy, and the bankruptcy stay remains in place, or
the borrower has filed for bankruptcy and the bankruptcy court has granted relief
from the bankruptcy stay allowing the enforcement of the deed of trust."

**SB 5810 Does NOT apply because, regarding the above-referenced loan:**

[  ] The deed of trust was made before January 1, 2003 or after December 31, 2007, inclusive; or

[  ] The property is not owner occupied as the principal residence of the borrower(s); or

[  ] The deed of trust secures a commercial loan; or

[  ] The deed of trust secures obligations of a grantor who is not the borrower or a guarantor; or

[  ] The deed of trust secures a purchaser's obligations under a seller-financed sale.

Dated *January 7, 2010*

_____
(Beneficiary's/Authorized Agent's signature)

Erica A. Johnson-Seck    **Vice President**
_____
Print Name

# Exhibit 3
# Foreclosure Package



**LENDER PROCESSING
SERVICES**

1270 Northland Drive, Suite 200, Mendota Heights, MN 55120
601 Riverside Ave. Building 5, 3rd Floor, Jacksonville, FL 32204
(651) 234-3500

12/29/2009

## Foreclosure Transmittal Package
## OneWest Bank

| To: | From: |
|---|---|
| **Routh Crabtree Olsen, P.S.** | **FIS Foreclosure Solutions, Inc.** |
| **3535 Factoria Boulevard SE Suite 200** | **1270 Northland Drive, Suite 200** |
| **Bellevue, WA 98006** | **Mendota Heights, MN 55120** |
| **Phone:** **(425) 458-2121** | **Phone: (651) 234-3500** |
| **Fax:** | |

**Investor:**     FEDERAL HOME LOAN MTG CO

Please consult your Network Agreement to identify and follow any investor specific billing guidelines.

### ACCOUNT INFORMATION:

| ACCOUNT NUMBER: | 1009111244 | INTEREST RATE: | 587.500% |
|---|---|---|---|
| PRINCIPLE BALANCE: | $389,481.60 | LIEN POSITION: | 1 |
| PAYMENT DUE: | 10/01/2009 | INVESTOR LOAN NUMBER | 332479455 |

### BORROWER INFORMATION:

MCDONALD JAMES B                                              494944760

14840 119th Pl NE
KIRKLAND, WA  98034-

### PROPERTY ADDRESS (S):

14840  119TH PLACE NE, KIRKLAND, WA  98034

### OCCUPANCY STATUS:  Original owner occupied

### SPECIAL INSTRUCTIONS AND ACCOUNT INFORMATION:

Forward to our attention a copy of your title report obtained for the foreclosure for our review.  If any title defects exist that would affect our lien position or ability to obtain clear title by foreclosure, please explain in a cover letter.

Please open an Issue (for files that are able to proceed, or for status) or a Hold (for files which cannot proceed) through FIS|Process Management instead of sending an email on these matters.  If your firm has an attachment such as a title worksheet, please upload to FIS|Document Management and then advise you have done so in the Issue or Hold.



Exhibit 4
Comp. Johnson-Seck

Bk: 05932 Pg: 312

IN THE PRESENCE OF:

Federal Deposit Insurance Corporation as Receiver
and/or Conservator for IndyMac Bank, FSB and as
Receiver and/or as Conservator for IndyMac
Federal Bank, FSB

Witness: _____ Troy Larsen

Name:   Erica A. Johnson-Seck
Title:   Attorney in Fact

STATE OF ___Texas___
County of ___Travis___

On ___2-25-10___ before me, ___Anna Ramsey___ personally appeared
___Erica A. Johnson-Seck___ Attorney in Fact ___ personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY PUBLIC SIGNATURE                    NOTARY PUBLIC SEAL

122.0003TC012/ Bry

ATTEST: FRANKLIN, Joseph K. Gwinnett Register

TO HAVE AND TO HOLD the same unto the said assignee, its successors and assigns forever, but without recourse on the undersigned, effectively of _____.

*In Witness Whereof,* the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed this ___29___ day of ___Oct___, 2008.

> **INDYMAC BANK, F.S.B.**
>
> ATTEST: _____
> PRINT NAME: Erica A. Johnson-Seck
>
> Vice President

Signed in the presence of

WITNESS: _____
Print Name: Monique Danna

WITNESS: _____
Print Name: _____

STATE OF __Texas__

COUNTY OF __Williamson__

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid county and state, on this the ___29___ day of ___Oct___ 2008, within my jurisdiction, the within named who acknowledged to me that (s)he is __Erica A. Johnson-Seck__ and that for and on behalf of **INDYMAC BANK, F.S.B.** and as its act and deed (s)he executed the above and foregoing instrument, after first having been duly authorized by **INDYMAC BANK, F.S.B.** to do so.

WITNESS my hand and official seal in the County and State last aforesaid this ___29___ day of __Oct__, 2008.

_____
NOTARY PUBLIC

MICHAEL MATTHEW ARCE
Notary Public, State of Texas
My Commission Expires
June 15, 2011

INDY MAC FEDERAL BANK, F.S.B SUCCESSOR IN INTEREST TO INDYMAC BANK, F.S.B
(CORPORATE SEAL)

BY: _____
PRINT NAME: __Erica A. Johnson-Seck__
TITLE: __Attorney in Fact__

Exhibit 5
Assignment DOT

d.

After Recording Return to:
OneWest Bank FSB
888 East Walnut Street
Pasadena, CA 91101



20100204000502
14.00
TITLE COURT SE ADT
PAGE-001 OF 001
02/04/2010 12:13
KING COUNTY, WA

7523.21352/McDONALD, JAMES B.

### Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to **OneWest Bank, FSB**, whose address is 888 East Walnut Street, Pasadena, CA 91101, all beneficial interest under that certain deed of trust, dated 01/08/07, executed by James B. McDonald, a single man, Grantors, to Pacific Northwest Title Insurance Co., Inc., Trustee, and recorded on 01/10/07, under Auditor's File No. 20070110002077, records of King County, Washington.

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated _January 27_, 20_10_

**Mortgage Electronic Registration Systems, Inc. "MERS"**

By: _____
Title: ___Brian Burnett___        ___Assistant Vice President___

STATE OF ___Texas___                )
                                     ) ss.
COUNTY OF_____Travis_____      )

I certify that I know or have satisfactory evidence that:___Brian Burnett___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___Assistant Vice President___ of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS" to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated:___Jan. 27, 2010___

_____
NOTARY PUBLIC in and for the State of
___Texas___
Residing at ___Travis___
My commission expires ___11-10-10___



ALEX MCBRIDE
Notary Public State of Texas
My Commission Expires
November 10, 2010

# Exhibit 6
# MERS Corp. Resolution

## CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are officers of **OneWest Bank, FSB** a Member of Mortgage Electronic Registration Systems, Inc. (MERS), and are hereby appointed as assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

(1) release the lien of any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;

(3) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(4) take any and all actions and execute all documents necessary to protect the interest of the Member, the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System that is shown to be registered to the Member, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the Member, the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

(5) take any and all actions and execute all documents necessary to refinance, subordinate, amend or modify any mortgage loan registered on the MERS System that is shown to be registered to the Member.

(6) endorse checks made payable to Mortgage Electronic Registration Systems, Inc. to the Member that are received by the Member for payment on any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(7) take any such actions and execute such documents as may be necessary to fulfill the Member's servicing obligations to the beneficial owner of such mortgage loan (including mortgage loans that are removed from the MERS System as a result of the transfer thereof to a non-member of MERS).

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the **19th day of March, 2009** which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____

William C. Hultman, Secretary

<u>As of 6/11/09</u>

## <u>OneWest Bank, FSB</u>
ORG ID 1008171

## <u>Mortgage Electronic Registration Systems, Inc.</u>
## <u>Certifying Officers</u>

Friedman, Eric

Jancarz, Kenneth

Parres, John

Stotts, Roger D

Brewton, Connie

Mastro, Karen

Stanford, Mike

Kirkpatrick, Dennis

Spencer, Kelly Cooper

Lerud, Bart

Johnson-Seck, Erica

JC San Pedro

Chamagne Williams

Suchan Murray

Charles Boyle

Cotton, Betty

Prees, Cyndi

Nix, Sheila

Maria Camarillo

Kira Cleary

Bobbitt, Sean

Treichler, Judy

Engel, Claudia

North, Sue

Schneider, Sandy

# Exhibit 7
# Appt. Successor Trustee

After Recording Return to:
Vonnie McElligott
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997



**20100204000503**
TITLE COURT SE AST          14.00
PAGE-001 OF 001
02/04/2010 12:13
KING COUNTY, WA

# Appointment of Successor Trustee

File No. 7523.21352

James B. McDonald, a single man is/are the grantor(s), Pacific Northwest Title Insurance Co., Inc. is the trustee and Mortgage Electronic Registration Systems, Inc. "MERS" is the beneficiary under that certain deed of trust dated 01/08/07 and recorded on 01/10/07 under King County, Washington Auditor's File No. 20070110002077.

The present beneficiary under said deed of trust appoints Northwest Trustee Services, Inc., a Washington corporation, whose address is P.O. Box 997, Bellevue, WA 98009-0997, as successor trustee under the deed of trust with all powers of the original trustee.

The undersigned present beneficiary warrants and represents that, as of the date this Appointment of Successor Trustee has been executed and acknowledged, it is the owner and holder of the obligation secured by the subject deed of trust and is not holding the same as security for a different obligation.

OneWest Bank, FSB

By _____
    Suchan Murray
    Authorized Signatory

STATE OF ___Texas_____ )
                                                    )ss
COUNTY OF ___Travis_____ )

I certify that I know or have satisfactory evidence that ___Suchan Murray___ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___Authorized Signatory___ of ONEWEST BANK, FSB to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: __01/27/10_____

_____
Notary Public in and for the State of ___Texas___
Residing at ___Travis___
My appointment expires _____

Anna Elizabeth Ramsey
Notary Public,
State of Texas
Comm. Exp. 12-15-13

# Exhibit 8
## Notice of Trustee Sale



**wmy After Recording, Return to:**
Vonnie McElligott
Northwest Trustee Services, INC.
P.O. Box 997
Bellevue, WA 98009-0997

```
20100216001242
TITLE COURT SE NTS
PAGE-001 OF 004        65.00
02/16/2010 12:45
KING COUNTY, WA
```

File No.:        7523.21352
Grantors:      Northwest Trustee Services, Inc.
                    OneWest Bank, FSB
Grantee:      Julie B. McDonald, a single man
Tax Parcel ID No.: 328830018003.
Abbreviated Legal:  Lot 18, High Woodlands Div. 3, V85/P30 32

**Notice of Trustee's Sale**
Pursuant to the Revised Code of Washington 61.24, et seq.

I.

On **May 21, 2010**, at 10:00 a.m. outside adjacent to the south entrance to 3535 Factoria Blvd SE, in the City of Bellevue, State of Washington, the undersigned Trustee (subject to any conditions imposed by the Trustee) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property "Property", situated in the County(ies) of King, State of Washington:

   Lot 18, The High Woodlands Addition Div. No. 3, according to the Plat thereof recorded in Volume 85 of Plats,
   Pages 30 through 32, inclusive, in King County, Washington.

   Commonly known as:        14840 119th Place Northeast
                                        Kirkland, WA 98034

which is subject to that certain Deed of Trust dated 01/08/07, recorded on 01/10/07, under Auditor's File No. 20070110002077, records of King County, Washington, from James B. McDonald, a single man, as Grantor, to Pacific Northwest Title Insurance Co., Inc., as Trustee, to secure an obligation "Obligation" in favor of Mortgage Electronic Registration Systems, Inc. "MERS", as Beneficiary, the beneficial interest in which was assigned by Mortgage Electronic Registration Systems, Inc. "MERS" to OneWest Bank, FSB, under an Assignment/Successive Assignments recorded under Auditor's File No. 20100304000502.

*The Tax Parcel ID number and Abbreviated Legal Description are provided solely to comply with the recording statutes and are not intended to supplement, amend or supersede the Property's full legal description provided herein.

II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the Obligation in any Court by reason of the Grantor's or Borrower's default on the Obligation.

01

III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

|  | Amount due to reinstate by 02/15/10 |
|---|---|
| Monthly Payments | $11,969.30 |
| Late Charges | $381.36 |
| Lender's Fees & Costs | $22.00 |
| Total Arrearage | $12,372.66 |
| Trustee's Expenses | |
| (Itemization) | |
| Trustee's Fee | $725.00 |
| Title Report | $951.00 |
| Statutory Mailings | $9.56 |
| Recording Costs | $30.00 |
| Postings | $70.00 |
| Sale Costs | $0.00 |
| Total Costs | $1,785.56 |
| Total Amount Due: | $14,158.22 |

Other known defaults as follows:

IV.

The sum owing on the Obligation is:  Principal Balance of $389,481.60, together with interest as provided in the note or other instrument evidencing the Obligation from 09/01/09, and such other costs and fees as are due under the Obligation, and as are provided by statute.

V.

The Property will be sold to satisfy the expense of sale and the Obligation as provided by statute.  The sale will be made without representation or warranty, express or implied regarding title, possession, encumbrances or condition of the Property on May 21, 2010.  The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 05/10/10 (11 days before the sale date), to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 05/10/10 (11 days before the sale date), the default(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid.  The sale may be terminated any time after 05/10/10 (11 days before the sale date), and before the sale by the Borrower, Grantor, any Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

02

VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

NAME AND ADDRESS

James B. McDonald
14840 119th Place Northeast
Kirkland, WA 98034

Unknown Spouse and/or Domestic Partner
of James B. McDonald
14840 119th Place Northeast
Kirkland, WA 98034

by both first class and either certified mail, return receipt requested on 01/15/10, proof of which is in the possession of the Trustee; and on 01/15/10 Grantor and Borrower were personally served with said written notice of default **or** the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

VII.

The Trustee, whose name and address are set forth below, will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the Property.

IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**The trustee's rules of auction may be accessed at <u>www.northwesttrustee.com</u> and are incorporated by this reference. You may also access sale status at <u>www.northwesttrustee.com</u> and <u>www.USA-Foreclosure.com</u>.**

03

EFFECTIVE: 02/15/10

Northwest Trustee Services, Inc., Trustee

By _____
Authorized Signature
P.O. BOX 997
Bellevue, WA 98009-0997
Contact:  Vonnie McElligott
(425) 586-1900

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

I certify that I know or have satisfactory evidence that _Vonnie McElligott_ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _____

> HEATHER E. CASEY
> STATE OF WASHINGTON
> NOTARY PUBLIC
> MY COMMISSION EXPIRES
> 04-22-10

_____
NOTARY PUBLIC in and for the State of
Washington, residing at _____
My commission expires _____

NORTHWEST TRUSTEE SERVICES, INC., SUCCESSOR BY MERGER TO NORTHWEST TRUSTEE SERVICES PLLC FKA NORTHWEST TRUSTEE SERVICES, LLC, P.O. BOX 997,  BELLEVUE, WA 98009-0997 PHONE (425) 586-1900 FAX (425) 586-1997

File No: 7523.21352
Client: OneWest Bank, FSB
Borrower:  McDONALD, JAMES B.

SERVING WA, OR, ID, CA, NV, AZ, MT HI

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

04

# Exhibit 9
## Amended Notice of Trustee Sale

After Recording, Return to:
Vonnie McElligott
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997

**2010110400132**

TITLE COURT SE NTS          65.00
PAGE-001 OF 004
11/04/2010 14:02
KING COUNTY, WA

File No.:           7523.21352
Grantors:           Northwest Trustee Services, Inc.
                    OneWest Bank, FSB
Grantee:            James B. McDonald, a single man
Ref to DOT Auditor File No.: 20070110002077
Tax Parcel ID No.: 328830018003
Abbreviated Legal: Lot 18, High Woodlands Div. 3, V85/P30 32

Amended Notice of Trustee's Sale
Pursuant to the Revised Code of Washington 61.24, et seq.

I.

On December 10, 2010, at 10:00 a.m. The northwest corner of the ground level parking area located under the Pacific Corporate Center building, 13555 SE 36th Street in the City of Bellevue, State of Washington, the Trustee (subject to any conditions imposed by the Trustee) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property "Property", situated in the County (ies) of King, State of Washington:

> Lot 18, The High Woodlands Addition Div. No. 3, according to the Plat thereof recorded in
> Volume 85 of Plats, Pages 30 through 32, inclusive, in King County, Washington.

Commonly known as:   14840 119th Place Northeast
Kirkland, WA  98034

which is subject to that certain Deed of Trust dated 01/08/07 and recorded on 01/10/07, under Auditor's File No. 20070110002077, records of King County, Washington, from James B. McDonald, a single man, as Grantor, to Pacific Northwest Title Insurance Co., Inc., as Trustee, to secure an obligation "Obligation" in favor of Mortgage Electronic Registration Systems, Inc., as Beneficiary, the beneficial interest in which was assigned by Mortgage Electronic Registration Systems, Inc. to OneWest Bank, FSB, under an Assignment/Successive Assignments recorded under Auditor's File No. 20100304000502.

*The Tax Parcel ID number and Abbreviated Legal Description are provided solely to comply with the recording statutes and are not intended to supplement, amend or supersede the Property's full legal description provided herein.

01

II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the Obligation in any Court by reason of the Grantor's or Borrower's default on the Obligation.

III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

|  |  | Amount due to reinstate by 10/28/2010 |
|---|---|---|
| Monthly Payments |  | $30,934.98 |
| Late Charges |  | $1,239.42 |
| Lender's Fees & Costs |  | $2,768.82 |
| Total Arrearage | $34,943.22 |  |
| Trustee's Expenses (Itemization) |  |  |
| Trustee's Fee |  | $508.00 |
| Title Report |  | $0.00 |
| Statutory Mailings |  | $147.00 |
| Recording Costs |  | $129.00 |
| Postings |  | $136.92 |
| Sale Costs |  | $500.00 |
| Total Costs | $1,420.92 |  |
| **Total Amount Due:** |  | $36,364.14 |

Other known defaults are as follows:

IV.

The sum owing on the Obligation is: Principal Balance of $389,481.60, together with interest as provided in the note or other instrument evidencing the Obligation from 09/01/09, and such other costs and fees as are due under the Obligation, and as are provided by statute.

V.

The Property will be sold to satisfy the expense of sale and the Obligation as provided by statute. The sale will be made without representation or warranty, express or implied regarding title, possession, encumbrances or condition of the Property on **December 10, 2010**. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 11/29/10 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 11/29/10 (11 days before the sale date), the default(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 11/29/10 (11 days before the sale date), and before the sale by the Borrower, Grantor, any Guarantor or the holder of any

02

recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

## VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

### NAME AND ADDRESS

James B. McDonald
14840 119th Place Northeast
Kirkland, WA  98034

Unknown Spouse and/or Domestic Partner
of James B. McDonald
14840 119th Place Northeast
Kirkland, WA  98034

by both first class and either certified mail, return receipt requested on 01/15/10, proof of which is in the possession of the Trustee; and on 01/15/10 Grantor and Borrower were personally served with said written notice of default **or** the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

## VII.

The Trustee whose name and address are set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

## VIII.

The effect of the sale will be to deprive the Grantor, and all those who hold by, through or under the Grantor, of all their right, title and interest in the Property.

## IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

## X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW.  For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

03

The trustee's rules of auction may be accessed at www.northwesttrustee.com and are incorporated by this reference. You may also access sale status at www.northwesttrustee.com and www.USA-Foreclosure.com

EFFECTIVE: 10/28/2010

Northwest Trustee Services, Inc., Trustee

By _____
Authorized Signature
P.O. BOX 997
Bellevue, WA 98009-0997
Contact: Vonnie McElligott
(425) 586-1900

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

I certify that I know or have satisfactory evidence that Vonnie McElligott is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated _____

HEATHER E. CASEY
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
04-22-44

NOTARY PUBLIC in and for the State of Washington, residing at _____
My commission expires _____

NORTHWEST TRUSTEE SERVICES, INC, P.O. BOX 997, BELLEVUE, WA 98009-0997 PHONE (425) 586-1900 FAX (425) 586-1997

File No: 7523.21352
Client: OneWest Bank, FSB
Borrower: McDONALD, JAMES B.

SERVING WA, OR, ID, AK, CA, NV, AZ, MT, HI

This is an attempt to collect a debt and any information obtained will be used for that purpose.

04

# Exhibit 10
## QWR, Dispute & DVD

After recording, return to:

JAMES BRADLEY MCDONALD
14840 119th Pl NE
Kirkland, WA 98034
TEL: (425) 210-0614

DATE: _____, 2010

Loan #125049243/1009111244
APN #328830-0180-03
Legal Description: See Attached Exhibit A

CONFORMED COPY

## 20100428000527

MCDONALD        MISC        76.00
PAGE-001 OF 015
04/28/2010 12:46

---

## CONSTRUCTIVE LEGAL NOTICE OF LAWFUL DEBT VALIDATION DEMAND

---

**Real Estate Settlement Procedures Act** (RESPA) 12 U.S.C. § 2605(e);
Regulation X at 24 C.F.R. § 3500 et seq.
**Truth-In-Lending-Act (TILA)** § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.
**Fair Debt Collection Practices Act** (FDCPA) 15 U.S.C. §1692c

---

**GRANTOR(S):**  **JAMES BRADLEY MCDONALD**
14840 119th Pl NE
Kirkland, WA 98034

**GRANTEE(S):**  **INDYMAC BANK, F.S.B**
901 E. 104TH ST., BLDG B, STE 400/500
KANSAS CITY, MO 64131
USPS Certified Mail # ____ 7009 2250 0000 1615 2189

INDYMAC MORTGAGE SERVICES / Servicer
6900 BEATRICE DRIVE
KALAMAZOO, MI 49003-4045
USPS Certified Mail # ___ 7009 2250 0000 1615 2196

NORTHWEST TRUSTEE SERVICES, INC
P.O. BOX 997
BELLEVUE, WA 98009-0997
USPS Certified Mail # ____ 7009 2250 0000 1615 2226

You are now in receipt of this NOTICE under the authority of the Truth-In-Lending-Act (TILA) §
1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act
(FDCPA) 15 U.S.C. §1692c, and the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §
2605(e) and Regulation X at 24 C.F.R. § 3500 regarding loan number 125049243 / 1009111244. I dispute
the alleged mortgage debt in its entirety for being inaccurate and firmly believe that I have had fraud in
the factum committed against me for lack of full disclosure by the alleged Lender.

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT,**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL.**

**THIS IS MY "QUALIFIED WRITTEN REQUEST": TILA REQUEST, RESPA REQUEST, COMPLAINT OF PROBABLE FRAUD IN THE FACTUM, DISPUTE OF DEBT & VALIDATION OF DEBT**

Reference:       Alleged Mortgage Loan # 125049243 / 1009111244
                 Private Land & Chattel Property located at
                 14840 119TH PL NE
                 KIRKLAND, WASHINGTON

Attention Authorized Representative for the Above Referenced Companies / Corporations:

After several consultation meetings with Legal Counsel and knowledgeable accountants regarding this matter, I am writing to formally complain about intentional accounting omissions and probable fraud in the factum that took place at the closing in the purchase of my home. I need a clear understanding and clarification (**FULL DISCLOSURE**) of the transactions that occurred at my signing of the initial documents, the funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

With our nation's mortgage default crisis and the mortgage scams that have occurred against millions of American families, I am most concerned that potential fraudulent and deceptive practices have been committed against me in the intentional omission of due consideration in the exchange of my promissory note, my signing of the mortgage note and security agreement; including deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks.

I hereby **DEMAND** absolute first-hand evidence from you and/or your legal department with regard to the original signed promissory note and an uncertificated or certificated security concerning account numbers 125049243 / 1009111244. In the event you refuse or fail to supply me with these documents it will be positive confirmation on your part that INDYMAC BANK, F.S.B never really created and owned a security. I also hereby **DEMAND** that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security, I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt, I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

**To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this QUALIFIED WRITTEN REQUEST, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.**

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. Upon receipt of your answers and production of documents, I will contract with my CPA to do another audit for a secondary validation. I **DEMAND** that you validate this debt so that it is accurate to the penny!

I firmly request that you do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

◊        Increased the amounts of monthly payments;
◊        Increased the principal balance I owe;
◊        Increased escrow payments;

◊    <u>Increased the amounts applied and attributed toward interest on this account;</u>

◊    <u>Decreased the proper amounts applied and attributed toward principal on this account;</u>

◊    <u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.</u>

I **DEMAND** that you demonstrate that I have not been the victim of such predatory, fraudulent servicing or lending practices that have occurred throughout the nation.

To ensure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 125049243 / 1009111244 by mortgage auditing and predatory servicing or lending experts. These exam and audit experts will review this mortgage account file from the date of initial contact with the mortgage provider, INDYMAC BANK, F.S.B. their applications and the origination of this account to the present date.

Again this is a **Qualified Written Request** under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code. TAKE NOTICE that RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions & production of documents as requested in this letter within twenty [20] business days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed for me and my audit experts to insure that this loan:

1.    Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to TILA, FDCPA, RESPA, HOEPA and other laws;

2.    That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3.    That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4.    That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., were and still are properly disclosed to me;

5.    That each servicer and/or sub-servicers of this mortgage have serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

6.    That each servicer and sub-servicers of this mortgage have serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

7.    That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

8.    That interest and principal have been properly calculated and applied to this loan;

9.    That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please mail to me, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

10. Any certificated or uncertificated security, front and back, used for the funding of account # 125049243.

11. Any and all "Pool Agreement(s)" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any government sponsored entity, hereinafter (GSE).

12. Any and all "Deposit Agreement(s)" regarding account # 125049243 or the "Pool Agreement" including account # 125049243 between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES account # 1009111244 and any GSE.

13. Any and all "Servicing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

14. Any and all "Custodial Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

15. Any and all "Master Purchasing Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

16. Any and all "Issuer Agreement(s)" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

17. Any and all "Commitment to Guarantee" agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

18. Any and all "Release of Document agreements" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

19. Any and all "Master Agreement(s) for servicer's Principle and Interest Custodial Account(s)" between INDYMAC BANK, F.S.B and any GSE.

20. Any and all "Servicers Escrow Custodial Account" between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

21. Any and all "Release of Interest" agreements between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES and any GSE.

22. Any Trustee agreement(s) between INDYMAC BANK, F.S.B and INDYMAC MORTGAGE SERVICES trustee regarding account # 125049243 and or # 1009111244 or pool accounts with any GSE.

23. Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

24. Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

25. Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee for this Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

26. Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

27. Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

28. Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

29. Please send to the requester any documentation evidencing the Mortgage or Deed of trust is **not** a constructive trust or any other form of trust.

30. Please send to the requester a certified copy of the signed promissory note showing the front and back of the document.

31. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

32. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

33. All assignments, transfers, allonges, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

34. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

35. All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

36. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

37. All escrow analyses conducted on this account from the inception of this account until the date of this letter;

38. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title insurance fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

39. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

40. All letters, statements and documents sent to me by your company;

41. All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

42. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

43. All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

44. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

45. All copies of my property inspection reports, appraisals, BPOs and reports done on the property.

46.   All invoices for each charge such as inspection fees. BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

47.   All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

48.   All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

49.   All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories. account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until the date of this RESPA request.

50.   All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until the date of this RESPA request.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me. in writing, the answers to the following questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

51.   Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that the experts can decipher the data provided. I demand a certified Transaction Chart (T Chart) showing the GAAP journal entries made at the inception.

52.   For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

53.   For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

54.   Pursuant to banking law 12 USCA § 1813, please provide me the deposit slip for the alleged borrower's promissory note(s) that were issued to INDYMAC BANK, F.S.B for processing through the Federal Reserve Bank in exchange for borrower's credit on January 8, 2007 and deposited on or around February 8, 2007.

55.   In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

56.   Please provide the order authorizing the withdrawal of funds from the borrower's promissory note deposit account.

57.   In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

58. For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

59. For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

60. Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the parish/county property records in the parish/county and state in which my land and chattel property is located from the inception of this account to the present date? Yes or No?

61. If not, why?

62. Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

63. Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

64. If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

65. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

66. Have attorney fees ever been assessed to this account from the inception of this account to the present date?

67. If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

68. Have attorney fees ever been charged to this account from the inception of this account to the present date?

69. If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

70. Have attorney fees ever been collected from this account from the inception of this account to the present date?

71. If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

72. Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

73. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment, charge or collection of attorney fees.

74.   Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

75.   Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

76.   Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

77.   Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment(s) were made and the reasons for such adjustment(s).

78.   Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

79.   Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

80.   How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

81.   How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

82.   How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

83.   Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account.

**SUSPENSE/UNAPPLIED ACCOUNTS**

For purposes of this section, please treat the term suspense account and unapplied account as one and the same.

84.   Have there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

85.   If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

86.   In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that have occurred on this account from the inception of this account until present date.

**LATE FEES**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

87.   Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

88.   Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

89.   Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

90. Are late fees considered interest? Yes or No?

91. Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

92. Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

93. If yes, please describe what expenses or charges were charged or assessed to this account.

94. Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

95. Please describe for me in writing what damages you or others undertook due to any payment I made which was late.

96. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment or collection of late fees.

97. Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

98. Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

99. Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

100. Has interest been charged on any late fee assessed or charged to this account? Yes or No?

101. Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

102. Have any late charges been assessed to this account? Yes or No?

103. If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

104. Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

105. Have late charges been collected on this account from the inception of this account until present date? Yes or No?

106. If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

## LAND & CHATTEL PROPERTY INSPECTIONS

107. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

108. Have any property inspections been conducted on my land and chattel property from the inception of this account until the present date?

109. If your answer is no, you can skip the rest of these questions in this section concerning property inspections.

110. If yes, please tell me the date of each property inspection conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

111. Please tell me the price charged for each property inspection.

112. Please tell me the date of each property inspection.

113. Please tell me the name and address of each company and person who conducted each property inspection on my land & chattel property.

114. Please tell me why property inspections were conducted on my property.

115. Please tell me how property inspections are beneficial to me.

116. Please tell me how property inspections are protective of my land & chattel property.

117. Please explain to me your policy on property inspections.

118. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

119. If yes, why?

120. Do you use property inspections to collect debts? Yes or No?

121. Have you used any portion of the property inspection process on my land & chattel property to collect a debt or inform me of a debt, payment or obligation I owe?

122. If yes, please answer when and why?

123. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

124. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

125. If yes, why?

126. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

127. If yes, why?

128. Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

129. Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

130. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

131. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

132. Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

133. If yes, when and how much was charged?

134. Is interest allowed to be assessed or charged on inspection fees or assessed to this account? Yes or No?

135. How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

136. How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

137. Please forward to me copies of all property inspections made on my property in this mortgage account file.

138. Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

## BPO FEES

139. Have any BPOs [Broker Price Opinions] been conducted on my land & chattel property?

140. If yes, please tell me the date of each BPO conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

141. Please tell me the price of each BPO.

142. Please tell me who conducted each BPO.

143. Please tell me why BPOs were conducted on my land & chattel property.

144. Please tell me how BPOs are beneficial to me.

145. Please tell me how BPOs are protective of my land & chattel property.

146. Please explain to me your policy on BPOs.

147. Have any BPO fees been assessed to this account? Yes or No?

148. If yes, how much in total BPO fees have been assessed to this account? $_____

149. Have any BPO fees been charged to this account? Yes or No?

150. If yes, how much in total BPO fees have been charged to this account? $_____

151. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

152. Please send to me copies of all BPO reports that have been done on my land & chattel property.

153. Has any fee charged or assessed for a BPO been placed into escrow? Yes or no?

## FORCED-PLACED INSURANCE

154. Have you placed or ordered any forced-placed insurance polices on my land & chattel property?

155. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note.

156. Please tell me the price of each policy.

157. Please tell me the agent for each policy.

158. Please tell me why each policy was placed on my land & chattel property.

159. Please tell me how the policies are beneficial to me.

160. Please tell me how policies are protective of my land & chattel property.

161. Please explain to me your policy on forced-placed insurance.

162. Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

163. If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

164. Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

165. If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

166. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

167. Do you have any relationship with the agent or agency that placed any policies on my land and chattel property? If yes, please describe.

168. Do you have any relationship with the carrier that issued any policies on my land & chattel property? If yes, please describe.

169. Has the agency or carrier you used to place a forced-placed insurance policy on my land & chattel property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

170. Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? If yes, please send me a copy of each such policy.

171. Please send to me copies of all forced-placed insurance policies that have been ordered on my land & chattel property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

172. Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

173. Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

174. Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

175. Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

176. Where is the original monetary instrument (*promissory note*) or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

177. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

178. Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

179. Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

180. Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

181. Since the inception of this loan, have any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that have sub-serviced this mortgage loan.

182. Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

183. Has each and every assignment of my asset/monetary instrument been recorded in the parish/county land records where the property associated with this mortgage account is located?

184. Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

185. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust involved.

186. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alloges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

187. Please provide me with copies of all sales contracts, servicing agreements, assignments, alloges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

188. How much was paid for this individual mortgage account by you?

189. If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

190. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

191. Who did you issue a check or payment to for this mortgage loan?

192. Please provide me copies with the front and back of canceled check.

193. Did any investor approve the foreclosure of my property?

194. Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

195. Please identify all persons who approved the foreclosure of my property!

196. Has INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES been paid any insurance claim based on requester's alleged default of mortgage agreement?

197. If so, provide the amount of insurance payment collect by INDYMAC BANK, F.S.B and/or INDYMAC MORTGAGE SERVICES $_____

198. If insurance has been paid, please provide document signed under the penalty of perjury showing where there is still alleged debt owed by James Bradley McDonald.

Under the Truth In Lending Act [TILA] 15 U.S.C. § 1601. et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code it is mandatory that you provide me full disclosure of the alleged debt that is said to be owed before proceeding any further with your collection action from twenty (20) days of receipt of this QUALIFIED WRITTEN REQUEST. If you do not provide all answers and production of documents requested in this Notice, you will be in fault, admitting no lawful claim and a default will be in order. Your admission of no lawful claim will be the basis for our Right to Cancel. A Notice of Right to Cancel will be issued twenty (20) days from the date of receipt of this CONSTRUCTIVE LEGAL NOTICE.

## AFFIDAVIT OF FACT

14840 119TH PL NE
KIRKLAND, WASHINGTON

STATE OF WASHINGTON )
COUNTY OF KING )  ss.

I, James Bradley McDonald, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirms that all the facts stated and affirmed herein are true, correct, complete, and not misleading, admissible as evidence, and if testifying shall so state under the penalty of perjury:

1. That, Affiant makes this Affidavit based on first hand knowledge of all the facts stated herein, including the research of federal and state laws and public policy documents that govern monetary instruments related to banking and financial institutions.

2. That, Affiant did sign alleged loan documents with INDYMAC BANK, F.S.B at INTEGRATED ESCROW office in SEATTLE, WASHINGTON on January 8, 2007 concerning property located at 14840 119TH PL NE, KIRKLAND, WASHINGTON.

3. That, Affiant did sign a promissory note and issued to INDYMAC BANK, F.S.B for processing on January 8, 2007; the promissory note was for the sum of $389,482.

4. That, Affiant was rushed by INDYMAC BANK, F.S.B representatives to sign other alleged closing documents and was not provided time to review or provided a clear understanding of the terms and conditions of these documents that he was requested to sign.

5. That, since the above events and the exposure of this nation's mortgage default crisis, Affiant has recently learned that there has been possible fraud committed against him by INDYMAC BANK, F.S.B representatives in withholding FULL DISCLOSURE at the signing of closing documents and that it appears fraud in the factum has been committed against him regarding his signing the mortgage note and Deed of Trust.

6.  That, Affiant confirms that attorney firm NORTHWEST TRUSTEE SERVICES, INC allegedly hired by ONE WEST BANK has issued a Notice of Intent to Foreclose to Affiant dated JANUARY 15, 2010.

7.  That, Affiant affirms hereby that NORTHWEST TRUSTEE SERVICES, INC does not have first hand knowledge of the probable fraud in the factum committed by their alleged client, ONE WEST BANK.

8.  That, Affiant confirms and re-affirms his lawful and timely dispute and demands full compliance in providing FULL DISCLOSURE to all requested questions and provide all request for documentation per the LAWFUL DEBT VALIDATION DEMAND annexed hereto and made a part hereof.

9.  That, INDYMAC BANK, F.S.B registered agent and INDYMAC MORTGAGE SERVICES acting as servicer are being served this Affidavit and LAWFUL DEBT VALIDATION DEMAND.

I hereby state that the above is true to the best of my knowledge and understanding.

Date: 4 / 27 , 2010        BY: _____

JAMES BRADLEY MCDONALD
14840 119TH PL NE
KIRKLAND, WA 98034
TEL: (425) 210-0614

## Jurat

State of WASHINGTON

County of ___King_____

Subscribed and sworn to (or affirmed) before me on this 27TH day of

_____April_____, 2010 by ___James Bradley McDonald_____, proved

to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____        (Seal)
Signature of Notary Public