# Exhibit 21
## Custodial Agreement

# Freddie Mac

We make home possible™

May 12, 2009

Mr. Aaron Wade
Onewest Bank, FSB
888 E. Walnut Street
Pasadena, CA 91101

Re:     **Onewest Bank, FSB**
        **Custodian Assignment Notification**
        **Freddie Mac Seller/Servicer Numbers 153845 & 153984**

Dear Mr. Wade:

This letter will serve as confirmation that your application for custodian services from the below listed entity has been completed. Please use the Custodian Number and Agreement Number provided below on all correspondence and deliveries to Freddie Mac beginning May 12, 2009.

| Third-Party Custodian/ Seller/Servicer's Trust Department | Custodian Number | Agreement Number |
|---|---|---|
| Deutsche Bank National Trust Company 1761 East Saint Andrews Place Santa Ana, CA 92705-4934 | 1000409 | 000015 |

Your custodian must subscribe to the Freddie Mac Seller/Servicer Guide and adhere to its requirements as well as the Document Custody Procedure Handbook, which may be accessed at www.freddiemac.com/cim. If you have any questions regarding the instructions contained within this letter, you may contact Amy Odiorne at the address and telephone number below.

Freddie Mac
Document Safekeeping Administration
1551 Park Run Drive, MS D3A
McLean, VA 22102
(571) 382-3936
amy_odiorne@freddiemac.com

Sincerely,

Pam Williams
Director
Counterparty Credit Risk Management

cc: Christopher Corcoran, custodian copy

**Exhibit 8**
**Page 1 of 14**

Custodian Number  1000409     [1]
Custodial Agreement Number  000015  [1]
Seller/Servicer Number  153845  [1]
Self ___ Affiliated 3rd Party ___
Unaffiliated  X [2]

## CUSTODIAL AGREEMENT:  SINGLE-FAMILY MORTGAGES  ＊ 153984

THIS CUSTODIAL AGREEMENT, dated as of ~~March 19~~ May 12th A≠D, 2009 [3] (the "Agreement"), is by and among Freddie Mac, __Deutsche Bank__ [4], as custodian ("Custodian"), and __OneWest Bank, FSB__ [5], as seller and/or servicer ("Seller/Servicer").

### W I T N E S S E T H :

WHEREAS, Freddie Mac and Seller/Servicer are parties to certain Purchase Documents pursuant to which Seller/Servicer sells and/or agrees to sell Mortgages to Freddie Mac, or services and/or agrees to service Mortgages for Freddie Mac;

WHEREAS, pursuant to the Purchase Documents, Seller/Servicer will, on or before each Delivery Date, deliver or cause to be delivered to Custodian (i) the Notes relating to such Mortgages, endorsed in blank as required by Freddie Mac's *Single-Family Seller/Servicer Guide* (the "Guide"), (ii) the Assignments relating to such Mortgages, (iii) certain data, using either Freddie Mac's Selling System or MIDANET®, and  (iv) for Mortgages delivered through MIDANET®, a completed Form 1034, or for Mortgages delivered through the Selling System, a completed Form 1034 or Cover Sheet for Selling System;

WHEREAS, Custodian shall accept delivery of the Notes and any Assignments on Freddie Mac's behalf in accordance with the terms and conditions of this Agreement;

WHEREAS, Freddie Mac, Seller/Servicer and Custodian desire to set forth the terms and conditions for the deposit and custodianship of the original Notes for Mortgages sold to and serviced for Freddie Mac.

NOW, THEREFORE, in consideration of the premises, the covenants herein set forth, and other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, Freddie Mac, Custodian and Seller/Servicer agree as follows:

Section 1:  Definitions.  Capitalized terms used herein have the meanings ascribed to them in the Purchase Documents, including (without limitation) the Guide; provided

---

[1] Freddie Mac will complete this blank or, if Custodian has been assigned a Custodian Number, Custodian must insert this number when it executes this Agreement.

[2] Seller/Servicer, indicate a relationship with Custodian by initialing the appropriate space; Custodian, confirm the relationship by initialing the appropriate Section 2(b) below.

[3] Freddie Mac will complete this blank.

[4] Insert the complete legal name of Custodian.

[5] Insert the complete legal name of Seller/Servicer and its Freddie Mac Seller/Servicer number.

Exhibit 8
Page 2 of 14

that the following terms are defined for purposes of the custodial relationship contemplated by this Agreement:

"Assignments" means all intervening assignments and instruments necessary to assign the security instruments to Freddie Mac; if, pursuant to Section 18.1 of the Guide, the Seller/Servicer has elected to hold the Assignments in its Mortgage files, it need not deliver Assignments to the Custodian but must provide Custodian with evidence of that election.

"Form 1034" means a Custodial Certification Schedule in any format (hardcopy or electronic), including without limitation Forms 1034, 1034A, 1034B, 1034E, 1034S, 1034SM, or Form 1034T, which identifies the Notes delivered to Custodian.

"Notes", for purposes of this Agreement, means the original notes and any other instruments evidencing the indebtedness secured by the security instruments, along with the original riders, powers of attorney, and/or other modifying instruments to the original notes (e.g., modification, conversion, assumption of indebtedness or release of liability agreements); references to "Notes" may also include Assignments and any supplemental or additional documents required to be maintained in the Custodian's Note file, as the context requires or permits.

"Form 1036" means a Request for Release of Documents authorizing Seller/Servicer to obtain Notes from Custodian and Custodian to release them to Seller/Servicer.

Section 2.  Custodian Eligibility, Functions and Duties.
(a)   Eligibility requirements and general duties.  Custodian hereby represents and warrants to, and covenants with, Seller/Servicer and Freddie Mac that Custodian will perform the functions and fulfill the duties set forth in Sections 18.6, 18.7, 56.9 and other relevant portions of the Guide. Custodian shall also:
    (1)   in addition to satisfying the requirements of Section 18.6(a)4, make available evidence of compliance with the requirements, terms, standards, and responsibilities referred to in subparagraph (2) immediately below;
    (2)   comply with all of the terms of this Agreement, and with:
        • all Guide requirements pertaining to Notes held for Freddie Mac;
        • any other requirements that Freddie Mac may specify to ensure the safety, security and/or enforceability of its Notes; and
        • such standards for custodial performance and fiduciary duties as Freddie Mac may prescribe in its discretion from time-to-time;
        all as amended from time-to-time by Freddie Mac;
    (3)   notify Freddie Mac and Seller/Servicer if, at any time, Custodian fails to meet any applicable eligibility requirement;
    (4)   meet the eligibility requirements of Section 18.2(b):

Exhibit 8
Page 3 of 14

[CUSTODIAN: INITIAL[6] THE APPLICABLE SECTION BELOW AND
CROSS-OUT THE SECTIONS THAT DO *NOT* APPLY]

_____ ~~Section 18.2(c), for a Seller/Servicer acting as its own Custodian~~

_One_ Section 18.2(d), for a third-party Custodian that is not affiliated with
Seller/Servicer

_____ ~~Section 18.2(e), for a third-party Custodian that is affiliated with
Seller/Servicer~~

[CUSTODIAN: EITHER INITIAL[6] THE FOLLOWING SECTION OR CROSS IT OUT]

_____ ~~Section 18.2(f), for a Custodian that is also a warehouse lender~~

(5) not be in receivership, conservatorship or liquidation, nor shall any parent
of Custodian be in receivership, conservatorship or liquidation;

(6) maintain, at its sole cost and expense, insurance coverage under a
financial institution bond or equivalent policy that provides, at a minimum,
fidelity and lost instrument coverages, errors and omissions insurance
coverage for the custody of documents, and other coverages and
requirements in the amounts as set forth in Section 18.2(b)8 of the Guide;

(7) complete the Annual Document Custodian Eligibility Certification Report
(the "ADCEC") and submit it to Freddie Mac by March 31st each year,
together with any other information that Freddie Mac may request,
pursuant to Sections 14 and 16 below; and

(8) maintain document custodial operations that are independently and
separately managed from any functional area within its institution that
performs mortgage origination, selling or servicing; maintain separate
records, files and operations; and ensure that the duties set forth in this
Agreement will be performed only by personnel not engaged in mortgage
origination, sales or servicing.

[CUSTODIAN: INITIAL[6] THE PARA. (b) BELOW THAT *DOES* APPLY and
CROSS-OUT THE PARA. (b) THAT *DOES NOT* APPLY]

(b) Additional eligibility requirements for Custodian that is not affiliated
with Seller/Servicer. Custodian hereby represents, warrants and covenants
with Freddie Mac that it is not affiliated with Seller/Servicer.

_____
initial

OR

(b) Additional eligibility requirements for Custodian that is a self-Custodian or
is affiliated with Seller/Servicer. Custodian hereby represents, warrants and
covenants with Freddie Mac that its custodial operations are conducted by a
trust department that is established and operated under fiduciary powers
granted by its state or federal regulator.

_____
initial

_____

[6] Officer of Custodian executing this Agreement must initial in ink.

Custodial Agreement: Single-Family Mortgages
Freddie Mac Form 1035 (rev. 2/08.2)

Page 3 of 13

Exhibit 8
Page 4 of 14

(c)     Verifications. ~~Upon receipt of the Notes or established custody~~ for Freddie Mac,
Custodian shall review and examine them and conduct ~~the verification~~ as set
forth in Section 18.6(b) of the Guide. In fulfilling that function, Custodian shall:
   (1)   review the terms of the Notes to verify that the information contained
         therein conforms with the Selling System or Form 1034 data; and
   (2)   determine that each Note is original and has an endorsement as required in
         ~~Section 18.4 of the Guide.~~

(d)     Responsibility as a transferee Custodian. Upon a transfer of servicing that
results in a transfer of custody, Custodian as transferee must perform the
verifications specified in Section 18.7 of the Guide with respect to each Note
transferred to it.

Upon a transfer of servicing, Custodian as transferee must verify that a copy of
Freddie Mac Form 960 or Form 981, as applicable, evidencing Freddie Mac's
approval of the servicing transfer accompanies the Notes. For each transfer of
servicing that results in a transfer of custody, Seller/Servicer as transferee must
deliver to Freddie Mac a Custodial Certification Schedule, executed by the
transferor seller/servicer and Custodian as transferee.

(e)     Responsibility as a transferor Custodian. Upon a transfer of custody or a
transfer of servicing resulting in a transfer of custody, the transferor Custodian
shall verify that either Freddie Mac's Document Custodial Operations
Department (DCO) or a new custodian has been selected in accordance with
Freddie Mac's requirements and must confirm the transferee custodian with
Freddie Mac. The transferor Custodian shall cooperate with Seller/Servicer and
DCO or the transferee custodian to effect an orderly transfer of the Notes and
to prepare a Form 1034 for those Notes, all as provided in the Guide.

It is the responsibility of the Custodian and Seller/Servicer to work with DCO or
the transferee custodian, prior to certification of the Notes by DCO or the
transferee custodian, to cure all document deficiencies that are unresolved
upon transfer. Custodian shall not be released or discharged from the
liabilities, duties and obligations hereunder until after Seller/Servicer and DCO
or the transferee custodian to which the Notes have been moved have certified
or accounted for all the Notes.

(f)     Duties to Freddie Mac; Relationship of the Parties. Custodian should contact
DCO with any questions that might arise in conjunction with the discharge of
the duties imposed on Custodian by this Agreement and as set forth in Section
18.6(d) of the Guide, particularly regarding the verification and certification
processes.

By executing this Agreement, Custodian represents and warrants that it has no,
and covenants that it shall hold no, adverse interest, by way of security or

otherwise, in any Note and hereby waives and releases any such interest which it may have or acquire in any such Note.

The parties each hereby acknowledge that neither title, ownership nor right of alienation with respect to the Notes, nor any books and records relating to the Notes, is hereby transferred to, or conferred upon, Custodian.

(g)   Release of Documents.  Custodian shall release Notes only pursuant to Section 18.6(e) of the Guide.  Absent manifest error, Custodian may rely on information received from Seller/Servicer in the Form 1036.  Seller/Servicer shall hold in trust and for the sole benefit of Freddie Mac all Notes released to it.

(h)   Supplemental deliveries.  If Seller/Servicer supplements a delivery with additional documents, such as original modifying instruments, Custodian must place the supplemental documentation with the applicable original Notes.

Section 3.  Miscellaneous.
(a)   Audit.  Freddie Mac and/or its auditors may perform, with or without any prior notice, on-site reviews or audits of:
   (1)  all records and documents held by Custodian that relate to the Notes; and
   (2)  Custodian's policies and procedures and its compliance with its own
        internal controls and with Freddie Mac's requirements.
Custodian shall promptly provide copies of any Notes requested by Freddie Mac or its auditor.

(b)   Custodial Charges.  Pursuant to Section 18.1 of the Guide, compensation for Custodian's services, including (without limitation) any action taken at the request or demand of Freddie Mac, is the sole responsibility of Seller/Servicer.  Seller/Servicer and Custodian shall enter into a written agreement regarding Custodian's charges and fees for certifying, holding, releasing, copying, and other activities with respect to the Notes; provided, however, that such agreement may not contain terms that relate to the substance of this Agreement, including (without limitation) Freddie Mac's ability to gain access to or remove the Notes without the Seller/Servicer's consent and provided further that, in the event of a conflict between any such agreement and this Agreement, this Agreement shall govern.

Custodian shall (i) take no action that might adversely affect Freddie Mac or its interests, or (ii) not fail to perform in accordance with this Agreement or any Freddie Mac requirement because Custodian has not been compensated by Seller/Servicer.  If Freddie Mac should elect, in its sole discretion, to assume or transfer the duties and obligations of Seller/Servicer and terminate the custodial relationship established by this Agreement, Custodian shall continue to perform its obligations hereunder for a reasonable time on the same terms and conditions as set forth herein, provided that Freddie Mac shall not be obligated to pay any compensation or fee for holding or releasing any Notes during such period.

Exhibit 8
Page 6 of 14

(c)   Indemnifications.

   (1)   In performing its functions and duties under this Agreement, Custodian agrees to act with reasonable care, using that degree of skill and care that it exercises with respect to similar notes and assignments owned and/or serviced by it and with at least such skill and care as is customary in the industry. Custodian hereby indemnifies Freddie Mac from, and holds Freddie Mac harmless against, any and all liabilities, obligations, losses, damages, payments, costs or expenses of any kind whatsoever (including, without limitation, reasonable fees and expenses of counsel), which may be imposed on, incurred by or asserted against Freddie Mac as the result of any breach of this Agreement or negligence by Custodian in the performance of the functions and duties of Custodian required for the sections of the Guide pertaining to Notes held for Freddie Mac and by this Agreement.

   (2)   Seller/Servicer indemnifies Freddie Mac as set forth in Section 18.4(a) of the Guide.

Section 4.   Seller/Servicer Responsibilities.   Seller/Servicer is responsible for the following and hereby represents and warrants to, and covenants with, Freddie Mac as follows:

(a)   Seller/Servicer shall promptly notify Freddie Mac in writing if Seller/Servicer becomes aware that Custodian has failed to comply with any Freddie Mac operational requirement and/or any of the terms of this Agreement.

(b)   Seller/Servicer shall comply with the transit insurance requirements set forth in Section 18.4(c) of the Guide.  The Guide insurance requirements do not diminish, restrict or otherwise limit Custodian's responsibilities and obligations as stated herein.

(c)   Seller/Servicer shall provide Custodian with copies of such confirmations, agreements, assignments, documents, opinions, instructions and information relating in any way to this Agreement as Custodian may from time to time reasonably request in writing.

(d)   Seller/Servicer shall promptly notify Custodian of the occurrence of any default or event of default by Seller under the Purchase Documents, specifying the nature thereof and the action being taken or proposed to be taken by Seller/Servicer to remedy the same (notwithstanding the foregoing terms of this subsection 4(d), nothing herein shall be construed as creating any right on the part of Seller/Servicer to a cure period in connection with any such default or event of default or as a waiver by Freddie Mac of any right or remedy under the Purchase Documents).

Exhibit 8
Page 7 of 14

Section 5.  Transfers of Servicing.

(a)  In the event that Seller/Servicer transfers servicing of some or all of the Mortgages, such transfer shall be subject to approval under, and conducted pursuant to, Section 18.4(d) and other relevant sections of the Guide.

(b)  If Seller/Servicer transfers the servicing for some or all of the Mortgages for which Custodian holds the Notes, then Custodian shall cooperate with Seller/Servicer and DCO or the transferee seller/servicer's custodian to transfer custody of the Notes and any Assignments pursuant to the Guide and Section 2(d) above.

(c)  No later than 30 days after the effective date of a transfer of servicing, the Notes and any Assignments relating to the affected Mortgages must be moved.  If the transferee seller/servicer uses a document custodian, the Notes and Assignments must be moved to the transferee seller/servicer's custodian.  If the transferee seller/servicer does not use a document custodian, the Notes must be moved to DCO and the Assignments moved to the transferee seller/servicer.

Section 6.  Termination and Transfer of Custody.

(a)  Termination by Freddie Mac.  At its sole discretion, Freddie Mac may, upon 30 days written notice to Seller/Servicer and Custodian, terminate this Agreement and require Seller/Servicer to transfer all Notes and Assignments to another custodian or to transfer the Notes to DCO and the related Assignments to Seller/Servicer within 30 days of the date of such notice.

Notwithstanding any other right of Freddie Mac to require Seller/Servicer to discontinue the use of a custodian, Freddie Mac may give notice that it will terminate this Agreement and require that all Notes and Assignments to be transferred immediately to another custodian, or the Notes to Freddie Mac and the related Assignments to Seller/Servicer, immediately upon occurrence of any of the following:

(1)  disqualification or suspension of Seller/Servicer pursuant to the Guide, or upon a determination by Freddie Mac that Seller/Servicer's performance has been unsatisfactory, or that Seller/Servicer has failed to meet eligibility standards;

(2)  failure of Custodian to meet Freddie Mac's document custodian eligibility requirements or any criteria for note custody;

(3)  Freddie Mac's determination that Custodian's performance with respect to the Notes has been unsatisfactory;

(4)  any other circumstance with respect to Custodian, the Notes or any Assignments that adversely affects the Notes or the interests of Freddie Mac;

(5)  Freddie Mac's modification of its requirements for the custody of Notes and Assignments; or

(6)  Freddie Mac's notice to Custodian that a default or event of default has occurred under, or in connection with, the Purchase Documents, or Freddie

Exhibit 8
Page 8 of 14

Case 2:10-cv-01952-RSL   Document 184-3   Filed 10/15/12   Page 10 of 69

Case 2:10-cv-01952-RSL   Document 49   Filed 03/30/11   Page 103 of 124

Mac's determination for any reason that the safety or security of the Notes is in jeopardy.
In such event, Custodian shall comply with Freddie Mac's Instructions.

(b)  Termination by Seller/Servicer.  Seller/Servicer may terminate this Agreement upon 30 days prior notice to Custodian and to Freddie Mac.  Upon giving such notice, Seller/Servicer must, in accordance with the Guide, designate a new custodian for Mortgages serviced for Freddie Mac and require Custodian transfer the Notes for those Mortgages to the new custodian within 30 days of Freddie Mac's approval of the transfer, provided that Freddie Mac may require the Notes be transferred immediately.  If Seller/Servicer elects to transfer the Notes to DCO, then, prior to the termination date of this Agreement, all Notes for Mortgages serviced for Freddie Mac and held by Custodian must be moved to DCO, and the Assignments moved to Seller/Servicer.

(c)  Termination by the Custodian.  Custodian may terminate this Agreement upon 30 days prior written notice to Seller/Servicer and to Freddie Mac.  In such event, Seller/Servicer must transfer the Notes and the Assignments to a new custodian or transfer the Notes to DCO and obtain any Assignments from Custodian as provided in Section 18.1 of the Guide.  In no event may Custodian refuse or fail to fulfill its custodial obligations pursuant to this Agreement until the Notes and Assignments have been properly transferred.

(d)  Responsibilities of the transferor Custodian.  Upon termination of this Agreement and transfer of custody of the Notes, Custodian shall cooperate with Seller/Servicer and DCO or the transferee custodian pursuant to the Guide and Section 2(d) hereinabove.

Section 7.  Representations, Warranties and Covenants re: execution.
(a)  Custodian represents and warrants to, and covenants with, Seller/Servicer and Freddie Mac as follows:
   (1)  This Agreement has been authorized and approved by all requisite corporate action on the part of Custodian and, when executed and delivered by Custodian, Seller/Servicer and Freddie Mac, will constitute a legal, valid and binding obligation of Custodian, enforceable against Custodian in accordance with its terms.
   (2)  Custodian has not executed and will not execute any agreement or obligation inconsistent herewith or with any of the transactions contemplated hereby.
   (3)  Custodian has complied, and at all times shall comply, with all applicable laws and regulations in connection with the transactions contemplated hereby.

(b)  Seller/Servicer represents and warrants to, and covenants with, Freddie Mac and Custodian as follows:
   (1)  This Agreement has been authorized and approved by all requisite corporate action on the part of Seller/Servicer and, when executed and

delivered by Custodian, Seller/Servicer and Freddie Mac, this Agreement will constitute the legal, valid and binding obligation of Seller/Servicer, enforceable against Seller/Servicer in accordance with its terms.

(2)  Seller/Servicer has not executed and shall not execute any agreement or obligation inconsistent with this Agreement or with the transactions contemplated hereby.

(3)  Seller/Servicer has complied, and at all times shall comply, with all applicable laws and regulations in connection with the transactions contemplated hereby.

Section 8.  Amendments.  Freddie Mac may at any time, in its sole discretion, upon notice to Custodian and Seller/Servicer, modify or supplement any provision or requirement set forth in this Agreement, including but not limited to Freddie Mac's Document Custodian eligibility requirements, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, and/or Freddie Mac forms referenced herein.

If the Guide's defined terms or requirements pertaining to Document Custodian eligibility, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, Freddie Mac forms referenced herein or any requirements relating to the Notes are amended, then this Agreement is deemed to have been simultaneously amended to the extent necessary to conform this Agreement with such amended Guide provisions.  If any Freddie Mac forms are revised or superseded subsequent to the date of this Agreement, references to such forms in this Agreement shall be deemed to refer to such forms as revised or, if superseded, to such other forms as Freddie Mac may require.

No amendment or waiver of any provision of this Agreement shall be effective unless in writing signed by an authorized representative of Freddie Mac, and then such waiver or consent shall be effective only in that instance and for the reason specified therein.

Section 9.  Notices.  All demands, notices, instructions and other communications hereunder shall be in writing (unless specifically authorized to be delivered using another means) and shall be personally delivered or mailed, addressed as set forth below.

| If to Freddie Mac: | Freddie Mac Counterparty Credit Risk Management<br>1551 Park Run Drive, MS  D3A<br>McLean, VA  22102<br>(571) 382-3936; facsimile (866) 743-0087 |
| --- | --- |
| with a copy to: | Freddie Mac Document Custodial Operations<br>21550 Beaumeade Circle, MS 570<br>Ashburn, VA  20147<br>(703) 724-3000 |

Exhibit 8
Page 10 of 14

If to Custodian (*indicate if your vault location is different from your mailing address and identify a contact person for eligibility matters as well as operations*)[7]:

Christopher P Corcoran
Deutsche Bank
1761 East St Andrew Place
Santa Ana, CA  92705-4934

tel. # (714) 247   6045

If to Seller/Servicer[7]:

Aaron Wade
OneWest Bank,  FSB
888 E. Walnut  Street
Pasadena, CA  91101

tel. # ( 626) 535  8852

or to such other address and person as Freddie Mac, Custodian or Seller/Servicer may hereafter designate in writing as required herein.

Section 10.  Binding Effect.  This Agreement shall become effective as of the date above first written upon execution by Freddie Mac, Seller/Servicer and Custodian, and shall be binding upon and inure to the benefit of the parties and their respective successors and assigns and shall continue in full force and effect so long as Custodian shall hold, as custodian hereunder, any of the Notes, or until the Agreement is terminated.  If Freddie Mac executes this Agreement, Freddie Mac shall provide Seller/Servicer and Custodian with copies of the fully executed Agreement. Freddie Mac shall retain the original Agreement.

Section 11.  Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the United States.  If there is no applicable precedent and to do so would not frustrate the purposes of this Agreement or the transactions governed hereby, the laws of the Commonwealth of Virginia shall be deemed to reflect the laws of the United States.  Notwithstanding the immediately preceding sentence, the legal effectiveness, validity and enforceability of electronic contracts and signatures and other Electronic Records used in connection with any transaction engaged in by the parties to this Agreement shall be governed by the federal Electronic Signatures in Global and National Commerce Act.

Unless otherwise expressly agreed in writing among Seller/Servicer, Custodian and Freddie Mac, neither this Agreement nor any portion of any electronic transaction will be governed by the Uniform Computer Information Transactions Act as enacted in any jurisdiction.

---

[7] Insert the name, title, mailing address, e-mail address, telephone number and fax number of the person to whom notices should be sent.

Custodial Agreement: Single-Family Mortgages                    Page 10 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

**Exhibit 8**
**Page 11 of 14**

Section 12.  Construction of Agreement.  This Agreement shall not be construed against Freddie Mac as the drafter hereof.

Section 13.  Headings.  The section headings herein are for convenience only and shall not affect the construction of this Agreement.

Section 14.  Acknowledgment and Consent to Electronic Transactions.
Seller/Servicer and Custodian consent and agree to engage in electronic transactions with Freddie Mac and each other in connection with their respective duties and obligations under this Agreement, as follows:
(1)   Seller/Servicer acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide; and
(2)   Custodian acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide as if each reference to the term "Seller/Servicer" referred to "Custodian," except where replacing the term "Seller/Servicer" with the word "Custodian" is logically inconsistent with the duties and obligations of Custodian set forth herein.
Custodian further agrees to adopt as its Electronic Signature for such electronic transactions its Freddie Mac custodian number and/or such other confidential passwords, user identification codes, other symbols or procedures as required by Freddie Mac. Custodian and Seller/Servicer acknowledge and agree that electronic transactions not expressly required or permitted by Freddie Mac are prohibited.

Section 15. Certifying Mortgages in the Selling System.  Seller/Servicer, Custodian and Freddie Mac agree that for Mortgages sold using the Selling System, Custodian will certify such Mortgages using the following online certification options: single loan certification, batch certification and importation of Mortgage loan data certified in the Custodian's system into the Selling System. The option used must comply with the instructions in the Selling System, the applicable provisions of Chapter 18 of the Guide, the Document Custody Procedure Handbook and the section in the Selling System User Guide entitled "Certifying Mortgages for Freddie Mac," located on the Web at www.freddiemac.com/learn/pdfs/deliver/sscertmort.pdf, all of which are hereby incorporated herein by reference and made a part hereof.

Section 16.  Delivery of the ADCEC.  Seller and Freddie Mac agree that Custodian may deliver the ADCEC, executed by a duly authorized officer of Custodian, to Freddie Mac as an electronic record attached to an email or as a facsimile transmission; provided that, if the ADCEC is delivered to Freddie Mac:

(a)   as an electronic record attached to an email, the ADCEC must be submitted as a Portable Document Format ("PDF") file attached to the email; and

(b)   as a facsimile transmission, the facsimile of ADCEC must include a cover sheet identifying the name and telephone number of the person sending the facsimile and stating its total number of pages.

Exhibit 8
Page 12 of 14

Each email or facsimile transmission of the ADCEC must be sent to the Freddie Mac email address or telephone number specified in the form, and copies or representations of signatures or electronic signatures attached to or associated with the ADCEC will be governed by and must comply with the applicable provisions of Section 1.3 of the Guide.

Section 17.  Financing Statements.  Seller/Servicer and Custodian each hereby (i) authorizes Freddie Mac to file Uniform Commercial Code (UCC) financing statements (together with any related amendments and continuation statements) deemed necessary or desirable by Freddie Mac to perfect or otherwise evidence Freddie Mac's ownership interest in the Notes (including, without limitation, Freddie Mac's exclusive ownership interest in any and all servicing rights related to the Mortgages) purchased by Freddie Mac from Seller/Servicer and held by Custodian on behalf of Freddie Mac, and (ii) agrees to execute, deliver and/or file such UCC financing statements and other documents and perform such acts as may be reasonably necessary to fully perfect or otherwise evidence Freddie Mac's ownership interest in the Notes.  Seller/Servicer shall pay the costs for any financing statements filed pursuant to this section and Freddie Mac's costs in preparing such financing statements and/or searching UCC records to confirm that no other party claims an interest in the Notes.

Section 18.  Confidentiality and Notice of Waivers.  Freddie Mac hereby identifies, and Seller/Servicer and Custodian jointly and severally agree to treat, all modifications or waivers granted by Freddie Mac regarding the duties and obligations or Seller/Servicer and/or Custodian under this Agreement, the Guide and/or the Purchase Documents as "confidential information" under Section 2.16 of the Guide, and Custodian agrees to be bound by the confidentiality provisions of Section 2.16.

Under certain circumstances and on occasion, Freddie Mac may modify the Seller/Servicer's Purchase Documents in a manner that would affect Custodian's duties and obligations under this Agreement.  The parties hereto agree that Seller/Servicer shall promptly give Custodian a written copy of any such modification, and Custodian shall periodically request updated information on such modifications from Seller/Servicer.  Seller/Servicer will not be deemed by Freddie Mac to have violated the confidentiality imposed by Section 2.16 of the Guide by providing copies of such updated information or modifications.  Freddie Mac has no duty or obligation to notify Custodian under this Agreement or under the Guide, although it may provide such notice.

[this space intentionally left blank]

Custodial Agreement: Single-Family Mortgages
Freddie Mac Form 1035 (rev. 2/08.2)

Page 12 of 13

Exhibit 8
Page 13 of 14

IN WITNESS WHEREOF, the parties hereto have each caused this Agreement to be executed in its name and on its behalf by a duly authorized officer (or other duly authorized representative, in the case of Freddie Mac), and delivered as of the date first stated above.

Deutsche Bank National Trust Co. [8] (Custodian)

ATTEST: _____ By: _____
         Signature              Signature

         Tom Yoshida            Christopher Corcoran
         Name                   Name

         AVP                    Vice President
         Title                  Title:


OneWest Bank, FSB [8] (Seller/Servicer)

ATTEST: _____ By: _____
         Signature              Signature

         JACK HILL              Aaron Wade
         Name                   Name

         ASSISTANT              Senior Vice President
         CORPORATE SECRETARY
         Title                  Title


FEDERAL HOME LOAN MORTGAGE CORPORATION:

ATTEST: Amy Odiorne      By: Pam Williams
        Amy Odiorne          Pam Williams
        Risk Analyst         Director, Counterparty Credit Risk Management


---

[8] Insert complete legal names and titles; signatures must be attested by a duly authorized officer.

Custodial Agreement: Single-Family Mortgages
Freddie Mac Form 1035 (rev. 2/08.2)                    Page 13 of 13

Exhibit 8
Page 14 of 14

# Exhibit 22
## Defense Response First Request to Produce

1           The Honorable Judge Robert Lasnik

2

3

4

5

6

7     **UNITED STATES DISTRICT COURT**
     **WESTERN DISTRICT OF WASHINGTON**
8         **AT SEATTLE**

9 JAMES MCDONALD,

10     Plaintiff,     No. C10-1952 RSL

11   v.         **DEFENDANTS ONEWEST BANK,**
             **FSB, MORTGAGE ELECTRONIC**
12 ONEWEST BANK, FSB, NORTHWEST **REGISTRATION SYSTEMS, INC.,**
 TRUSTEE SERVICES, INC., MORTGAGE **AND NORTHWEST TRUSTEE**
13 ELECTRONIC REGISTRATION SYSTEMS, **SERVICES, INC.'S**
 INC., INDYMAC BANK FSB, DOES 1-50, **SUPPLEMENTAL RESPONSE TO**
             **PLAINTIFF'S FIRST REQUEST**
14     Defendants.   **FOR PRODUCTION OF**
             **DOCUMENTS**
15

16

17   COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

18 Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

19 (collectively "Defendants") and responds to Plaintiff James McDonald's First Set of

20 Interrogatories and Request for Production of Documents ("Requests") as follows:

21      I.  **PRELIMINARY STATEMENT**

22   These responses are made solely for the purpose of this action. Each response and each

23 document produced is subject to all appropriate objections (including, but not limited to,

24 objections concerning competency, relevancy, materiality, propriety and admissibility) which

25 would require the exclusion of any statement contained herein or in any of the documents

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 1 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   produced, if any such document or documents were sought to be introduced into evidence in

2   Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3         Defendants have not completed their investigation of facts, witnesses, or documents

4   related to this action; have not completed its analysis of available data; have not yet completed

5   its discovery in this action; and have not completed preparation for trial. Thus, although a good

6   faith effort has been made to supply pertinent information when it has been requested, it is not

7   possible in many instances for unqualified responses to be made.  Further, the responses are

8   necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9   facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10  adopt.  These responses are given without prejudice to Defendants' right to provide facts,

11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12  error or mistake.  Defendants have furnished information that is presently available, which may

13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14        **II.    GENERAL OBJECTIONS**

15        Each of the general objections stated below are continuing objections which Defendants

16  will incorporate into specific responses as appropriate:

17      A. Not Reasonably Calculated Objection:

18          Many of the requests, in whole or in part, seek information or documents that are

19          neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

20          to the discovery of admissible evidence in respect thereto.

21      B. Ambiguity Objection:

22          Many of the specific requests are phrased in language that is so vague, ambiguous,

23          and uncertain that Defendants are unable to ascertain what information is requested.

24      C. Burden Objection:

25          Many of the specific requests are materially overbroad in whole or in part, or are

26          burdensome and oppressive on the grounds that they seek information that is equally

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 2 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    accessible to or already within the possession of the plaintiff, or information that is

2    not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

3    relevant as to have no practical benefit to the plaintiff, while placing an inordinate

4    burden and expense on Defendants to respond.

5    D. Duplicative Request Objection:

6    Many of the specific requests are duplicative in that that they request information that

7    is requested by more than one Interrogatory.

8    **III.    SPECIFIC RESPONSES TO REQUESTS**

9    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

10    **RESPONSE:**   Defendants incorporate by reference all previous objections to this

11    Request. After diligent search, Defendants have found nothing that is responsive to this Request.

12    In the event material that is responsive to this Request is located, Defendants will supplement

13    these responses.

14    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

15    **RESPONSE:** Defendants have provided all documents responsive to this Request.

16    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

17    **RESPONSE:**   Defendants incorporate by reference all previous objections to this

18    Request. After diligent search, Defendants have found nothing that is responsive to this Request.

19    In the event material that is responsive to this Request is located, Defendants will supplement

20    these responses.

21    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

22    **RESPONSE:** Defendants have provided all documents responsive to this Request.

23    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

24    **RESPONSE:** Defendants object to this Request on the basis that the information

25    requested is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

26    to the discovery of admissible evidence in respect thereto.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

2         **RESPONSE:** Defendants have provided all documents responsive to this Request.

3    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

4         **RESPONSE:**   Defendants incorporate by reference all previous objections to this

5    Request. Without waiving any objection, Defendant MERS provides the attached copy of the

6    MERS Membership Application for IndyMac Mortgage Holdings, Inc.

7    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

8         **RESPONSE:**   Defendants incorporate by reference all previous objections to this

9    Request. Without waiving any objection, Defendant MERS provides the attached copy of the

10   Membership Agreement between Freddie Mac and MERS.

11   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

12        **RESPONSE:** Defendants have provided all documents responsive to this Request.

13   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

14        **RESPONSE:**   Defendants incorporate by reference all previous objections to this

15   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

16   In the event material that is responsive to this Request is located, Defendants will supplement

17   these responses.

18   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

19        **RESPONSE:** Defendants have provided all documents responsive to this Request.

20   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

21        **RESPONSE:** Defendants have provided all documents responsive to this Request.

22   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

23        **RESPONSE:** Defendants incorporate by reference all previous objections to this

24   Request. Without waiving any objection, please see the attached Form 1034.

25

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:</u>

2         **RESPONSE:** Defendants incorporate by reference all previous objections to this

3    Request. Without waiving any objection, please see the attached Form 1036.

4    <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:</u>

5         **RESPONSE:** Defendants incorporate by reference all previous objections to this

6    Request. After diligent search, Defendants have found nothing that is responsive to this Request.

7    In the event material that is responsive to this Request is located, Defendants will supplement

8    these responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 5 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this _____ day of February, 2012.

ROUTH CRABTREE OLSEN, P.S.

_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### PARTY CERTIFICATION

1

2       The undersigned, under penalty of perjury of the laws of the State of Washington

3   declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing

4   Requests, and swear that the Responses are true and complete to the best of my knowledge and

5   belief.

6       DATED this _9th_ day of February, 2012.

7

8

9                           ONEWEST BANK, FSB

10

11  By: _Rebecca Marks_
        Rebecca Marks
12  NORTHWEST TRUSTEE SERVICES, INC.

13  By: _____

14  MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC.

15

16  By: _JC SrPedro_

17      _JC SAN PEDRO_

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
-- PAGE 7 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   JAMES MCDONALD,

10             Plaintiff,                          No. C10-1952 RSL

11        v.                                       **DEFENDANTS ONEWEST BANK,
                                                   FSB, MORTGAGE ELECTRONIC
12   ONEWEST BANK, FSB, NORTHWEST                  REGISTRATION SYSTEMS, INC.,
     TRUSTEE SERVICES, INC., MORTGAGE              AND NORTHWEST TRUSTEE
13   ELECTRONIC REGISTRATION SYSTEMS,              SERVICES, INC.'S SECOND
     INC., INDYMAC BANK FSB, DOES 1-50,            SUPPLEMENTAL RESPONSE TO
14                                                 PLAINTIFF'S FIRST REQUEST
                 Defendants.                       FOR PRODUCTION OF
15                                                 DOCUMENTS**

16

17
          COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic
18
     Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")
19
     (collectively "Defendants") and again supplements their responses to Plaintiff James
20
     McDonald's First Set of Interrogatories and Request for Production of Documents ("Requests")
21
     in response to the Order Granting in Part Plaintiff's Motion to Compel as follows:
22
                    I.     **PRELIMINARY STATEMENT**
23
          These responses are made solely for the purpose of this action. Each response and each
24
     document produced is subject to all appropriate objections (including, but not limited to,
25
     objections concerning competency, relevancy, materiality, propriety and admissibility) which
26
     would require the exclusion of any statement contained herein or in any of the documents

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE          ROUTH           13555 SE 36th St., Ste 300
TO PLAINTIFF'S FIRST REQUEST FOR                  CRABTREE        Bellevue, WA 98006
PRODUCTION OF DOCUMENTS                           OLSEN, P.S.     Telephone: 425.458.2121
– PAGE 1 OF 6, CASE NO. C10-1952 RSL                              Facsimile: 425.458.2131

1  produced, if any such document or documents were sought to be introduced into evidence in
2  Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3  Defendants have not completed their investigation of facts, witnesses, or documents
4  related to this action; have not completed its analysis of available data; have not yet completed
5  its discovery in this action; and have not completed preparation for trial. Thus, although a good
6  faith effort has been made to supply pertinent information when it has been requested, it is not
7  possible in many instances for unqualified responses to be made. Further, the responses are
8  necessarily made without prejudice to Defendants' right to produce any subsequently discovered
9  facts, witnesses, or documents, as well as any new theories or contentions that Defendants may
10  adopt. These responses are given without prejudice to Defendants' right to provide facts,
11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith
12  error or mistake. Defendants have furnished information that is presently available, which may
13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14  **II.     RESPONSES TO REQUESTS**

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Defendant OneWest – Provide
16  copies of any an all servicing agreements between Defendant OneWest and the current owner or
17  previous owners of the promissory note.

18
19  **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.
20  Without waiving any previous objection, Defendant OneWest provides that it identified the
   servicing agreement between OneWest and Freddie Mac by providing a link to the agreement.
21  Defendant OneWest provided this information through counsel in an email communication with
22  Mr. McDonald on July 11, 2011. The email communication is attached as Exhibit 1.
23
24
25
26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 2 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Defendant MERS – A copy of
2   the MERS Membership Agreement between Indymac Bank and MERS.
3   **RESPONSE:**   Defendants incorporate by reference all previous objections to this Request.
4   Without waiving any previous objection, Defendant MERS provides that it previously provided a
5   copy of the MERS Membership Application for IndyMac Mortgage Holdings, Inc. The
6   document was redacted as it contained personal nonpublic information relating to the identities
7   of IndyMac Mortgage Holdings, Inc. and MERS employees and to protect nonpublic corporate
8   information irrelevant to the underlying claims and allegations asserted by Plaintiff.
9
10  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**  Defendant MERS – A copy of
11  the MERS Membership Agreement between OneWest Bank and MERS.
12  **RESPONSE:**   Defendants incorporate by reference all previous objections to this Request.
13  Without waiving any objection, Defendant MERS provides that it previously provided a copy of
14  the Membership Agreement between OneWest Bank and MERS. The document was redacted as
15  it contained personal nonpublic information relating to the identities of OneWest and MERS
16  employees and to protect nonpublic corporate information irrelevant to the underlying claims and
17  allegations asserted by Plaintiff.
18
19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:** Defendant OneWest – Any and
20  all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB
21  Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale
22  Agreement and Servicing Business Asset Purchase Agreement.
23  **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.
24  Without waiving any objection, Defendant OneWest provides that it, in error, previously stated
25  all responsive documents had been produced. Please see attached as Exhibit 2 the loan schedule
26  identifying Plaintiff's loan, which is attached to Servicing Business Asset Purchase Agreement.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

This document has been redacted as it contains personal nonpublic information relating to the identities and financial information of borrowers other than Mr. McDonald.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13**:   Defendant OneWest -- Any and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant OneWest.

**RESPONSE:**   Defendants incorporate by reference all previous objections to this Request. Without waiving any objection, Defendant OneWest provides that it previously produced a copy of the attached Form 1034. This document has been redacted as it contains personal nonpublic information relating to the identities and financial information of borrowers other than Mr. McDonald.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 4 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this _2nd_ day of May, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 5 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this ____1ST____ day of May, 2012.

**ONEWEST BANK, FSB**

By: _____
           Charles Boyle

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.**

By: _____

Its: Assistant Secretary

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

## PARTY CERTIFICATION

2    The undersigned, under penalty of perjury of the laws of the State of Washington

3    declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing

4    Requests, and swear that the Responses are true and complete to the best of my knowledge and

5    belief.

6    DATED this _2ⁿᵈ_ day of May, 2012.

7

8

9    **ONEWEST BANK, FSB**

10

11   By: _____

12   **MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.**

13

14   By: _____
     Its:  Assistant Secretary

15

16        _Emmett Myatt_

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
— PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 23
Freddie Mac Servicing
Guide Ch. 50-2

Freddie Mac Single Family / Single-Family Seller/Servicer Guide, Volume 2 / Chapter 50: Introduction /
50.2: Legal effect of the Single-Family Seller/Servicer Guide (06/13/12)

## 50.2: Legal effect of the *Single-Family Seller/Servicer Guide* (06/13/12)

**(a)**   **Status as a contract**

1.   **Effect of the Guide.** The *Single-Family Seller/Servicer Guide* ("Guide") governs the business relationship between a Seller and Freddie Mac relating to the sale and Servicing of Mortgages. Each Seller/Servicer must complete and submit a Form 16SF, Annual Eligibility Certification Report, that certifies that the Seller/Servicer has access to the Electronic version of the Guide, as an Electronic Record, as defined in Chapter 3, and is in compliance with all requirements of the Purchase Documents.

2.   **Volume 1 of the Guide.** In connection with the sale of Mortgages to Freddie Mac, the Seller agrees that each transaction is governed by the Guide, the applicable Purchase Contract and all other Purchase Documents.

3.   **Volume 2 of the Guide.** A Seller must service all Mortgages that the Seller has sold to Freddie Mac and/or has agreed to service for Freddie Mac in accordance with the standards set forth in the Seller's Purchase Documents. All of a Seller's obligations to service Mortgages for Freddie Mac are considered to constitute, and must be performed pursuant to a unitary, indivisible master Servicing contract, and the Servicing obligations assumed pursuant to any contract to sell Mortgages to Freddie Mac are deemed to be merged into, and must be performed pursuant to, such unitary, indivisible master Servicing contract.

   A Seller acknowledges that Freddie Mac's agreement to purchase Mortgages from the Seller pursuant to any individual Purchase Contract is based upon the Seller's agreement that the Mortgages purchased will be serviced by the Seller pursuant to the unitary, indivisible master Servicing contract. The Seller agrees that any failure to service any Mortgage in accordance with the terms of the unitary, indivisible master Servicing contract, or any breach of any of the Seller's obligations under any aspect of the unitary, indivisible master Servicing contract, shall be deemed to constitute a breach of the entire contract and shall entitle Freddie Mac to terminate all or a portion of the Servicing. The termination of a portion of the Servicing shall not alter the unitary, indivisible nature of the Servicing contract.
   If a Servicer who services Mortgages for Freddie Mac is not also the Seller of the Mortgages to Freddie Mac, the Servicer must agree to service Mortgages for Freddie Mac by separate agreement, which incorporates the applicable Purchase Documents. In such case, the separate agreement shall be deemed to be one of the "Purchase Documents" that constitute the unitary, indivisible master Servicing contract.In addition, in certain cases, a Seller and/or Servicer who uses certain Freddie Mac services will, by virtue of the provisions of the Guide, be deemed to have agreed upon certain terms and conditions related to such services and their use.

4.   **Amendments to the Guide.** Freddie Mac may, in its sole discretion, amend or supplement the Guide from time to time. Amendments to the Guide must be in the form of a written paper Record or an Electronic Record, as those terms are defined in Chapter 3. The Guide may not be amended orally. Freddie Mac may amend the Guide by:

   - Publishing Bulletins in writing or as Electronic Records, which apply to all Sellers/Servicers, or
   - Entering into a Purchase Contract or other written or Electronic agreement, which applies to the Seller that is a party to the Purchase Contract or agreement

   Bulletins expressly amend, supplement, revise or terminate specific provisions of the Guide. An amendment, supplement, revision or termination of a provision in Volume 1 or Volume 2 of the Guide is effective as of the date specified by Freddie Mac in the applicable Bulletin.

   A Purchase Contract or other written agreement or Electronic agreement, as "Electronic" is defined in Chapter 3, amends or supplements specific provisions of the Guide for purposes of such Purchase Contract or other written agreement, as

# Exhibit 24
## Composite of Public Records

Search Real Estate Index - Pierce County Auditor Web Access                    https://armsweb.co.pierce.wa.us/RealEstate/SearchResults.aspx



**Search Real Estate Index**

Criteria: Party Name Begins With NORTHWEST TRUSTEE SERVICES

Showing Records 1 through 25 ( 74492 records found as of 03/29/2012 12:33:59 AM count again )

| # | Instrument # | Book | Page | Date Recorded | Document Type | | Name | More | | Associated Name | More | Legal Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 200401200005 | | | 01/20/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | |
| 2 | 200404010024 | | | 04/01/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | |
| 3 | 200409280029 | | | 09/28/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | |
| 4 | 200409280031 | | | 09/28/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | IRWIN UNION BANK AND TRUST CO | | |
| 5 | 200409280033 | | | 09/28/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | |
| 6 | 200409280035 | | | 09/28/2004 | APPOINTMENT OF TRUSTEE | E | NORTH WEST TRUSTEE SERVICES | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | | |
| 7 | 200912100140 | | | 12/10/2009 | DEED OF TRUST | E | NORTH WEST TRUSTEE SERVICES LLC | + | R | VERHAAREN MICHAEL J | + | SBD JEWEL RIDGE; LT 9 |
| 8 | 200505251009 | | | 05/25/2005 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICES | + | R | ACKERMAN JAMES D JR | + | WRONG COUNTY(+) |
| 9 | 200810280469 | | | 10/28/2008 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICES LLC | + | R | ROSETO PATRICIA | | SBD BAYVIEW HEIGHTS; BLK |
| 10 | 200903240958 | | | 03/24/2009 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICES LLC | + | R | HAWKINS DAVID K | + | SBD LORAYNE HEIGHTS DIV II |
| 11 | 200509230157 | | | 09/23/2005 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERV ICES LLC | + | R | PAK CHONG SEO | + | CON VERONA SOUTH AT LAKE PH 5; UNIT 146(+) |
| 12 | 200904070438 | | | 04/07/2009 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERV ICES LLC | + | R | AGEE DAVID | | SBD SHORT PLAT; LT 2; 75-362 |
| 13 | 200905080696 | | | 05/08/2009 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVIC ES LLC | + | R | FOSNICK JENNIFER M | + | SBD OAKBROOK 4TH ADDN; B LT 34 |
| 14 | 200410120568 | | | 10/12/2004 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICE S | + | R | WALSH THOMAS E | | SBD RHODODENDRON PARK [ LT 45(+) |
| 15 | 200412270683 | | | 12/27/2004 | TRUSTEE SALE | R | NORTHWEST TRUSTEE SERVICE S | | E | WAGNON ARNOLD L | + | SBD SHORT PLAT; LT 4; 77-86' |
| 16 | 200412270684 | | | 12/27/2004 | TRUSTEE SALE | R | NORTHWEST TRUSTEE SERVICE S | | E | MCDONALD DEBBIE S | | SBD PRAIRIE RIDGE #4; LT 18 |
| 17 | 200412270685 | | | 12/27/2004 | TRUSTEE SALE | R | NORTHWEST TRUSTEE SERVICE S | | E | CHAPMAN DIANNE E | | SBD CREST ADDN, BLK 2; LT ' |
| 18 | 200503240495 | | | 03/24/2005 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICE S | + | R | VANDERVORT DARREN | + | SBD MCKINLEY PARK ADDN; [ LT 10-11 |
| 19 | 200504250258 | | | 04/25/2005 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICE SLLC | | R | RAPER LARRY D | + | SBD QUARRY PDD; LT 32 |
| 20 | 201109290270 | | | 09/29/2011 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICE SLLC | | R | ANTEN GARY R | + | SBD BROOKTREE 3RD ADDN F 12; SEE RECORD |
| 21 | 201106160136 | | | 06/16/2011 | DEED OF TRUST | E | NORTHWEST TRUSTEE SERVICES | | R | MELTON HENRY CHRISTOPHER | | SBD TACOMA LAND CO 6TH A BLK 9218; LT 19,20 |
| 22 | 201106160043 | | | 06/16/2011 | TRUSTEE SALE | R | NORTHWEST TRUSTEE SERVICES | | E | KOCH DUANE L | + | SBD SHORT PLAT; LT 1; 76-329 |
| 23 | 201106160046 | | | 06/16/2011 | TRUSTEE SALE | R | NORTHWEST TRUSTEE SERVICES | | E | NGUYEN ARIANA H | | SBD SADDLE CREEK; LT 91 |
| 24 | 201106160074 | | | 06/16/2011 | APPOINTMENT OF TRUSTEE | E | NORTHWEST TRUSTEE SERVICES | | R | BAC HOME LOANS SERVICING | | |
| 25 | 201106160257 | | | 06/16/2011 | RLS COMPLAINT | E | NORTHWEST TRUSTEE SERVICES | + | R | TACOMA CITY OF | | |

There are more results available. Right-click for paging options.

Public Access Web UI, Version 2.8
Copyright © 2001 - 2012   Manatron, Inc. All Rights Reserved



HOME    NEWS    SERVICES    DIRECTORY    CONTACT

**Recorders Office**

King County, Washington

Search

Records Search

**Fee Increase - September 1, 2012**

## Official Public Records

### Search Results

Menu · New Search · Prefs · Help

**Criteria:** Name or Associated Name Begins with NORTHWEST TRUSTEE SERVICES

**Search Results** - A total of **76,321** records matched your criteria.

Displaying Records 1 to 10

Jump to Page: **1**   2   3   4   5   6   7   8   9   10   11   -   7633

| Instrument Number | Book-Page | Date Filed | Document Type (+) = More Names | Name | Name Type (+) = More Names | Associated Name | Name Type | Legal Description | Image |
|---|---|---|---|---|---|---|---|---|---|
| 20010302000110 | | 03/02/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | MCCORMACK KENTON J | R | | 📄 |
| 20010302000111 | | 03/02/2001 | NOTICE OF TRUSTEE SALE | NORTHWEST TRUSTEE SERVICES | R | MCCORMACK KENTON J | E | | 📄 |
| 20010305001928 | | 03/05/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | PETHERAM WILLIAM | R | | 📄 |
| 20010305001929 | | 03/05/2001 | NOTICE OF TRUSTEE SALE | NORTHWEST TRUSTEE SERVICES | E | PETHERAM WILLIAM | R | | 📄 |
| 20010305001930 | | 03/05/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | WORTHINGTON JAMES G | R | | 📄 |
| 20010305001931 | | 03/05/2001 | NOTICE OF TRUSTEE SALE | NORTHWEST TRUSTEE SERVICES | E | WORTHINGTON JAMES G | R | | 📄 |
| 20010313001869 | | 03/13/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | JENKINS MICHAEL J | R | | 📄 |
| 20010320000796 | | 03/20/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | NOINALA MAX V | R | | 📄 |
| 20010323002015 | | 03/23/2001 | APPOINTMENT OF SUCCESSOR TRUST | NORTHWEST TRUSTEE SERVICES | E | RICHARDSON JOHN G | R | | 📄 |
| 20010323002016 | | 03/23/2001 | NOTICE OF TRUSTEE SALE | NORTHWEST TRUSTEE SERVICES | E | RICHARDSON JOHN G | R | | 📄 |

Jump to Page: **1**   2   3   4   5   6   7   8   9   10   11   -   7633

Recorders Office Home Page | Customer Service Questions

Home | Privacy | Accessibility | Terms of use | Search

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.

Internet Public Access Module Version 3.1
Copyright © 2001 - 2003 Hart InterCivic, Inc. All Rights Reserved.

WebServ3

Snohomish County Auditor Public Records                                    http://198.238.192.100/results.asp?c=y&pg=

**Official Public Records**
**Search Results**

**Snohomish County, Washington**
**County Auditor**

_Menu_  ·  _New Search_  ·  _Prefs_  ·  _Help_

**Criteria:** Grantor or Grantee Begins with NORTHWEST TRUSTEE SERVICES

**Search Results** - A total of **70,171** records matched your criteria.

Displaying Records 1 to 10

Jump to Page: **1**  2  3  4  5  6  7  8  9  10  More ...

| Instrument Number | Date Filed | Document Type | Grantor (+) = More Names | Grantee (+) = More Names | Legal Description | Index Status | Image |
|---|---|---|---|---|---|---|---|
| 200406170141 | 06/17/2004 | APPOINTMENT OF TRUSTEE | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | NORTH WEST TRUSTEE SERVICES | | Perm | |
| 200411290412 | 11/29/2004 | APPOINTMENT | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | NORTH WEST TRUSTEE SERVICES | | Perm | |
| 200412300067 | 12/30/2004 | APPOINTMENT OF TRUSTEE | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | NORTH WEST TRUSTEE SERVICES | | Perm | |
| 200412300069 | 12/30/2004 | APPOINTMENT | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | NORTH WEST TRUSTEE SERVICES | | Perm | |
| 200202270822 | 02/27/2002 | NOTICE OF TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | PUBLIC (+) | LOT P/35 BEVERLY ACREAGE TRS 00392000003503 | Perm | |
| 200301141971 | 01/14/2003 | NOTICE OF TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | HANRAHAN LOYAL G (+) | SEC 36 TWNSHP 27 RNG 03 27033600303900 | Perm | |
| 200301301149 | 01/30/2003 | DISCONTINUANCE TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | HUGHES NATALI (+) | | Perm | |
| 200301301150 | 01/30/2003 | DISCONTINUANCE TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | STEMM MARC T (+) | | Perm | |
| 200301301151 | 01/30/2003 | DISCONTINUANCE TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | CARRIGAN ROBERT (+) | | Perm | |
| 200301301152 | 01/30/2003 | DISCONTINUANCE TRUSTEES SALE | NORTHWEST TRUSTEE SERVICES | PARKERSON MARK W | | Perm | |

Jump to Page: **1**  2  3  4  5  6  7  8  9  10  More ...

For issues with this software, please check the FAQ.

Internet Public Access Module Version 3.1
Copyright 2001, 2009 Manatron, Inc. All Rights Reserved.

Search Real Estate Index - Pierce County Auditor Web Access                    https://armsweb.co.pierce.wa.us/RealEstate/SearchResults.aspx



**Search Real Estate Index**

Criteria: Party Name Begins With ONEWEST BANK

Showing Records 1 through 25 ( 1285 records found as of 03/29/2012 12:37:18 AM count again )

| # | Instrument # | Book | Page | Date Recorded | Document Type | | Name | | More | | Associated Name | More | Legal Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 200907230359 | | | 07/23/2009 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | INDYMAC BANK | + | |
| 2 | 200907230360 | | | 07/23/2009 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES INC | | |
| 3 | 200907290265 | | | 07/29/2009 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | INDYMAC FEDERAL BANK | + | |
| 4 | 200907290266 | | | 07/29/2009 | TRUSTEES DEED | E | ONE WEST BANK | | | R | REGIONAL TRUSTEE SERVICES | | SBD WEST HILL ESTATES; LT |
| 5 | 200908120410 | | | 08/12/2009 | LIEN | R | ONE WEST BANK | | | E | TAPPS ISLAND ASSN | | SBD TAPPS ISLAND DIV 1; LT |
| 6 | 200908200446 | | | 08/20/2009 | SATISFACTION OF LIEN | E | ONE WEST BANK | | | R | TAPPS ISLAND ASSOC | | |
| 7 | 200909300638 | | | 09/30/2009 | DEED | R | ONE WEST BANK | | | E | LESKO DAVID W | + | SBD WEST HILL ESTATES; LT |
| 8 | 200909300641 | | | 09/30/2009 | QUIT CLAIM DEED | E | ONE WEST BANK | | | R | TREASURY BANK | | SBD LARGE LOT; LT 12; 8412030196(+) |
| 9 | 200909300642 | | | 09/30/2009 | DEED | R | ONE WEST BANK | | | E | GREENWOOD GILBERT M | | SBD LARGE LOT; LT 12; 8412030196(+) |
| 10 | 200909230722 | | | 09/23/2009 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | + | |
| 11 | 200909230723 | | | 09/23/2009 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES | | |
| 12 | 200910050065 | | | 10/05/2009 | MOD DEED OF TRUST | E | ONE WEST BANK | | | R | ROETHLER STEPHEN | + | |
| 13 | 200911160776 | | | 11/16/2009 | SUBORDINATION AGREEMENT | R | ONE WEST BANK | + | | E | INDYMAC BANK | | |
| 14 | 200911170664 | | | 11/17/2009 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | INDYMAC BANK FSB | + | |
| 15 | 200912030323 | | | 12/03/2009 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | + | |
| 16 | 200912030324 | | | 12/03/2009 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES INC | | |
| 17 | 201001060698 | | | 01/06/2010 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | + | |
| 18 | 201002040282 | | | 02/04/2010 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES INC | | |
| 19 | 201003100176 | | | 03/10/2010 | ASSIGNMENT OF DEED OF TRUST | R | ONE WEST BANK | + | | E | ONEWEST BANK | | |
| 20 | 201003100177 | | | 03/10/2010 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES INC | | |
| 21 | 201006150604 | | | 06/15/2010 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | INDYMAC FEDERAL BANK | + | |
| 22 | 201006280172 | | | 06/28/2010 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | INDYMAC BANK | + | |
| 23 | 201008030437 | | | 08/03/2010 | ASSIGNMENT OF DEED OF TRUST | E | ONE WEST BANK | | | R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | + | |
| 24 | 201008030438 | | | 08/03/2010 | APPOINTMENT OF TRUSTEE | R | ONE WEST BANK | | | E | NORTHWEST TRUSTEE SERVICES INC | | |
| 25 | 201010290797 | | | 10/29/2010 | LIS PENDENS | R | ONE WEST BANK | + | | E | CAPRI AT LAKELAND CONDO ASSN | | CON CAPRI AT LAKELAND PH 23; UNIT B |

There are more results available. Right-click for paging options.

Public Access Web UI Version 2.8
Copyright © 2001 - 2012  Manatron, Inc. All Rights Reserved

Snohomish County Auditor Public Records                                              http://198.238.192.100/results.asp?c=y&pg=

**Official Public Records**
**Search Results**

**Snohomish County, Washington**
**County Auditor**

*Menu* · *New Search* · *Prefs* · *Help*

**Criteria:** Grantor or Grantee Begins with ONEWEST BANK

**Search Results** - A total of **1,445** records matched your criteria.

Displaying Records 1 to 10

Jump to Page: **1**  2  3  4  5  6  7  8  9  10  More ...

| Instrument Number | Date Filed | Document Type | Grantor (+) = More Names | Grantee (+) = More Names | Legal Description | Index Status | Image |
|---|---|---|---|---|---|---|---|
| 200905290884 | 05/29/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |
| 200905290885 | 05/29/2009 | APPOINTMENT OF TRUSTEE | ONE WEST BANK | NORTHWEST TRUSTEE SERVICES | | Perm | |
| 200906110502 | 06/11/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |
| 200906110503 | 06/11/2009 | APPOINTMENT OF TRUSTEE | ONE WEST BANK | REGIONAL TRUSTEE SERVICES CORP | | Perm | |
| 200906180440 | 06/18/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |
| 200906180441 | 06/18/2009 | APPOINTMENT OF TRUSTEE | ONE WEST BANK | REGIONAL TRUSTEE SERVICES CORP | | Perm | |
| 200906180452 | 06/18/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |
| 200906180453 | 06/18/2009 | APPOINTMENT OF TRUSTEE | ONE WEST BANK | REGIONAL TRUSTEE SERVICES CORP | | Perm | |
| 200906180469 | 06/18/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |
| 200906180472 | 06/18/2009 | ASSIGNMENT OF DEED OF TRUST | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ONE WEST BANK **(+)** | | Perm | |

Jump to Page: **1**  2  3  4  5  6  7  8  9  10  More ...

For issues with this software, please check the FAQ.

Internet Public Access Module Version 3.1
Copyright 2001, 2009 Manatron, Inc. All Rights Reserved.



HOME    NEWS    SERVICES    DIRECTORY    CONTACT

**Recorders Office**

King County, Washington

Records Search

Search

**Fee Increase - September 1, 2012**

## Official Public Records
### Search Results

*Menu* · *New Search* · *Prefs* · *Help*

**Criteria:** Name or Associated Name Begins with ONEWEST BANK

**Search Results** - A total of **1,551** records matched your criteria.

Displaying Records 1 to 10

Jump to Page: **1** 2 3 4 5 6 7 8 9 10 11 - 156

| Instrument Number | Book-Page | Date Filed | Document Type (+) = More Names | Name | Name Type (+) = More Names | Associated Name | Name Type | Legal Description | Image |
|---|---|---|---|---|---|---|---|---|---|
| 20090630000121 | 000 - 000 | 06/30/2009 | NOTICE | ONEWEST BANK | E | OLIVAREZ JEROME **(+)** | R | | 📄 |
| 20090702000012 | 000 - 000 | 07/02/2009 | TRUSTEE DEED | ONEWEST BANK | E | REGIONAL TRUSTEE SERVICES CORP TRUSTEE **(+)** | R | VICTORIA HILLS 889870-0640 | 📄 |
| 20090924000693 | 000 - 000 | 09/24/2009 | LIEN | ONEWEST BANK | R | BELLEVUE CITY OF | E | WOODRIDGE MANOR 954270-0030 | Not scanned or not available online |
| 20090930001025 | 000 - 000 | 09/30/2009 | ASSIGNMENT DEED OF TRUST/MORTGAGE | ONEWEST BANK **(+)** | R | FEDERAL NATIONAL MORTGAGE ASSN | E | | 📄 |
| 20091021000723 | 000 - 000 | 10/21/2009 | LIEN | ONEWEST BANK | R | BELLEVUE CITY OF | E | TAM O SHANTER PARK NO. 01 856300-1410 | Not scanned or not available online |
| 20091112000764 | 000 - 000 | 11/12/2009 | CODE VIOLATION | ONEWEST BANK **(+)** | R | SEATTLE CITY OF | E | LT 12 BLK 33 COTTAGE GROVE NO. 02 177310-1945 | 📄 |
| 20091201001387 | 000 - 000 | 12/01/2009 | ASSIGNMENT DEED OF TRUST/MORTGAGE | ONEWEST BANK **(+)** | R | FEDERAL NATIONAL MORTGAGE ASSN | E | | 📄 |
| 20091211000447 | 000 - 000 | 12/11/2009 | ASSIGNMENT DEED OF TRUST/MORTGAGE | ONEWEST BANK | E | SINGH SHER | R | | 📄 |
| 20091211000452 | 000 - 000 | 12/11/2009 | ASSIGNMENT DEED OF TRUST/MORTGAGE | ONEWEST BANK **(+)** | E | RANDECKER HAROLD H JR | R | | 📄 |
| 20091211000455 | 000 - 000 | 12/11/2009 | ASSIGNMENT DEED OF TRUST/MORTGAGE | ONEWEST BANK **(+)** | E | LEBED DIMITRY | R | | 📄 |

Jump to Page: **1** 2 3 4 5 6 7 8 9 10 11 - 156

Recorders Office Home Page | Customer Service Questions

Home | Privacy | Accessibility | Terms of use | Search

Links to external sites do not constitute endorsements by King County.
By visiting this and other King County web pages,
you expressly agree to be bound by terms and conditions of the site.

_____

Internet Public Access Module Version 3.1
Copyright © 2001 - 2003 Hart InterCivic, Inc. All Rights Reserved.

WebServ3

Exhibit 25
NWTS Response 3rd
Request to Produce

The Honorable Judge Robert Lasnik

1

2

3

4

5

6

7            **UNITED STATES DISTRICT COURT**
        **WESTERN DISTRICT OF WASHINGTON**
8                    **AT SEATTLE**

9   JAMES MCDONALD,

10              Plaintiff,                    No.  C10-1952 RSL

11        v.                                  **DEFENDANT NORTHWEST**
                                              **TRUSTEE SERVICES, INC.'S**
12   ONEWEST BANK, FSB, NORTHWEST             **RESPONSE TO PLAINTIFF'S**
     TRUSTEE SERVICES, INC., MORTGAGE         **THIRD REQUEST FOR**
13   ELECTRONIC REGISTRATION SYSTEMS,         **PRODUCTION OF DOCUMENTS**
     INC., INDYMAC BANK FSB, DOES 1-50,
14
                Defendants.
15

16        COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS")  and responds to

17   Plaintiff James McDonald's Third Set of Requests for Production as follows:

18              **I.      PRELIMINARY STATEMENT**

19        These responses are made solely for the purpose of this action.  Each response and each

20   document produced is subject to all appropriate objections (including, but not limited to,

21   objections concerning competency, relevancy, materiality, propriety and admissibility) which

22   would require the exclusion of any statement contained herein or in any of the documents

23   produced, if any such document or documents were sought to be introduced into evidence in

24   Court. All such objections and grounds are reserved and may be interposed at the time of trial.

25        Defendants have not completed their investigation of facts, witnesses, or documents

26   related to this action; has not completed its analysis of available data; has not yet completed its

     discovery in this action; and has not completed preparation for trial.  Thus, although a good faith

DEFENDANT NWTS RESPONSE TO THIRD              ROUTH              13555 SE 36th St., Ste 300
REQUEST FOR PRODUCTION OF DOCUMENTS           CRABTREE           Bellevue, WA 98006
– PAGE 1 OF 9, CASE NO. C10-1952 RSL          OLSEN, P.S.        Telephone: 425.458.2121
                                                                 Facsimile: 425.458.2131

1  effort has been made to supply pertinent information when it has been requested, it is not

2  possible in many instances for unqualified responses to be made.  Further, the responses are

3  necessarily made without prejudice to Defendants' right to produce any subsequently discovered

4  facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

5  adopt.   These responses are given without prejudice to Defendants' right to provide facts,

6  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

7  error or mistake.  Defendants have furnished information that is presently available, which may

8  include hearsay and other forms of evidence that are neither reliable nor admissible.

9              II.      GENERAL OBJECTIONS

10      Each of the general objections stated below are continuing objections which Defendants

11  will incorporate into specific responses as appropriate:

12      A.  Not Reasonably Calculated Objection:

13          Many of the requests, in whole or in part, seek information or documents that are

14          neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

15          to the discovery of admissible evidence in respect thereto.

16      B.  Ambiguity Objection:

17          Many of the specific requests are phrased in language that is so vague, ambiguous,

18          and uncertain that Defendants are unable to ascertain what information is requested.

19      C.  Burden Objection:

20          Many of the specific requests are materially overbroad in whole or in part, or are

21          burdensome and oppressive on the grounds that they seek information that is equally

22          accessible to or already within the possession of the plaintiff, or information that is

23          not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

24          relevant as to have no practical benefit to the plaintiff, while placing an inordinate

25          burden and expense on Defendant to respond.

26      D.  Duplicative Request Objection:

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 2 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Many of the specific requests are duplicative in that that they request information that
2   is requested by more than one Interrogatory.

3   ## III.   SPECIFIC RESPONSES TO REQUESTS

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**  Provide copies of any due
5   diligence performed by Northwest Trustee Services in relation to Plaintiff's Note and real
6   property located at 14840 119th PL NE, Kirkland, WA 98034.

7   **RESPONSE:** Defendant NWTS objects to RFP No. 1 on the basis that it is vague and
8   ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. RCW
9   61.24 *et seq.* does not impose any due diligence requirements on a foreclosure trustee. Without
10  waiving any of the foregoing objections, Defendant NWTS provides the attached.

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**  Provide a copy of the
12  Foreclosure Transmittal Package, or similar document, provided to Northwest Trustee Services
13  in regards to Plaintiff's real property and Note.

14  **RESPONSE:**  Defendant NWTS objects to RFP No. 2 on the basis that it is vague and
15  ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.
16  Without waiving any of the foregoing objections, NWTS provides the attached copy of the
17  Foreclosure Transmittal Package.

18  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**   Provide any and all
19  documentation attached to the Foreclosure Transmittal Package requested in item 2.

20  **RESPONSE:**  Defendant NWTS objects to RFP No. 3 on the basis that it is vague and
21  ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.
22  Without waiving any of the foregoing objections, NWTS provides there were no documents
23  attached to the Foreclosure Transmittal Package.

24  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Provide a copy of any/all
25  Foreclosure Sale Bidding Instructions, or similarly named document, provided to Northwest
26  Trustee Services in regards to the real property described above.

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 3 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **RESPONSE:** Defendant NWTS objects to RFP No. 4 on the basis that it is not

2   reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

3   the foregoing objections, NWTS provides the attached bidding instructions.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**  Provide copies of any/all

5   system notes contained within the LPS Desktop system in relation to the real property described

6   above.

7   **RESPONSE:** Defendant NWTS objects to RFP No. 5 on the basis that it is overbroad

8   and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

9   discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

10  provides the attached.

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**   Provide copies of any/all

12  system notes contained within Northwest Trustee Services system in relation to the real property

13  described above.

14  **RESPONSE:**   Defendant NWTS objects to RFP No. 6 on the basis that it is overbroad

15  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

16  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

17  provides the attached system notes.

18  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Provide screenshots of any/all

19  information stored within the LPS Desktop system in relation to the real property described

20  above.

21  **RESPONSE:** Defendant NWTS objects to RFP No. 7 on the basis that it is overbroad

22  and unduly burdensome, is vague and ambiguous, cumulative, and not reasonably calculated to

23  lead to the discovery of admissible evidence. Without waiving any of the foregoing objections,

24  Defendant NWTS has provided the file notes and copies of relevant documents available on

25  LPS.

26

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 4 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**  Provide screenshots of any/all

2   information stored in the computers or systems of Northwest Trustee Services in relation to the

3   real property described above.

4        **RESPONSE:**   Defendant NWTS objects to RFP No. 8 on the basis that it is overbroad

5   and unduly burdensome, is vague and ambiguous, cumulative, and not reasonably calculated to

6   lead to the discovery of admissible evidence. Without waiving any of the foregoing objections,

7   Defendant NWTS has provided the file notes and copies of all relevant documents available on

8   NWTS' computers or systems.

9   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**   Provide copies of any/all

10  written or electronic correspondence between Lender Processing Systems and Northwest Trustee

11  Services in relation to the real property described above.

12       **RESPONSE:**   Defendant NWTS objects to RFP No. 9 on the basis that it is overbroad

13  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

14  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

15  provides the attached.

16  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**   Provide copies of any/all

17  written or electronic correspondence between Northwest Trustee Services and OneWest Bank in

18  relation to the real property described above.

19       **RESPONSE:**  Defendant NWTS objects to RFP No. 10 on the basis that it is overbroad

20  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

21  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

22  provides the attached.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**   Provide copies of any/all

24  billing statements to OneWest Bank from Northwest Trustee Services in relation to the real

25  property described above.

26       **RESPONSE:**  Defendant NWTS objects to RFP No. 11 on the basis that it is overbroad

and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 5 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

2  provides the attached.

3  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**  Provide receipts of all items

4  listed in Section D of the Notice of Default in relation to the real property described above

5  including: Title Report receipt of $951, Recording Fee of $30, Certified Mail of $14 and Posting

6  Fee of $70.

7        **RESPONSE:**  Defendant NWTS objects to RFP No. 12 on the basis that it is overbroad

8  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

9  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

10  provides the attached.

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**  Provide a copy of the Title

12  Report ordered at the time of the Notice of Default.

13        **RESPONSE:**  Defendant NWTS objects to RFP No. 13 on the basis that it is overbroad

14  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

15  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS

16  provides the attached.

17  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**  Provide receipts of all items

18  listed in Section III of the Notice of Trustee Sale in relation to the real property described above

19  including: Title Report receipt of $951, Statutory Mailings of $9.56, Recording Costs of $30 and

20  Posting of $70.

21  **RESPONSE:**  Defendant NWTS objects to RFP No. 14 on the basis that it is overbroad and

22  unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the

23  discovery of admissible evidence. Without waiving any of the foregoing objections, see

24  documents in response to RFPs No 11 and 12. Additionally, see the attached recording fee

25  schedule from King County Recorder's Office.

26

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 6 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**  Provide a copy of the Title
2  Report ordered at the time of the Notice of Trustee Sale.

3      **RESPONSE:** Defendant NWTS objects to RFP No. 15 on the basis that it is overbroad
4  and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the
5  discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS
6  provides the attached.

7  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:** Provide receipts of all items
8  listed in Section III of the Amended Notice of Trustee Sale in relation to the real property
9  described above including: Statutory Mailings of $147, Recording Costs of $129 and Postings of
10 $136.92.

11     **RESPONSE:**  Defendant NWTS objects to RFP No. 16 on the basis that it is overbroad
12 and unduly burdensome, is vague and ambiguous, and not reasonably calculated to lead to the
13 discovery of admissible evidence. Without waiving any of the foregoing objections, NWTS
14 provides the attached, which includes the recording fee schedule from King County Recorder's
15 Office.

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 7 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**ATTORNEY CERTIFICATION**

The undersigned, as attorney for Defendant NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ___21st___ day of June, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 8 OF 9, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**PARTY CERTIFICATION**

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am an employee of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this _21st_ day of June, 2012.

**NORTHWEST TRUSTEE SERVICES, INC.**

By: _Vonnu McDougott_

DEFENDANT NWTS RESPONSE TO THIRD
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 9 OF 9, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Exhibit 26
Composite CRA
Responses

# EQUIFAX

**CREDIT FILE : August 6, 2010**
**Confirmation # 019402890**

002461

0000861315-2461
James B McDonald
14840 119th PI NE
Kirkland, WA 98034-4532

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Dear James B McDonald

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8817 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

**The Results Of Our Reinvestigation**

>>> **We have reviewed the inquiry information. The results are:** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor. Regular credit inquiries remain on file for two years. If you have additional questions about this item please contact: **Land America, 2 Concourse Pkwy NE Ste 400, Atlanta GA 30328-8108**

>>> **We have reviewed the inquiry information. The results are:** AM and AR inquiries indicate a periodic review of your credit history by one of your creditors. Equifax, ACIS, update, PRM, AM and AR inquiries are not provided to prospective credit grantors. PRM, AR, and AM inquiries remain on the credit file for 12 months and are not shared with potential credit grantors. If you have additional questions about this item please contact: **Indymac Bank, 155 N Lake Ave 5th FL, Pasadena CA 91101-5615**

**Credit Account Information**

*(For your security, the last 4 digits of account number(s) have been replaced by 3 (This section includes open and closed accounts reported by credit grantors))*

| Account History | | Status Code | | Descriptions | |
|---|---|---|---|---|---|
| 1 : 30-59 Days Past Due | | 5 : 150-179 Days Past Due | | J : Voluntary Surrender | |
| 2 : 60-89 Days Past Due | | 6 : 180 or More Days Past Due | | K : Repossession | |
| 3 : 90-119 Days Past Due | | G : Collection Account | | L : Charge Off | |
| 4 : 120-149 Days Past Due | | H : Foreclosure | | | |

>>> **We have researched the credit account. Account # - 8911* The results are:** Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Greentree Financial Corp, 500 Landmark Towers, Saint Paul MN 55102-1642**

( Continued On Next Page )

019402890/APP-000861315- 2461 - 2553 - AS

## Green Tree   500 Landmark Towers Saint Paul MN 551 02-1642

| Account Number 8911* | | | High Credit $97,370 | | Credit Limit $0 | | Terms Duration | Terms Freqency Monthly | | Months Rtvd 18 | Activity Description Transfer/Sold | | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Items As of 08/2010 | Balance Amount $0 | Date Reported 08/2010 | Amount Past Due $0 | Date of Last Paymnt 07/2010 | Actual Paymnt Amount $0 | Scheduled Paymnt Amount $748 | Date of 1st Delinquency | Date of Last Activity 03/2010 | Date Maj. Del, 1st Rptd | Charge Off Amount $0 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed |

Type of Loan - Second Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Account Transferred or Sold;
Bankruptcy Chapter 7; Bankruptcy Petition;

>>> We have researched the credit account.  Account # - 668100911* The results are: Equifax verified that this item belongs to you. If you have additional
questions about this item please contact: Indymac Bank, 6900 Beatrice Dr, Kalamazoo MI 49009-9559

## Indymac Bank Home Loan Serv   6900 Beatrice Dr Kalamazoo MI 49009-9559

| Account Number 668100911* | | | High Credit $97,370 | | Credit Limit $0 | | Terms Duration 15 Years | Terms Freqency Monthly | | Months Rtvd 4 | Activity Description Transfer/Sold | | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Items As of 08/2010 | Balance Amount $0 | Date Reported 08/2010 | Amount Past Due $0 | Date of Last Paymnt 06/2007 | Actual Paymnt Amount $0 | Scheduled Paymnt Amount $749 | Date of 1st Delinquency | Date of Last Activity 06/2007 | Date Maj. Del, 1st Rptd | Charge Off Amount $0 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed |

Current Status - Pays As Agreed; Type of Account - Mortgage; Type of Loan - Second Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account
Transferred or Sold; Real Estate Mortgage;

>>> We have researched the credit account.  Account # - 668100911* The results are: Equifax verified that this item belongs to you. Additional information has
been provided from the original source regarding this item. If you have additional questions about this item please contact: Indymac Bank, 6900 Beatrice Dr,
Kalamazoo MI 49009-9559

## Indymac Bank Home Loan Serv   6900 Beatrice Dr Kalamazoo MI 49009-9559

| Account Number 668100911* | | | High Credit $389,482 | | Credit Limit $0 | | Terms Duration 30 Years | Terms Freqency Monthly | | Months Rtvd 41 | Activity Description | | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Items As of 08/2010 | Balance Amount $389,481 | Date Reported 08/2010 | Amount Past Due $26,240 | Date of Last Paymnt 09/2009 | Actual Paymnt Amount $0 | Scheduled Paymnt Amount $2,394 | Date of 1st Delinquency 10/2009 | Date of Last Activity | Date Maj. Del, 1st Rptd | Charge Off Amount $0 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed |

Current Status - Collection Account; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Individual Account;   ADDITIONAL INFORMATION -
Collection Account; Foreclosure Process Started; Real Estate Mortgage; Conventional Mortgage;

| Account History with Status Codes | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 4 | 6 | 6 | 6 | 5 | 4 | 3 | 2 | 1 | | |

0194028890APP-000861315-2461-2553 -AS

# Experian™
A world of insight

**Prepared for**
JAMES BRADLEY MCDONALD

**Report number**
0266-9355-14

**Report date**
August 16, 2010

www.experian.com/disputes   Page 1 of 18

## Investigation results

### About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item has been verified as accurate

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

### Results

We completed investigating any items you disputed with the sources of the information and processed any other requests you made. Here are the results:

| Credit items | Outcome |
|---|---|
| BANK OF AMERICA 4888936 I0403.... | Remains |
| GREEN TREE SERVICING 8911.... | Reviewed |
| BANK OF AMERICA I3300 I953.... | Remains |
| ONEWEST BANK 666I 0091 I.... | Updated |
| ONEWEST BANK 666I 0091 I.... | Updated |

Visit experian.com/status to check the status of your pending disputes at any time

### What's your credit score?

Find out by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.



***************MIXED AADC 605
0000715 3 MB 0.629 L 772
JAMES BRADLEY MCDONALD
I48A0 III9TH PL NE
KIRKLAND WA 98034-4532

0151100936___772-09715-0109000

*** 223039421-006 ***
PO Box 2000
Chester, PA 19022



07/31/2010        Trans**Union.** 

P16IZT00200808-I003519-012738223
JAMES BRADLEY MCDONALD
14840 NE 119TH PL
KIRKLAND, WA 98034

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.custhelp.com

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| GREEN TREE | # 89118575 | NEW INFORMATION BELOW |
| INDYMAC BK HOME LN SVC | # 6681009111244 | VERIFIED, NO CHANGE |
| BANK OF AMERICA | # 4888936104035682 | VERIFIED, NO CHANGE |
| BANK OF AMERICA MORTGAGE | # 1330019535723 | VERIFIED, NO CHANGE |
| ADJUSTABLE RATE MORTGAGE | Public Record | DELETED |

# Exhibit 27
# Bankruptcy Schedule F

B 6F (Official Form 6F) (12/07)

In re  James Bradley McDonald                          ,        Case No.  10-18496-SJS
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  6681009111244 <br><br> OneWest Bank (Indymac) <br> 6900 Beatrice Drive <br> Kalamazoo, MI 49009 | | | 1/8/2007 <br> primary residence | | | X | 389481 |
| ACCOUNT NO.  89118575 <br><br> Green Tree <br> 345 St. Peter Street <br> St. Paul, MN 55102 | | | 1/8/2007 <br> primary residence | | | X | 93980 |
| ACCOUNT NO. 6011008940598078 <br><br> Discover Financial Services <br> P.O. Box 6103 <br> Carol Stream, IL 60197-6103 | | | 3/1996 <br> goods/services purchased | | | | 10960.91 |
| ACCOUNT NO. 5049941048555780 <br><br> Sears <br> PO Box 6275 <br> Sioux Falls, SD 57117 | | | 01/2007 <br> goods/services purchased | | | | 450 |

Subtotal➤  $  494871.91

_____continuation sheets attached

Total➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

# Exhibit 28
## RCO Letter



## ROUTH CRABTREE OLSEN, P.S.

*A Law Firm and Professional Services Corporation*
3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone (425) 458-2121 ◆ Facsimile (425) 283-0938
www.rcolegal.com

THIS OFFICE IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. THE FOLLOWING LETTER IS A DISCUSSION OF ALTERNATIVES TO FORECLOSURE.  IT IS OUR UNDERSTANDING THAT YOU ARE NOT CURRENTLY IN BANKRUPTCY.  IF YOU ARE IN BANKRUPTCY, THEN PLEASE DISREGARD THIS LETTER IN ITS ENTIRETY AND HAVE YOUR ATTORNEY CONTACT OUR OFFICE AS SOON AS POSSIBLE.

Jan 15, 2010

Re:   Property:      14840 119th Place Northeast, Kirkland, WA 98034
        Loan No.:      1009111244
        Our File No.:  7523.21352

Dear Homeowner:

Please be advised that **Routh Crabtree Olsen, P.S.** is working with OneWest Bank FSB to help you keep your home. We represent your mortgage company and have received notice to commence foreclosure proceedings against your property. It is OneWest Bank FSB's mission to attempt to work out a solution to your loan situation, and they have asked us to open a line of communication with you.

## WE WANT YOU TO BE ABLE TO KEEP YOUR HOME!

You may be eligible for certain opportunities that will help you stay in your home. You may have had an unexpected expense or a circumstance beyond your control that has forced you to miss some mortgage payments. OneWest Bank FSB would like to discuss your situation with you to determine what you can do to bring your loan current.

These alternatives are voluntary and could include:

- **Forbearance Plan:** An agreement to temporarily let you pay less than the full amount of your mortgage payment, or pay nothing at all, during the forbearance period. Your lender may consider a forbearance when you can show that funds from a bonus, tax refund, or other source of future income will let you bring the mortgage current or qualify you for a repayment plan or loan modification at the end of the forbearance period.
- **Reinstatement of Your Loan:** You would pay the total amount past due in one lump sum by a specified date.
- **Repayment Plan:** An agreement that gives you a fixed amount of time to repay the amount you are behind by combining a portion of what is past due with your regular mortgage payment. At the end of the repayment period you will have gradually paid back the amount of your mortgage that was delinquent.

- **Modification:** This is a written agreement between you and the lender that permanently changes the terms of the loan that in some instances may make your payments more affordable. Common loan modifications include:
  1. **Adding missed payments to your existing loan balance**
  2. **Making an adjustable-rate mortgage into a fixed-rate mortgage**
  3. **Extending the number of years you have to pay to a longer term**

## WHAT IF YOU CAN NO LONGER AFFORD TO KEEP YOUR HOME?

If you cannot or do not want to keep your home, your lender can work with you to avoid foreclosure. This can help reduce the negative effect on your credit reputation. There are several different ways this might occur depending on your financial circumstances:

- **Deed in Lieu of Foreclosure:**   Under certain circumstances, you would voluntarily transfer ownership of your property to the lender in exchange for cancellation of your mortgage debt. In most cases, you must attempt to sell your home for its fair market value for at least 90 days. You would be given a specific period of time to relocate. This option may not be available to you if there are other liens or judgments on your home.
- **Short Payoff:** If you can sell your house but the sales proceeds are less than the total amount you owe on your mortgage, your lender may agree to a short payoff and write off the portion of your mortgage that exceeds the net proceeds from the sale.
- **Assumption of Your Loan:** This option permits a qualified buyer to take over your mortgage debt and pay the payments, even if the mortgage is non-assumable.

## HOW DO YOU TAKE ADVANTAGE OF THESE ALTERNATIVES?

Complete the enclosed two-page financial form and return it in the enclosed self-addressed envelope. Time is of the essence; this information will enable us to determine what option is best suited to keep your account from being foreclosed upon. Please return the requested information via fax at (425) 283-0938, or mail to:

Routh Crabtree Olsen, P.S.
Attention:  Antoinette Bartlein
P.O. Box 4143
Bellevue, WA 98009-4143

**Please note that the foreclosure action will continue whether or not the form is completed and returned. The foreclosure action will continue unless your lender determines that you are eligible for one of these alternatives and an agreement is signed. You also have the right and should seek the advice of an attorney.**

We hope that you will complete the enclosed forms so that we can work with you to consider alternatives to the pending foreclosure of your property.

Sincerely,
**ROUTH CRABTREE OLSEN, P.S.**

# Exhibit 29
## Freddie Mac website

# Our Business

In 1970, Congress created Freddie Mac with a few important goals in mind:

- Make sure that financial institutions have mortgage money to lend
- Make it easier for consumers to afford a decent house or apartment
- Stabilize residential mortgage markets in times of financial crisis

To fulfill this mission, Freddie Mac conducts business in the U.S. secondary mortgage market – meaning we do not originate loans – and works with a national network of mortgage lending customers. We have three business lines: a Single Family Credit Guarantee business for home loans; a Multifamily business for apartment financing; and an investment portfolio.

- Single-Family Credit Guarantee Business
- Multifamily Business
- Investment Business

Learn more about the benefits of our mortgage funding.

## Single-Family Credit Guarantee Business

In our Single-Family business, we use mortgage securitization to fund millions of home loans every year. Securitization is a process by which we purchase home loans that lenders originate, put these loans into mortgage securities that are sold in global capital markets, and recycle the proceeds back to lenders. This recycling is designed to ensure that lenders have mortgage money to lend.

In the first nine months of 2010, Freddie Mac purchased or guaranteed $261 billion in single-family home loans – funding one out of every four mortgages originated in the market. At the end of the third quarter 2010, our total outstanding obligations of mortgage-backed securities stood at $1.8 trillion.

What makes the securitization process work? Families paying their mortgages every month. Because once a family moves into their home, their monthly payments of mortgage principal and interest are transferred ultimately to securities investors. When a family stops making payments – often due to loss of income – Freddie Mac steps in and makes those payments to securities investors. Managing this risk, known as credit risk, is how we generate revenue. Each time we fund a loan, we collect a credit guarantee fee from the lender selling us the loan. This fee is intended to protect us in case of loan default.

Other features of this business line:

- We guarantee mortgages exclusively in the conventional conforming market, where we purchase loans only up to a certain dollar amount (for 2011, $417,000 for most of the nation and $729,750 in certain high-cost areas)
- The vast majority of the loans we fund are long term, fixed rate mortgages
- We generally require third-party mortgage insurance on loans with low downpayments
- We have loan servicing operations that work with lenders to avoid foreclosure, where possible, for families in financial difficulty

## Multifamily Business

Since not everyone owns their own home, Freddie Mac supports renters, too. Through our Multifamily business, we work with a network of lenders to finance apartment buildings around the country. Like single-family loans, these lenders originate and close loans that Freddie Mac later purchases; lenders then use the proceeds to originate additional loans.

Unlike single-family loans, which are relatively small in dollar amount and standardized in their composition and underwriting, multifamily loans typically are several million dollars in size, have underwriting characteristics that vary from property to property, and require custom examination such as on-site property inspections and verification of income cash flows (i.e., rents). One other difference: while single-family borrowers are individual consumers, multifamily borrowers are property developers

and/or managers.

In this business line, Freddie Mac finances most of its loan acquisitions through mortgage securitization. We also finance a portion through our investment portfolio.

During 2010, Freddie Mac funded $15 billion in multifamily loans - financing more than 1,000 properties amounting to 241,000 apartment units.

## Investment Business

The investment portfolio invests in mortgage-related securities that are guaranteed by Freddie Mac and other financial institutions. The portfolio also invests in individual loans that are guaranteed by Freddie Mac but not immediately securitized. As a bidder in the market, the investment portfolio helps to make mortgage-related securities more liquid and mortgage funding more available.

We fund acquisition of mortgage securities by issuing corporate debt securities. From this activity, we produce net income; that is, the difference between the interest payments we collect on the securities we buy and the yields we pay investors for buying our debt. In the first quarter of 2011, the investment portfolio acquired a net of $1.8 billion in mortgage assets, and had an ending balance of $692 billion. Roughly one-third of this balance includes Freddie Mac mortgage-backed securities, known as Participation Certificates, guaranteed by the Single-Family and Multifamily businesses. During 2011, the investment portfolio can be no larger than $729 billion, per our regulator.

© 2011 Freddie Mac

# Exhibit 30
# Response 2nd Request to Produce

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

**AT SEATTLE**

9

JAMES MCDONALD,

10

Plaintiff,

No.  C10-1952 RSL

11

v.

12

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

**DEFENDANTS ONEWEST BANK,**
**FSB, MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**
**AND NORTHWEST TRUSTEE**
**SERVICES, INC.'S RESPONSE TO**
**PLAINTIFF'S SECOND REQUEST**
**FOR PRODUCTION OF**
**DOCUMENTS**

13

14

Defendants.

15

16

17

        COME NOW Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

18

Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

19

(collectively "Defendants") and responds to Plaintiff James McDonald's Second Set of

20

Interrogatories and Request for Production of Documents ("Requests") as follows:

21

**I.        PRELIMINARY STATEMENT**

22

        These responses are made solely for the purpose of this action.  Each response and each

23

document produced is subject to all appropriate objections (including, but not limited to,

24

objections concerning competency, relevancy, materiality, propriety and admissibility) which

25

would require the exclusion of any statement contained herein or in any of the documents

26

produced, if any such document or documents were sought to be introduced into evidence in

Court. All such objections and grounds are reserved and may be interposed at the time of trial.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 1 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1      Defendants have not completed their investigation of facts, witnesses, or documents

2 related to this action; has not completed its analysis of available data; has not yet completed its

3 discovery in this action; and has not completed preparation for trial. Thus, although a good faith

4 effort has been made to supply pertinent information when it has been requested, it is not

5 possible in many instances for unqualified responses to be made. Further, the responses are

6 necessarily made without prejudice to Defendants' right to produce any subsequently discovered

7 facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

8 adopt. These responses are given without prejudice to Defendants' right to provide facts,

9 witnesses or documents omitted from these responses by oversight, inadvertent or good faith

10 error or mistake. Defendants have furnished information that is presently available, which may

11 include hearsay and other forms of evidence that are neither reliable nor admissible.

12                         **II.**     **RESPONSES TO REQUESTS**

13 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** The complete governing

14 documents for subpool IN070227 as identified on the Complete Loan File Information from

15 Deutsche Bank National Trust Company, which Plaintiff has provided the Defense a copy of.

16      **RESPONSE:** Objection. Not reasonably calculated to lead to discovery of admissible

17 evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

18 respond. Without waiving any objections, Defendants have no documents responsive to this

19 request. However, upon discovery of material responsive to this request, Defendants reserve the

20 right to supplement this Response.

21 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** The complete governing

22 documents for the master pool/trust that the subpool identified above is a part of.

23      **RESPONSE:** Objection. Not reasonably calculated to lead to discovery of admissible

24 evidence; unduly burdensome as it places an inordinate burden and expense on Defendants to

25 respond. Without waiving any objections, Defendants have no documents responsive to this

26 request. However, upon discovery of material responsive to this request, Defendants reserve the

right to supplement this Response.

DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
– PAGE 2 OF 3, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2 ANSWERS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.
Dated August 1st , 2011.

3

4                                                    **ROUTH CRABTREE OLSEN, P.S.**

5

6                                                       Heidi E. Buck, WSBA No. 41769
                                                     Of Attorneys for Defendants OneWest
7                                                    Bank, Mortgage Electronic Registration
                                                     Systems, Inc., and Northwest Trustee
8                                                    Services, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131