The Honorable Robert S Lasnik

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| JAMES MCDONALD,<br><div align="right">Plaintiff,</div><br>v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC,<br><div align="right">Defendants.</div> | No. **C10-1952-RSL**<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT<br><br>Oral Argument Requested<br>Noting Date: October 19, 2012 |

## I.   <u>DISCUSSION OF DEFENDANTS' RESPONSE</u>

To conserve resources, Plaintiff is not attaching another set of Exhibits to this Reply. The references made herein are made to the Exhibits attached to Plaintiff McDonald's Declaration in support of Plaintiff's for Summary Judgment.

For purpose of summary judgment, the Plaintiff has shown, through documentary evidence, and declarations that NWTS transmitted Notice of Default to Plaintiff on January 10, 2010 (<u>Exhibit 1</u>), stating simultaneously that "The beneficiary of the deed of trust is OneWest Bank", "The loan servicer for this loan is OneWest Bank," and "The creditor to whom the debt is owed is OneWest Bank, FSB/OneWest Bank FSB". Yet, MERS, as nominee for the defunct IndyMac Bank, FSB, did not execute the Assignment of Deed of Trust in favor of OneWest Bank, FSB, until 17 days later on January 27, 2010 (<u>Exhibit 5</u>). The Appointment of Successor Trustee in fact, was not executed by OneWest until January 27, 2010 and was not recorded

**H A   T H U   D A O ,   E S Q .**

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

until February 4, 2010 (<u>Exhibit 7</u> ). Thus, *RCW 61.24010(2)* renders all of NWTS' actions as successor trustee *ultra vires*: "Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."

In *Grant v. First Horizon Home Loans*, 2012 Wash.App. LEXIS 1246 (May 29, 2012), the Washington Court of Appeals, Division One, held that "the foreclosing entity must hold the mortgage at the time of the notice and sale in order to accurately identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale", citing to *U.S. Bank v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40 (2011). OneWest, as the foreclosing entity, did not have any right under the MERS Assignment because the Assignment was not recorded until some 17 days after OneWest had already commenced foreclosure via its agent, NTWS, Plaintiff also learned in discovery that NWTS received a Foreclosure Transmittal Package dated December 29, 2009, that specifies "Federal Home Loan Mtg Co" or Freddie Mac as the "investor" (<u>Exhibit 3, Foreclose Transmittal Package</u>). This fact was never disclosed to Plaintiff despite his pre-litigation requests in the form of QWR and Debt Validation.

The Deed of Trust designates MERS as the nominee for the Lender, in this case, Indymac Bank, FSB, an entity that is no longer in existence. The fact that MERS purported to act on behalf of a principal who has ceased to exist has been found to be problematic. *Olander v. Recontrust*, 2011 U.S. Dist. LEXIS 22397 (2011) (Where the original lender was defunct, any assignment by MERS onto ReconTrust or enforcement of Deed of Trust is invalid; the assignment is sufficient to constitute a claim for violation of the WADOTA). In *Bain v. Metro. Mortg. Group*, 175 Wn.2d 83, 2012 Wash. LEXIS 578 (2012), the Washington Supreme Court

*Reply to Defendants' Response to Motion for Summary Judgment*

HA THU DAO, ESQ.
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

considered several possibilities of the effect of having MERS named as the beneficiary in a deed of trust. While giving some hints, the *Bain* court concluded that the legal effect of the improper designation of MERS as beneficiary would depend on what had happened to the note in each case. Id. at 54-56, *Burkart v. MERS*, 2012 U.S. Dist. LEXIS 140794 (September 28, 2012).

Rather than engaging in a serious legal analysis of the impact of MERS in this particular transaction, defense counsel made a wild claim that just flies in the face of facts: "Here when it assigned the deed of trust, MERS acted for its principal and current beneficiary, OneWest, not IndyMac Bank." (Doc. 182, p. 20, line 17).  It is not possible for MERS to act as agent of OneWest as successor or assign of IndyMac Bank because as a failed bank, Indymac Bank had no successor or assign. It was completely taken over by the FDIC in July of 2008. MERS being the nominee named in the Deed of Trust can assign whatever it had in its nominal capacity but MERS did not "assign the deed of trust as an agent of OneWest." Defense counsel also asserted that OneWest can "ratify" MERS conduct after the fact is equally absurd (Doc. 182, p. 20, line 18-20). Based on the same logic, MERS cannot be OneWest's agent for purpose of the Assignment of Deed of Trust because MERS can only assign what it received from the original lender or principal, and that would be Indymac Bank. Finally, the argument that Plaintiff cannot challenge the Assignment of Deed of Trust because the Assignment wasn't intended for his benefit is too strained legally to warrant an analysis.[1] These arguments as made by the Defendants are not surprising because the entire chain of transfer made up by the Defendants for purpose of foreclosing upon Plaintiff's home was in

---

[1] The typical deed of trust is a three-party document with the borrower as the grantor, the lender (and holder of the note evidencing the loan) as the beneficiary, and a third party as the trustee. *Bain,* 175 Wn.2d 83.

*Reply to Defendants' Response to Motion for Summary Judgment*

**H A   T H U   D A O ,   E S Q .**

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1    fact made up with little regard for truth or the rules of law, including the rampant use of robo-

2    signers and submissions of declarations, affidavits and other sworn documents that other

3    courts have found to be lacking in veracity.

4          As a result of Plaintiff's filing this lawsuit and after discovery was compelled, the

5    Defendants were confronted with facts contradicting their public filings and documents

6    transmitted to Plaintiff. Defendants now take the position that the original lender, Indymac

7    Bank, sold Plaintiff's Note to Federal Home Loan Mortgage Company. Defendants contend

8    that as the true owner of the Mortgage Loan, Freddie Mac had given the Note executed by the

9    Plaintiff to its Custodian, Deutsche Bank to maintain and that OneWest enjoys "constructive

10   possession" enabling it to foreclose.[2] Defense counsel has asserted that "OneWest has been in

11   possession of the Note and therefore the holder since *or about* March 19, 2009, and the Note

12   has been held by the Custodian since *on or about* May 12, 2009." (Doc. 182, p.3)[3]   This

13   statement has been repeated with sufficient frequency in an effort to convince the Court of

14   "immaculate possession". However, Plaintiff has disproved this theory with Freddie Mac's

15   written denial that it does *not* own Plaintiff's loan. Rather, the loan was actually sold into a

16   securitized trust and assigned a CUSIP number. Similarly, the records provided by the

17   Custodian, Deutsche Bank, do not establish that the Custodian had custody of the Note at any

18   given time (Exhibit 16, Letter from Deutsche's Counsel).

19

20        [2] Constructive possession exists when an authorized agent of the owner of the note holds the
     note *on behalf of the owner. Corporacion Venozolana de Fomento v. Vintero Sales Corp.*, 452 F.Supp.
21   1108 (S.D.N.Y 1978); *Schranz v. I.L.Grossman, Inc.*, 90 Ill.App.3rd 507, 412 N.E.2d 1378, *Billingsley
     v. Kelly*, 261 Md. 116, 274 A.2d 113 (Md.1971).

22        [3]"In order to find constructive delivery, the transferor must deliver the note with 'the
     unmistakable intention of transferring title to the instrument."2 *Ronald A. Anderson, Uniform
23   Commercial Code* §3-202, *Midfirst Bank v. C.W. Haynes & Co.,* 893 F.Supp. 1304 (1994); *Russell v.
     Maxson Sales Co*., 591 P.2d 703, 706-707 (Okl.1979)

24

H A  T H U  D A O ,  E S Q .

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1    Because their faulty chain of transfer in the public records has been exposed, the

2    Defendants now want to rely on holder status of the Note in order to foreclose: "Notably, in

3    *Bain*, the defendants' right to foreclose turned exclusively on the rights assigned or appointed

4    by MERS; *nothing* in Bain addresses the scenario here—where the lender seeking to foreclose

5    is not relying on MERS, any assignment from MERS, or appointment from MERS for the

6    right to foreclose and instead relies on possession of the Note and an appointment by the note

7    holder." (Doc. 182, pp. 7-8), *emphasis original*.  Notwithstanding the fact that this statement

8    is blatantly untrue because Defendants did in fact rely upon the MERS Assignment to

9    commence the foreclosure process and notwithstanding the fact that *but for* Plaintiff's filing

10   the instant lawsuit, the scheme to foreclose designed by the Defendants would have been

11   successful, OneWest's claim of constructive possession fails utterly because Freddie Mac

12   denied ownership of the note and the Custodian's proof failed to confirm that the Custodian in

13   fact had custody of the Plaintiff's Note.

14    If all is required is possession of the Note, one must ask why the elaborate scheme of

15   document execution and document recordation? Isn't the problem with MERS lies in how

16   these transfers of ownership of the mortgage loan were hidden from the public view? If

17   possession or note holder status is all that the foreclosing entity needs and the foreclosing

18   entity can just make the claim that it does so have the status, the mortgage loan can be bought

19   and sold a thousand times and none of these transactions is ever needed to be proven. The fact

20   of the matter is that the Defendants needed these documents to conceal the real chain of

21   transfer and they have deliberately caused for these sworn documents to be executed and

22   recorded. The Defendants are be bound by their actions and the documents they recorded have

23   become a part of our land title records system upon which the public affirmatively relies upon

24

*Reply to Defendants' Response to*
*Motion for Summary Judgment*

5

1  to determine quality of titles and to verify transfer of ownership of real property. Plaintiff

2  submits that it is never the intent of the law for a thief who steals a promissory note from the

3  rightful owner to simply demands possession of the property being secured by the deed of trust

4  under the statutory scheme set up by the WADOTA.[4] Defendants' actions seriously erode the

5  soundness and integrity of our land title records system.

6      A beneficiary under the deed of trust is one who can issue and transmit the notice of

7  default. *RCW 61.24.030*. The beneficiary must meet the definition of *RCW 61.24.005(2)* as a

8  holder of the instrument or document evidencing the obligations secured by the deed of trust.

9  A holder with respect to a negotiable instrument is defined as the person in possession of the

10  instrument payable to bearer or, in the case the instrument payable to an identified person, if

11  the identified person is in possession *RCW 62A.1-201(20)*. Under applicable provisions of

12  Article 3, a person entitled to enforce an instrument means (i) the holder of the instrument or

13  (ii) a nonholder in possession of the instrument who has the rights of the holder. *RCW 62A.3-

14  301*.  It is clear that OneWest is nothing more than a servicer who bought servicing rights of

15  the Plaintiff's loan  from Indymac Federal which is neither the original lender, nor the owner

16  or holder of the Note.[5] Defendants have not made the case that OneWest meets the

17  requirements of any of these sub-sections, including those applicable to the PETE (Person

18  Entitle to Enforce).

19

20      [4] A transfer of an obligation secured by a mortgage also transfers the mortgage, unless the
parties agree otherwise; and a mortgage may only be enforced by, or on behalf of, a person who is
21  entitled to enforce the obligation the mortgage secures. Sec. 5.4, Restatement (Third) of Property:
Mortgages (1997).

22      [5] The FDIC's sale of Indymac Federal to OneWest allows OneWest to step into the shoe of
Indymac Federal but not having any greater right. *O'Melveney & Myers v. FDIC*, 512 U.S 79, 114
23  S.Ct. 2048, 129 L.Ed.2d 67 (1994); *Atherton v. FDIC*, 519 U.S. 213, 17 S.Ct. 666, 136
L.Ed.2d 656 (1997).

24

H A   T H U   D A O ,   E S Q .

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1      Defendants have argued strenuously that the law does not allow for pre-sale damages

2   and that the sole method to contest a foreclosure sale is to file an action to restrain or enjoin

3   the sale. Their reliance on *Brown v. Household Realty Corp.*, 146 Wn.App. 157, 189 P/3d 233

4   (2008), *review denied*, 165 Wn.2d 1023 (2009), is tenuous because of *Albice v. Premier*

5   *Mortg. Servs. of Wash.,* 174 Wn.2d 560, 276 P.3d 1277 (2012), and its progeny, including

6   *Frizell v. Murray*, 283 P.3d 1139 , 2012 Wash. App. LEXIS 2039 (2012); *Klem v. Wash. Mut.*

7   *Bank*, 2011 Wash. App. LEXIS 2819 (2011); *Mickelson v. Chase Home Finance, LLC*, 2001

8   U.S. Dist. LEXIS 131818  (November 14, 2011) (Plaintiffs could bring claims against the

9   trustee for not complying with the Deed of Trust even if they failed to enjoin the foreclosure

10   sale, under RCW 61.24.127(1) , and seek damages).

11      The foreclosure process was made possible only by the Defendants' acting in concert:

12   MERS executed and recorded the Assignment of Deed of Trust to enable OneWest to record

13   the Appointment of Successor Trustee to enable NWTS to record Notice(s) of Trustee Sale in

14   order to effectuate the public sale. All these actions were taken with a single objective and that

15   is to divest Plaintiff from all interests and rights in the property unlawfully.

16      The actions taken by Defendants violate the Washington Consumer Protection Act for

17   certain. *In Re Kanamu-Kalehuanani Kekauoha-Alisa*, 674 F3.3d 1083 (9th Cir. 2012), is on

18   point. In this case, the Ninth Circuit held that a violation of Hawaii's non judicial foreclosure

19   statute—the lack of a public announcement—met the definition of unfair or deceptive acts or

20   practices in the conduct of any trade or commerce because: "The bankruptcy court found that

21   failure to make a public announcement 'is likely to mislead a consumer acting reasonably

22   under the circumstances … Property notice of the actual date of a foreclosure auction is

23   essential to ensure that foreclosed properties bring adequate prices and that the public has an

24

*Reply to Defendants' Response to*
*Motion for Summary Judgment*

7

1    appropriate opportunity to bid.' The court's factual finding is a reasonable one to which we

2    must defer" *Id. at* 1091.  If the lack of an open, oral announcement at the auction sale

3    constituted an unfair or deceptive act, the totality of the Defendants' conduct in the attempted

4    foreclosure convincingly established the elements of the CPA.

5            Causation in fact refers to the actual, but for, cause of the injury, that is but for the

6    defendant's action the plaintiff would not be injured. Establishing cause of in fact involves a

7    determination of what actually occurred and is generally left to the jury. *Michaels v. CH2M*

8    *Hill, Inc.,* 171 Wn.2d 587 (2011); *King County v. City of Seattle*, 84 Wn.2d 239, 249-50, 525

9    P.3d 228 (1974). However, the Plaintiff in this case is quite articulate about the time and

10   resources it has taken him to resist the Defendants' illegal conduct and what is traceable to the

11   Defendants' wrongdoings. Plaintiff would be able to testify in detail about how he was

12   induced into foreclosure by the Defendant OneWest's advice for him to miss three mortgage

13   payments before they would consider him for a possible loan modification, and how, once

14   Plaintiff missed three mortgage payments, his credit rating had became so badly damaged that

15   he could neither get a loan modification nor a refinancing of his loan. The damages suffered by

16   the Plaintiff are directly traceable to Defendants' collection action. [6]

17           The facts of the attempted foreclosure are largely undisputed. Defendants' argument

18   against damages is really simple, and that is, Plaintiff's damages are due to his default. This

19   argument overlooks the fact that if the owner or holder of the Note—the party that has any

20   skin in the game—were known to the Plaintiff, he would have been able to negotiate for a loan

21   modification, or the foreclosure would have been efficiently executed and timely concluded.

22   _____

23       [6] The Settlement Terms of the National Mortgage Settlement entered into by the five largest
     mortgage servicers should serve as the industry standards contain prohibition of foreclosure
     inducement and dual tracking.

24

*Reply to Defendants' Response to*                       8
*Motion for Summary Judgment*

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1   The deception by the Defendants was what caused the delays and prolonged suffering where, it

2   turned out that OneWest did not have any authority to modify Plaintiff's mortgage loan but

3   failed to disclose to Plaintiff. OneWest lulled Plaintiff into the trap of prolonged default where

4   the arrears grew so large as to be unrecognizable.  It is a fact that living under the threat of

5   imminent or anticipated foreclosure results in acute anxiety, depression, despair which may or

6   may not manifest themselves into debilitating physical conditions. It is a fact that the lack of

7   timely and honest consideration of loan modification applications on the part of the servicer

8   causes borrowers to be stuck in a financial limbo. It is also a fact that borrowers cannot

9   ascertain whether the servicer has the authority to negotiate or modify the terms of the loan

10  despite its representation. The borrowers are held hostage by the servicers as they could never

11  get to the real party in interest who can negotiate and resolve their default by whatever means

12  necessary.

13       Legal causation analysis focuses on whether, as a matter of policy, the connection

14  between the ultimate result and the act of the defendant is too remote or insubstantial to

15  impose liability. *Michaels v. CH2M Hill*, 171 Wn.2d at 544-545. The Washington Supreme

16  Court, in *Bain,* has expressly declared that the elements of CPA have been presumptively met

17  by the characterizing MERS as the beneficiary has the capacity to deceive, the number of

18  mortgages in the country involving MERS is "enormous", and that homeowners can be injured

19  by the lack of knowledge of who is accountable for their mortgage loan. Therefore, as a matter

20  of policy, the connection between the damages and suffering experienced by the Plaintiff and

21  the collective act of the Defendants is not at all remote but concrete and so substantial for the

22  Court to hold that legal causation is present in this case.

23       Defendants' contention that OneWest has sufficiently responded to Plaintiff's inquiries

24

*Reply to Defendants' Response to
Motion for Summary Judgment*

HA THU DAO, ESQ.

3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1  under RESPA constitutes an opinion and not fact. Similarly, Defendants' opinion on whether

2  they had complied fully with the duties set forth under the Fair Credit Reporting Act and the

3  Fair Debt Collection Practice Act is self-serving and are insufficient to constitute an issue of

4  material fact.

5       Plaintiff relies upon his arguments in the Motion for Summary Judgment on the remainder

6  of the points raised by Defendants' Response.

7

8             II.    **<u>CONCLUSION</u>**

9

10       There is simply nothing in the record of facts or law that could sustain the Defendants'

11  claim that they are the real party in interest and have the requisite right to foreclose upon

12  Plaintiff's home non-judicially. Defendants' own documentary record belies their claims of

13  ownership and holder status. In initiating and conducting an unlawful foreclosure and

14  committing the collateral act of false reporting to the CRAs and attempting to collect on a debt

15  that they have no right to, the Defendants violated the laws and caused the resulting damages

16  to Plaintiff. Plaintiff therefore respectfully requests the Court to grant summary judgment in

17  his favor and to set an evidentiary hearing to determine damages.

     DATED this 18th day of October, 2012.

18

19

20                    Respectfully Submitted By:

                  /s/ Ha Thu Dao

21                    _____

                  HA THU DAO, WSBN 21793

22                    Counsel for the Plaintiff

23

24

H A   T H U   D A O ,   E S Q .
3501 RUCKER AVE, EVERETT, WA 98201
Tel. 727-269-9334
Fax.727-264-2447
E-mail: hadaojd@gmail.com

1

2

3

4

5

6

## **CERTIFICATION OF SERVICE**

7     I hereby certify on October 18, 2012, the foregoing document is being served via
___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic
8     Mail__X__ECF,  upon the following parties:

9    Heidi Buck, Attorney for Defendants
      Routh Crabtree Olsen
10    13555 SE 36th Street, Ste 300, Bellevue WA 98006
      425-213-5534/Fax 425-458-2131
11    hbuck@rcolegal.com

12

      DATED this 21st day of September, 2012.
13

                                              /s/ Ha Thu Dao
14
                                          _____
15                                            Ha Thu Dao

16

17

18

19

20

21

22

23

24

*Reply to Defendants' Response to*              **HA THU DAO, ESQ.**
*Motion for Summary Judgment*        11        3501 RUCKER AVE, EVERETT, WA 98201
                                                Tel. 727-269-9334
                                                Fax.727-264-2447
                                                E-mail: hadaojd@gmail.com