1

The Honorable Judge Robert S. Lasnik

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9    JAMES MCDONALD,

10                    Plaintiff,

11        v.

12    ONEWEST BANK, FSB, NORTHWEST
     TRUSTEE SERVICES, INC., MORTGAGE
13    ELECTRONIC REGISTRATION SYSTEMS,
     INC., INDYMAC BANK FSB, DOES 1-50,

14                    Defendants.

15

16

No.  C10-1952 RSL

**DEFENDANTS ONEWEST, MERS,**
**AND NORTHWEST TRUSTEE**
**SERVICES, INC.'S REPLY TO**
**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR
[October 19, 2012]

**ORAL ARGUMENT REQUESTED**

17                    **I.    INTRODUCTION**

18        Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic Registration

19    Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS") (collectively

20    "Defendants") respectfully submit the following in reply to the Plaintiff's Response to

21    Defendants' Motion for Summary Judgment ("Response"). Dkt. 172 and 183.

22        The following Reply responds to Plaintiff's responsive arguments not already addressed in

23    Defendants' Motion for Summary Judgment.

24                    **II.    REPLY ARGUMENT**

25        Here, Plaintiff cannot defeat summary judgment through his attempts to call into question

26    uncontroverted facts established by the evidence. Plaintiff attempts to set forth "facts" he has

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
1 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    established through his discovery efforts. However, much of the evidence set forth by Plaintiff is

2    wholly irrelevant as it relates to his theories which fail as a matter of law. In other words, even if

3    Plaintiff can establish facts that are in dispute, the disputed facts are immaterial and cannot save

4    his legally flawed claims. Here, Defendant OneWest has set forth uncontroverted evidence to

5    show it is the holder of Plaintiff's Note and has been at all times relevant. As a result of

6    OneWest's holder status, OneWest has been entitled to enforce the Note and Deed of Trust

7    through nonjudicial foreclosure in response to Plaintiff's undisputed default. The conduct that

8    has flowed from OneWest's entitlement to enforce the Note and Deed of Trust coupled with

9    Plaintiff's default authorized the other named Defendants to take the action (which Plaintiff also

10   claims was also unauthorized) in furtherance of the foreclosure. As such, Defendants are entitled,

11   as a matter of law, to summary judgment as to all of Plaintiff's claims.

12   **A. Plaintiff's assertions regarding the note "chain of title" do not defeat**

13   **summary judgment.**

14   Plaintiff's attempt to insert doubt or confusion in regard to "all the places the note could

15   have been" since loan origination does not create a genuine issue of material fact. Courts have

16   rejected borrower claims that the foreclosing entity must detail the "chain of title." *See Frazer v.*

17   *Deutsche Bank Nat. Trust Co.*, 11-CV-5454 RBL, 2012 WL 1821386 (W.D. Wash. May 18,

18   2012) ("The Note in this case was endorsed in blank, making it enforceable by the holder. The

19   Trust holds the Note, Plaintiffs have defaulted, and foreclosure is proper."). Here, the endorsed

20   Note unequivocally provides: "Lender may transfer this Note." Dkt. 173, Ex. 1. The Deed of

21   Trust unequivocally states "The Note or partial interest in the Note (together with this Security

22   Instrument) can be sold one or more time without prior notice to Borrower." Dkt. 173, Ex. 2, Par.

23   20. Thus, even if there is truly doubt about where exactly the Note has been at all times during

24   the life of the loan, such uncertainty does not negate OneWest's current authority as note holder

25   and creates no right to relief by Plaintiff. He was never entitled to a play by play of the note's

26   whereabouts.

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
2 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Similarly, Plaintiff's challenge to the authenticity of the Note based on "his ability to

2   detect fraud[1]" does not create a genuine issue of material fact to defeat summary judgment.

3   First, Plaintiff is foreclosed from challenging the authenticity of the original note in his response

4   brief.[2] *See, e.g., Kabir v. Statebridge Co., LLC*, No. 1:11-cv-2747-WSD, 2011 WL 4500050 at

5   *8, n. 10 (N.D. Ga. Sep. 27, 2011) (noting that court is not required to consider new claims

6   raised in response to motion to dismiss). Second, "Promissory notes are self-authenticating

7   under Federal Rule of Evidence 902(9)." *Theros v. First Am. Title Ins. Co.*, 2011 WL 462564, *2

8   (W.D. Wash. 2011) (citations omitted); Fed. R. Evid. 902(9).[4] *Cf. Oliveros v Deutsche BankNat'l*

9   *Trust Co.*, 2012 WL 113493, *1-3 (W.D. Wash. 2012) (rejecting challenge to endorsement based

10  on "disparity" from other Note as simply a "variation on the 'show me the note' claims that

11  courts routinely reject"); *Buddie-Vlasyuk v. Bank of NY Melon*, 2012 WL 254096, *1-*2, *5

12  (W.D. Wash. 2012) (dismissing with prejudice claim based on challenge to endorsement as

13  another a " 'show-me-the-note' claim" that courts "routinely reject"). This appears to be another

14  strain of the "show me the note" argument rejected in Washington.

15      **B. Plaintiff's allegations relating to statements of ownership do not defeat**

16          **summary judgment.**

17      Plaintiff's allegations relating to alleged misrepresentations in regard to note ownership

18  do not create a genuine issue of material fact to defeat summary judgment. Ownership is

19  immaterial. *In re Reinke*, BR 09-19609, 2011 WL 5079561 at *11 (Bankr. W.D. Wash. Oct. 26,

20  2011) (*citing Veal v. American Home Mortg. Servicing, Inc.* (*In re Veal*), 450 B.R. 897, 912 (9th

21  Cir. BAP 2011)). Moreover, the DTA is not a strict liability statute. Thus, even if Plaintiff could

22  show Defendants' notices or documents contained errors relating to representations of who

23  _____

24  [1] Plaintiff's high attention to detail does not qualify him as a forensic expert capable of determining the original note
    is a forgery.

25  [2] Plaintiff's Second Amended Complaint states the claim that Defendants' counsel received the original note is
    "highly questionable and that any note that is brought into the Court will require high scrutiny." SAC, at PP. 14-15.

26  Plaintiff's SAC was filed on or about April 16, 2012, eight months <u>after</u> Plaintiff viewed the original note in
    counsel's office. Plaintiff should be foreclosed from now alleging the note he viewed in July 2011 is not the original
    note. Plaintiff could have asserted that in his SAC and chose not to. *see* Dkt. 138 and Dkt. 184, Par. 30.

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
3 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1 owned the loan, for Plaintiff to defeat Defendants' motion for summary judgment on the DTA

2 claim, Plaintiff must prove prejudice from the alleged deficiencies in the notices, assignment,

3 appointment, and beneficiary declaration. *See Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App.

4 108, 112-13 (1988) (rejecting DTA claim where technical defect in notice caused no prejudice to

5 the borrower).

6    **C.  Plaintiff's challenge to the veracity of signature on documents does not defeat**

7    **Defendants' motion for summary judgment.**

8    Plaintiff's challenge to the reliability of signatures on documents (including documents

9 associated with the foreclosure as well as pleadings and declarations filed in this lawsuit) does

10 not create a genuine issue of material fact.

11   First, cases cited by Plaintiff are inapposite. In *Arizmendi*,[3] over the course of the

12 litigation, Defendant OneWest submitted two versions of the promissory note (one unendorsed

13 and one endorsed). The court took issue with the fact that OneWest first submitted a copy of the

14 unendorsed note and later in post-trial briefing submitted a copy of the endorsed note with an

15 allonge.  *In re Arizmendi*, BR 09-19263-PB13, 2011 WL 2182364 (Bankr. S.D. Cal. May 26,

16 2011). Here, the Defendants' position as well as the evidence Defendants rely upon has remained

17 consistent.[4] OneWest produced the original endorsed in blank note at the hearing on Plaintiff's

---

18 [3] In fact, the *Arizmendi* court recognized the circumstances present here as one where "OneWest would possess
19 rights of collection…notwithstanding any contractual obligation to turn those collections over to Freddie Mac." *In re
Arizmendi*, BR 09-19263-PB13, 2011 WL 2182364, *11 (Bankr. S.D. Cal. May 26, 2011) (The "situation is one
20 where OneWest has standing because it became a holder of the Endorsed Note, a negotiable instrument that
IndyMac Bank, FSB endorsed in blank making it payable to the bearer. See UCC § 1201(b)(21)(A) and 3201(a). As
21 a holder, OneWest would possess rights of collection therein notwithstanding any contractual obligation to turn
those collections over to Freddie Mac. See UCC § 3301(a)… The Endorsed Note, thus, is bearer paper and a holder
22 of the Endorsed Note would be a holder for purposes of Article 3 of the Uniform Commercial Code and entitled to
collect the same. The fact that this party is obligated to transfer payments to Freddie Mac as a matter of contract law
23 would not negate OneWest's ability to recover on such Endorsed Note notwithstanding its "servicer" status.")
[4] *See* Dkt. 12 - Defendant's Opposition to Plaintiff's Request for Temporary Restraining Order ("Freddie Mac is the
24 investor on the loan…OneWest services the loan on behalf of Freddie Mac pursuant to a servicing
agreement…OneWest has possession of the Note, which is endorsed in blank."); *see* Dkt. 16 – Declaration of JC
25 San Pedro ISO Defendants' Opposition ("Freddie Mac is the investor on the loan…OneWest services the loan on
behalf of Freddie Mac pursuant to a servicing agreement…OneWest has possession of the Note, which is endorsed
26 in blank."); *see* Dkt. 49 – Defendants Motion for Summary Judgment ("Freddie Mac has remained the investor and
owner of the Note…OneWest is the current servicer…As part of the servicing agreement between OneWest and
Freddie Mac, OneWest has possession of the Note through document custodian, Deutsche Bank National Trust

---

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
4 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  preliminary injunction motion in January 2011. In each and every declaration and pleading

2  discussing OneWest and Freddie Mac's relationship with each other and the Note, OneWest has

3  been identified as the Note holder and Beneficiary and Freddie Mac as the owner/investor. *See*

4  Dkt. 12, 16, 49, 49-3, 121, 123, 172, and 173, There are simply no grounds relating to this case

5  to question the declarations here. The fact that the declaration in *Arizmendi* was signed by

6  Charles Boyle, the signer of declarations in the present matter is irrelevant.

7    In *Doble*, the court denied a motion to vacate a default against OneWest and other

8  defendants where it concluded that after receiving the complaint, OneWest lost the complaint,

9  departed from its internal policies and protocol in referring the complaint to LPS, and several

10  attorneys who received the complaint failed to review it which led to a default being entered

11  against OneWest. *In re Doble*, BK 10-11296-MM13, 2011 WL 1465559 (Bankr. S.D. Cal. Apr.

12  14, 2011).The court determined the events that led to entry of the default were a result of

13  "intentional disregard for their obligations to comply with Court procedures and provide candid

14  ---

15  Co…OneWest has been in possession of the Note since on or about March 19, 2009, and the Note has been held by
the Custodian since on or about May 12, 2009."); *see* Dkt. 49-3 - Declaration of Charles Boyle ISO Defendants'

16  Motion for Summary Judgment ("Freddie Mac has remained the investor and owner of the Note…OneWest is the
current servicer…As part of the servicing agreement between OneWest and Freddie Mac, OneWest has possession

17  of the Note through document custodian, Deutsche Bank National Trust Co. …OneWest has been in possession of
the Note since on or about March 19, 2009, and the Note has been held by the Custodian since on or about May 12,

18  2009."); *see* Dkt. 121-Defendants Motion for Summary Judgment ("Freddie Mac has remained the investor and
owner of the Note…OneWest is the current servicer…As part of the servicing agreement between OneWest and

19  Freddie Mac, OneWest has possession of the Note through document custodian, Deutsche Bank National Trust Co.
…OneWest has been in possession of the Note since on or about March 19, 2009, and the Note has been held by the

20  Custodian since on or about May 12, 2009."); *See* Dkt. 123 – Declaration of Charles Boyle ISO Defendants' Motion
for Summary Judgment ("Freddie Mac has remained the investor and owner of the Note…OneWest is the current

21  servicer…As part of the servicing agreement between OneWest and Freddie Mac, OneWest has possession of the Note
through document custodian, Deutsche Bank National Trust Co…OneWest has been in possession of the Note

22  since on or about March 19, 2009, and the Note has been held by the Custodian since on or about May 12, 2009.");
*see* Dkt. 124 – Defendants' Response to Plaintiff's Partial Motion for Summary Judgment ("Freddie Mac has

23  remained the investor and owner of the Note…OneWest is the current servicer…As part of the servicing agreement
between OneWest and Freddie Mac, OneWest has possession of the Note through document custodian, Deutsche

24  Bank National Trust Co…OneWest has been in possession of the Note since on or about March 19, 2009, and the
Note has been held by the Custodian since on or about May 12, 2009."); and *see* Dkt. 172 and 173 – Motion for

25  Summary Judgment and Declaration of Charles Boyle ISO Defendants' Motion for Summary Judgment ("Freddie
Mac has remained the investor and owner of the Note…OneWest is the current servicer…As part of the Freddie

26  Mac Servicer Guide, OneWest has possession of the blank endorsed Note through a document custodian, Deutsche
Bank National Trust Co…OneWest has been in possession of the Note since on or about March 19, 2009, and the
Note has been held by the Custodian since on or about May 12, 2009.")

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
5 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  answers to the Court." *Id.* at *4. Like in *Arizmendi*, there were apparently multiples "true and
2  correct" copies of the note without an endorsement submitted to the court, and the court was
3  required to repeatedly request additional evidence from Defendants to evaluate their own
4  motions. *Id.* at *5. As discussed *supra*, the evidence set forth by Defendants here has been
5  consistent and Defendants are unaware of any circumstance in which the court has requested
6  additional evidence from Defendants to rule on their motions. Notably, while the *Doble* court
7  denied setting aside the default, they also addressed the merits of the underlying motion to
8  dismiss. In discussing the merits, the court recognized that "possession of an endorsed-in-blank
9  instrument" permits enforcement of a negotiable instrument. *Id.* at *8.

10       Second, courts have rejected challenges to documents based on allegations the documents
11  were signed by "robo-signers" where the legal conclusion is arrived at by reliance on
12  "depositions in cases unrelated to this action" as they "do not relate to the …issue in this case."
13  *Howard v. Mortgage Elec. Registration Sys., Inc.*, 1:10-CV-1630-WSD, 2012 WL 3582586
14  (N.D. Ga. Aug. 17, 2012). Here, Plaintiff relies on the depositions taken in a wholly unrelated
15  Florida case and a decision from a New York state court that relied on the Florida deposition as
16  well as cases in which the facts are distinguishable from the present case. *See* Dkt. 183, Par. 4-6.

17       Third, even if Plaintiff's proves the beneficiary declaration and assignment were "robo-
18  signed" he cannot prove any prejudice as a result as required under *Koegel v. Prudential Mut.*
19  *Sav. Bank*, 51 Wn. App. 108, 112-13 (1988).

20       The beneficiary declaration is not for the benefit of the borrower. *See Frazer v. Deutsche*
21  *Bank Nat. Trust Co.*, 11-CV-5454 RBL, 2012 WL 1821386 (W.D. Wash. May 18, 2012)
22  (Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its
23  ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7)).
24  Moreover, courts have determined that the trustee has no duty to undertake an independent
25  investigation to determine whether the signatures on the papers appointing Chase and Northwest
26  as successor beneficiary and trustee, respectively, were valid or forgeries." *Mickelson v. Chase*

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
6 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Home Fin. LLC*, C11-1445 MJP, 2011 WL 5553821, *3 (W.D. Wash. Nov. 14, 2011). Similarly, it would be unreasonable to require NWTS to engage in an independent investigation to determine whether the signature on the beneficiary declaration was valid or a forgery.

If the assignment[5] was "robo-signed" or was done without proper authority, it would simply be a nullity.[6] *Brodie v. Nw. Tr. Services, Inc.*, 12-CV-0469-TOR, 2012 WL 4468491, *4 (E.D. Wash. Sept. 27, 2012); *see also Carpenter v. Longan*, , 275 (Holding an assignment of a mortgage without assignment of the corresponding debt is a nullity under controlling law); *Kelley v. Howarth*, 39 Cal.2d 179, 192, 246 P.2d 23 (1952); *Johnson v. Razy*, 181 Cal. 342, 344, 184 P. 657 (1919) ("A mortgage is mere security for the debt, and it cannot pass without transfer of the debt.").[7]

Moreover, Plaintiff mistakenly argues that OneWest's right to foreclose is dependent on the MERS assignment, that if MERS is not a valid beneficiary it has nothing to assign, and if it has nothing to assign then OneWest has no authority to appoint the successor Trustee. Dkt. 183, *3. However, OneWest does not rely on the MERS assignment. Consistent with *Bain*, OneWest's right to foreclose is based on the fact that it is the Note holder[8], and Plaintiff concedes that the Note holder is the beneficiary under the DTA, see RCW 61.24.005(2), and the

---

[5] Defendants' concession that the assignment did not have the effect of transferring the note does not alter the propriety of Defendants' reliance on OneWest's status as note holder and is not a concession the assignment was done without proper authority. In fact, the *Arizmendi* Court recognized the language in an assignment purporting to transfer the note as "mere surplusage." *Arizmendi*, *4, Compare Dkt. 183, Par. 10 where Plaintiff concludes the same "surplusage"

[6] It would also not procedurally impair the nonjudicial foreclosure because an assignment of deed of trust is not a prerequisite to nonjudicial foreclosure. *See* RCW 61.24.030.

[7] The *Brodie* Court also recognized "[A] borrower does not have standing to challenge assignments and agreements to which it is not a party.", 2012 WL 4468491 at *4 (citing *Paatalo v. JPMorgan Chase Bank, N.A.*, 2012 WL 2505732 at *7 (W.D. Wash., June 28, 2012)).

[8] Plaintiff's discussion in regard to OneWest as a person entitled to enforce ("PETE") is misplaced. OneWest is not a PETE and has never stated such. OneWest is the holder of the blank endorsed note. While the note, at times, has been stored with a custodian, OneWest has been the holder at all times since March 2009. The fact that a note is held by a custodian does not negate holder status. *In re Woodberry*, 383 B.R. 373, 377, 65 UCC Rep. Serv. 2d 228, 2008 WL 677810 (Bankr. D.S.C. 2008) ("[The fact] [t]hat…the note is held in trust for another is of no significance."); *see also Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F.Supp. 1186, 1195 (E.D.Va.1994) (finding that after mortgages were pooled and deposited into trust, trustee had constructive possession based on its storage of the documents in a vault at its sister company's office and stating, "The statute sensibly recognizes that a party has constructive possession of a negotiable instrument when it is held by the party's agent, or when the party otherwise can obtain the instrument on demand.").

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   beneficiary always has the right to appoint a new Trustee. See RCW 61.24.010(2).   Thus,

2   OneWest's right to appoint NWTS as Trustee as well as NWTS' right to record the notice of

3   sale[9] and amended notice of default stem from OneWest's possession of the endorsed Note, not

4   the MERS assignment.

### D. Plaintiff's focus on Freddie Mac's owner/investor status and securitization on the secondary market still does not defeat summary judgment.

7   First, Plaintiff's citation to the dictionary definition of "investor" does not refute or call

8   into question Freddie Mac's interest as note owner as set forth in the Boyle Declaration and does

9   not create a genuine issue of material fact to defeat summary judgment. Moreover, Plaintiff's

10   assertion that the Freddie Mac Servicing Guide does not constitute an actual agreement between

11   Freddie Mac and OneWest fails. Dkt. 183, Par. 18 and Pg. 19. A host of courts have recognized

12   Freddie Mac's role, as a Government Sponsored Entity (GSE), in mortgage loans in which

13   Freddie Mac retains the ownership interest in the loan, delegates servicing rights and

14   responsibility (including holder status) to its servicer, and that such relationship is governed by

15   the Freddie Mac Seller Servicer Guide.[10]  *See In re* Martinez 2011 WL 996705, *5 (Kan. A.G.

16   Mar. 16, 2011) (Bankruptcy Court found that Ocwen had authority from Freddie Mac to pursue

17   the foreclosure action where Ocwen had agreement with Freddie Mac to service the loan (the

18   Seller Servicer Guide); Ocwen had signed a custodial agreement between Freddie Mac and the

19   custodian; the note was endorsed in blank; Ocwen had obtained physical possession of the note

20   for purposes of a court hearing, and prior to that the note was in the possession of the custodian.);

21   *see also Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1404 (9th

22   Cir. 1996) ("the most important document of which is the *Sellers' & Servicers' Guide,* a two-

---

[9] Plaintiff, again, erroneously asserts the notice of sale and amended notice of sale identify MERS as the current beneficiary. Dkt. 183, Par. 13 and 15. Neither did. In conformance with RCW 61.24.040(f), which suggests the notice of sale include a recitation of the original parties to the deed of trust, the notice of sale here recited the original parties to the deed of trust, which included Pacific Northwest Title Insurance, Co. and MERS. The same paragraph within the notice of sale also notes "Mortgage Electronic Registration Systems, Inc. 'MERS'" assigned the beneficial interest to "OneWest Bank, FSB." Dkt. 174, Par. 4, Dkt. 172, Ex. 10.

[10] The Guide may be viewed at: http://www.freddiemac.com/sell/guide/. (select "AllRegs" link).

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
8 of 12 - C10-1952 RSL

R O U T H
C R A B T R E E
O L S E N, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    volume looseleaf publication. The *Guide* sets forth standards and requirements with which a

2    seller/servicer must comply in order to sell mortgages to, and service mortgages for, Freddie

3    Mac.").

4         Second, Plaintiff's determination that when he defaulted on his loan, Freddie Mac

5    stepped in and made his payments thereby negating his default fails as a matter of law and does

6    not create a genuine issue of material fact to defeats Defendants' motion. Plaintiff cites the

7    Freddie Mac website, which states:

8       "When a family stops making payments-often due to loss of income-

9       Freddie Mac steps in and makes those payments to securities investors. Managing this risk, known as credit risk, is how we generate revenue. Each

10      time we fund a loan, we collect a credit guarantee from the lender selling us the loan. This fee is intended to protect us in case of loan default."

11        Plaintiff concludes that "based on these explanations, it follows logically that the entity

12    possessing the beneficial interest under the Deed of Trust, whoever it is, is fully insured of its

13    investment and the promised returns. It further follows logically that once Freddie Mac 'steps in

14    and makes those payments to securities investors', there is no default and the power of sale under

15    the deed of trust is not invoked." Dkt. 183, Par. 9.

16        Plaintiff's analysis is unsound. As the securitization on the secondary market creates a

17    separate contract (to which the borrower is not a party to), the fact that Freddie Mac "steps in and

18    makes payments to securities investors" in relation to a wholly separate contract does not save

19    Plaintiff from his default. In fact, it is wholly irrelevant to Plaintiff's default. Under Plaintiff's

20    theory, any borrower on a loan owned by Freddie Mac could stop making their payments yet be

21    saved from their default. This is certainly not the case.

22        Third, Plaintiff's conclusion that it is actually the "certificate holders of the securitized

23    trust, who took in good faith, and paid value" who "would qualify as the holder in due course"

24    has been rejected as a matter of law. Dkt. 183, *18. Courts have rejected this theory. *Jones v.*

25    *Countrywide Homeloan,* 2011 U.S. Dist. LEXIS 64647, at *14, 2011 WL 2462845 (E.D. Cal.

26    June 17, 2011) (stating that securitization gives "investors an interest in the cash flow from the

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
9 of 12 - C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    promissory notes that are the underlying assets" in the investment vehicle and that "[i]t does not

2    follow that any of the other entitlements of the lender of the Deeds of Trust, including the power

3    to declare default, are transferred or lost because of the transfer or sale of the cash flow due from

4    the mortgage"); *see also White v. IndyMac Bank, FSB*, CV 09-00571 DAE-KSC, 2012 WL

5    966638 (D. Haw. Mar. 20, 2012).[11]

6        Neither the printout provided by Deutsche Bank nor the statements made by Freddie

7    Mac's counsel call into question Freddie Mac's ownership status or OneWest's holder status.

8    Plaintiff claims the Deutsche Bank specified a pool Plaintiff's loan is a part of. Dkt. 183, Par. 23.

9    Plaintiff also states "Freddie Mac flat out denied owning the Plaintiff's loan but provided

10   information that the loan was sold into a pool or mortgage loans, also known as a securitized

11   trust." Dkt. 183, Pg. 23. Both statements relate to the loan's securitization on the secondary

12   market. Thus, both statements are irrelevant to Freddie Mac's ownership status and OneWest's

13   holder status as securitization merely creates a separate contract, distinct from the Plaintiffs' debt

14   obligations under the Note, and does not change the relationship of the parties in any way. *Bhatti*

15   *v. Guild Mortg. Co.*, C11-0480JLR, 2011 WL 6300229 (W.D. Wash. Dec. 16, 2011); *Moseley v.*

16   *CitiMortgage, Inc.,* No. C11–5349RJB, 2011 WL 5175598, at *7 (W.D.Wash.2011) (citing

17   *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.,* 2010 WL 4788209, at

18   *2 (D.Utah Nov.16, 2010) (quoting *Larota—Florez v. Goldman Sachs Mortg. Co.,* 719

19   F.Supp.2d 636, 642 (E.D.Va.2010)).

20       Plaintiff concludes the "Complete Loan File Information shows that the Loan File was

21   not obtained by OneWest until October 6, 2010…This information renders OneWest's statement

22   made by defense counsel... '… the Note has been held by the Custodian since on or about May

23   12, 2009' entirely disingenuous." Dkt. 183, Par. 26. The "Complete Loan File" clearly shows

24   _____

[11] Plaintiff cites to *In re Kain*, ADV 10-80047-HB, 2012 WL 1098465 (Bankr. D.S.C. Mar. 30, 2012). *Kain* is part
25   of a strain of cases holding "a judicial consensus has developed holding that a borrower lacks standing to ...
     challenge the validity of a mortgage securitization." *In re Walker,* 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012);
26   *Lindsay v. Am.'s Wholesale Lender,* No. SACV 11–1303–DOC, 2012 WL 83475, at *3 (C.D.Cal. Jan. 10, 2012)).
     These cases securitization creates a separate contract, a contract to which the borrower is not a party to. Thus, they
     actually support defendants' position.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    that the original note was <u>released</u> by the Custodian to OneWest on October 6, 2010. This is in

2    accordance with Defendants' assertion that the Note was stored with the custodian prior to

3    OneWest obtaining the original Note.

4    **E.  Plaintiff is not entitled to test the testimony in Defendants' declarations "at**

5    **trial via cross examination" when Plaintiff's claims fail as a matter of law.**

6    Summary Judgment is not premature. Plaintiff states summary judgment is premature

7    because Boyle's declarations must be tested at trial via cross examination. Fed. R. Civ. P. 56

8    provides the court shall grant summary judgment if the movant shows that there is no genuine

9    dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56

10   also identifies materials that may support factual positions, which include depositions,

11   documents, electronically stored information, affidavits or declarations, stipulations (including

12   those made for purposes of the motion only), admissions, interrogatory answers, or other

13   materials. Rule 56, however, does not mandate that a declaration filed in support of a motion for

14   summary judgment be "subject to cross examination at trial" as Plaintiff suggests. In fact,

15   Plaintiff's conclusion would render Rule 56 meaningless.

16   **F.  Despite Plaintiff's authority, no pre-sale damages claim stemming from**

17   **"wrongful foreclosure" exists in Washington.**

18   Plaintiff cites *Olsen v. Pesarik* in support of his assertion that Washington courts offer

19   remedies in addition to those prescribed by RCW 61.24. *Olsen* is not on point. The issue in *Olsen*

20   was whether the statute of limitations prevented borrowers from asserting "entitlement to an

21   offset" as a defense to foreclosure in conjunction with their lawsuit and motion to restrain the

22   trustee's sale. *Olsen v. Pesarik*, 118 Wn. App. 688, 692, 77 P.3d 385, 387, 2003 WL 22284063

23   (2003).

24   Defendants have never taken the position Plaintiff is not entitled to assert defenses to the

25   foreclosure. Rather, Defendants have argued that a claim seeking damages as a result of a

26   "wrongful foreclosure," which has never been completed as no sale has occurred is not

DEFENDANTS ONEWEST, MERS, AND
NWTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS MSJ
11 of 12 - C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  actionable in Washington. *Vawter v. Quality Loan Servicing Corp. of Wash.*, 707 F.Supp.2d

2  1115, *1123 (W.D. Wash. 2010).[12]

3      *Albice* is also inapplicable and does not stand for the propositions identified by Plaintiff.

4  Plaintiff asserts that under *Albice*, "properties tainted by foreclosure are worth less" and that lost

5  equity of a defaulting borrower constitutes damage. However, Albice includes no discussion of

6  the effect of foreclosure on properties in general and the only mention of the borrower's equity in

7  the property was in reference to whether such equity triggered a potential purchaser's duty of

8  inquiry to maintain Bona Fide Purchaser status. *Albice v. Premier Mortg. Services of*

9  *Washington, Inc.*, 174 Wash. 2d 560, 574, 276 P.3d 1277, 1285, 2012 WL 1881022 (2012).

10                    **III.   CONCLUSION**

11      Based on the foregoing, Defendants respectfully request that this Court consider this

12  reply in support of the pending motion for summary judgment.

13  DATED this 19th day of October, 2012.

14

15                                **ROUTH CRABTREE OLSEN, P.S.**

16

17                           By: /s/ Heidi E. Buck

18                                Heidi E. Buck, WSBA No. 41769
                                 Attorneys for Defendants OneWest,
19                                MERS, and NWTS

20

21

22

23

24

25  [12] Plaintiff states that *Vawter* is "expressly rejected or qualified by the *Bain* court." Dkt. 183, Pg. 15. *Bain's*
    discussion of *Vawter* occurred in the context of whether MERS could act as a beneficiary in its own right under
26  RCW 61.24.005(2). The *Bain* court did not address and therefore did not reject or qualify the holding in *Vawter* that
    no pre-sale damages claim for "wrongful foreclosure" exists under the DTA. Again, here MERS did not seek to act
    as Beneficiary in its own right. It acted on behalf of and at the direction of its disclosed principal, OneWest.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131