THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>    Defendants. | No. 2:10-cv-01952-RSL<br><br>MOTIONS IN LIMINE OF DEFENDANTS ONEWEST BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND NORTHWEST TRUSTEE SERVICES, INC.<br><br>NOTE ON MOTION CALENDAR: November 16, 2012. |

**Local Rule 7(d)(4) Certification**

Defendants have made a good faith effort to contact plaintiff's counsel to confer regarding these motions, but plaintiff's counsel has not responded.

**INTRODUCTION**

Defendants submit these motions in limine under the Court's current scheduling order, although the Court has noted defendants' Motion for Extension of Time for November 9, 2012. These motions represent defendants' best prediction, at this juncture, regarding what evidence

plaintiff might attempt to rely on should a trial be necessary in this case. After the pending cross motions for summary judgment are decided, if any part of the case remains, it will be clearer what evidence plaintiff will attempt to submit at trial. At that time, defendants respectfully request that the Court consider a supplemental motion in limine to address such additional evidence, if any.

The motions in limine below require some preliminary discussion of some of the law pertinent to this case, particularly the nature of a "holder" of a promissory note, and the rights that attend that status under Washington law. The holder of a note secured by a Deed of Trust for real property is entitled to foreclose on that property non-judicially or judicially in Washington. Defs.' Mot. for Summ. J. ("Docket #172"), p. 11-12. As of the time plaintiff indisputably defaulted on his loan obligations here in October 2009, the holder of the promissory note ("Note") was entitled to foreclose on the property securing the Note. Basic agency principles apply in the context of who holds, or has possession of, the Note and possession by an agent qualifies the principal as the holder.[1] *See id.* at 11; Defs.' Reply ("Docket #187"), p. 7, n.8. OneWest Bank, FSB ("OneWest") was in possession of the Note by May 12, 2009 through its agent. Docket #172, p. 3. This was well before it initiated the

---

[1] Defendants are unaware of any court ever holding that a principal was not a note holder because its agent was holding the note on the principal's behalf. An agent, or really *anyone*, in physical possession of a promissory note may also enforce the note "even though the person is not the owner of the instrument or is in *wrongful* possession of the instrument." RCW § 62A.3-301 (emphasis added). Wrongful possession is of no moment to a debtor, whose liability would be discharged by paying a person who is entitled to enforce the Note. RCW § 62A.3-602(a)(ii) (debtor's obligation is discharged if he pays "a person entitled to enforce the instrument"). Plaintiff certainly has not identified any authority holding that the common law of agency does not apply, and the financial system simply could not function without the use of agents.

non-judicial foreclosure here. Plaintiff has not presented any evidence that would create a material dispute of fact on that issue.[2]

For the foregoing reasons, a number of documents plaintiff has submitted to the Court are irrelevant, prejudicial, or confusing, and therefore inadmissible. Fed. R. Evid. 401, 402, and 403. Much of plaintiff's evidence should also be excluded because it constitutes hearsay or is not authenticated.

## DISCUSSION

**Motion #1. MERS and Assignment of Deed of Trust: McDonald Dec. (Docket #177), Exs. 5-6.**

Plaintiff cannot establish that the role of MERS has any bearing on the legal claims at issue in this case. OneWest does not and has not relied on any assignment of rights—including the Assignment of Deed of Trust—from MERS. Rather, as discussed above, OneWest has relied and continues to rely on its status as holder of the Note. For that reason nothing about MERS' conduct as alleged in this case is relevant to the foreclosure, or any affirmative legal claim. Plaintiff argues that evidence regarding MERS goes to its claim under the Consumer Protection Act, but that claim fails for the reasons discussed in defendants' Motion for Summary Judgment; e.g., plaintiff has never identified any injury to business or property caused by MERS. With the CPA claim dismissed, the Assignment of Deed of Trust and the "MERS Corporate Resolution" are irrelevant and would be confusing to the jury. They should therefore be excluded pursuant to Rules 401, 402, and 403.

//

---

[2] The custodial agreement between OneWest and the custodian states that either OneWest or FMAC may demand the Note. That situation in no way negates OneWest's status as holder. FMAC as principal in this case empowered its agent, OneWest, to take possession of the Note, to accept payments and communicate with borrowers, and to initiate foreclosure upon default. Docket #172, p. 13. OneWest is FMAC's agent, and there is no reason that an agent and a principal may not together constitute a "holder." Plaintiff has not identified any basis for determining that OneWest's status as holder was compromised by the fact that OneWest's principal, FMAC, could also request the Note from the custodian.

**Motion #2.  Documents related to "Securitization":  First Amended Complaint ("FAC") (Docket #68), Exs. 13, 16; McDonald Declaration (Docket #177), Exs. 16-18.**

These exhibits are information allegedly from the FMAC website, a subpoena response from the FMAC custodian, and other "securitization" documents.  Because OneWest is and was the holder of the Note in this case, the alleged securitization of the loan by FMAC is irrelevant to OneWest's right to foreclose.  These documents will not be helpful to the jury and will likely confuse the jury, and so should be excluded pursuant to Rules 401, 402, and 403.  They are also inadmissible as hearsay to which no exception applies.  Fed. R. Evid. 802.

**Motion #3.  Letter to Plaintiff from Routh Crabtree Olsen: FAC, Exhibit 5.**

Plaintiff asserts that a letter from Routh Crabtree Olsen ("RCO") to plaintiff on behalf of OneWest is somehow relevant to his Fair Debt Collection Practices Act ("FDCPA") claim.  This Court already ruled that only section 15 U.S.C. § 1692f(6) remains in play in this case.  Order Granting in Part Pl.'s Motion to Amend (Docket #100), pp 7-9.  Plaintiff claims only that the RCO letter is relevant because OneWest is not the "owner" of the Note.  Second Amended Complaint ¶ 3.4.4.  This argument is irrelevant to any claim, and certainly does not fall within 15 U.S.C. § 1692f(6).  More important, OneWest is not a "debt collector" for purposes of the FDCPA.  Defs.' Mot. for Summ. J. at 30-32.  A letter from RCO will therefore not support a claim against OneWest for a violation of the FDCPA.  To the extent it is offered for this purpose, it should be excluded.

**Motion #4.  Plaintiff's Letter of Dispute: FAC, Exhibit 15.**

The only evidence plaintiff submits in support of his Fair Credit Reporting Act ("FCRA") claim is Exhibit 15 to his FAC, a letter he sent to Indymac Mortgage Services, a division of OneWest.  The letter is irrelevant and inadmissible because it is directly from the consumer.  This Court has already held that notice of a dispute from a consumer, as opposed to a credit reporting agency ("CRA"), does not trigger duties under section 1681s-2(b).  Order

MOTIONS IN LIMINE, 2:10-cv-01952-RSL, page 4

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

Granting in Part Plaintiff's Motion to Amend Complaint (Docket #100, p. 9). To the extent plaintiff offers the letter to prove his FCRA claim, it should be excluded under Rules 401 and 402.

**Motion #5. Testimony about OneWest advising plaintiff not to make mortgage payments, "robo-signers" and the "mortgage crisis."**

For the first time, in his reply brief in support of his Motion for Summary Judgment, with regard to his CPA claim, plaintiff asserts he "would be able to testify in detail about how he was induced into foreclosure by the Defendant OneWest's advice for him to miss three mortgage payments before they would consider him for a possible loan modification . . . ." Pl.'s Reply at 8. Plaintiff's claim under the CPA is derivative of his claim under the Deed of Trust Act. Plaintiff's claims under the Deed of Trust Act all relate to technical aspects of the non-judicial foreclosure undertaken in this case. Those claims have nothing to do with OneWest's servicing of the loan prior to plaintiff's default and therefore should be excluded under Rules 401 and 402. Such testimony would be prejudicial to OneWest and confusing to the jury, and therefore inadmissible under Rule 403, even if relevant. To the extent this is an attempt by plaintiff to broaden the scope of his CPA claim, it is untimely and prejudicial to defendants. Discovery would be necessary to defend the claim and discovery has closed. This testimony should be excluded.

Likewise, testimony about "robo-signers" and the mortgage crisis have no direct relevance to any of plaintiff's claims. This kind of testimony will prolong the trial, confuse the jury, and will be prejudicial to defendants. It should be excluded under Rules 401, 402, and 403.

//

//

//

**Motion #6.  Appendix B to Plaintiff's Motion for Summary Judgment (Docket #176)**

Appendix B to Plaintiff's Motion for Summary Judgment is inadmissible for several reasons.  First, the document is confusing and would not be helpful to a jury in performing its function.  Thus, any probative value that this document might have would be substantially outweighed by the danger of confusion to the jury and prejudice to defendants.  Fed. R. Evid. 403.  Moreover, the document impermissibly usurps the Court's role in instructing the jury on damages.  That is, if any of plaintiff's claims make it to trial, the Court will properly instruct the jury on any statutory or other damages that may permissibly be awarded on any claim.  The document also incorporates attorney fees, costs, "time spent litigating," and other amounts plainly impermissible to present to the jury in this case.  Finally, the document is a summary unsupported by other documents.  Without supporting documents, the summary must be excluded.

**Motion #7.  Appendix D to Plaintiff's Motion for Summary Judgment (Docket #176)**

Appendix D to Plaintiff's Motion for Summary Judgment is inadmissible legal argument, is highly confusing, and would not be helpful to the jury in performing its function.  Thus, any relevance it might have to this action is strongly outweighed by the danger of confusion and the potential for prejudice to defendants.  Fed. R. Evid. 403.  The document also impermissibly usurps the Court's role in instructing the jury on matters of law.

**Motion #8.  Appendix E to Plaintiff's Motion for Summary Judgment (Docket #176)**

Appendix E to Plaintiff's Motion for Summary Judgment is inadmissible for the same reasons as plaintiff's Appendix D.  It is legal argument, is highly confusing, and would not be helpful to the jury in performing its function.  Thus, any relevance it might have to this action is strongly outweighed by the danger of confusion and the potential for prejudice to defendants.

1  Fed. R. Evid. 403.  The document also impermissibly usurps the Court's role in instructing the
2  jury on matters of law.

3                                           **CONCLUSION**

4       For the foregoing reasons, plaintiff should be barred from offering the evidence
5  discussed herein.

6       Dated:  November 5, 2012.

7                                           ROUTH CRABTREE OLSEN, P.S.

8                                           /s/ Heidi E. Buck
9                                           Heidi E. Buck, WSBA # 41769
                                            Attorneys for Defendants OneWest Bank, F.S.B.,
10                                          Mortgage Electronic Registration Systems, Inc.,
                                            and Northwest Trustee Services, Inc.
11

12
                                            LARKINS VACURA LLP
13                                          /s/ Julie R. Vacura
                                            Julie R. Vacura, WSBA # 34588
14                                          Attorneys for Defendant OneWest Bank, F.S.B.
                                            and Mortgage Electronic Registration Systems,
15                                          Inc.

16

17

18

19

20

21

22

23

24

25

26