The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **James McDonald** | No. **C10-1952-RSL** |
| **Plaintiff** | |
| **v.** | Plaintiff's Motion in Limine |
| **OneWest Bank, FSB,** | |
| **Northwest Trustee Services,** | Noting Date: November 16, 2012 |
| **Mortgage Electronic Registration Systems,** | |
| **Defendants.** | |

## <u>LOCAL RULE 7 (d) (4) CERTIFICATION</u>

Plaintiff's counsel received an automatic reply from Heidi Buck, Esq., main counsel for the defendants at 7:45 a.m. today advising that she was out of the office. At 9:27 a.m., Ms. Buck sent another email, albeit concerning an unrelated matter, advising that she is out very ill with the stomach flu.  Therefore, Plaintiff did not expect to have a discussion with Ms. Buck about the parties' motions *in limine*.

## <u>MOTION</u>

The granting or denial of a motion *in limine* is within the discretion of the trial court, subject only to review for abuse. *Gammon v. Clark Equip. Co.,* 38 Wn.App. 274, 286, 686 P.2d 1102 (1984), *aff'd,* 104 Wn.2d 613, 707 P.2d 685 (1985); *Fenimore v. Donald M. Drake Constr. Co.*, 87 Wash.2d 85, 91, 549 P.2d 483 (1976). The motion should be granted if (1) it describes the evidence objected to with sufficient specificity to enable the trial court to determine that it is clearly inadmissible; (2) the evidence is so prejudicial that the movant

Plaintiff's Motion in Limine

**H A   T H U   D A O ,   E S Q .**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1    should be spared the necessity of calling attention to it by objecting when it is offered; and (3)

2    the trial court is given a memorandum of authorities showing that the evidence is inadmissible.

3    *Gammon*, 38 Wn.App. at 286-87, 686 P.2d 1102; *State v. Cole*, 74 Wn. App. 571, 577, 874

4    P.2d 878 (1994) (*overruled on other grounds*).

5         Plaintiff James McDonald, by and through the undersigned counsel, submits the instant

6    Motion in limine for an Order prohibiting the Defendants from mentioning in its opening

7    statement, its *voir dire* of witnesses or jurors, its closing arguments the presentation of the

8    following:

9    **Evidence/Testimony to be excluded**

10   1.   Any speculation or argument about the substance of the testimony of any witness who

11        is absent or unavailable.

12   2.   Any reference to the existence or filing of this Motion *in limine*, or to the fact that

13        Plaintiff has sought to exclude evidence, or to any ruling on the Motion in Limine by

14        this Court.

15   3.   Any suggestion, testimony, or evidence pertaining to the Freddie Mac Seller/Servicing

16        Guide (Servicing Guide) because Chapter 50-2 of the Servicing Guide explicitly states

17        that a Master Servicing contract/agreement must exist between Freddie Mac and the

18        Seller/Servicer for the Servicing Guide to be applicable. The Defendants have repeated

19        throughout its filings in this case that no Master Servicing contract or agreement

20        existed presented numerous times that no such agreement exists (Exhibit 1,

21        Compilation of Responses to First Request to Produce, Exhibit 2, Email from Heidi

22        Buck, Dkt #98).

23

24

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

4. Any suggestion, testimony, or evidence pertaining to any and all records stored on a computer or computer system owned or controlled by OneWest Bank, FSB; Indymac Bank, FSB; Indymac MBS; or Indymac Mortgage Services. In Defendant OneWest's Response to Plaintiff's First Set of Interrogatories, Request to Produce #7 – certified by defense counsel Heidi Buck and sworn by Charles Boyle of OneWest – that no records exist (Exhibit 3, OneWest's Response to Interrogatories).

5. Any testimony or declaration from any individual that has been shown to be an unreliable witness in cases in other courts including.

6. Any testimony, argument or evidence based upon any order of the Office of Thrift Supervision relating to the failure of Indymac Bank, FSB, as it fails to pass the relevance test of FRE 401. The fact that Indymac Bank, FSB failed is of no consequence to the issues at hand and would merely serve to confuse the jury.

7. Any testimony, argument or evidence based upon the Purchase and Assumption Agreement of Indymac Bank, FSB by the FDIC as it fails the relevance test of FRE 401. There is no connection between Plaintiff's Note and this Purchase and Assumption Agreement whatever; Plaintiff's Note is not identified in any known exhibit or addendum attached to the Agreement. Further, the Defense has already acknowledged that Indymac Bank, FSB sold the Note prior to the bank being taking over by the FDIC.

8. Any testimony, argument or evidence based upon the Master Purchase Agreement between the FDIC and OneWest. First, the Defense has already acknowledged that Indymac Bank, FSB sold the Note prior to being taken over by the FDIC. Second, the

H A   T H U   D A O ,   E S Q .
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1    Defense has not provided any evidence that Plaintiff's Note or Loan is a part of this

2    Master Purchase and Sale Agreement.

3    9.  Any testimony, argument or evidence based upon the Loan Sale Agreement between

4    the FDIC and OneWest. The Defense has already admitted that Indymac sold the Note

5    prior to being taken over by the FDIC. Therefore this Agreement fails to pass the

6    relevance test of FRE 401 and would only serve to deliberately confuse the jury.

7    10. Any testimony, suggestion, argument or evidence relating to the Servicing Business

8    Asset Purchase Agreement between OneWest and the FDIC. The Agreement specifies

9    that an addendum listing every loan included accompanied the Agreement, yet no

10   authenticated addendum has been produced identifying Plaintiff's Note or Loan. Any

11   reference or mentioning of the Servicing Business Asset Purchase Agreement between

12   OneWest and the FDIC is irrelevant and serves only to confuse the jury.

13   11. Uncertified/Unauthenticated copy of the Deed of Trust

14   12. Uncertified/Unauthenticated of the original Note

15   13. Any suggestion, argument or testimony in regards to the Defense's failed claim of

16   constructive possession.

17   14. Any suggestion, argument or testimony in regards to un-substantiated claims of right or

18   holder in due course status from the sale of *certain* assets of Indymac Bank by the

19   FDIC to OneWest. The United States Supreme Court held that the FDIC merely "steps

20   into the shoes" of the failed institution and would only assume rights that the institution

21   would have had. As Indymac Bank, FSB sold the Note to a mortgage backed security

22   prior to its failure; it would have lost all legal and equitable interest in the Note (RCW

23   62A.9-318).

24

H A   T H U   D A O ,   E S Q .
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

15. Any suggestion, argument or testimony that Deutsche Bank National Trust Company (DBNTC) was holding the Note for the benefit of OneWest. Not only is there no record of DBNTC ever obtaining the Note but the Custodial Agreement explicitly states that OneWest has no benefit to any notes released to it (Exhibit 4, Custodial Agreement).

16. Any suggestion, argument or testimony that MERS was acting as nominee for a principal in the Assignment of Deed of Trust as the document clearly states that MERS was assigning its own beneficial interest in the Deed of Trust and Note and no valid, operating principal was identified in the document.

17. Any suggestion, argument or testimony that is slanderous or libelous of Plaintiff's character or the nature of his claims including, but not limited to, Plaintiff seeking a "free house".

18. Any suggestion, argument or testimony that attacks the character of Plaintiff's counsel.

19. Any suggestion, argument or testimony that claims any damages or injuries suffered by Plaintiff were of his own doing. It has been alleged that OneWest induced Plaintiff to stop making payments on his mortgage in order to qualify for a loan modification while in fact OneWest never had the authority to do so.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully moves this Court to grant Plaintiff's Motion *in limine* as set forth herein.

DATED: November 5, 2012.

/s/ Ha Thu Dao

_____

Ha Thu Dao, WSBA 21793
Attorney for Plaintiff
787 Maynard Ave South, Seattle, WA 98104
Phone: 727-269-9334/Fax: 727-264-2447

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1

## <u>CERTIFICATION OF SERVICE</u>

2

3        I hereby certify on November 5, 2012, the foregoing document is being served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF,  upon the following parties:

4

5    Heidi Buck, Attorney for Defendants
     Routh Crabtree Olsen
6    13555 SE 36th Street, Ste 300, Bellevue WA 98006
     425-213-5534/Fax 425-458-2131
     hbuck@rcolegal.com

7

        DATED this 5th day of November, 2012.

8

9                                    /s/ Ha Thu Dao
                                     _____
10                                   Ha Thu Dao, WSBA 21793

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com