The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **James McDonald**<br>**Plaintiff**<br>v.<br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>**Defendants.** | No. **C10-1952-RSL**<br><br>[PROPOSED] ORDER<br>Upon Plaintiff's Motion in Limine<br><br>Noting Date: November 16, 2012 |

Plaintiff's Motion in Limine came on for hearing before this Court. The Court having considered:

1. Plaintiff's Motion and Exhibits;

2. Court's File containing pleadings and filings in this matter.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

Plaintiff's Motion in Limine is hereby GRANTED as to the following items:

**Evidence/Testimony to be excluded**

1. Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable.

2. Any reference to the existence or filing of this Motion *in limine*, or to the fact that Plaintiff has sought to exclude evidence, or to any ruling on the Motion in Limine by this Court.

3. Any suggestion, testimony, or evidence pertaining to the Freddie Mac Seller/Servicing Guide (Servicing Guide) because Chapter 50-2 of the Servicing Guide explicitly states

1    that a Master Servicing contract/agreement must exist between Freddie Mac and the

2    Seller/Servicer for the Servicing Guide to be applicable. The Defendants have repeated

3    throughout its filings in this case that no Master Servicing contract or agreement

4    existed presented numerous times that no such agreement exists (<u>Exhibit 1,</u>

5    <u>Compilation of Responses to First Request to Produce, Exhibit 2, Email from Heidi</u>

6    <u>Buck, Dkt #98</u>).

7  4. Any suggestion, testimony, or evidence pertaining to any and all records stored on a

8    computer or computer system owned or controlled by OneWest Bank, FSB; Indymac

9    Bank, FSB; Indymac MBS; or Indymac Mortgage Services. In Defendant OneWest's

10   Response to Plaintiff's First Set of Interrogatories, Request to Produce #7 – certified by

11   defense counsel Heidi Buck and sworn by Charles Boyle of OneWest – that no records

12   exist (<u>Exhibit 3, OneWest's Response to Interrogatories</u>).

13  5. Any testimony or declaration from any individual that has been shown to be an

14   unreliable witness in cases in other courts including.

15  6. Any testimony, argument or evidence based upon any order of the Office of Thrift

16   Supervision relating to the failure of Indymac Bank, FSB, as it fails to pass the

17   relevance test of FRE 401. The fact that Indymac Bank, FSB failed is of no

18   consequence to the issues at hand and would merely serve to confuse the jury.

19  7. Any testimony, argument or evidence based upon the Purchase and Assumption

20   Agreement of Indymac Bank, FSB by the FDIC as it fails the relevance test of FRE

21   401. There is no connection between Plaintiff's Note and this Purchase and

22   Assumption Agreement whatever; Plaintiff's Note is not identified in any known

23   exhibit or addendum attached to the Agreement. Further, the Defense has already

24

1    acknowledged that Indymac Bank, FSB sold the Note prior to the bank being taking

2    over by the FDIC.

3  8. Any testimony, argument or evidence based upon the Master Purchase Agreement

4    between the FDIC and OneWest. First, the Defense has already acknowledged that

5    Indymac Bank, FSB sold the Note prior to being taken over by the FDIC. Second, the

6    Defense has not provided any evidence that Plaintiff's Note or Loan is a part of this

7    Master Purchase and Sale Agreement.

8  9. Any testimony, argument or evidence based upon the Loan Sale Agreement between

9    the FDIC and OneWest. The Defense has already admitted that Indymac sold the Note

10   prior to being taken over by the FDIC. Therefore this Agreement fails to pass the

11   relevance test of FRE 401 and would only serve to deliberately confuse the jury.

12 10. Any testimony, suggestion, argument or evidence relating to the Servicing Business

13   Asset Purchase Agreement between OneWest and the FDIC. The Agreement specifies

14   that an addendum listing every loan included accompanied the Agreement, yet no

15   authenticated addendum has been produced identifying Plaintiff's Note or Loan. Any

16   reference or mentioning of the Servicing Business Asset Purchase Agreement between

17   OneWest and the FDIC is irrelevant and serves only to confuse the jury.

18 11. Uncertified/Unauthenticated copy of the Deed of Trust

19 12. Uncertified/Unauthenticated of the original Note

20 13. Any suggestion, argument or testimony in regards to the Defense's failed claim of

21   constructive possession.

22 14. Any suggestion, argument or testimony in regards to un-substantiated claims of right or

23   holder in due course status from the sale of *certain* assets of Indymac Bank by the

24   FDIC to OneWest. The United States Supreme Court held that the FDIC merely "steps

into the shoes" of the failed institution and would only assume rights that the institution would have had. As Indymac Bank, FSB sold the Note to a mortgage backed security prior to its failure; it would have lost all legal and equitable interest in the Note (RCW 62A.9-318).

15. Any suggestion, argument or testimony that Deutsche Bank National Trust Company (DBNTC) was holding the Note for the benefit of OneWest. Not only is there no record of DBNTC ever obtaining the Note but the Custodial Agreement explicitly states that OneWest has no benefit to any notes released to it (<u>Exhibit 4, Custodial Agreement</u>).

16. Any suggestion, argument or testimony that MERS was acting as nominee for a principal in the Assignment of Deed of Trust as the document clearly states that MERS was assigning its own beneficial interest in the Deed of Trust and Note and no valid, operating principal was identified in the document.

17. Any suggestion, argument or testimony that is slanderous or libelous of Plaintiff's character or the nature of his claims including, but not limited to, Plaintiff seeking a "free house".

18. Any suggestion, argument or testimony that attacks the character of Plaintiff's counsel.

19. Any suggestion, argument or testimony that claims any damages or injuries suffered by Plaintiff were of his own doing. It has been alleged that OneWest induced Plaintiff to stop making payments on his mortgage in order to qualify for a loan modification while in fact OneWest never had the authority to do so.

//////

//////

[Proposed] Order    4

1
2
3            DATED this _____day of _____, 2012.
4
5
6                                          _____
                                           Hon. ROBERT S. LASNIK
7
8
9
10
    Presented by:
11
    _____
12  Ha Thu Dao, WSBA 21793
    Attorney for Plaintiff
13  787 Maynard Ave South, Seattle, WA 98104
    Phone 727-269-9334/Fax 727-264-2447
14
15
16
17
18
19
20
21
22
23
24

[Proposed] Order                        5