# Exhibit 1

The Honorable Judge Robert Lasnik

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

JAMES MCDONALD,

Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

Defendants.

No.  C10-1952 RSL

DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS

        COME  NOW  Defendants  OneWest  Bank,  FSB  ("OneWest"),  Mortgage  Electronic

Registration  Systems  Inc.  ("MERS"),  and  Northwest  Trustee  Services,  Inc.  ("NWTS")

(collectively  "Defendants")  and  responds  to  Plaintiff  James  McDonald's  First  Set  of

Interrogatories  and  Request  for  Production  of  Documents  ("Requests")  as  follows:

### I.      PRELIMINARY STATEMENT

        These responses are made solely for the purpose of this action.  Each response and each

document  produced  is  subject  to  all  appropriate  objections  (including,  but  not  limited  to,

objections  concerning  competency,  relevancy,  materiality,  propriety  and  admissibility)  which

would  require  the  exclusion  of  any  statement  contained  herein  or  in  any  of  the  documents

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   produced, if any such document or documents were sought to be introduced into evidence in

2   Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3         Defendants have not completed their investigation of facts, witnesses, or documents

4   related to this action; have not completed its analysis of available data; have not yet completed

5   its discovery in this action; and have not completed preparation for trial. Thus, although a good

6   faith effort has been made to supply pertinent information when it has been requested, it is not

7   possible in many instances for unqualified responses to be made. Further, the responses are

8   necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9   facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10  adopt. These responses are given without prejudice to Defendants' right to provide facts,

11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12  error or mistake. Defendants have furnished information that is presently available, which may

13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14        **II.    GENERAL OBJECTIONS**

15        Each of the general objections stated below are continuing objections which Defendants

16  will incorporate into specific responses as appropriate:

17        A.  Not Reasonably Calculated Objection:

18            Many of the requests, in whole or in part, seek information or documents that are

19            neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

20            to the discovery of admissible evidence in respect thereto.

21        B.  Ambiguity Objection:

22            Many of the specific requests are phrased in language that is so vague, ambiguous,

23            and uncertain that Defendants are unable to ascertain what information is requested.

24        C.  Burden Objection:

25            Many of the specific requests are materially overbroad in whole or in part, or are

26            burdensome and oppressive on the grounds that they seek information that is equally

ROUTH
CRABTREE
OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    accessible to or already within the possession of the plaintiff, or information that is

2    not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

3    relevant as to have no practical benefit to the plaintiff, while placing an inordinate

4    burden and expense on Defendants to respond.

5    D.  Duplicative Request Objection:

6         Many of the specific requests are duplicative in that that they request information that

7         is requested by more than one Interrogatory.

8             **III.    SPECIFIC RESPONSES TO REQUESTS**

9    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

10        **RESPONSE:**   Defendants incorporate by reference all previous objections to this

11   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

12   In the event material that is responsive to this Request is located, Defendants will supplement

13   these responses.

14   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

15        **RESPONSE:**  Defendants have provided all documents responsive to this Request.

16   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

17        **RESPONSE:**   Defendants incorporate by reference all previous objections to this

18   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

19   In the event material that is responsive to this Request is located, Defendants will supplement

20   these responses.

21   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

22        **RESPONSE:**  Defendants have provided all documents responsive to this Request.

23   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

24        **RESPONSE:** Defendants object to this Request on the basis that the information

25   requested is neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

26   to the discovery of admissible evidence in respect thereto.

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

2       **RESPONSE:** Defendants have provided all documents responsive to this Request.

3   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

4       **RESPONSE:** Defendants incorporate by reference all previous objections to this

5   Request. Without waiving any objection, Defendant MERS provides the attached copy of the

6   MERS Membership Application for IndyMac Mortgage Holdings, Inc.

7   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

8       **RESPONSE:** Defendants incorporate by reference all previous objections to this

9   Request. Without waiving any objection, Defendant MERS provides the attached copy of the

10  Membership Agreement between Freddie Mac and MERS.

11  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

12      **RESPONSE:** Defendants have provided all documents responsive to this Request.

13  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

14      **RESPONSE:** Defendants incorporate by reference all previous objections to this

15  Request. After diligent search, Defendants have found nothing that is responsive to this Request.

16  In the event material that is responsive to this Request is located, Defendants will supplement

17  these responses.

18  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

19      **RESPONSE:** Defendants have provided all documents responsive to this Request.

20  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

21      **RESPONSE:** Defendants have provided all documents responsive to this Request.

22  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

23      **RESPONSE:** Defendants incorporate by reference all previous objections to this

24  Request. Without waiving any objection, please see the attached Form 1034.

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 4 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

2      **RESPONSE:** Defendants incorporate by reference all previous objections to this

3   Request. Without waiving any objection, please see the attached Form 1036.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

5      **RESPONSE:** Defendants incorporate by reference all previous objections to this

6   Request. After diligent search, Defendants have found nothing that is responsive to this Request.

7   In the event material that is responsive to this Request is located, Defendants will supplement

8   these responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 5 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**ATTORNEY CERTIFICATION**

1

2    The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS,

3    certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry

4    that the responses and objections are: (1) consistent with the Civil Rules and warranted by

5    existing law or a good faith argument for the extension, modification or reversal of existing law;

6    (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or

7    needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or

8    expensive, given the needs of the case, the discovery already had in the case, the amount in

9    controversy and the importance of the issues at stake in the litigation.

10    DATED this _____ day of February, 2012.

11

12    ROUTH CRABTREE OLSEN, P.S.

13

14    Heidi E. Buck, WSBA No. 41769
15    Of Attorneys for Defendants OneWest
      Bank, Mortgage Electronic Registration
16    Systems, Inc., and Northwest Trustee
      Services, Inc.

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this _9th_ day of February, 2012.


ONEWEST BANK, FSB


By: _Rebecca Marts_
     Rebecca Marts
NORTHWEST TRUSTEE SERVICES, INC.

By: _____

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _JC San Pedro_

     _JC SAN PEDRO_

DEFENDANTS' SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
-- PAGE 7 OF 7, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JAMES MCDONALD,

    Plaintiff,

  v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

    Defendants.

No.  C10-1952 RSL

**DEFENDANTS ONEWEST BANK,
FSB, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AND NORTHWEST TRUSTEE
SERVICES, INC.'S SECOND
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS**

  COME NOW, Defendants OneWest Bank, FSB ("OneWest"), Mortgage Electronic

Registration Systems Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS")

(collectively "Defendants") and again supplements their responses to Plaintiff James

McDonald's First Set of Interrogatories and Request for Production of Documents ("Requests")

in response to the Order Granting in Part Plaintiff's Motion to Compel as follows:

    **I.  PRELIMINARY STATEMENT**

  These responses are made solely for the purpose of this action.  Each response and each

document produced is subject to all appropriate objections (including, but not limited to,

objections concerning competency, relevancy, materiality, propriety and admissibility) which

would require the exclusion of any statement contained herein or in any of the documents

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
-- PAGE 1 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  produced, if any such document or documents were sought to be introduced into evidence in

2  Court. All such objections and grounds are reserved and may be interposed at the time of trial.

3      Defendants have not completed their investigation of facts, witnesses, or documents

4  related to this action; have not completed its analysis of available data; have not yet completed

5  its discovery in this action; and have not completed preparation for trial. Thus, although a good

6  faith effort has been made to supply pertinent information when it has been requested, it is not

7  possible in many instances for unqualified responses to be made. Further, the responses are

8  necessarily made without prejudice to Defendants' right to produce any subsequently discovered

9  facts, witnesses, or documents, as well as any new theories or contentions that Defendants may

10  adopt. These responses are given without prejudice to Defendants' right to provide facts,

11  witnesses or documents omitted from these responses by oversight, inadvertent or good faith

12  error or mistake. Defendants have furnished information that is presently available, which may

13  include hearsay and other forms of evidence that are neither reliable nor admissible.

14  **II.   RESPONSES TO REQUESTS**

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** Defendant OneWest – Provide

16  copies of any an all servicing agreements between Defendant OneWest and the current owner or

17  previous owners of the promissory note.

18

19  **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

20  Without waiving any previous objection, Defendant OneWest provides that it identified the

21  servicing agreement between OneWest and Freddie Mac by providing a link to the agreement.

22  Defendant OneWest provided this information through counsel in an email communication with

23  Mr. McDonald on July 11, 2011. The email communication is attached as Exhibit 1.

24

25

26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 2 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**  Defendant MERS – A copy of

2  the MERS Membership Agreement between Indymac Bank and MERS.

3  **RESPONSE:**  Defendants incorporate by reference all previous objections to this Request.

4  Without waiving any previous objection, Defendant MERS provides that it previously provided a

5  copy of the MERS Membership Application for IndyMac Mortgage Holdings, Inc. The

6  document was redacted as it contained personal nonpublic information relating to the identities

7  of IndyMac Mortgage Holdings, Inc. and MERS employees and to protect nonpublic corporate

8  information irrelevant to the underlying claims and allegations asserted by Plaintiff.

9

10  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**  Defendant MERS – A copy of

11  the MERS Membership Agreement between OneWest Bank and MERS.

12  **RESPONSE:**  Defendants incorporate by reference all previous objections to this Request.

13  Without waiving any objection, Defendant MERS provides that it previously provided a copy of

14  the Membership Agreement between OneWest Bank and MERS. The document was redacted as

15  it contained personal nonpublic information relating to the identities of OneWest and MERS

16  employees and to protect nonpublic corporate information irrelevant to the underlying claims and

17  allegations asserted by Plaintiff.

18

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:** Defendant OneWest – Any and

20  all exhibits attached to the agreements between the Federal Deposit Insurance Corporation, IMB

21  Holdco LLC and OneWest Bank Group LLC known as Master Purchase Agreement, Loan Sale

22  Agreement and Servicing Business Asset Purchase Agreement.

23  **RESPONSE:** Defendants incorporate by reference all previous objections to this Request.

24  Without waiving any objection, Defendant OneWest provides that it, in error, previously stated

25  all responsive documents had been produced. Please see attached as Exhibit 2 the loan schedule

26  identifying Plaintiff's loan, which is attached to Servicing Business Asset Purchase Agreement.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 3 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   This document has been redacted as it contains personal nonpublic information relating to the

2   identities and financial information of borrowers other than Mr. McDonald.

3

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13**:  Defendant OneWest -- Any

5   and all forms 1034 in regards to Custodial Agreement Number 000015, Seller/Servicer

6   Number(s) 153845 and 153984 between Freddie Mac, Deutsche Bank Trust Co and Defendant

7   OneWest.

8   **RESPONSE:**   Defendants incorporate by reference all previous objections to this Request.

9   Without waiving any objection, Defendant OneWest provides that it previously produced a copy

10  of the attached Form 1034. This document has been redacted as it contains personal nonpublic

11  information relating to the identities and financial information of borrowers other than Mr.

12  McDonald.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 4 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendants OneWest Bank, MERS, and NWTS, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this ___2nd___ day of May, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest
Bank, Mortgage Electronic Registration
Systems, Inc., and Northwest Trustee
Services, Inc.

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 5 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this ____1st____ day of May, 2012.

ONEWEST BANK, FSB

By: _____
          Charles Boyle

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By: _____

Its:  Assistant Secretary

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
– PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**PARTY CERTIFICATION**

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this 2nd day of May, 2012.


**ONEWEST BANK, FSB**


By: _____


**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By: _____
Its:  Assistant Secretary
        Emmett Myatt

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
—PAGE 6 OF 6, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 2

## James McDonald

**From:**      Heidi Buck [hbuck@rcolegal.com]
**Sent:**      Friday, July 01, 2011 2:14 PM
**To:**        james@jamesmcdonald.net
**Cc:**        Tommy Kwong
**Subject:**   RE: McDonald v. OneWest Bank, et al.
**Attachments:** Original Note (McDonald).pdf; Original Rider (McDonald).pdf

Mr. McDonald,

Please see my responses in blue type to the issues you raised in your 6/30/11 email.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents. A copy of the original note and rider with your signature, which I have in my possession, is attached. You will see it contains an "in blank" endorsement from Indymac, which is the only endorsement affixed to the note. If you feel it is necessary, I am happy to schedule a time for you to come view the original.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item? I have followed up with OneWest again to obtain this.

5. You were going back to your contact at OWB regarding the insurance. What is the status on that? My contact has no knowledge that one exists. However, I have followed up with OneWest again about obtaining it if it exists.

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as dates and companies are not corresponding. The MERS MIN summary has been provided. You are not entitled a declaration of authentication. If you have doubts about the document's authenticity, that is something you could address through a deposition.

7. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

8. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this. We provided what we understood you were requesting. Please provide clarification as to what it is you refer to in this RFP.

12. I have not received these items from you. I have followed up with OneWest again, and they are working to obtain this.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me? I have followed up with OneWest again, and they are working to obtain this.

15. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do this. I've review the joint status report. We had initially agreed to a discovery time frame ending in September 2011. Therefore, I am willing to agree to an extension of the discovery timeline to

11/5/2012

the original date we had agreed upon, September 21, 2011.

Thanks,
Heidi

**Heidi E. Buck**
Attorney
Licensed to Practice Law in Washington

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Thursday, June 30, 2011 12:06 PM
**To:** Heidi Buck
**Subject:** RE: McDonald v. OneWest Bank, et al.

Miss Buck,

I have reviewed the items that you have sent me and the correspondence provided both by yourself and your paralegal. I find that items have been left out both in the documents provided and the communication you have given me both verbally and electronically. Further to save paper, any document that is electronically sent to you can be e-mailed to me so long as you or your paralegal certify that the document remains unaltered and is being provided exactly as it was provided to you.

I will be referring to the Item number on the First Request to Produce and have attached an additional copy of that for your convenience.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item?

5. You were going back to your contact at OWB regarding the insurance. What is the status on that?

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as dates and companies are not corresponding.

7. I have not received this item from you.

8. I have not received this item from you.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this.

11/5/2012

12. I have not received these items from you.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me?

15. I have not received this item from you.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do this.

Should you agree I will e-mail you the next Request to Produce that I am preparing. Otherwise I will deliver a copy of it to you directly. Please advise your position on that.

Hope to hear from you soon.

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Monday, June 27, 2011 4:18 PM
**To:** james@jamesmcdonald.net
**Subject:** McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please see the attached documents in response to your requests for production. As we discussed earlier today, I am still waiting on some of the documents you requested from my clients. However, I will forward those to you as soon as I receive them.

Additionally, some of the documents you have requested either do not exist or are not in the possession of my clients as outlined below:

- Original purchase agreement between Indymac and initial purchaser of the note. – OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Any subsequent purchase agreement - OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Servicing agreement between Indymac and any purchaser of note. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- copy of insurance policy relating to the note or pool note placed into. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Forms 1034 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1034 may pertain to.
- Forms 1036 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1036 may pertain to.
- Records associated with the MIDANET or Freddie Mac Selling platform. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear.

11/5/2012

For your convenience, I will forward hard copies of all documents to you via mail to your home address.

Please let me know if you have any questions.

Thanks, Heidi

**Heidi E. Buck**
Attorney
Licensed to Practice Law in Washington

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



11/5/2012

## James McDonald

**From:**   Heidi Buck [hbuck@rcolegal.com]
**Sent:**   Monday, July 11, 2011 1:44 PM
**To:**   james@jamesmcdonald.net
**Subject:** RE: McDonald v. OneWest Bank, et al.

Mr. McDonald,

You can view the servicing agreement between OneWest and Freddie Mac online at
http://www.allregs.com/tpl/Main.aspx. Given that Indymac Bank, FSB serviced your loan on behalf of
Freddie Mac between 2007 and July 2008, these same servicing guide would have governed the
servicing of the loan by Indymac.

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



---

**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Thursday, July 07, 2011 2:01 PM
**To:** Heidi Buck
**Subject:** RE: McDonald v. OneWest Bank, et al.

July 13th would work best for me. What times are you available?

As far as your question on Item #10 of the First Request to Produce it clearly states that I am requesting
all accounting statements and general ledgers of the payments disbursed to the **owner**. Therefore the
financial records that your client needs to provide to me are their accounting records of payments made to
the owner of the note, not a payment history of payments made to Indymac or OneWest which is what
your client provided. ☺

Further, it seems that your client has not continued to provide the other items requested. I have been
significantly patient in this and while I appreciate your personal cooperation, it does not appear that your
clients are cooperating. We need to have a resolution to this quickly as it is only causing further delays
and creating more workload for the both of us.

Hope you had a great 4th of July weekend

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Thursday, July 07, 2011 11:38 AM
**To:** james@jamesmcdonald.net
**Subject:** RE: McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please let me know when you would like to view the note. Next week, I am available in the afternoon on
July 11, July 13, or July 14. Were you still going to forward me the stipulation re discovery?

11/5/2012

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



---

**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Friday, July 01, 2011 2:49 PM
**To:** Heidi Buck
**Cc:** Tommy Kwong
**Subject:** RE: McDonald v. OneWest Bank, et al.

Miss Buck

Thanks for your response. I do believe we should arrange a time to view the note you have in your possession as during the course of my investigation I have become concerned about its authenticity. Should my initial review of the note not satisfy my concerns I will likely be requesting a forensic document analyst examine the note as well.

I will write up a joint motion to extend this weekend and send it over to you for you to review and co-sign.

I hope both of you have a great fourth of july weekend

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Friday, July 01, 2011 2:14 PM
**To:** james@jamesmcdonald.net
**Cc:** Tommy Kwong
**Subject:** RE: McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please see my responses in blue type to the issues you raised in your 6/30/11 email.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents. A copy of the original note and rider with your signature, which I have in my possession, is attached. You will see it contains an "in blank" endorsement from Indymac, which is the only endorsement affixed to the note. If you feel it is necessary, I am happy to schedule a time for you to come view the original.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item? I have followed up with OneWest again to obtain this.

5. You were going back to your contact at OWB regarding the insurance. What is the status on that? My contact has no knowledge that one exists. However, I have followed up with OneWest again about obtaining it if it exists.

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as

dates and companies are not corresponding. The MERS MIN summary has been provided. You are not entitled a declaration of authentication. If you have doubts about the document's authenticity, that is something you could address through a deposition.

7. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

8. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this. We provided what we understood you were requesting. Please provide clarification as to what it is you refer to in this RFP.

12. I have not received these items from you. I have followed up with OneWest again, and they are working to obtain this.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me? I have followed up with OneWest again, and they are working to obtain this.

15. I have not received this item from you. I have followed up with OneWest again, and they are working to obtain this.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do this. I've review the joint status report. We had initially agreed to a discovery time frame ending in September 2011. Therefore, I am willing to agree to an extension of the discovery timeline to the original date we had agreed upon, September 21, 2011.

Thanks,
Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



---

**From:** James McDonald [mailto:james@jamesmcdonald.net]
**Sent:** Thursday, June 30, 2011 12:06 PM
**To:** Heidi Buck
**Subject:** RE: McDonald v. OneWest Bank, et al.

Miss Buck,

I have reviewed the items that you have sent me and the correspondence provided both by yourself and your paralegal. I find that items have been left out both in the documents provided and the communication you have given me both verbally and electronically. Further to save paper, any document that is electronically sent to you can be e-mailed to me so long as you or your paralegal certify that the document remains unaltered and is being provided exactly as it was provided to you.

11/5/2012

I will be referring to the Item number on the First Request to Produce and have attached an additional copy of that for your convenience.

2. You have not provided this item nor have you made any reference to it in your communication. Please give me an estimate of when I will be receiving these requested documents.

4. The servicing agreement between the owner of the note and OWB. It is interesting that a "servicing agreement" has been referenced by two employees of OWB in your filings throughout the case but I still don't have a copy of it. Since both swore under the penalty of perjury that this document exists, I would logically believe that they made sure of that before signing their respective declarations. What is the status on receiving this item?

5. You were going back to your contact at OWB regarding the insurance. What is the status on that?

6. There was no accompanying certification by a direct MERS employee regarding the MERS MIN Summary being unaltered. In fact, looking at this document it appears that the MIN Summary has in fact been altered as dates and companies are not corresponding.

7. I have not received this item from you.

8. I have not received this item from you.

10. You provided an account history to me which is not what I requested. Please refer to item #10 on the First Request to Produce and advise me when I will receive this.

12. I have not received these items from you.

13 & 14. You were going to speak with your contact regarding these two items. What is the status on providing them to me?

15. I have not received this item from you.

As you can see we have many outstanding items from my First Request to Produce. There are currently only 38 days left in our discovery process. At this time, I am requesting that you file a joint motion with me to extend discovery as the majority of time lost has been through no fault of my own. Please advise if you are willing to do this.

Should you agree I will e-mail you the next Request to Produce that I am preparing. Otherwise I will deliver a copy of it to you directly. Please advise your position on that.

Hope to hear from you soon.

---

**From:** Heidi Buck [mailto:hbuck@rcolegal.com]
**Sent:** Monday, June 27, 2011 4:18 PM
**To:** james@jamesmcdonald.net
**Subject:** McDonald v. OneWest Bank, et al.

Mr. McDonald,

Please see the attached documents in response to your requests for production. As we discussed earlier today, I

am still waiting on some of the documents you requested from my clients. However, I will forward those to you as soon as I receive them.

Additionally, some of the documents you have requested either do not exist or are not in the possession of my clients as outlined below:

- Original purchase agreement between Indymac and initial purchaser of the note. – OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Any subsequent purchase agreement - OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Servicing agreement between Indymac and any purchaser of note. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- copy of insurance policy relating to the note or pool note placed into. OneWest has no knowledge that any such document exists. If one does exist, OneWest does not have such a document.
- Forms 1034 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1034 may pertain to.
- Forms 1036 relating to the custodial agreement Number 000015, Seller/servicer Number(s) 153845 and 153984 between Freddie Mac, Deutsche bank and OneWest. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear. However, as we discussed earlier today, I intend to go back to my contact with the information you provided today as to what Form 1036 may pertain to.
- Records associated with the MIDANET or Freddie Mac Selling platform. My contact at OneWest does not have any familiarity with this document. Has contacted someone internally at OneWest and is still waiting to hear.

For your convenience, I will forward hard copies of all documents to you via mail to your home address.

Please let me know if you have any questions.

Thanks, Heidi

**Heidi E. Buck**
**Attorney**
**Licensed to Practice Law in Washington**

Direct: 425.213.5534
Fax: 425.283.5968
hbuck@rcolegal.com



11/5/2012

# Exhibit 3

The Honorable Judge Robert Lasnik

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

JAMES MCDONALD,

        Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST
TRUSTEE SERVICES, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., INDYMAC BANK FSB, DOES 1-50,

        Defendants.

No.  C10-1952 RSL

**DEFENDANT ONEWEST BANK,
FSB'S RESPONSE TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

COMES NOW, Defendant OneWest Bank, FSB ("OneWest") and responds to Plaintiff James McDonald's First Set of Interrogatories and Requests for Production as follows:

## I.    PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response and each document produced is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein or in any of the documents produced, if any such document or documents were sought to be introduced into evidence in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Defendant has not completed its investigation of facts, witnesses, or documents related to this action; has not completed its analysis of available data; has not yet completed its discovery in this action; and has not completed preparation for trial. Thus, although a good faith effort has

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 1 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  been made to supply pertinent information when it has been requested, it is not possible in many

2  instances for unqualified responses to be made.  Further, the responses are necessarily made

3  without prejudice to Defendant's right to produce any subsequently discovered facts, witnesses,

4  or documents, as well as any new theories or contentions that Defendant may adopt.  These

5  responses are given without prejudice to Defendant's right to provide facts, witnesses or

6  documents omitted from these responses by oversight, inadvertent or good faith error or mistake.

7  Defendant has furnished information that is presently available, which may include hearsay and

8  other forms of evidence that are neither reliable nor admissible.

9  ## II.    GENERAL OBJECTIONS

10  Each of the general objections stated below are continuing objections which Defendant

11  will incorporate into specific responses as appropriate:

12  A. Not Reasonably Calculated Objection:

13  Many of the requests, in whole or in part, seek information or documents that are

14  neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead

15  to the discovery of admissible evidence in respect thereto.

16  B. Ambiguity Objection:

17  Many of the specific requests are phrased in language that is so vague, ambiguous,

18  and uncertain that Defendant is unable to ascertain what information is requested.

19  C. Burden Objection:

20  Many of the specific requests are materially overbroad in whole or in part, or are

21  burdensome and oppressive on the grounds that they seek information that is equally

22  accessible to or already within the possession of the plaintiff, or information that is

23  not relevant to the subject matter of the dispute herein, or, if relevant, so remotely

24  relevant as to have no practical benefit to the plaintiff, while placing an inordinate

25  burden and expense on Defendant to respond.

26  D. Duplicative Request Objection:

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 2 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  Many of the specific requests are duplicative in that that they request information that

2  is requested by more than one Interrogatory.

3  ### III.   SPECIFIC RESPONSES TO REQUESTS

4  **Interrogatory 1:** Identify the date, value received and to whom Indymac Bank, FSB sold,

5  transferred, conveyed, granted, or negotiated or otherwise released its interest in Plaintiff's Note

6  and/or Plaintiff's Deed of Trust.

7  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 1 on the basis that it is

8  duplicative, is vague and ambiguous, and is not reasonably calculated to lead to the discovery of

9  admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.

10  Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

11  material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

12  "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

13  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

14  the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

15  *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

16  discovery is not to be used as a fishing expedition to see what may turn up).

17

18  **Request to Produce 1**: Provide any documents, screenshots, communication or other

19  information that supports your answer to Interrogatory #1.

20  **RESPONSE:** Defendant OneWest objects to RFP No. 1 on the basis that it is vague and

21  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

22  Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

23  26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

24  *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

25  provides for broad discovery, courts should not grant discovery requests based on pure

26  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 3 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

2  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

3  a fishing expedition to see what may turn up).

4

5  **Interrogatory 2**: Describe the contract referred to on Form 1034A provided to Plaintiff in the

6  Response to the First Request to Produce that is referred to as Freddie Mac Contract

7  0702156058.

8  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 2 on the basis that it is vague and

9  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

10  Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

11  26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

12  *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

13  provides for broad discovery, courts should not grant discovery requests based on pure

14  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

15  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

16  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

17  a fishing expedition to see what may turn up).

18

19  **Request to Produce 2:** Provide a copy of the contract and any supporting documents,

20  screenshots, communication or other information relating to Freddie Mac Contract 0702156058.

21  **RESPONSE:** Defendant OneWest objects to RFP No. 2 on the basis that it is vague and

22  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.

23  Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.

24  26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*

25  *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still

26  provides for broad discovery, courts should not grant discovery requests based on pure

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 4 OF 10, CASE NO. C10-1952 RSL

**ROUTH
CRABTREE
OLSEN, P.S.**

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

2  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

3  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

4  a fishing expedition to see what may turn up).

5

6  **Interrogatory 3:** Identify what the identification number of IN010C found at the top of Form

7  1036 provided in Response to the First Request to Produce is and describe any relationship that

8  identification number has to Plaintiff's Note.

9  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 3 on the basis that it is vague and

10  ambiguous and on the basis that it is not reasonably calculated to lead to the discovery of

11  admissible evidence.  Moreover, fishing expeditions are not a proper basis to conduct discovery.

12  Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

13  material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

14  "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

15  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

16  the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

17  *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

18  discovery is not to be used as a fishing expedition to see what may turn up). Without waiving the

19  foregoing objections, Defendant OneWest has no knowledge of identification number of IN010C

20  found at the top of Form 1036.

21

22  **Request to Produce 3:** Provide any and all documentation relating to the answer given in

23  Interrogatory #3.

24  **RESPONSE:** Defendant OneWest objects to RFP No. 3 on the basis that it is vague and

25  ambiguous, and on the basis that it is not reasonably calculated to lead to the discovery of

26  admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 5 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant

2   material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that

3   "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

4   requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

5   the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

6   *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

7   discovery is not to be used as a fishing expedition to see what may turn up).

8

9   **Interrogatory 4:** Did the FDIC, as Receiver for Indymac Bank, FSB, repudiate the subject Loan

10  or Note?

11  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not

12  reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

13  the foregoing objections, no.

14

15  **Request to Produce 3:** Provide any and all documentation relating to the answer given in

16  Interrogatory #4.

17  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not

18  reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of

19  the foregoing objections, OneWest is not aware of any documentation satisfying the foregoing

20  request.  Without waiving any of the foregoing objections, OneWest provides that it has no

21  knowledge of any documentation that satisfies the foregoing request.

22

23  **Interrogatory 5:** Describe any and all communication between Defendant OneWest Bank and

24  the FDIC in relation to the subject Note, Loan, litigation or any other topic relating to the

25  Plaintiff or the Plaintiff's property in this litigation.

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 6 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad

2  and unduly burdensome, and it is not reasonably calculated to lead to the discovery of admissible

3  evidence. Without waiving any of the foregoing objections, after diligent search and

4  investigation, OneWest is unaware of any communication between OneWest and the FDIC as

5  described in Interrogatory No. 5.  Moreover, fishing expeditions are not a proper basis to conduct

6  discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of

7  relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting

8  that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery

9  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into

10  the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");

11  *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that

12  discovery is not to be used as a fishing expedition to see what may turn up). Without waiving

13  any of the foregoing objections, Defendant OneWest has no knowledge of any communication

14  responsive to the foregoing request.

15

16  **Interrogatory 6:** Identify the independent field inspector, person or entity OneWest Bank sends

17  or causes to be sent to Plaintiff's real property on a monthly basis.

18  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 6 on the basis that it is not

19  reasonably calculated to lead to the discovery of admissible evidence.  Moreover, fishing

20  expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring

21  good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222

22  F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad

23  discovery, courts should not grant discovery requests based on pure speculation that amount to

24  nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party

25  not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 7 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to

2   see what may turn up).

3

4   **Request to Produce 7:** Provide screenshots of any and all records from Indymac Bank, FSB,

5   Indymac MBS, Indymac Mortgage Services and OneWest Bank, FSB in relation to Plaintiff's

6   Note, Loan or Deed of Trust from the inception of the loan through the present.

7   <u>RESPONSE:</u>

8   Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad and unduly

9   burdensome, vague and ambiguous, and it is not reasonably calculated to lead to the discovery of

10  admissible evidence. Without waiving any of the foregoing objections, after diligent search and

11  investigation, OneWest is unaware of any screenshots and records that satisfy the foregoing

12  request.   Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ.

13  Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens*

14  *v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1)

15  still provides for broad discovery, courts should not grant discovery requests based on pure

16  speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

17  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*

18  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as

19  a fishing expedition to see what may turn up).

20

21

22

23

24

25

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 8 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

## ATTORNEY CERTIFICATION

2  The undersigned, as attorney for Defendant OneWest, certifies to the best of her

3  knowledge, information and belief, formed after a reasonable inquiry that the responses and

4  objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith

5  argument for the extension, modification or reversal of existing law; (2) not interposed for any

6  improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

7  cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs

8  of the case, the discovery already had in the case, the amount in controversy and the importance

9  of the issues at stake in the litigation.

10  DATED this _____ day of August, 2012.

11

12  ROUTH CRABTREE OLSEN, P.S.

13

14  Heidi E. Buck, WSBA No. 41769
15  Of Attorneys for Defendants OneWest
    Bank, Mortgage Electronic Registration
16  Systems, Inc., and Northwest Trustee
    Services, Inc.

17

18

19

20

21

22

23

24

25

26

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 9 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**PARTY CERTIFICATION**

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am an employee of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this _____ day of July, 2012.


**ONEWEST BANK, FSB**


By: _____

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# Exhibit 4

Custodian Number 1000409    1
Custodial Agreement Number O00015  1
Seller/Servicer Number 153845-1 1
Self ___ Affiliated 3rd Party ___
Unaffiliated  X 2

## CUSTODIAL AGREEMENT: SINGLE-FAMILY MORTGAGES  ✱ 153984

THIS CUSTODIAL AGREEMENT, dated as of March 19  , 2009 3 (the "Agreement"), is
by and among Freddie Mac, _Deutsche Bank_   4, as custodian ("Custodian"),
and _OneWest Bank, FSB_   5, as seller and/or servicer ("Seller/Servicer").

### W I T N E S S E T H :

WHEREAS, Freddie Mac and Seller/Servicer are parties to certain Purchase
Documents pursuant to which Seller/Servicer sells and/or agrees to sell Mortgages to
Freddie Mac, or services and/or agrees to service Mortgages for Freddie Mac;

WHEREAS, pursuant to the Purchase Documents, Seller/Servicer will, on or before
each Delivery Date, deliver or cause to be delivered to Custodian (i) the Notes
relating to such Mortgages, endorsed in blank as required by Freddie Mac's *Single-
Family Seller/Servicer Guide* (the "Guide"), (ii) the Assignments relating to such
Mortgages, (iii) certain data, using either Freddie Mac's Selling System or
MIDANET®, and  (iv) for Mortgages delivered through MIDANET®, a completed Form
1034, or for Mortgages delivered through the Selling System, a completed Form 1034
or Cover Sheet for Selling System;

WHEREAS, Custodian shall accept delivery of the Notes and any Assignments on
Freddie Mac's behalf in accordance with the terms and conditions of this Agreement;

WHEREAS, Freddie Mac, Seller/Servicer and Custodian desire to set forth the terms
and conditions for the deposit and custodianship of the original Notes for Mortgages
sold to and serviced for Freddie Mac.

NOW, THEREFORE, in consideration of the premises, the covenants herein set forth,
and other good and valuable consideration, receipt and sufficiency of which are
hereby acknowledged, Freddie Mac, Custodian and Seller/Servicer agree as follows:

Section 1:  Definitions.  Capitalized terms used herein have the meanings ascribed to
them in the Purchase Documents, including (without limitation) the Guide; provided

---

[1] Freddie Mac will complete this blank or, if Custodian has been assigned a Custodian
Number, Custodian must insert this number when it executes this Agreement.

[2] Seller/Servicer, indicate a relationship with Custodian by initialing the appropriate space;
Custodian, confirm the relationship by initialing the appropriate Section 2(b) below.

[3] Freddie Mac will complete this blank.

[4] Insert the complete legal name of Custodian.

[5] Insert the complete legal name of Seller/Servicer and its Freddie Mac Seller/Servicer
number.

Exhibit 8
Page 2 of 14

that the following terms are defined for purposes of the custodial relationship contemplated by this Agreement:

"Assignments" means all intervening assignments and instruments necessary to assign the security instruments to Freddie Mac; if, pursuant to Section 18.1 of the Guide, the Seller/Servicer has elected to hold the Assignments in its Mortgage files, it need not deliver Assignments to the Custodian but must provide Custodian with evidence of that election.

"Form 1034" means a Custodial Certification Schedule in any format (hardcopy or electronic), including without limitation Forms 1034, 1034A, 1034B, 1034E, 1034S, 1034SM, or Form 1034T, which identifies the Notes delivered to Custodian.

"Notes", for purposes of this Agreement, means the original notes and any other instruments evidencing the indebtedness secured by the security instruments, along with the original riders, powers of attorney, and/or other modifying instruments to the original notes (e.g., modification, conversion, assumption of indebtedness or release of liability agreements); references to "Notes" may also include Assignments and any supplemental or additional documents required to be maintained in the Custodian's Note file, as the context requires or permits.

"Form 1036" means a Request for Release of Documents authorizing Seller/Servicer to obtain Notes from Custodian and Custodian to release them to Seller/Servicer.

Section 2.  Custodian Eligibility, Functions and Duties.

(a)  Eligibility requirements and general duties.  Custodian hereby represents and warrants to, and covenants with, Seller/Servicer and Freddie Mac that Custodian will perform the functions and fulfill the duties set forth in Sections 18.6, 18.7, 56.9 and other relevant portions of the Guide. Custodian shall also:

   (1)  in addition to satisfying the requirements of Section 18.6(a)4, make available evidence of compliance with the requirements, terms, standards, and responsibilities referred to in subparagraph (2) immediately below;

   (2)  comply with all of the terms of this Agreement, and with:

- all Guide requirements pertaining to Notes held for Freddie Mac;
- any other requirements that Freddie Mac may specify to ensure the safety, security and/or enforceability of its Notes; and
- such standards for custodial performance and fiduciary duties as Freddie Mac may prescribe in its discretion from time-to-time;

all as amended from time-to-time by Freddie Mac;

   (3)  notify Freddie Mac and Seller/Servicer if, at any time, Custodian fails to meet any applicable eligibility requirement;

   (4)  meet the eligibility requirements of Section 18.2(b):

Exhibit 8
Page 3 of 14

[CUSTODIAN: INITIAL[6] THE APPLICABLE SECTION BELOW AND CROSS-OUT THE SECTIONS THAT DO *NOT* APPLY]

_____ ~~Section 18.2(c), for a Seller/Servicer acting as its own Custodian~~

*One* Section 18.2(d), for a third-party Custodian that is not affiliated with Seller/Servicer

_____ ~~Section 18.2(e), for a third-party Custodian that is affiliated with Seller/Servicer~~

[CUSTODIAN: EITHER INITIAL[6] THE FOLLOWING SECTION OR CROSS IT OUT]

_____ ~~Section 18.2(f), for a Custodian that is also a warehouse lender~~

(5)   not be in receivership, conservatorship or liquidation, nor shall any parent of Custodian be in receivership, conservatorship or liquidation;

(6)   maintain, at its sole cost and expense, insurance coverage under a financial institution bond or equivalent policy that provides, at a minimum, fidelity and lost instrument coverages, errors and omissions insurance coverage for the custody of documents, and other coverages and requirements in the amounts as set forth in Section 18.2(b)8 of the Guide;

(7)   complete the Annual Document Custodian Eligibility Certification Report (the "ADCEC") and submit it to Freddie Mac by March 31st each year, together with any other information that Freddie Mac may request, pursuant to Sections 14 and 16 below; and

(8)   maintain document custodial operations that are independently and separately managed from any functional area within its institution that performs mortgage origination, selling or servicing; maintain separate records, files and operations; and ensure that the duties set forth in this Agreement will be performed only by personnel not engaged in mortgage origination, sales or servicing.

[CUSTODIAN: INITIAL[6] THE PARA. (b) BELOW THAT *DOES* APPLY and CROSS-OUT THE PARA. (b) THAT *DOES NOT* APPLY]

(b)   Additional eligibility requirements for Custodian that is **not affiliated** with Seller/Servicer.  Custodian hereby represents, warrants and covenants with Freddie Mac that it is not affiliated with Seller/Servicer.

_____
initial

OR

(b)   Additional eligibility requirements for Custodian that is a **self**-Custodian or is **affiliated** with Seller/Servicer.  Custodian hereby represents, warrants and covenants with Freddie Mac that ~~its custodial~~ operations are conducted by a trust department ~~that is established and operated under~~ fiduciary powers granted ~~by its state or federal regulator~~.

_____
initial

_____

[6] Officer of Custodian executing this Agreement must initial in ink.

(c)   Verifications. Upon receiving Notes to be held in custody for Freddie Mac, Custodian shall review and examine them and conduct the verification as set forth in Section 18.6(b) of the Guide. In fulfilling that function, Custodian shall:
   (1)  review the terms of the Notes to verify that the information contained therein conforms with the Selling System or Form 1034 data; and
   (2)  determine that each Note is original and has an endorsement as required in Section 16.4 of the Guide.

(d)   Responsibility as a transferee Custodian. Upon a transfer of servicing that results in a transfer of custody, Custodian as transferee must perform the verifications specified in Section 18.7 of the Guide with respect to each Note transferred to it.

      Upon a transfer of servicing, Custodian as transferee must verify that a copy of Freddie Mac Form 960 or Form 981, as applicable, evidencing Freddie Mac's approval of the servicing transfer accompanies the Notes. For each transfer of servicing that results in a transfer of custody, Seller/Servicer as transferee must deliver to Freddie Mac a Custodial Certification Schedule, executed by the transferor seller/servicer and Custodian as transferee.

(e)   Responsibility as a transferor Custodian. Upon a transfer of custody or a transfer of servicing resulting in a transfer of custody, the transferor Custodian shall verify that either Freddie Mac's Document Custodial Operations Department (DCO) or a new custodian has been selected in accordance with Freddie Mac's requirements and must confirm the transferee custodian with Freddie Mac. The transferor Custodian shall cooperate with Seller/Servicer and DCO or the transferee custodian to effect an orderly transfer of the Notes and to prepare a Form 1034 for those Notes, all as provided in the Guide.

      It is the responsibility of the Custodian and Seller/Servicer to work with DCO or the transferee custodian, prior to certification of the Notes by DCO or the transferee custodian, to cure all document deficiencies that are unresolved upon transfer. Custodian shall not be released or discharged from the liabilities, duties and obligations hereunder until after Seller/Servicer and DCO or the transferee custodian to which the Notes have been moved have certified or accounted for all the Notes.

(f)   Duties to Freddie Mac; Relationship of the Parties. Custodian should contact DCO with any questions that might arise in conjunction with the discharge of the duties imposed on Custodian by this Agreement and as set forth in Section 18.6(d) of the Guide, particularly regarding the verification and certification processes.

      By executing this Agreement, Custodian represents and warrants that it has no, and covenants that it shall hold no, adverse interest, by way of security or

Exhibit 8
Page 5 of 14

otherwise, in any Note and hereby waives and releases any such interest which it may have or acquire in any such Note.

The parties each hereby acknowledge that neither title, ownership nor right of alienation with respect to the Notes, nor any books and records relating to the Notes, is hereby transferred to, or conferred upon, Custodian.

(g)   Release of Documents. Custodian shall release Notes only pursuant to Section 18.6(e) of the Guide. Absent manifest error, Custodian may rely on information received from Seller/Servicer in the Form 1036. Seller/Servicer shall hold in trust and for the sole benefit of Freddie Mac all Notes released to it.

(h)   Supplemental deliveries. If Seller/Servicer supplements a delivery with additional documents, such as original modifying instruments, Custodian must place the supplemental documentation with the applicable original Notes.

Section 3. Miscellaneous.

(a)   Audit. Freddie Mac and/or its auditors may perform, with or without any prior notice, on-site reviews or audits of:
   (1) all records and documents held by Custodian that relate to the Notes; and
   (2) Custodian's policies and procedures and its compliance with its own internal controls and with Freddie Mac's requirements.
Custodian shall promptly provide copies of any Notes requested by Freddie Mac or its auditor.

(b)   Custodial Charges. Pursuant to Section 18.1 of the Guide, compensation for Custodian's services, including (without limitation) any action taken at the request or demand of Freddie Mac, is the sole responsibility of Seller/Servicer. Seller/Servicer and Custodian shall enter into a written agreement regarding Custodian's charges and fees for certifying, holding, releasing, copying, and other activities with respect to the Notes; provided, however, that such agreement may not contain terms that relate to the substance of this Agreement, including (without limitation) Freddie Mac's ability to gain access to or remove the Notes without the Seller/Servicer's consent and provided further that, in the event of a conflict between any such agreement and this Agreement, this Agreement shall govern.

Custodian shall (i) take no action that might adversely affect Freddie Mac or its interests, or (ii) not fail to perform in accordance with this Agreement or any Freddie Mac requirement because Custodian has not been compensated by Seller/Servicer. If Freddie Mac should elect, in its sole discretion, to assume or transfer the duties and obligations of Seller/Servicer and terminate the custodial relationship established by this Agreement, Custodian shall continue to perform its obligations hereunder for a reasonable time on the same terms and conditions as set forth herein, provided that Freddie Mac shall not be obligated to pay any compensation or fee for holding or releasing any Notes during such period.

Custodial Agreement: Single-Family Mortgages       Page 5 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

**Exhibit 8**
**Page 6 of 14**

(c)   Indemnifications.
    (1)   In performing its functions and duties under this Agreement, Custodian agrees to act with reasonable care, using that degree of skill and care that it exercises with respect to similar notes and assignments owned and/or serviced by it and with at least such skill and care as is customary in the industry.  Custodian hereby indemnifies Freddie Mac from, and holds Freddie Mac harmless against, any and all liabilities, obligations, losses, damages, payments, costs or expenses of any kind whatsoever (including, without limitation, reasonable fees and expenses of counsel), which may be imposed on, incurred by or asserted against Freddie Mac as the result of any breach of this Agreement or negligence by Custodian in the performance of the functions and duties of Custodian required by the sections of the Guide pertaining to Notes held for Freddie Mac and by this Agreement.
    (2)   Seller/Servicer indemnifies Freddie Mac as set forth in Section 18.4(a) of the Guide.

Section 4.   Seller/Servicer Responsibilities.  Seller/Servicer is responsible for the following and hereby represents and warrants to, and covenants with, Freddie Mac as follows:

(a)   Seller/Servicer shall promptly notify Freddie Mac in writing if Seller/Servicer becomes aware that Custodian has failed to comply with any Freddie Mac operational requirement and/or any of the terms of this Agreement.

(b)   Seller/Servicer shall comply with the transit insurance requirements set forth in Section 18.4(c) of the Guide.  The Guide insurance requirements do not diminish, restrict or otherwise limit Custodian's responsibilities and obligations as stated herein.

(c)   Seller/Servicer shall provide Custodian with copies of such confirmations, agreements, assignments, documents, opinions, instructions and information relating in any way to this Agreement as Custodian may from time to time reasonably request in writing.

(d)   Seller/Servicer shall promptly notify Custodian of the occurrence of any default or event of default by Seller under the Purchase Documents, specifying the nature thereof and the action being taken or proposed to be taken by Seller/Servicer to remedy the same (notwithstanding the foregoing terms of this subsection 4(d), nothing herein shall be construed as creating any right on the part of Seller/Servicer to a cure period in connection with any such default or event of default or as a waiver by Freddie Mac of any right or remedy under the Purchase Documents).

Section 5. Transfers of Servicing.

(a) In the event that Seller/Servicer transfers servicing of some or all of the Mortgages, such transfer shall be subject to approval under, and conducted pursuant to, Section 18.4(d) and other relevant sections of the Guide.

(b) If Seller/Servicer transfers the servicing for some or all of the Mortgages for which Custodian holds the Notes, then Custodian shall cooperate with Seller/Servicer and DCO or the transferee seller/servicer's custodian to transfer custody of the Notes and any Assignments pursuant to the Guide and Section 2(d) above.

(c) No later than 30 days after the effective date of a transfer of servicing, the Notes and any Assignments relating to the affected Mortgages must be moved. If the transferee seller/servicer uses a document custodian, the Notes and Assignments must be moved to the transferee seller/servicer's custodian. If the transferee seller/servicer does not use a document custodian, the Notes must be moved to DCO and the Assignments moved to the transferee seller/servicer.

Section 6. Termination and Transfer of Custody.

(a) Termination by Freddie Mac. At its sole discretion, Freddie Mac may, upon 30 days written notice to Seller/Servicer and Custodian, terminate this Agreement and require Seller/Servicer to transfer all Notes and Assignments to another custodian or to transfer the Notes to DCO and the related Assignments to Seller/Servicer within 30 days of the date of such notice.

Notwithstanding any other right of Freddie Mac to require Seller/Servicer to discontinue the use of a custodian, Freddie Mac may give notice that it will terminate this Agreement and require that all Notes and Assignments to be transferred immediately to another custodian, or the Notes to Freddie Mac and the related Assignments to Seller/Servicer, immediately upon occurrence of any of the following:

(1) disqualification or suspension of Seller/Servicer pursuant to the Guide, or upon a determination by Freddie Mac that Seller/Servicer's performance has been unsatisfactory, or that Seller/Servicer has failed to meet eligibility standards;

(2) failure of Custodian to meet Freddie Mac's document custodian eligibility requirements or any criteria for note custody;

(3) Freddie Mac's determination that Custodian's performance with respect to the Notes has been unsatisfactory;

(4) any other circumstance with respect to Custodian, the Notes or any Assignments that adversely affects the Notes or the interests of Freddie Mac;

(5) Freddie Mac's modification of its requirements for the custody of Notes and Assignments; or

(6) Freddie Mac's notice to Custodian that a default or event of default has occurred under, or in connection with, the Purchase Documents, or Freddie

Mac's determination for any reason that the safety or security of the Notes
is in jeopardy.
In such event, Custodian shall comply with Freddie Mac's instructions.

(b) Termination by Seller/Servicer. Seller/Servicer may terminate this Agreement
upon 30 days prior notice to Custodian and to Freddie Mac. Upon giving such
notice, Seller/Servicer must, in accordance with the Guide, designate a new
custodian for Mortgages serviced for Freddie Mac and require Custodian transfer
the Notes for those Mortgages to the new custodian within 30 days of Freddie
Mac's approval of the transfer, provided that Freddie Mac may require the Notes
be transferred immediately. If Seller/Servicer elects to transfer the Notes to
DCO, then, prior to the termination date of this Agreement, all Notes for
Mortgages serviced for Freddie Mac and held by Custodian must be moved to
DCO, and the Assignments moved to Seller/Servicer.

(c) Termination by the Custodian. Custodian may terminate this Agreement upon
30 days prior written notice to Seller/Servicer and to Freddie Mac. In such event,
Seller/Servicer must transfer the Notes and the Assignments to a new custodian
or transfer the Notes to DCO and obtain any Assignments from Custodian as
provided in Section 18.1 of the Guide. In no event may Custodian refuse or fail
to fulfill its custodial obligations pursuant to this Agreement until the Notes and
Assignments have been properly transferred.

(d) Responsibilities of the transferor Custodian. Upon termination of this Agreement
and transfer of custody of the Notes, Custodian shall cooperate with
Seller/Servicer and DCO or the transferee custodian pursuant to the Guide and
Section 2(d) hereinabove.

Section 7. Representations, Warranties and Covenants re: execution.
(a) Custodian represents and warrants to, and covenants with, Seller/Servicer and
Freddie Mac as follows:
  (1) This Agreement has been authorized and approved by all requisite
  corporate action on the part of Custodian and, when executed and
  delivered by Custodian, Seller/Servicer and Freddie Mac, will constitute a
  legal, valid and binding obligation of Custodian, enforceable against
  Custodian in accordance with its terms.
  (2) Custodian has not executed and will not execute any agreement or
  obligation inconsistent herewith or with any of the transactions
  contemplated hereby.
  (3) Custodian has complied, and at all times shall comply, with all applicable
  laws and regulations in connection with the transactions contemplated
  hereby.

(b) Seller/Servicer represents and warrants to, and covenants with, Freddie Mac
and Custodian as follows:
  (1) This Agreement has been authorized and approved by all requisite
  corporate action on the part of Seller/Servicer and, when executed and

Custodial Agreement: Single-Family Mortgages                     Page 8 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

Exhibit 8
Page 9 of 14

delivered by Custodian, Seller/Servicer and Freddie Mac, this Agreement will constitute the legal, valid and binding obligation of Seller/Servicer, enforceable against Seller/Servicer in accordance with its terms.

(2)   Seller/Servicer has not executed and shall not execute any agreement or obligation inconsistent with this Agreement or with the transactions contemplated hereby.

(3)   Seller/Servicer has complied, and at all times shall comply, with all applicable laws and regulations in connection with the transactions contemplated hereby.

Section 8.   Amendments.   Freddie Mac may at any time, in its sole discretion, upon notice to Custodian and Seller/Servicer, modify or supplement any provision or requirement set forth in this Agreement, including but not limited to Freddie Mac's Document Custodian eligibility requirements, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, and/or Freddie Mac forms referenced herein.

If the Guide's defined terms or requirements pertaining to Document Custodian eligibility, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, Freddie Mac forms referenced herein or any requirements relating to the Notes are amended, then this Agreement is deemed to have been simultaneously amended to the extent necessary to conform this Agreement with such amended Guide provisions.   If any Freddie Mac forms are revised or superseded subsequent to the date of this Agreement, references to such forms in this Agreement shall be deemed to refer to such forms as revised or, if superseded, to such other forms as Freddie Mac may require.

No amendment or waiver of any provision of this Agreement shall be effective unless in writing signed by an authorized representative of Freddie Mac, and then such waiver or consent shall be effective only in that instance and for the reason specified therein.

Section 9.   Notices.   All demands, notices, instructions and other communications hereunder shall be in writing (unless specifically authorized to be delivered using another means) and shall be personally delivered or mailed, addressed as set forth below.

| | |
|---|---|
| If to Freddie Mac: | Freddie Mac Counterparty Credit Risk Management<br>1551 Park Run Drive, MS  D3A<br>McLean, VA  22102<br>(571) 382-3936; facsimile (866) 743-0087 |
| with a copy to: | Freddie Mac Document Custodial Operations<br>21550 Beaumeade Circle, MS 570<br>Ashburn, VA  20147<br>(703) 724-3000 |

If to Custodian (*indicate if your vault location is different from your mailing address and identify a contact person for eligibility matters as well as operations*)[7]:

Christopher P Corcoran
Deutsche Bank
1761 East St Andrew Place
Santa Ana, CA  92705-4934

tel. # (714) 247   6045

If to Seller/Servicer[7]:

Aaron Wade
OneWest Bank,  FSB
888 E. Walnut  Street
Pasadena, CA  91101

tel. # ( 626) 535  8852

or to such other address and person as Freddie Mac, Custodian or Seller/Servicer may hereafter designate in writing as required herein.

Section 10.  Binding Effect.  This Agreement shall become effective as of the date above first written upon execution by Freddie Mac, Seller/Servicer and Custodian, and shall be binding upon and inure to the benefit of the parties and their respective successors and assigns and shall continue in full force and effect so long as Custodian shall hold, as custodian hereunder, any of the Notes, or until the Agreement is terminated.  If Freddie Mac executes this Agreement, Freddie Mac shall provide Seller/Servicer and Custodian with copies of the fully executed Agreement. Freddie Mac shall retain the original Agreement.

Section 11.  Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the United States.  If there is no applicable precedent and to do so would not frustrate the purposes of this Agreement or the transactions governed hereby, the laws of the Commonwealth of Virginia shall be deemed to reflect the laws of the United States.  Notwithstanding the immediately preceding sentence, the legal effectiveness, validity and enforceability of electronic contracts and signatures and other Electronic Records used in connection with any transaction engaged in by the parties to this Agreement shall be governed by the federal Electronic Signatures in Global and National Commerce Act.

Unless otherwise expressly agreed in writing among Seller/Servicer, Custodian and Freddie Mac, neither this Agreement nor any portion of any electronic transaction will be governed by the Uniform Computer Information Transactions Act as enacted in any jurisdiction.

---

[7] Insert the name, title, mailing address, e-mail address, telephone number and fax number of the person to whom notices should be sent.

Custodial Agreement: Single-Family Mortgages                Page 10 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

**Exhibit 8**
**Page 11 of 14**

Section 12. Construction of Agreement. This Agreement shall not be construed against Freddie Mac as the drafter hereof.

Section 13. Headings. The section headings herein are for convenience only and shall not affect the construction of this Agreement.

Section 14. Acknowledgment and Consent to Electronic Transactions. Seller/Servicer and Custodian consent and agree to engage in electronic transactions with Freddie Mac and each other in connection with their respective duties and obligations under this Agreement, as follows:

(1)   Seller/Servicer acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide; and

(2)   Custodian acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide as if each reference to the term "Seller/Servicer" referred to "Custodian," except where replacing the term "Seller/Servicer" with the word "Custodian" is logically inconsistent with the duties and obligations of Custodian set forth herein.

Custodian further agrees to adopt as its Electronic Signature for such electronic transactions its Freddie Mac custodian number and/or such other confidential passwords, user identification codes, other symbols or procedures as required by Freddie Mac. Custodian and Seller/Servicer acknowledge and agree that electronic transactions not expressly required or permitted by Freddie Mac are prohibited.

Section 15. Certifying Mortgages in the Selling System. Seller/Servicer, Custodian and Freddie Mac agree that for Mortgages sold using the Selling System, Custodian will certify such Mortgages using the following online certification options: single loan certification, batch certification and importation of Mortgage loan data certified in the Custodian's system into the Selling System. The option used must comply with the instructions in the Selling System, the applicable provisions of Chapter 18 of the Guide, the Document Custody Procedure Handbook and the section in the Selling System User Guide entitled "Certifying Mortgages for Freddie Mac," located on the Web at www.freddiemac.com/learn/pdfs/deliver/sscertmort.pdf, all of which are hereby incorporated herein by reference and made a part hereof.

Section 16. Delivery of the ADCEC. Seller and Freddie Mac agree that Custodian may deliver the ADCEC, executed by a duly authorized officer of Custodian, to Freddie Mac as an electronic record attached to an email or as a facsimile transmission; provided that, if the ADCEC is delivered to Freddie Mac:

(a)   as an electronic record attached to an email, the ADCEC must be submitted as a Portable Document Format ("PDF") file attached to the email; and

(b)   as a facsimile transmission, the facsimile of ADCEC must include a cover sheet identifying the name and telephone number of the person sending the facsimile and stating its total number of pages.

Each email or facsimile transmission of the ADCEC must be sent to the Freddie Mac email address or telephone number specified in the form, and copies or representations of signatures or electronic signatures attached to or associated with the ADCEC will be governed by and must comply with the applicable provisions of Section 1.3 of the Guide.

Section 17.  Financing Statements.  Seller/Servicer and Custodian each hereby (i) authorizes Freddie Mac to file Uniform Commercial Code (UCC) financing statements (together with any related amendments and continuation statements) deemed necessary or desirable by Freddie Mac to perfect or otherwise evidence Freddie Mac's ownership interest in the Notes (including, without limitation, Freddie Mac's exclusive ownership interest in any and all servicing rights related to the Mortgages) purchased by Freddie Mac from Seller/Servicer and held by Custodian on behalf of Freddie Mac, and (ii) agrees to execute, deliver and/or file such UCC financing statements and other documents and perform such acts as may be reasonably necessary to fully perfect or otherwise evidence Freddie Mac's ownership interest in the Notes.  Seller/Servicer shall pay the costs for any financing statements filed pursuant to this section and Freddie Mac's costs in preparing such financing statements and/or searching UCC records to confirm that no other party claims an interest in the Notes.

Section 18.  Confidentiality and Notice of Waivers.  Freddie Mac hereby identifies, and Seller/Servicer and Custodian jointly and severally agree to treat, all modifications or waivers granted by Freddie Mac regarding the duties and obligations or Seller/Servicer and/or Custodian under this Agreement, the Guide and/or the Purchase Documents as "confidential information" under Section 2.16 of the Guide, and Custodian agrees to be bound by the confidentiality provisions of Section 2.16.

Under certain circumstances and on occasion, Freddie Mac may modify the Seller/Servicer's Purchase Documents in a manner that would affect Custodian's duties and obligations under this Agreement.  The parties hereto agree that Seller/Servicer shall promptly give Custodian a written copy of any such modification, and Custodian shall periodically request updated information on such modifications from Seller/Servicer.  Seller/Servicer will not be deemed by Freddie Mac to have violated the confidentiality imposed by Section 2.16 of the Guide by providing copies of such updated information or modifications. Freddie Mac has no duty or obligation to notify Custodian under this Agreement or under the Guide, although it may provide such notice.

[this space intentionally left blank]

Exhibit 8
Page 13 of 14

IN WITNESS WHEREOF, the parties hereto have each caused this Agreement to be executed in its name and on its behalf by a duly authorized officer (or other duly authorized representative, in the case of Freddie Mac), and delivered as of the date first stated above.

Deutsche Bank National Trust Co [8] (Custodian)

ATTEST: _____ By: _____
Signature                    Signature

Tom Yoshida                  Christopher Corcoran
_____                  _____
Name                         Name

AVP                          Vice President
_____                  _____
Title                        Title:


OneWest Bank, FSB [8] (Seller/Servicer)

ATTEST: _____ By: _____
Signature                    Signature

JACK HILL                    Aaron Wade
_____                  _____
Name                         Name

ASSISTANT                    Senior Vice President
CORPORATE SECRETARY
_____                  _____
Title                        Title


FEDERAL HOME LOAN MORTGAGE CORPORATION:

ATTEST: Amy Odiorne   By: Pam Williams
Amy Odiorne               Pam Williams
Risk Analyst              Director, Counterparty Credit Risk Management


_____

[8] Insert complete legal names and titles; signatures must be attested by a duly authorized officer.

Custodial Agreement: Single-Family Mortgages
Freddie Mac Form 1035 (rev. 2/08.2)                          Page 13 of 13

Exhibit 8
Page 14 of 14