UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>　　　　　Defendants. | No. 2:10-cv-01952-RSL<br><br>DECLARATION OF CHRISTOPHER P. CORCORAN |

　　　　I, Christopher P. Corcoran, declare as follows:

　　　　1.　　I am a Vice President of Deutsche Bank National Trust Company ("DBNTC"). I am familiar with records maintained by DBNTC in the ordinary course of its business. My review of such records provides the basis for my personal knowledge of the facts stated therein. The statements herein are true and correct to the best of my knowledge, and if called as a witness, I could and would testify competently and truthfully thereto.

　　　　2.　　DBNTC serves as custodian of records ("Custodian") pursuant to a Custodial Agreement ("Custodial Agreement") dated as of May 12, 2009, by and among Federal Home

DECLARATION OF CHRISTOPHER P. CORCORAN, 2:10-cv-01952-RSL, page 1

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

Loan Mortgage Corporation, DBNTC and OneWest Bank, FSB ("OneWest"). Attached as Exhibit A is a true and correct copy of the Custodial Agreement.

3. Pursuant to the Custodial Agreement, DBNTC as Custodian received into custody and maintained custody of certain documents, as described below.

4. On or about January 16, 2007, the Custodian received the original note ("Note") endorsed in blank for borrower James B. McDonald for the property located at 14840 119th Place NE, Kirkland, WA 98034 ("Subject Loan").

5. On or about March 27, 2007, the Custodian received the original recorded deed of trust ("DOT") for the Subject Loan.

6. On or about April 9, 2007, the Custodian received the original title policy ("Title Policy") for the Subject Loan.

7. Upon receipt by the Custodian of the Note, DOT, and Title Policy, they were placed in a loan file ("Loan File") and the Loan File was placed in a secure file room for safe keeping.

8. The Custodian maintained the Loan File in its possession until on or about October 6, 2010, when the Loan File was shipped by request to the loan servicer, OneWest.

9. The Custodian uses a confidential and proprietary computer tracking system to track notes, mortgages, and title policies including those for the Subject Loan.

10. Attached as Exhibit B is a true and correct copy of the Complete Loan File Information sheet from Custodian's computer tracking system regarding the Subject Loan.

The foregoing statements are made under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 13, 2012 in Santa Ana, California.

_____
Christopher P. Corcoran

Custodian Number 1000409 [1]
Custodial Agreement Number 000015 [1]
Seller/Servicer Number 153845 ✱[1]
Self ___ Affiliated 3rd Party ___
Unaffiliated  X [2]

CUSTODIAL AGREEMENT: SINGLE-FAMILY MORTGAGES ✱ 153984

THIS CUSTODIAL AGREEMENT, dated as of ~~March 19~~ May 12th A≠0, 20_09_[3] (the "Agreement"), is by and among Freddie Mac, __DeutscheBank__[4], as custodian ("Custodian"), and __OneWest Bank, FSB__[5], as seller and/or servicer ("Seller/Servicer").

W I T N E S S E T H:

WHEREAS, Freddie Mac and Seller/Servicer are parties to certain Purchase Documents pursuant to which Seller/Servicer sells and/or agrees to sell Mortgages to Freddie Mac, or services and/or agrees to service Mortgages for Freddie Mac;

WHEREAS, pursuant to the Purchase Documents, Seller/Servicer will, on or before each Delivery Date, deliver or cause to be delivered to Custodian (i) the Notes relating to such Mortgages, endorsed in blank as required by Freddie Mac's *Single-Family Seller/Servicer Guide* (the "Guide"), (ii) the Assignments relating to such Mortgages, (iii) certain data, using either Freddie Mac's Selling System or MIDANET®, and (iv) for Mortgages delivered through MIDANET®, a completed Form 1034, or for Mortgages delivered through the Selling System, a completed Form 1034 or Cover Sheet for Selling System;

WHEREAS, Custodian shall accept delivery of the Notes and any Assignments on Freddie Mac's behalf in accordance with the terms and conditions of this Agreement;

WHEREAS, Freddie Mac, Seller/Servicer and Custodian desire to set forth the terms and conditions for the deposit and custodianship of the original Notes for Mortgages sold to and serviced for Freddie Mac.

NOW, THEREFORE, in consideration of the premises, the covenants herein set forth, and other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, Freddie Mac, Custodian and Seller/Servicer agree as follows:

Section 1: Definitions. Capitalized terms used herein have the meanings ascribed to them in the Purchase Documents, including (without limitation) the Guide; provided

---

[1] Freddie Mac will complete this blank or, if Custodian has been assigned a Custodian Number, Custodian must insert this number when it executes this Agreement.

[2] Seller/Servicer, indicate a relationship with Custodian by initialing the appropriate space; Custodian, confirm the relationship by initialing the appropriate Section 2(b) below.

[3] Freddie Mac will complete this blank.

[4] Insert the complete legal name of Custodian.

[5] Insert the complete legal name of Seller/Servicer and its Freddie Mac Seller/Servicer number.

that the following terms are defined for purposes of the custodial relationship contemplated by this Agreement:

"Assignments" means all intervening assignments and instruments necessary to assign the security instruments to Freddie Mac; if, pursuant to Section 18.1 of the Guide, the Seller/Servicer has elected to hold the Assignments in its Mortgage files, it need not deliver Assignments to the Custodian but must provide Custodian with evidence of that election.

"Form 1034" means a Custodial Certification Schedule in any format (hardcopy or electronic), including without limitation Forms 1034, 1034A, 1034B, 1034E, 1034S, 1034SM, or Form 1034T, which identifies the Notes delivered to Custodian.

"Notes", for purposes of this Agreement, means the original notes and any other instruments evidencing the indebtedness secured by the security instruments, along with the original riders, powers of attorney, and/or other modifying instruments to the original notes (e.g., modification, conversion, assumption of indebtedness or release of liability agreements); references to "Notes" may also include Assignments and any supplemental or additional documents required to be maintained in the Custodian's Note file, as the context requires or permits.

"Form 1036" means a Request for Release of Documents authorizing Seller/Servicer to obtain Notes from Custodian and Custodian to release them to Seller/Servicer.

Section 2. Custodian Eligibility, Functions and Duties.
(a) Eligibility requirements and general duties. Custodian hereby represents and warrants to, and covenants with, Seller/Servicer and Freddie Mac that Custodian will perform the functions and fulfill the duties set forth in Sections 18.6, 18.7, 56.9 and other relevant portions of the Guide. Custodian shall also:
   (1) in addition to satisfying the requirements of Section 18.6(a)4, make available evidence of compliance with the requirements, terms, standards, and responsibilities referred to in subparagraph (2) immediately below;
   (2) comply with all of the terms of this Agreement, and with:
- all Guide requirements pertaining to Notes held for Freddie Mac;
- any other requirements that Freddie Mac may specify to ensure the safety, security and/or enforceability of its Notes; and
- such standards for custodial performance and fiduciary duties as Freddie Mac may prescribe in its discretion from time-to-time;

all as amended from time-to-time by Freddie Mac;
   (3) notify Freddie Mac and Seller/Servicer if, at any time, Custodian fails to meet any applicable eligibility requirement;
   (4) meet the eligibility requirements of Section 18.2(b):

[CUSTODIAN: INITIAL⁶ THE APPLICABLE SECTION BELOW AND CROSS-OUT THE SECTIONS THAT DO *NOT* APPLY]

~~\_\_\_\_\_ Section 18.2(c), for a Seller/Servicer acting as its own Custodian~~

*OrL* Section 18.2(d), for a third-party Custodian that is not affiliated with Seller/Servicer

~~\_\_\_\_\_ Section 18.2(e), for a third-party Custodian that is affiliated with Seller/Servicer~~



[CUSTODIAN: EITHER INITIAL⁶ THE FOLLOWING SECTION OR CROSS IT OUT]

\_\_\_\_\_ Section 18.2(f), for a Custodian that is also a warehouse lender

(5) not be in receivership, conservatorship or liquidation, nor shall any parent of Custodian be in receivership, conservatorship or liquidation;

(6) maintain, at its sole cost and expense, insurance coverage under a financial institution bond or equivalent policy that provides, at a minimum, fidelity and lost instrument coverages, errors and omissions insurance coverage for the custody of documents, and other coverages and requirements in the amounts as set forth in Section 18.2(b)8 of the Guide;

(7) complete the Annual Document Custodian Eligibility Certification Report (the "ADCEC") and submit it to Freddie Mac by March 31st each year, together with any other information that Freddie Mac may request, pursuant to Sections 14 and 16 below; and

(8) maintain document custodial operations that are independently and separately managed from any functional area within its institution that performs mortgage origination, selling or servicing; maintain separate records, files and operations; and ensure that the duties set forth in this Agreement will be performed only by personnel not engaged in mortgage origination, sales or servicing.

[CUSTODIAN: INITIAL⁶ THE PARA. (b) BELOW THAT *DOES* APPLY and CROSS-OUT THE PARA. (b) THAT *DOES NOT* APPLY]

(b) Additional eligibility requirements for Custodian that is **not affiliated** with Seller/Servicer. Custodian hereby represents, warrants and covenants with Freddie Mac that it is not affiliated with Seller/Servicer.

_____
initial

OR

(b) ~~Additional eligibility requirements for Custodian that is **self**-Custodian or is **affiliated** with Seller/Servicer. Custodian hereby represents, warrants and covenants with Freddie Mac that its custodial operations are conducted by a trust department that is established and operated under fiduciary powers granted by its state or federal regulator.~~

_____
initial

---

⁶ Officer of Custodian executing this Agreement must initial in ink.

Custodial Agreement: Single-Family Mortgages                  Page 3 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

(c) <u>Verifications</u>. Upon receiving Notes to be held in custody for Freddie Mac, Custodian shall review and examine them and conduct the verification as set forth in Section 18.6(b) of the Guide. In fulfilling that function, Custodian shall:
  (1) review the terms of the Notes to verify that the information contained therein conforms with the Selling System or Form 1034 data; and
  (2) determine that each Note is original and has an endorsement as required in Section 16.4 of the Guide.

(d) <u>Responsibility as a transferee Custodian</u>. Upon a transfer of servicing that results in a transfer of custody, Custodian as transferee must perform the verifications specified in Section 18.7 of the Guide with respect to each Note transferred to it.

Upon a transfer of servicing, Custodian as transferee must verify that a copy of Freddie Mac Form 960 or Form 981, as applicable, evidencing Freddie Mac's approval of the servicing transfer accompanies the Notes. For each transfer of servicing that results in a transfer of custody, Seller/Servicer as transferee must deliver to Freddie Mac a Custodial Certification Schedule, executed by the transferor seller/servicer and Custodian as transferee.

(e) <u>Responsibility as a transferor Custodian</u>. Upon a transfer of custody or a transfer of servicing resulting in a transfer of custody, the transferor Custodian shall verify that either Freddie Mac's Document Custodial Operations Department (DCO) or a new custodian has been selected in accordance with Freddie Mac's requirements and must confirm the transferee custodian with Freddie Mac. The transferor Custodian shall cooperate with Seller/Servicer and DCO or the transferee custodian to effect an orderly transfer of the Notes and to prepare a Form 1034 for those Notes, all as provided in the Guide.

It is the responsibility of the Custodian and Seller/Servicer to work with DCO or the transferee custodian, prior to certification of the Notes by DCO or the transferee custodian, to cure all document deficiencies that are unresolved upon transfer. Custodian shall not be released or discharged from the liabilities, duties and obligations hereunder until after Seller/Servicer and DCO or the transferee custodian to which the Notes have been moved have certified or accounted for all the Notes.

(f) <u>Duties to Freddie Mac; Relationship of the Parties</u>. Custodian should contact DCO with any questions that might arise in conjunction with the discharge of the duties imposed on Custodian by this Agreement and as set forth in Section 18.6(d) of the Guide, particularly regarding the verification and certification processes.

By executing this Agreement, Custodian represents and warrants that it has no, and covenants that it shall hold no, adverse interest, by way of security or

otherwise, in any Note and hereby waives and releases any such interest which it may have or acquire in any such Note.

The parties each hereby acknowledge that neither title, ownership nor right of alienation with respect to the Notes, nor any books and records relating to the Notes, is hereby transferred to, or conferred upon, Custodian.

(g) <u>Release of Documents</u>. Custodian shall release Notes only pursuant to Section 18.6(e) of the Guide. Absent manifest error, Custodian may rely on information received from Seller/Servicer in the Form 1036. Seller/Servicer shall hold in trust and for the sole benefit of Freddie Mac all Notes released to it.

(h) <u>Supplemental deliveries</u>. If Seller/Servicer supplements a delivery with additional documents, such as original modifying instruments, Custodian must place the supplemental documentation with the applicable original Notes.

Section 3. <u>Miscellaneous</u>.

(a) <u>Audit</u>. Freddie Mac and/or its auditors may perform, with or without any prior notice, on-site reviews or audits of:
  (1) all records and documents held by Custodian that relate to the Notes; and
  (2) Custodian's policies and procedures and its compliance with its own internal controls and with Freddie Mac's requirements.
Custodian shall promptly provide copies of any Notes requested by Freddie Mac or its auditor.

(b) <u>Custodial Charges</u>. Pursuant to Section 18.1 of the Guide, compensation for Custodian's services, including (without limitation) any action taken at the request or demand of Freddie Mac, is the sole responsibility of Seller/Servicer. Seller/Servicer and Custodian shall enter into a written agreement regarding Custodian's charges and fees for certifying, holding, releasing, copying, and other activities with respect to the Notes; provided, however, that such agreement may not contain terms that relate to the substance of this Agreement, including (without limitation) Freddie Mac's ability to gain access to or remove the Notes without the Seller/Servicer's consent and provided further that, in the event of a conflict between any such agreement and this Agreement, this Agreement shall govern.

Custodian shall (i) take no action that might adversely affect Freddie Mac or its interests, or (ii) not fail to perform in accordance with this Agreement or any Freddie Mac requirement because Custodian has not been compensated by Seller/Servicer. If Freddie Mac should elect, in its sole discretion, to assume or transfer the duties and obligations of Seller/Servicer and terminate the custodial relationship established by this Agreement, Custodian shall continue to perform its obligations hereunder for a reasonable time on the same terms and conditions as set forth herein, provided that Freddie Mac shall not be obligated to pay any compensation or fee for holding or releasing any Notes during such period.

(c) Indemnifications.
   (1) In performing its functions and duties under this Agreement, Custodian agrees to act with reasonable care, using that degree of skill and care that it exercises with respect to similar notes and assignments owned and/or serviced by it and with at least such skill and care as is customary in the industry. Custodian hereby indemnifies Freddie Mac from, and holds Freddie Mac harmless against, any and all liabilities, obligations, losses, damages, payments, costs or expenses of any kind whatsoever (including, without limitation, reasonable fees and expenses of counsel), which may be imposed on, incurred by or asserted against Freddie Mac as the result of any breach of this Agreement or negligence by Custodian in the performance of the functions and duties of Custodian required by the sections of the Guide pertaining to Notes held for Freddie Mac and by this Agreement.
   (2) Seller/Servicer indemnifies Freddie Mac as set forth in Section 18.4(a) of the Guide.

Section 4. Seller/Servicer Responsibilities. Seller/Servicer is responsible for the following and hereby represents and warrants to, and covenants with, Freddie Mac as follows:

(a) Seller/Servicer shall promptly notify Freddie Mac in writing if Seller/Servicer becomes aware that Custodian has failed to comply with any Freddie Mac operational requirement and/or any of the terms of this Agreement.

(b) Seller/Servicer shall comply with the transit insurance requirements set forth in Section 18.4(c) of the Guide. The Guide insurance requirements do not diminish, restrict or otherwise limit Custodian's responsibilities and obligations as stated herein.

(c) Seller/Servicer shall provide Custodian with copies of such confirmations, agreements, assignments, documents, opinions, instructions and information relating in any way to this Agreement as Custodian may from time to time reasonably request in writing.

(d) Seller/Servicer shall promptly notify Custodian of the occurrence of any default or event of default by Seller under the Purchase Documents, specifying the nature thereof and the action being taken or proposed to be taken by Seller/Servicer to remedy the same (notwithstanding the foregoing terms of this subsection 4(d), nothing herein shall be construed as creating any right on the part of Seller/Servicer to a cure period in connection with any such default or event of default or as a waiver by Freddie Mac of any right or remedy under the Purchase Documents).

Section 5. Transfers of Servicing.
(a) In the event that Seller/Servicer transfers servicing of some or all of the Mortgages, such transfer shall be subject to approval under, and conducted pursuant to, Section 18.4(d) and other relevant sections of the Guide.

(b) If Seller/Servicer transfers the servicing for some or all of the Mortgages for which Custodian holds the Notes, then Custodian shall cooperate with Seller/Servicer and DCO or the transferee seller/servicer's custodian to transfer custody of the Notes and any Assignments pursuant to the Guide and Section 2(d) above.

(c) No later than 30 days after the effective date of a transfer of servicing, the Notes and any Assignments relating to the affected Mortgages must be moved. If the transferee seller/servicer uses a document custodian, the Notes and Assignments must be moved to the transferee seller/servicer's custodian. If the transferee seller/servicer does not use a document custodian, the Notes must be moved to DCO and the Assignments moved to the transferee seller/servicer.

Section 6. Termination and Transfer of Custody.
(a) Termination by Freddie Mac. At its sole discretion, Freddie Mac may, upon 30 days written notice to Seller/Servicer and Custodian, terminate this Agreement and require Seller/Servicer to transfer all Notes and Assignments to another custodian or to transfer the Notes to DCO and the related Assignments to Seller/Servicer within 30 days of the date of such notice.

Notwithstanding any other right of Freddie Mac to require Seller/Servicer to discontinue the use of a custodian, Freddie Mac may give notice that it will terminate this Agreement and require that all Notes and Assignments to be transferred immediately to another custodian, or the Notes to Freddie Mac and the related Assignments to Seller/Servicer, immediately upon occurrence of any of the following:
(1) disqualification or suspension of Seller/Servicer pursuant to the Guide, or upon a determination by Freddie Mac that Seller/Servicer's performance has been unsatisfactory, or that Seller/Servicer has failed to meet eligibility standards;
(2) failure of Custodian to meet Freddie Mac's document custodian eligibility requirements or any criteria for note custody;
(3) Freddie Mac's determination that Custodian's performance with respect to the Notes has been unsatisfactory;
(4) any other circumstance with respect to Custodian, the Notes or any Assignments that adversely affects the Notes or the interests of Freddie Mac;
(5) Freddie Mac's modification of its requirements for the custody of Notes and Assignments; or
(6) Freddie Mac's notice to Custodian that a default or event of default has occurred under, or in connection with, the Purchase Documents, or Freddie

> Mac's determination for any reason that the safety or security of the Notes is in jeopardy.

In such event, Custodian shall comply with Freddie Mac's instructions.

(b) <u>Termination by Seller/Servicer</u>. Seller/Servicer may terminate this Agreement upon 30 days prior notice to Custodian and to Freddie Mac. Upon giving such notice, Seller/Servicer must, in accordance with the Guide, designate a new custodian for Mortgages serviced for Freddie Mac and require Custodian transfer the Notes for those Mortgages to the new custodian within 30 days of Freddie Mac's approval of the transfer, provided that Freddie Mac may require the Notes be transferred immediately. If Seller/Servicer elects to transfer the Notes to DCO, then, prior to the termination date of this Agreement, all Notes for Mortgages serviced for Freddie Mac and held by Custodian must be moved to DCO, and the Assignments moved to Seller/Servicer.

(c) <u>Termination by the Custodian</u>. Custodian may terminate this Agreement upon 30 days prior written notice to Seller/Servicer and to Freddie Mac. In such event, Seller/Servicer must transfer the Notes and the Assignments to a new custodian or transfer the Notes to DCO and obtain any Assignments from Custodian as provided in Section 18.1 of the Guide. In no event may Custodian refuse or fail to fulfill its custodial obligations pursuant to this Agreement until the Notes and Assignments have been properly transferred.

(d) <u>Responsibilities of the transferor Custodian</u>. Upon termination of this Agreement and transfer of custody of the Notes, Custodian shall cooperate with Seller/Servicer and DCO or the transferee custodian pursuant to the Guide and Section 2(d) hereinabove.

<u>Section 7. Representations, Warranties and Covenants re: execution</u>.
(a) Custodian represents and warrants to, and covenants with, Seller/Servicer and Freddie Mac as follows:
   (1) This Agreement has been authorized and approved by all requisite corporate action on the part of Custodian and, when executed and delivered by Custodian, Seller/Servicer and Freddie Mac, will constitute a legal, valid and binding obligation of Custodian, enforceable against Custodian in accordance with its terms.
   (2) Custodian has not executed and will not execute any agreement or obligation inconsistent herewith or with any of the transactions contemplated hereby.
   (3) Custodian has complied, and at all times shall comply, with all applicable laws and regulations in connection with the transactions contemplated hereby.

(b) Seller/Servicer represents and warrants to, and covenants with, Freddie Mac and Custodian as follows:
   (1) This Agreement has been authorized and approved by all requisite corporate action on the part of Seller/Servicer and, when executed and

        delivered by Custodian, Seller/Servicer and Freddie Mac, this Agreement will constitute the legal, valid and binding obligation of Seller/Servicer, enforceable against Seller/Servicer in accordance with its terms.

(2)   Seller/Servicer has not executed and shall not execute any agreement or obligation inconsistent with this Agreement or with the transactions contemplated hereby.

(3)   Seller/Servicer has complied, and at all times shall comply, with all applicable laws and regulations in connection with the transactions contemplated hereby.

Section 8. <u>Amendments</u>. Freddie Mac may at any time, in its sole discretion, upon notice to Custodian and Seller/Servicer, modify or supplement any provision or requirement set forth in this Agreement, including but not limited to Freddie Mac's Document Custodian eligibility requirements, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, and/or Freddie Mac forms referenced herein.

If the Guide's defined terms or requirements pertaining to Document Custodian eligibility, Custodian or Seller/Servicer obligations, custodial duties, delivery requirements, Freddie Mac forms referenced herein or any requirements relating to the Notes are amended, then this Agreement is deemed to have been simultaneously amended to the extent necessary to conform this Agreement with such amended Guide provisions. If any Freddie Mac forms are revised or superseded subsequent to the date of this Agreement, references to such forms in this Agreement shall be deemed to refer to such forms as revised or, if superseded, to such other forms as Freddie Mac may require.

No amendment or waiver of any provision of this Agreement shall be effective unless in writing signed by an authorized representative of Freddie Mac, and then such waiver or consent shall be effective only in that instance and for the reason specified therein.

Section 9. <u>Notices</u>. All demands, notices, instructions and other communications hereunder shall be in writing (unless specifically authorized to be delivered using another means) and shall be personally delivered or mailed, addressed as set forth below.

| | |
|---|---|
| If to Freddie Mac: | Freddie Mac Counterparty Credit Risk Management<br>1551 Park Run Drive, MS D3A<br>McLean, VA 22102<br>(571) 382-3936; facsimile (866) 743-0087 |
| with a copy to: | Freddie Mac Document Custodial Operations<br>21550 Beaumeade Circle, MS 570<br>Ashburn, VA 20147<br>(703) 724-3000 |

If to Custodian (*indicate if your vault location is different from your mailing address and identify a contact person for eligibility matters as well as operations*)[7]:

    Christopher P Corcoran
    Deutsche Bank
    1761 East St Andrew Place
    Santa Ana, CA 92705-4934

    tel. # (714) 247 6045

If to Seller/Servicer[7]:

    Aaron Wade
    OneWest Bank, FSB
    888 E. Walnut Street
    Pasadena, CA 91101

    tel. # (626) 535 8852

or to such other address and person as Freddie Mac, Custodian or Seller/Servicer may hereafter designate in writing as required herein.

Section 10. Binding Effect. This Agreement shall become effective as of the date above first written upon execution by Freddie Mac, Seller/Servicer and Custodian, and shall be binding upon and inure to the benefit of the parties and their respective successors and assigns and shall continue in full force and effect so long as Custodian shall hold, as custodian hereunder, any of the Notes, or until the Agreement is terminated. If Freddie Mac executes this Agreement, Freddie Mac shall provide Seller/Servicer and Custodian with copies of the fully executed Agreement. Freddie Mac shall retain the original Agreement.

Section 11. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the United States. If there is no applicable precedent and to do so would not frustrate the purposes of this Agreement or the transactions governed hereby, the laws of the Commonwealth of Virginia shall be deemed to reflect the laws of the United States. Notwithstanding the immediately preceding sentence, the legal effectiveness, validity and enforceability of electronic contracts and signatures and other Electronic Records used in connection with any transaction engaged in by the parties to this Agreement shall be governed by the federal Electronic Signatures in Global and National Commerce Act.

Unless otherwise expressly agreed in writing among Seller/Servicer, Custodian and Freddie Mac, neither this Agreement nor any portion of any electronic transaction will be governed by the Uniform Computer Information Transactions Act as enacted in any jurisdiction.

---

[7] Insert the name, title, mailing address, e-mail address, telephone number and fax number of the person to whom notices should be sent.

Custodial Agreement: Single-Family Mortgages          Page 10 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

Section 12. Construction of Agreement. This Agreement shall not be construed against Freddie Mac as the drafter hereof.

Section 13. Headings. The section headings herein are for convenience only and shall not affect the construction of this Agreement.

Section 14. Acknowledgment and Consent to Electronic Transactions.
Seller/Servicer and Custodian consent and agree to engage in electronic transactions with Freddie Mac and each other in connection with their respective duties and obligations under this Agreement, as follows:
(1) Seller/Servicer acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide; and
(2) Custodian acknowledges and agrees that it is bound by the provisions of Sections 1.3 and A1.7 of the Guide as if each reference to the term "Seller/Servicer" referred to "Custodian," except where replacing the term "Seller/Servicer" with the word "Custodian" is logically inconsistent with the duties and obligations of Custodian set forth herein.
Custodian further agrees to adopt as its Electronic Signature for such electronic transactions its Freddie Mac custodian number and/or such other confidential passwords, user identification codes, other symbols or procedures as required by Freddie Mac. Custodian and Seller/Servicer acknowledge and agree that electronic transactions not expressly required or permitted by Freddie Mac are prohibited.

Section 15. Certifying Mortgages in the Selling System. Seller/Servicer, Custodian and Freddie Mac agree that for Mortgages sold using the Selling System, Custodian will certify such Mortgages using the following online certification options: single loan certification, batch certification and importation of Mortgage loan data certified in the Custodian's system into the Selling System. The option used must comply with the instructions in the Selling System, the applicable provisions of Chapter 18 of the Guide, the Document Custody Procedure Handbook and the section in the Selling System User Guide entitled "Certifying Mortgages for Freddie Mac," located on the Web at www.freddiemac.com/learn/pdfs/deliver/sscertmort.pdf, all of which are hereby incorporated herein by reference and made a part hereof.

Section 16. Delivery of the ADCEC. Seller and Freddie Mac agree that Custodian may deliver the ADCEC, executed by a duly authorized officer of Custodian, to Freddie Mac as an electronic record attached to an email or as a facsimile transmission; provided that, if the ADCEC is delivered to Freddie Mac:

(a) as an electronic record attached to an email, the ADCEC must be submitted as a Portable Document Format ("PDF") file attached to the email; and

(b) as a facsimile transmission, the facsimile of ADCEC must include a cover sheet identifying the name and telephone number of the person sending the facsimile and stating its total number of pages.

Each email or facsimile transmission of the ADCEC must be sent to the Freddie Mac email address or telephone number specified in the form, and copies or representations of signatures or electronic signatures attached to or associated with the ADCEC will be governed by and must comply with the applicable provisions of Section 1.3 of the Guide.

Section 17. <u>Financing Statements</u>. Seller/Servicer and Custodian each hereby (i) authorizes Freddie Mac to file Uniform Commercial Code (UCC) financing statements (together with any related amendments and continuation statements) deemed necessary or desirable by Freddie Mac to perfect or otherwise evidence Freddie Mac's ownership interest in the Notes (including, without limitation, Freddie Mac's <u>exclusive</u> ownership interest in any and all servicing rights related to the Mortgages) purchased by Freddie Mac from Seller/Servicer and held by Custodian on behalf of Freddie Mac, and (ii) agrees to execute, deliver and/or file such UCC financing statements and other documents and perform such acts as may be reasonably necessary to fully perfect or otherwise evidence Freddie Mac's ownership interest in the Notes. Seller/Servicer shall pay the costs for any financing statements filed pursuant to this section and Freddie Mac's costs in preparing such financing statements and/or searching UCC records to confirm that no other party claims an interest in the Notes.

Section 18. <u>Confidentiality and Notice of Waivers</u>.  Freddie Mac hereby identifies, and Seller/Servicer and Custodian jointly and severally agree to treat, all modifications or waivers granted by Freddie Mac regarding the duties and obligations or Seller/Servicer and/or Custodian under this Agreement, the Guide and/or the Purchase Documents as "confidential information" under Section 2.16 of the Guide, and Custodian agrees to be bound by the confidentiality provisions of Section 2.16.

Under certain circumstances and on occasion, Freddie Mac may modify the Seller/Servicer's Purchase Documents in a manner that would affect Custodian's duties and obligations under this Agreement. The parties hereto agree that Seller/Servicer shall promptly give Custodian a written copy of any such modification, and Custodian shall periodically request updated information on such modifications from Seller/Servicer. Seller/Servicer will not be deemed by Freddie Mac to have violated the confidentiality imposed by Section 2.16 of the Guide by providing copies of such updated information or modifications. Freddie Mac has no duty or obligation to notify Custodian under this Agreement or under the Guide, although it may provide such notice.

[this space intentionally left blank]

IN WITNESS WHEREOF, the parties hereto have each caused this Agreement to be executed in its name and on its behalf by a duly authorized officer (or other duly authorized representative, in the case of Freddie Mac), and delivered as of the date first stated above.

__Deutsche Bank National Trust Co__ [8] (Custodian)

ATTEST: _/s/_     By: _/s/_
Signature              Signature

Tom Yoshida             Christopher Corcoran
Name                      Name

AVP                         Vice President
Title                          Title:

__OneWest Bank, FSB__ [8] (Seller/Servicer)

ATTEST: _/s/_     By: _/s/_
Signature              Signature

JACK HILL             Aaron Wade
Name                      Name

ASSISTANT CORPORATE SECRETARY     Senior vice President
Title                          Title

FEDERAL HOME LOAN MORTGAGE CORPORATION:

ATTEST: _Amy Odiorne_ By: _Pam Williams_
Amy Odiorne            Pam Williams
Risk Analyst            Director, Counterparty Credit Risk Management

---

[8] Insert complete legal names and titles; signatures must be attested by a duly authorized officer.

Custodial Agreement: Single-Family Mortgages         Page 13 of 13
Freddie Mac Form 1035 (rev. 2/08.2)

## Complete Loan File Information

Loan Number: 00000000000125049243          Issue: IN010C      Subpool: IN070227
Secondary Loan Number: 00000000000332479455

Borrower: JAMES B MCDONALD
Address: 14840 119TH PL NE                  MIN: 100055401250492438
KIRKLAND WA 98034                            MOM IND:

## Loan File Withdrawal Information

Loan Number: 00000000000125049243          Item: FILE         Issue: IN010C
Current Withdrawal Information:            Sent To:
Reason:          FORECLOSURE               ONEWEST BANK
Withdrawn on:    10/6/2010  by tedtnan     888 E WALNUT ST, 4TH FL
Air Bill Number: 1ZR4A6911350860453         MS: HQ-04-06
Transmittal:     1255752                    PASADENA CA 91101
Transmitted on:  10/6/2010                  Attention:    MARIA SYKES
Comment:                                    Authorized by: SANDRA SCHNEIDER

## Alternate Numbers

| Alternate Loan Number | Delivery Company | Loan Delivery Date |
|---|---|---|
| 00000000000332479455 | | 1/11/2007 00:00:00 |
| 00000000001009111244 | | 1/11/2007 00:00:00 |

## Classification Attribute Changes

| Classification Attribute | Previous Value | Changed By | Changed On |
|---|---|---|---|
| loan_type | | bionreg | 1/11/2007 08:43:44 |
| loan_state | | bionreg | 1/11/2007 08:43:44 |
| group_code | | bionreg | 1/11/2007 08:43:44 |
| product_type | | bionreg | 1/11/2007 08:43:44 |
| loan_delivery_date | Jan 11 2007 8:42:3( | bionreg | 1/11/2007 08:44:05 |
| loan_type | | bionreg | 1/11/2007 08:46:16 |
| loan_state | WET | bionreg | 1/11/2007 08:46:16 |
| group_code | ELGBL | bionreg | 1/11/2007 08:46:16 |
| product_type | RES | bionreg | 1/11/2007 08:46:16 |
| issue_id | IMIM0C | bionreg | 1/11/2007 08:48:17 |
| issue_id | IMMS0C | nguymar | 1/11/2007 10:02:50 |
| issue_id | IMML0C | nguymar | 1/16/2007 10:48:17 |
| loan_type | | bionreg | 1/16/2007 11:28:15 |
| loan_state | WET | bionreg | 1/16/2007 11:28:15 |
| group_code | ELGBL | bionreg | 1/16/2007 11:28:15 |
| product_type | RES | bionreg | 1/16/2007 11:28:15 |
| issue_id | IMIM0C | nguymar | 1/16/2007 11:55:20 |
| loan_type | | gimaraf | 1/17/2007 08:40:56 |
| loan_state | DRY | gimaraf | 1/17/2007 08:40:56 |
| group_code | ELGBL | gimaraf | 1/17/2007 08:40:56 |
| product_type | RES | gimaraf | 1/17/2007 08:40:56 |
| issue_id | IN06GW | nguymar | 1/17/2007 11:02:17 |
| issue_id | IMIM0C | gimaraf | 1/17/2007 12:30:16 |
| loan_type | NLF | gimaraf | 1/18/2007 12:57:21 |
| loan_state | DRY | gimaraf | 1/18/2007 12:57:21 |
| group_code | ELGBL | gimaraf | 1/18/2007 12:57:21 |
| product_type | RES | gimaraf | 1/18/2007 12:57:21 |
| loan_type | | nguymar | 2/22/2007 09:36:58 |
| loan_state | DRY | nguymar | 2/22/2007 09:36:58 |
| group_code | ELGBL | nguymar | 2/22/2007 09:36:58 |
| product_type | RES | nguymar | 2/22/2007 09:36:58 |
| issue_id | IN051C | gimaraf | 2/27/2007 13:41:49 |
| issue_id | IN051C | gimaraf | 2/27/2007 13:43:46 |
| loan_type | s09 | YOSHTOM | 6/6/2007 07:30:17 |
| loan_state | DRY | YOSHTOM | 6/6/2007 07:30:17 |
| group_code | ELGBL | YOSHTOM | 6/6/2007 07:30:17 |
| product_type | RES | YOSHTOM | 6/6/2007 07:30:17 |
| issue_id | IN010C | nguymar | 9/24/2007 12:17:50 |
| loan_type | | YOSHTOM | 3/31/2009 08:26:19 |

CONFIDENTIAL                                                                    DBNTC 00001

## Complete Loan File Information

### Classification Attribute Changes

| Classification Attribute | Previous Value | Changed By | Changed On |
|---|---|---|---|
| loan_state | DRY | YOSHTOM | 3/31/2009 08:26:19 |
| group_code | ELGBL | YOSHTOM | 3/31/2009 08:26:19 |
| product_type | RES | YOSHTOM | 3/31/2009 08:26:19 |

### Loan File Inventory History

| Change Type | Attribute Item | Attribute Status | Changed By | Changed On | Current Attribute Status |
|---|---|---|---|---|---|
| C | MORTG | CU | orozmar | 3/27/2007 08:38:27 | O |
| C | TITLE | PTR | monther | 4/9/2007 11:46:50 | O |

### Loan File Transactions

| Transaction Issue | Attribute Item | Transaction | Transaction Date | Billable Amount | Created By | Billed |
|---|---|---|---|---|---|---|
| IMMLOC | FILE | INITIAL LOAN REVIEW | 1/16/2007 07:17:30 | | madrdor | |
| IN010C | MORTG | TRAILING DOCS FILE | 3/27/2007 08:38:27 | | orozmar | |
| IN010C | TITLE | TRAILING DOCS FILE | 4/9/2007 11:46:50 | | monther | |
| IN010C | FILE | WITHDRAWAL OF FILE FOR SERVICING | 10/6/2010 12:11:17 | $0.00 | tedtnan | |

### Loan File Request History - eRequest Version 2

| Request ID | Request Type | Item | Requested by/on | Item Status | Trans ID | Tracking Num | Completed by/on | Reject Reason |
|---|---|---|---|---|---|---|---|---|
| 131549247 | Withdrawal | FILE | GARCIAC 10/05/2010 1:22:41 PM | Completed | 1255752 | 1ZR4A6911350860453 | tedtnan 10/06/2010 | |