UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES MCDONALD,                         )     No. C10-1952RSL
                                        )
                    Plaintiff,          )
        v.                              )     ORDER FOR EVIDENTIARY
                                        )     HEARING
ONEWEST BANK, FSB, *et al.*,            )
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on "Defendant OneWest Bank, FSB's Partial Motion for Summary Judgment" (Dkt. # 154), "Defendants OneWest, MERS, and Northwest Trustee Services, Inc.'s Motion for Summary Judgment and to Dissolve Injunction" (Dkt. # 172), and "Plaintiff' Motion for Summary Judgment" (Dkt. # 176). The Court finds that oral argument and further explication of the record will aid in the proper and just resolution of these motions.

Defendants' request for oral argument is GRANTED. The Court will contact counsel to schedule a half day hearing. Defense counsel shall be prepared to present witnesses, including Charles Boyle and any other knowledgeable person(s), to address the following issues:

(1) The nature, scope, maintenance, and extent of the files, databases, and other business records reviewed by Charles Boyle in connection with making the various declarations submitted in this matter. To the extent any such files, databases, and other business records have

ORDER FOR EVIDENTIARY HEARING

not been produced to plaintiff in this litigation, defendants shall be prepared to justify the non-disclosure or to provide a copy to plaintiff at the hearing.

(2) To the extent OneWest's assertion that it physically possessed the original promissory note prior to the issuance of the notice of default is based on an assertion that Deutsche Bank was its agent during the relevant time period, the specific documents, statements, and/or business practices that establish the existence of an agency relationship under Washington law.

(3) The apparent contradiction between the lack of a notice of dispute form from Experian in OneWest's files (Decl. of Charles Boyle (Dkt. # 156) at ¶ 21) and Experian's communication to plaintiff indicating that OneWest had corrected certain information upon receipt of Experian's notice of dispute (Decl. of James McDonald (Dkt. # 163), Ex. 7).

(4) Explain OneWest's failure to provide substantive responses to plaintiff's inquiries and requests for production regarding certain relevant topics, including:

   (a) IndyMac's transfer of its interests as the original lender in plaintiff's promissory note and deed of trust; and

   (b) electronic records regarding plaintiff's loan, promissory note, and/or deed of trust. Decl. of James McDonald (Dkt. # 163), Ex. 13 at 3-4 and 8.

(5) The circumstances under which OneWest obtained plaintiff's credit report in conjunction with defendant's FCRA motion.

Dated this 6th day of December, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge