The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| JAMES MCDONALD,<br>　　　　　　　　　　　　　　Plaintiff,<br>v.<br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,<br>　　　　　　　　　　　　　　Defendants. | No. C10-1952-RSL<br><br>PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO SUPPLEMENT<br><br>Noting Date: December 14, 2012 |

　　　　Plaintiff objects to Defendants' Motion to Supplement their motion for summary judgment on the grounds that 1) the supplemental is time-barred, 2) the Declaration of Christopher P. Corcoran is insufficient to support Defendants' prayer for summary judgment because it lacks reliability and trustworthiness; and 3) the Declaration is refuted by Defendants' own documents.

　　　　Before Plaintiff filed his lawsuit, he relied on the Notice of Default transmitted to him by Defendant NWTS who was acting on behalf of Defendant OneWest, which declares, "**The beneficiary of the deed of trust is OneWest Bank … The loan servicer for this loan is OneWest Bank**", and "**The creditor to whom the debt is owed is OneWest Bank, FSB/OneWest Bank FSB.**" (Exhibit A, Notice of Default). After the lawsuit was filed and Plaintiff began discovery, the Defendants concocted a new chain of transfer of the McDonald mortgage loan contending that **Indymac Bank, the original lender whose name appears on the Note and Deed of Trust sold Plaintiff's Note to "Federal Home Loan Mortgage Company, but retained the servicing rights and serviced the loan on behalf of Freddie Mac. Freddie Mac has remained the investor and owner of the Note**.". As proof of their alleged chain of transfer of the Note, the Defendants now seek to put into the record yet

PLAINTIFF'S OBJECTION TO
MOTION TO SUPPLEMENT

1

**HA THU DAO, ESQ.**
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com

another self-serving Declaration and attached Exhibits to "decisively reconfirm that DBNTC possessed the Note as custodian on behalf of OneWest as of May 12, 2009, such that OneWest was the holder of the Note at least by that date."( Dkt. 204).

The proposed proof actually cuts against their position. First of all, Christopher P. Corcoran's identification as an individual and as "Vice President" of Deutsche Bank is not verified in the Declaration. Mr. Corcoran declares that he has made the statements under penalty of perjury under "the laws of the United States of America" and not under the State of Washington. The copy of the "Custodial Agreement: Single-Family Mortgages" as attached, is not verified as a true and correct copy of the original. The document has the typed-in date of March 19, 2009, crossed out, and the hand-written date of May 12, superimposed. But in addition to the lacking of proper formalities required for the document to be considered for purposes of summary judgment, Mr. Corcoran's statements are not supported by the Custodial Agreement attached to the Declaration; his Declaration is simply used by the Defendants to do what is permissible purpose and that is to place in the record yet another time-barred, unreliable, untrustworthy document to advance the foreclosure of Plaintiff's homestead.

The Agreement was purportedly made by and among Freddie Mac, Deutsche Bank as the Custodian, and OneWest Bank as the Seller/Servicer. Although Freddie Mac's role in the Agreement is not spelled out, the Agreement shows that Freddie Mac is the buyer/purchaser of mortgage loans from OneWest. The Agreement also refers to separate Document(s) "pursuant to which Seller/Servicer sells and/or agrees to sell Mortgages to Freddie Mac or services and/or agrees to services Mortgages for Freddie Mac; WHEREAS, pursuant to the Purchase Documents, Seller/Servicer will, on or before each Delivery Date, deliver or cause to be delivered to Custodian (i) the Notes relating to such mortgages, endorsed in blank as required by Freddie Mac's Single-Family Seller/Servicer Guide (the 'Guide'), (ii) the Assignments relating to such Mortgages, (iii) certain data, using either Freddie Mac's Selling System or MIDANET®, and (iv) for Mortgages delivered through MIDANET®, a completed Form 1034, or for Mortgages delivered through the Selling System, a completed Form 1034 or Cover Sheet for Selling System". The Agreement, therefore, pertains to OneWest's selling and delivering of mortgage documents to the Custodian, which presupposes that OneWest has possession of these documents, particularly, the Notes endorsed in blank. The language throughout the Agreement indicates that OneWest is the entity with possession with the

PLAINTIFF'S OBJECTION TO
MOTION TO SUPPLEMENT

2

HA THU DAO, ESQ.
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com

responsibility of paying the Custodian for "certifying, holding, releasing, copying and other activities with respect to the Notes". Under the facts of this case where OneWest alleged that the servicing of the McDonald loan had been transferred from IndyMac, the Agreement specifies under (c): "No later than 30 days after the effective date of a transfer of servicing, the Notes and any Assignments relating to the affected Mortgages must be moved. If the transferee seller/servicer uses a document custodian, the Notes and Assignments must be moved to the transferee seller/servicer's custodian. **If the transferee seller/servicer does not use a document custodian, the Notes must be moved to DCO[1] and the Assignments moved to the transferee seller/servicer.**" *Id.*

      Clearly, the proposed Agreement does not support the path of travel of the promissory Note as urged by Defendants. It does not establish Freddie Mac's entitlement to payments made by the Plaintiff under the Note or Deed of Trust. It does not address when the servicing of the McDonald loan transferred to OneWest. It does not establish that Deutsche Bank was the document custodian for OneWest prior to May 19, 2009; however, if the Defendants contend that the servicing rights of the subject loan were transferred simultaneous with the sale of Indymac Federal to OneWest on March 19, 2009, then the Agreement does not apply because it was entered into months after this date.

      Via *subpoena duces tecum*, Plaintiff was able to obtain directly from Deutsche's counsel a letter during discovery concerning the alleged transfer of the Note. Shawn T. Hynes, counsel for Deutsche, wrote: "Please note that **DBNTC does not have any information pertaining to Form 1034 or 1036 authorizing documents to be released to OneWest, nor do we have a list of identification numbers associated with the note**." (Exhibit B, Letter by Shawn T. Hynes). The attachment to Mr. Hynes' letter, Loan File Inventory, is the same document that Defendants are proposing to supplement. Under Loan File Inventory History heading, the Mortgage has a transaction date of 3/27/2007 and the Title has a transaction of 4/9/2007 listed, but not the Note. Under Loan File Transactions heading, the FILE, MORTG, TILE, were listed with dates and times, but not the Note. Under Loan File Request History, the

---

[1] Freddie Mac's Document Custodial Operations Department (DCO).

PLAINTIFF'S OBJECTION TO
MOTION TO SUPPLEMENT

3

HA THU DAO, ESQ.
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com

transaction described is "Withdrawal FILE" as completed by/on 10/05/2010 at 1:22:41 PM" without any reference to the Note. Mr. Corcoran's claim that the Note was received by Deutsche as the Custodian on 1/16/2007, is contradicted by Mr. Hynes' letter. Mr. Corcoran's claim that the Note was received by Deutsche on 1/16/2007 is unsupported by the very document he attached to his Declaration; nowhere in the Complete Loan File Information is the Note mentioned.

The Defendants have known of Plaintiff's contention since May of 2011—that there is no proof that the Note was ever transferred by the original lender, Indymac Bank to Freddie Mac or OneWest—when Plaintiff responded to their First Motion for Summary Judgment. More than 553 days have passed since and discovery has long been closed. More than 41 days have passed since Defendants noted their Motions for Summary Judgment for consideration. Defendants offered no explanation whatsoever for the delay but arrogantly stated that they are just doing everyone a favor by "quelling" Plaintiff's unfounded speculations (Dkt. 204)

## LEGAL AUTHORITY & ARGUMENTS

Defendants are proposing the Corcoran Declaration in bad faith because they have known about the issue for so long, have allowed discovery to pass, have put in additional lawyers, have not articulated any basis for the Court's consideration of their belated submission, and the proposed submission is lacking both in form and in substance. An untimely disclosure of evidence will prevent the evidence from being admitted. Fed. R. Civ. P. 37(b)(2)(B) authorizes a district court to sanction a party's failure to comply with a discovery order by "prohibiting that party from introducing designated matters into evidence." The trial court's decision to do so "will not be disturbed on appeal absent a clear abuse of discretion." *In re TMI Litig., 1*93 F.3d 613, 721 (3d Cir. 1999) (internal citations omitted); *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978) (upholding exclusion of witnesses not disclosed in compliance with discovery and pretrial orders due to the broad discretion the trial courts have to manage judicial proceedings). In addition, Fed. R. Civ. P. 56 (h) provides: "If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." The

PLAINTIFF'S OBJECTION TO
MOTION TO SUPPLEMENT

4

HA THU DAO, ESQ.
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com

proposed Declaration constitutes bad faith on the part of the defendants and if allowed, will cause enormous prejudice to the Plaintiff as it supposedly came from a non-party out-of-state witness that would be extremely costly for Plaintiff to depose and question at this late stage.

As the Court recalls, Routh Crabtree Olsen sought to be substituted as counsel on the eve of trial (Dkt.189). Following the Court's denial (Dkt. 194), there was a flurry of activities where the firm Larkins Vacura successfully injected itself into the case via association of counsel, request for admission *pro hac vice*, and commenced representation (Dkt. 195, 199, 200). On November 9, 2012, defense counsel, Joseph Mueller, sent an email to plaintiff counsel in which he wrote: "**I just want to let you know our clients have recently come across two documents which we think are arguably responsive to your discovery requests**." Mr. Mueller attached a heavily redacted copy of one document, and a proposed stipulation for protective order of the other, as condition to produce them, six months after the discovery period had closed (Exhibit C, Composite of emails to and from Joseph Mueller). The timing of appearance by associated counsel and the surfacing of these documents purportedly aiding the defendants' position in summary judgment is too obvious to be a coincidence. Particularly, upon Plaintiff's resistance to the admission of these two documents, Mr. Mueller indicated that he simply wanted to have his clients be in compliance with the discovery order. That being said, Mr. Mueller did not produce the documents he referred to in their original form to be in compliance with the discovery order, regardless of their admissibility.

In addition to the fact that Freddie Mac's guidelines do not replace the laws governing the transfers of notes and deeds of trust, and the fact that there is not a shred of evidence that Freddie Mac is entitled to the payments being made by the Plaintiff at any time during the period of time in question, OneWest's conduct as recalcitrant litigant who has no qualms about presenting unreliable and untrustworthy documents in foreclosure is well-documented in other courts. *OneWest v. Drayton*, 29 Misc.3d 1021, 1026 (2010) ;*In Re Arizmendi*, 2011 Bankr. LEXIS 2138 (S.D. Cal., May 26, 2011); *In Re Doble*, 2011 Bankr. 1449 (S.D. Cal. 2011); *Indymac Fed. Bank v. Meisels*, Supreme Court, Kings County, NY 2012 Slip Op. 51902N (U), Oct. 4, 2012; *Deutsche Bank v. Harris*, Kings County, NY, (http://online.wsj.com/public/resources/documents/judge-schack-harris-07262008.pdf) . The antidote for OneWest's conduct and their lawyers' tactics is the most severe and absolute

PLAINTIFF'S OBJECTION TO MOTION TO SUPPLEMENT

5

HA THU DAO, ESQ.
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com

sanctions the Court can impose. This Court has recognized the problem inherent in the nonjudicial foreclosure process and that is the Defendants have free rein to use documents signed by those with important sounding titles who have no personal knowledge of the contents of the documents they sign and swear to and has ordered the Defendants to produce all live witnesses for purpose of summary judgment (<u>Dkt. 206, Order for Evidentiary Hearing</u>). Therefore, the Court must stamp out the residual of Defendants' deceptive conduct by imposing sufficiently severe punishment to ensure that such conduct will not repeat either in this litigation or in other matters before the Court.

      WHEREFORE Plaintiff respectfully moves the Court for an Order:

1. Deny the Defendants' Motion to Supplement Record;
2. Striking Christopher P. Corcoran' Declaration from the record;
3. Imposing sanctions against the Defendants and their counsel under FRCP 11 for filing a frivolous motion;
4. Awarding Plaintiff attorney's fees and costs for having to oppose the motion to supplement; and all other relief deemed appropriate by the Court.

RESPECTFULLY SUBMITTED this 10th day of December, 2012.

        /s/ Ha Thu Dao

        Ha Thu Dao, WSBA 21793
        787 Maynard Ave. S., Seattle, WA 98104
        (727) 269-9334/Fax 727-264-2447
        hadaojd@gmail.com
        Attorney for Plaintiff

### CERTIFICATION OF SERVICE

      I hereby certify on December 10, 2012, the foregoing document is being served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF,  upon the following parties:

Joe Mueller, Esq., Heidi Buck Morrison, Esq.
Attorney for Defendants
JMueller@larkinsvacura.com
hbuckmorrison@rcolegal.com

        /s/ Ha Thu Dao

PLAINTIFF'S OBJECTION TO MOTION TO SUPPLEMENT    6    **HA THU DAO, ESQ.**
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
hadaojd@gmail.com
youremylawyer@gmail.com