1

2

3

4

5

6

The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

7

8

9

10

11

12

| | |
|---|---|
| **James McDonald**<br>                                          **Plaintiff**<br><br>                        **v.**<br><br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>                                          **Defendants.** | No. **C10-1952-RSL**<br><br>Plaintiff's Motion for Ex Parte Order to<br>Compel Defendants to Identify Witnesses<br>and Documentary Evidence and to Present<br>Certain Witnesses<br><br>**NOTING DATE 1/22/2013**<br>**SAME DAY MOTION** |

13

14

15

16

17

**REQUEST FOR SAME DAY EX PARTE RULING**

Plaintiff requests the Court to hear this Motion and render decision on the same day that it

is noted pursuant to LRC 7(d) as an *ex parte* motion due to the impending evidentiary hearing

scheduled for January 31, 2013.

18

19

20

21

22

23

24

**MOTION**

The instant Motion is made based the Court's Order for Evidentiary Hearing issued on

December 6, 2012, whereupon the Defendants were ordered to be prepared to "present

witnesses, including Charles Boyle and any other knowledgeable person(s) …" to address

various matters at the evidentiary hearing which is scheduled for January 31, 2013.

To date, the Defendants have yet to identify the witnesses or the documentary records they

will present at the evidentiary hearing. Plaintiff therefore requests that Defendants so identify

PLAINTIFF'S MOTION FOR
EX PARTE ORDER

1

**H A  T H U  D A O ,  E S Q .**

787 Maynard Ave. S, Seattle, WA 98104
Tel. 727-269-9334, Fax727-264-2447
E-mail: hadaojd@gmail.com

1   their witnesses and produce any material they will rely upon immediately. This is to allow

2   Plaintiff the opportunity to test the authenticity of the materials introduced and the credibility

3   of witnesses presented at the evidentiary hearing.

4         By way of background, the Defendants are seeking to introduce additional evidence

5   long after the discovery cutoff has expired, including a declaration submitted by Chris

6   Corcoran. Therefore, the Court ordered an evidentiary to be held on January 31, 2013, so that

7   the Defendants can explain, inter alia, the reasons for their failure to disclose as well as to

8   establish the factual basis of Charles Boyle's declaration submitted in support of the

9   Defendants' motion(s) for summary for summary judgment.

10        The following witnesses must be presented by the Defendants because they have

11  asserted personal knowledge, made declarations under penalty of perjury, or prepared and

12  submitted documents for recording in the public records or to be considered by this Court in its

13  determination of the dispute between the parties, including the questions and issues set forth in

14  the Court Order of December 6, 2013:

15  **Vonnie McElligott** as employee of NWTS who possesses personal knowledge of the

16  contents of the Notice of Trustee's Sale that she prepared and caused to be recorded in the

17  public records. Ms. McElligott also has personal knowledge of the contents and the manner of

18  how Notice of Default, Appointment of Successor Trustee and other foreclosure documents

19  prepared and originated by NWTS, where OneWest was identified as the owner or holder of

20  the Note. Ms. McElligott also possesses personal knowledge relating to NWTS' response to

21  Plaintiff's dispute of reports made to the credit reporting agencies.

22

23

24

PLAINTIFF'S MOTION FOR
EX PARTE ORDER

2

1    **Heide Buck-Morrison** is an employee of Routh Crabtree Olsen. Ms. Buck-Morrison has

2    personal knowledge and can testify to the factual basis supporting her representations to the

3    Court in the following:

4    • In Defendant's Opposition to Plaintiff's Motion for TRO, Ms. Buck-Morrison

5       represented to the Court: "OneWest does not dispute that Freddie Mac is the

6       investor."

7    • In Defendants' First Motion for Summary Judgment, Ms. Buck-Morrison echoed

8       Mr. Charles Boyle's Declaration and stated affirmatively that "Indymac Bank,

9       FSB, sold Plaintiff's Note to Federal Home Loan Mortgage Company … Freddie

10      Mac has remained the investor and owner of the Note" and, "OneWest does not

11      dispute that Freddie Mac is the investor/owner of the Loan." (Doc. 49, page 2, ¶2;

12      page 8, ¶3).

13   • In the Defendants' Reply of the Defendants' First Motion for Summary Judgment,

14      Ms. Buck-Morrison stated that "Defendants do not rely on the pooling and

15      servicing agreement" reinforcing the Defendants' position that the Note was sold

16      directly to Freddie Mac, not via a securitized trust, and thus no reliance on a

17      pooling and servicing agreement (Doc. 57, page 3). Ms. Buck-Morrison wrote

18      again in the Defendants' Opposition to First Amended Complaint that"Freddie Mac

19      was and has remained the investor and owner of the loan." (Doc. 75)

20   • In the Defendants' Response to Plaintiff's Motion for Summary Judgment, Ms.

21      Buck-Morrison asserted that "Indymac Bank, FSB, sold Plaintiff's Note to Federal

22      Home Loan Mortgage Company … Freddie Mac has remained the investor and

23      owner of the Note." (Doc. 124, page 2, line 11).

24

PLAINTIFF'S MOTION FOR
EX PARTE ORDER

3

- In the Defendants' Second Motion for Summary Judgment, Ms. Buck-Morrison wrote: "Thereafter, Indymac Bank, FSB sold Plaintiff's Note to Federal Home Loan Mortgage Company … Freddie Mac has remained the investor and owner of the Note." (Doc.123, page 2, line 9). On the Reply, Ms. Buck-Morrison repeated that the loan is "owned" by Freddie Mac, after "the sale of the Note to Freddie Mac" (Doc.133, page 12, line 4).

Ms. Heidi Buck-Morrison, as well as other attorneys representing the Defendants, asserted repeatedly that OneWest has been in physical possession of the Note. Therefore, the Defendants and their counsel must produce the original Note at the evidentiary hearing as well as all records, written or otherwise, evidencing the manner and location where the original Note has been maintained from the date it was executed until the present.

**Erica-Johnson Seck** signed the Beneficiary Declaration dated January 27, 2010 as Vice President for OneWest, stating under penalty of perjury that "OneWest Bank, FSB is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation." Ms. Johnson-Seck is the witness who has personal knowledge of OneWest's status as holder of the Note during this relevant time period.

In addition to the presentation of the foregoing named witnesses, Defendants must also present the original Note they claimed has been in their possession together with written proof of where and how the Note has been maintained from the time of execution to the present.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully prays the Court to issue an ex parte Order Compelling the Defendants to Disclose Witnesses they will present and all documentary

PLAINTIFF'S MOTION FOR
EX PARTE ORDER

4

H A  T H U  D A O ,  E S Q .

787 Maynard Ave. S, Seattle, WA 98104
Tel. 727-269-9334, Fax727-264-2447
E-mail: hadaojd@gmail.com

1    evidenced to be relied upon at the evidentiary hearing to Plaintiff no later than January 25,

2    2013.

3        DATED: January 22, 2013.

4                                                            /s/ Ha Thu Dao

5                                                   Ha Thu Dao, WSBA 21793
                                                    Attorney for Plaintiff
6                                                   787 Maynard Ave South, Seattle, WA 98104
                                                    Phone: 727-269-9334/Fax: 727-264-2447
7
                              **CERTIFICATION OF SERVICE**
8
        I hereby certify on January 22, 2013., the foregoing document is being served via **X**
9    First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile____Electronic Mail **X**
     ECF,  upon the following parties:
10
     Heidi Buck Morrison and Charles Katz, Attorneys for Defendants
11   Routh Crabtree Olsen
     13555 SE 36th Street, Ste 300, Bellevue WA 98006
12   425-213-5534/Fax 425-458-2131
     hbuckmorrison@rcolegal.com
13   ckatz@rcolegal.com

14   Julie R. Vacura, Esq., Attorneys for Defendants
     Larkins Vacura
15   621 SW Morrison Street, Ste 1450
     Portland, OR 97205
16   jvacura@larkinsvacura.com

17
                                                            /s/ Ha Thu Dao
18
                                                    _____
19                                                  Ha Thu Dao

20

21

22

23

24

PLAINTIFF'S MOTION FOR                       5
EX PARTE ORDER

**HA THU DAO, ESQ.**
787 Maynard Ave. S, Seattle, WA 98104
Tel. 727-269-9334, Fax727-264-2447
E-mail: hadaojd@gmail.com