THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

9      UNITED STATES DISTRICT COURT

10     WESTERN DISTRICT OF WASHINGTON

11  JAMES MCDONALD,

12             Plaintiff,                          No.  2:10-cv-01952-RSL

13        v.

14  ONEWEST BANK, FSB, NORTHWEST            PRE-EVIDENTIARY HEARING
15  TRUSTEE SERVICES, INC., MORTGAGE        MEMORANDUM OF DEFENDANTS
    ELECTRONIC REGISTRATION SYSTEMS,        ONEWEST BANK, FSB, AND
16  INC., INDYMAC BANK FSB, DOES 1-50,      MORTGAGE ELECTRONIC
                                            REGISTRATION SYSTEMS, INC.
17             Defendants.

18                          **INTRODUCTION**

19        Defendants OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration

20  Systems, Inc. ("MERS") file this memorandum to address the law and facts related to some of

21  the issues raised by the Court in its Order For Evidentiary Hearing of December 6, 2012,

22  Docket #206 ("Order").  This memorandum will address:  1) Washington agency and other

23  pertinent law related to OneWest's assertion that it possessed the relevant promissory note (the

24  "Note") prior to issuance of a notice of default to plaintiff; 2) OneWest's responses to

25  discovery requests of plaintiff; and 3) the circumstances under which OneWest obtained

26  plaintiff's credit report and the applicable statutory and case law.

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 1

1                                    **DISCUSSION**

2   **The Attorney-Client Privilege**

3           In order to fully address the issues raised in the Court's Order, OneWest may need to

4   provide a limited waiver of the attorney-client privilege, and may need to disclose at least some

5   sensitive proprietary and confidential information.  In that event, defendants will be requesting

6   at the hearing a ruling from the Court that a limited waiver of the attorney-client privilege will

7   not act as a complete waiver of the privilege in this case.[1]  Such limitation of waiver is

8   warranted by the circumstances of this case and by case law.  *See, e.g.*, *Ariz. ex rel. Goddard v.*

9   *Frito-Lay, Inc.*, 273 F.R.D. 545, 560 (D. Ariz. 2011) ("[O]nce the attorney-client privilege has

10  been waived, the waiver is limited to those communications that pertain to the subject matter of

11  the waived communication.").

12  **OneWest's Possession of the Promissory Note**

13          As explained in OneWest's Motion to Supplement Record (Doc. # 204), OneWest held

14  the Note at issue in this case by May 19, 2009, through its document custodian, Deutsche Bank

15  National Trust Company ("DBNTC").  Mr. Corcoran from DBNTC will also be available by

16  phone at the Hearing to further explain DBNTC's role as custodian of documents on behalf of

17  OneWest.

18          The Court in its Order specifically directed OneWest to address possession of the Note

19  in relation to Washington agency law.  Under Washington law, an agency relationship exists,

20  expressly or impliedly, when one party acts under the direction and control of another.  *Kelsey*

21  *Lane Homeowners Ass'n v. Kelsey Lane Co.*, Inc., 103 P.3d 1256, 1260 (Wash. Ct. App. 2005).

22  "An agent has actual authority to take action designated or implied in the principal's

23  manifestations to the agent and acts necessary or incidental to achieving the principal's

24

---

25  [1] OneWest anticipates that, depending on the testimony given and the documents presented, it
    may also seek from the Court at the close of the hearing an order sealing certain testimony
26  given at the hearing as revealing attorney-client privileged information or sensitive proprietary
    information.

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-          LARKINS VACURA LLP
cv-01952-RSL, page 2                                621 SW Morrison St., Suite 1450
                                                      Portland, Oregon 97205
                                                          503-222-4424

1   objectives." Restatement (Third) Property § 2.02 (2006). Mr. Corcoran's declaration and the

2   two exhibits thereto (which were both previously produced in this case) establish that OneWest

3   entered into an agreement with DBNTC in which DBNTC agreed to, and did, keep loan

4   documents in its custody on behalf of and for the benefit of OneWest. That is, OneWest

5   delegated to DBNTC agency authority to keep custody of the physical loan documents. *See*

6   Corcoran Decl. Ex. A.

7         While OneWest has found no Washington case directly on point, other courts have

8   found the limited agency relationship described by Mr. Corcoran and the attached exhibits as

9   giving OneWest "constructive possession," of the note and have consistently held that a note

10  holder may constructively possess a note through a custodian. *See, e.g.*, *In re McFadden*, 471

11  B.R. 136, 175 (Bankr. D.S.C. 2012) (explaining that holder constructively possessed note

12  through third-party document custodian); *Midfirst Bank, SSB v. C.W. Haynes & Co., Inc.,* 893

13  F. Supp. 1304, 1315, 1994 WL 828403 (D.S.C. 1994) (same, and collecting cases) *aff'd sub*

14  *nom. C.W. Haynes & Co. Inc. v. Midfirst Bank, SSB*, 87 F.3d 1308, 1996 WL 308285 (4th Cir.

15  1996); *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1195 (E.D.Va.1994)

16  (same).

17        In *McFadden*, the court interpreted the relevant section of the South Carolina Code,

18  which uses substantially the same standard for defining "holder" as Washington. Both statutes

19  include as a note "holder" one in possession of a document indorsed to the possessor or

20  indorsed in blank. *Compare* S.C.Code § 36–1–201(20) *with* RCW 62A.1-201(21). The court

21  in *McFadden* then held that the party seeking to enforce the promissory note was a "holder"

22  because the party "had constructive possession of Debtor's note through its agent [custodian],

23  U.S. Bank, and could obtain the note at any time simply by requesting it from U.S. Bank." 471

24  B.R. at 175. Similarly, the court in *Bankers Trust* explained that "a party has constructive

25  possession of a negotiable instrument when it is held by the party's agent, or when the party

26  otherwise can obtain the instrument on demand." 865 F. Supp. at 1195.

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 3

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1    Ultimately, the title placed on the relationship between OneWest and DBNTC here is

2    not as important as the reality:  DBNTC agreed to keep the loan documents safe on behalf of

3    OneWest, and to produce them to OneWest upon OneWest's demand.  Just as importantly,

4    when OneWest demanded the loan file from DBNTC, DBNTC did in fact send it immediately.

5    Thus, OneWest was in constructive possession of the promissory note through DBNTC as of

6    May 19, 2009.  Plaintiff has never provided any authority to suggest that OneWest did not

7    constructively or otherwise possess the loan documents here through DBNTC.

8    **Production of Documents**

9    The Court has directed OneWest to explain its failure to provide substantive responses

10   to certain of plaintiff's interrogatories and requests for production.  Witnesses and counsel for

11   OneWest are prepared to do so. The evidence will show that OneWest does not have possession

12   or control of some of the requested documents, some responsive documents were already

13   provided, and additional ones are now offered, but that none of the additional documents are

14   relevant to any of plaintiff's claims or defenses.[2]

15   **Plaintiff's Credit Report**

16   The Court in its Order directs OneWest to explain how it came to possess plaintiff's

17   credit report in July 2012.  OneWest requested plaintiff's credit report in July 2012 from

18   Equifax in order to investigate and respond to plaintiff's claims in this case.

19

20

_____

21   [2]  OneWest will also present evidence to clarify one portion of the record that the Court has
     specifically noted in its Order; Docket Number 163, Exhibit 13 thereto, pages 3, 4, and 8.
22   Exhibit 13 is what plaintiff claimed was OneWest's verified response to his First Set of
     Interrogatories and Requests for Production of Documents.  In fact, OneWest did not verify the
23   pleading that is Exhibit 13. The pleading that OneWest verified contains a different response to
     Request No. 7 on page 8.  Counsel for OneWest, Heidi Buck Morrison, is prepared to explain
24   the history of this apparent confusion to the Court with accompanying evidence in the form of
     emails and pleadings.  It is not clear how OneWest's verification became attached to the wrong
25   pleading, which plaintiff submitted to the court.  It is also likely the differences between the
     verified pleading and what plaintiff submitted to the Court are not material to the Court's
26   concerns, but the pleadings in the record should nevertheless be complete and accurate.

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 4

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1    OneWest's request was permissible under the law.  15 U.S.C. § 1681b(a) provides

2    circumstances under which a credit report may properly be provided to a requesting party.  In

3    particular, 15 U.S.C. § 1681b(a)(3)(A) covers a party who "intends to use the information in

4    connection with a credit transaction involving the consumer on whom the information is to be

5    furnished and involving the extension of credit to, or review or collection of an account of, the

6    consumer."  That provision allows a party to obtain a credit report during litigation in certain

7    circumstances, including this one where OneWest was attempting to enforce the loan

8    documents by way of a non-judicial foreclosure, and plaintiff brought affirmative claims

9    related to that loan.  *See James v. Interstate Credit & Collection, Inc.*, No. 03-CV-1037, 2005

10   U.S. Dist. LEXIS 15495 at *5, 12–15 (E.D. Pa. July 29, 2005) ("Given plaintiff's FDCPA

11   claim against the Defendant arising out of its collection efforts . . ., it was appropriate for

12   Defendant to obtain Plaintiff's consumer report to assess its possible liability under the

13   FDCPA.") (opinion attached as Attach. 1, hereto); *McNall v. Credit Bureau*, 689 F. Supp. 2d

14   1265, 1273–74 (D. Or. 2010) (enforcement of medical services debt a permissible purpose

15   under section 1681b(a)(3)(A)).

16        In *James*, the court explained that a debt collector properly requested a consumer's

17   credit report in order to defend itself against a claim by the consumer against the debt collector

18   under the Fair Debt Collection Practices Act.  *James*, 2005 U.S. Dist. LEXIS 15495 at *14–15.

19   That court also held that the request for the credit report was independently permissible under

20   section 1681b(a)(3)(F), because the defendant had a "legitimate business need" to obtain the

21   plaintiff's credit report in order to investigate how the matter was being reported by the credit

22   reporting agency.  *Id.* at *15.

23        The Ninth Circuit's recent case law on section 1681b(a) is consistent with the foregoing

24   analysis.  In *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010), the Ninth Circuit

25   addressed the definition of "involving" in section 1681b(a)(3)(A), and determined that it

26   included (at least) two things:  (1) the extension of credit to, or review or collection of an

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 5

1    account regarding a credit transaction voluntarily entered into, or initiated, by the debtor; or (2)

2    the collection of any alleged debt that has been reduced to a judgment, whether or not the

3    consumer originally entered the credit transaction voluntarily.  *Id.* at 675–77.  There, a towing

4    company towed the consumer's car from a public street and then demanded payment for the

5    towing costs.  *Id.*  The Court held that the credit transaction at issue did not "involve" the

6    consumer—but only because the alleged debt arose by operation of law without any affirmative

7    action by plaintiff.  *Id.*  Thus, *Pintos* is consistent with *James* and *McNall* and further supports

8    the application of 1681b(a)(3)(A) here.  Indeed, the court in *McNall* discussed the *Pintos*

9    decision at length and explained that where the consumer did initiate or participate in the

10   underlying credit transaction, section 1681b(a)(3)(A) is applicable, consistent with the

11   reasoning in *Pintos*.  *See McNall*, 689 F. Supp. 2d at 1274.

12         Here, there is no question that plaintiff entered into a credit transaction to purchase real

13   property—as evidenced by the Note and Deed of Trust—and plaintiff does not dispute that.

14   Rather, plaintiff argues in this case about OneWest's rights to enforce those loan documents,

15   and brings affirmative claims based on OneWest's attempts to enforce the loan documents.

16   OneWest obtained the credit report to respond to the claims arising out of its attempts to

17   enforce the loan documents, and it had a "legitimate business reason" for verifying the manner

18   in which that debt was being reported.  OneWest therefore had the right to request a credit

19   report under both sections 1681b(a)(3)(A) and 1681b(a)(3)(F).  *See James*, 2005 U.S. Dist.

20   LEXIS 15495 at *14–15.; *McNall*, 689 F. Supp. 2d at 1273–74.

21         Dated:  January 28, 2013.

                                        ROUTH CRABTREE OLSEN, P.S.
22

23                                      /s/ Heidi E. Buck Morrison
                                        Heidi E. Buck Morrison, WSBA # 41769
24                                      Attorneys for Defendants OneWest Bank, F.S.B.,
                                        Mortgage Electronic Registration Systems, Inc.,
25                                      and Northwest Trustee Services, Inc.

26

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LARKINS VACURA LLP

/s/ Julie R. Vacura
_____
Julie R. Vacura, WSBA # 34588
Joseph D. Mueller, OSB # 111780 (*pro hac vice*)
Attorneys for Defendant OneWest Bank, F.S.B.
and Mortgage Electronic Registration Systems,
Inc.

PRE-EVIDENTIARY HEARING MEMORANDUM, 2:10-
cv-01952-RSL, page 7

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon.  I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On January 28, 2013, I served the following document(s) described as:

**PRE-EVIDENTIARY HEARING MEMORANDUM OF DEFENDANTS ONEWEST BANK, FSB, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address
(es) indicated on the attached service list.

☐ **BY FIRST-CLASS MAIL:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:**  For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list.  If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:**  For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list.  If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☒ **BY ECF:**  For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Julie R. Vacura
Julie R. Vacura

Page 1 – Certificate of Service

Ha Thu Dao
hadaojd@gmail.com
    Attorney for Plaintiff

Page 2 – Certificate of Service