THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MCDONALD,<br><br>          Plaintiff,<br><br>     v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>          Defendants. | No.  2:10-cv-01952-RSL<br><br>DEFENDANT ONEWEST BANK, FSB'S MOTION FOR PROTECTIVE ORDER<br><br>Oral Argument Requested<br><br>Note for Motion Calendar:  January 31, 2013 |

**RELIEF REQUESTED**

For the reasons discussed below, defendant OneWest Bank, FSB ("OneWest") requests that the Court enter the proposed form of Protective Order, filed herewith.  OneWest notes this Motion for January 31, 2013, so it may produce four documents to plaintiff under the Protective Order to comply with the Court's Order for Evidentiary Hearing, Docket No. 206, as discussed below.

Motion for Protective Order, 2:10-cv-01952-RSL, page 1

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

## BACKGROUND[1]

On November 9 and 10, 2012, OneWest produced to plaintiff electronic servicing notes, which document was responsive to plaintiff's Request for Production No. 7 in his First Set of Interrogatories and Third Request to Produce to OneWest. S*ee* Attachment 1 hereto, OneWest's Response to Plaintiff's First Set of Interrogatories and Third Request to Produce to OneWest. OneWest also attempted to produce to plaintiff a document entitled "Agreement with Respect to Servicing Transfer and Enforcement of Selling Representation and Warranties" ("Transfer Agreement").[2] The Transfer Agreement contains sensitive proprietary information, and OneWest proposed a stipulated protective order to plaintiff to allow for its production. Counsel for OneWest conferred with plaintiff's counsel in November and again on January 28, 2013, regarding the possibility of entering a stipulated protective order, but plaintiff's counsel stated both times that she would not agree to a stipulated protective order.

OneWest has three additional documents in its possession that are responsive to requests for production propounded by plaintiff. In the event plaintiff wishes to receive these additional documents, OneWest seeks a protective order at this time from the Court.

## DISCUSSION

OneWest has reviewed in detail its responses to all the discovery requests made in this case. It has identified four documents that likely fall within the scope of the requests for production propounded by plaintiff. *See* Attachment 1. These documents require a protective

---

[1] None of the documents OneWest wishes to produce pursuant to a protective order are being relied upon by OneWest for any legal proposition or to establish any material fact. The documents at issue are not relevant to any issue in this case. OneWest in fact objected to producing documents pursuant to the requests to which these documents are responsive. *See* Attachment 1, hereto. Nevertheless, they are likely responsive to requests for production made by plaintiff. Based on the Court's concern as expressed in its Order for Evidentiary Hearing, Docket No. 206, and due to the pro se status of plaintiff (until recently), it is appropriate to provide these documents with the appropriate protections of their proprietary natures.

[2] This document evidences only the transfer of servicing rights to OneWest, but the terms of the servicing relationship between OneWest and Freddie Mac are contained in the Freddie Mac Single-Family Seller/Servicer Guide (the "Guide"), which is incorporated into the Transfer Agreement. A link to the Guide was provided to plaintiff in July 2011.

1  order because they contain or reflect sensitive and proprietary information about OneWest's
2  business practices, its communications with loan investors, and the technology used to generate
3  and preserve information regarding loans it services.  To the extent the Court wishes to hear
4  testimony as to the proprietary nature of these documents, it can be given at the Evidentiary
5  Hearing.
6    Protective orders are appropriate "to protect a party or person from annoyance,
7  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  As this
8  Court has explained, a standard protective order to protect "confidential and sensitive business
9  information" from third parties is warranted, particularly as here, where plaintiff cannot
10 identify any prejudice that would be caused by such a protective order.  *Burdette v. Steadfast*
11 *Commons II, LLC*, No. 2:11-980-RSM, 2012 WL 3762515 (W.D. Wash. Aug. 29, 2012).  As in
12 *Burdette*, OneWest does not seek to shield such documents from plaintiff, but only to limit the
13 production of such information to third parties.
14   The proposed form of Protective Order serves to protect the sensitive nature of the
15 information in the discovery OneWest wishes to produce while still allowing plaintiff to use the
16 documents in this litigation as he sees fit.  For these reasons, OneWest respectfully moves for
17 entry of the attached proposed form of Protective Order.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

**LCR 26(c) CERTIFICATION**

As discussed above, in November 2011 and on January 28, 2013, Larkins Vacura and Ha Dao conferred via telephone regarding the potential for OneWest to produce documents under a stipulated protective order, but no agreement could be reached.

Dated: January 29, 2013.

ROUTH CRABTREE OLSEN, P.S.

s/ Heidi E. Buck Morrison
Heidi E. Buck Morrison, WSBA # 41769
Attorneys for Defendants OneWest Bank, F.S.B., Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services, Inc.

LARKINS VACURA LLP

s/ Julie R. Vacura
Julie R. Vacura, WSBA # 34588
Attorneys for Defendant OneWest Bank, F.S.B. and Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon. I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On January 29, 2013, I served the following document(s) described as:

**DEFENDANT ONEWEST BANK, FSB'S MOTION FOR PROTECTIVE ORDER**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address
(es) indicated on the attached service list.

☐ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☒ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Julie R. Vacura
Julie R. Vacura

Ha Thu Dao
hadaojd@gmail.com
    Attorney for Plaintiff