The Honorable Judge Robert Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

    Plaintiff,

v.

ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,

    Defendants.

No. C10-1952 RSL

**DEFENDANT ONEWEST BANK, FSB'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW, Defendant OneWest Bank, FSB ("OneWest") and responds to Plaintiff James McDonald's First Set of Interrogatories and Requests for Production as follows:

## I. PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response and each document produced is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein or in any of the documents produced, if any such document or documents were sought to be introduced into evidence in Court. All such objections and grounds are reserved and may be interposed at the time of trial.

Defendant has not completed its investigation of facts, witnesses, or documents related to this action; has not completed its analysis of available data; has not yet completed its discovery in this action; and has not completed preparation for trial. Thus, although a good faith effort has

DEFENDANT ONEWEST'S RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION
– PAGE 1 OF 10, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 1 of 10

been made to supply pertinent information when it has been requested, it is not possible in many instances for unqualified responses to be made. Further, the responses are necessarily made without prejudice to Defendant's right to produce any subsequently discovered facts, witnesses, or documents, as well as any new theories or contentions that Defendant may adopt. These responses are given without prejudice to Defendant's right to provide facts, witnesses or documents omitted from these responses by oversight, inadvertent or good faith error or mistake. Defendant has furnished information that is presently available, which may include hearsay and other forms of evidence that are neither reliable nor admissible.

## II.   GENERAL OBJECTIONS

Each of the general objections stated below are continuing objections which Defendant will incorporate into specific responses as appropriate:

A. <u>Not Reasonably Calculated Objection</u>:

Many of the requests, in whole or in part, seek information or documents that are neither relevant to the subject matter of the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence in respect thereto.

B. <u>Ambiguity Objection</u>:

Many of the specific requests are phrased in language that is so vague, ambiguous, and uncertain that Defendant is unable to ascertain what information is requested.

C. <u>Burden Objection</u>:

Many of the specific requests are materially overbroad in whole or in part, or are burdensome and oppressive on the grounds that they seek information that is equally accessible to or already within the possession of the plaintiff, or information that is not relevant to the subject matter of the dispute herein, or, if relevant, so remotely relevant as to have no practical benefit to the plaintiff, while placing an inordinate burden and expense on Defendant to respond.

D. <u>Duplicative Request Objection</u>:

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 2 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 2 of 10

Many of the specific requests are duplicative in that that they request information that is requested by more than one Interrogatory.

### III. SPECIFIC RESPONSES TO REQUESTS

**Interrogatory 1:** Identify the date, value received and to whom Indymac Bank, FSB sold, transferred, conveyed, granted, or negotiated or otherwise released its interest in Plaintiff's Note and/or Plaintiff's Deed of Trust.

**RESPONSE:** Defendant OneWest objects to Interrogatory No. 1 on the basis that it is duplicative, is vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to see what may turn up).

**Request to Produce 1:** Provide any documents, screenshots, communication or other information that supports your answer to Interrogatory #1.

**RESPONSE:** Defendant OneWest objects to RFP No. 1 on the basis that it is vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged

DEFENDANT ONEWEST'S RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION
– PAGE 3 OF 10, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 3 of 10

1  past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*
2  *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as
3  a fishing expedition to see what may turn up).

5  **Interrogatory 2**: Describe the contract referred to on Form 1034A provided to Plaintiff in the
6  Response to the First Request to Produce that is referred to as Freddie Mac Contract
7  0702156058.
8  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 2 on the basis that it is vague and
9  ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.
10 Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.
11 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*
12 *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still
13 provides for broad discovery, courts should not grant discovery requests based on pure
14 speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged
15 past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L.*
16 *Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as
17 a fishing expedition to see what may turn up).

19 **Request to Produce 2:** Provide a copy of the contract and any supporting documents,
20 screenshots, communication or other information relating to Freddie Mac Contract 0702156058.
21 **RESPONSE:** Defendant OneWest objects to RFP No. 2 on the basis that it is vague and
22 ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.
23 Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro.
24 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v.*
25 *City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still
26 provides for broad discovery, courts should not grant discovery requests based on pure

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 4 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 4 of 10

speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to see what may turn up).

**Interrogatory 3:** Identify what the identification number of IN010C found at the top of Form 1036 provided in Response to the First Request to Produce is and describe any relationship that identification number has to Plaintiff's Note.

**RESPONSE:** Defendant OneWest objects to Interrogatory No. 3 on the basis that it is vague and ambiguous and on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to see what may turn up). Without waiving the foregoing objections, Defendant OneWest has no knowledge of identification number of IN010C found at the top of Form 1036.

**Request to Produce 3:** Provide any and all documentation relating to the answer given in Interrogatory #3.

**RESPONSE:** Defendant OneWest objects to RFP No. 3 on the basis that it is vague and ambiguous, and on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.

DEFENDANT ONEWEST'S RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION
– PAGE 5 OF 10, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 5 of 10

Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to see what may turn up).

**Interrogatory 4:** Did the FDIC, as Receiver for Indymac Bank, FSB, repudiate the subject Loan or Note?

**RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the foregoing objections, no.

**Request to Produce 3:** Provide any and all documentation relating to the answer given in Interrogatory #4.

**RESPONSE:** Defendant OneWest objects to Interrogatory No. 4 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of the foregoing objections, OneWest is not aware of any documentation satisfying the foregoing request. Without waiving any of the foregoing objections, OneWest provides that it has no knowledge of any documentation that satisfies the foregoing request.

**Interrogatory 5:** Describe any and all communication between Defendant OneWest Bank and the FDIC in relation to the subject Note, Loan, litigation or any other topic relating to the Plaintiff or the Plaintiff's property in this litigation.

DEFENDANT ONEWEST'S RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION
– PAGE 6 OF 10, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 6 of 10

1  **RESPONSE:** Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad
2  and unduly burdensome, and it is not reasonably calculated to lead to the discovery of admissible
3  evidence. Without waiving any of the foregoing objections, after diligent search and
4  investigation, OneWest is unaware of any communication between OneWest and the FDIC as
5  described in Interrogatory No. 5. Moreover, fishing expeditions are not a proper basis to conduct
6  discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of
7  relevant material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting
8  that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery
9  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into
10 the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");
11 *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that
12 discovery is not to be used as a fishing expedition to see what may turn up). Without waiving
13 any of the foregoing objections, Defendant OneWest has no knowledge of any communication
14 responsive to the foregoing request.

16 **Interrogatory 6:** Identify the independent field inspector, person or entity OneWest Bank sends
17 or causes to be sent to Plaintiff's real property on a monthly basis.
18 **RESPONSE:** Defendant OneWest objects to Interrogatory No. 6 on the basis that it is not
19 reasonably calculated to lead to the discovery of admissible evidence. Moreover, fishing
20 expeditions are not a proper basis to conduct discovery. Fed. R. Civ. Pro. 26(b)(1) (requiring
21 good cause for a court to order discovery of relevant material); *Collens v. City of New York*, 222
22 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad
23 discovery, courts should not grant discovery requests based on pure speculation that amount to
24 nothing more than a 'fishing expedition' into the actions or alleged past wrongdoing of a party
25 not related to the alleged claims or defenses."); *EEOC v. Harvey L. Walner & Associates*, 91

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 7 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 7 of 10

1   F.3d 963, 971 (7th Cir. 1996) (stating that discovery is not to be used as a fishing expedition to
2   see what may turn up).

4   **Request to Produce 7:** Provide screenshots of any and all records from Indymac Bank, FSB,
5   Indymac MBS, Indymac Mortgage Services and OneWest Bank, FSB in relation to Plaintiff's
6   Note, Loan or Deed of Trust from the inception of the loan through the present.
7   **RESPONSE:**
8   Defendant OneWest objects to Interrogatory No. 5 on the basis that it is overbroad and unduly
9   burdensome, vague and ambiguous, and it is not reasonably calculated to lead to the discovery of
10  admissible evidence. Moreover, fishing expeditions are not a proper basis to conduct discovery.
11  Fed. R. Civ. Pro. 26(b)(1) (requiring good cause for a court to order discovery of relevant
12  material); *Collens v. City of New York*, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that
13  "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery
14  requests based on pure speculation that amount to nothing more than a 'fishing expedition' into
15  the actions or alleged past wrongdoing of a party not related to the alleged claims or defenses.");
16  *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996) (stating that
17  discovery is not to be used as a fishing expedition to see what may turn up).

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 8 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 8 of 10

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendant OneWest, certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this _____ day of August, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants OneWest Bank, Mortgage Electronic Registration Systems, Inc., and Northwest Trustee Services, Inc.

DEFENDANT ONEWEST'S RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION
– PAGE 9 OF 10, CASE NO. C10-1952 RSL

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 9 of 10

# PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am an employee of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this 2ND day of August, 2012.

ONEWEST BANK, FSB

By: _____
Charles Boyle
Vice President, OWB

DEFENDANT ONEWEST'S RESPONSE TO
INTERROGATORIES AND REQUESTS FOR
PRODUCTION
– PAGE 10 OF 10, CASE NO. C10-1952 RSL

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Attachment 1, Page 10 of 10