1

2

The Honorable Robert S Lasnik
Hearing 1/31/2013 at 9:am

3

4

5

6

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

7

**James McDonald**
                                                          **Plaintiff**

8
                          **v.**

**OneWest Bank, FSB,**
**Northwest Trustee Services,**
**Mortgage Electronic Registration Systems,**
                                                          **Defendants.**

9

10

11

12

No. **C10-1952-RSL**

OBJECTION TO DEFENDANT
ONEWEST'S  MOTION FOR
PROTECTIVE ORDER & COUNTER
MOTION FOR SANCTIONS
INCLUDING DEFAULT JUDGMENT ON
ONEWEST' DEFENSES AND/OR
PRECLUSION OF ANY
DOCUMENTARY EVIDENCE
ATTEMPTED BY ONEWEST

13

14

**I. OBJECTION TO MOTION FOR PROTECTIVE ORDER**

15

        Plaintiff James McDonald objects to Defendants' Motion for Protective Order based on

16

the history of this litigation and Counsel's Declaration Subjoined.

**II. DECLARATION OF COUNSEL RE COMPLIANCE WITH LR 26 (c)**

17

18

        I, the undersigned counsel, declare under penalty of perjury under the laws of

19

Washington that the statements made herein are made based on her personal knowledge and

20

information:

21

        On November 9, 2012, Mr. Joseph Mueller, from Larkins Vacura LLP, contacted me

22

via email in which he wrote, "our clients have recently come across two documents which we

23

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

1

**H A  T H U  D A O ,  E S Q .**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

think are arguably responsive to your discovery requests." However, Mr. Mueller indicated that a protective order would be required for him to produce them.

After consultation with my client, in the following days, I informed Mr. Mueller via telephone and emails that we would object to any attempt by his client to utilize or introduce the same documents in the case as they are time barred. Mr. Mueller wrote back: "If you do not want the document, then we agree that no protective order is needed; we only needed a protective order if you want the document produced to you."

In my telephone conversations with Mr. Mueller, I made it clear that the Plaintiff does not want the documents and will object to the Defendants' attempt to use or introduce them in any manner because they were not disclosed or produced within the time permitted.

At the time of our discussion in November of 2012. Mr. Mueller never told me about the additional documents that the Defendants are now disclosing and proposing to be used at the Evidentiary Hearing of 1/31/2013. In his latest communications to me on January 29, 2013, Mr. Mueller indicated that there are more documents that are "discoverable" and that if the plaintiff wants them, the defendants would require a stipulation for protective order.

My client agrees that it does not matter how many documents that the Defendants now disclose that they have in their possession; none should be allowed by the Court for any purposes because they were not produced within the time ordered by the Court and because the Defendants informed him that these documents did not exist.

We are of the belief that if the Defendants were under the duty to produce these documents, the duty was continuing and the documents should have been produced. However, the timing of their production would render the Plaintiff completely helpless to test them for any defect whether in form or in substance. In addition to the time problem, my client is

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

2

H A  T H U  D A O ,  E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    without any resources to conduct further discovery into the origin and contents of these

2    documents or to conduct forensic examination for their authenticity. Therefore, we would

3    respectfully decline access to the documents and pray that the Court do not issue a protective

4    order but to prohibit their use in the entirety.

5    ### III. PROCEDURAL FACTS AGAINST THE ISSUANCE OF  PROTECTIVE ORDER

6

7            This Court issued Minute Order Setting Trial Dates and Related Dates (Doc. 44), in

8    which  the Court ordered the parties to cooperate in discovery. In consideration of Plaintiff's

9    first Motion to Compel and Defendants Motion for Protective Order, the Court stated,

10   "Defendants' failure to respond in any way to Plaintiff's discovery requests is unacceptable."

11   The Court then ruled, "Because a protective order is not in place, defendants are obligated to

12   respond to plaintiff's discovery requests as soon as practicable, and shall do so no later than

13   fourteen days of the date of this order." This Order was issued on June 13, 2011, following

14   Plaintiff's First Request to Produce of April 3, 2011.

15           Defendants made a feeble attempt to comply with this Order as they produced some

16   items while leaving other requests unfulfilled. This necessitated a second motion to compel by

17   the Plaintiff, acting in his *pro se* capacity, which he filed on February 3, 2012.  This Court

18   again, considered the issue of discovery in the order dated April 18, 2012, whereupon it stated,

19   "Whether defendants are hiding documents that would have been responsive to Requests for

20   Production No. 2, 3, 10 or 15… Defendants shall be given an opportunity to identify the

21   documents they say were produced in response to Requests for Production No. 4 and 12 before

22   the Court determines whether their representations regarding those requests were accurate."

23   The Court then gave Defendants another 14 days to comply, and compliance would have to

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

3

H A   T H U   D A O ,   E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    occur no later than May 2, 2012; May 2, 2012 marked the 13th  month after Plaintiff

2    propounded his First Request for Production.

3          Some two hundred and seventy three (273) days after the absolute deadline for

4    Defendants to produce all records requested by the Plaintiff had passed, OneWest finally

5    requests for a protective order to produce a number of documents that have been "in its

6    possession that are responsive to request for production propounded by Plaintiff." OneWest

7    explains in its motion that earlier on November 9 and 10, 2012, its counsel attempted to give

8    Plaintiff's counsel "electronic servicing notes … OneWest' Response to Plaintiff's First Set of

9    Interrogatories and Third Request to Produce to OneWest  … [and] a document entitled

10   'Agreement with Respect to Servicing and Enforcement of Selling Representation and

11   Warranties' ('Transfer Agreement')."  In addition to these three documents that OneWest

12   wanted to provide Plaintiff counsel, there are "three additional documents in its possession that

13   are responsive to request for production propounded by plaintiff." In the motion for protective

14   order, OneWest did not offer one single reason why these documents were not produced

15   within the time prescribed by the Court, and why a protective order would be necessary for

16   documents that OneWest seeks neither to introduce nor to rely upon (Doc. 217, Page 2, Note

17   1).

18         The proposed documents by OneWest turn out to be all documents that OneWest

19   claimed repeatedly not to be in existence. In particular, the Servicing Agreement that OneWest

20   now discloses that has been in its possession all along, is what Plaintiff had asked for by name,

21   and was refused on the ground that no such document exists.

22

23

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

4

**H A   T H U   D A O ,   E S Q .**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    Plaintiff has declined to accept any and all of the documents being proposed by

2    OneWest and prays the Court to exclude them all from being admitted for any purposes in this

3    litigation. As such, a protective order would be unnecessary.

4    ### IV. COUNTER MOTION FOR SANCTIONS, INCLUDING DEFAULT JUDGMENT OF ONEWEST' DEFENSES

5

6    It is disingenuous that OneWest would want to produce these documents now simply to

7    be in compliance with its obligation when it ignored the discovery rule and two separate orders

8    by this Court. OneWest's claim that it wishes to produce to allow "plaintiff to use the

9    documents in this litigation as he sees fit" is simply incredulous. Unlike other types of

10   litigation where evidence is vulnerable of being secreted or destroyed, foreclosure litigation

11   has been fraught with just the opposite problem, and that is often a need to manufacture certain

12   documents to substantiate the chain of transfer of the mortgage loan. Plaintiff moves the Court

13   for an Order excluding all of the documents being proposed by OneWest from being used for

14   any purposes in this litigation and for the Court to impose sanctions, including a default

15   judgment on the Defendants' defenses.

16   **a. OneWest's violated the court's orders willfully**

17   Where it is determined that counsel or a party has acted willfully or in bad faith in

18   failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant

19   disregard of these rules or order, it is within the discretion of the trial court to dismiss the

20   action or to render judgment by default against the party responsible for non-compliance. Fed.

21   R. Civ. P. 37(b). Sanction in the form of dismissal or default judgment does not offend due

22   process when it is based on suppression or failure to produce ordered, when such proof

23   concerned the rightful decision of the cause. *G-K Properties v Redevelopment Agency of the*

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

5

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    *City of San Jose*, 577 F.2d 645, 647 (9ᵗʰ Cir. 1978). "Where the drastic sanctions of dismissal

2    or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault

3    or bad faith." *Henry v. Gill Industries, Inc*., 983 F.2d 943, 946 (9th Cir. 1993*); Fjelstad v.*

4    *American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not

5    shown to be outside the control of the litigant is all that is required to demonstrate willfulness,

6    bad faith, or fault." *Henry,* 983 F.2d at 948 (quoting *Fjelstad,* 762 F.2d at 1341.) A single

7    willful violation may suffice depending on the circumstances. *Valley Eng'rs v. Electric Eng'g*

8    *Co.*, 158 F.3d 1051, 1056 (9*th* Cir. 1998).

9          Applying the foregoing precepts to the case at bar, OneWest' flagrant disregard for the

10   Court's orders is willful. OneWest did not produce the documents as requested after two court

11   orders and two periods of extensions for its compliance–a total of 669 days had elapsed from

12   the date of Plaintiff's First Request for Production until the date that OneWest declares it will

13   make some documents available. OneWest offered no excuses or explanations for its failure.

14   Rather, counsel simply stated that the documents were within OneWest's possession and

15   should be provided *now*. The fact that the documents have been in OneWest's possession all

16   this time shows that OneWest was able, but not willing to produce, constitutes bad faith.

17   *Valley Eng'rs ,* 158 F.3d at 1056 (willfulness is present where for three years, the plaintiff has

18   "unfulfilled requests for production outstanding", and for more than two years, the lawyers of

19   the opposing party violated court orders by failing to produce the subject memorandum, and as

20   a result, several trial date settings had to be vacated because discovery was incomplete).

21          OneWest proposes these documents only after the Court issued its Order for

22   Evidentiary Hearing, compelling OneWest to, "(4) Explain OneWest's failure to provide

23   substantive responses to plaintiff's inquiries and requests for production regarding certain

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

6

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

relevant topics, including (a) IndyMac's transfer of its interest as the original lender in

plaintiff's promissory note and deed of trust; and (b) electronic records regarding plaintiff's

loan, promissory note, and/or deed of trust". One can easily surmise that OneWest is proposing

these documents at this moment for no reasons other than to satisfy the Court's order and to

save its own hide because without establishing the chain of transfer from IndyMac as the

original lender to OneWest using documentary evidence, OneWest would have no legal rights

to do what it has done to the Plaintiff from foreclosing upon Plaintiff's homestead to reporting

a debt that it does not own to the credit reporting agencies and causing Plaintiff the heartaches

associated with living under a constant threat of being displaced from his home.

**b. Default Judgment is the appropriate sanction given OneWest' pattern of conduct in this litigation**

It is undisputed that this Court had encouraged, and given the opportunity twice, for

Defendants to do the right thing and give Plaintiff, as a *pro se* litigant, the same courtesy that a

lawyer gets in discovery. It is undisputed that the Defendants failed to comply with the Court's

orders. The Ninth Circuit has held that, "In deciding whether to impose case-dispositive

sanctions, the most critical factor is not merely delay or docket management concerns, but

truth. 'What is most critical for case-dispositive sanctions, regarding risk of prejudice and of

less drastic sanctions, is whether the discovery violations 'threatens to interfere with the

rightful decision of the case.'" *Valley Eng'rs.*, 158 F.3d at 1057 (quoting *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990)). The Ninth Circuit emphasized:

> Sometimes courts respond to contumacious refusal to produce required discovery or
> comply with orders compelling discovery with suggestions that lawyers "quit squabbling
> like children" and work things out for themselves. That can operate to the advantage of a
> dishonest, noncompliant party, and can prevent the truth from coming out. Federal Rule of
> Civil Procedure 1 requires that the rules be construed to secure the "just" resolution of
> disputes. "There is no point to a lawsuit, if it merely applies law to lies." The most critical

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

7

**H A   T H U   D A O ,   E S Q .**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1

2

factor to be considered in case-dispositive sanctions is whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Dickson's "pattern of deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available. It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct."

3

4

5

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir.

6

2007)

7

It is worth repeating that OneWest' recalcitrant pattern is well-documented in courts

8

around the country. On May 26, 2011 Judge Laura Taylor of the US Bankruptcy Court in the

9

District of Southern California issued a Memorandum Decision denying OneWest's motion for

10

relief from stay to foreclose upon the debtor's home that contains strong criticism of OneWest

11

Bank and its employees, including Mr. Boyle. *OneWest Bank, FSB v Arizmendi*, 2011 Bankr.

12

LEXIS 2138 (S.D. Cal. 2011). There, an employee of OneWest, Brian Burnett executed a

13

sworn Declaration stating that OneWest was the "real party of interest" and the "current

14

beneficiary" of Mrs. Arizmendi's Note and Deed of Trust. However, at the hearing of the

15

motion, Charles Boyle testified that Freddie Mac was the real party of interest and current

16

beneficiary.

17

Judge Taylor noted that what happened in *Arizmendi* is not an isolated incident but a

18

pattern of practice by OneWest and its lawyers in the Southern District of California:

19

20

21

22

23

Further, this is not the first time that One West has provided less than complete information in the Southern District of California. See "Memorandum Decision Re Motion to Vacate Clerk's Entry of Default and Motion to Dismiss Complaint; Order to Show Cause for Contempt of Court", docket no. 39, Adv. Pro. 10-90308-MM (*In re Doble*; Bk. Case No. 10-11296, 2011 Bankr. LEXIS 1449) (Defendants, including One West, were neither candid nor credible in explaining failure to respond timely to complaint and submitted multiple and different notes as "true and correct"); "Order to Show Cause Why One West Bank and Its Attorneys Law Offices of Randall Miller and Christopher Hoo Should Not Appear

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

8

H A   T H U   D A O ,   E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1    Before the Court to Explain Why They Should Not Be Held in Contempt or
     Sanctioned", docket no. 47, *In re Carter*, Bk. Case No. 10-10257-MM13 (among
2    other things One West provides inconsistent evidence as to its servicer status); and
     "Order After Hearing to Show Cause Why Indymac Mortgage Services; OneWest
3    Bank, FSB; Randall S. Miller & Associates, P.C.; Christopher J. Hoo; Barrett
     Daffin Frappier Treder & Weiss, LLP; and Darlene C. Vigil Should Not Appear
4    Before the Court to Explain Why They Should Not Be Held in Contempt or
     Sanctioned", docket no. 47, *In re Telebrico*, Bk. No. 10-07643-LA13 (Court
5    concerned that OneWest provided evidence that was either intentionally or
     recklessly false).

6    *Id.*

7          California bankruptcy judges have not been the only ones having concerns over

8    OneWest and the quality of its witnesses and proof. On October 4, 2012, Judge Arthur M.

9    Shack, of Kings County, New York, issued his opinion in the case of *IndyMac Federal Bank v.*

10   *Meisels*, 875209, in which he noted the defective proof utilized by OneWest in the foreclosure

11   case and recounted three other cases in his jurisdiction involving Erica Johnson-Seck's

12   execution of foreclosure documents as a "robo-signer"–someone who signs high volume

13   foreclosure documents at great speed representing herself as corporate officer of different

14   institutions simultaneously: *OneWest Bank, FSB v. Drayton*, 29 Misc.3d 1021 (Sup.Ct., Kings

15   County 2010); *IndyMac Bank, FSB v. Bethley*, 22 Misc.3d 1119 (Sup.Ct., Kings County 2009),

16   and *Deutsche Bank v. Harris* (Sup.Ct., Kings County 2008).

17         Here, the pattern is nearly identical, where Brian Burnett executed the MERS

18   Assignment and the Defendants prepared, transmitted, and recorded documents into the public

19   records as if OneWest was in fact the owner of the mortgage loan by stating in the Notice of

20   Default that OneWest is "the creditor to whom the debt is owed." Therefore, the Court must

21   impose the strongest sanction of default to ensure system integrity.  In *Malone v. United States*

22   *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), the court stressed that while there is a five-

23   part test that the district court applies in determining whether to impose case-dispositive

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion        9
for Sanctions

**H A   T H U   D A O ,   E S Q .**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1   sanctions, " But despite all this elaboration of factors, we have said that it is not always

2   necessary for the court to impose less serious sanctions first, or to give any explicit warning."

3   It is because, "A plaintiff can hardly be surprised by a harsh sanction in response to willful

4   violation of a pretrial order." *Id.*, (citing to Rules 16(f) and 41(b) for their express language

5   that a dismissal may be ordered for violation of a court order)

6          In this case, the final extended discovery deadline was on July 27, 2012. The Court

7   made it very clear that date would be the end of discovery period. Defendants and their

8   counsel would be hard pressed to claim that they did not know what the consequences of their

9   action might be. If OneWest is allowed to introduce the documents mentioned with the benefit

10  of a protective order at the evidentiary hearing and subsequent trial, the Plaintiff would be

11  devastatingly prejudiced as he would have no means to controvert the so-called evidence. We

12  are now at the 5th trial setting. At the evidentiary hearing, the Defendants and their lawyers

13  must be compelled to explain why the documents were not timely produced, and why the

14  documents should not be, at a minimum, excluded from being used for any purposes in the

15  case. " Preclusionary orders ensure that a party will not be able to profit from its own failure to

16  comply" *U.S. v Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

17                              **V. CONCLUSION**

18         Plaintiff respectfully prays the Court to deny motion for protective order, to preclude

19  all documents mentioned by OneWest from being used at the evidentiary hearing or for any

20  other purposes, and to impose sufficiently harsh sanctions upon OneWest and its counsel,

21  including a finding of default judgment, attorney's fees and costs incurred by the Plaintiff in

22  having to address the violations.

23

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

**H A   T H U   D A O ,   E S Q .**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1     Respectfully Submitted this 30th day of January , 2013.

2                    /s/ Ha Thu Dao

3                   ——————————————
                    Ha Thu Dao, WSBA 21793
                    Attorney for Plaintiff

4                   787 Maynard Ave. S., Seattle, WA 98104
                    (727) 269-9334/Fax 727-264-2447

5                   hadaojd@gmail.com

6

                  **<u>CERTIFICATE OF SERVICE</u>**

7

8     I hereby certify on January 30th, 2013, the foregoing document is being served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF,  upon the following parties:

9

10    Heidi Buck, Attorney for Defendants
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006

11    425-213-5534/Fax 425-458-2131
hbuck@rcolegal.com

12

13    Charles Katz, Attorney for Northwest Trustee Services
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006

14    425-586-1940
ckatz@rcolegal.com

15

16    Julie Vacura, Attorney for OneWest Bank and MERS
Larkins Vacura
621 S.W. Morrison Street, Suite 1450, Portland, Oregon 97205

17    503-542-3103
jvacura@larkinsvacura.com

18

                          /s/ Ha Thu Dao

19                    ——————————————

20

21

22

23

24

Plaintiff's Response to Motion for
Protective Order & Counter Motion
for Sanctions

**HA THU DAO, ESQ.**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com