THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MCDONALD,<br><br>    Plaintiff,<br><br>  v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>    Defendants. | No. 2:10-cv-01952-RSL<br><br>POST-EVIDENTIARY HEARING MEMORANDUM OF DEFENDANTS ONEWEST BANK, FSB, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |

Defendants OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration Systems, Inc. ("MERS") file this memorandum to address issues that remained at the close of the Evidentiary Hearing held on January 31, 2013 (the "Hearing").

**Corcoran Testimony**

At the Hearing, Christopher Corcoran testified by phone on behalf of Deutsche Bank National Trust Company ("DBNTC") about its role as custodian for OneWest of the original note signed by plaintiff in this case. During his testimony Mr. Corcoran reviewed and testified about a computer screen showing a document that he called the Loan Inventory Report. The Court requested a copy of the document be produced. OneWest, with this memorandum,

submits that document. Supplemental Declaration of Christopher Corcoran, Exhibit 1. That declaration and exhibit further confirm OneWest's possession of the original note.

Plaintiff cross-examined Mr. Corcoran about the location of a "Form 1036" DBNTC received from OneWest requesting DBNTC send plaintiff's original loan file to OneWest. Defendants had already produced that document to plaintiff on February 17, 2012. Hearing Exhibit ("HE") A-15, Tab 10.

**Production of Documents**

Hearing Exhibit A-15 provides this Court with the full history of the discovery in this case. In his first discovery pleading, plaintiff sought a number of documents which defendants for the most part produced. HE A-15, Tabs 1- 4, 6, 10, and 15. Plaintiff demonstrated his ability to seek and obtain documents to which he believed he was entitled, filing a number of motions to compel. *See, e.g.*, Docket #s 59, 96. On July 3, 2012, near the close of discovery, plaintiff issued additional discovery requests, to which OneWest objected in good faith. HE A-15, Tabs 19 and 21.[1]

In preparing for trial in November 2012, OneWest identified the Agreement with Respect to Servicing Transfer and Enforcement of Selling Representations and Warranties (the "Transfer Agreement") as a document not produced that was potentially or arguably responsive to plaintiff's Request for Production No. 4 ("servicing agreements between Defendant OneWest and the current owner or previous owners of the promissory note."). HE A-15, Tab 1. While OneWest has not used the document itself in this case, it offered to produce it to plaintiff on November 10, 2012 pursuant to a protective order, and in fact produced the document on

---

[1] As explained in defendants' Pre-Evidentiary Hearing Memorandum, the version of OneWest's response that plaintiff submitted to the Court, and to which the Court referred in its Order for Evidentiary Hearing of December 6, 2012, is not the final version of that pleading. Rather, OneWest sent to plaintiff the corrected version of that discovery response, certified by OneWest representative Charles Boyle, on August 3, 2012. HE A-15, Tab 21. In that version, OneWest did not state it had no additional electronic records, but stood instead on its objections.

POST-EVIDENTIARY HEARING MEMORANDUM, 2:10-cv-01952-RSL, page 2

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1   February 4, 2013, pursuant to this Court's order. Declaration of Julie R. Vacura ("Vacura
2   Decl."), Exhibit A.
3       The Transfer Agreement is duplicative of the other agreements previously provided to
4   plaintiff. HE A-15, Tab 6. In particular, the Servicing Business Asset Purchase Agreement
5   evidenced the sale of servicing rights for Mr. McDonald's loan to OneWest, and the Freddie
6   Mac Seller/Servicer Guide established the terms of the servicing arrangement. The Transfer
7   Agreement merely confirmed that Freddie Mac consented to OneWest servicing its loans.
8       On December 6, 2012, this Court entered its Order for an Evidentiary Hearing, Docket
9   #206, clearly concerned that OneWest had not been responsive to certain of plaintiff's
10  discovery requests, which the Court specified in its Order. In preparation for the Evidentiary
11  Hearing, OneWest identified three potentially responsive documents, which it produced
12  pursuant to this Court's order on February 4, 2013. Vacura Decl., Exhibits B-D. These
13  documents are largely duplicative of the information contained in electronic records already
14  produced to plaintiff on June 27, 2011. HE A-15, Tab 2.
15
16  //
17
18  //
19
20  //
21
22  //
23
24  //
25
26  //

1  Even assuming a mistake by OneWest with respect to document production in this case, plaintiff has not suffered any prejudice as a result because the documents do not go to prove any of plaintiff's claims, defendants are not using them to prove any element of any claim or defense, and they are largely duplicative of documents provided earlier.

Dated: February 6, 2013.

ROUTH CRABTREE OLSEN, P.S.

/s/ Heidi Buck Morrison
Heidi Buck Morrison, WSBA # 41769
Attorneys for Defendants OneWest Bank, FSB,
Mortgage Electronic Registration Systems, Inc.,
and Northwest Trustee Services, Inc.


LARKINS VACURA LLP

/s/ Julie R. Vacura
Julie R. Vacura, WSBA # 34588
Joseph D. Mueller, OSB # 111780 (*pro hac vice*)
Attorneys for Defendant OneWest Bank, F.S.B.
and Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon. I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On February 6, 2013, I served the following document(s) described as:

**POST-EVIDENTIARY HEARING MEMORANDUM OF DEFENDANTS ONEWEST BANK, FSB, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address(es) indicated on the attached service list.

☐ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☒ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Julie R. Vacura
Julie R. Vacura

Ha Thu Dao
<u>hadaojd@gmail.com</u>
    Attorney for Plaintiff

Page 2 – Certificate of Service