**Honorable Robert S. Lasnik**
**Noting Date: 3/1/2013**

## UNITED STATES DISTRICT COURT,
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **James McDonald** <br>                                 **Plaintiff** <br> v. <br> **OneWest Bank, FSB,** <br> **Northwest Trustee Services,** <br> **Mortgage Electronic Registration Systems,** <br>                                 **Defendants.** | No. **C10-1952-RSL** <br><br> PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL TO ALLOW EXAMINATION/INSPECTION OF THE ORIGINAL NOTE AND TO ADD EXAMINER AS A WITNESS [LCR 7(d)(2)] |

Plaintiff James McDonald respectfully moves the Court to issue an Order Continuing the Trial Date and Allowing the Examination/inspection of the so-called original Note currently in defense counsel' possession and to add the Examiner/Inspector, Dr. James Kelley, as an expert and/or fact witness for purpose of summary judgment and trial.  Plaintiff proposes Dr. Kelley as an expert and fact witness pursuant to FRCP 26(b), FRCP 34 and 35, FRCP 37(a)(3)(B)(iv), FCRP 45(c)(2)(B)(i).

## II. FACTS WARRANTING COURT ORDER

At the evidentiary hearing held by the Court on January 31, 2013, two versions of the promissory Note were admitted into evidence. The variance is visible in the placement of the stamped blank endorsement.  OneWest has sworn that both of these versions are "true and correct copy" of the original. OneWest's lawyers submitted both of these versions in separate

---

Plaintiff's Motion for Examination
of Note and Testimony of Examiner        1

H A  T H U  D A O ,  E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  proceedings in this Court as well as the Bankruptcy Court seeking rulings in their client's favor

2  (Evidentiary/Oral Record).

3  Defense counsel offered no explanation to the variance. Charles Boyle, who worked his

4  way up as from a clerk to the position of Vice President of OneWest Bank, could not explain

5  why the variance occurred. He testified on the stand, "sometimes, we stamped a copy."

6  This Court asked to see the original at the hearing and defense counsel, Julie Vacura, Esq.,

7  handed it up to the bench. Plaintiff stated for the record that he challenges the authenticity of

8  the so-called original Note. Based on the development at the evidentiary hearing, Plaintiff

9  researched further and discovered that Dr. James Kelley, has the equipment and skills

10  necessary to detect forgery of documents via electronic means and can render his factual

11  findings on the issue of whether the original Note currently in defense counsel's position is the

12  authentic and only original.  Dr. Kelley is located in Saratoga, California (<u>Exhibit 1, Summary</u>

13  <u>of Dr. Kelley's credentials</u>).

14  Because OneWest has intentionally obscured the issue of whether the Note is original,

15  OneWest must arrange for the examination/inspection of the Note by Dr. Kelley and pay for

16  the costs associated with the examination. FRCP 26(b)(4)(C)(i). The Plaintiff requests the

17  Court to continue the present summary judgment hearing and trial date to allow the

18  examination by  Dr. Kelley as his findings will aid the fact-finder in the ultimate issue of

19  whether the document proposed by OneWest and its attorney is the original promissory Note

20  executed by the Plaintiff.

21  ## II. LEGAL AUTHORITY

22

23  Because OneWest has placed the authenticity of the Note in issue, Plaintiff is entitled

24  to have the article examined by Dr. Kelley. FCRP 34 (a)(2). Even though Plaintiff is required

Plaintiff's Motion for Examination
of Note and Testimony of Examiner

2

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

to serve OneWest with a request pursuant to FRCP 34(a), the development at the evidentiary hearing and the looming trial date render a formal request impracticable. Because defense counsel currently possesses the document and defense counsel has offered the Court a visual inspection at the evidentiary hearing, Dr. Kelley's examination of the article does not intrude upon anyone's privacy, trade secret or constitute a burden upon OneWest. Dr. Kelley should then be allowed to examine the document and render his findings as a fact witness or a testifying-only expert.

Plaintiff has a substantial need to verify the authenticity of the document and it is impossible for him to do so without Dr. Kelley's actual examination of it. *Belcher v. Bassett Furniture Indus.*, 588 F.2d 904, 908 (4th Cir.1978) (the moving party need to show only that the desired discovery is relevant to the cause of action); *National Dairy Products Corp. v. L.D. Schreiber & Co. Inc.*, 61 F.R.D. 581, 583 (E.D.Wis.1973)(Courts insure that the anticipated benefits are real and necessary, and that the burdens will not be intolerable*); United States v. National Steel Corp.,* 26 F.R.D. 1960) (S.D.Tex.1960)(same).

This Court has in *Selvar v. Western Towboat Co*., 2012 U.S. Dist. LEXIS 157809 (W.D. Wash.2012), granted Plaintiff the right to inspect the defendant's tug boat and held, "When parties do not agree whether a request for inspection is appropriate, 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and danger created by the inspection.'" (*Citing to New York State Ass'n for Retarded Children Inc., v. Carey*, 706 F.2d 956, 961 (2d Cir.1983)). Since OneWest has always been eager and ready to produce the purported original Note as evidence of its holder status and thus authority to enforce and foreclose, no burden is discerned from allowing the document to be examined. The potential aide in the search for truth, under the facts of this case, is apparent

Plaintiff's Motion for Examination
of Note and Testimony of Examiner

3

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  and paramount to the Court's determination of the issue of whether the Note OneWest sought

2  to enforce is the genuine original.

## V. CONCLUSION

4  Plaintiff respectfully prays the Court to order OneWest to make available the Note for

5  Dr. Kelley to examine for its authenticity as soon as practicable. Plaintiff prays the Court to

6  order OneWest to bear the expenses incurred in making said examination possible, and

7  Plaintiff prays the Court to add Dr. Kelley to Plaintiff's witness list as a fact/testifying expert

8  for purposes of summary judgment and trial.

9  Respectfully Submitted this 15th day of February, 2013.

10  /s/ Ha Thu Dao

11  Ha Thu Dao, WSBA 21793
Attorney for Plaintiff
12  787 Maynard Ave. S., Seattle, WA 98104
(727) 269-9334/Fax 727-264-2447
13  hadaojd@gmail.com

Plaintiff's Motion for Examination
of Note and Testimony of Examiner

4

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify on February 15, 2013, the foregoing document is being served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF,  upon the following parties:

Heidi Buck, Attorney for Defendants
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-213-5534/Fax 425-458-2131
hbuck@rcolegal.com

Charles Katz, Attorney for Northwest Trustee Services
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-586-1940
ckatz@rcolegal.com

Julie Vacura, Attorney for OneWest Bank and MERS
Larkins Vacura
621 S.W. Morrison Street, Suite 1450, Portland, Oregon 97205
503-542-3103
jvacura@larkinsvacura.com

/s/ Ha Thu Dao
_____

Plaintiff's Motion for Examination of Note and Testimony of Examiner

5

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com