THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,<br><br>　　　　　Defendants. | No.  2:10-cv-01952-RSL<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL TO ALLOW EXAMINATION/INSPECTION OF THE ORIGINAL NOTE AND TO ADD EXAMINER AS A WITNESS<br><br>NOTE ON MOTION CALENDAR: March 1, 2013 |

**INTRODUCTION**

Plaintiff's Motion for Continuance of Trial to Allow Examination/Inspection of the Original Note and to Add Examiner as a Witness ("Motion for Continuance") should be denied as untimely and meritless.  In addition to seeking a continuance, plaintiff appears to be requesting that the Court compel defendants to arrange for plaintiff's purported expert to examine the relevant promissory note, and to pay for the costs of that examination.  Plaintiff

has neither served a proper request under the Federal Rules nor conferred regarding this motion.

## DISCUSSION

Plaintiff's motion is based on the false premise that "OneWest has placed the authenticity of the Note in issue." Pl.'s Mot. for Continuance at 2. It is plaintiff, armed with nothing but a supposed suspicion, who attempts to create an issue about the authenticity of the promissory note in this case (the "Note"), not OneWest Bank, FSB ("OneWest").

Plaintiff's motion is untimely. Plaintiff viewed the original Note in this case on July 13, 2011, at the offices of defense counsel. Declaration of Heidi Buck Morrison at ¶ 3. The copy of the Note plaintiff now focuses on was filed in plaintiff's bankruptcy in August 2010. Case No. 10-18496-SJS (W.D. Wash. Bankr.) Dkt. No. 19-1. Thus, plaintiff was aware of the relevant evidence for well over eighteen months before filing the Motion for Continuance. The deadline for expert disclosures in this case was June 8, 2011 (Dkt. No. 44), and discovery is closed. Plaintiff has not identified any basis for reopening those periods or for further delaying resolution of this case.[1]

Even if plaintiff's request were timely, it is still meritless. To begin with, "[p]romissory notes are self-authenticating under Federal Rule of Evidence 902(9)." *Theros v. First Am. Title Ins. Co.*, 2011 WL 462564, *2 (W.D. Wash. Feb. 3, 2011). Plaintiff has not provided any evidence or argument to justify making this case the exception to that rule. In particular, plaintiff has never provided any evidence, as opposed to speculation, that the Note is not authentic. He now seems to suggest that an electronic copy of the Note submitted in a different

---

[1] Even if an expert were otherwise appropriate at this late date and on this subject, defendants would object to the proposed expert, Dr. Kelley. His curriculum vitae presents several causes for concern, including the lack of any detail regarding his qualifications or experience in authenticating physical documents. And plaintiff's demand that defendants pay for Mr. Kelley is specious, citing only Fed. R. Civ. P. 26(b)(4)(C)(i) for the proposition that OneWest should be compelled to pay. Pl.'s Mot. for Continuance at 2. Rule 26(b)(4)(C) is entitled "Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses," and its subsections have no bearing on compelling a party to pay for another party's expert.

OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL, 2:10-cv-01952-RSL, page 2

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1  case—a bankruptcy matter dismissed in 2010—somehow undermines the authenticity of the

2  original Note here.  In his motion, however, plaintiff makes no attempt to explain why or in

3  what way he believes the original Note to be inauthentic.  Nor does he offer any explanation of

4  how the copy of the Note submitted in the 2010 bankruptcy action has any bearing on this

5  case.[2]

6       Plaintiff's latest speculations are consistent with his *modus operandi* in this case—

7  attack OneWest's standing without identifying any plausible alternative to OneWest's status as

8  holder of the Note, much less actual evidence to support such an alternative.  Plaintiff has never

9  claimed that at any time, whether before or after his payment default, he has received

10 conflicting demands for payment or that he has been confused about where his payment was

11 required to be sent.  Rather, plaintiff's latest motion appears to be yet another attempt to

12 obfuscate the fact that he defaulted on his payments to OneWest over three years ago, and to

13 delay further the inevitable consequences of that default.

14      Defendants have consistently relied in this case on the original Note indorsed in blank,

15 which has been shown to both plaintiff and the Court; and plaintiff's latest speculation does

16 nothing to undermine the authenticity of the Note or OneWest's status as holder of the Note in

17 this case.

18 //

19 //

20 //

21 //

22 //

23

---

24 [2] Plaintiff purports to quote Charles Boyle's testimony at the evidentiary hearing on January 31, 2013
25 (Pl.'s Mot. for Continuance at 2), although a call to the court reporter on February 19, 2013, revealed
   that the transcript is not complete and has not been sent out to any party.  It is therefore unclear whether
26 the language plaintiff's counsel quotes is an accurate quote of Mr. Boyle.  In any event, even if a copy
   of the original Note had been indorsed at one time, that fact would have no bearing on the authenticity
   of the original Note in this case.

OPPOSITION TO PLAINTIFF'S MOTION FOR
CONTINUANCE OF TRIAL, 2:10-cv-01952-RSL, page 3

**CONCLUSION**

OneWest has relied on the original Note in this case, and the copy of the Note from plaintiff's 2010 bankruptcy case has no bearing on this case. Plaintiff's request for a new expert is untimely and meritless, and his Motion for Continuance should be denied.

Dated: February 20, 2013.

ROUTH CRABTREE OLSEN, P.S.

/s/ Heidi Buck Morrison
Heidi Buck Morrison, WSBA # 41769
Attorneys for Defendants OneWest Bank, F.S.B.,
Mortgage Electronic Registration Systems, Inc.,
and Northwest Trustee Services, Inc.

LARKINS VACURA LLP

/s/ Joseph D. Mueller
Julie R. Vacura, WSBA # 34588
Joseph D. Mueller, OSB # 111780 (*pro hac vice*)
Attorneys for Defendant OneWest Bank, F.S.B.
and Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon. I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On February 20, 2013, I served the following document(s) described as:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL TO ALLOW EXAMINATION/INSPECTION OF THE ORIGINAL NOTE AND TO ADD EXAMINER AS A WITNESS**

on the party or parties listed on the following page(s) in the following manner(s):

☐ **BY HAND DELIVERY:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐ **BY FEDERAL EXPRESS:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address
(es) indicated on the attached service list.

☐ **BY FIRST-CLASS MAIL:** For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐ **BY FACSIMILE:** For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list. If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐ **BY E-MAIL:** For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list. If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☒ **BY ECF:** For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Joseph D. Mueller
Joseph D. Mueller

Page 1 – Certificate of Service

Ha Thu Dao
hadaojd@gmail.com
    Attorney for Plaintiff

Page 2 – Certificate of Service