**Honorable Robert S. Lasnik**
**Noting Date: 3/1/2013**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **James McDonald**<br>　　　　　　　　　　　　　　　**Plaintiff**<br>　　　　　v.<br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>　　　　　　　　　　　　　　　**Defendants.** | No. **C10-1952-RSL**<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR CONTINUANCE OF TRIAL TO ALLOW EXAMINATION/INSPECTION OF THE ORIGINAL NOTE AND TO ADD EXAMINER AS A WITNESS [LCR 7(d)(2)] |

### I. WHAT IS THE REAL MORAL HAZARD RESULTING FROM THE POSSIBILITY THAT THE NOTE, AS PRODUCT OF FORGERY, MAY BE INVALIDATED AND UNENFORCEABLE?

　　　Up to this point, no one has seriously questioned the authenticity of what OneWest and its lawyers represent as the original Note that Plaintiff has signed at closing. In addition to the fact that Plaintiff was acting *pro se*, the reason for the lack of a rigorous challenge is not surprising: 1) the assertion is made repeatedly by a large financial institution through one or more witnesses under the penalty of perjury, then argued and vouched for by one or more lawyers as officers of the court; 2) the traditional expectation that a document signed in blue ink is authentic, and 3) invalidating a promissory note has unthinkable consequences. The

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

1

H A  T H U  D A O ,  E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

Court itself was predisposed to trust a document signed in blue ink and being handed up by a lawyer: "And earlier in the briefing, there was an allegation from Mr. McDonald that, 'I don't think this is the original because it doesn't have wear and tear and it doesn't have this or that.' Is that still his position about this document, too? … Even though there's , like blue ink on there and everything?" (<u>Transcript of Evidentiary Hearing, p. 83. 1/31/2013</u>). The Court perceived that a moral hazard would be created if the Plaintiff is successful in the litigation: "I just want to remind Mr. McDonald, you know, before Ms. Dao was here, that we're dealing with issues here, here, and here, but ultimately that loan has to be paid off to somebody. It's not like it's going to disappear into the ether." (<u>Transcript of Evidentiary Hearing, p. 84. 1/31/2013</u>).

Sensing the Court's concern, Plaintiff requested Dr. James Kelley to examine the purported note for its authenticity and to render a preliminary report. Dr. Kelley has done so and his findings are attached hereto.

## II. ONEWEST ADMITTED THAT IN SOME CASES, COPIES OF THE NOTE "CAN BE ENDORSED" WHICH IMPLICATES PAYMENTS OR FORECLOSURE IN THIS CASE CAN BE BASED ON A COUNTERFEIT OR FORGERY

At the evidentiary hearing held by the Court on January 31, 2013, the Court received into evidence testimony and documentary proof of two varying versions of what should be the original note that Plaintiff signed at closing. The following was heard on the record:

> THE COURT: Okay. Mr. Boyle, do you still have the plaintiff's exhibit that Ms. Dao gave you? Look at the last page of the note on that one and compare it to the last page of the note in Exhibit 1.
>
> Do you see how the signature line, "Pay to the order of without recourse" has moved from far left from one document, and it's on sort of the center right on the other document?

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

2

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1     THE WITNESS: Yes, I see that.

2     THE COURT: Do you have any explanation for how that might have happened in the copying, or anything like that?

3

4     THE WITNESS: I don't know.

    THE COURT: Okay.

5

6     (By Ms. Dao) So your testimony is that Exhibit 1 is a true and exact copy of the original note, as you're sitting here on the stand today?
    THE WITNESS: Yes. That was my testimony in the declaration.

7

8     THE COURT: You looked at it yesterday. Do you remember where this line was?

9     THE WITNESS: No, I didn't compare the two.

10     THE COURT: Counsel, as an officer of the court, could you represent to me where the signature is on the original?

11

12     MS. VACURA: Yes, Your Honor.

    THE COURT: It's on the center right?

13

14     MS. VACURA: Yes.
    \*\*\*\*\*

15     (By Ms. Dao) We have discovered today that there are two versions of the original note, are you now aware of that?
    \*\*\*\*\*

16     THE COURT: Okay. Do you have any explanation for that?

17     THE WITNESS: **I know that in certain cases at origination there's a copy of the note that's made. You know, there's several copies of the original note that are made, and sometimes, you know, it can be endorsed.**

18

19

20     (<u>Transcript of Evidentiary Hearing, pp. 47 -48, 76</u>)

21    The implication of the witness' revelation is enormous. Mr. Boyle did not say that in some

22 cases, one or more copies of the note is stamped; he said "it can be endorsed." Only a proper

23 negotiation of the note confers "holder" status in the transferee and makes the transferee a

24

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

3

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  PETE or Person Entitle to Enforce: a "holder" takes through a valid "negotiation," and a valid
2  "negotiation" leads to "holder" status. How is holder status acquired? Through a blank
3  endorsement or a special endorsement by the original payee of the note. See Uniform
4  Commercial Code §3-204, Official Comment 1. Therefore, from Mr. Boyle's testimony, the
5  Court must ask what force and effect then should be given to any of the multiple "endorsed"
6  copies of the note.

7  OneWest, through its counsel Routh Crabtree Olsen, submitted an endorsed copy of the
8  original note an affidavit signed by Chamagne Williams, Assistant Vice President, in support
9  of its motion for relief from stay from the Plaintiff's bankruptcy case number 10-18496 on
10 August 31, 2010. Ms. Williams swore under oath that OneWest Bank "has possession of the
11 original indorsed Note" She then attached a "true and correct copy" of this original indorsed
12 note where the indorsement appears close to the left margin of the page. Defense counsel has
13 asked why this submission matters in this case and the answer is if Ms. Williams' statement
14 under oath about the authenticity of note is true, then Mr. Boyle's statement and testimony and
15 Ms. Vacura's vouching for the other version of the Note, where the endorsement appears in the
16 middle of the page, are not, and vice versa. The significance is that OneWest and its counsel
17 cannot assail this Court or the bankruptcy court's integrity by submitting whatever fits their
18 purposes regardless of the truth.

19 At the evidentiary hearing, the Court asked for and received Ms. Vacura's assurance that
20 the note she offered up is in fact the original. But if Ms. Vacura's representation as an officer
21 of the court and Mr. Boyle's statement that the copy attached to his declaration is the copy of
22 the true original, then Ms. Williams' affidavit is false and the lawyer who submitted her
23 affidavit to the bankruptcy court should be sanctioned for submitting a perjured statement. The

Plaintiff's Reply to Defendants'
Response to Motion for
Examination of Note and
Testimony of Examiner

4

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  problem is that Ms. Williams also works for OneWest, and Routh Crabtree Olsen remains

2  OneWest's counsel in this litigation.  It is quite clear from these facts that the conflicting

3  claims give rise to a need for independent verification of whether the "original" note is an

4  original.

5        The danger posed by Ms. Vacura's vouching for the authenticity of the purported note

6  is obvious. Ms. Vacura would not have any personal knowledge of the origin of the note, the

7  path of its travel, or its unique identifiers. Counsel would have to take her client's words for it,

8  and then staking her professional reputation upon what she only knows second handed. This

9  does not enhance the quality of the evidence; its opposite effect—erosion of public's

10  confidence in the legal system— is guaranteed.

11  **III. DR. JAMES KELLEY HAS FOUND EVIDENCE OF ELECTRONIC COUNTERFEITING IN THIS CASE.**

12

13        OneWest's counsel has provided a scanned color copy of the document via electronic

14  mail/transmission, as well as a hard color copy via overnight mail. Dr. Kelley has examined

15  both and rendered his preliminary findings in the attached Declaration and Attachments (<u>James

16  Kelley's Declaration & Attachments to Same</u>). Dr. Kelley explained how the electronic

17  forgery has occurred in the document claimed to be the original promissory Note. Dr. Kelley

18  declared that he would be able to demonstrate the steps taken in his examination before the

19  fact-finder. An inspection of the physical document by Dr. Kelley therefore will aid in not only

20  in the conclusive effect of his findings but also the Court's own evaluation of the same

21  findings.

22        Using a scan color copy of the purported Note provided by OneWest's counsel,

23  Larkins Vacura, Dr. Kelley was able to verify that the Plaintiff's signature and the

24

Plaintiff's Reply to Defendants'
Response to Motion for
Examination of Note and
Testimony of Examiner

5

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1 endorsements had been electronically placed on the document; the purported Note therefore must be examined to rule out the possibility that a manufactured document is being submitted for the Court's consideration and to gain advantage over the Plaintiff (<u>Dr. Kelley's Declaration and Attachments</u>). Dr. Kelley has submitted his findings in two cases of record, *Malin v. JP Morgan et al.*, 3:11-cv-00554, Eastern District of Tennessee, and *Jonson v. Flagstar*, 3:12-cv-00663, Western District of Washington.

OneWest's deceptive pattern and practice in foreclosure cases is well-documented by the courts. On May 26, 2011 Judge Laura Taylor of the US Bankruptcy Court in the District of Southern California issued a Memorandum Decision denying OneWest's motion for relief from stay to foreclose upon the debtor's home that contains strong criticism of OneWest Bank and its employees, including Mr. Charles Boyle. *OneWest Bank, FSB v Arizmendi*, 2011 Bankr. LEXIS 2138 (S.D. Cal. 2011). There, an employee of OneWest, Brian Burnett executed a sworn Declaration stating that OneWest was the "real party of interest" and the "current beneficiary" of Mrs. Arizmendi's Note and Deed of Trust. However, at the hearing of the motion, Charles Boyle testified that Freddie Mac was the real party of interest and current beneficiary.

Judge Taylor noted that what happened in *Arizmendi* is not an isolated incident but a pattern or practice by OneWest and its lawyers in the Southern District of California:

> Further, this is not the first time that One West has provided less than complete information in the Southern District of California. See "Memorandum Decision Re Motion to Vacate Clerk's Entry of Default and Motion to Dismiss Complaint; Order to Show Cause for Contempt of Court", docket no. 39, Adv. Pro. 10-90308-MM (*In re Doble*; Bk. Case No. 10-11296, 2011 Bankr. LEXIS 1449) (**Defendants, including One West, were neither candid nor credible in explaining failure to respond timely to complaint and submitted multiple and different notes as "true and correct"**); "Order to Show Cause Why One West Bank and Its Attorneys Law Offices of Randall Miller and Christopher Hoo

Plaintiff's Reply to Defendants'
Response to Motion for
Examination of Note and
Testimony of Examiner

6

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

Should Not Appear Before the Court to Explain Why They Should Not Be Held in Contempt or Sanctioned", docket no. 47, *In re Carter*, Bk. Case No. 10-10257-MM13 (among other things One West provides inconsistent evidence as to its servicer status); and "Order After Hearing to Show Cause Why Indymac Mortgage Services; OneWest Bank, FSB; Randall S. Miller & Associates, P.C.; Christopher J. Hoo; Barrett Daffin Frappier Treder & Weiss, LLP; and Darlene C. Vigil Should Not Appear Before the Court to Explain Why They Should Not Be Held in Contempt or Sanctioned", docket no. 47, *In re Telebrico*, Bk. No. 10-07643-LA13 (**Court concerned that OneWest provided evidence that was either intentionally or recklessly false**).

Id., emphasis added.

California bankruptcy judges have not been the only ones having concerns over OneWest and the quality of its witnesses and proof. On October 4, 2012, Judge Arthur M. Shack, of Kings County, New York, issued his opinion in the case of *IndyMac Federal Bank v. Meisels*, 875209, in which he noted the defective proof utilized by OneWest in the foreclosure case and recounted three other cases in his jurisdiction where the same pattern has occurred, *OneWest Bank, FSB v. Drayton*, 29 Misc.3d 1021 (Sup.Ct., Kings County 2010); *IndyMac Bank, FSB v. Bethley*, 22 Misc.3d 1119 (Sup.Ct., Kings County 2009), and *Deutsche Bank v. Harris* (Sup.Ct., Kings County 2008). In sum, these courts have been alerted to the pattern and practice committed by OneWest: providing evidence which is intentionally or recklessly false.

### III. THE PURPORTED ORIGINAL NOTE IS NOT CAPABLE OF BEING SELF-AUTHENTICATED

The defense's claim that the purported note is self-authenticated cannot be taken seriously because its authentication has been directly contradicted by OneWest's other purported original note sworn to by OneWest's assistant vice president, Chamagne Williams, and submitted to the bankruptcy court for consideration by OneWest's present counsel, Routh

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

7

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  Crabtree Olsen. At the present, the only person that can authenticate the document is the Plaintiff because he was the signer of the original note. Neither Mr. Boyle nor Ms. Vacura can authenticate the subject document as the original because they were not there when Plaintiff signed the original.

It is curious that the defense is opposing Plaintiff's effort to verify the authenticity of the purported note. If the document is the genuine article, it will withstand any examination or inspection. The Court should note that as confident the defense is about the document's authenticity, they should be as eager to allow Dr. Kelley to examine it. If the defense has any doubt about Dr. Kelley's qualifications, methods or findings, they can inquire of him. Again, this Court has in *Selvar v. Western Towboat Co.*, 2012 U.S. Dist. LEXIS 157809 (W.D. Wash.2012), has held that "When parties do not agree whether a request for inspection is appropriate, 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and danger created by the inspection.'" (*Citing to New York State Ass'n for Retarded Children Inc., v. Carey*, 706 F.2d 956, 961 (2d Cir.1983)). Since OneWest has always been eager and ready to produce the purported original Note as evidence of its holder status and thus authority to enforce and foreclose, no burden is discerned from allowing the document to be examined. The potential aide in the search for truth, under the facts of this case, is apparent and paramount to the Court's determination of the issue of whether the Note OneWest sought to enforce is the genuine original.

### III. CONCLUSION

The legal issue in this case is not whether the indebtedness should be paid but whether the defendants have produced sufficient proof to satisfy the Court's conscience that they are in fact the real party in interest and are entitled to enforce the terms of the note and deed of trust.

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

8

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  While it is relatively easy to take the property from the Plaintiff because he has not been

2  making payments, it will be much harder down the line to provide a *bona fide* purchaser with

3  clear title. The answer to the Court's concern as to whether the value of the note should be

4  paid is straight forward: the person or entity responsible for the counterfeiting of the note

5  should pay its value to the note's owner. The lien can remain on the subject property

6  preventing Plaintiff from transferring with clear title. Yet, as between the parties, OneWest has

7  not come in to court with clean hands. The real moral hazard here arises from the fact that

8  financial institutions like OneWest can afford to take great risks, including risks resulting from

9  of counterfeiting documents used in foreclosure, because the costs are borne by the Plaintiff

10 and by the party who paid value for the Note.

11     Plaintiff prays the Court to order OneWest to arrange for Dr. Kelley's examination of the

12 purported note as soon as practicable, to bear the expenses incurred said examination. Plaintiff

13 prays the Court to add Dr. Kelley to Plaintiff's witness list as a fact/testifying expert for

14 purposes of summary judgment and trial.

15     Respectfully Submitted this 25th day of February, 2013.

16                                       /s/ Ha Thu Dao

17                                       Ha Thu Dao, WSBA 21793
                                         Attorney for Plaintiff
18                                       787 Maynard Ave. S., Seattle, WA 98104
                                         (727) 269-9334/Fax 727-264-2447
19                                       hadaojd@gmail.com

Plaintiff's Reply to Defendants'
Response to Motion for
Examination of Note and                  9
Testimony of Examiner

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify on February 25, 2013, the foregoing document is being served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF,  upon the following parties:

Heidi Buck, Attorney for Defendants
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-213-5534/Fax 425-458-2131
hbuck@rcolegal.com

Charles Katz, Attorney for Northwest Trustee Services
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-586-1940
ckatz@rcolegal.com

Julie Vacura, Attorney for OneWest Bank and MERS
Larkins Vacura
621 S.W. Morrison Street, Suite 1450, Portland, Oregon 97205
503-542-3103
jvacura@larkinsvacura.com

/s/ Ha Thu Dao
_____

Plaintiff's Reply to Defendants' Response to Motion for Examination of Note and Testimony of Examiner

10

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com