UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JAMES MCDONALD,                         )   No. C10-1952RSL
                                        )
                    Plaintiff,          )
        v.                              )   ORDER CONTINUING TRIAL DATE
                                        )   AND REOPENING DISCOVERY
ONEWEST BANK, FSB, *et al.*,            )
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on "Plaintiff's Motion for Continuance of Trial to Allow Examination/Inspection of the Original Note and to Add Examiner as a Witness." Dkt. # 227. Despite holding an evidentiary hearing on January 31, 2013, there remains an issue of fact regarding whether defendants have actual possession of the original, signed promissory note at this point in time. While the document shown to the Court at the end of the hearing has a blue-ink signature, plaintiff's challenge to its authenticity is not unreasonable or unfounded. Defendants have presented at least two versions of the note in judicial proceedings with attestations that each is a true and correct copy of the original debt instrument. See Dkt. # 49 at 17-23; In re James Bradley McDonald, B.R. No. 10-18496SJS (Dkt. # 19, Ex. A). The signature pages of the proffered notes are materially different, however, meaning that at least one of these attestations is false. The varying placement of the IndyMac Bank, F.S.B. endorsement cannot be

ORDER CONTINUING TRIAL DATE
AND REOPENING DISCOVERY

conclusively explained as an artifact of the copying process, and defendants have offered no theory under which the two copies could reflect the same, original document. The testimony of OneWest's witness at the evidentiary hearing gives rise to the reasonable inference that OneWest sometimes makes copies of the original note at or near the time of closing, thereafter endorsing and producing copies of a copy (rather than the original) for litigation purposes. In these circumstances, the Court finds that plaintiff should be given an opportunity to test defendants' claim that the note presented to the Court on January 31, 2013, is the original promissory note that plaintiff signed in January 2007.

Defendants' timeliness objections are overruled. Defendants have repeatedly presented to the Court what purports to be a photocopy of the original promissory note accompanied by declarations made under penalty of perjury that the original was in their possession. Many of these assertions turned out to be untrue. While plaintiff suspected from the beginning that the original was not actually in defendants' possession, his reliance on defendants' assertions that the document it submitted was a copy of the original was not unreasonable. The fact that it took plaintiff until after the close of discovery to realize that documents submitted by defendants to the Court could not all be copies of the original note is not surprising given defendants' constant assurances to the contrary.

The trial date in the above-captioned matter is hereby STRICKEN. Plaintiff shall have three months from the date of this Order to conduct additional discovery regarding the authenticity of the note presented at the evidentiary hearing. Defense counsel Heidi Buck Morrison shall make the note available for inspection by plaintiff, plaintiff's counsel, and/or plaintiff's expert(s) at her offices on seven days' notice. To the extent plaintiff hires an expert to provide an opinion regarding the authenticity of the note, he shall provide a report consistent with Fed. R. Civ. P. 26(a)(2)(B) on or before June 3, 2013. Defendants may, if they choose, depose the expert(s) prior to June 27, 2013. Any discovery-related motions must be filed by that

ORDER CONTINUING TRIAL DATE
AND REOPENING DISCOVERY                -2-

date. A revised case management schedule authorizing additional motions in limine will be issued.

Plaintiff's request that the costs of the additional discovery contemplated by this Order be shifted to defendants is DENIED. Plaintiff's request that consideration of the summary judgment motions be continued is also DENIED. Where resolution of a claim depends on the current location of the original promissory note, claims that depend on that fact will not be resolved through summary judgment.

Dated this 7th day of March, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER CONTINUING TRIAL DATE
AND REOPENING DISCOVERY                 -3-