The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

                Plaintiff,

   v.

ONE WEST BANK, FSB, et al.,

                Defendants.

No. 10-CV-01952-RSL

MERS'S MOTION FOR RECONSIDERATION OR CLARIFICATION

*Note on Motion Calendar:*
**March 21, 2013.**

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL)
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II.  RESTATEMENT OF RELEVANT FACTS ..................................................................... 1

    A.   MERS Had a Limited Role ................................................................................ 1

    B.   MERS Was Not Involved With the Attempted Foreclosure. ............................. 2

III. ARGUMENT ..................................................................................................................... 3

    A.   The Court Misapplied *Bain* In Finding Evidence of Deception as to MERS Based on MERS's Nominee Designation in the Deed of Trust. ................................................... 3

    B.   There is No Evidence that "But For" MERS's Conduct, Plaintiff Would Not Have Suffered the Same Alleged Injuries. ............................................................................ 5

IV.  CONCLUSION .................................................................................................................. 6

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — i
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bain v. Metro. Mortg. Group. Inc.*,
    No. 2:09-cv-149-JCC, Dkt. 159, Order Certifying Question to the Washington
    Supreme Court (W.D. Wash. June 27, 2011) ...................................................................... 4

*Bain v. Metro. Mortg. Grp., Inc.*,
    2011 WL 917385 (W.D. Wash. 2011) ................................................................................ 4

*Hanson v. MERS, Inc.*,
    2012 WL 7749161 (W.D. Wash. Dec. 13, 2012) ............................................................... 5

*Foley v. Wells Fargo Bank, N.A.*,
    2012 WL 4829124 (S.D. Fla. 2012) .................................................................................... 4

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ................................................................................... 6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ............................................................................................... 4

*Selkowitz v. Litton Loan Servicing*,
    Case No. 3:10-cv-5523-JCC, Dkt. No. 15-1 (W.D. Wash. Aug. 24, 2010) ........................ 4

*Wilson v. Bank of Am., N.A.*,
    2013 WL 275018 (W.D. Wash. 2013) ................................................................................ 6

**STATE CASES**

*Andrews v. Kelleher*,
    124 Wash. 517 (1923) ......................................................................................................... 5

*Bain v. Metro. Mortg. Group Inc.*,
    175 Wn.2d 83 (2012) .................................................................................................. passim

*Carr v. Cohn*,
    44 Wash. 586 (1906) ........................................................................................................... 5

*Indoor Billboard of Wash., Inc. v. Integra Telecomm. Of Wash., Inc.*,
    162 Wn.2d 59 (2007) ...................................................................................................... 1, 5

*State v. McFarland*,
    127 Wn.2d 332, 899 P.2d 1251 (1995) ............................................................................... 4

**OTHER AUTHORITIES**

Freddie Mac Single-Family Seller/Servicer Guide § 66.17 (2013), *available at*,
    www.allregs.com/tpl/Main.aspx ......................................................................................... 4

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — ii
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

MERS respectfully asks the Court to reconsider or clarify portions of its Order Regarding Cross Motions for Summary Judgment (the "Order"). *See* Dkt. 238. The only claim pending against MERS is under the CPA. MERS requests reconsideration of the Court's holding that, as to MERS, Plaintiff has evidence of either (a) an unfair or deceptive act or practice, or (b) injury caused by MERS. The Court should grant MERS's motion for the following reasons:

***First***, the Supreme Court in *Bain v. Metropolitan Mortg. Group Inc.*, 175 Wn.2d 83 (2012) did ***not*** hold that listing MERS as beneficiary (as nominee for the Note holder) in a Deed of Trust has the capacity to deceive. *See* Order at 23:13-17. Indeed, the Court in *Bain* held that it was "likely true" that MERS could act as an agent for the Note holder. *Bain*, 175 Wn.2d at 106. The issue in *Bain* was that the admittedly flawed Assignment of the Deed of Trust suggested MERS was acting as beneficiary in its own right, rather than as an agent for a Note holder with control over MERS's actions. Nothing in *Bain* suggests that MERS's designation in the Deed of Trust as beneficiary in a nominee capacity for a disclosed note holder and principal (IndyMac) is deceptive. As a result, Plaintiff has no evidence supporting the first CPA element.

***Second***, there is no evidence in the record that "but for" MERS's limited conduct, Plaintiff would not have incurred the same expenses investigating whether OneWest Bank had the right to foreclose. *See* Order, at 24:6-15 (citing *Indoor Billboard of Wash., Inc. v. Integra Telecomm. Of Wash., Inc.*, 162 Wn.2d 59, 84 (2007)). To the extent the Court continues to find evidence of causation, MERS respectfully requests clarification of the basis for that ruling so that MERS can prepare for trial with an understanding of the evidence it needs to refute.

## II. RESTATEMENT OF RELEVANT FACTS

### A. MERS Had a Limited Role

The facts in this case show MERS had a limited role with respect to Plaintiff's loan, and no role with respect to the foreclosure initiation forming the genesis of this lawsuit.

**Plaintiff's Loan.** In January 2007 Plaintiff borrowed approximately $390,000 from IndyMac Bank, FSB, as evidenced by a promissory note (the "Note"). *See* Dkt. 173, at 6 (Note). That Note defined IndyMac as the "Lender," and provided that IndyMac could transfer the Note,

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 1
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

and that anyone who took the Note by transfer and is entitled to receive payments was the "Note holder." *Id.* MERS is not mentioned in Plaintiff's Note.

**Plaintiff's Deed of Trust.** Like the Note, Plaintiff's Deed of Trust provides that IndyMac is the "Lender," but explains that MERS was designated "beneficiary" under the Deed of Trust, "acting solely as a nominee for Lender and Lender's successors and assigns." Dkt. 173, at 1. Thus, in Plaintiff's Deed of Trust MERS was designated as the agent of a disclosed principal (IndyMac). As a result, at loan origination, IndyMac was beneficiary as a matter of law (as Note holder) and MERS was beneficiary of record (acting as IndyMac's agent). The Deed of Trust explains that the Note and Deed of Trust can be sold without notice. *Id.* ¶ 20. Read together, the Note and Deed of Trust confirm MERS is not a Note holder and acts solely as an agent.

**MERS Assigns its Interest in the Deed of Trust.** On January 27, 2010, a MERS signing officer, Brian Burnett, assigned MERS's interest in the Deed of Trust to OneWest Bank. *See* Dkt. 173, at 111. Because MERS's role is merely that of an agent for the Note holder, the only interest MERS has to assign is its agency interest as defined in the Deed of Trust. Thus, MERS's assignment of the Deed of Trust is more accurately described as a termination of MERS's agency interest. This assignment was not delivered to Plaintiff, is not an agreement to which Plaintiff is a party, and Plaintiff does not allege he relied on this assignment in any way.[1]

**B.   MERS Was Not Involved With the Attempted Foreclosure.**

The gravamen of Plaintiff's Complaint is that an alleged non-Note holder initiated foreclosure on his property. But MERS played no role in foreclosing on Plaintiff.

MERS did not issue or issue or serve the January 12, 2010 Notice of Default (and is not mentioned in the Notice of Default, which explains that OneWest Bank, not MERS, is Plaintiffs' creditor). *See* Dkt. 174, at 5-7.

Nor did MERS appoint the successor trustee. *See* Dkt. 173, at 113. *Compare Bain*, 175 Wn. 2d at 89 ("The primary issue is whether MERS is a lawful beneficiary ***with the power to***

---

[1] In response to this Court's Order, undersigned counsel obtained from MERS a copy of the November 2009 MERS signing officer list, identifying Mr. Burnett as a MERS signing officer, and provided it to Plaintiff with supplemental initial disclosures. *See* Burnside Decl. & Ex. A. Obviously MERS does ***not*** rely on its recent production of a 2009 document as "new facts" supporting reconsideration. *See* LCR 7(h)(1).

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 2
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*appoint trustees* within the deed of trust act if it does not hold the promissory notes secured by the deeds of trust").

And MERS did not issue the Notice of Trustee's Sale. *See* Dkt. 174 at 9-17. Although the February and November 2010 Notices of Trustee's Sale (issued by Northwest Trustee, not MERS) *do* reference MERS's beneficiary designation in the original Deed of Trust, that is because the format of the Notice is dictated by statute. *See* RCW 61.24.040(1)(f)(I) (template). In fact, in January 2010 when MERS undertook its one action in this case—assigning its interest in the Deed of Trust to OneWest Bank—no foreclosure sale was pending or even scheduled.

In sum, MERS did not initiate foreclosure, made no representations to the Plaintiff, had no contact with Plaintiff, and the only action it took was to terminate its nominee role as nominee.

### III.  ARGUMENT

MERS is acutely aware of the high standard applicable to a motion for reconsideration and does not take this action lightly. The Court's palpable frustration with the parties is evident from the Court's Order. Nevertheless, with not a small amount of trepidation and humility, MERS respectfully believes it can show "manifest error in the prior ruling." LCR 7(h)(1).

**A.   The Court Misapplied *Bain* In Finding Evidence of Deception as to MERS Based on MERS's Nominee Designation in the Deed of Trust.**

In finding the first CPA element met, the Court cites *Bain* as holding that naming MERS as beneficiary of a Deed of Trust when it is not the Note holder has the capacity to deceive under the CPA. *See* Order, at 23:13-17. *See also id.* at 6 n.5 ("MERS is never a lawful beneficiary"), *id.* at 8, n.8 ("MERS was initially and improperly designated as the beneficiary of the deed of trust"). Respectfully, a more nuanced and contextual reading of *Bain* compels a different result.

In *Bain*, the Court held the admittedly flawed assignment in that case—indicating MERS was acting as "nominee for *its successors and assigns*," rather than acting as agent for a principal—was not *per se* deceptive, but had the capacity to deceive because it suggested MERS was the Note holder. *Bain*, 175 Wn. 2d at 117 (emphasis added). The court's concern in *Bain* was that on the limited record before the Court, it appeared from the Assignment of the Deed of Trust as if MERS had *disavowed* having a principal in between loan origination and the assignment, and was

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 3
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

acting as if it were the Note holder. *Id.* at 107. But read in context, the Court did ***not*** hold that the mere act of designating MERS as beneficiary on a Deed of Trust in a nominee capacity (for an identified principal) was deceptive.[2] Far from it. The Court simply wanted evidence that MERS had principals controlling it. *See id.* ("While we have no reason to doubt that the lenders and their assigns control MERS, agency requires a specific principal that is accountable for the acts of its agent. If MERS is an agent, its principals in the two cases before us remain unidentified.").[3]

There is no similar concern here, where the record reflects that MERS was controlled by Freddie Mac and OneWest Bank, and that Freddie Mac controlled the decision whether to assign MERS's interest in the Deed of Trust to OneWest Bank. *See, e.g.*, Dkt. 99, at 17 (MERS document listing Freddie Mac as investor and OneWest Bank as servicer).[4]

Thus, nothing in *Bain* suggests it is improper to designate MERS as beneficiary in a Deed of Trust as an agent for the disclosed lender. Indeed, *Bain* held that it was "likely true" that MERS could act as agent for a Note holder, that "nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note," and that "Washington law, and the deed of trust act itself, approves of the use of agents." *Id.* at 106. In fact, in examining whether having

---

[2] The Court in *Bain* was under the (mistaken) impression MERS acted as beneficiary by appointing a successor trustee. *See* 175 Wn.2d at 89 ("MERS then appointed trustees who initiated foreclosure proceedings."). But it was IndyMac, not MERS, who appointed the successor trustee in *Bain*. *See Bain v. Metro. Mortg. Grp., Inc.*, 2011 WL 917385, *3 (W.D. Wash. 2011) ("IndyMac signed an Appointment of Successor Trustee").

[3] Unfortunately, in certifying *Bain* (and the companion *Selkowitz* case) to the Washington Supreme Court, United States District Court Judge John Coughenour's Order transmitted an incomplete and limited record (addressing exclusively legal, not factual, issues), and in the process omitted evidence in the record showing that in both cases MERS ***was*** acting on behalf of known principals. *See, e.g., Bain v. Metro. Mortg. Group. Inc.*, No. 2:09-cv-149-JCC, Dkt. 159, Order Certifying Question to the Washington Supreme Court, at 4 (W.D. Wash. June 27, 2011) (listing docket entries for transmittal in *Bain* and *Selkowitz* cases); *compare id.* at Dkt. 150 & 150-1 (Declaration of Ronaldo Reyes identifying Deutsche Bank as Note holder and listing specific trust owning and holding the Note and the date of acquisition); *see also Selkowitz v. Litton Loan Servicing*, Case No. 3:10-cv-5523-JCC, Dkt. No. 15-1 (W.D. Wash. Aug. 24, 2010) (declaration stating Litton Loan Servicing was Note holder). Because this information was outside the appellate record, counsel for MERS was barred from referring to this evidence to the Washington Supreme Court. *State v. McFarland*, 127 Wn.2d 332, 335, 899 P.2d 1251 (1995). The incomplete record resulted in the mistaken impression at the Washington Supreme Court that MERS had no principal controlling MERS's actions and was acting as beneficiary not as an agent, but for itself. *See Bain*, 175 Wn.2d at 90 & n.2, 97 & n.12. The complete record in both cases clarifies that even in *Bain* and *Selkowitz*, MERS ***did*** have a principal for whom it was acting. This Court may consider these filings, as context for the *Bain* decision, because Court records are subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[4] *See also* Freddie Mac Single-Family Seller/Servicer Guide § 66.17 (2013) ("If the Servicer is foreclosing on a Mortgage registered with MERS®, the Servicer must prepare and execute (using the Servicer's employee who is a MERS authorized "signing officer") an assignment of the Security Instrument from MERS to the Servicer"), *available at* www.allregs.com/tpl/Main.aspx; *cf. Foley v. Wells Fargo Bank, N.A.*, 2012 WL 4829124, *2 (S.D. Fla. 2012) (same Guidelines in in 2010); Dkt. 99, at 55-65, ¶ 4 (Freddie Mac/MERS agreement) (MERS must comply with Freddie Mac's instructions, or in absence of conflict, servicer's instructions); *id.* at 28, ¶ 3 (MERS Terms and Conditions) (same).

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 4
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

a beneficiary of record that differs from the Note holder splits the Note from the Deed, the Court expressly recognized that MERS could be a proper beneficiary so long as it had a principal controlling it: "If, for example, MERS is in fact an agent for the holder of the note, likely no split would have happened." *Id.* at 112. This is consistent with more than 100 years of Washington law, holding that Note holders may designate agents as beneficiaries to pursue foreclosure. *See, e.g.*, *Carr v. Cohn*, 44 Wash. 586, 588 (1906) (nominee can bring quiet title action on deed); *Andrews v. Kelleher*, 124 Wash. 517, 534-36 (1923) (agent for bond holders had authority to prosecute foreclosure).

In this case, the Court's reliance on *Bain* for its finding that a deceptive act or practice exists through the mere designation of MERS in the Deed of Trust as beneficiary is, respectfully, a misreading of *Bain.* In the absence of evidence MERS took actions only a beneficiary can take (like appointing a Trustee) or represented to the borrower that it was no longer acting as a nominee for the Note holder and has no principal, MERS humbly suggests this holding is manifest error and seeks reconsideration of the Order denying MERS summary Judgment. *Hanson v. MERS, Inc.*, 2012 WL 7749161, *2 (W.D. Wash. Dec. 13, 2012) (plaintiff is "wrong about the impact of Bain," which holds "the mere presence of MERS in a deed of trust transaction does not render that transaction (or subsequent foreclosure proceedings) improper per se.").

**B.    There is No Evidence that "But For" MERS's Conduct, Plaintiff Would Not Have Suffered the Same Alleged Injuries.**

MERS sought summary judgment on Plaintiff's CPA claim on the theory that Plaintiff had no injuries caused by MERS conduct. Dkt. 172, at 35-37. Plaintiff's theory as to injury, which the Court found persuasive, is that Plaintiff incurred investigation expenses upon receipt of the Notice of Default to discern whether OneWest Bank was the Note holder with the right to foreclose. *See* Order, at 24:9-15. The Court agrees Plaintiff must show that but for the Defendant's conduct, Plaintiff would not have suffered an injury. *Id.* at 24:6-9 (citation omitted). Under *Indoor Billboard*, Plaintiff must prove that the "injury complained of ... would not have happened" if not for defendant's acts. *Indoor Billboard*, 162 Wn.2d at 81-82.

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 5
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Here, Plaintiff does not offer evidence (or even argue) that if MERS had not assigned its interest in the Deed of Trust—the only action MERS took—that he would not have incurred the same expenses investigating Northwest Trustee's role or whether OneWest Bank was his creditor. Indeed, Plaintiff did not respond to MERS's causation argument at all.  Although Defendants filed a joint summary judgment motion, MERS offered separate analysis as to its potential CPA liability.  Dkt. 172, at 35-37.  Plaintiff does not offer evidence showing that in between the January 2010 Notice of Default and February 2010 Notice of Trustee's Sale he ceased his investigation, and that MERS's intermediate Assignment of the Deed of Trust—which was only recorded, and not delivered to Plaintiff—somehow spurred him to resume investigation costs he would otherwise have avoided "but for" the assignment.  The Court dismissed Plaintiff's civil conspiracy claim, *see* Order at 25:21-26:7, and Plaintiff may not establish injury for each party by lumping them together.  *E.g., Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

The Order does not differentiate among defendants on the CPA claim, and Plaintiff does not identify an expense he incurred only "but for" MERS's role, MERS respectfully suggests the Court's holding as to causation—as to MERS—is manifest error.[5]  *Cf. Bain*, 175 Wn.2d at 120 ("the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury."); *Wilson v. Bank of Am., N.A.*, 2013 WL 275018, *8 n.9 (W.D. Wash. 2013) ("The *Bain* Court did not state … that MERS is incapable of transferring its interest in a deed of trust"; no evidence "that would demonstrate a cognizable injury traceable to Countrywide's naming of MERS as a beneficiary.").

## IV.  CONCLUSION

MERS respectfully requests that the Court reconsider its Order denying summary Judgment on Plaintiff's CPA claim and enter summary judgment in MERS's favor.

DATED this 21st day of March, 2013.

>Davis Wright Tremaine LLP
>Attorneys for Defendant MERS
>By  s/ Fred B. Burnside
>    Fred B. Burnside, WSBA #32491
>    E-mail: fredburnside@dwt.com

---

[5] To the extent MERS misunderstands the Court's causation ruling, MERS respectfully seeks clarification as to the evidence the Court believes shows causation *as to MERS*, so as to allow MERS to prepare for trial.

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 6
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi Buck Morrison**
  hbuck@rcolegal.com,tkwong@rcolegal.com,ecflit@rcolegal.com,kstephan@rcolegal.com,buck4343@gmail.com
- **Ha Thu Dao**
  hadaojd@gmail.com,youremylawyer@gmail.com,haandlinda@gmail.com
- **Charles Elliot Katz**
  ckatz@rcolegal.com,jblack@rcolegal.com,chuckkatz@yahoo.com,ecflit@rcolegal.com
- **James B McDonald**
  james@jamesmcdonald.net
- **Joseph D Mueller**
  jmueller@larkinsvacura.com
- **Julie R. Vacura**
  jvacura@larkinsvacura.com,lsabatini@larkinsvacura.com,wlarkins@larkinsvacura.com,jmueller@larkinsvacura.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

DATED this 21st day of March, 2013.

        Davis Wright Tremaine LLP
        Attorneys for Defendant MERS


By  *s/ Fred B. Burnside*
    Fred B. Burnside, WSBA #32491
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: 205-757-8016
    Fax: 206-757-7016
    E-mail: fredburnside@dwt.com

MOTION FOR RECONSIDERATION
(10-CV-01952-RSL) — 7
DWT 21437427v2 0096475-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax