The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **James McDonald**<br>                                        **Plaintiff**<br><br>                    **v.**<br><br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>                                        **Defendants.** | No. **C10-1952-RSL**<br><br>Plaintiff's Response to MERS Motion for Reconsideration and Request for the Court to set show cause hearing as to why Sanctions should not be imposed against defendant MERS and its counsel |

Plaintiff James McDonald, through the undersigned counsel, respectfully submits his Response to MERS' Motion for Reconsideration or Clarification and requests that the motion be stricken or denied. Additionally, Plaintiff requests the Court to review the filing of this motion within the context of the litigation and order MERS and its counsel to show cause as to why they should not be sanctioned.

Plaintiff would have brought a separate motion for sanctions under FRCP 11. However, the Safe Harbor provision of the Rule could not be complied with because this motion was filed under the Local Rule seeking a same-day ruling and Plaintiff did not have the opportunity to request MERS to withdraw its motion. Plaintiff prays the Court, pursuant to FRCP 11 and 28 U.S.C§1927 to require MERS to show cause as to why sanctions should not be imposed upon MERS and its counsel for filing a motion that counsel knew or should have known to be frivolous or improper.

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

First and foremost, there is no such thing as a motion for "clarification". Motions for reconsideration are disfavored by the district court and the movant must meet a very high threshold: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). The facts underlying this motion brought by MERS via its new counsel, Fred Burnside of Davis Wright Tremain, prove that there is no basis either in fact or in law for its filing, and that counsel knew or should have known that the filing of the same as a means to harass or oppress Plaintiff is improper. As a result, the Court must order MERS and its counsel to show cause as why they should not be sanctioned.

## I.    BACKGROUND FACTS

On October 31, 2012, all of the defendants, through Heidi Buck-Morrison, Esq., of Routh Crabtree Olsen, moved to withdraw and substitute Larkins Vacura LLP, as counsel (Dkt. # 189). This Court denied their motion to withdraw and for substitution (Dkt. # 194). The day after the Court's order, Julie R. Vacura, Esq., from Larkin Vacura, filed notice of association to be counsel for OneWest and MERS, specifying that "Heidi Buck-Morrison and the law firm Routh Crabtree Olsen, P.S., will continue to represent OneWest and MERS (Dkt. # 195). Charles E. Katz appeared additionally "on behalf of Defendant Northwest Trustee Services Inc." (Dkt. # 197).  The day after Mr. Katz filed his notice of appearance, Joseph D. Mueller, Esq., filed application to appear *pro hac vice* on behalf of defendants MERS and OneWest Bank (Dkt. # 199). The defendants have filed no less than three separate motions for summary judgment whereupon they submitted voluminous records and declarations for support.

Plaintiff's Response to MERS
Motion for Reconsideration

H A   T H U   D A O ,   E S Q .

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1    The court-ordered evidentiary hearing took place on January 31, 2013 (Dkt. #221,

2    Minute Entry), whereupon the defendants had a full opportunity to put in documentary

3    evidence as well as live testimony in support of their theory of the case. Being assisted by

4    four separate lawyers, the defendants put into evidence three large binders containing dozens

5    of documents, including many they failed to produce to Plaintiff in discovery. For several

6    hours, their witness, Mr. Charles Boyle, being guided carefully by their counsel, built the case

7    for the defense. The Court even permitted Christopher Corcoran, the witness on behalf of

8    non-party Deutsche Bank, who testified via telephone, to look at his computer and provide

9    information appearing on his computer screen that only he could see to complete the missing

10   pieces in the defendants' case. The transcript reflects that although the Court ordered the

11   evidentiary hearing to obtain answers to its own questions, the hearing was for the

12   defendants' benefit as additional documentary evidence was submitted and live witnesses had

13   full opportunity to explain and elaborate upon their theory of the case (Dkt.# 234, Notice of

14   Filing of Official Transcript of Evidentiary Hearing).

15   Yet, only a few days after this exhaustive proceeding, on February 6, 2013, the

16   defendants filed Post Evidentiary Hearing Memorandum and  "Declaration of Christopher

17   Corcoran" and Declaration of Julie Vacura in support thereof (Dkt. # 222, 223, 224). These

18   documents again supplemented the witness' testimony at the evidentiary hearing. On February

19   7, 2013, Northwest Trustee Services filed its Motion to Supplement the Record and

20   Declaration of Jeff Stenman (Dkt. # 225, 226).

21   On March 7, 2013, this Court issued five separate Orders resolving numerous issues

22   including summary judgment issues on motion and cross motion by the parties (Dkt. # 236,

23   237, 238, 239, 240).

24

Plaintiff's Response to MERS
Motion for Reconsideration

3

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

On March 14, 2013, attorney Fred Burnside from Davis Wright Tremain filed his notice of association of attorney on behalf of MERS (Dkt. # 241). On March 21, 2013, Mr. Burnside filed the instant motion seeking reconsideration of the Court's ruling on MERS' liability under the Washington Consumer Protection Act and asked for a decision to be issued on the same day (Dkt. # 244). Mr. Burnside submits his Declaration referring to the attached "Supplemental Disclosures Dated March 18, 2013. The attachment however is entitled "Defendant MERS Corrected Supplemental Disclosures" and refers to how "Defendants reserve the right to supplement their disclosures at any time in accordance with Fed. R. Civ. P. 26(e)." (Dkt. # 245). All these "supplemental" activities have occurred after the discovery cutoff, two court orders compelling discovery, the full-blown evidentiary hearing of January 31, 2013.

## II. THE COURT'S CONCERNS SHOULD BE HEIGHTENED BY MERS' CONDUCT

There exists a great disparity of resources between the parties in this case and the foregoing illustrates how the defendants have capitalized on this disparity. In this case, even after an exhaustive proceeding whereby the defendants were given the opportunity to put in all of their evidence and illuminate their theory of the case for the Court, their legion of attorneys continues to file "supplemental disclosures" and rehash the same old arguments they have made, all in effort to bleed plaintiff of all of his resources.

In the Court's Order Regarding Cross-Motions for Summary Judgment, it expressed: "The Court is also disturbed by what appears to be a post hoc effort to imbue Mr. Burnett with power to act on behalf of MERS as of January 2010." (Dkt.#13). What did MERS do in response to the Court's concern? MERS filed more documents to plug the hole in its case concerning the lack of documentary evidence supporting Mr. Burnett's authority to act on

Plaintiff's Response to MERS
Motion for Reconsideration

4

behalf of MERS. As soon as Mr. Burnside injected himself into the case as associated counsel

representing only MERS, he served Plaintiff with 51-page document entitled "Defendant

MERS's Supplemental Disclosures". Appendix B of this Supplemental Disclosure is the

corporate resolution identifying Brian Burnett as a vice president of MERS that defendants

could not produce in discovery, at the evidentiary hearing, or in any of the supplemental filings

they filed post-hearing (Dkt.# 245, Fred Burnside's Declaration in Support of Motion for

Reconsideration, Appendix B).

Mr. Burnside's belated production of the same document that the Court expressed to be

essential to but was missing from the defendants' case at the evidentiary hearing fits neatly

into the ongoing pattern exhibited by these defendants: the evidence does not come forth

readily; it gets "located", "found", or somehow "obtained", all after the fact.

### III.   THE MOTION FOR RECONSIDERATION IS LACKING IN FACTS

MERS' motion is governed by Local Rule 7(h)(1) which specifies: "Motions for

reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a

showing of manifest error in the prior ruling or a showing of new facts or legal authority which

could not have been brought to its attention earlier with reasonable diligence." MERS provides

no new evidence that has not been stated (and Mr. Burnside admitted to no new facts in

footnote 1 of his motion), or was unavailable to it at the time it filed its Motion for Summary

Judgment on September 21, 2012 (Dkt. #171). Mr. Burnside reiterates that MERS executed an

assignment of the deed of trust in this case. The Assignment itself declared to transfer not only

the beneficial interest in the deed of trust but also "together with note or notes therein

described or referred, the money due and become due thereon, with interest, and all rights

accrued or to accrue under said Deed of Trust." (Exhibit 1, Assignment of Deed of Trust). Mr.

Plaintiff's Response to MERS
Motion for Reconsideration

5

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1   Burnside similarly does not deny that MERS then caused for this Assignment of Deed of Trust

2   to be recorded in King County Public Records, Auditor number 20100204000502 (Exhibit 1).

3   MERS never tried to distance itself from this evidence. Instead, MERS and its co-defendants

4   filed a Motion to Supplement the Record to strengthen MERS' role in the transaction (Dkt. #

5   204). Mr. Burnside does not dispute any of the evidence and in fact confirms that the

6   assignment was executed by Brian Burnett as "MERS signing officer." Mr. Burnside does not

7   dispute that the Assignment says what it says. Mr. Burnside does not deny that MERS

8   assigned not just the deed of trust but also the promissory note.

9       Despite Mr. Burnside's proclaimed respect for the Court's wisdom and recognition of the

10  Court's frustration over the defendants' conduct in the litigation, he boldly suggests that the

11  Court should have engaged in a more "nuanced and contextual" reading of *Bain v.*

12  *Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012) (Motion, p.3). This is

13  another way of saying "You should have read the law the way I read it." In other words, Mr.

14  Burnside paid lip service to his deference to the Court. Because Mr. Burnside is counsel of

15  record for MERS in *Bain*, it is understandable that Mr. Burnside does not want *Bain* to apply

16  to the facts of this case.

17      It is noteworthy that the basis of the arguments raised by MERS in the instant motion has

18  been raised and considered by the Court in the Defendants'Third Motion for Summary

19  Judgment (Dkt. 172, Pages 16-17). The same line of argument was again presented in

20  Defendants' Response to Plaintiff's Motion for Summary Judgment (Dkt. 182, Pages 6-8, 20-

21  21). The fact that Mr. Burnside has just arrived at the scene does not excuse him from

22  reviewing the case material or speaking with his co-counsel to get up to speed. MERS' filing

23  of a frivolous motion is subject to sanctions.

24

**H A   T H U   D A O ,   E S Q .**

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

## IV.     <u>MERS CANNOT ESTABLISH MANIFEST ERROR</u>

As discussed above, the arguments MERS is now making are identical to those it had made prior to the Court's ruling of March 7, 2013. "A manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)). Examples of a manifest error of law include a judgment that is demonstrably void due to a defect in notice that rises to the level of a violation of constitutional due process, *see In re Graves*, 279 B.R. 266, 276 (9th Cir. BAP 2002), or a trial court's citation to and reliance on overruled case authority. "Manifest error of law is not merely a party's disagreement with how the trial court applied the law." *Oto v. Metropolitan Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997); *In re Wahlin*, 2011 Bankr. LEXIS 1134, 5-6 (Bankr. D. Idaho Mar. 21, 2011). Here, the Court's ruling is plain and indisputable, and has taken into account controlling law and credible evidence in the record. Moreover, the Court's ruling simply recognizes material facts in dispute and held that the trier of fact in this case should be the ultimate decider. This does not preclude MERS or any of the other defendants, from arguing against the plaintiff's quality or quantity of proof at trial. This finer point should not be lost on Mr. Burnside, who is an experienced litigator.

Mr. Burnside has expressed nothing more than the desire to get the Court to change its ruling because things did not go MERS' way.[1] The motion for reconsideration therefore is facially frivolous.

---

[1] "The utility of the Rule, and the standards governing its application, is to allow the trial court an opportunity to remedy a clear and incontrovertible  (i.e., a 'manifest') error of law it made, avoiding the cost and delay of appeal. On the other side of the coin, however, the Rule is improperly used when the litigant is simply unhappy with the manner in which the correct and

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1

## V.      THE INSTANT MOTION IS SUBJECT TO SANCTION

2

3      In *Lapin v. U.S.*, 118 F.R.D. 632 (D. Hawaii 1987), the court explains that Fed. R. Civ. P.

4      11 addresses two separate problems: "first, the problem of frivolous filings; and second, the

5      problem of misusing judicial procedures as a weapon for personal or economic harassment"

6      citing to *Lemos v. Metropolitan Life Insurance Co.,* 828 F.2d 616 (9th Cir. 1987*); Zalvidar v.*

7      *City of Los Angeles,* 780 F.2d 823, 830 (9th Cir. 1986).  A filing is frivolous under Rule 11 if it

8      is unreasonable when viewed from the perspective of "a competent attorney admitted to

9      practice before the district court." Id. In *Zalvidar*, the court of appeals held that "Rule 11

10     sanctions shall be assessed if the paper filed in district court and signed by an attorney or an

11     unrepresented party is frivolous, legally unreasonable, or without factual foundation, even

12     though the paper was not filed in subjective bad faith." Id. at 831.  A filing which is a misuse

13     of judicial procedures is also subject to Rule 11 sanctions. The standard under this "improper

14     purpose" clause is also one of reasonableness. The filing must not be filed for any improper

15     purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of

16     litigation, when viewed objectively. Id. It is undisputed that Mr. Burnside has filed the motion

17     for reconsideration or for clarification for no reasons other than to take up the Court's time

18     needlessly and to employ economic harassment against Plaintiff.

19     "Once a court finds that an attorney has violated Rule 11, it must impose sanctions."

20     *Unioil, Inc., et al. v. E.F. Hutton*, 809 F.2d 548, 559 (9th Cir. 1986). Sanctions must, however,

---

applicable law was applied to the evidence; the remedy for the litigant in such a situation is an appeal, not the rehashing of arguments in an attempt to persuade the court to change its mind. As this Court stated in *In re Sterling Mining Co.*, 2009 Bankr. LEXIS 2400, 2009 WL 2705825 (Bankr. D. Idaho Aug. 24, 2009), asking the Court to rethink what it 'carefully and deliberately considered' in entering its ruling is not a proper basis for relief under this Rule and 'arguments that the Court was in error on the issues it considered and resolved should be directed to an appellate court.' 2009 Bankr. LEXIS 2400, [WL] at *2 (citing *Alexander v. Bleau* (*In re Am. West Airlines, Inc.),* 240 B.R. 34, 38 (Bankr. D. Ariz. 1999); *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); and *Refrigerator Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)). Motions to reconsider are not vehicles by which to make the same arguments as earlier made (even if hopefully more persuasively), or to raise arguments that should have been made but were not. "

H A   T H U   D A O ,   E S Q .

Plaintiff's Response to MERS
Motion for Reconsideration

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1  be "appropriate." An appropriate sanction is one that is reasonable in scope and in amount, one

2  that will deter future sanctionable conduct but will not act to chill "an attorney's enthusiasm or

3  creativity in pursuing factual or legal theories." *Matter of Yagman*, 796 F.2d 1165, 1182-1184

4  (9th Cir. 1986). In this case, Mr. Burnside's notice of association of counsel belies its purpose.

5  Mr. Burnsides does not associate with the present attorneys. Rather, he is replacing them with

6  regards to MERS and as such, Mr. Burnside filed the instant motion seeking reconsideration

7  only as to MERS' interest. Had Mr. Burnside made his reasonable inquiry by reviewing the

8  case file, he would have discovered that the arguments had been presented before and that the

9  Court in fact had considered it in issuing its ruling on March 7, 2013, so that there is no need

10 to rehash the arguments. If Mr. Burnside had reviewed the case file and learned that the

11 arguments were presented by the other lawyers, but filed this motion for reconsideration

12 anyway, then he has done so for an improper purpose, which is to harass the Plaintiff and

13 increase the costs of the litigation. Courts have previously stated that "[w]ithout question,

14 successive complaints based upon propositions of law *previously rejected* may constitute

15 harassment under Rule 11." *Fajardo v. Ross,* 2012 U.S. Dist. LEXIS 98488 (D. Cal. July 15,

16 2012);  *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986) (abrogated on other

17 grounds); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), <u>emphasis added</u>.

18     Mr. Burnside's intent in filing the motion is irrelevant; the motion as filed is improper

19 given the circumstances of the case where four other lawyers before Mr. Burnside had

20 made the same arguments based on the same set of facts. How the arguments are

21 couched here in the motion for reconsideration involves no creativity or enthusiasm but

22 a recycling of the old material and is successive. The conclusion the Court must reach is

23 that the motion is brought for no reason other than to be dilatory and abusive toward

24

Plaintiff's Response to MERS
Motion for Reconsideration

9

**HA THU DAO, ESQ.**
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

Plaintiff.  "Greater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." FRCP 11(b).

Mr. Burnside has been admitted to the Washington Bar for over ten years. His name appears in numerous federal district court cases, in particular, having to do with residential foreclosure. A cursory review of the Western District court's dockets show that Mr. Burnside is quite successful in his representation of financial institutions in defeating claims brought by homeowners and debtors swiftly. Measuring against the standard of the competent attorney admitted to practice before this District Court, Mr. Burnside has no excuse in filing the instant motion.

This Court has concerns that the defendants have not taken their responsibilities as litigants in the federal court seriously (Dkt.# 238). This motion does not lessen but heighten the Court's concerns. A show cause order is necessary for Mr. Burnside and MERS to explain to the Court why their motion for reconsideration or for clarification should not be denied and why sanctions should not be imposed.

## VI.    CONCLUSION

Wherefore the Plaintiff moves this Court to deny Defendant MERS' motion and impose sanctions as warranted.

Plaintiff's Response to MERS
Motion for Reconsideration

10

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1

2     DATED this 28th day of March, 2013.

3                                                          /s/ Ha Thu Dao

4                                                          _____
                                                         Ha Thu Dao, WSBA 21793
5                                                          787 Maynard Ave. S., Seattle, WA 98104
                                                         (727) 269-9334/Fax 727-264-2447
6                                                          hadaojd@gmail.com
                                                         Attorney for Plaintiff

7                              **<u>CERTIFICATION OF SERVICE</u>**

8            I hereby certify on March 28th, 2013, the foregoing document is being served via
      ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile _X_Electronic
9     Mail__X__ECF,  upon the following parties:

10    Heidi Buck, Attorney for Defendants
      Routh Crabtree Olsen
11    13555 SE 36th Street, Ste 300, Bellevue WA 98006
      425-213-5534/Fax 425-458-2131
12    hbuck@rcolegal.com

13    Charles Katz, Attorney for Northwest Trustee Services
      Routh Crabtree Olsen LP
14    13555 SE 36th Street, Ste 300, Bellevue WA 98006
      425-586-1940
15    ckatz@rcolegal.com

16    Julie Vacura, Attorney for OneWest Bank and MERS
      Larkins Vacura LLP
17    621 S.W. Morrison Street, Suite 1450, Portland, Oregon 97205
      503-542-3103
18    jvacura@larkinsvacura.com

19    Fred B. Burnside, Attorney for MERS
      Davis Wright Tremaine LLP
20    1201 Third Ave, Seattle WA 98101-3045
      206-622-3150
21    fredburnside@dwt.com

22                                                       /s/ Ha Thu Dao

23                                                       _____
                                                       Ha Thu Dao
24

Plaintiff's Response to MERS                    11
Motion for Reconsideration