The Honorable Robert S Lasnik
Noting Date: 4/5/2013

# UNITED STATES DISTRICT COURT,
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **James McDonald**<br>　　　　　　　　　　　　　　　**Plaintiff**<br>　　　　　v.<br>**OneWest Bank, FSB,**<br>**Northwest Trustee Services,**<br>**Mortgage Electronic Registration Systems,**<br>　　　　　　　　　　　　　　　**Defendants.** | No. C10-1952-RSL<br><br>**Plaintiff's Response to Defendant OneWest's Motion to Schedule Expert Discovery & Countermotion to Compel Discovery Regarding Authenticity of the Note** |

Comes now Plaintiff James McDonald, through the undersigned counsel and respectfully submits this Response to OneWest's Motion to Schedule Expert Discovery and Countermotion to Compel Discovery Regarding Authenticity of the Note.

## I. RELEVANT FACTS

On March 7, 2013, this Court issued Order Continuing Trial Date and Reopening Discovery (Dkt. #237). The scope of the Order allows for an extension of the discovery process only to allow Plaintiff to "test defendants' claim that the note presented to the Court on January 31, 2013, is the original promissory note that plaintiff signed in January 2007." The Court ordered Plaintiff's expert to provide an opinion regarding the authenticity of the note and provide a report consistent with FRCP 26(a)(2)(B) on or before June 3, 2013, and that the Defendants may, if they choose, depose the Plaintiff's expert(s) prior to June 27, 2013 (Dkt.# 237).

Plaintiff's Response to OneWest's
Motion to Conduct Expert
Discovery & Countermotion to
Compel

1

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

Plaintiff counsel has been in communication with Julie Vacura, Esq., and Heidi Buck Morrison, Esq., to schedule brief depositions of those witnesses who provided testimony or sworn declarations concerning the authenticity of the note numerous times but has been met with objections from both. *The following is a list of the deponents proposed by Plaintiff and opposed by defendants*:

Suchan Murray, Authorized Signatory for OneWest, who executed Appointment of Successor Trustee dated 01/27/2010, containing this declaration: "The undersigned beneficiary warrants and represents that, as of the date this Appointment of Successor Trustee has been executed and acknowledged, **it is the owner and holder** of the obligation secured by the subject deed of trust and is not holding the same as security for a different obligation."

Erica Johnson–Seck, Vice President of OneWest, who executed the Beneficiary Declaration dated 01/27/2010, under penalty of perjury, containing this Declaration: "OneWest Bank, FSB, is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has the requisite authority under RCW 62A.3-301 to enforce said obligation. The Trustee may rely upon the truth and accuracy of the averments made in this declaration."

Rebecca Marks, who certified the Responses to Plaintiff's Request for Discovery, including how OneWest has provided copies of "all endorsements and conveyances of the promissory note in question, properly executed with transfers made to the proper

Plaintiff's Response to OneWest's Motion to Conduct Expert Discovery & Countermotion to Compel

2

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the current owner and holder of the note."

Plaintiff has requested to inquire of the following witnesses as to the factual knowledge supporting their references to "true and correct copy of the original note" being attached to motions, responses, replies, or declarations, and assertions regarding the note's whereabouts:

<u>Heidi Buck Morrison, Esq.</u>, who has made assertions repeatedly about the authenticity of the purported note and its origin throughout this litigation. Ms. Buck-Morrison was in actual possession of the note at one time and would be able to testify to the circumstances in which her law firm requested and received the note from the source as well as the identification of the source. The documents signed by Ms. Buck-Morrison are numerous: Dkt.#49, Dkt. #75; Dkt. #124; Dkt. #133; Response to Second Request to Produce; and OneWest's Response to Interrogatories.

Plaintiff is mindful of the Court's initial concern that an officer of the court should not be compelled to testify. However, Ms. Buck-Morrison has made absolute and repeated assertions concerning the manner in which the Note has been transferred and has been in actual possession of the Note and has knowledge and information bearing on the fact in issue. Ms. Heidi Buck-Morrison met with Plaintiff on July 13, 201, and represented to him that the document he was inspecting is the original note. Plaintiff should be able to inquire into the factual basis of Ms. Buck-Morrison's statement as made to him.

<u>Melissa Williams-Romeo</u>, whose name appears on the Motion for Relief from Stay dated August 30, 2010, Bankruptcy Court Case No. 10-18496, and who certified that

Plaintiff's Response to OneWest's
Motion to Conduct Expert
Discovery & Countermotion to
Compel

3

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

OneWest is the creditor of the Plaintiff's loan, and that the Note attached to the Motion, together with Chamagne Williams' Declaration "establish that Creditor is the holder of note indorsed in blank and is thus entitled to enforce the Note and foreclose on the deed of trust."

<u>Mark Moburg</u>, who signed the motion for Melissa Williams Romeo.

## II. Legal Authority and Arguments

The defendants have never wavered from their representation that OneWest has been in possession of the *original* note. The defendants alone possess the knowledge and factual information as to the origin and transfer of the document within their control.  In addition to numerous written declarations attesting to said fact, at the evidentiary hearing of January 31, 2013, defendants have submitted testimony by Mr. Charles Boyle and Mr. Christopher Corcoran on the chain of transfer of the one and only original note, Ms. Julie Vacura, counsel for the defendants, handed up to the Court the document and represented to the Court that the document in her possession on behalf of OneWest, is the one and only original. There is nothing more that the defendants could say about the authenticity of this document. Where the witnesses have testified and vouched for the document's genuineness, there is no need for any "expert" vouching.

The discovery being sought by the Plaintiff narrowly focuses on the factual basis of the witnesses' claimed knowledge of the note's authenticity and chain of transfer. The discovery is necessary because Plaintiff never knew where the original note went after he signed it at closing. He has no means to independently verify the chain of transfer alleged by the defendants. Had it not been for the defendants' submission of the two varying versions of the note, Plaintiff would never be able to convince the Court that the original note offered by the

Plaintiff's Response to OneWest's Motion to Conduct Expert Discovery & Countermotion to Compel

4

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

1 defendants is in fact not the original. Therefore, Plaintiff's need to have the purported original

2 tested by a third party is a genuine while the defense's proposal of expert to counter Plaintiff's

3 expert is merely a ruse consistent with the recalcitrant behavior exhibited in the case

4 concerning discovery. Defense counsel may inquire of Dr. James Kelley as thoroughly as they

5 wish and challenge him on his findings, but the Court never intended, and the Order does not

6 allow, for the defendants to engage in a prolonged and costly "battle of the experts".

7 Plaintiff requests the Court to compel the defendants to comply with the Court's Order of

8 March 7, 2013. In this case, discovery cut-off was extended several times and closed on July

9 27, 2012. Plaintiff requested for the note to be examined well before the Court issued the

10 subject Order but the defendants failed to cooperate. The subject Order was then issued with a

11 companion order for sanctions. Not much more can be done to change the defendants' ongoing

12 disregard for the rules of law and court orders but case-dispositive sanction.

13 The Ninth Circuit has fashioned a five-part test to determine whether a case-dispositive

14 sanction under FRCP 37 (b)(2) is warranted: (1) the public's interest in expeditious resolution

15 of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party

16 seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5)

17 the availability of less drastic sanctions. "The sub-parts of the fifth factor are whether the court

18 has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant

19 party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It

20 provides the district court with a way to think about what to do, not a set of conditions

21 precedent for sanctions or a script that the district court must follow. Like most elaborate

22 multifactor tests, the test has not been what it appears to be, a mechanical means of

23 determining what discovery sanction is just. The list of factors amounts to a way for a district

24

Plaintiff's Response to OneWest's
Motion to Conduct Expert
Discovery & Countermotion to
Compel

5

HA THU DAO, ESQ.

787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax 727-264-2447
E-mail: hadaojd@gmail.com

1  judge to think about what to do, not a series of conditions precedent before the judge can do

2  anything, and not a script for making what the district judge does appeal-proof.*" Conn. Gen.*

3  *Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007).  The most

4  important factor for the Court to consider is "whether a party's discovery violations make it

5  impossible for a court to be confident that the parties will ever have access to the true facts"

6  and that the disputes can be resolved justly. FRCP 1; *Valley Eng'rs v. Electric Eng'g Co.*, 158

7  F.3d 1051, 1059 (9th Cir. 1998). The truth-seeking objective of discovery must be honored

8  because "[T]here is no point to a lawsuit, if it merely applies law to lies." Id.

### III. Conclusion

Based on the foregoing arguments supported by citations to fact and prevailing legal authority, Plaintiff respectfully prays the Court to deny the Defendants Motion for Expert Discovery and Compel the defendants to cooperate in the remaining discovery requests set forth herein. Plaintiff respectfully urges the Court to contemplate a case-dispositive sanction in the event the defendants fail to explain the basis of their objection to Plaintiff's request for discovery.

DATED this 1st day of April, 2013.

/s/ Ha Thu Dao
_____
Ha Thu Dao, WSBA 21793
787 Maynard Ave. S., Seattle, WA 98104
(727) 269-9334/Fax 727-264-2447
hadaojd@gmail.com
Attorney for Plaintiff

Plaintiff's Response to OneWest's Motion to Conduct Expert Discovery & Countermotion to Compel

6

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify on April 1, 2013, the foregoing document has been caused to be served via ___First Class Mail ___Priority Mail, ___Messenger Service ___Facsimile __Electronic Mail__X__ECF, upon the following parties:

Heidi Buck, Attorney for Defendants
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-213-5534/Fax 425-458-2131
hbuck@rcolegal.com

Charles Katz, Attorney for Northwest Trustee Services
Routh Crabtree Olsen
13555 SE 36th Street, Ste 300, Bellevue WA 98006
425-586-1940
ckatz@rcolegal.com

Julie Vacura, Attorney for OneWest Bank and MERS
Larkins Vacura
621 S.W. Morrison Street, Suite 1450, Portland, Oregon 97205
503-542-3103
jvacura@larkinsvacura.com

Fred Burnside, Attorney for MERS
Davis Wright Tremaine LLP
1201 Third Ave, Suite 2200, Seattle, WA 98101
206-622-3150
fredburnside@dwt.com

DATED this 1st day of April, 2013.

/s/ Ha Thu Dao
_____
Ha Thu Dao, WSBA 21793
787 Maynard Ave. S., Seattle, WA 98104
(727) 269-9334/Fax 727-264-2447
hadaojd@gmail.com
Attorney for Plaintiff

Plaintiff's Response to OneWest's Motion to Conduct Expert Discovery & Countermotion to Compel

7

HA THU DAO, ESQ.
787 Maynard Ave. S., Seattle, WA 98104
Tel. 727-269-9334
Fax727-264-2447
E-mail: hadaojd@gmail.com