1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  JAMES MCDONALD,                              )        No. C10-1952RSL
                                                )
9                              Plaintiff,        )
                                                )
10             v.                                )        ORDER DENYING
                                                )        RECONSIDERATION[1]
11  ONEWEST BANK, FSB, *et al.*,                 )
                                                )
12                             Defendants.       )
                                                )

13

14       This matter comes before the Court on a timely "Motion for Reconsideration or

15  Clarification" filed by defendant Mortgage Electronic Registration Systems, Inc. ("MERS").

16  Dkt. # 244.  On March 7, 2013, the Court found that plaintiff had established most of the

17  elements of a Consumer Protection Act claim against MERS, but had not established his

18  damages despite identifying recoverable injury to business or property.  MERS seeks

19  reconsideration on the grounds that (a) the Court misapplied Bain v. Metropolitan Mortg. Group,

20  Inc., 175 Wn.2d 83 (2012), when it ignored the fact that MERS was acting as an agent for the

21  lender and (b) there is no evidence linking MERS' allegedly deceptive conduct to plaintiff's

22  damages.  Motions for reconsideration are disfavored in this district and will be granted only

23  upon a "showing of manifest error in the prior ruling or a showing of new facts or legal authority

24

25       [1]  Pursuant to LCR 7(h)(3), "[n]o response to a motion for reconsideration shall be filed unless
    requested by the court."  Plaintiff's unauthorized response (Dkt. # 247) has not been considered in ruling
26  on defendant's motion.

ORDER DENYING RECONSIDERATION

1   which could not have been brought to [the Court's] attention earlier with reasonable diligence."

2   LCR 7(h)(1).

3   **A. Application of <u>Bain</u>**

4           In its opposition to plaintiff's motion for summary judgment and again in this

5   motion, MERS attempts to distinguish <u>Bain</u> by arguing that it acted solely as the agent of the

6   note holder, OneWest or, alternatively, the Federal Home Loan Mortgage Corporation ("Freddie

7   Mac"). Dkt. # 182 at 25. <u>See also</u> Dkt. # 244 at 7. The only evidence cited in support of the

8   agency argument is what appears to be a computer printout[2] that identifies OneWest as the

9   servicer of the loan, Deutsche Bank National Trust Company as the custodian (presumably of

10  the note), and Freddie Mac as the investor. Dkt. # 99 at 17. MERS is not mentioned except in

11  the internet address printed at the bottom of the page. Neither this document nor the remainder

12  of the record establishes that OneWest or Freddie Mac authorized MERS to act on their behalf or

13  that MERS agreed to accept direction from and control by one or more of the entities MERS

14  now claims as its principals.

15          Nor does the deed of trust in this matter support MERS' bald claim of agency.

16  The deed identifies MERS as "a nominee for Lender and Lender's successors and assigns"[3] and

17  as "the beneficiary" under the deed of trust. Dkt. # 1-2 at 1-2. A "nominee" is commonly

18  understood as a designated recipient or representative, or one in whose name a stock or other

19  certificate is registered but who is not the actual owner. The latter definition is consistent with

20  the general arrangement that appears to have existed between and amongst the parties to the

21  deed of trust. It does not, however, describe an agency relationship. Even if the Court were

22  willing to assume that the parties to the deed of trust intended that MERS would act as the agent

23

24          [2] The declaration to which this document is attached identifies all of Exhibit 1 as documents

25  produced on a certain date during discovery. Dkt. # 99 at ¶ 2.

26          [3] This is the same designation included in the deed of trust at issue in <u>Bain</u>. 175 Wn.2d at 107.

ORDER DENYING RECONSIDERATION          -2-

1  of the original lender, there is, as discussed above, no evidence that successor holders of the note

2  intended to continue that relationship.

3          The second assertion in the deed – that MERS was the beneficiary – was simply

4  untrue.  MERS was not the lender and never possessed the promissory note, either directly or

5  through an agent.  It could not, therefore, claim to be the beneficiary under Washington law.

6  The Court declines to reconsider its finding that the characterization of MERS as the beneficiary

7  in the deed of trust when it knew or should have known that it must have actual possession of

8  the note to be the beneficiary under Washington law has the capacity to deceive for purposes of

9  a CPA claim.

10  **B.  Causal Connection Between Deceptive Act and Injury**

11          Throughout this proceeding, MERS' arguments tended to mirror those put forth by

12  defendant OneWest Bank, FSB, and were in large part based on a theory of constructive

13  possession that has now been rejected.  Relevant to the pending motion for reconsideration, the

14  Court notes that defendants raised only joint arguments regarding the types of damages that are

15  recoverable under the CPA and causation:  no attempt was made to differentiate between and

16  among the defendants.  Dkt. # 172 at 36-37;[4] Dkt. # 182 at 27-28.  Having associated new

17  counsel following entry of the summary judgment order, MERS now argues that plaintiff would

18  have incurred the same investigative expenses regardless of any deceptive statements and/or

19  assignments MERS made.

20          This argument is both untimely and unpersuasive.  MERS could have, but did not,

21  raise its individual causation arguments while the summary judgment motions were pending.  No

22  new facts or legal authority have been identified.  Nor has MERS shown manifest error.

23  Although plaintiff's efforts to locate the original promissory note at various points in the loan's

24  _____

25      [4] Contrary to MERS' current assertions (Dkt. # 244 at 5-6), it did not put forth a "separate
analysis as to its potential CPA liability" or seek summary judgment on plaintiff's CPA claim (Dkt.

26  # 172 at 37).

ORDER DENYING RECONSIDERATION          -3-

1  history began only after he received the notice of default, it is entirely plausible that those efforts

2  were frustrated by the fact that the first identified beneficiary – MERS – did not actually hold the

3  note.  If plaintiff is able to show that MERS' deceptive statements and assignments made it more

4  difficult, time-consuming, and expensive for him to ascertain the note's current location and/or

5  its location when material assignments, appointments, and notices were made, he may be entitled

6  to a finding of liability against MERS under the CPA.

7

8

9          For all of the foregoing reasons, MERS' motion for reconsideration (Dkt. # 244) is

10  DENIED.

11          Dated this 1st day of April, 2013.

12                                                            *MrS Lasnik*

13                                                            Robert S. Lasnik

14                                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING RECONSIDERATION          -4-