THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JAMES MCDONALD,

          Plaintiff,

    v.

ONEWEST BANK, FSB, NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INDYMAC BANK FSB, DOES 1-50,

          Defendants.

No.  2:10-cv-01952-RSL

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL DISCOVERY REGARDING AUTHENTICITY OF THE NOTE

**Introduction[1]**

       Plaintiff's countermotion to compel discovery and for sanctions reflects the parties'

disagreement over how to interpret the Court's Order Continuing Trial Date and Reopening

---

[1] Plaintiff's "countermotion" to compel and for sanction does not appear to be properly filed or noted as required by this Court's rules.  LCR 7(b)(1) requires motions to be filed separately.  As a separate motion, pursuant to LCR 7(d)(3), the countermotion should have been noted for April 19, 2013, not April 5.  This Court has in this case on numerous occasions entered orders re-noting motions when the parties have incorrectly noted them.  *See, e.g.,* Docket # 33, 97, 145, 149, 193, 246.  Because the Court did not enter an order re-noting this motion, it is unclear to OneWest whether this means the countermotion will not be considered at all, or whether it will be considered on the date noted.  In an abundance of caution OneWest is responding to it by April 5 in the event the Court takes it under advisement on that date.

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL DISCOVERY REGARDING AUTHENTICITY OF THE NOTE, 2:10-cv-01952-RSL, page 1

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1    Discovery (Docket #237), particularly over the breadth of the discovery the Court ordered.  As

2    a result, the parties disagree as to which OneWest employees and attorneys are subject to

3    depositions pursuant to the Order.

4                                    **Discovery Sought by Plaintiff**

5           On March 12, 2013, plaintiff sought depositions of 13 witnesses.  Plaintiff has not

6    pursued three of those.  Of the ten remaining, OneWest has no ability to produce three (two

7    former RCO Legal, P.S. attorneys and one OneWest former employee).  OneWest has agreed to

8    produce three employees, and declined to produce three others.  OneWest counsel, Heidi Buck

9    Morrison, declined to be deposed, in part because she would add nothing over and above what

10   other witnesses will provide and because she is presently actively representing OneWest.  This

11   memorandum discusses these four witnesses over whom the parties cannot agree.

12                                            **Discussion**

13          Plaintiff filed a motion for additional discovery in this case (Docket # 227) that was

14   both limited and specific:  He requested to have an expert examine the note in the possession of

15   defendant OneWest Bank ("OneWest") to determine whether it is the original note.  Plaintiff

16   did not request additional discovery regarding any other issue and did not ask for any additional

17   depositions.

18          The Court issued an Order Continuing Trial Date and Reopening Discovery (Docket #

19   237) ("Order").  The Court found, "[T]here remains an issue of fact regarding whether

20   defendants have actual possession of the original, signed promissory note *at this point in time*."

21   (emphasis added.)  The Court stated, "[P]laintiff should be given the opportunity to test

22   defendants' claims that the note presented to the Court on January 31, 2013, is the original

23   promissory note that plaintiff signed in January 2007."

24          The Court discussed what had occurred in the case that raised questions about the

25   authenticity of the note presented to the Court at the January 31, 2013, Evidentiary Hearing

26   ("Hearing").  It noted that two versions of the note were presented at the Hearing and

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL
DISCOVERY REGARDING AUTHENTICITY OF THE NOTE,
2:10-cv-01952-RSL, page 2

1   commented on the testimony of OneWest employee Charles Boyle regarding those two

2   versions.  The Court also found that OneWest "repeatedly presented to the Court what purports

3   to be a photocopy of the original promissory note accompanied by declarations made under

4   penalty of perjury that the original was in their possession."

5       The court ordered that plaintiff have "discovery regarding the authenticity of the note

6   presented at the evidentiary hearing," and set a schedule for plaintiff's expert discovery.

7   OneWest interprets the Court's Order to allow for discovery regarding the declarations and

8   testimony that the Court discussed in its Order, as well as discovery of the note itself.  Because

9   Charles Boyle, JC San Pedro and Chamagne Williams signed declarations to which the Court

10  referred in its Order, and because the Court discussed testimony of Boyle, these OneWest

11  employees are being produced for depositions.

12      OneWest does not interpret the Order to include discovery about whether OneWest

13  actually held or possessed the note prior to the date of the Hearing.  Plaintiff wishes to depose

14  Suchan Murray about her statement in her declaration of January 27, 2010, that OneWest was

15  the "owner and holder of the obligation secured by the subject deed of trust."  Similarly,

16  plaintiff wants to depose Erica Johnson Seck, about her January 27, 2010, sworn declaration

17  that OneWest held the note on that date.  This Court has already ruled that OneWest in fact was

18  *not* the owner or holder of the obligation at the time of those declarations.  Neither Seck nor

19  Murray swore to the authenticity of any version of the note, nor was a copy of the note attached

20  to their declarations.  The declarations do not go to the issue of whether OneWest presently

21  holds the original note signed by plaintiff.  Therefore OneWest has declined to produce these

22  witnesses.  Rebecca Marks signed discovery pleading verifications that do not relate to the

23  issue of whether OneWest presented the court with an original note, nor does she verify

24  responses to requests for discovery that go to authenticity of the note at any other time.

25      As for Heidi Buck Morrison, plaintiff did not certify, nor is it apparent from the

26  countermotion, that the parties conferred regarding her deposition as required by FRCP

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL
DISCOVERY REGARDING AUTHENTICITY OF THE NOTE,
2:10-cv-01952-RSL, page 3

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1    37(a)(1) and LCR 37(a)(1)(A) (requiring face-to-face or telephonic conferral).  Further, any

2    testimony Buck Morrison (who continues to represent OneWest and other defendants in this

3    litigation) might have related to the issues the Court discussed in its Order regarding the

4    authenticity of the note would be duplicative of the testimony of the witnesses being provided.

5    While she does have knowledge about when the note came into the possession of her office,

6    that knowledge will not aid the jury in determining whether the note OneWest brought to the

7    Hearing and will be bringing to trial is the original note.

8                                              **Sanctions**

9            It is not clear to OneWest whether plaintiff is seeking sanctions because OneWest asked

10   for expert discovery (to which plaintiff did not originally object) or because OneWest has

11   declined to produce some witnesses sought.[2]  In any event, seeking expert discovery in

12   response to that granted to the opposing party is not the kind of conduct that gives rise to

13   sanctions.  To the extent the sanctions are sought for failure to produce all witnesses sought for

14   depositions, the parties have a good faith disagreement over the breadth of the discovery

15   ordered.  OneWest, through its counsel, has made every effort to come to agreement with

16   opposing counsel over which OneWest employees are appropriately subject to depositions.  As

17   for the OneWest attorneys, as noted above, plaintiff has not indicated to the Court whether the

18   parties conferred as required.  The declaration of Heidi Buck Morrison reflects the extent of the

19   communications regarding those depositions, which does not meet the Court's conferral

20   //

21   //

22   //

23   //

24   //

25   //

26   _____

[2]OneWest was under the impression that plaintiff was amenable to it having expert discovery. Declaration of Julie R. Vacura.

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL
DISCOVERY REGARDING AUTHENTICITY OF THE NOTE,
2:10-cv-01952-RSL, page 4

LARKINS VACURA LLP
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
503-222-4424

1    requirements.  Declaration of Heidi Buck Morrison.  These circumstances do not warrant an

2    award of sanctions and they are inappropriate here.  OneWest respectfully requests that no

3    sanctions be imposed.

4          Dated:  April 5, 2013.

5

6                                                   RCO Legal, P.S.

7                                                   s/ Heidi E. Buck Morrison
                                                    _____
8                                                   Heidi E. Buck Morrison, WSBA # 41769
                                                    Attorneys for Defendants OneWest Bank, F.S.B.,
9                                                   Mortgage Electronic Registration Systems, Inc.,
                                                    and Northwest Trustee Services, Inc.

10

11                                                  LARKINS VACURA LLP

12                                                  s/ Julie R. Vacura
                                                    _____
13                                                  Julie R. Vacura, WSBA # 34588
                                                    Attorneys for Defendant OneWest Bank, F.S.B.
14                                                  and Mortgage Electronic Registration Systems,
                                                    Inc.

15

16

17

18

19

20

21

22

23

24

25

26

RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL                    LARKINS VACURA LLP
DISCOVERY REGARDING AUTHENTICITY OF THE NOTE,                     621 SW Morrison St., Suite 1450
2:10-cv-01952-RSL, page 5                                          Portland, Oregon 97205
                                                                       503-222-4424

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon.  I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On April 5, 2013, I served the following document(s) described as:

**RESPONSE TO PLAINTIFF'S COUNTERMOTION TO COMPEL DISCOVERY REGARDING AUTHENTICITY OF THE NOTE**

on the party or parties listed on the following page(s) in the following manner(s):

☐      **BY HAND DELIVERY:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by messenger to the street address(es) indicated on the attached service list.

☐      **BY FEDERAL EXPRESS:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be delivered by Federal Express to the street address
(es) indicated on the attached service list.

☐      **BY FIRST-CLASS MAIL:**  For each party, I caused a copy of the document(s) to be placed in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with first-class postage thereon fully prepaid and addressed to the street address(es) indicated on the attached service list.

☐      **BY FACSIMILE:**   For each party, I caused a copy of the document(s) to be sent by facsimile to the facsimile number(s) indicated on the attached service list.  If this action is pending in Oregon state court, then printed confirmation of receipt of the facsimile generated by the transmitting machine is attached hereto.

☐      **BY E-MAIL:**  For each party, I caused a copy of the document(s) to be sent by electronic mail to the e-mail address(es) indicated on the attached service list.  If this action is pending in Oregon state court, then I received confirmation that the e-mail was received.

☒      **BY ECF:**  For each party, I caused a copy of the document(s) to be sent by electronic mail via ECF to the e-mail address(es) indicated on the attached service list.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Julie R. Vacura
Julie R. Vacura

Ha Thu Dao
hadaojd@gmail.com, haandlinda@gmail.com, youremylawyer@gmail.com
   Attorney for Plaintiff

Fred B Burnside fredburnside@dwt.com, cindybourne@dwt.com, lisabass@dwt.com, seadocket@dwt.com
   Attorney for MERS