UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCDONALD,

          Plaintiff,

  v.

ONEWEST BANK, FSB, *et al.*,

          Defendants.

No. C10-1952RSL

ORDER DENYING DEFENDANTS'
MOTION FOR EXPERT DISCOVERY

This matter comes before the Court on the "Unopposed Motion to Schedule Expert Discovery by OneWest Bank, FSB." Dkt. # 243. Despite its title, the motion is opposed. Plaintiff not only challenges OneWest's need for and right to belated expert discovery, but also seeks to compel the depositions of three OneWest employees and defense counsel Heidi Buck Morrison. Dkt. # 248.

The Court reopened discovery for the limited purpose of allowing plaintiff an opportunity to test defendants' claim that the promissory note presented to the Court at the January 31, 2013, hearing is the original document signed at closing. Until the hearing, plaintiff (and the Court) had no reason to suspect that defendants' prior attestations of authenticity were false. Defendants, on the other hand, had continuous and unlimited access to the loan files, computer records, and note(s) at issue in this case: to the extent they needed expert testimony to establish that the note they now possess is the original, they could have and should have

ORDER DENYING DEFENDANTS'
MOTION FOR EXPERT DISCOVERY

obtained such services before discovery closed in July 2012. Defendants have not shown good cause to reopen discovery.

The Court has already found that OneWest did not have possession of the original signed promissory note prior to October 2010 (at the earliest). To the extent Ms. Murray, Ms. Johnson-Seck, Ms. Marks, and/or Ms. Buck Morrison made statements to the contrary, those statements were simply untrue. Further discovery on that point is not necessary. Plaintiff apparently wants to depose these witnesses on the off-chance that they have information regarding defendants' document custody, maintenance, retention, and transfer practices that might shed light on the provenance of the document presented at the January 31, 2013, hearing. There is nothing in the record – including the declarations and certifications signed by these witnesses – to suggest that they have the information plaintiff seeks. No further deposition will be compelled.

For all of the foregoing reasons, OneWest's motion for expert discovery (Dkt. # 243) is DENIED. Plaintiff's "countermotion" to compel additional depositions (Dkt. # 248) is also DENIED.

Dated this 7th day of June, 2013.

*MWT S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION FOR EXPERT DISCOVERY            -2-