UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MCDONALD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK, FSB, *et al.*,<br><br>　　　　　　　Defendants. | No. C10-1952RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

　　　　　This matter comes before the Court on the "Motion for Protective Order by OneWest Bank, FSB." Dkt. # 256. On May 7, 2013, plaintiff took the deposition of a OneWest Assistant Vice President, Champagne Williams, at which she was asked about her compensation and arrest history. OneWest seeks an order barring plaintiff from publicizing the answers in order to protect Ms. Williams' privacy. In response, plaintiff filed in the Court's docket a transcript of the very testimony which defendant sought to protect and provided additional information that defendant would surely, and in fact did, find objectionable for the reasons identified in its motion.

　　　　　"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). In determining good cause, the court balances the specific prejudice or harm that will result if uncontrolled disclosure is compelled against the public and private interests in

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

disclosure.  See, e.g., DeFreitas v. Tillinghast, C12-0235JLR, 2013 WL 209277, at *2 (W.D. Wash. Jan. 17, 2013); Mehl v. Blanas, 241 F.R.D. 653, 656 (E.D. Cal. 2007).

Publication of a witness' compensation and criminal history obviously invades her privacy and exposes her to embarrassment.  The issue is whether there are public or private interests that justify the invasion.  With regards to the gratuitous filing of the objectionable portions of the transcript and related information in response to the motion for protective order, plaintiff has not attempted to show that the information was relevant to any issue before the Court or that the public had an interest in its disclosure.  The Court was more than capable of resolving the privacy and relevance issues raised by the motion without a full transcript of the testimony.  Plaintiff does not even cite to the transcript in his memorandum and appears to have filed it for no other reason than to irritate defense counsel and/or embarrass Ms. Williams.[1]  The Clerk of Court is therefore directed to seal Dkt. # 257 and # 257-1.  Plaintiff may, if he chooses, file a public version of Dkt. # 257 with the offending phrase on page 3, line 10 redacted.

Plaintiff has also failed to show that information regarding Ms. Williams' arrest history, if any, is relevant to this litigation.  Thus, the information will not assist plaintiff in proving his claims, nor does the public have an interest in material that is not germane to the issues presented in this case.  The Court therefore orders that neither the parties nor their counsel shall disclose Ms. Williams' testimony regarding arrests (or the related information that plaintiff apparently dug up for the sole purpose of harassing Ms. Williams) to any person without first obtaining leave of Court.

The Court is not, however, prepared to exclude information regarding Ms. Williams' compensation from evidence at this point.  That information may be relevant to plaintiff's argument that defendants failed to have systems in place that allowed them to

---

[1] The Court is extremely disappointed in counsel's behavior and expects her to demonstrate professionalism in all aspects of the case going forward or there will be ramifications.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER           -2-

accurately track the original signed promissory note, making their current attestations regarding the authenticity of the note offered at the January 31, 2013, hearing suspect.  The Court finds, however, that the information should be used only for purposes of this litigation in order to protect Ms. Williams' privacy as much as possible.

For all of the foregoing reasons, OneWest's motion for a protective order (Dkt. # 256) is GRANTED in part and DENIED in part.  The Clerk of Court is therefore directed to seal Dkt. # 257 and # 257-1.  Defendant's request for sanctions under LCR 11(c) is DENIED.

Dated this 7th day of June, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR PROTECTIVE ORDER              -3-